ORIGINAL
FILED

E-FILING 07 NOV -7 AM 11: 46

RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1   Ronald Wilcox SBN 176601
    LAW OFFICE OF RONALD WILCOX
2   2160 The Alameda, 1st Flr., Suite F
    San José, CA 95126-1001
3   Tel: (408) 296-0400
    Fax: (408) 296-0486
4   Email: ronaldwilcox@yahoo.com

5

6   Balám O. Letona SBN 229642
    LAW OFFICE OF BALÁM O. LETONA, INC.
7   1347 Pacific Avenue, Suite 203
    Santa Cruz, CA 95060-3940
8   Tel: (831) 421-0200
    Fax: (831) 621-9659
9   Email: letonalaw@gmail.com

10

11  Attorneys for Plaintiffs
    MANUEL G. FAUSTO, LUZ FAUSTO

12
            IN THE UNITED STATES DISTRICT COURT
13         FOR THE NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSÉ DIVISION
14

15                                          C07    05658 JW
16  MANUEL G. FAUSTO, AND LUZ                                    RS
    FAUSTO,                             Case No.
17                    Plaintiffs,       COMPLAINT
18                                      DEMAND FOR JURY TRIAL
    v.
19                                      15 United States Code § 1692 *et seq.*
20  CREDIGY SERVICES CORPORATION,
    CREDIGY RECEIVABLES INC.,
21  CREDIGY SOLUTIONS INC., RYAN
    MILLER, RICARDO VENTURA, BRETT
22  BOYDE, PAULO PERES, THOMPSON,
    and DOES 1-10, inclusive,
23
24                    Defendant(s).

25
26                  **I.  INTRODUCTION**

27  1. Plaintiffs Manuel G. Fausto and Luz Fausto, husband and wife, are unsophisticated,

28  primarily Spanish speaking consumers that live in the rural farming community of

                                  1

                      COMPLAINT FOR DAMAGES

Gonzalez, CA.  Defendants Credigy Services Corporation, Credigy Receivables Inc.,
Credigy Solutions Inc., specialize in buying portfolios of old non-performing consumer
debts, many of which are time barred, and then attempt to collect on these stale debts.

2. Defendants engaged in unlawful and abusive acts directed towards Plaintiffs, including:
1) ignoring a cease communications order and repeatedly calling and sending collection
letters to Plaintiffs, 2) unlawful communications with a third party, 3) false threats of
immediate suit, 4) threatening suit on a time barred debt, 5) false threats to report a stale
debt to credit reporting agencies, and 6) engaging in false, abusive and misleading
statements, all in an attempt to collect a debt that is almost 10 years old.  Defendants
conduct is part of a pattern and practice of unlawful collection abuse thereby warranting
punitive damages.

3. In enacting the Fair Debt Collection Practices Act in 1978, the U.S. Congress found:

> "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt
> collection practices by many debt collectors.  Abusive debt collection practices
> contribute to the number of personal bankruptcies, to marital instability, to the loss of
> jobs and to invasions of individual privacy.  Existing laws and procedures for
> redressing these injuries are inadequate to protect consumers.  Means other than
> misrepresentation or abusive debt collection practices are available for the effective
> collection of debts.  Abusive debt collection practices are carried on to a substantial
> extent in interstate commerce and through means and instrumentalities of such
> commerce.  Even where abusive debt collection practices are purely intrastate in
> character, they nevertheless directly affect interstate commence.  It is the purpose of
> this subchapter to eliminate abusive debt collection practices by debt collectors, to
> insure that those debt collectors who refrain from using abusive debt collection
> practices are not competitively disadvantaged, and to promote consistent State action
> to protect consumers against debt collection abuse."  15 U.S.C. § 1692a.

4. Defendants' unlawful collection practices caused Plaintiffs to suffer emotional distress in
the form of fear, anxiety, stress, humiliation, uncontrollable shaking, crying fits, depression,
and embarrassment, amongst other negative emotions.

5. This is an action brought by Plaintiffs for statutory, actual and punitive damages against Defendants, pursuant to federal and state debt collection laws, and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. FACTUAL ALLEGATIONS

6. At the beginning of January 2006, Plaintiffs Manuel and Luz Fausto (hereinafter "Plaintiffs" collectively and "Mr. Fausto" and "Mrs. Fausto" individually), began receiving threatening, and menacing telephone calls, and letters from Defendants Credigy Services Corporation, Credigy Receivables Inc., Credigy Solutions Inc., Defendant Ryan Miller, Defendant Ricardo Ventura, Defendant Brett Boyde, Defendant Paulo Peres, and Defendant Thompson (hereinafter "Defendants"), in an attempt to collect a debt.

7. On or about August 16, 2006, Defendants caused to be mailed a collection letter to MR. FAUSTO. He received the letter on or about August 17, 2006. A true and correct copy is attached as **Exhibit 1**. **Exhibit 1** demands payment for the approximately 10-year old debt.

8. A portion of the collection letter states:

> "I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT INC., and originally issued by the Original Creditor identified above. Our Office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract."

9. The collection letter states that as of August 16, 2006, the current balance was $16,689.64, and it references a Wells Fargo account number 4465-3900-1155-XXXX (hereinafter "WELLS").

10. Before and after Defendants sent the letter Defendants called Plaintiffs, demanded immediate payment, threatened to turn the account over to their attorneys, and cut-off Plaintiffs on repeated occasions during phone calls between Plaintiffs and Defendants.

11.    Plaintiffs disputed the debt, and requested Defendants provide them with written proof that they owed the alleged debt, including a signed written contract.

## PLAINTIFFS DISPUTE THE DEBT AND REQUEST VERIFICATION

12.    In response to the collection letter, and the menacing telephone calls Plaintiffs sought legal advice from the Watsonville Law Center, a non-profit legal services organization that assists low income consumers with free legal advice.

13.     The law center drafted a dispute letter for Plaintiffs.

14.    On our about, September 12, 2006, Mr. Fausto caused to be mailed a written dispute letter to Defendants.  A true and correct copy of which is attached as **Exhibit 2**.

15.    In **Exhibit 2** Mr. Fausto disputed the debt, requested validation, and requested all documents relevant to the debt, including a signed contract.

16.    Defendants responded, and provided almost none of the documents requested, including a signed contract.

17.    Instead, Defendants sent a letter dated September 28, 2006, a true and correct copy of which is attached as **Exhibit 3**.  The letter references the WELLS account number and states:

>"Dear Mr. Fausto:  I am writing on behalf of Credigy Services Corp. ("Credigy) in response to your prior correspondence.  Please note that an Account Validation letter was previously sent to you.  Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account, as well as the balance as of September 28, 2006.  This account was originally a Wells Fargo, formerly owned by First Select, Inc. ("FSI"), and now owned by Credigy.
>We appreciate the opportunity to provide assistance to you.  For further inquiries, please feel free to call one of our representatives at 1-866-990-9962.  Sincerely, Brett Boyde, Dispute Resolution Department."

18.    On information and belief, Defendants never sent Plaintiffs the Account Validation letter that Defendants purport to have sent.

19.    Plaintiffs fear, and anxiety continued to grow.

20.    Plaintiffs took the September 28, 2006, letter to the law center, and their attorneys recommended they send a cease and desist-no contact letter to Defendants because

Defendants failed to provide any of the documents Plaintiffs had requested, and because Defendants communications were causing Plaintiffs stress, and anxiety.

21.  As such, attorneys at the law center drafted a cease and desist-no contact letter for Mr. Fausto, and reviewed the letter with Mr. Fausto telling him that when Defendants received the letter they could no longer contact Plaintiffs.

### **DEFENDANTS IGNORE PLAINTIFFS' CEASE COMMUNICATIONS ORDER**

22.  On or about November 8, 2006, Mr. Fausto caused to be sent a cease communications order to Defendants, a true and correct copy of the letter is attached as **Exhibit 4**. Mr. Fausto sent the letter certified mail return receipt requested.

23.  Defendants received the letter sometime on or about November 13, 2006.

24.  The body of the letter (**Exhibit 4**) states:

> "I am writing in response to your letter dated September 28, 2006.  In that letter, I asked you to validate this debt and to provide me copies of any documents relevant to this debt, including signed contracts.  My attorney helped me draft this letter.  You did not provide me copies of documents, as I requested.  I do not owe this invalid debt.  I request that you cease all communication on this account.  I request that you cease further communication with me about this account, as is my right under 15 U.S.C. §1692c(c).  Please be advised that any further contact from your office may constitute a violation of the federal Fair Debt Collection Practices Act and the state Rosenthal Fair Debt Collection Practices Act.  Sincerely, Manuel Fausto."

25.  Defendants ignored Mr. Fausto's request to be left alone.

26.  Instead, Defendants continued to attempt to collect on the disputed debt by communicating directly with Plaintiffs.

27.  In fact, Defendants became more aggressive, and reckless in their collection attempts, including calling several times a month, and sending further collection letters on a repeated, and continuous basis.  Defendants' incessant conduct caused Plaintiffs to become more scared, anxious, and stressed.

28. Defendants sent collections letters on November 28, 2006, December 21, and December 22.  A true and correct copy of each letter is attached as **Exhibit 5**, **Exhibit 6**, and **Exhibit 7**.  Each letter demanded payment on the alleged debt.

29.  Additionally, Defendants called, and spoke with Mrs. Fausto.   On repeated occasions Defendants insisted Plaintiffs pay immediately because the interest was rising, and that Defendants were going to contact their attorneys if they did not receive payment.  Defendants conduct, and language made Mrs. Fausto understand that if Plaintiffs did not pay Defendants would cause Plaintiffs to lose their home.

30. Defendants conduct caused Mrs. Fausto to seek medical attention to alleviate the stress, and anxiety she felt from Defendants conduct.  Also, Defendants conduct caused her to have trouble sleeping at night.

## ABUSIVE COLLECTION CALLS; FALSE THREATS OF SUIT AND CREDIT REPORTING ON A TIME BARRED DEBT

31. On or about February 16, 2007, Defendants called Plaintiffs and spoke with Mrs. Fausto.  Defendants asked when Mrs. Fausto was going to pay, and threatened to take other action if they did not receive payment.

32. On or about March 23, 2007, Defendants called Plaintiffs, and spoke with Mrs. Fausto.  Defendants yelled at Mrs. Fausto, and again demanded immediate payment, and threatened to report the debt to credit reporting agencies, if payment was not received.

33. Additionally, Defendants told Mrs. Fausto that she needed to tell her attorney to talk with Defendants to negotiate the debt.

34. Later that month, Defendants call Plaintiffs, and yelled at Mrs. Fausto, asking when Plaintiffs would pay.  Defendants insisted, and screamed that the debt totaled $19,174.00.

35. Around the same time, Defendants also called Plaintiffs, and told Mrs. Fausto, in a screaming, insistent, abusive tone, that Plaintiffs needed to hurry, and pay because the debt was rising and rising, and that it is neared $20,000.00 dollars.

6

36.   On or about March 30, 2007, Defendants telephoned Plaintiffs, and again spoke with Mrs. Fausto.  Defendants refused to let Mrs. Fausto speak, abusively talked over her, and repeatedly threatened that unless Defendants received payment, Plaintiffs would soon hear from Defendants' attorneys.  Defendants' abusive conduct increased causing Mrs. Fausto to grow more anxious, stressed, and agitated, forcing her to ultimately hang up.

37.   Immediately after Mrs. Fausto hung up, another call came in.  Mrs. Fausto recognized the number as being Defendants on her caller identification unit. Defendants continued to abuse Mrs. Fausto, refused to hang up, and caused Plaintiffs telephone to ring continuously, and repeatedly.

38.   Defendants conduct crossed all boundaries of moral decency.  Mrs. Fausto was berated by Defendants on several occasions.  During those conversations Defendants ignored anything Mrs. Fausto said, were aggressive and hostile, and continued to talk over her.

## UNLAWFUL COMMUNICATIONS WITH THIRD PARTIES

39.   Defendants engaged in impermissible contacts with third parties, including members of Plaintiffs' family.

40.   On or about July 20, 2007, Defendants called Plaintiffs' home.

41.   Plaintiffs' daughter was visiting and answered the phone.

42.   Plaintiffs' caller ID unit did not reveal the name of Defendants, but only a telephone number.

43.   Defendants told Plaintiffs' daughter that he was calling for Plaintiffs, and revealed to her personal and confidential information about Plaintiffs.

44.   Defendants told Plaintiffs daughter that he was calling about Plaintiffs' Visa account with Wells Fargo, and he told Plaintiffs daughter to give a message to Plaintiffs that they needed to call him back at 1-866-990-5572 ext. 9807.  Defendants did not provide notices required by state and federal law.

## DEFENDANTS ABUSIVE AND INTRUSIVE CONDUCT CAUSED PLAINTIFFS THE HARM RECOGNIZED BY CONGRESS

45.   Defendants' unlawful collection practices caused Plaintiffs to suffer emotional distress in the form of fear, anxiety, stress, humiliation, uncontrollable shaking, crying fits, depression, and embarrassment, amongst other negative emotions.

46.   Defendants' abusive and intrusive conduct caused Mrs. Fausto to suffer emotional distress in the form of loss of sleep, hopelessness, anxiety, and fear among other negative emotions.  Plaintiffs suffered marital instability, and argued about the contacts from Defendants.

47.   Defendants also sent collection letters on or about April 10, 2007, and June 6, 2007, a true and correct copy of each letter is attached as **Exhibit 8 and Exhibit 9** respectively.

48.   **Exhibit's 1-9** and all telephone contacts from Defendants were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C.§1692a (2), and "debt collection" as that term is defined in Cal. Civil Code§1788.2(b).

49.   On information and belief, Defendants have a pattern, and practice of abusive, and unlawful collection practices similar to the above.

50.   On information and belief, Defendants contacted Plaintiffs on other occasions other than those instances listed above.

51.   Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

## III. JURISDICTION

52.   Jurisdiction of this Court arises under 15 U.S.C.§1692k (d), 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.§1367.

## IV. VENUE

53.   Venue in this judicial district is proper pursuant to 28 U.S.C.§1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

54.  Venue is also proper in this judicial district pursuant to 15 U.S.C.§1692k(d), in that the Defendants transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### V.  INTRADISTRICT ASSIGNMENT

55.  This lawsuit should be assigned to the San José Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Monterey County.

### VI. PARTIES

56.  Plaintiff, Manuel G. Fausto is a natural person residing in Monterey County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C.§1692a (3) and a "debtor" within the meaning of Cal. Civil Code§1788.2(h).

57.  Plaintiff, Luz Fausto is a natural person residing in Monterey County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C.§1692a (3) and a "debtor" within the meaning of Cal. Civil Code§1788.2(h).

58.  Defendant, CREDIGY SERVICES CORPORATION., (hereinafter "Defendant Credigy") is a Nevada corporation engaged in the business of collecting debts in this state with its principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta, GA, 30309.  On information and belief, Defendant Credigy maintains overseas offices outside of the U.S.A., and several communications were placed from such offices to Plaintiffs.  Defendant Credigy may be served as follows: Credigy Services Corp., c/o Registered Agents, LTD., 1201 West Peachtree Street., #3500, Atlanta, GA 30309, or 3950 Johns Creek Court, Suite 100, Suwannee, GA  30024.

59.  The principal business of Defendant Credigy is the collection of debts using the mails and phone and Defendant Credigy regularly attempts to collect debts alleged to be due another.  Defendant Credigy is a "debt collector" within the meaning of 15 U.S.C. §1692a (6).  Defendant Credigy is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C.§1692 et seq.  Additionally, Defendant Credigy is a "debt collector" as that term is defined by Cal. Civil Code§1788.2(c).

60.  CREDIGY RECEIVABLES INC., (hereinafter "Defendant Credigy Receivables") is
     a Nevada corporation engaged in the business of collecting debts in this state with its
     principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta,
     GA, 30309.  On information and belief, Defendant Credigy Receivables maintains
     overseas offices outside of the U.S.A., and several communications were placed from
     such offices to Plaintiffs.  Defendant Credigy Receivables may be served as follows:
     Credigy Receivables Inc., c/o Pacific Corporate & Title Services, 914 S. Street,
     Sacramento, CA 95814.

61.  The principal business of Defendant Credigy Receivables is the collection of debts
     using the mails and phone and Defendant Credigy Receivables regularly attempts to
     collect debts alleged to be due another.  Defendant Credigy Receivables is a "debt
     collector" within the meaning of 15 U.S.C.§1692a (6).  Defendant Credigy
     Receivables is a third-party debt collector subject to the federal Fair Debt Collection
     Practices Act, 15 U.S.C.§1692 et seq.  Additionally, Defendant Credigy Receivables
     is a "debt collector" as that term is defined by Cal. Civil Code§1788.2(c).

62.  CREDIGY SOLUTIONS INC., (hereinafter "Defendant Credigy Solutions"), is a
     Georgia corporation engaged in the business of collecting debts in this state with its
     principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta,
     GA, 30309.  On information and belief, Defendant Credigy Solutions maintains
     overseas offices outside of the U.S.A., and several communications were placed from
     such offices to Plaintiffs.  Defendant Credigy Solutions may be served as follows:
     Credigy Solutions Inc., c/o Registered Agents, LTD., 1201 West Peachtree Street.,
     #3500, Atlanta, GA 30309, or 3950 Johns Creek Court, Suite 100, Suwannee, GA
     30024.

63.  The principal business of Defendant Credigy Solutions is the collection of debts using
     the mails and phone and Defendant Credigy Solutions regularly attempts to collect
     debts alleged to be due another.  Defendant Credigy Solutions is a "debt collector"
     within the meaning of 15 U.S.C.§1692a (6).  Defendant Credigy Solutions is a third-
     party debt collector subject to the federal Fair Debt Collection Practices Act, 15

U.S.C.§1692 et seq.  Additionally, Defendant Credigy Solutions is a "debt collector" as that term is defined by Cal. Civil Code§1788.2(c).

64. Defendant Ryan Miller is a natural person, and an employee of Defendants. Defendant Miller collects debts using the mails and phone and he regularly attempts to collect debts alleged to be due another.  Defendant Miller is a "debt collector" within the meaning of Cal. Civil Code§1788.2(c) and a "debt collector" within the meaning of 15 U.S.C.§1692a (6).

65. Defendant Ricardo Ventura is a natural person and an employee of Defendants. Defendant Ventura collects debts using the mails and phone and he regularly attempts to collect debts alleged to be due another.  Defendant Ventura is a "debt collector" within the meaning of Cal. Civil Code§1788.2(c), and a "debt collector" within the meaning of 15 U.S.C.§1692a (6).

66. Defendant Brett Boyde is a natural person, and an employee of Defendants. Defendant Boyde collects debts using the mails and phone, and he regularly attempts to collect debts alleged to be due another.  Defendant Boyde is a "debt collector" within the meaning of Cal. Civil Code§1788.2(c) and a "debt collector" within the meaning of 15 U.S.C.§1692a (6).

67. Defendant Paulo Peres is a natural person, and an employee of Defendants. Defendant Peres collects debts using the mails, and phone, and he regularly attempts to collect debts alleged to be due another.  Defendant Peres is a "debt collector" within the meaning of Cal. Civil Code§1788.2(c) and a "debt collector" within the meaning of 15 U.S.C.§1692a (6).

68. Defendant Thomson is a natural person, and an employee of Defendant.  Defendant Thomson collects debts using the mails and phone, and regularly attempts to collect debts alleged to be due another.  Defendant Thomson is a "debt collector" within the meaning of Cal. Civil Code§1788.2(c), and a "debt collector" within the meaning of 15 U.S.C.§1692a (6).

69. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to

Plaintiffs at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this complaint accordingly.  Defendant is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and caused damages thereby to the Plaintiff, as hereinafter alleged.  Defendant, DOES 1-10, are and each of them is, a "debt collector" within the meaning of 15 U.S.C.§1692a (6) and Cal. Civil Code§1788.2(c).

70.  At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendant and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Defendants authorized, approved, conducted, and/or ratified the wrongful acts herein.  Any reference to "DEFENDANTS" "Defendant" or "Defendants" without further qualification is meant by PLAINTIFF to refer to each Defendant, and all of them, named herein.

71.  Plaintiffs are informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction and that said Defendants, and each of them, have regularly conducted business in the County of Monterey and this judicial district.

## VII. CLAIMS

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

72.  Plaintiffs bring the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§1692 et.seq. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

Defendants' acts and omissions violated the provisions of the FDCPA 15 U.S.C. 1692 et seq., including but not limited to: 15 U.S.C.§1692b, 1692c, 1692d, 1692e, and 1692f.

73. Defendants engaged in impermissible communications with third parties in violation of 15 U.S.C.§l692b.

74. Defendants failed to cease communications in an attempt to collect an alleged debt in violation of 15 U.S.C.§l692c.

75. Defendants engaged in conduct the natural consequences of which was to harass, oppress or abuse Plaintiff and others in violation of 15 U.S.C.§1692d.

76. Defendants used false, deceptive or misleading representation or means in connection with the collection of the debt in violation of 15 U.S.C.§l692e.

77. Defendants threatened to take action that it intended not to take in violation of 15 U.S.C.§1692e (5).

78. Defendants threatened to take legal action that cannot be taken in violation of 15 U.S.C.§1692e (5).

79. Defendants made false, deceptive, and misleading statements in an attempt to collect the debt in violation of 15 U.S.C.§l692e (10).

80. Defendants violated 15 U.S.C.§l692e and 1692e (10) by using false, deceptive and misleading statements creating a false sense of urgency.

81. Defendants used unfair or unconscionable means to collect the debt in violation of 15 U.S.C.§l692f.

82.  Plaintiffs are alleged to have incurred a consumer credit obligation ("debt"), to Wells bearing the Wells account number 4465-3900-1155-XXXX.  The debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.§l692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code§1788.2(f).  Additionally, the debt was acquired by means of a "consumer credit transaction," as that term is defined by Cal. Civil Code§1788.2(e).

83. At some point, on a date unknown to the Plaintiffs, the alleged debt was purchased, assigned, placed or otherwise transferred to Defendants for collection from the Plaintiffs.

## SECOND CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

84. Plaintiffs bring the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Cal. Civ. Code§1788 et.seq.

85. Plaintiffs repeats, re-alleges and incorporates by reference all other paragraphs. Defendants willfully, and intentionally violated the provisions of the RFDCPA in the following respects:

86. Defendants violated Cal. Civ. Code§1788.12(b), including the unlawful communications with third parties.

87. Defendants violated Cal. Civ. Code§1788.13(f), including the false threat they were about to report the debt.

88. Defendants violated Cal. Civ. Code§1788.13(j), including its false statement they was about to bring legal action to collect the time barred debt.

89. Defendants violated Cal. Civ. Code§1788.17 by violating those provisions of 15 U.S.C.§1692 et.seq. and engaging in abusive, unlawful, false and misleading communications, including those set forth above.

## THIRD CAUSE OF ACTION

## INTRUSION UPON SECLUSION

90. Plaintiffs repeat re-alleges and incorporates by reference all other paragraphs.

91. Plaintiffs had a reasonable expectation of privacy.

92. Defendants intentionally intruded in Plaintiffs privacy by, among other things, ignoring a cease communications order, and unlawfully attempting to collect a debt from PLAINTIFFS, and threatening to sue on a time barred debt.

93. Defendants' intrusion would be highly offensive to a reasonable person.

94. Plaintiffs were harmed by Defendants conduct.

95. Defendants conduct was a substantial factor in causing Plaintiffs harm.

96. Defendants intentionally caused harm to Plaintiffs emotional well being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiffs rights to privacy.

97. Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

98. The actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices regardless of the age of a debt, and the actions of an alleged debtor.

99. In pursuing their egregious, and unlawful debt collection efforts against Plaintiffs the Defendants acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294 (c)(1),(2),(3).

### FOURTH CAUSE OF ACTION

### TORT IN SE

100. Plaintiffs repeat re-alleges and incorporates by reference all other paragraphs.

101. Defendants violated a statutory duty to another and are thus liable under the doctrine of "Tort-In-Se."

### FIFTH CAUSE OF ACTION

### NEGLIGENCE

102. Plaintiffs repeat re-alleges and incorporates by reference all other paragraphs.

103. Defendants were negligent in their collection of the alleged debt.

104. Plaintiffs were harmed, and suffered injury as described above.

105. Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

106. Each of the Defendants had a duty to ensure that their collection actions were directed to the correct person, and to discontinue all collection activity against the Plaintiffs when they were notified that the Plaintiffs desired not to be contacted. After being notified by Plaintiffs that they did not want to be contacted, the Defendants stepped up their efforts to collect the debt from PLAINTIFFS.

107. Defendants were negligent for one of the following errors or omissions: failure to use reasonable care in administering accounts, and debt collection activities; contacting Defendants after it knew, or should have known that Plaintiffs did not want to be contacted; and furnishing inaccurate information, or failing to furnish accurate information in the process of collecting their debts.

## SIXTH CAUSE OF ACTION

## NEGLIGENT TRAINING AND SUPERVISION

108. Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were negligent in the training, and/or supervision of its employees.

109. Defendants' actions and omissions constitute negligence in that Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables owed Plaintiffs a duty to train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by PLAINTIFFS.

110. The action and omissions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables as described herein constitute grossly negligent, training, and/or supervision in that Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables owed Plaintiffs a duty to train, and/or supervise its employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiffs, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs. The actions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were willful, malicious, and wanton. The actions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were highly unreasonable and demonstrate an extreme departure from ordinary care.

111. Plaintiffs suffered damages due to Defendants actions in an amount to be determined by proof by the finder of fact at trial.

112. Plaintiffs are entitled to punitive damages for the actions, and omissions of the Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables as described herein.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the court grant:

   A.  Judgment against Defendants for violation of the FDCPA and the RFDCPA.

   B.  Statutory damages pursuant to 15 U.S.C. 1692k, Cal. Civ. Code §1788.17 and Cal. Civ. Code §1788.30.

   C.  Costs, expenses incurred in the investigation, filing and prosecution of this action and reasonable attorney's fees pursuant to 15 U.S.C. 1692 k and Cal. Civ. Code §1788.30.

   D.  Treble damages pursuant to Cal. Civ. Code §3345.

   E.  Special, general, and compensatory damages and punitive damages.

Dated 11/6/2007

_____
Balám Letona
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, Manuel Fausto and Luz Fausto, hereby demand a trial by jury of all triable issues of fact in the above-captioned case.

_____
Balám O. Letona, Esq.
Attorney for Plaintiffs

17

COMPLAINT FOR DAMAGES

**CREDIGY SERVICES CORP.**

P.O. BOX 2689
SUWANEE, GA 30024
ADDRESS SERVICE REQUESTED                    08/16/2006

866-990-9972

5926

| | Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
|---|---|---|
| | Original Creditor: | WELLS FARGO |
| | Original Account Number: | 4465390011554248 |
| | Balance as of today: | $16,689.64 |

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT, INC., and originally issued by the Original Creditor identified above. Our office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

"I want to settle this Account!"
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,848.27 which represents 65% of your outstanding balance as a settlement in full. If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

_____        _____
Please sign your name here                Today's Date

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**EXHIBIT** I

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

*DD02_CSC_BZ

200608084780105026

COPY

Manuel Fausto
532 Charolais Dr
Gonzales CA  93926-9358

September 12, 2006

*Via Certified Mail, Return Receipt Requested*

Credigy Services Corp
P.O. Box 2689
Suwanee GA  30024

Dear Sir or Madam,

I received the enclosed letter, dated August 16, 2006, that states I owe a debt.  I dispute this debt and I am writing to request validation of this debt.  I do not believe I currently owe money to Wells Fargo.  Please investigate this matter and send me copies of any documents relevant to this debt, including signed contracts.  Please send me the name and address of the original creditor.

I would like for you to investigate this matter and delete or correct any inaccurate information that you have reported to credit agencies.  I look forward to your immediate cooperation.  Please send me confirmation that you have fulfilled this request.

Sincerely,

Manuel Fausto

Manuel Fausto

Encl.

**EXHIBIT 2**



P.O. Box 2689
SUWANEE, GA  30024

(T) 678.684.4111
(F) 678.728.7170

September 28, 2006

<u>VIA U.S. MAIL</u>

Manual G. Fausto
532 Charolais Drive
Gonzales, CA. 93926

*Re: Credigy Receivables Inc. Account No.  10742223*
*Formerly known as First Select, Inc.  Account No.  4168100007012873*

Dear Mr Fausto:

I am writing on behalf of Credigy Services Corp. ("Credigy") in response to your prior correspondence.  Please note that an Account Validation letter was previously sent to you. Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account, as well as the balance as of September 28, 2006.  This account was originally a Wells Fargo, formerly owned by First Select, Inc. ("FSI"), and now owned by Credigy.

We appreciate the opportunity to provide assistance to you.  For further inquiries, please feel free to call one of our representatives at 1-866-990-9962.

Sincerely,

Brett Boyde
Dispute Resolution Department

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.   THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

EXHIBIT 3

# ACCOUNT VERIFICATION STATEMENT

**Our records indicate that you may have previously had a question regarding your account. This account verification statement is being provided to you in response to your previous inquiry or dispute.**

Account Holder:    Manual G. Fausto,      SSN#: XXX-XX-
                532 Charolais Drive
                Gonzales, CA  93926

                Credigy Account #: 10742223
      Re:    Former First Select, Inc. account #: 4168100007012873

## *ACCOUNT HISTORY*

Original Creditor    Wells Fargo
Original Account Number:    4465390011554248
Date Account Established:    7/1/1992
Original Creditors Address:
      P.O. Box 10347
      Des Moines, IA 50306

Original Creditor Balance at Assignment:    $3,232.57
Assignee:    First Select, Inc.
Assignee Address:
      201 Mission Street
      San Francisco, CA 94105

Balance at Purchase: $5,411.92
Current Owner of Account:    Credigy Receivables Inc.
Current Owner Address:
      9404 Drew Court
      Las Vegas, NV 89177

Current Balance:    $17,031.76 as of 09/28/06
Customer Service Phone Number:    (866) 204-3457

      The above amount represents goods and/or services purchased via a credit account extended to the account holder by the original creditor listed above that has been duly assigned to CREDIGY RECEIVABLES INC.

**EXHIBIT 3**



November 7, 2006

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Credigy Receivables Inc.
P.O. Box 2689
Suwanee, GA 30024

     **RE:** Account #4465390011554248
     **Amount:** $16,689.64

Dear Sir or Madam:

I am writing in response to your letter dated September 28, 2006. In that letter, I asked you to validate this debt and to provide me copies of any documents relevant to this debt, including signed contracts. My attorney helped me draft this letter.

You did not provide me copies of documents, as I requested. I do not owe this invalid debt.

I request that you cease all collection on this account. I request that you cease further communication with me about this account, as is my right under 15 U.S.C. §1692c(c). Please be advised that any further contact from your office may constitute a violation of the federal Fair Debt Collection Practices Act and the state Rosenthal Fair Debt Collection Practices Act.

Sincerely,

*Manuel Fausto*

Manuel Fausto
532 Charolais Dr
Gonzales CA  93926-9358

*Cert. Cert. 7005 - 0390 - 0000 - 2794 - 3964*
*Mail #*

**EXHIBIT 4**



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| Postage | $ | $0.39 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.64 |

Postmark Here
NOV 2006
11/08/2006

Sent To: *Credigy Inc.*
Street, Apt. No., or PO Box No.: *P.O. Box 2689*
City, State, ZIP+4: *Suwanee GA 30024*

PS Form 3800, June 2002            See Reverse for Instructions

7005 0390 0000 2794 3964

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Credigy Receivables Inc*
*P.O. Box 2689*
*Suwanee, GA*
*30024*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
*D. Kolpakov*    *11/13/06*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 0390 0000 2794 3964

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**EXHIBIT 4**



P.O. Box 2689
SUWANEE, GA 30024

(T) 678.684.4111
(F) 678.728.7170

November 28, 2006

<u>VIA U.S. MAIL</u>

Manuel G. Fausto
532 Charolias Drive
Gonzales, CA. 93926

*Re: Credigy Receivables Inc. Account No.* 10742223
*Formerly known as First Select, Inc. Account No.* 4168100007012873

Dear Mr Fausto:

I am writing on behalf of Credigy Services Corp. ("Credigy") in response to your prior correspondence. Please note that an Account Validation letter was previously sent to you. Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account, as well as the balance as of November 28, 2006. This account was originally a Wells Fargo, formerly owned by First Select, Inc. ("FSI"), and now owned by Credigy.

We appreciate the opportunity to provide assistance to you. For further inquiries, please feel free to call one of our representatives at 1-866-990-9962.

Sincerely,

Brett Boyde
Dispute Resolution Department

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

EXHIBIT 5



## ACCOUNT VERIFICATION STATEMENT

**Our records indicate that you may have previously had a question regarding your account. This account verification statement is being provided to you in response to your previous inquiry or dispute.**

Account Holder:     Manuel G. Fausto,     SSN#: XXX-XX-
532 Charolias Drive
Gonzales, CA 93926

Credigy Account #: 10742223

Re:     Former First Select, Inc. account #: 4168100007012873

### *ACCOUNT HISTORY*

Original Creditor:   Wells Fargo
Original Account Number:   4465390011554248
Date Account Established:   7/1/1992
Original Creditors Address:
P.O.Box 10347
Des Moines, IA 50306

Original Creditor Balance at Assignment:   $3,232.57
Assignee:   First Select, Inc.
Assignee Address:
201 Mission Street
San Francisco, CA 94105

Balance at Purchase: $5,411.92
Current Owner of Account:   Credigy Receivables Inc.
Current Owner Address:
9404 Drew Court
Las Vegas, NV 89177

Current Balance:   $17,725.59 as of 11/28/2006
Customer Service Phone Number:   (866) 204-3457

The above amount represents goods and/or services purchased via a credit account extended to the account holder by the original creditor listed above that has been duly assigned to CREDIGY RECEIVABLES INC.

**EXHIBIT 5**

# CREDIGY SERVICES COR[

30b3055P

320 501 00090508 A 431299

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866-990-9972

12/21/2006

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

|  |  |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $18,077.12 |

Il.l....Il.l.l....I.l.Il.l.l.l....Il.l.l.l.l.l...Il...l.l...Ill

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by WELLS FARGO identified above. Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼                 \*\*\* Please detach And Return Bottom Portion With Payment \*\*\*                 ▼ Detach Here ▼

"I want to settle this Account!" .
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $9,038.56 which represents 50% of your outstanding balance as a settlement in full on your former WELLS FARGO account (Account No. 4465390011554248) now owned by CREDIGY RECEIVABLES INC. (Account No. 10742223). If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____          Dated: _____          **EXHIBIT 6**

MANUEL G FAUSTO
(Account No. 10742223)

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

DD02_CSCCR.VI
CRD.WFD
#131299

CREDIGY SERVICES CORP.

P.O. BOX 2689
SUWANEE, GA 30024
RETURN SERVICE REQUESTED

12/22/2006

866-990-9972

17      |█|█|█|█|█|█|█|

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $18,077.12 |

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT, INC., and originally issued by the Original Creditor identified above. Our office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Sincerely,

CREDIGY SERVICES CORP.

PAULO PERES

Collections Manager

**EXHIBIT** 2

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

*VL01_CSC_BZ

P.O. BOX 2009
SUWANEE, GA 30024
ADDRESS SERVICE REQUESTED

04/10/2007

866-990-9972

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $19,567.13 |

22055

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT, INC., and originally issued by the Original Creditor identified above. Our office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

"I want to settle this Account!"
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,761.92 which represents 55% of your outstanding balance as a settlement in full. If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

**EXHIBIT 8**

_____          _____
Please sign your name here          Today's Date

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

*DD02_CSC_BZ

# CREDIGY SERVICES CORP

**PO Box 2689 • Suwanee, GA  30024**

3815301P

322 642 00090516 462440

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866-990-9972

06/06/2007

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $19,955.17 |

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by WELLS FARGO identified above. Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.  **NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼          *** Please detach And Return Bottom Portion With Payment ***          ▼ Detach Here ▼

"I want to settle this Account!"

### Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,975.34 which represents 55% of your outstanding balance as a settlement in full on your former WELLS FARGO account (Account No. 4465390011554248) now owned by CREDIGY RECEIVABLES INC. (Account No. 10742223).  If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter.  Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____          Dated: _____

MANUEL G FAUSTO
(Account No. 10742223)

**EXHIBIT 9**

Important:  If you are unable to accept or take advantage of this offer, do not ignore this letter.  Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

DD02_CSC V1
CRD WFD
s462440