Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive, <br><br> Defendant(s). | Case No. C07-05658 <br><br> **FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br> 15 United States Code § 1692 *et seq*., Cal. Civ. Code §1788 *et.seq*., Intrusion Upon Seclusion, Negligence, Negligent Training & Supervision, Tort In Se |

## I.  INTRODUCTION

1.     Plaintiffs Manuel G. Fausto and Luz Fausto, husband and wife, are unsophisticated,

primarily Spanish speaking consumers that live in the rural farming community of

1

Gonzalez, CA.  Defendants Credigy Services Corporation, Credigy Receivables Inc., Credigy Solutions Inc., specialize in buying portfolios of old non-performing consumer debts, many of which are time barred, and then attempt to collect on these stale debts.

2.   Defendants engaged in unlawful and abusive acts directed towards Plaintiffs, including: 1) ignoring a cease communications order and repeatedly calling and sending collection letters to Plaintiffs, 2) unlawful communications with a third party, 3) false threats of immediate suit, 4) threatening suit on a time barred debt, 5) false threats to report a stale debt to credit reporting agencies, and 6) engaging in false, abusive and misleading statements, all in an attempt to collect a debt that is almost 10 years old.  Defendants conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

3.   In enacting the Fair Debt Collection Practices Act in 1978, the U.S. Congress found:

"[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.  Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commence.  It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse."  15 U.S.C. § 1692a.

4.   Defendants' unlawful collection practices caused Plaintiffs to suffer emotional distress in the form of fear, anxiety, stress, difficulty eating, humiliation, uncontrollable shaking, crying fits, depression, marital instability, inability to sleep and embarrassment, amongst other negative emotions.

5.    This is an action brought by Plaintiffs for statutory, actual and punitive damages against Defendants, pursuant to federal and state debt collection laws, and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. FACTUAL ALLEGATIONS

6.    At the beginning of January 2006, Plaintiffs Manuel and Luz Fausto (hereinafter "Plaintiffs" collectively and "Mr. Fausto" and "Mrs. Fausto" individually), began receiving threatening, and menacing telephone calls, and letters from Defendants Credigy Services Corporation, Credigy Receivables Inc., Credigy Solutions Inc., Defendant Ryan Miller, Defendant Ricardo Ventura, Defendant Brett Boyde, Defendant Paulo Peres, and Defendant Thompson (hereinafter "Defendants"), in an attempt to collect a debt.

7.    On or about August 16, 2006, Defendants caused to be mailed a collection letter to Mr. Fausto.  He received the letter on or about August 17, 2006.  A true and correct copy is attached as **Exhibit 1**.  **Exhibit 1** demands payment for the approximately 10-year old debt.

8.    A portion of the collection letter states:

> "I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT INC., and originally issued by the Original Creditor identified above.  Our Office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract."

9.    The collection letter states that as of August 16, 2006, the current balance was $16,689.64, and it references a Wells Fargo account number 4465-3900-1155-XXXX (hereinafter "Wells").

10.   Before and after Defendants sent the letter Defendants called Plaintiffs, demanded immediate payment, threatened to turn the account over to their attorneys, and cut-off Plaintiffs on repeated occasions during phone calls between Plaintiffs and Defendants.

11. Plaintiffs disputed the debt, and requested Defendants provide them with written proof that they owed the alleged debt, including a signed written contract.

### PLAINTIFFS DISPUTE THE DEBT AND REQUEST VERIFICATION

12. In response to the collection letter, and the menacing telephone calls Plaintiffs sought legal advice from the Watsonville Law Center, a non-profit legal services organization that assists low income consumers with free legal advice.

13. The law center drafted a dispute letter for Plaintiffs.

14. On our about, September 12, 2006, Mr. Fausto caused to be mailed a written dispute letter to Defendants.  A true and correct copy of which is attached as **Exhibit 2**.

15. In **Exhibit 2** Mr. Fausto disputed the debt, requested validation, and requested all documents relevant to the debt, including a signed contract.

16. Defendants responded, and provided almost none of the documents requested, including a signed contract.

17. Instead, Defendants sent a letter dated September 28, 2006, a true and correct copy of which is attached as **Exhibit 3**.  The letter references the Wells account number and states:

> "Dear Mr. Fausto:  I am writing on behalf of Credigy Services Corp. ("Credigy") in response to your prior correspondence.  Please note that an Account Validation letter was previously sent to you.  Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account, as well as the balance as of September 28, 2006.  This account was originally a Wells Fargo, formerly owned by First Select, Inc. ("FSI"), and now owned by Credigy.  We appreciate the opportunity to provide assistance to you.  For further inquiries, please feel free to call one of our representatives at 1-866-990-9962.  Sincerely, Brett Boyde, Dispute Resolution Department."

18. On information and belief, Defendants never sent Plaintiffs the Account Validation letter that Defendants purport to have sent.

19. Plaintiffs fear, and anxiety continued to grow.

20. Plaintiffs took the September 28, 2006, letter to the law center, and their attorneys recommended they send a cease and desist-no contact letter to Defendants because

4

Defendants failed to provide any of the documents Plaintiffs had requested, and because Defendants communications were causing Plaintiffs stress, and anxiety.

21.    As such, attorneys at the law center drafted a cease and desist-no contact letter for Mr. Fausto, and told Plaintiffs that when Defendants received the letter they could no longer contact Plaintiffs.

### DEFENDANTS IGNORE PLAINTIFFS' CEASE COMMUNICATIONS ORDER

22.    On or about November 8, 2006, Mr. Fausto caused to be sent a cease communications order to Defendants, a true and correct copy of the letter is attached as **Exhibit 4**.   Mr. Fausto sent the letter certified mail return receipt requested.

23.    Defendants received the letter sometime on or about November 13, 2006.

24.    The body of the letter (**Exhibit 4**) states:

> "I am writing in response to your letter dated September 28, 2006.  In that letter, I asked you to validate this debt and to provide me copies of any documents relevant to this debt, including signed contracts.  My attorney helped me draft this letter.  You did not provide me copies of documents, as I requested.  I do not owe this invalid debt.  I request that you cease all communication on this account.  I request that you cease further communication with me about this account, as is my right under 15 U.S.C. §1692c(c).  Please be advised that any further contact from your office may constitute a violation of the federal Fair Debt Collection Practices Act and the state Rosenthal Fair Debt Collection Practices Act. Sincerely, Manuel Fausto."

25.    Defendants ignored Mr. Fausto's request to be left alone.

26.    Instead, Defendants continued to attempt to collect on the disputed debt by communicating directly with Plaintiffs.

27.    In fact, Defendants became more aggressive, and reckless in their collection attempts, including calling several times a month up to and including December 2007, and sending further collection letters on a repeated, and continuous basis.  Defendants' incessant conduct caused Plaintiffs to become more scared, anxious, and stressed.

28.   Defendants sent collections letters on November 28, 2006, December 21, and December 22.  A true and correct copy of each letter is attached as **Exhibit 5**, **Exhibit 6**, and **Exhibit 7**.  Each letter demanded payment on the alleged debt.

29.    Additionally, Defendants called, and spoke with Mrs. Fausto.   On repeated occasions Defendants insisted Plaintiffs pay immediately because the interest was rising, and that Defendants were going to contact their attorneys if they did not receive payment. Defendants conduct, and language made Mrs. Fausto understand that if Plaintiffs did not pay Defendants would cause Plaintiffs to lose their home.

30.   Defendants conduct caused Mrs. Fausto to seek medical attention to alleviate the stress, and anxiety she felt from Defendants conduct.  Also, Defendants conduct caused her to have trouble sleeping at night.

## ABUSIVE COLLECTION CALLS; FALSE THREATS OF SUIT AND CREDIT REPORTING ON A TIME BARRED DEBT

31.   On or about February 16, 2007, Defendants called Plaintiffs and spoke with Mrs. Fausto. Defendants asked when Mrs. Fausto was going to pay, and threatened to take other action if they did not receive payment.

32.   On or about March 23, 2007, Defendants called Plaintiffs, and spoke with Mrs. Fausto. Defendants yelled at Mrs. Fausto, and again demanded immediate payment, and threatened to report the debt to credit reporting agencies, if payment was not received.

33.   Additionally, Defendants told Mrs. Fausto that she needed to tell her attorney to talk with Defendants to negotiate the debt.

34.   Later that month, Defendants call Plaintiffs, and yelled at Mrs. Fausto, asking when Plaintiffs would pay.  Defendants insisted, and screamed that the debt totaled $19,174.00.

35.   Around the same time, Defendants also called Plaintiffs, and told Mrs. Fausto, in a screaming, insistent, abusive tone, that Plaintiffs needed to hurry, and pay because the debt was rising, and rising, and that it is neared $20,000.00 dollars.

36.    On or about March 30, 2007, Defendants telephoned Plaintiffs, and again spoke with Mrs. Fausto.  Defendants refused to let Mrs. Fausto speak, abusively talked over her, and

repeatedly threatened that unless Defendants received payment, Plaintiffs would soon hear from Defendants' attorneys.  Defendants' abusive conduct increased causing Mrs. Fausto to grow more anxious, stressed, and agitated, forcing her to ultimately hang up.

37.   Immediately after Mrs. Fausto hung up, another call came in.  Mrs. Fausto recognized the number as being Defendants on her caller identification unit. Defendants continued to abuse Mrs. Fausto, refused to hang up, and caused Plaintiffs telephone to ring continuously, and repeatedly.

38.   Defendants conduct crossed all boundaries of moral decency.  Mrs. Fausto was berated by Defendants on several occasions.  During those conversations Defendants ignored anything Mrs. Fausto said, were aggressive and hostile, and continued to talk over her.

39.   In November 2007, Defendants told Mrs. Fausto that they had received the letters Plaintiffs sent on September 12, 2006 (**Exhibit 2**) and November 8, 2006 (**Exhibit 4**).

40.   Also in November 2007, Defendants told Mrs. Fausto that the debt was harming Plaintiffs, that it would never go away, and someday Plaintiffs will pay the debt because it will always appear on Mr. Fausto's credit report.

41.   On information and belief, Defendants never reported the debt on Mr. Fausto's credit report.

**UNLAWFUL COMMUNICATIONS WITH THIRD PARTIES**

42.   Defendants engaged in impermissible contacts with third parties, including members of Plaintiffs' family.

43.   On or about July 20, 2007, Defendants called Plaintiffs' home.

44.   Plaintiffs' daughter was visiting and answered the phone.

45.   Plaintiffs' caller ID unit did not reveal the name of Defendants, but only a telephone number.

46.   Defendants told Plaintiffs' daughter that he was calling for Plaintiffs, and revealed to her personal and confidential information about Plaintiffs.

47.   Defendants told Plaintiffs daughter that he was calling about Plaintiffs' Visa account with Wells Fargo, and he told Plaintiffs daughter to give a message to Plaintiffs that they

FIRST AMENDED COMPLAINT FOR DAMAGES

needed to call him back at 1-866-990-5572 ext. 9807.  Defendants did not provide notices required by state and federal law.

48. Defendants revealed personal and confidential information about Plaintiffs to third-parties on repeated occasions, the most recent occurring in early November 2007.

## DEFENDANTS ABUSIVE AND INTRUSIVE CONDUCT CAUSED PLAINTIFFS THE HARM RECOGNIZED BY CONGRESS

49. Defendants' unlawful collection practices caused Plaintiffs to suffer physical and emotional injury in the form of fear, anxiety, stress, difficulty eating, humiliation, uncontrollable shaking, crying fits, depression, marital instability, inability to sleep, and embarrassment, amongst other injury.

50. Defendants' abusive and intrusive conduct caused Mrs. Fausto to suffer emotional distress in the form of loss of sleep, hopelessness, anxiety, and fear among other negative emotions.  Plaintiffs suffered marital instability, and argued about the contacts from Defendants.

51. Defendants also sent collection letters on or about April 10, 2007, June 6, 2007, and November 15, 2007 a true and correct copy of each letter is attached as **Exhibit 8, Exhibit 9**, and **Exhibit 10** respectively.

52. **Exhibit's 1-10** and all telephone contacts from Defendants were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a (2), and "debt collection" as that term is defined in Cal. Civil Code §1788.2(b).

53. All of the telephone conversations as described above were conducted in Spanish between Defendants and Plaintiffs.

54. On information and belief, Defendants have call centers in Brazil.  On information and belief, many of the telephone calls and communication initiated by Defendants originated in Brazil.

55. On information and belief, Defendants have a pattern, and practice of abusive, and unlawful collection practices similar to the above.

8

56. On information and belief, Defendants contacted Plaintiffs on other occasions other than those instances listed above.

57. Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

### III. JURISDICTION

58. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

### IV. VENUE

59. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

60. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### V.  INTRADISTRICT ASSIGNMENT

61. This lawsuit should be assigned to the San José Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Monterey County.

### VI. PARTIES

62. Plaintiff, Manuel G. Fausto is a natural person residing in Monterey County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a (3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

63. Plaintiff, Luz Fausto is a natural person residing in Monterey County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a (3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

64. Mrs. Fausto suffers from diabetes and is "disabled" as that term is defined by Civil Code section 1761.

65. Mrs. Fausto's diabetes substantially limits major life functions and impacts her eating, diet, and physical and emotional state.

66. Mrs. Fausto is more vulnerable that other members of the public to Defendant's unlawful conduct because of age, poor health and or infirmity and disability, and suffered substantial physical and emotional damage from the defendant's conduct.

67. Defendant, Credigy Services Corporation, (hereinafter "Defendant Credigy") is a Nevada corporation engaged in the business of collecting debts in this state with its principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta, GA, 30309. On information and belief, Defendant Credigy maintains overseas offices in Brazil, and several communications were placed from such offices to Plaintiffs. Defendant Credigy may be served as follows: Credigy Services Corp., c/o Registered Agents, LTD., 1201 West Peachtree Street., #3500, Atlanta, GA 30309, or 3950 Johns Creek Court, Suite 100, Suwannee, GA 30024.

68. The principal business of Defendant Credigy is the collection of debts using the mails and phone and Defendant Credigy regularly attempts to collect debts alleged to be due another. Defendant Credigy is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6). Defendant Credigy is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Additionally, Defendant Credigy is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

69. Credigy Receivables Inc., (hereinafter "Defendant Credigy Receivables") is a Nevada corporation engaged in the business of collecting debts in this state with its principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta, GA, 30309. On information and belief, Defendant Credigy Receivables maintains overseas offices in Brazil, and several communications were placed from such offices to Plaintiffs. Defendant Credigy Receivables may be served as follows: Credigy Receivables Inc., c/o Pacific Corporate & Title Services, 914 S. Street, Sacramento, CA 95814.

70. The principal business of Defendant Credigy Receivables is the collection of debts using the mails and phone and Defendant Credigy Receivables regularly attempts to collect debts alleged to be due another. Defendant Credigy Receivables is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6). Defendant Credigy Receivables is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. §

1692 et seq.  Additionally, Defendant Credigy Receivables is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

71. Credigy Solutions Inc., (hereinafter "Defendant Credigy Solutions"), is a Georgia corporation engaged in the business of collecting debts in this state with its principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta, GA, 30309.  On information and belief, Defendant Credigy Solutions maintains overseas offices outside of the U.S.A., and several communications were placed from such offices to Plaintiffs. Defendant Credigy Solutions may be served as follows: Credigy Solutions Inc., c/o Registered Agents, LTD., 1201 West Peachtree Street., #3500, Atlanta, GA 30309, or 3950 Johns Creek Court, Suite 100, Suwannee, GA  30024.

72. The principal business of Defendant Credigy Solutions is the collection of debts using the mails and phone and Defendant Credigy Solutions regularly attempts to collect debts alleged to be due another.  Defendant Credigy Solutions is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).  Defendant Credigy Solutions is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  Additionally, Defendant Credigy Solutions is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

73. Defendant Ryan Miller is a natural person, and an employee of Defendants.  Defendant Miller collects debts using the mails and phone and he regularly attempts to collect debts alleged to be due another.  Defendant Miller is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c) and a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

74. Defendant Ricardo Ventura is a natural person and an employee of Defendants. Defendant Ventura collects debts using the mails and phone and he regularly attempts to collect debts alleged to be due another.  Defendant Ventura is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c), and a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

75. Defendant Brett Boyde is a natural person, and an employee of Defendants.  Defendant Boyde collects debts using the mails and phone, and he regularly attempts to collect debts

alleged to be due another.  Defendant Boyde is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c) and a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

76.  Defendant Paulo Peres is a natural person, and an employee of Defendants.  Defendant Peres collects debts using the mails, and phone, and he regularly attempts to collect debts alleged to be due another.  Defendant Peres is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c) and a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

77.  Defendant Thomson is a natural person, and an employee of Defendant.  Defendant Thomson collects debts using the mails and phone, and regularly attempts to collect debts alleged to be due another.  Defendant Thomson is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c), and a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

78.  The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this complaint accordingly.  Defendant is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and caused damages thereby to the Plaintiff, as hereinafter alleged.  Defendant, DOES 1-10, are and each of them is, a "debt collector" within the meaning of 15 U.S.C. § 1692a (6) and Cal. Civil Code § 1788.2(c).

79.  At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendant and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Defendants authorized, approved, conducted, and/or ratified the wrongful acts herein.  Any reference to

"DEFENDANTS" "Defendant" or "Defendants" without further qualification is meant by Plaintiffs to refer to each Defendant, and all of them, named herein.

80. Plaintiffs are informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction and that said Defendants, and each of them, have regularly conducted business in the County of Monterey and this judicial district.

## VII. CLAIMS

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

81. Plaintiffs bring the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et.seq. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs. Defendants' acts and omissions violated the provisions of the FDCPA 15 U.S.C. 1692 et seq., including but not limited to: 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, and 1692f.

82. Defendants engaged in impermissible communications with third parties in violation of 15 U.S.C. §1692b.

83. Defendants failed to cease communications in an attempt to collect an alleged debt in violation of 15 U.S.C. §1692c.

84. Defendants engaged in conduct the natural consequences of which was to harass, oppress or abuse Plaintiff and others in violation of 15 U.S.C. §1692d.

85. Defendants used false, deceptive or misleading representation or means in connection with the collection of the debt in violation of 15 U.S.C. §1692e.

86. Defendants threatened to take action that it intended not to take in violation of 15 U.S.C. §1692e (5).

87. Defendants threatened to take legal action that cannot be taken in violation of 15 U.S.C. §1692e (5).

13

88. Defendants made false, deceptive, and misleading statements in an attempt to collect the debt in violation of 15 U.S.C. §1692e (10).

89. Defendants violated 15 U.S.C. §1692e and 1692e (10) by using false, deceptive and misleading statements creating a false sense of urgency.

90. Defendants used unfair or unconscionable means to collect the debt in violation of 15 U.S.C. §1692f.

91.  Plaintiffs are alleged to have incurred a consumer credit obligation ("debt"), to Wells bearing the Wells account number 4465-3900-1155-XXXX.  The debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).  Additionally, the debt was acquired by means of a "consumer credit transaction," as that term is defined by Cal. Civil Code § 1788.2(e).

92. At some point, on a date unknown to the Plaintiffs, the alleged debt was purchased, assigned, placed or otherwise transferred to Defendants for collection from the Plaintiffs.

**SECOND CAUSE OF ACTION**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

93. Plaintiffs bring the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Cal. Civ. Code §1788 et.seq.

94. Plaintiffs repeats, re-alleges and incorporates by reference all other paragraphs. Defendants willfully, and intentionally violated the provisions of the RFDCPA in the following respects:

95. Defendants violated Cal. Civ. Code § 1788.12(b), including the unlawful communications with third parties.

96. Defendants violated Cal. Civ. Code § 1788.13(f), including the false threat they were about to report the debt.

97. Defendants violated Cal. Civ. Code § 1788.13(j), including its false statement they was about to bring legal action to collect the time barred debt.

98. Defendants violated Cal. Civ. Code §1788.17 by violating those provisions of 15 U.S.C. §1692 et.seq. and engaging in abusive, unlawful, false and misleading communications, including those set forth above.

**THIRD CAUSE OF ACTION**

**INTRUSION UPON SECLUSION**

99. Plaintiffs repeat re-alleges and incorporates by reference all other paragraphs.

100. Plaintiffs had a reasonable expectation of privacy.

101. Defendants intentionally intruded in Plaintiffs privacy by, among other things, ignoring a cease communications order, and unlawfully attempting to collect a debt from Plaintiffs, and threatening to sue on a time barred debt.

102. Defendants' intrusion would be highly offensive to a reasonable person.

103. Plaintiffs were harmed by Defendants conduct.

104. Defendants conduct was a substantial factor in causing Plaintiffs harm.

105. Defendants intentionally caused harm to Plaintiffs emotional well being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiffs rights to privacy.

106. Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

107. The actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices regardless of the age of a debt, and the actions of an alleged debtor.

108. In pursuing their egregious, and unlawful debt collection efforts against Plaintiffs the Defendants acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294 (c)(1),(2),(3).

**FOURTH CAUSE OF ACTION**

**TORT IN SE**

109. Plaintiffs repeat re-alleges and incorporates by reference all other paragraphs.

110. Defendants violated a statutory duty to another and are thus liable under the doctrine of "Tort-In-Se."

15

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE**

111. Plaintiffs repeat re-alleges and incorporates by reference all other paragraphs.

112. Defendants were negligent in their collection of the alleged debt.

113. Plaintiffs were harmed, and suffered injury as described above.

114. Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

115. Each of the Defendants had a duty to ensure that their collection actions were directed to the correct person, and to discontinue all collection activity against the Plaintiffs when they were notified that the Plaintiffs desired not to be contacted. After being notified by Plaintiffs that they did not want to be contacted, the Defendants stepped up their efforts to collect the debt from Plaintiffs.

116. Defendants were negligent for one of the following errors or omissions: failure to use reasonable care in administering accounts, and debt collection activities; contacting Defendants after it knew, or should have known that Plaintiffs did not want to be contacted; and furnishing inaccurate information, or failing to furnish accurate information in the process of collecting their debts.

**SIXTH CAUSE OF ACTION**

**NEGLIGENT TRAINING AND SUPERVISION**

117. Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were negligent in the training, and/or supervision of its employees.

118. Defendants' actions and omissions constitute negligence in that Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables owed Plaintiffs a duty to train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiffs.

119. The action and omissions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables as described herein constitute grossly negligent, training, and/or supervision in that Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables owed Plaintiffs a duty to train, and/or supervise its

16

employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiffs, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs.  The actions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were willful, malicious, and wanton.  The actions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were highly unreasonable and demonstrate an extreme departure from ordinary care.

120. Plaintiffs suffered damages due to Defendants actions in an amount to be determined by proof by the finder of fact at trial.

121. Plaintiffs are entitled to punitive damages for the actions, and omissions of the Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables as described herein.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the court grant:

A. Judgment against Defendants for violation of the FDCPA and the RFDCPA.

B. Statutory damages pursuant to 15 U.S.C.  1692k, Cal. Civ. Code §1788.17 and Cal. Civ. Code §1788.30.

C. Costs, expenses incurred in the investigation, filing and prosecution of this action and reasonable attorney's fees pursuant to 15 U.S.C. 1692 k and Cal. Civ. Code §1788.30.

D. Treble damages pursuant to Cal. Civ. Code §3345.

E. Special, general, and compensatory damages and punitive damages.


Dated 12/16/2007


/s/ Balám O. Letona
_____
Balám O. Letona, Esq.
Attorney for Plaintiff


17

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, Manuel Fausto and Luz Fausto, hereby demand a trial by jury of all triable issues of fact in the above-captioned case.


/s/ Balám O. Letona
_____

Balám O. Letona, Esq.
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES

# CREDIGY SERVICES CORP.

P.O. BOX 2689
SUWANEE, GA 30024
ADDRESS SERVICE REQUESTED                    08/16/2006

866-990-9972

5926

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $16,689.64 |

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT, INC., and originally issued by the Original Creditor identified above. Our office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

"I want to settle this Account!"
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,848.27 which represents 65% of your outstanding balance as a settlement in full. If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

_____          _____
Please sign your name here                              Today's Date

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**EXHIBIT** |

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

*DD02_CSC_BZ

200608084780105926

Your calls may be monitored for quality assurance purposes. The information listed in this letter does not contain a complete list of the rights consumers have under state and federal law.

Regular office hours: Monday – Friday 10 a.m. to 10 p.m. EST and Saturday 10 a.m. to 4 p.m. EST,

NOTICES TO RESIDENTS OF CALIFORNIA: As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

NOTICE TO RESIDENTS OF COLORADO: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.cfm .

NOTICE TO RESIDENTS OF MAINE: Telephone number of agency's licensed location: 866-204-3457.

NOTICE TO RESIDENTS OF MASSACHUSETTS: *Notice of Important Rights*
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

NOTICE TO RESIDENTS OF MINNESOTA: This collection agency has been certified as being exempt from licensing by the Minnesota Department of Commerce. The full name of this collection agency as it appears on the Minnesota exemption certificate is Credigy Services Corp.

NOTICE TO RESIDENTS OF NEW YORK CITY: New York City Department of Consumer Affairs License Number: 1158518.

NOTICE TO RESIDENTS OF TENNESSEE: This collection agency is exempt from licensing by the Collection Service Board of the Department of Commerce and Insurance as a non-resident collection agency.

NOTICE TO RESIDENTS OF UTAH: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit agency if you fail to fulfill the terms of your credit obligations.

NOTICE TO RESIDENTS OF WISCONSIN: This collection agency is exempt from licensing by the Office of the Administrator of the Division of Banking, Department of Financial Institutions, P.O. Box 7876, Madison, Wisconsin 53707, as an out-of-state collection agency.



EXHIBIT L

*CSC_DUNNING

Rev Date 06272006

COPY

Manuel Fausto
532 Charolais Dr
Gonzales CA  93926-9358

September 12, 2006

*Via Certified Mail, Return Receipt Requested*

Credigy Services Corp
P.O. Box 2689
Suwanee GA  30024

Dear Sir or Madam,

I received the enclosed letter, dated August 16, 2006, that states I owe a debt.  I dispute this debt and I am writing to request validation of this debt.  I do not believe I currently owe money to Wells Fargo.  Please investigate this matter and send me copies of any documents relevant to this debt, including signed contracts.  Please send me the name and address of the original creditor.

I would like for you to investigate this matter and delete or correct any inaccurate information that you have reported to credit agencies.  I look forward to your immediate cooperation.  Please send me confirmation that you have fulfilled this request.

Sincerely,

Manuel Fausto

Encl.

**EXHIBIT 2**



P.O. Box 2689
SUWANEE, GA  30024

(T) 678.684.4111
(F) 678.728.7170

September 28, 2006

<u>VIA U.S. MAIL</u>

Manual G. Fausto
532 Charolais Drive
Gonzales, CA. 93926

*Re: Credigy Receivables Inc. Account No.*  10742223
*Formerly known as First Select, Inc.  Account No.*  4168100007012873

Dear Mr Fausto:

        I am writing on behalf of Credigy Services Corp. ("Credigy") in response to your prior correspondence.   Please note that an Account Validation letter was previously sent to you. Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account, as well as the balance as of September 28, 2006.   This account was originally a Wells Fargo, formerly owned by First Select, Inc. ("FSI"), and now owned by Credigy.

        We appreciate the opportunity to provide assistance to you.  For further inquiries, please feel free to call one of our representatives at 1-866-990-9962.

                    Sincerely,

                    Brett Boyde
                    Dispute Resolution Department

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.   THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.



EXHIBIT 3

# ACCOUNT VERIFICATION STATEMENT

**Our records indicate that you may have previously had a question regarding your account. This account verification statement is being provided to you in response to your previous inquiry or dispute.**

Account Holder:    Manual G. Fausto,    SSN#: XXX-XX-
        532 Charolais Drive
        Gonzales, CA  93926

        Credigy Account #:  10742223
Re:    Former First Select, Inc. account #:  4168100007012873

## *ACCOUNT HISTORY*

Original Creditor:    Wells Fargo
Original Account Number:    4465390011554248
Date Account Established:    7/1/1992
Original Creditors Address:
    P.O. Box 10347
    Des Moines, IA 50306

Original Creditor Balance at Assignment:    $3,232.57
Assignee:    First Select, Inc.
Assignee Address:
    201 Mission Street
    San Francisco, CA 94105

Balance at Purchase: $5,411.92
Current Owner of Account:    Credigy Receivables Inc.
Current Owner Address:
    9404 Drew Court
    Las Vegas, NV 89177

Current Balance:    $17,031.76 as of  09/28/06
Customer Service Phone Number:    (866) 204-3457

The above amount represents goods and/or services purchased via a credit account extended to the account holder by the original creditor listed above that has been duly assigned to CREDIGY RECEIVABLES INC.

**EXHIBIT 3**



November 7, 2006

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Credigy Receivables Inc.
P.O. Box 2689
Suwanee, GA 30024

      **RE:** Account #4465390011554248
      **Amount:** $16,689.64

Dear Sir or Madam:

I am writing in response to your letter dated September 28, 2006. In that letter, I asked you to validate this debt and to provide me copies of any documents relevant to this debt, including signed contracts. My attorney helped me draft this letter.

You did not provide me copies of documents, as I requested. I do not owe this invalid debt.

I request that you cease all collection on this account. I request that you cease further communication with me about this account, as is my right under 15 U.S.C. §1692c(c). Please be advised that any further contact from your office may constitute a violation of the federal Fair Debt Collection Practices Act and the state Rosenthal Fair Debt Collection Practices Act.

Sincerely,

*Manuel Fausto*

Manuel Fausto
532 Charolais Dr
Gonzales CA 93926-9358

Cert Cert. 7005 · 0390 - 0000 - 2794 - 3964
Mail #

**EXHIBIT 4**

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.39 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.64 |

Postmark Here
NOV 2006

11/08/2006

Sent To *Credigy Inc.*
Street, Apt. No.; or PO Box No. *P. O. Box 2689*
City, State, ZIP+4 *Suwanee GA 30024*

PS Form 3800, June 2002     See Reverse for Instructions

7005 0390 0000 2794 3964

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  *D. Kulpakov*   C. Date of Delivery  11/13/06

1. Article Addressed to:

*Credigy Receivables Inc*
*P.O. Box 2689*
*Suwanee, GA 30024*

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7005 0390 0000 2794 3964

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**EXHIBIT 4**



P.O. Box 2689
SUWANEE, GA  30024

(T) 678.684.4111
(F) 678.728.7170

November 28, 2006

<u>VIA U.S. MAIL</u>

Manuel G. Fausto
532 Charolias Drive
Gonzales, CA. 93926

*Re: Credigy Receivables Inc. Account No.  10742223*
*Formerly known as First Select, Inc.  Account No.  4168100007012873*

Dear Mr Fausto:

I am writing on behalf of Credigy Services Corp. ("Credigy") in response to your prior correspondence.  Please note that an Account Validation letter was previously sent to you.  Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account, as well as the balance as of November 28, 2006.  This account was originally a Wells Fargo, formerly owned by First Select, Inc. ("FSI"), and now owned by Credigy.

We appreciate the opportunity to provide assistance to you.  For further inquiries, please feel free to call one of our representatives at 1-866-990-9962.

Sincerely,

Brett Boyde
Dispute Resolution Department

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

EXHIBIT **5**



## ACCOUNT VERIFICATION STATEMENT

**Our records indicate that you may have previously had a question regarding your account. This account verification statement is being provided to you in response to your previous inquiry or dispute.**

Account Holder:      Manuel G. Fausto,      SSN#: XXX-XX-
                     532 Charolias Drive
                     Gonzales, CA  93926


                     Credigy Account #:  10742223
              Re:    Former First Select, Inc. account #:  4168100007012873


### _ACCOUNT HISTORY_

Original Creditor:   Wells Fargo
Original Account Number:   4465390011554248
Date Account Established:   7/1/1992
Original Creditors Address:
        P.O.Box 10347
        Des Moines, IA 50306

Original Creditor Balance at Assignment:    $3,232.57
Assignee:      First Select, Inc.
Assignee Address:
        201 Mission Street
        San Francisco, CA 94105

Balance at Purchase: $5,411.92
Current Owner of Account:   Credigy Receivables Inc.
Current Owner Address:
        9404 Drew Court
        Las Vegas, NV 89177

Current Balance:      $17,725.59 as of  11/28/2006
Customer Service Phone Number:     (866) 204-3457


     The above amount represents goods and/or services purchased via a credit account extended to the account holder by the original creditor listed above that has been duly assigned to CREDIGY RECEIVABLES INC.


**EXHIBIT 5**

# CREDIGY SERVICES COR[...]

3063055P

320 501 00090508 A 431299

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866-990-9972

12/21/2006

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

Our Client/Current Creditor:   CREDIGY RECEIVABLES INC
Original Creditor:               WELLS FARGO
Original Account Number:        4465390011554248
Balance as of today:            $18,077.12

Il.l....ll.l.l....l.ll.l.ll....ll.l.l.l.l...ll.l.l..lll

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by WELLS FARGO identified above.  Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.  **NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼                    *** Please detach And Return Bottom Portion With Payment ***                    ▼ Detach Here ▼

"I want to settle this Account!" .
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $9,038.56 which represents 50% of your outstanding balance as a settlement in full on your former WELLS FARGO account (Account No. 4465390011554248) now owned by CREDIGY RECEIVABLES INC. (Account No. 10742223).  If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter.  Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____     Dated: _____     **EXHIBIT  6**

MANUEL G FAUSTO
(Account No. 10742223)

Important:  If you are unable to accept or take advantage of this offer, do not ignore this letter.  Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector.  This is an attempt to collect a debt.  Any**
**information obtained will be used for that purpose.**

DD02_CSCCR.VI
CRD.WFD
#131299

CREDIGY SERVICES CORP.

P.O. BOX 2689
SUWANEE, GA 30024
RETURN SERVICE REQUESTED

12/22/2006

866-990-9972

17                    [barcode]

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $18,077.12 |

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT, INC., and originally issued by the Original Creditor identified above. Our office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Sincerely,

CREDIGY SERVICES CORP.

PAULO PERES

Collections Manager

**EXHIBIT** _2_

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

*VL01_CSC_BZ

Your calls may be monitored for quality assurance purposes. The information listed in this letter does not contain a complete list of the rights consumers have under state and federal law.

Regular office hours: Monday – Friday 10 a.m. to 10 p.m. EST and Saturday 10 a.m. to 4 p.m. EST,

NOTICES TO RESIDENTS OF CALIFORNIA: As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

NOTICE TO RESIDENTS OF COLORADO: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.cfm .

NOTICE TO RESIDENTS OF MAINE: Telephone number of agency's licensed location: 866-204-3457.

NOTICE TO RESIDENTS OF MASSACHUSETTS: *Notice of Important Rights*
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

NOTICE TO RESIDENTS OF MINNESOTA: This collection agency has been certified as being exempt from licensing by the Minnesota Department of Commerce. The full name of this collection agency as it appears on the Minnesota exemption certificate is Credigy Services Corp.

NOTICE TO RESIDENTS OF NEW YORK CITY: New York City Department of Consumer Affairs License Number: 1158518.

NOTICE TO RESIDENTS OF TENNESSEE: This collection agency is exempt from licensing by the Collection Service Board of the Department of Commerce and Insurance as a non-resident collection agency.

NOTICE TO RESIDENTS OF UTAH: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit agency if you fail to fulfill the terms of your credit obligations.

NOTICE TO RESIDENTS OF WISCONSIN: This collection agency is exempt from licensing by the Office of the Administrator of the Division of Banking, Department of Financial Institutions, P.O. Box 7876, Madison, Wisconsin 53707, as an out-of-state collection agency.



EXHIBIT 7

*CSC_DUNNING

Rev Date 06272006



P.O. BOX 2689
SUWANEE, GA 30024
RETURN SERVICE REQUESTED

17

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

**EXHIBIT** 7

P.U. BUX 2009
SUWANEE, GA 30024
ADDRESS SERVICE REQUESTED

04/10/2007

866-990-9972

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $19,567.13 |

22058

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT, INC., and originally issued by the Original Creditor identified above. Our office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

"I want to settle this Account!"
Settlement Offer
CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,761.92 which represents 55% of your outstanding balance as a settlement in full. If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

**EXHIBIT 8**

_____          _____
Please sign your name here                      Today's Date

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

DD02_CSC_BZ

Your calls may be monitored for quality assurance purposes. The information listed in this letter does not contain a complete list of the rights consumers have under state and federal law.

Regular office hours: Monday – Friday 10 a.m. to 10 p.m. EST and Saturday 10 a.m. to 4 p.m. EST.

NOTICES TO RESIDENTS OF CALIFORNIA: As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

NOTICE TO RESIDENTS OF COLORADO: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.cfm .

NOTICE TO RESIDENTS OF MAINE: Telephone number of agency's licensed location: 866-204-3457.

NOTICE TO RESIDENTS OF MASSACHUSETTS: *Notice of Important Rights*
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

NOTICE TO RESIDENTS OF MINNESOTA: This collection agency has been certified as being exempt from licensing by the Minnesota Department of Commerce. The full name of this collection agency as it appears on the Minnesota exemption certificate is Credigy Services Corp.

NOTICE TO RESIDENTS OF NEW YORK CITY: New York City Department of Consumer Affairs License Number: 1158518.

NOTICE TO RESIDENTS OF TENNESSEE: This collection agency is exempt from licensing by the Collection Service Board of the Department of Commerce and Insurance as a non-resident collection agency.

NOTICE TO RESIDENTS OF UTAH: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit agency if you fail to fulfill the terms of your credit obligations.

NOTICE TO RESIDENTS OF WISCONSIN: This collection agency is exempt from licensing by the Office of the Administrator of the Division of Banking, Department of Financial Institutions, P.O. Box 7876, Madison, Wisconsin 53707, as an out-of-state collection agency.

**EXHIBIT 8**



*CSC_DUNNING
Rev Date 06272006



U.S. POSTA

H METER 422

MAILED FROM ZIP CODE
30341

PRESORTED
FIRST CLASS

P.O. BOX 2689
SUWANEE, GA 30024
ADDRESS SERVICE REQUESTED

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

**EXHIBIT 8**

3815301P

322 642 00090518 462440

**CREDIGY SERVICES CORP**

PO Box 2689 • Suwanee, GA  30024

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866-990-9972

06/06/2007

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $19,955.17 |

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by WELLS FARGO identified above. Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.  **NOTICE:   PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼               *** Please detach And Return Bottom Portion With Payment ***               ▼ Detach Here ▼

"I want to settle this Account!"

Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,975.34 which represents 55% of your outstanding balance as a settlement in full on your former WELLS FARGO account (Account No. 4465390011554248) now owned by CREDIGY RECEIVABLES INC. (Account No. 10742223).  If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter.  Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____          Dated: _____     **EXHIBIT  9**

MANUEL G FAUSTO
(Account No. 10742223)

Important:  If you are unable to accept or take advantage of this offer, do not ignore this letter.  Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

DD02_CSC V1
CRD WFD
s462440

Your calls may be monitored for quality assurance purposes. The information listed in this letter does not contain a complete list
of the rights consumers have under state and federal law.

Regular office hours: Monday – Friday 9 a.m. to 10 p.m. EST, Saturday 9 a.m. to 5 p.m. EST.

*CSC_DUNNING

CREDIGY
PO BOX 2689
SUWANEE GA 30024-0000



EXHIBIT __9__



MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

3615301P

322 842 000905164624A

866.990.9072

FIRST CLASS MAIL

FIRST CLASS
PREMIUM
U.S. POSTAGE
PAID
Hauppauge, NY
PC

**EXHIBIT 9**

# CREDIGY SERVICES CORP.

PO Box 2689 • Suwanee, GA  30024

```
4667350P
```

249 475 00070632 496619

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866-990-9972

11/15/2007

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390011554248 |
| Balance as of today: | $22,509.36 |

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by WELLS FARGO identified above. Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼           *** Please Detach And Return Bottom Portion With Payment ***           ▼ Detach Here ▼

"I want to settle this Account!"
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $11,254.68 which represents 50% of your outstanding balance as a settlement in full on your former WELLS FARGO account (Account No. 4465390011554248) now owned by CREDIGY RECEIVABLES INC. (Account No. 10742223).  If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter.  Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

**EXHIBIT 10**

Signed: _____          Dated: _____

MANUEL G FAUSTO
(Account No. 10742223)

Important:  If you are unable to accept or take advantage of this offer, do not ignore this letter.  Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.
**This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

DD02_CSCCR V1
CRD WFD
s496619

Your calls may be monitored for quality assurance purposes. The information listed in this letter does not contain a complete list of the rights consumers have under state and federal law.

Regular office hours: Monday – Friday 9 a.m. to 10 p.m. EST, Saturday 9 a.m. to 5 p.m. EST.

\*CSC_DUNNING

**EXHIBIT 10**



CREDIGY
PO BOX 2689
SUWANEE GA 30024-0000



FIRST CLASS MAIL

*Mailing Service Return Address Only*

4667350P

249 475 00070832 496619

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

MANUEL G FAUSTO
532 CHAROLAIS DR
GONZALES CA 93926-9358

**EXHIBIT 10**



# CREDIGY™

## PRIVACY CHOICES FORM

To limit disclosures of information about you as described in this notice, check the box(es) below to indicate your privacy choices and complete the information requested.

1. ☐ Limit the disclosure of information about me to nonaffiliated third parties.

2. ☐ Limit the personal information about me that you share with Credigy affiliates.

Name: _____

Address: _____

City: _____ State: ____ Zip: _____

Phone Number: ( ___ ) _____

If you have checked any of the boxes above, cut along the dotted line, and mail the form in a stamped envelope to:

**Credigy Receivables Inc.**
**P.O. Box 2629**
**Suwanee, Georgia 30024**

Please allow approximately 30 days from our receipt of your request for your choices to become effective. Your instructions will remain in effect until you request a change.

---

## Definitions of Terms Used in This Notice:

"We," "Our," "Us": Refers to Credigy Receivables Inc.

"Information": Refers to "non-public personal information" as defined by law. This term generally means any information that (1) can identify you; (2) is not obtainable from any public source; and (3) we collect or have collected in connection with an account that we hold.

## Notice to California Residents:

In response to a California law, effective July 1, 2004, we will automatically treat accounts with California mailing addresses as if you checked Box 1 on the Privacy Choices Form and will not, without providing additional notice pursuant to California law, disclose personal information about you to nonaffiliated third parties except as otherwise permitted by applicable California law.

---



# CREDIGY™

**Credigy Receivables Inc.**
**P.O. Box 2629**
**Suwanee, Georgia 30024**

## OUR PRIVACY NOTICE

Credigy Receivables Inc. is a company specializing in the purchasing of distressed assets and defaulted accounts.

We are providing this notice to inform you of our policies regarding the privacy of your non-public personal information. This notice explains our policies, including how we collect and use your non-public personal information, and the safeguards we employ to protect that information. It also describes the circumstances under which we may share that information with other parties.

This notice explains how you may instruct us to limit the disclosure of non-public personal information about you. The provisions of this notice will also apply to former customers as well as current customers unless we state otherwise.

We may amend this privacy notice at any time. We will inform you of changes as required by law.

---

NOTWITHSTANDING ANYTHING STATED HEREIN OR PERMITTED UNDER THE GRAMM LEACH BLILEY ACT, WE DO NOT DISCLOSE ANY PERSONAL INFORMATION ABOUT YOU OR YOUR ACCOUNT IN ANY WAY THAT WOULD VIOLATE THE FAIR DEBT COLLECTION PRACTICES ACT OR ANY SIMILAR STATE LAW THAT REGULATES THE BUSINESS OF DEBT COLLECTION.

---

**EXHIBIT 10**

CREDIGY V.1
4996419

## Policies and Procedures We Use to Protect Your Information:

We maintain up-to-date physical safeguards, electronic safeguards, and procedural safeguards to protect your information from unauthorized access. These safeguards comply with laws designed to protect your personal information. We train people who work for us on how to properly handle personal information. We restrict access to personal information about you to those who need to have access to that information to perform their duties in the course of their employment with us. Third parties who have access to your information in order to assist us in the ordinary course of our business must agree to follow company policy regarding security and confidentiality.

## Categories of Information We May Collect and May Disclose:

We collect non-public personal information about you from the following sources:

o Information we receive from you on applications and/or other forms, such as name, address, social security number, telephone number, occupation, assets, and income;

o Information about your transactions with us, our affiliates, and/or others, such as account balances, payment history, and account activity; and

o Information we receive about you from a consumer reporting agency, such as consumer reports.

## How We Use Your Information:

In the course of our business, we may disclose any of the information that we collect to our affiliates and nonaffiliated third parties, as allowed by applicable law or regulation and as indicated below.

## Categories of Affiliates to Whom We May Disclose Personal Information:

Affiliates are companies that we own, own us, are owned or controlled by a company that owns us, or with which we share some common ownership. We may share your information with affiliates in several different lines of business, including debt collection, technology development and marketing.

## Categories of Nonaffiliated Third Parties to Whom We May Disclose Your Information:

Nonaffiliated third parties are those not part of the family of companies that we control or with which we do not share some common ownership. We may disclose personal information about you to the following types of nonaffiliated third parties, including:

o Service providers that perform services on our behalf; and

o Financial services providers, such as companies engaged in banking and consumer finance.

## How to Limit Our Use or Disclosure of Your Information:

*NOTE:* If you have previously provided us with your privacy choices, there is no need to do so again unless you wish to change your instructions.

If you prefer that we do not communicate your non-public personal information other than in the manner and with those with which we are authorized to do so, as described herein, you must instruct us not to do so by completing the attached form and sending it to us as instructed on the form.

*NOTE:* If you are a joint accountholder, you should share this notice with the person or persons with whom you share your account, as the other person(s) may not receive a separate notice. We will accept instructions from any person authorized on the account and apply the instructions to the entire account.

*NOTE:* If you check Box 1 on the Privacy Choices Form, we will limit our disclosures except as follows. We may disclose your information to third parties that perform marketing services on our behalf or to other financial institutions with which we have joint marketing agreements. We may also disclose your information to third parties as permitted by law, including disclosures necessary to process and service your account, protect against fraud, and protect the security or confidentiality of our records.



EXHIBIT 10