1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ., (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendants,
   CREDIGY SERVICES CORPORATION, CREDIGY
6  RECEIVABLES INC., and CREDIGY SOLUTIONS
   INC.
7

8                    UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11 MANUEL G. FAUSTO AND LUZ        ) CASE NO. C07 05658 JW (RS)
   FAUSTO,                         )
12                                 ) [Complaint Filed: 12/20/07
                                   ) 1st Amended Complaint Filed: 1/14/08]
13                Plaintiffs,      )
                                   ) **ANSWER TO FIRST AMENDED**
14      vs.                        ) **COMPLAINT**
                                   )
15 CREDIGY SERVICES CORPORATION;   ) Magistrate Judge: Hon. Richard Seeborg
   CREDIGY RECEIVABLES INC.;       )
16 CREDIGY SOLUTIONS INC.; RYAN    )
   MILLER; RICARDO VENTURA;        )
17 BRETT BOYDE; PAULO PERES;       )
   THOMPSON; and DOES 1-10, inclusive, )
18                                 )
                                   )
19                Defendants.      )
                                   )
20

21

22         Defendants, CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC.,
23
   and CREDIGY SOLUTIONS INC ("Defendants") answer the First Amended Complaint ("FAC")
24
   of Plaintiffs MANUEL G. FAUSTO AND LUZ FAUSTO ("Plaintiffs") as follows:
25
         1.    Answering Paragraph 1 of the FAC, Defendants deny that they specialize in buying
26
   portfolios of mostly time-barred debts. As to the remaining allegations in said paragraph,
27
   Defendants have insufficient information on which to either admit or deny the allegations and on
28
   that basis deny the remaining allegations.

05712.00:141758                           1
                       **ANSWER TO FIRST AMENDED COMPLAINT**   CASE NO. C07 05658 JW RS

1      2.    Answering Paragraph 2 of the Complaint, Defendants deny each and every allegation.

3.    Answering Paragraph 3 of the FAC, Defendants admit each and every allegation.

4.    Answering Paragraph 4 of the FAC, Defendants deny each and every allegation.

5.    Answering Paragraph 5 of the FAC, Defendants admit each and every allegation.

6.    Answering Paragraph 6 of the FAC, Defendants deny each and every allegation.

7.    Answering Paragraph 7 of the FAC, Defendants admit that it caused Exhibit 1 to be mailed to Plaintiff. Defendants have insufficient information on which to either admit or deny the allegations and on that basis denies the remaining allegations.

8.    Answering Paragraph 8 of the FAC, Defendants admit each and every allegation.

9.    Answering Paragraph 9 of the FAC, Defendants admit each and every allegation.

10.    Answering Paragraph 10 of the FAC, Defendants deny each and every allegation.

11.    Answering Paragraph 11 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

12.    Answering Paragraph 12 of the FAC, Defendants deny that they made menacing phone calls. Defendants have insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis deny the remainder of the allegations in Paragraph 12.

13.    Answering Paragraph 13 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

14.    Answering Paragraph 14 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

15.    Answering Paragraph 15 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

16.    Answering Paragraph 16 of the FAC, Defendants deny each and every allegation.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

17. Answering Paragraph 17 of the FAC, Defendants admit each and every allegation.

18. Answering Paragraph 18 of the FAC, Defendants deny each and every allegation.

19. Answering Paragraph 19 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

20. Answering Paragraph 20 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

21. Answering Paragraph 21 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

22. Answering Paragraph 22 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

23. Answering Paragraph 23 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

24. Answering Paragraph 24 of the FAC, Defendants admit each and every allegation.

25. Answering Paragraph 25 of the FAC, Defendants deny each and every allegation.

26. Answering Paragraph 26 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

27. Answering Paragraph 27 of the FAC, Defendants deny each and every allegation.

28. Answering Paragraph 28 of the FAC, Defendants admit each and every allegation.

29. Answering Paragraph 29 of the FAC, Defendants have insufficient information to either admit or deny the allegations that Defendants called and spoke with Mrs. Fausto, and on that basis deny that allegation. Defendants deny the remainder of the allegations in Paragraph 29.

30. Answering Paragraph 30 of the FAC, Defendants deny each and every allegation.

31. Answering Paragraph 31 of the FAC, Defendants have insufficient information to

1  either admit or deny the allegations that Defendants called and spoke with Mrs. Fausto, and on that
2  basis deny that allegation. Defendants deny the remainder of the allegations in Paragraph 31.

3      32.    Answering Paragraph 32 of the FAC, Defendants deny that they yelled at Mrs.
4  Fausto. Defendants have insufficient information to either admit or deny the remainder of the
5  allegations contained in said paragraph and on that basis deny the remainder of the allegations in
6  Paragraph 32.

7      33.    Answering Paragraph 33 of the FAC, Defendants deny each and every allegation.

8      34.    Answering Paragraph 34 of the FAC, Defendants have insufficient information to
9  either admit or deny it called Plaintiffs and on that basis deny that allegation. Defendants deny
10 the remainder of the allegations in said paragraph.

11     35.    Answering Paragraph 35 of the FAC, Defendants have insufficient information to
12 either admit or deny it called Plaintiffs and on that basis deny that allegation. Defendants deny the
13 remainder of the allegations in said paragraph.

14     36.    Answering Paragraph 36 of the FAC, Defendants have insufficient information to
15 either admit or deny it called Plaintiffs and on that basis deny that allegation. Defendants deny the
16 remainder of the allegations in said paragraph..

17     37.    Answering Paragraph 37 of the FAC, Defendants deny each and every allegation.
18     38.    Answering Paragraph 38 of the FAC, Defendants deny each and every allegation.
19     39.    Answering Paragraph 39 of the FAC, Defendants have insufficient information to
20 either admit or deny the allegations contained therein and on that basis deny each and every
21 allegation.

22     40.    Answering Paragraph 40 of the FAC, Defendants deny each and every allegation.
23     41.    Answering Paragraph 41 of the FAC, Defendants have insufficient information to
24 either admit or deny the allegations contained therein and on that basis deny each and every
25 allegation.

26     42.    Answering Paragraph 42 of the FAC, Defendants deny each and every allegation.
27     43.    Answering Paragraph 43 of the FAC, Defendants have insufficient information to
28 either admit or deny the allegations contained therein and on that basis deny each and every

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1 allegation.

2    44.    Answering Paragraph 44 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

5    45.    Answering Paragraph 44 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

8    46.    Answering Paragraph 46 of the FAC, Defendants deny that it revealed to Plaintiff's daughter personal and confidential information about Plaintiffs. Defendants have insufficient information to either admit or deny the remainder of allegations contained therein and on that basis deny each and every allegation.

12    47.    Answering Paragraph 47 of the FAC, Defendants deny each and every allegation.
13    48.    Answering Paragraph 48 of the FAC, Defendants deny each and every allegation.
14    49.    Answering Paragraph 49 of the FAC, Defendants deny each and every allegation.
15    50.    Answering Paragraph 50 of the FAC, Defendants a deny each and every allegation.
16    51.    Answering Paragraph 51 of the FAC, Defendants admit each and every allegation.
17    52.    Answering Paragraph 52 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

20    53.    Answering Paragraph 53 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

23    54.    Answering Paragraph 54 of the FAC, Defendants admit that they have call centers in Brazil. Defendants have insufficient information to either admit or deny the remainder of the allegations in Paragraph 54 of the FAC and on that basis deny the remainder of the allegations in Paragraph 54.

27    55.    Answering Paragraph 55 of the FAC, Defendants deny each and every allegation.
28    56.    Answering Paragraph 56 of the FAC, Defendants have insufficient information to

1  either admit or deny the allegations contained therein and on that basis deny each and every allegation.

57. Answering Paragraph 57 of the FAC, Defendants deny each and every allegation.

58. Answering Paragraph 58 of the FAC, Defendants admit that the court has jurisdiction for this matter.

59. Answering Paragraph 59 of the FAC, Defendants have insufficient information on which to either admit or deny the allegations and on that basis deny the remaining allegations

60. Answering Paragraph 60 of the FAC, Defendants deny that it has violated the Federal Fair Debt Collection Practices Act. Defendants have insufficient information on which to either admit or deny the remaining allegations in paragraph 60 and on that basis deny them.

61. Defendants deny that it has violated the Federal Fair Debt Collection Practices Act or any related State law obligations. Defendants have insufficient information on which to either admit or deny the remaining allegations in paragraph 61 and on that basis deny them.

62. Answering Paragraph 62 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

63. Answering Paragraph 63 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

64. Answering Paragraph 64 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

65. Answering Paragraph 65 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

66. Answering Paragraph 66 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

67. Answering Paragraph 67 of the FAC, Defendants admit that Credigy Services Corporation is a Nevada corporation with its principal place of business in Nevada. Defendants have insufficient information to either admit or deny the allegations regarding Credigy Services Corporation's agent for service of process, but Defendants are not denying service of Plaintiff's Summons and Complaint. Defendants admit that they maintain overseas offices in Brazil. Defendants have insufficient information to either admit or deny the allegations regarding communications from Brazil to Plaintiff, and therefore deny said allegations.

68. Answering Paragraph 68 of the FAC, Defendants admit each and every allegation.

69. Answering Paragraph 69 of the FAC, Defendants admit that Credigy Receivables, Inc. is a Georgia corporation with its principal place of business in Georgia. Defendants have insufficient information to either admit or deny the allegations regarding Credigy Receivables's agent for service of process, but Defendants are not denying service of Plaintiff's Summons and FAC. Defendants admit that they maintain overseas offices in Brazil. Defendants have insufficient information to either admit or deny the allegations regarding communications from Brazil to Plaintiff, and therefore deny said allegations.

70. Answering Paragraph 70 of the FAC, Defendants deny each and every allegation.

71. Answering Paragraph 71 of the FAC, Defendants admit that Credigy Services Solutions, Inc. is a Nevada corporation with its principal place of business in Nevada. Defendants have insufficient information to either admit or deny the allegations regarding Credigy Services Solutions, Inc.'s agent for service of process, but Defendants are not denying service of Plaintiff's Summons and Complaint. Defendants admit that they maintain overseas offices in Brazil. Defendants have insufficient information to either admit or deny the allegations regarding regarding communications from Brazil to Plaintiff, and therefore deny said allegations.

72. Answering Paragraph 72 of the FAC, Defendants admit each and every allegation.

73. Answering Paragraph 73 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

74. Answering Paragraph 74 of the FAC, Defendants have insufficient information to

either admit or deny the allegations contained therein and on that basis deny each and every allegation.

75. Answering Paragraph 75 of the FAC, Defendants admit that Brett Boyde is a former employee. They have insufficient information to either admit or deny the remainder of the allegations contained in paragraph 75 and on that basis deny the remainder of the allegations in paragraph 75.

76. Answering Paragraph 76 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

77. Answering Paragraph 77 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

78. Answering Paragraph 78 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

79. Answering Paragraph 79 of the FAC, Defendants deny that they ratified the wrongful acts alleged by Plaintiffs. Defendants have insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis deny each and every allegation.

80. Answering Paragraph 80 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

81. Answering Paragraph 81 of the FAC, Defendants deny each and every allegation.
82. Answering Paragraph 82 of the FAC, Defendants deny each and every allegation.
83. Answering Paragraph 83 of the FAC, Defendants deny each and every allegation.
84. Answering Paragraph 84 of the FAC, Defendants deny each and every allegation.
85. Answering Paragraph 85 of the FAC, Defendants deny each and every allegation.
86. Answering Paragraph 86 of the FAC, Defendants deny each and every allegation.

87. Answering Paragraph 87 of the FAC, Defendants deny each and every allegation.

88. Answering Paragraph 88 of the FAC, Defendants deny each and every allegation.

89. Answering Paragraph 89 of the FAC, Defendants deny each and every allegation.

90. Answering Paragraph 90 of the FAC, Defendants deny each and every allegation.

91. Answering Paragraph 91 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

92. Answering Paragraph 92 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

93. Answering Paragraph 93 of the FAC, Defendants admit each and every allegation.

94. Answering Paragraph 94 of the FAC, Defendants deny each and every allegation. To the extent Paragraph 94 incorporates paragraphs 1 to 93 by reference, Defendant repeats and incorporates its Paragraphs 1 through 93 of this Answer.

95. Answering Paragraph 95 of the FAC, Defendants deny each and every allegation.

96. Answering Paragraph 96 of the FAC, Defendants deny each and every allegation.

97. Answering Paragraph 97 of the FAC, Defendants deny each and every allegation.

98. Answering Paragraph 98 of the FAC, Defendants deny each and every allegation.

99. Answering Paragraph 99 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 98 of this Answer.

100. Answering Paragraph 100 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

101. Answering Paragraph 101 of the FAC, Defendants a deny each and every allegation.

102. Answering Paragraph 102 of the FAC, Defendants deny each and every allegation.

103. Answering Paragraph 103 of the FAC, Defendants deny each and every allegation.

104. Answering Paragraph 104 of the FAC, Defendants deny each and every allegation.

105. Answering Paragraph 105 of the FAC, Defendants deny each and every allegation.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

106. Answering Paragraph 106 of the FAC, Defendants deny each and every allegation.

107. Answering Paragraph 107 of the FAC, Defendants deny each and every allegation.

108. Answering Paragraph 108 of the FAC, Defendants deny each and every allegation.

109. Answering Paragraph 109 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 108 of this Answer.

110. Answering Paragraph 110 of the FAC, Defendants deny each and every allegation.

111. Answering Paragraph 111 of the FAC, Defendants repeat and incorporate their Paragraphs 1 through 110 of this Answer.

112. Answering Paragraph 112 of the FAC, Defendants deny each and every allegation.

113. Answering Paragraph 113 of the FAC, Defendants deny each and every allegation.

114. Answering Paragraph 114 of the FAC, Defendants deny each and every allegation.

115. Answering Paragraph 115 of the FAC, Defendants deny each and every allegation.

116. Answering Paragraph 116 of the FAC, Defendants deny each and every allegation.

117. Answering Paragraph 117 of the FAC, Defendants deny each and every allegation.

118. Answering Paragraph 118 of the FAC, Defendants deny each and every allegation.

119. Answering Paragraph 119 of the FAC, Defendants deny each and every allegation.

120. Answering Paragraph 120 of the FAC, Defendants deny t each and every allegation.

121. Answering Paragraph 121 of the FAC, Defendants deny each and every allegation.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1. Plaintiffs' FAC, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Defendants are informed and believe and based thereon allege that Plaintiffs' FAC, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Compliance with Statute)

3. The conduct of Defendants at all times complied with all applicable statutes, regulations and laws; accordingly, the FAC and each purported cause of action alleged therein against Defendants is barred.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. As a separate, affirmative defense, the FAC, and each cause of action alleged therein against Defendants are barred by the conduct, actions and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims and any relief sought by the FAC.

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

5. Defendants and their agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendants allege that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendants acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendants were justified under the circumstances based on information reasonably available to these answering Defendants. Accordingly, Plaintiffs are barred from any recovery in this action.

### SIXTH AFFIRMATIVE DEFENSE

### (Bad Faith Claims)

6. The allegations and claims asserted in the FAC have always been and continue to be frivolous, groundless and without merit as against Defendants. Plaintiffs have brought this action against Defendants in bad faith.

### SEVENTH AFFIRMATIVE DEFENSE

### (Defendant May Recover for Plaintiffs' Bad Faith Claim)

7. Plaintiffs' FAC and each purported cause of action alleged

therein against Defendants were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendants are entitled to recover their reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority *California Code of Civil Procedure* sections 128.5 and 128.7, and pursuant to the California Rosenthal Act.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Intentional or Reckless Conduct)

8. As a separate, affirmative defense, Defendants contend that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendants also allege that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE
### (No Causation)

9. Plaintiffs are barred from any recovery or relief against Defendants because Defendants were not the actual or proximate cause of any of the damages, if any, alleged in the FAC.

### TENTH AFFIRMATIVE DEFENSE
### (No Knowledge, Participation, Approval or Ratification)

10. Plaintiffs' FAC and each purported cause of action alleged therein against Defendants are barred because Defendants had no knowledge of, nor did it participate in, approve of or ratify any of the alleged misconduct of any other Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Independent Intervening Cause)

11. Defendants are informed, and believes and thereon alleges, that any damages allegedly sustained by Plaintiffs were caused by the actions and/or omissions of someone other than Defendants.

### TWELFTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

12. Plaintiffs are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiffs failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the FAC.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

13. Plaintiffs are barred from maintaining the FAC and each purported cause of action alleged therein against Defendants as a result of unclean hands with respect to the events upon which the FAC and purported causes of action allegedly are based.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

14. The FAC and each purported cause of action alleged therein against Defendants is barred by Plaintiffs' own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Laches)

15. Plaintiffs are barred by the doctrine of laches from pursuing their FAC and each purported cause of action alleged therein against Defendants by reason of their inexcusable and unreasonable delay in filing their FAC.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Actions Were Privileged and Justified)

16. As a separate, affirmative defense, the FAC, and each cause of action alleged therein against Defendants, is barred because Defendants were privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c) and Civil Code §1788.12(e).

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Actions Were Proper)

17. As a separate, affirmative defense, Defendants allege that the alleged actions of

Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq. or Civil Code § 1788 et seq.)

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

18.     As a separate, affirmative defense, assuming *arguendo* that these Defendants violated a statute alleged in the FAC, which presupposition the Defendants admit, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA Procedures)

19.     As a separate, affirmative defense, Defendants alleges that at all times alleged in the FAC, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

### TWENTIETH AFFIRMATIVE DEFENSE

### (FDCPA damages are limited)

20.     As a separate, affirmative defense, Defendants allege that if Plaintiff was damaged in any sum or sums alleged, which Defendants admit, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

21.     As a separate, affirmative defense, Defendants allege that Plaintiffs lack standing to assert the causes of action in their FAC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption)

22.     As a separate, affirmative defense, Federal law preempts all of Plaintiffs' claims and causes of action and therefore they are barred as a matter of law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Rosenthal Act damages are limited)

23. As a separate, affirmative defense, Defendants allege that if Plaintiffs were damaged in any sum or sums alleged, which Defendants admit, then Plaintiffs' damages are limited by Civil Code sections 1788.30 and 1788.32.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Due Process)

24. As a separate, affirmative defense, Defendants allege that the imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the United States Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Plaintiffs Caused Own Harm)

25. The injuries, losses, or damages alleged in Plaintiffs' FAC were caused solely by the negligence, negligence per se, and/or other culpable conduct of the Plaintiffs, for which Defendants are not liable or responsible.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

26. Plaintiff's injuries, losses, or damages alleged in the FAC were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of the Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff from Defendants must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of his alleged injuries, losses or damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

27. If any acts or omissions of Defendants are proved, which these Defendants expressly deny occurred, then such acts or omissions were provoked by Plaintiffs, and done with the consent, express and implied, of Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

28. Defendants reserve the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant pray for judgment as follows:

1. That Plaintiffs take nothing by reason of their FAC;
2. For judgment in favor of Defendants, and against Plaintiffs
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

DATED: February 13, 2008

CARLSON & MESSER LLP

By _____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICE CORPORATION,
CREDIGY RECEIVABLES INC., and
CREDIGY SOLUTIONS, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **February 13, 2008**, I served the foregoing document described as: **ANSWER TO FIRST AMENDED COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST.**

☒ (BY MAIL)
I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐ (BY FACSIMILE)
I transmitted via telecopier machine such document to the offices of the addressees.

☐ (BY PERSONAL SERVICE)
I hand-delivered said documents to the parties listed on the attached Service List.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 13th day of February, 2008, at Los Angeles, California.

LINDA BROOKS

<u>**Manuel Fausto v. Credigy Services Corporation, et al..**</u>
Our File No. 05712.00

| | |
|---|---|
| Ronald Wilcox, Esq.<br>LAW OFFICE OF RONALD WILCOX<br>2160 The Alameda, First Flr., Suite F<br>San Jose, CA 95126-1001<br>Tel: (408) 296-0400<br>Fax: (408) 296-0486<br>Email: ronaldwilcox@post.harvard.edu | Attorneys for Plaintiff |
| Balam O. Letona, Esq.<br>LAW OFFICE OF BALAM O. LETONA, INC.<br>1347 Pacific Avenue, Suite 203<br>Santa Cruz, CA  95060-3940<br>Tele:  (831) 421-0200<br>Fax:   (831) 621-9659 | Attorneys for Plaintiff. |

05115.00/97162