Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Balam O. Letona, Bar No. 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs

## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, <br><br> Plaintiff, <br><br> v. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: C07-05658 JW <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date:  March 31, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 8 <br> Floor: 4th <br> HON. JAMES WARE |

The parties of the above-entitled action jointly submit this Case Management Statement.

**1.    JURISDICTION AND SERVICE:**

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
1

**Issues regarding personal jurisdiction or venue**

None known at this time.

**Parties which remain to be served**:

The parties have filed a stipulation agreeing that defendants' counsel would accept service of the Summons and Complaint on behalf of the individual defendants, and file answers by March 28, 2008.

2. **FACTS:**

Plaintiffs allege Defendants engaged in unlawful and abusive acts directed towards a disabled person, including: 1) ignoring cease and desist orders and repeatedly calling and sending collection letters to Plaintiffs, 2) unlawful communications with a third party, 3) false threats of immediate suit, 4) threatening suit on a time barred debt, 5) making false representations regarding credit reporting, and 6) engaging in false, abusive, and misleading statements, all in an attempt to collect a debt that is almost 10 years old. Plaintiffs further alleges that as a result of Defendants' abusive and intrusive acts caused emotional distress.   Moreover, Defendants actions are part of an abusive practice, and/or business plan, warranting punitive damages.

      Defendants deny that they engaged in any wrongful conduct of any kind under any law or statute.

3. **LEGAL ISSUES:**

a. Whether Defendants engaged in impermissible communications with third parties.

b. Whether Defendants failed to cease communications in an attempt to collect an alleged debt.

c. Whether Defendants engaged in conduct the natural consequence of which was to harass, oppress or abuse Plaintiffs.

d. Whether Defendants used false, deceptive or misleading representation or means in connection with the collection of the debt.

e. Whether Defendants threatened to take immediate action not intended and not taken within the time frame threatened, including legal action and credit reporting.

f. Whether Defendants threatened to take action that cannot legally be taken.

g. Whether Defendants' collection letters used false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

h. Whether Defendants' collection letters created a false sense of urgency.

i. Whether Defendants' used unfair and unconscionable means to collect a debt.

j. Whether Defendants intentionally intruded in Plaintiffs privacy by, among other things, ignoring a cease and desist order, telephoning repeatedly, and threatening to sue on a time barred debt.

k. Whether Defendants violated a duty to another and are thus liable under the doctrine of "Tort-In-Se."

l. Whether Defendants were negligent in their collection of the alleged debt.

m. Whether Plaintiffs were harmed and suffered injury as a result of Defendants' actions.

n. Whether Defendants Credigy Services Corporation, Credigy Receivables Inc., and Credigy Solutions Inc. were negligent in the training and/or supervision of its employees.

o. Whether Plaintiff is entitled to any recovery under any of the claims and causes of action asserted in the complaint.

**4.     MOTIONS:**

None known at this time.

**5.     AMENDMENT OF PLEADINGS:**

Each side can amend the pleadings once without further stipulation.

**6.     EVIDENCE PRESERVATION:**

The parties will preserve all evidence related to this matter.

**7.     DISCLOSURES:**

Initial disclosures will be exchanged on Monday March 24, 2008.

**8.     DISCOVERY:**

**The parties agree to the following discovery plan:**

The parties will follow FRCP.  Plaintiff has served written discovery.  Deposition of Defendant Credigy will occur the week of April 21, 2008.

**9.     CLASS ACTIONS:**

N/A.

**10.    RELATED CASES:**

N/A.

**11.    RELIEF:**

Plaintiff seeks statutory damages and actual damages pursuant to Cal. Civil Code § 1788.17, 1788.30, and 15 U.S.C. § 1692k, and actual and punitive damages under California common and statutory law.  Plaintiff also seeks costs and reasonable attorney's fees pursuant to Cal. Civil Code § 1788.17, 1788.30, and 15 U.S.C. § 1692k.  Plaintiff further seeks treble damages pursuant to Cal. Civ. Code §3345.  The damages are to be determined by the trier of fact.

**12. SETTLEMENT AND ADR:**

The parties have agreed to Mediation.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties have not consented to assignment of this case to a United States Magistrate Judge for jury trial.

**14. OTHER REFERENCES:**

N/A.

**15. NARROWING OF ISSUES:**

The parties have agreed to begin depositions, and hold a mediation, all in the same week; that may help narrow the issues and move the matter along.

Plaintiffs have provided a draft protective order and requested Defendants' collection procedures manuals. Defendants have yet to produce the procedures manuals.

**16. EXPEDITED SCHEDULE:**

See below.

**17. SCHEDULING:**

The parties propose the following dates:

Designation of Experts:  6 months from March 24, 2008

Discovery Cutoff:  6 months from March 24, 2008

Hearing of Dispositive Motions:  8 months from March 24, 2008

Pretrial conference and trial:  11 months from now (approximately February 2009)

**18. TRIAL:**

The case will be tried by jury and expected to last for 5-7 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES**

The parties have not filed the "Certification of Interested Entities or Persons." Defendant will file a Certification in light of the fact there may be applicable insurance.

**20.     OTHER:**

None known at this time.

Dated: March 24, 2008                                  /s/_____
                                                      Ronald Wilcox, Counsel for Plaintiffs

Dated: March 24, 2008                                  /s/_____
                                                      David Kaminski, Counsel for Defendants