```
 1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
    STEPHEN A. WATKINS, ESQ., (SBN #205175)
 2  CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
 3  Los Angeles, California 90045
    (310) 242-2200 Telephone
 4  (310) 242-2222 Facsimile

 5  Attorneys for Defendants,
    CREDIGY SERVICES CORPORATION, CREDIGY
 6  RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
    RYAN MILLER, BRETT BOYDE, and
 7  PAULO PERES
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO AND LUZ FAUSTO, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIGY SERVICES CORPORATION; CREDIGY RECEIVABLES INC.; CREDIGY SOLUTIONS INC.; RYAN MILLER; RICARDO VENTURA; BRETT BOYDE; PAULO PERES; THOMPSON; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. C07 05658 JW (RS) <br><br> [Complaint Filed: 12/20/07 <br> 1st Amended Complaint Filed: 1/14/08] <br><br> **ANSWER OF PAULO PERES TO FIRST AMENDED COMPLAINT** <br><br> Magistrate Judge: Hon. Richard Seeborg |

Defendant, PAULO PERES ("Defendant") answers the First Amended Complaint ("FAC") of Plaintiffs MANUEL G. FAUSTO AND LUZ FAUSTO ("Plaintiffs") as follows:

1.  Answering Paragraph 1 of the FAC, Defendant denies that Defendants Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc., specialize in buying portfolios of mostly time-barred debts. As to the remaining allegations in said paragraph, Defendant has have insufficient information on which to either admit or deny the allegations and on that basis deny the remaining allegations.

2.  Answering Paragraph 2 of the Complaint, Defendant denies each and every

05712.00:143081                                 1
**ANSWER TO FIRST AMENDED COMPLAINT    CASE NO. C07 05658 JW RS**

1 allegation.

2  3. Answering Paragraph 3 of the FAC, Defendant answers that the allegations in Paragraph 3 state a legal conclusion, and, and on that basis Defendant cannot respond reasonably thereto.

4. Answering Paragraph 4 of the FAC, Defendant denies each and every allegation.

5. Answering Paragraph 5 of the FAC, Defendant answers that the allegations in Paragraph 5 state a legal conclusion, and, and on that basis Defendant cannot respond reasonably thereto.

6. Answering Paragraph 6 of the FAC, Defendant denies each and every allegation.

7. Answering Paragraph 7 of the FAC, Defendant has insufficient information on which to either admit or deny the allegations and on that basis denies the remaining allegations.

8. Answering Paragraph 8 of the FAC, Defendant admits each and every allegation.

9. Answering Paragraph 9 of the FAC, Defendant admits each and every allegation.

10. Answering Paragraph 10 of the FAC, Defendant denies each and every allegation.

11. Answering Paragraph 11 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

12. Answering Paragraph 12 of the FAC, Defendant denies that he made menacing phone calls. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis deny the remainder of the allegations in Paragraph 12.

13. Answering Paragraph 13 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

14. Answering Paragraph 14 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

15. Answering Paragraph 15 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every

allegation.

16. Answering Paragraph 16 of the FAC, Defendant denies each and every allegation.

17. Answering Paragraph 17 of the FAC, Defendant admits each and every allegation.

18. Answering Paragraph 18 of the FAC, Defendant denies each and every allegation.

19. Answering Paragraph 19 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

20. Answering Paragraph 20 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

21. Answering Paragraph 21 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

22. Answering Paragraph 22 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

23. Answering Paragraph 23 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

24. Answering Paragraph 24 of the FAC, Defendant admits each and every allegation.

25. Answering Paragraph 25 of the FAC, Defendant denies each and every allegation.

26. Answering Paragraph 26 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

27. Answering Paragraph 27 of the FAC, Defendant denies each and every allegation.

28. Answering Paragraph 28 of the FAC, Defendant admits each and every allegation.

29. Answering Paragraph 29 of the FAC, Defendant has insufficient information to either admit or deny the allegations that Defendant called and spoke with Mrs. Fausto, and on that basis denies that allegation. Defendant denies the remainder of the allegations in Paragraph 29.

1    30.    Answering Paragraph 30 of the FAC, Defendant denies each and every allegation.

2    31.    Answering Paragraph 31 of the FAC, Defendant has insufficient information to either admit or deny the allegations that Defendant called and spoke with Mrs. Fausto, and on that basis denies that allegation. Defendant denies the remainder of the allegations in Paragraph 31.

32.    Answering Paragraph 32 of the FAC, Defendant denies that he yelled at Mrs. Fausto. Defendant has insufficient information to either admit or deny the remainder of the allegations contained in said paragraph and on that basis denies the remainder of the allegations in Paragraph 32.

33.    Answering Paragraph 33 of the FAC, Defendant denies each and every allegation.

34.    Answering Paragraph 34 of the FAC, Defendant has insufficient information to either admit or deny he called Plaintiffs and on that basis denies that allegation. Defendant denies the remainder of the allegations in said paragraph.

35.    Answering Paragraph 35 of the FAC, Defendant has insufficient information to either admit or deny he called Plaintiffs and on that basis denies that allegation. Defendant denies the remainder of the allegations in said paragraph.

36.    Answering Paragraph 36 of the FAC, Defendant has insufficient information to either admit or deny he called Plaintiffs and on that basis denies that allegation. Defendant denies the remainder of the allegations in said paragraph..

37.    Answering Paragraph 37 of the FAC, Defendant denies each and every allegation.

38.    Answering Paragraph 38 of the FAC, Defendant denies each and every allegation.

39.    Answering Paragraph 39 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

40.    Answering Paragraph 40 of the FAC, Defendant denies each and every allegation.

41.    Answering Paragraph 41 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

42.    Answering Paragraph 42 of the FAC, Defendant denies each and every allegation.

/ / /

1    43.    Answering Paragraph 43 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

    44.    Answering Paragraph 44 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

    45.    Answering Paragraph 44 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

    46.    Answering Paragraph 46 of the FAC, Defendant denies that he revealed to Plaintiff's daughter personal and confidential information about Plaintiffs. Defendant has insufficient information to either admit or deny the remainder of allegations contained therein and on that basis denies each and every allegation.

    47.    Answering Paragraph 47 of the FAC, Defendant denies each and every allegation.

    48.    Answering Paragraph 48 of the FAC, Defendant denies each and every allegation.

    49.    Answering Paragraph 49 of the FAC, Defendant denies each and every allegation.

    50.    Answering Paragraph 50 of the FAC, Defendant denies each and every allegation.

    51.    Answering Paragraph 51 of the FAC, Defendant admits each and every allegation.

    52.    Answering Paragraph 52 of the FAC, Defendant answers that the allegations in Paragraph 52 state a legal conclusion, and, and on that basis Defendant cannot respond reasonably thereto.

    53.    Answering Paragraph 53 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

    54.    Answering Paragraph 54 of the FAC, Defendant admits that Defendant has call centers in Brazil. Defendant has insufficient information to either admit or deny the remainder of the allegations in Paragraph 54 of the FAC and on that basis denies the remainder of the allegations in Paragraph 54.

55. Answering Paragraph 55 of the FAC, Defendant denies each and every allegation.

56. Answering Paragraph 56 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

57. Answering Paragraph 57 of the FAC, Defendant denies each and every allegation.

58. Answering Paragraph 58 of the FAC, Defendant admits that the court has jurisdiction for this matter.

59. Answering Paragraph 59 of the FAC, Defendant answers that the allegations in Paragraph 59 state a legal conclusion, and, and on that basis Defendant cannot respond reasonably thereto.

60. Answering Paragraph 60 of the FAC, Defendant denies that it has violated the Federal Fair Debt Collection Practices Act. Defendant answers that the remainder of the allegations in Paragraph 60 of the FAC state a legal conclusion, and, and on that basis Defendant cannot respond reasonably thereto.

61. Defendant denies that it has violated the Federal Fair Debt Collection Practices Act or any related State law obligations. Defendant answers that the remainder of the allegations in Paragraph 61 state a legal conclusion, and, and on that basis Defendant cannot respond reasonably thereto.

62. Answering Paragraph 62 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

63. Answering Paragraph 63 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

64. Answering Paragraph 64 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

65. Answering Paragraph 65 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every

1  allegation.

2      66.    Answering Paragraph 66 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

    67.    Answering Paragraph 67 of the FAC, Defendant admits that Credigy Services Corporation is a Nevada corporation with its principal place of business in Nevada. Defendant has insufficient information to either admit or deny the allegations regarding Credigy Services Corporation's agent for service of process, but Defendant is not denying service of Plaintiff's Summons and Complaint. Defendant admits that Credigy maintains overseas offices in Brazil. Defendant has insufficient information to either admit or deny the allegations regarding communications from Brazil to Plaintiff, and therefore deny said allegations.

    68.    Answering Paragraph 68 of the FAC, Defendant admits each and every allegation.

    69.    Answering Paragraph 69 of the FAC, Defendant admits that Credigy Receivables, Inc. is a Georgia corporation with its principal place of business in Georgia. Defendant has insufficient information to either admit or deny the allegations regarding Credigy Receivables's agent for service of process, but Defendant is not denying service of Plaintiff's Summons and FAC. Defendant admits that they maintain overseas offices in Brazil. Defendant has insufficient information to either admit or deny the allegations regarding communications from Brazil to Plaintiff, and therefore deny said allegations.

    70.    Answering Paragraph 70 of the FAC, Defendant denies each and every allegation.

    71.    Answering Paragraph 71 of the FAC, Defendant admits that Credigy Services Solutions, Inc. is a Nevada corporation with its principal place of business in Nevada. Defendant has insufficient information to either admit or deny the allegations regarding Credigy Services Solutions, Inc.'s agent for service of process, but Defendant is not denying service of Plaintiff's Summons and Complaint. Defendant admits that Defendant maintains overseas offices in Brazil. Defendant has insufficient information to either admit or deny the allegations regarding communications from Brazil to Plaintiff, and therefore deny said allegations.

    72.    Answering Paragraph 72 of the FAC, Defendant admits each and every allegation.

///

73. Answering Paragraph 73 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

74. Answering Paragraph 74 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

75. Answering Paragraph 75 of the FAC, Defendant admits that Brett Boyde is a former employee. They have insufficient information to either admit or deny the remainder of the allegations contained in paragraph 75 and on that basis denies the remainder of the allegations in paragraph 75.

76. Answering Paragraph 76 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

77. Answering Paragraph 77 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

78. Answering Paragraph 78 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

79. Answering Paragraph 79 of the FAC, Defendant denies that he ratified the wrongful acts alleged by Plaintiffs. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies each and every allegation.

80. Answering paragraph 80, Defendant repeats and incorporates his Paragraphs 1 through 79. Defendant has insufficient information to either admit or deny the remainder of allegations contained in Plaintiffs' Paragraph 80, and on that basis denies each and every allegation.

81. Answering Paragraph 81 of the FAC, Defendant denies each and every allegation.

82. Answering Paragraph 82 of the FAC, Defendant denies each and every allegation.

83. Answering Paragraph 83 of the FAC, Defendant denies each and every allegation.

84. Answering Paragraph 84 of the FAC, Defendant denies each and every allegation.

85. Answering Paragraph 85 of the FAC, Defendant denies each and every allegation.

86. Answering Paragraph 86 of the FAC, Defendant denies each and every allegation.

87. Answering Paragraph 87 of the FAC, Defendant denies each and every allegation.

88. Answering Paragraph 88 of the FAC, Defendant denies each and every allegation.

89. Answering Paragraph 89 of the FAC, Defendant denies each and every allegation.

90. Answering Paragraph 90 of the FAC, Defendant denies each and every allegation.

91. Answering Paragraph 91 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

92. Answering Paragraph 92 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

93. Answering Paragraph 93 of the FAC, Defendant admits each and every allegation.

94. Answering Paragraph 94 of the FAC, Defendant denies each and every allegation. To the extent Paragraph 94 incorporates paragraphs 1 to 93 by reference, Defendant repeats and incorporates its Paragraphs 1 through 93 of this Answer.

95. Answering Paragraph 95 of the FAC, Defendant denies each and every allegation.

96. Answering Paragraph 96 of the FAC, Defendant denies each and every allegation.

97. Answering Paragraph 97 of the FAC, Defendant denies each and every allegation.

98. Answering Paragraph 98 of the FAC, Defendant denies each and every allegation.

99. Answering Paragraph 99 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 98 of this Answer.

100. Answering Paragraph 100 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

101. Answering Paragraph 101 of the FAC, Defendant denies each and every allegation.

102. Answering Paragraph 102 of the FAC, Defendant denies each and every allegation.

103. Answering Paragraph 103 of the FAC, Defendant denies each and every allegation.

1  104. Answering Paragraph 104 of the FAC, Defendant denies each and every allegation.
2  105. Answering Paragraph 105 of the FAC, Defendant denies each and every allegation.
3  106. Answering Paragraph 106 of the FAC, Defendant denies each and every allegation.
4  107. Answering Paragraph 107 of the FAC, Defendant denies each and every allegation.
5  108. Answering Paragraph 108 of the FAC, Defendant denies each and every allegation.
6  109. Answering Paragraph 109 of the FAC, Defendant repeats and incorporates its
7  Paragraphs 1 through 108 of this Answer.
8  110. Answering Paragraph 110 of the FAC, Defendant denies each and every allegation.
9  111. Answering Paragraph 111 of the FAC, Defendant repeat and incorporate their
10 Paragraphs 1 through 110 of this Answer.
11 112. Answering Paragraph 112 of the FAC, Defendant denies each and every allegation.
12 113. Answering Paragraph 113 of the FAC, Defendant denies each and every allegation.
13 114. Answering Paragraph 114 of the FAC, Defendant denies each and every allegation.
14 115. Answering Paragraph 115 of the FAC, Defendant denies each and every allegation.
15 116. Answering Paragraph 116 of the FAC, Defendant denies each and every allegation.
16 117. Answering Paragraph 117 of the FAC, Defendant denies each and every allegation.
17 118. Answering Paragraph 118 of the FAC, Defendant denies each and every allegation.
18 119. Answering Paragraph 119 of the FAC, Defendant denies each and every allegation.
19 120. Answering Paragraph 120 of the FAC, Defendant denies t each and every allegation.
20 121. Answering Paragraph 121 of the FAC, Defendant denies each and every allegation.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1. Plaintiffs' FAC, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Defendant is informed and believes and based thereon alleges that Plaintiffs' FAC, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

05712.00:143081                    10
ANSWER TO FIRST AMENDED COMPLAINT    CASE NO. C07 05658 JW RS

### THIRD AFFIRMATIVE DEFENSE

### (Compliance with Statute)

3. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the FAC and each purported cause of action alleged therein against Defendant is barred.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. As a separate, affirmative defense, the FAC, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims and any relief sought by the FAC.

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

5. Defendant and his agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiffs are barred from any recovery in this action.

### SIXTH AFFIRMATIVE DEFENSE

### (Bad Faith Claims)

6. The allegations and claims asserted in the FAC have always been and continue to be frivolous, groundless and without merit as against Defendant. Plaintiffs have brought this action against Defendant in bad faith.

### SEVENTH AFFIRMATIVE DEFENSE

### (Defendant May Recover for Plaintiffs' Bad Faith Claim)

7. Plaintiffs' FAC and each purported cause of action alleged therein against Defendant were not brought in good faith and are frivolous. Therefore, the relief

1  requested is precluded and Defendant is entitled to recover his reasonable expenses, including
2  attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority
3  *California Code of Civil Procedure* sections 128.5 and 128.7, and pursuant to the California
4  Rosenthal Act.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Intentional or Reckless Conduct)

8.  As a separate, affirmative defense, Defendant contend that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also allege that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE
### (No Causation)

9.  Plaintiffs are barred from any recovery or relief against Defendant because Defendant was not the actual or proximate cause of any of the damages, if any, alleged in the FAC.

## TENTH AFFIRMATIVE DEFENSE
### (No Knowledge, Participation, Approval or Ratification)

10. Plaintiffs' FAC and each purported cause of action alleged therein against Defendant are barred because Defendant had no knowledge of, nor did it participate in, approve of or ratify any of the alleged misconduct of any other Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Independent Intervening Cause)

11. Defendant is informed, and believes and thereon alleges, that any damages allegedly sustained by Plaintiffs were caused by the actions and/or omissions of someone other than Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

12. Plaintiffs are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiffs failed to take reasonable steps to mitigate her damages with respect to the matters alleged

in the FAC.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13.  Plaintiffs are barred from maintaining the FAC and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the FAC and purported causes of action allegedly are based.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

14.  The FAC and each purported cause of action alleged therein against Defendant is barred by Plaintiffs' own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15.  Plaintiffs are barred by the doctrine of laches from pursuing their FAC and each purported cause of action alleged therein against Defendant by reason of their inexcusable and unreasonable delay in filing their FAC.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Actions Were Privileged and Justified)

16.  As a separate, affirmative defense, the FAC, and each cause of action alleged therein against Defendant, is barred because Defendant were privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c) and Civil Code §1788.12(e).

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Actions Were Proper)

17.  As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq. or Civil Code § 1788 et seq.)

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

18.     As a separate, affirmative defense, assuming *arguendo* that these Defendant violated a statute alleged in the FAC, which presupposition the Defendant admits, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA Procedures)

19.     As a separate, affirmative defense, Defendant alleges that at all times alleged in the FAC, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

### TWENTIETH AFFIRMATIVE DEFENSE

### (FDCPA damages are limited)

20.     As a separate, affirmative defense, Defendant allege that if Plaintiff was damaged in any sum or sums alleged, which Defendant admits, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

21.     As a separate, affirmative defense, Defendant alleges that Plaintiffs lack standing to assert the causes of action in their FAC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption)

22.     As a separate, affirmative defense, Federal law preempts all of Plaintiffs' claims and causes of action and therefore they are barred as a matter of law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Rosenthal Act damages are limited)

23.     As a separate, affirmative defense, Defendant alleges that if Plaintiffs were damaged in any sum or sums alleged, which Defendant admits, then Plaintiffs' damages are limited by Civil Code sections 1788.30 and 1788.32.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Due Process)

24. As a separate, affirmative defense, Defendant alleges that the imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the United States Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Plaintiffs Caused Own Harm)

25. The injuries, losses, or damages alleged in Plaintiffs' FAC were caused solely by the negligence, negligence per se, and/or other culpable conduct of the Plaintiffs, for which Defendant is not liable or responsible.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

26. Plaintiff's injuries, losses, or damages alleged in the FAC were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of the Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of his alleged injuries, losses or damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Consent)

27. If any acts or omissions of Defendant are proved, which th Defendant expressly deny occurred, then such acts or omissions were provoked by Plaintiffs, and done with the consent, express and implied, of Plaintiffs.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

28. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their FAC;
2. For judgment in favor of Defendant, and against Plaintiffs;
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

DATED: March 27, 2008

CARLSON & MESSER LLP

By_____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICE CORPORATION,
CREDIGY RECEIVABLES INC.,
CREDIGY SOLUTIONS, INC., RYAN
MILLER, RICARDO VENTURA, BRETT
BOYDE, PAULO PERES and THOMPSON