Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

# U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSÉ DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br>　　Plaintiffs,<br><br>　　v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive,<br>　　Defendants. | Case No.: C07-05658 JW RS<br><br>**PLAINTIFFS' NOTICE AND MOTION TO COMPEL** |

**PLEASE TAKE NOTICE THAT** on Wednesday, May 21, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-entitled Court located at 280 South 1st St., San Jose, CA 95113, plaintiffs will move the court to compel discovery and initial disclosures. This motion will be based on the herein notice and motion, including the legal authorities cited, the supporting declaration, all documents related to the motion, all documents in the Court's file in this action, all matters of which the Court may take judicial notice, and any other items the Court deems appropriate.

## 1. INTRODUCTION

Defendants Credigy Services Corp., Credigy Receivables Inc., and Credigy Solutions Inc. (hereinafter shall all be referred to as "Defendants" or "Credigy") refused to respond to certain written discovery, failed to timely move the Court for a protective order before the discovery responses were due, and failed to produce any privilege log. Plaintiffs seek an order requiring Defendants to comply with the Federal Rules of Civil Procedure (FRCP), including FRCP 26 and 34.

Plaintiffs filed this lawsuit against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices, and have also alleged common law tort claims.[1] Plaintiffs requested statutory, actual and punitive damages.

Plaintiffs allege that Defendant engaged in a campaign of telephone abuse in an attempt to coerce payment on a consumer debt. Plaintiffs have alleged that Defendants' own collections logs show they made approximately 50 phone calls, many which were abusive and/or deceptive, with nearly all of them occurring after Plaintiffs sent a cease and desist order.

## 2. SUMMARY OF FACTS

Defendants Credigy et al. buy portfolios of old consumer debts, many of which are well past the statute of limitations, and then attempts to collect on these time barred debts with a relentless letter and phone call campaign from their collection center in the country of Brazil.

Vulnerable and frightened, Plaintiffs attempted to retire to the seclusion of their home, behind the protection of federal cease and desist letters, but they were to no avail. Defendants

---

[1] Invasion of privacy by intrusions upon seclusion, tort-in-se, negligent hiring, training, retention and supervision.

abused and harassed Plaintiffs, a particularly vulnerable and frightened husband and wife, who are elderly and disabled farm workers, by making repeated and relentless phone calls, in an attempt pressure them into repaying some 10 year old debt.

Defendants called Plaintiffs repeatedly and continuously, many times several times a day, and despite Plaintiffs cease and desist letters.  Indeed, Defendants called Plaintiffs about fifty (50) times according to Defendants' own collection logs, including on:  December 21, 2006, January 5, 10, 16, 16, 22, 22, 23, 2007, February 13, 16, 27, 27, 2007, March 16, 16, 17, 17, 23, 23, 30, 30, 2007, April 7, 9, 9, 10, 13, 13, 18, 23, 23, 23, 28, 2007, May 2, 2, 2, 10, 11, 11, 16, 22, 2007, June 1, 6, 6, 2007, July 13, 20, 26, 31, 2007, August 5, 7, 2007, September 10, 12, 2007, November 14, 15, 23, 2007 (the Friday of the Thanksgiving holiday), and December 3, 15, 21, 2007.  Furthermore, there are additional calls Defendant's collection logs fail to reveal.

Defendants also engaged in numerous unlawful and abusive acts directed towards Plaintiffs, including: 1) yelling and screaming at Plaintiffs in an attempt to pressure them to repay the time barred debt, 2) threatening to take plaintiffs' home, 3) ignoring a cease communications order and intrusively and relentlessly calling, (including abusively calling back after the call was terminated) and continuing to sending collection letters, 4) unlawful and invasive communications with a third party, 5) false threats of immediate suit, 6) threatening suit on a time barred debt, 7) false threats to report a stale debt to credit reporting agencies, and 8) engaging in false, abusive and misleading statements, all in an attempt to collect a debt that is almost 10 years old.

Defendants' unlawful collection practices caused Plaintiffs to suffer emotional distress in the form of fear, anxiety, stress, difficulty eating, humiliation, uncontrollable shaking, crying fits,

depression, marital instability, inability to sleep and embarrassment, amongst other physical and emotional injury. Plaintiffs feared they would lose their home, and sought medical treatment.

Defendants' conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

## 3. DISCOVERY PRINCIPLES

Plaintiff is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

It is the defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981); *US v. 58.16 Acres of Land*, 66 F.R.D. 570 (E.D. IL 1975). Boilerplate objections are ineffectual: *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections are insufficient).

The court may not consider the merits of the action in ruling on discovery disputes. *Garland v. Torres*, 259 F.2d 545, 550-51 (2d Cir. 1958). Denying a party discovery as to issues in the case prejudices the plaintiff's ability to prosecute. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980); *Matter of Rassi*, 701 F.2d 627, 631 (7th Cir. 1983); *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (abuse to fail to adhere to spirit of the rules).

PLAINTIFFS' NOTICE AND MOTION TO COMPEL, Case No.: C07-05658 JW RS

**4. REFUSAL TO PRODUCE NAMES, ADDRESSES, TELEPHONE NUMBERS**

Defendants are concealing the location information of several individual defendants, and witnesses in violation of Rule 26. Therefore, in order to uphold the sanctity of Rule 26, and the purpose behind discovery and full disclosure, the Defendants should be ordered to immediately produce whatever address and telephone number information they have for these defendants.

In its initial disclosures Defendants have failed to provide the last known home addresses and telephone numbers for Defendants Ryan Miller (a.k.a. Luis Renato Silva Nunez) Paulo Peres, Ricardo Ventura, Brett Boyde, and Thompson. **Exhibit 1**, pp. 2-3.

What worse is that on March 18, 2008, Defendants' counsel entered into a stipulation agreeing they represented the five individuals above, and would accept service on their behalf. Docket #16. Relying on Defendants' assertions in the stipulation, Judge Ware issued an order, deeming a pending Motion to Extend Time to Serve as moot in light of the Defendants' assertions. Defendants counsel later reneged, said that it had not spoken to several of these Defendants, would not answer on behalf of three of individuals, and would not provide the last known telephone numbers and/or addresses for any of the individuals.[2] Interrogatories 4-9, Set 2, also requested the last know home address and telephone number for individual defendants and other debt collector employees who worked on plaintiffs' file.

**Exhibit 2**. The Interrogatories, and responses, reads as follows:

- Identify the full legal name of [Brett Boyde],[3] last known address and phone number.

Defendant responds as follows. [Brett Boyde] may be contacted through his attorney of record, Carlson & Messer, LLP. If the necessity arises such that Plaintiffs need to contact Mr. Boyde at his home address, Defendants will provide such within 24 hours of the request.

---

[2] Furthermore, Defendants have not moved to set aside the stipulation and have not filed a motion to withdraw from representing these individuals.
[3] The identical Interrogatory was propounded for: Paulo Peres, Luis Renato Silva Nunez (a.k.a Ryan Miller), Moises Moteli, Ralph Phillips, and Thomson. **Exhibit 2**, Interrogatories 4-9.

Simply put, Defendants must provide the information required by Rule 26. Indeed, courts have even ruled that a party may not satisfy the obligation to provide addresses and telephone numbers of employees by simply providing the employer's business address and telephone number. *Dixon v. Cerrtainteed Corp.*, 164 F.R.D. 685 (D. Kan. 1996). Nor is the obligation satisfied by stating that the potential witnesses can be contacted through counsel. *Viveros v. Nationwide Janitorial Association, Inc.,* 200 F.R.D. 681 (N.D. Ga. 2000).

### 5. REFUSAL TO PRODUCE PERSONNEL FILES

Request for Production of Documents 22-28, Set 1, sought personnel files for those collectors who worked on Plaintiffs' account. **Exhibit 3**. The parties agreed to an extension of time for Defendants to respond. On April 14, 2008, Defendant served inadequate responses that merely contained boilerplate objections. Id. Defendants also failed to produce any privilege log and failed to bring any motion for protective order.

The Requests for Production of Documents, and boilerplate objection are as follows:

22. Provide a copy of Ryan Miller's personnel file (first remove any medical information).
23. Provide a copy of Ricardo Ventura's personnel file (first remove any medical information).
24. Provide a copy of Brett Boyde's personnel file (first remove any medical information).
25. Provide a copy of Paulo Peres's personnel file (first remove any medical information).
26. Provide a copy of Moises Moteli's personnel file (first remove any medical information).
27. Provide a copy of Ralph Phillips's personnel file (first remove any medical information).
28. Provide a copy of Defendant Thomson's personnel file (first remove any medical information).

**Objection:** Defendant objects to this request because it unreasonably invades the privacy right in employee records. Defendant further objects on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant's objections seem to stem from some "privacy" privilege under California law. However, California law is inapplicable to disclosure and discovery obligations in a federal court action alleging federal causes of action. *See, e.g., Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987)(personnel files discoverable in federal civil rights action despite claims of privilege under California law). Furthermore, the proper mechanism for an employer to use to protect an employee's privacy interest in his personnel file is to obtain, either by stipulation or motion, a properly crafted protective order under Rule 26(b)(5)(c). *See, e.g., Knoll v. AT&T*, 176 F.3d 359 (6th Cir. 1999). *See also, Grinzi v. Barnes*, 2004 U.S. District 20979 Lexis (N.D. Cal. 2004). The parties entered into a Stipulated Protective Order, filed with the Court on April 13, 2008. Thus, Defendant had no justification to withhold the discovery, and the personnel files must be produced.

## 6. REFUSAL TO PRODUCE DOCUMENTS RELATING TO FINANCIAL CONDITION

The Requests for Production of Documents, Set 2 Numbers 6-14 (**Exhibit 4**) and boilerplate objection are as follows:

6. An audited balance sheet for Defendants.

7. All financial documents from lawsuits in which Defendants has provided financial documents or net worth information.

8. All documents of Defendants providing their net worth to any government agency, provide such documents.

9. All financial statements of Defendants for the last three years.

10. All annual reports of Defendants for the last three years.

11. All semiannual and quarterly financial statements of Defendants for that last three years.

12. All credit applications of Defendants for the last three years.

13. All tax returns of Defendants for the last three years.

14. Any and all corporate formation documents related to any entity of which Defendants is

affiliated.[4]

**Objection**: Defendant objects to this request on the grounds it seeks confidential information. Defendant also object on the grounds that this requests seeks financial information in which the in which the Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably likely to lead to the discovery of admissible evidence.

Ironically, Defendant has objected to producing the very same financial documents that another federal court has already ordered a debt collector to produce. *Lucas v. G.C. Services*, 226 F.R.D. 328, 336 (N.D. IN 2005). **Exhibit 5**.

Plaintiffs have made claims for statutory, actual and punitive damages. Evidence of Defendant's net worth is precisely relevant to determining punitive damages. Defendant continues to mistakenly believe that California state civil procedure rules govern this action, thus wrongly presuming that California Code of Civil Procedure §3295 prevents discovery regarding financial condition, unless Plaintiffs obtains leave of court.

However, "as a state discovery and procedural law, California Civil Code §3295 conflicts with FRCP 26(b); it establishes a discovery scheme fundamentally inconsistent with the discovery rules under the Federal Rules of Civil Procedure." *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281 (C.D. Cal. 1998). Indeed, discovery is a procedural matter governed in the federal courts by the FRCP, and state procedural rules are irrelevant. *Bradley Trust v. Zenith Capital*, 2005 U.S. Dist. LEXIS 35562 (N.D. Cal. 2005), *9; and *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 U.S. Dist. LEXIS 8870, *9 (N.D. Cal. 2007). Moreover, courts

---

[4] In regard to RPD 14, the response also stated, "Defendants further object on the grounds that plaintiffs must establish a prima facie case for liability for punitive damages before seeking evidence of defendants' financial condition. *See Civ. §3295; Adams v. Murakami* (1994), 54 Cal. 3d 105, 123 (A plaintiff who seeks to recover punitive damages must bear the burden of establishing Defendants' financial condition)."

PLAINTIFFS' NOTICE AND MOTION TO COMPEL, Case No.: C07-05658 JW RS

within the Ninth Circuit have repeatedly and consistently held that evidence of financial condition is discoverable. *Id.*

Other courts within the Ninth Circuit considering discovery matters in FDCPA cases have reached the same conclusion. *Federal Trade Commission v. Lundgren*, 1997 U.S. Dist. LEXIS 9557 (E.D. Cal. 1997)(rejecting a debt collector's claim of a "Right to Financial Privacy." In granting sanctions, the Court indicated that the debt collector failed to explain how California Civil Code §3295 would apply to a federal action not based on diversity jurisdiction).

Furthermore, Plaintiffs have brought claims for treble damages under Civil Code §3345, in addition to claims for punitive/exemplary damages under Civil Code §3294. Civil Code §3345 has no preconditions to conducting discovery of financial condition.

Additionally, Plaintiffs would like to resolve this case and believes this discovery information may assist the parties in making a realistic appraisal of the case, may lead to settlement, and may avoid protracted litigation. As the Central District of California has noted (*Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998)):

> The discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure, whether or not such evidence would be admissible at trial. [*CEH, Inc. v. FV "Seafarer",* 153 F.R.D. 491, 499 (D. R.I. 1994)]. Moreover, as discussed above, one of the purposes behind the broad federal discovery rules is to facilitate settlement, and such financial information is valuable in assisting both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation. *Id.* at 499.

Finally, Defendants operate under various corporate entities; hence the three different Credigy entities that have answered the complaint. Defendant has failed to carry their burden of of explaining why Plaintiff is not entitled to formation documents relating to these various entities.

**7. REFUSAL TO PROVIDE DOCUMENTS TO CREDIT REPORTING AGENCIES**

Request for Production of Documents, Set 2, Number 15 (**Exhibit 4**), and its objection,

PLAINTIFFS' NOTICE AND MOTION TO COMPEL, Case No.: C07-05658 JW RS

9

1  reads:

2  15. Any documents showing Defendants submitted the alleged debt to a credit reporting agency.

3  **Objection**: Defendants request on the grounds it is vague, ambiguous, and not reasonably

4  calculated to lead to the discovery of admissible evidence.  Defendants further object on the

5  grounds that this request seeks confidential, private and proprietary information.

6      In meeting and conferring on Tuesday, April 15, 2008, Defendants acknowledges this

7  information should be produced.  Indeed, Defendants indicated they would review their

8  documents (including those documents under the Metro-2 and E-OSCAR formats used for

9  reporting debts), and produce the information.  Since the document has yet to be produced,

10 Plaintiffs have addressed the matter herein.

**8.  CONCLUSION**

For the reasons stated above Plaintiffs respectfully request an Order requiring Defendant to produce and/or supplement:

1) Initial disclosures (regarding names, last known residence addresses and telephone numbers)

2) Interrogatories #4-9 (regarding names, last known residence addresses and telephone numbers)

3) Request for Production of Documents #22-28 (regarding personnel files)

4) Request for Production of Documents, Set 2, #6-14 (regarding financial documents)

5) Request for Production of Documents, Set 2, #15 (regarding credit reporting).

Dated:  April 16, 2008

    Respectfully submitted,

    /s/ Balám Letona

    Balám O. Letona