# Exhibit 1

1   DAVID J. KAMINSKI, ESQ., (SBN #128509)
    STEPHEN A. WATKINS, ESQ., (SBN #205175)
2   CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
3   Los Angeles, California 90045
    (310) 242-2200 Telephone
4   (310) 242-2222 Facsimile

5   Attorneys for Defendants,
    CREDIGY SERVICES CORPORATION, CREDIGY
6   RECEIVABLES INC., CREDIGY SOLUTIONS INC,
    RYAN MILLER, RICARDO VENTURA, BRETT
7   BOYDE, PAULO PERES AND THOMPSON

8                       UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11   MANUEL G. FAUSTO AND LUZ              )   CASE NO. C07 05658 JW (RS)
     FAUSTO,                               )
12                                         )   [Complaint Filed:  12/20/07
                                           )   1st Amended Complaint Filed: 1/14/08]
13                  Plaintiffs,            )
                                           )   **INITIAL DISCLOSURES**
14           vs.                           )
                                           )   Hon. James Ware
15   CREDIGY SERVICES CORPORATION;         )
     CREDIGY RECEIVABLES INC.;             )
16   CREDIGY SOLUTIONS INC.; RYAN          )
     MILLER; RICARDO VENTURA;              )
17   BRETT BOYDE; PAULO PERES;             )
     THOMPSON; and DOES 1-10, inclusive,   )
18                                         )
19                  Defendants.            )
                                           )
20

21          Defendants CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC.,

22   and CREDIGY SOLUTIONS INC., RICARDO VENTURA, RYAN MILLER, BRETT BOYDE,

23   PAULO PERES AND THOMPSON ("Defendants"), through their respective counsel of record,

24   David J. Kaminski, Esq. of Carlson & Messer LLP, submit the following initial disclosures, as

25   required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Defendants reserve the right, in

26   accordance with Rule 26(e)(1) of the Federal Rules of Civil Procedure, to amend or supplement

27   these disclosures as discovery progresses.

28

05712.00:142817                            1

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    **GENERAL OBJECTIONS**

2    1.    Privileged information.  Defendants reserve the right to object to the disclosure of

3    information to the extent that such information is protected by the attorney-client privilege, or any

4    other applicable privilege, on the grounds that such matters are exempted from discovery.

5    2.    Work Product.  Defendants reserve the right to object to the disclosure of information to the

6    extent that such information is not discoverable by reason of the work-product or trial-preparation

7    doctrine.

8    3.    Relevancy.  Defendants reserve the right to object to the disclosure of information that is

9    not relevant to any claim or defense.

10    **DISCLOSURES**

11    **A.    List Of Individuals Likely To Have Discoverable Information Relevant To Disputed**

12    **Facts Alleged In The Pleadings And The Subject Matter Of The Information**

13    1.    Various representatives on behalf of Defendants Credigy Services Corporation, Credigy

14    Receivables Inc, and Credigy Solutions Inc., located at 2877 Paradise Road, #303, Las Vegas NV

15    89109.

16    2.    Jason Williams, Vice President for Strategic Development, Credigy.  He is located at 3950

17    Johns Creek Court, Suite 100, Suwanee GA  30024-1296.  Mr. Williams is expected to testify

18    regarding company policies and the collection action that is the subject of this litigation.

19    3.    Scott Loynd, Senior Litigation Attorney, Credigy.  He may be contacted at 3950 Johns

20    Creek Court, Suite 100, Suwanee GA  30024-1296.  Mr. Loynd is expected to testify regarding

21    company policies and the collection action that is the subject of this litigation.

22    4.    Ryan Miller, a.k.a. Luis Renato Silva Nunez, c/o Credigy, Avenida Paulista, 1106 2nd

23    Floor, Cerqueira Cesar Sao Paulo, Brazil.

24    5.    Ricardo Ventura c/o Credigy, Avenida Paulista, 1106 2nd Floor, Cerqueira Cesar Sao

25    Paulo, Brazil.

26    6.    Brett Boyde, 1532 Towne Park Court, Lawrenceville, GA 30044.

27    7.    Paulo Peres c/o Credigy, Avenida Paulista, 1106 2nd Floor, Cerqueira Cesar Sao Paulo,

28    Brazil.

05712.00:142817

2

1    8.    Thompson, a.k.a. R.G Oncalve, c/o Credigy, Avenida Paulista, 1106 2nd Floor, Cerqueira

2    Cesar Sao Paulo, Brazil.

3    9.    Plaintiffs Manuel G. Fausto and Luz Fausto ("Plaintiffs"). Plaintiffs are expected to testify

4    about the factual basis for the allegations in their complaint, their contacts with the Defendants,

5    and their damages.

6    10.    Expert Testimony as Needed.  Defendant may seek to use expert testimony, but has not

7    consulted nor retained any experts at this time.

8        Defendants reserve the right to supplement these disclosures and to add any person(s)

9    necessary to establish the claims or defenses alleged in their pleadings.

10   **B.    <u>Description By Category And Location Of Documents, Data Compilations, and</u>**

11        **<u>Tangible Things That Defendants May Use To Support Their Claims Or Defenses.</u>**

12        Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Defendants state that

13   it may use the following documents or categories of documents, excluding any document that is

14   privileged, to support their claims or defenses:

15        1.    Copies of documents in Defendants' files relating to the collection action against

16            the Plaintiff, including collection notes, and backup data verifying Plaintiffs' debt; and

17        2.    Copies of documents establishing or reflecting Defendants' procedures in pursuing

18   or settling debts owed to its clients, including but not limited to training manuals; and

19        3.    Copies of documents and other tangible items produced by Plaintiffs to the extent

20            relevant to Defendants' defense to Plaintiff's claims.

21        To the extent that the documents above are in Defendants' possession, these documents

22   will be made available for inspection and copying upon reasonable notice.

23        Defendants do not make any representations with respect to the relevance of any

24   documents, nor does it waive the right to object to the production of documents in these categories

25   for any reason, including, but not limited to, that a request for production of such documents would

26   be overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

27   admissible evidence.

28        Defendants reserve the right to supplement these disclosures and to add any document(s) or

physical evidence necessary to establish the claims or defenses alleged in their pleadings.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    **C.**     <u>Computation Of Damages</u>

2         Defendants presently do not seek damages.

3    **D.**     <u>Insurance Agreements</u>

4         Defendants will produce for inspection and copying, upon demand, the Declaration

5    page of the Insurance Agreements under which any insurance company may be liable to satisfy all

6    or any judgment which may be entered against Defendants or to reimburse Defendants for any

7    payments made to satisfy any such judgment, to the extent relevant and applicable.

8

9    DATED: March 24, 2008            CARLSON & MESSER LLP

10

11

12    By _____
     David J. Kaminski, Esq.
13         Stephen A. Watkins, Esq.
     Attorneys for Defendants,
14         CREDIGY SERVICES CORPORATION,
     CREDIGY RECEIVABLES INC.;
15         CREDIGYSOLUTIONS INC.;
     RYAN MILLER, RICARDO VENTURA,
16         BRETT BOYDE, PAULO PERES
     and THOMPSON

17

18

19

20

21

22

23

24

25

26

27

28

*CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045*

05712.00:142817

**4**

**INITIAL DISCLOSURES**

CASE NO. C07 05658 JW RS

# Exhibit 2

1   DAVID J. KAMINSKI, ESQ., (SBN #128509)
    STEPHEN A. WATKINS, ESQ., (SBN #205175)
2   CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
3   Los Angeles, California 90045
    (310) 242-2200 Telephone
4   (310) 242-2222 Facsimile

5   Attorneys for Defendants,
    CREDIGY SERVICES CORPORATION, CREDIGY
6   RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
    RYAN MILLER, BRETT BOYDE, and PAULO PERES

7

8               UNITED STATES DISTRICT COURT

9     FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11   MANUEL G. FAUSTO AND LUZ   )    CASE NO. C07 05658 JW (RS)
    FAUSTO,                   )
12                      )    [Complaint Filed:  12/20/07
                     )    1st Amended Complaint Filed: 1/14/08]
13           Plaintiffs,     )
                     )    Magistrate Judge: Hon. Richard Seeborg
14     vs.                  )
                     )    **RESPONSE OF CREDIGY SERVICES**
15   CREDIGY SERVICES CORPORATION; )    **CORPORATION, CREDIGY**
    CREDIGY RECEIVABLES INC.;     )    **RECEIVABLES INC. AND CREDIGY**
16   CREDIGY SOLUTIONS INC.; RYAN  )    **SOLUTIONS, INC. TO PLAINTIFF**
    MILLER; RICARDO VENTURA;     )    **MANUEL G. FAUSTO'S**
17   BRETT BOYDE; PAULO PERES;     )    **INTERROGATORIES**
    THOMPSON; and DOES 1-10, inclusive, )
18                      )    **[SET NUMBER TWO]**
                     )
19           Defendants.     )
                     )
20   _____)

21

22

23   PROPOUNDING PARTY:     Plaintiff, MANUEL FAUSTO

24   RESPONDING PARTY:     Defendants, CREDIGY SERVICES CORPORATION,
                        CREDIGY RECEIVABLES INC. and
25                     CREDIGY SOLUTIONS INC.

26   SET NUMBER:     TWO (2)

27   ///

28   ///

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  Pursuant to Federal Rule of Civil Procedure Rule 33, Defendants CREDIGY SERVICES

2  CORPORATION, CREDIGY RECEIVABLES INC. and CREDIGY SOLUTIONS INC.

3  ("Defendants") answer under oath Plaintiff MANUEL FAUSTO's Interrogatory Requests. These

4  responding parties have not fully completed their investigation of the facts relating to this case,

5  and have not fully completed their discovery in this action, nor have completed their preparation

6  for trial.  All of the answers contained herein are based only upon such information and

7  documents which are presently available to and specifically known to these responding parties

8  and disclosure only those contentions which are presently occur to such responding parties,  It is

9  anticipated that further discovery, independent investigation, legal research and analysis will

10  supply additional facts, add meaning to the known facts, as well as establish entirely new factual

11  conclusions and legal contentions, all of which may lead to substantial additions to, changes and

12  variations from the contentions herein set forth.

13  The following responses are given without prejudice to these responding parties' right to

14  produce evidence of any subsequently discovered fact or facts which these responding parties

15  may later recall or locate.  Responding parties accordingly reserve the right to change any and

16  all answers herein as additional facts are ascertained, analyses are made, legal research is

17  completed and contentions are made.  The answers contained herein are made in a good faith

18  effort to supply as much factual information and as much specification of legal contentions as

19  are presently known but should no way be to the prejudice of Defendants in relation to further

20  discovery, research or analysis.

21  **INTERROGATORY REQUESTS AND**

22  **RESPONSES TO INTERROGATORY REQUESTS**

23

24  **INTERROGATORY NO. 1**:

25  Identify the last date Ricardo Ventura was employed by Defendants.

26  **RESPONSE TO INTERROGATORY NO. 1**:

27  August 1, 2007.

28  **INTERROGATORY NO. 2**:

Identify the last date Thompson a.k.a. RG Onclave was employed by Defendants.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    **RESPONSE TO INTERROGATORY NO. 2**:

2        After a diligent search and dutiful inquiry, Defendants are currently unable to locate the

3    information necessary to respond to this request. Discovery is continuing.

4    **INTERROGATORY NO. 3**:

5        Identify why Ricardo Ventura is no longer employed by Defendants.

6    **RESPONSE TO INTERROGATORY NO. 3**:

7        Defendants object to this request on the grounds that it is not reasonably calculated to lead

8    to the discovery of admissible evidence. Without waving said objections, Defendants respond as

9    follows: Mr. Ventura was terminated for performance reasons.

10   **INTERROGATORY NO. 4**:

11       Explain why Thompson a.k.a. RG Onclave is no longer employed by Defendants.

12   **RESPONSE TO INTERROGATORY NO. 4**:

13       Defendants object to this request on the grounds that it is not reasonably calculated to lead

14   to the discovery of admissible evidence. Without waving said objections, Defendants respond as

15   follows: Ms. Goncalves was terminated for performance reasons.

16   **INTERROGATORY NO. 5**:

17       State all incentive pay (bonuses, commissions, etc.) paid to Ricardo Ventura in 2006-2008

18   (dates and amounts).

19   **RESPONSE TO INTERROGATORY NO. 5**:

20       Defendants object to the request on the grounds it seeks proprietary and confidential

21   information. Defendants also object on the grounds that this request seeks financial information in

22   which Defendants have a protectable privacy interest. Defendants also object on the grounds that

23   this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

24   evidence.

25   **INTERROGATORY NO. 6**:

26       State all incentive pay (bonuses, commissions, etc.) paid to Brett Boyde in 2006-2008

27   (dates and amounts).

28   **RESPONSE TO INTERROGATORY NO. 6**:

        Defendants object to the request on the grounds it seeks proprietary and  confidential

05712.00:143012                                    3

1   information.  Defendants also object on the grounds that this request seeks financial information in

2   which Defendants have a protectable privacy interest.  Defendants also object on the grounds that

3   this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

4   evidence.

5   **INTERROGATORY NO. 7**:

6       State all incentive pay (bonuses, commissions, etc.) paid to Ryan Miller a.k.a. Luis Renato

7   Silva Nunez in 2006-2008 (dates and amounts).

8   **RESPONSE TO INTERROGATORY NO. 7**:

9       Defendants object to the request on the grounds it seeks proprietary and confidential

10  information.  Defendants also object on the grounds that this request seeks financial information in

11  which Defendants have a protectable privacy interest.  Defendants also object on the grounds that

12  this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

13  evidence.

14  **INTERROGATORY NO. 8**:

15      State all incentive pay (bonuses, commissions, etc.) paid to Paulo Peres in 2006-2008

16  (dates and amounts).

17  **RESPONSE TO INTERROGATORY NO. 8**:

18      Defendants object to the request on the grounds it seeks proprietary and confidential

19  information.  Defendants also object on the grounds that this request seeks financial information in

20  which Defendants have a protectable privacy interest.  Defendants also object on the grounds that

21  this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

22  evidence.

23  **INTERROGATORY NO. 9**:

24      State all incentive pay (bonuses, commissions, etc.) paid to Thompson a.k.a. RG Onclave

25  in 2006-2008 (dates and amounts).

26  **RESPONSE TO INTERROGATORY NO. 9**:

27      Defendants object to the request on the grounds it seeks proprietary and confidential

28  information.  Defendants also object on the grounds that this request seeks financial information in

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  which Defendants have a protectable privacy interest.  Defendants also object on the grounds that

2  this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

3  evidence.

4

5  DATED:  April 14, 2008                          CARLSON & MESSER LLP

6

7

8  By _____
   David J. Kaminski, Esq.

9  Stephen A. Watkins, Esq.
   Attorneys for Defendant,

10  CREDIGY SERVICE CORPORATION,
    CREDIGY RECEIVABLES INC.,

11  CREDIGY SOLUTIONS, INC., RYAN
    MILLER, BRETT BOYDE and PAULO PERES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**VERIFICATION**

STATE OF CALIFORNIA                )
                                                        )    ss.
COUNTY OF LOS ANGELES       )

I have read the foregoing **RESPONSE OF CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S SECOND SET OF INTERROGATORIES** and know its contents.

☐  I am a party to this action. The matters stated in the foregoing document(s) are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒  I am an Authorized Representative on behalf of Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc., and I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

☐  I am one of the attorneys/party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I am make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 14th day of April, 2008, at Suwanee, Georgia.

By _____
        Authorized Representative

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA            )

3                                                  )   ss.

COUNTY OF LOS ANGELES          )

4

5

I am employed in the County of Los Angeles, State of California.

6

I am over the age of 18 and not a party to the within action; my business address is 5959 W.

7   Century Boulevard, Suite 1214, Los Angeles, California 90045.

8       On **April 14, 2008,** I served the foregoing document described as: **RESPONSE OF
CREDIGY SERVICES CORPORATION, CREDIIGY RECEIVABLES INC. AND**

9   **CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S
INTERROGATORIES (Set 2)** on all interested parties in this action by placing a true copy

10  thereof enclosed in a sealed envelope addressed as follows:

11              **SEE ATTACHED SERVICE LIST.**

12  [X]    **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept
service by e-mail or electronic transmission, I caused the said documents to be sent to the

13         persons at the electronic mail addresses listed below (see attached service list).  I did not
receive within a reasonable time after the transmission, any electronic message or other

14         indication that the transmission was unsuccessful.

15  ☐      **(BY MAIL)**
I sealed such envelope(s) and placed it (them) for collection and mailing on this

16         date following the ordinary business practices of Carlson & Messer LLP.  I am
"readily familiar" with the business practices of Carlson & Messer LLP for

17         collection and processing of correspondence for mailing with the United States
Postal Service.  Such correspondence would be deposited with the United States

18         Postal Service at Los Angeles, California this same day in the ordinary course of
business with postage thereon fully prepaid.

19  ☐      **(BY FACSIMILE)**

20         I transmitted via telecopier machine such document to the offices of the
addressees.

21

☐      **(BY PERSONAL SERVICE)**

22         I hand-delivered said documents to the parties listed on the attached Service List.

23  ☒      **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

24

I declare under penalty of perjury under the laws of the State of California that the above is

25  true and correct.

26  Executed this 14th day of April, 2008, at Los Angeles, California.

27

*Linda Brooks*

28         Linda Brooks

1

2

<u>**Manuel Fausto v. Credigy Services Corporation, et al.**</u>
Our File No. 05712.00

3      Ronald Wilcox, Esq.               Attorneys for Plaintiff
    LAW OFFICE OF RONALD WILCOX
4      2160 The Alameda, First Flr., Suite F
    San Jose, CA 95126-1001
5      Tel: (408) 296-0400
    Fax: (408) 296-0486
6      Email: ronaldwilcox@post.harvard.edu

7

    Balam O. Letona, Esq.              Attorneys for Plaintiff.
8      LAW OFFICE OF BALAM O. LETONA,
    INC.
9      1347 Pacific Avenue, Suite 203
    Santa Cruz, CA 95060-3940
10     Tele: (831) 421-0200
    Fax:  (831) 621-9659

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    05712.00.00/142266

# Exhibit 3

1    DAVID J. KAMINSKI, ESQ., (SBN #128509)
     STEPHEN A. WATKINS, ESQ., (SBN #205175)
2    CARLSON & MESSER LLP
     5959 W. Century Boulevard, Suite 1214
3    Los Angeles, California 90045
     (310) 242-2200 Telephone
4    (310) 242-2222 Facsimile

5    Attorneys for Defendants,
     CREDIGY SERVICES CORPORATION, CREDIGY
6    RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
     RYAN MILLER, BRETT BOYDE, and PAULO PERES

7

8                 UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11    MANUEL G. FAUSTO AND LUZ     )    CASE NO. C07 05658 JW (RS)
     FAUSTO,                        )
12                             )    [Complaint Filed:   12/20/07
                            )    1st Amended Complaint Filed: 1/14/08]
13            Plaintiffs,         )
                            )    **RESPONSE OF CREDIGY SERVICES**
14        vs.                    )    **CORPORATION, CREDIGY**
                            )    **RECEIVABLES INC. AND CREDIGY**
15    CREDIGY SERVICES CORPORATION;  )    **SOLUTIONS, INC. TO PLAINTIFF**
     CREDIGY RECEIVABLES INC.;        )    **MANUEL G. FAUSTO'S FIRST SET OF**
16    CREDIGY SOLUTIONS INC.; RYAN   )    **REQUESTS FOR PRODUCTION AND**
     MILLER; RICARDO VENTURA;      )    **FIRST SET OF INTERROGATORIES**
17    BRETT BOYDE; PAULO PERES;     )
     THOMPSON; and DOES 1-10, inclusive,  )    Magistrate Judge: Hon. Richard Seeborg
18                             )
                            )
19            Defendants.       )

20

21

22

23    PROPOUNDING PARTY:              MANUEL FAUSTO

24    RESPONDING PARTY:                CREDIGY SERVICES CORPORATION, CREDIGY

                                      RECEIVABLES INC., and CREDIGY SOLUTIONS

                                      INC.

26    TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

27      Pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36, Defendants CREDIGY

28    SERVICES CORPORATION, CREDIGY RECEIVABLES INC., and CREDIGY SOLUTIONS

                                      1

1  INC.("Defendants") answer, under oath, the following Interrogatories, and Requests for Production

2  of Documents.

3       These responses are made solely for the purpose of this litigation.  Responding Party, by its

4  responses, does not accept or admit the existence of any facts assumed by such requests.  Further,

5  such responses do not constitute admissible evidence as to any such assumed facts, or an

6  acknowledgment that the documents sought exist and are in the possession, custody, or control of

7  Responding Party.  This is incorporated by reference into each and every response set forth below.

8                    **REQUEST FOR PRODUCTION OF DOCUMENTS**

9  **REQUEST FOR PRODUCTION NO. 1**:

10       All documents relating to Plaintiffs.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

12       Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

13  burdensome and oppressive. Defendants further object to the request on the grounds it calls for

14  information which is irrelevant and not reasonably calculated to lead to the discovery of admissible

15  evidence.

16  **REQUEST FOR PRODUCTION NO. 2**:

17       All documents transmitted by Defendants to Plaintiffs.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

19       Defendants object to the grounds that this request seeks documents equally available to

20  Plaintiffs.  Without waiving said objection, Defendants will produce documents responsive to this

21  request.

22  **REQUEST FOR PRODUCTION NO. 3**:

23       All collection records maintained by Defendants as to Plaintiff's account, with a key to

24  abbreviations used thereon, such as codes for letters, personnel, activities (including telephone bills

25  and telephone records).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

27       Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

28  burdensome and oppressive.  Defendants object to this request on the grounds that it calls for

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  proprietary and trade secret information. Defendants further object to the request on the grounds it

2  calls for information which is not relevant and not reasonably calculated to lead to the discovery of

3  admissible evidence. Defendant further objects on the grounds it calls for private and confidential

4  information pertaining to third parties. Without waiving said objections, Defendants respond as

5  follows: *See* Credigy collection tracking notes provided in Defendants' Initial Disclosures served

6  on March 24, 2008.

7  **REQUEST FOR PRODUCTION NO. 4**:

8      All documents, logs, and correspondence relating to Plaintiff's alleged debt to Creditor

9  Wells Fargo.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

11      Defendants will produce documents responsive to this request.

12  **REQUEST FOR PRODUCTION NO. 5**:

13      All documents, logs, and correspondence relating to Plaintiff's alleged debt to First Select,

14  Inc.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

16      Defendants will produce documents responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 6**:

18      Please produce any insurance agreement under which any person carrying on an insurance

19  business may be liable to satisfy all or part of a judgment which may be entered herein or to

20  indemnify or reimburse for payments made to satisfy the judgment.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

22      Defendants respond as follows: See insurance agreement provided in Defendants' Initial

23  Disclosures served on March 24, 2008.

24  **REQUEST FOR PRODUCTION NO. 7**:

25      Any policy manuals or instructions used by Defendants or persons under their supervision

26  regarding collection practices or procedures.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

28      Defendants respond as follows: See Credigy training manual provided in Defendants'

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758

3

**CREDIGY'S RESPONSES TO PLAINTIFFS'**        CASE NO. C07 05658 JW RS
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

1   Initial Disclosures served on March 24, 2008.

2   **REQUEST FOR PRODUCTION NO. 8**:

3         All policy or training manuals or instructions or guidelines provided by Defendants to its

4   employees regarding using lawsuits in an attempt to collect debts.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

6         Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

7   burdensome and oppressive.  This request is particularly vague with respect to the term "using

8   lawsuits."  Without waiving said objections, Defendants respond as follows: See Credigy training

9   manual provided in Defendants' Initial Disclosures served on March 24, 2008.

10  **REQUEST FOR PRODUCTION NO. 9**:

11        All manuals procedures and protocols used by Defendant to comply with the Fair Debt

12  Collection Practices Act.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

14        Defendants respond as follows: See Credigy training manual provided in Defendants'

15  Initial Disclosures served on March 24, 2008.

16  **REQUEST FOR PRODUCTION NO. 10**:

17        All manuals procedures and protocols used by Defendant to comply with Civil Code §1788.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

19        Defendants respond as follows: See Credigy training manual provided in Defendants'

20  Initial Disclosures served on March 24, 2008.

21  **REQUEST FOR PRODUCTION NO. 11**:

22        All documents concerning your procedures reasonably adapted to make sure that your

23  lawsuit practices do not violate the FDCPA.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

25        Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

26  burdensome and oppressive.  This request is particularly vague with respect to the term "lawsuit

27  practices."  Without waiving said objections, Defendants respond as follows: See Credigy training

28  manual provided in Defendants' Initial Disclosures served on March 24, 2008.

*CARLSON & MESSER LLP*
*5959 W. CENTURY BOULEVARD, SUITE 1214*
*LOS ANGELES, CALIFORNIA 90045*

05712.00:142758

4

**CREDIGY'S RESPONSES TO PLAINTIFFS'**    **CASE NO. C07 05658 JW RS**
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**REQUEST FOR PRODUCTION NO. 12:**

All complaints, judgments, and consent orders from 2006-2008 relating to Defendants' conduct in the collection of individuals' debts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the grounds it calls for information which is not relevant to any issue in this case and will not lead to the discovery of admissible evidence. Defendant objects on the grounds it is vague, ambiguous, unduly burdensome and oppressive. Defendant further objects on the grounds this information is equally available to Plaintiff.

**REQUEST FOR PRODUCTION NO. 13:**

All complaints, judgments, and consent orders from 2006-2008 relating to Defendants and its acts or practices under the FDCPA from 2006-2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request on the grounds it calls for information which is not relevant to any issue in this case and will not lead to the discovery of admissible evidence. Defendant objects on the grounds it is vague, ambiguous, unduly burdensome and oppressive. Defendant further objects on the grounds this information is equally available to Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

All agreements with consumer reporting agencies (credit bureaus).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request on the grounds it calls for information which is not relevant to any issue in this case and will not lead to the discovery of admissible evidence. Defendant objects on the grounds it is vague, ambiguous, unduly burdensome and oppressive. Defendant objects to the request on the grounds it calls for confidential and private information and invades the privacy rights of third persons not parties to this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to Plaintiffs that Defendant obtained from a credit reporting agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request on the grounds it calls for information which is not

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  relevant to any issue in this case and will not lead to the discovery of admissible evidence.

2  **REQUEST FOR PRODUCTION NO. 16:**

3  All agreements between Defendants with any entity concerning servicing or collection of

4  the debt of Plaintiffs.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

6  Defendants will produce documents responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 17:**

8  All agreements between Defendants and any predecessor owner of the alleged debt, as to

9  the purchase or collection of debts of Plaintiffs.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

11  After a diligent search and reasonable inquiry, Defendants are currently unable to locate

12  documents responsive to this request. Discovery is continuing and Defendants reserve the right to

13  amend this response.

14  **REQUEST FOR PRODUCTION NO. 18:**

15  All documents showing authorization of Defendants to collect the alleged debt from

16  Plaintiffs.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

18  After a diligent search and reasonable inquiry, Defendants are currently unable to locate

19  documents responsive to this request. Discovery is continuing and Defendants reserve the right to

20  amend this response.

21  **REQUEST FOR PRODUCTION NO. 19:**

22  Any evidence of any payment made toward the alleged debt.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

24  After a diligent search and reasonable inquiry, Defendants are currently unable to locate

25  documents responsive to this request. Discovery is continuing and Defendants reserve the right to

26  amend this response.

27  **REQUEST FOR PRODUCTION NO. 20:**

28  All documents provided by Wells Fargo to Defendants relating to the alleged debt.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

After a diligent search and reasonable inquiry, Defendants are currently unable to locate documents responsive to this request. Discovery is continuing and Defendants reserve the right to amend this response.

**REQUEST FOR PRODUCTION NO. 21:**

All documents provided by First Select, Inc. to Defendants relating to the alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

After a diligent search and reasonable inquiry, Defendants are currently unable to locate documents responsive to this request. Discovery is continuing and Defendants reserve the right to amend this response.

**REQUEST FOR PRODUCTION NO. 22:**

Provide a copy of Ryan Miller's personnel file (first remove any medical information).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to this request because it unreasonably invades the privacy right in employee records. Defendants further object on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 23:**

Provide a copy of Ricardo Ventura's personnel file (first remove any medical information).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to this request because it unreasonably invades the privacy right in employee records. Defendants further object on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 24:**

Provide a copy of Brett Boyde's personnel file (first remove any medical information).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this request because it unreasonably invades the privacy right in employee records. Defendants further object on the grounds that this request is not reasonably calculated to lead to the discovery of admissible evidence.

1  **REQUEST FOR PRODUCTION NO. 25**:

2      Provide a copy of Paulo Peres's personnel file (first remove any medical information).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

4      Defendants object to this request because it unreasonably invades the privacy right in

5  employee records. Defendants further object on the grounds that this request is not reasonably

6  calculated to lead to the discovery of admissible evidence.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

8      Provide a copy of Moises Moteli's personnel file (first remove any medical information).

9  **REQUEST FOR PRODUCTION NO. 26**:

10     Defendants object to this request because it seeks information in violation of the privacy

11 rights of a third party unrelated to the current litigation. Defendants also object on the grounds this

12 requests unreasonably invades the privacy right in employee records. Defendants further object on

13 the grounds that this request is not relevant and not reasonably calculated to lead to the discovery

14 of admissible evidence.

15 **REQUEST FOR PRODUCTION NO. 27**:

16     Provide a copy of Ralph Phillips's personnel file (first remove any medical information).

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

18     Defendants object to this request because it seeks information in violation of the privacy

19 rights of a third party unrelated to the current litigation. Defendants also object on the grounds this

20 requests unreasonably invades the privacy right in employee records. Defendants further object on

21 the grounds that this request is not relevant and not reasonably calculated to lead to the discovery

22 of admissible evidence.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

24     Provide a copy of Defendant Thompson's personnel file (first remove any medical

25 information).

26 **REQUEST FOR PRODUCTION NO. 28**:

27     Defendants object to this request because it unreasonably invades the privacy right in

28 employee records. Defendants further object on the grounds that this request is not reasonably

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758

8

**CREDIGY'S RESPONSES TO PLAINTIFFS'**    CASE NO. C07 05658 JW RS
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    calculated to lead to the discovery of admissible evidence.

2    **REQUEST FOR PRODUCTION NO. 29**:

3        Any written communication to Defendants from 2006-2008 where an individual or their

4    attorney, alleged Defendants was threatening to sue on a time-barred debt.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

6        Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

7    burdensome and oppressive. Defendant also objects on the ground that this information is

8    privileged and protected from disclosure.

9    **REQUEST FOR PRODUCTION NO. 30**:

10        Any judgment or decisions from a Court addressing whether Defendants were attempting to

11    collect a debt they could not prove.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

13        Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

14    burdensome and oppressive. Defendant also objects on the grounds that this information is

15    irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

16

17    **INTERROGATORIES**

18    **INTERROGATORY NO. 1**:

19        Identify all documents responsive to Plaintiff Manuel Fausto's Request for Production of

20    Documents

21    **RESPONSE TO INTERROGATORY NO. 1**:

22        Defendants objects to the request on the grounds it is vague, ambiguous, unduly

23    burdensome and oppressive.

24    **INTERROGATORY NO. 2**:

25        What steps were taken, on what date and by whom to review Plaintiffs' account.

26    **RESPONSE TO INTERROGATORY NO. 2**:

27        Defendants object to the request on the grounds it is vague, overbroad, ambiguous and

28    intelligible. Defendants further object on the grounds that this request seeks information protected

05712.00:142758

9

1  by the attorney-client privilege.

2  **INTERROGATORY NO. 3**:

3      List all lawsuits filed by Defendants in California from 2006-2008 (date, caption, case

4  number, and courthouse)

5  **RESPONSE TO INTERROGATORY NO. 3**:

6      Defendants object to the request on the grounds it is vague, ambiguous, overbroad, unduly

7  burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible

8  evidence.

9  **INTERROGATORY NO. 4**:

10      Identify the full legal name of Brett Boyde, his last known address and phone number.

11  **RESPONSE TO INTERROGATORY NO. 4**:

12      Defendants respond as follow: Brett Boyde.  Defendant Boyde may be contacted through

13  his attorney of record, Carlson & Messer LLP.  If the necessity arises such that Plaintiffs need to

14  contact Mr. Boyde at his home address, Defendants will provide such information within 24 hours

15  of the request.

16  **INTERROGATORY NO. 5**:

17      Identify the full legal name of Paulo Peres, his last known address and phone number.

18  **RESPONSE TO INTERROGATORY NO. 5**:

19      Defendants respond as follow: Paulo Peres.  Defendant Peres may be contacted through his

20  attorney of record, Carlson & Messer LLP.  If the necessity arises such that Plaintiffs need to

21  contact Mr. Boyde at his home address, Defendants will provide such information within 24 hours

22  of the request.

23  **INTERROGATORY NO. 6**:

24      Identify the full legal name of Ryan Miller, his last known address and phone number.

25  **RESPONSE TO INTERROGATORY NO. 6**:

26      Defendants respond as follow: Luis Renato Silva Nunes (aka Ryan Miller).  Defendant

27  Nunes may be contacted through his attorney of record, Carlson & Messer LLP.  If the necessity

28  arises such that Plaintiffs need to contact Mr. Nunes at his home address, Defendants will provide

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

10

1    such information within 24 hours of the request.

2    **INTERROGATORY NO. 7:**

3        Identify the full legal name of Moises Moteli, his last known address and phone number.

4    **RESPONSE TO INTERROGATORY NO. 7:**

5        Defendants object to this request because it seeks information in violation of the privacy

6    rights of a third party unrelated to the current litigation. Defendants also object on the grounds this

7    request unreasonably invades the privacy right in employee records. Defendants further object on

8    the grounds that this request is not relevant and not reasonably calculated to lead to the discovery

9    of admissible evidence.

10    **INTERROGATORY NO. 8:**

11        Identify the full legal name of Ralph Phillips , his last known address and phone number.

12    **RESPONSE TO INTERROGATORY NO. 8:**

13        Defendants object to this request because it seeks information in violation of the privacy

14    rights of a third party unrelated to the current litigation. Defendants also object on the grounds this

15    request unreasonably invades the privacy right in employee records. Defendants further object on

16    the grounds that this request is not relevant and not reasonably calculated to lead to the discovery

17    of admissible evidence.

18    **INTERROGATORY NO. 9:**

19        Identify the full legal name of the collector that worked on Plaintiff's account that use the

20    name "Thomson", his last known residence and employment addresses and telephone numbers.

21    **RESPONSE TO INTERROGATORY NO. 9:**

22        Defendants respond as follows: Thompson, aka Rita Goncalves. Her last known address is

23    Av Paulista, 1106 CONJ  21 Bela Vista, Sao Paulo, Brazil.

24    **INTERROGATORY NO. 10:**

25        Identify the parties to the purchase and sale agreement whereby Defendants acquired

26    Plaintiffs' former Wells Fargo account. If a broker was involved, identify that entity.

27    **RESPONSE TO INTERROGATORY NO. 10:**

28        After a diligent search and dutiful inquiry, Defendants are unable to locate this information

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    at this time. Discovery is continuing and Defendants reserve the right to amend this response.

2    **INTERROGATORY NO. 11**:

3       Please set forth your procedures reasonably adapted to comply with the Fair Debt

4    Collection Practices Act.

5    **RESPONSE TO INTERROGATORY NO. 11**:

6       Defendants respond as follows: See Credigy training manual provided in Defendants'

7    Initial Disclosures served on March 24, 2008.

8    **INTERROGATORY NO. 12**:

9       Please set forth your procedures reasonably adapted to make sure your lawsuit procedures

10    comply with the Fair Debt Collection Practices Act.

11    **RESPONSE TO INTERROGATORY NO. 12**:

12       Defendants respond as follows: See Credigy training manual provided in Defendants'

13    Initial Disclosures served on March 24, 2008.

14    **INTERROGATORY NO. 13**:

15       State all facts that support your claim of a Bona Fide Error defense.[1]

16    **RESPONSE TO INTERROGATORY NO. 13**:

17       Objection. Responding Party objects to this interrogatory to the extent that it invades the

18    attorney-client and attorney work-product privileges. Discovery is continuing and Responding

19    Party does not have sufficient information in which to accurately and completely respond to the

20    subject interrogatory at this time. Without waiving said objections, Defendants respond as follows:

21    Plaintiffs' expected responses to discovery may set forth sufficient facts to establish such a

22    defense. Moreover, Defendants are investigating a possible computer error which may have led to

23    Plaintiffs being contacted after their cease-and-desist letter. Discovery is continuing.

24    **RESPONSE TO INTERROGATORY NO. 13**:

25       Defendants will produce responsive documents.

26    ///

27

28    [1]Due to a typographical error, Plaintiffs labeled this question Interrogatory No. 12 even though it was the thirteenth interrogatory.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758

12

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    **INTERROGATORY NO. 14**:

2        Identify all documents relating to Plaintiff Manuel Fausto, which Defendant currently

3    possess.[2]

4    **RESPONSE TO INTERROGATORY NO. 14**:

5        Defendants will produce responsive documents.

6    **INTERROGATORY NO. 15**:

7        Identify all documents relating to Plaintiff Luz Fausto, which Defendant currently possess.[3]

8    **RESPONSE TO INTERROGATORY NO. 15**:

9        Defendants will produce responsive documents.

10    **INTERROGATORY NO. 16**:

11        Identify the name and address of the long distance telephone provider used to place calls

12    relating to Plaintiff's account (include the account # with such entity and the telephone number

13    Plaintiffs were dialed from)[4]

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23

24

25       [2] Due to a typographical error, Plaintiffs labeled this question Interrogatory No. 13 even though it was the fourteenth interrogatory.

26

27       [3] Due to a typographical error, Plaintiffs labeled this question Interrogatory No. 13 even though it was the fifteenth interrogatory.

28       [4] Due to a typographical error, Plaintiffs labeled this question Interrogatory No. 14 even though it was the sixteenth interrogatory.

05712.00:142758              13
**CREDIGY'S RESPONSES TO PLAINTIFFS'**     CASE NO. C07 05658 JW RS
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

1  **RESPONSE TO INTERROGATORY NO. 16**:

2      Defendants object to the request on the grounds it is vague, ambiguous, overbroad, unduly

3  burdensome,  irrelevant and not reasonably calculated to lead to the discovery of admissible

4  evidence.  Without waiving said objections, Defendants respond as follows: Global Crossing.

5

6  DATED:  April 14, 2008                    CARLSON & MESSER LLP

7

8                                            By _____
                                             David J. Kaminski, Esq.
9                                            Stephen A. Watkins, Esq.
                                             Attorneys for Defendant,
10                                           CREDIGY SERVICE CORPORATION,
                                             CREDIGY RECEIVABLES INC.,
11                                           CREDIGY SOLUTIONS, INC., RYAN
                                             MILLER, BRETT BOYDE and PAULO PERES
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**CREDIGY'S RESPONSES TO PLAINTIFFS'**        CASE NO. C07 05658 JW RS
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

## VERIFICATION

1

2

3    STATE OF CALIFORNIA          )
                                  )    ss.
4    COUNTY OF LOS ANGELES        )

5           I have read the foregoing **RESPONSE OF CREDIGY SERVICES**
6    **CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS, INC.**
     **TO PLAINTIFF MANUEL G. FAUSTO'S FIRST SET OF REQUEST FOR PRODUCTION**
7    **AND FIRST SET OF INTERROGATORIES** and know its contents.

8    ☐    I am a party to this action.  The matters stated in the foregoing document(s) are
9         true of my own knowledge except as to those matters which are stated on
          information and belief, and as to those matters I believe them to be true.
10

11   ☒    I am an Authorized Representative on behalf of Credigy Services Corporation,
          Credigy Receivables Inc. and Credigy Solutions Inc., and I am informed and
12        believe and on that ground allege that the matters stated in the foregoing
13        document(s) are true.

14   ☐    I am one of the attorneys/party to this action.  Such party is absent from the
          county of aforesaid where such attorneys have their offices, and I am make this
15        verification for and on behalf of that party for that reason.  I am informed and
          believe and on that ground allege that the matters stated in the foregoing
16        document(s) are true.

17

18          I declare under penalty of perjury under the laws of the State of California that
     the foregoing is true and correct.
19
            Executed on the 14th day of April, 2008, at Suwanee, Georgia.
20

21

22                        By _____
                                 Authorized Representative
23

24

25

26

27

28

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA            )
                                    )   ss.
3    COUNTY OF LOS ANGELES          )

4

5        I am employed in the County of Los Angeles, State of California.

         I am over the age of 18 and not a party to the within action; my business address is 5959 W.
6    Century Boulevard, Suite 1214, Los Angeles, California 90045.

7        On **April 14, 2008**,  I served the foregoing document described as: **RESPONSE OF
CREDIGY SERVICES CORPORATION, CREDIIGY RECEIVABLES INC. AND**
8    **CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S FIRST SET OF
REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** on all
9    interested parties in this action by placing a true copy thereof enclosed in a sealed envelope
addressed as follows:

10
                        **SEE ATTACHED SERVICE LIST.**
11

12   [X]   **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept
service by e-mail or electronic transmission, I caused the said documents to be sent to the
persons at the electronic mail addresses listed below (see attached service list).  I did not
13   receive within a reasonable time after the transmission, any electronic message or other
indication that the transmission was unsuccessful.

14
     ☐    **(BY MAIL)**
15            I sealed such envelope(s) and placed it (them) for collection and mailing on this
date following the ordinary business practices of Carlson & Messer LLP.  I am
16   "readily familiar" with the business practices of Carlson & Messer LLP for
collection and processing of correspondence for mailing with the United States
17   Postal Service.  Such correspondence would be deposited with the United States
Postal Service at Los Angeles, California this same day in the ordinary course of
18   business with postage thereon fully prepaid.

19   ☐    **(BY FACSIMILE)**
             I transmitted via telecopier machine such document to the offices of the
20            addressees.

21   ☐    (BY PERSONAL SERVICE)
             I hand-delivered said documents to the parties listed on the attached Service List.
22
     ☒    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this
23   court at whose direction the service was made.

24       I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.
25
         Executed this 14th day of April, 2008, at Los Angeles, California.
26

27                                          _Linda Brooks_
                                            Linda Brooks
28

1

2
**Manuel Fausto v. Credigy Services Corporation, et al.**
Our File No. 05712.00

3
Ronald Wilcox, Esq.                                    Attorneys for Plaintiff
LAW OFFICE OF RONALD WILCOX

4
2160 The Alameda, First Flr., Suite F
San Jose, CA 95126-1001

5
Tel: (408) 296-0400
Fax: (408) 296-0486

6
Email: ronaldwilcox@post.harvard.edu

7

8
Balam O. Letona, Esq.                                  Attorneys for Plaintiff.
LAW OFFICE OF BALAM O. LETONA,
INC.

9
1347 Pacific Avenue, Suite 203
Santa Cruz, CA  95060-3940

10
Tele:  (831) 421-0200
Fax:   (831) 621-9659

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
05712.00.00/142266

# Exhibit 4

1   DAVID J. KAMINSKI, ESQ., (SBN #128509)
    STEPHEN A. WATKINS, ESQ., (SBN #205175)
2   CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
3   Los Angeles, California 90045
    (310) 242-2200 Telephone
4   (310) 242-2222 Facsimile

5   Attorneys for Defendants,
    CREDIGY SERVICES CORPORATION, CREDIGY
6   RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
    RYAN MILLER, BRETT BOYDE, and PAULO PERES
7

8                   UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11  MANUEL G. FAUSTO AND LUZ            )   CASE NO. C07 05658 JW (RS)
    FAUSTO,                             )
12                                      )   [Complaint Filed:  12/20/07
                                        )   1st Amended Complaint Filed: 1/14/08]
13                  Plaintiffs,         )
                                        )   Magistrate Judge: Hon. Richard Seeborg
14       vs.                            )
                                        )   **RESPONSE OF CREDIGY SERVICES**
15  CREDIGY SERVICES CORPORATION;       )   **CORPORATION, CREDIGY**
    CREDIGY RECEIVABLES INC.;           )   **RECEIVABLES INC. AND CREDIGY**
16  CREDIGY SOLUTIONS INC.; RYAN        )   **SOLUTIONS, INC. TO PLAINTIFF**
    MILLER; RICARDO VENTURA;            )   **MANUEL G. FAUSTO'S REQUESTS FOR**
17  BRETT BOYDE; PAULO PERES;           )   **PRODUCTION OF DOCUMENTS**
    THOMPSON; and DOES 1-10, inclusive, )
18                                      )   **[SET NUMBER TWO]**
                                        )
19                  Defendants.         )
                                        )
20                                      )
                                        )
21  _____)

22

23  PROPOUNDING PARTY:        Plaintiff, MANUEL FAUSTO

24  RESPONDING PARTY:         Defendants, CREDIGY SERVICES CORPORATION,
                              CREDIGY RECEIVABLES INC. and
25                            CREDIGY SOLUTIONS INC.

26

27  SET NUMBER:               TWO (2)

28  ///

    ///

05712.00:143004                         1

1        Pursuant to Federal Rule of Civil Procedure Rule 34, Defendants CREDIGY SERVICES

2    CORPORATION, CREDIGY RECEIVABLES INC. and CREDIGY SOLUTIONS INC.

3    ("Defendants") answer under oath Plaintiff MANUEL FAUSTO's Requests for Production of

4    Documents. These responding parties have not fully completed their investigation of the facts

5    relating to this case, and have not fully completed their discovery in this action, nor have

6    completed their preparation for trial. All of the answers contained herein are based only upon

7    such information and documents which are presently available to and specifically known to

8    these responding parties and disclosure only those contentions which are presently occur to

9    such responding parties, It is anticipated that further discovery, independent investigation,

10   legal research and analysis will supply additional facts, add meaning to the known facts, as

11   well as establish entirely new factual conclusions and legal contentions, all of which may lead

12   to substantial additions to, changes and variations from the contentions herein set forth.

13       The following responses are given without prejudice to these responding parties' right

14   to produce evidence of any subsequently discovered fact or facts which these responding

15   parties may later recall or locate. Responding parties accordingly reserve the right to change

16   any and all answers herein as additional facts are ascertained, analyses are made, legal

17   research is completed and contentions are made. The answers contained herein are made in a

18   good faith effort to supply as much factual information and as much specification of legal

19   contentions as are presently known but should no way be to the prejudice of Defendants in

20   relation to further discovery, research or analysis.

21   **REQUESTS FOR PRODUCTION OF DOCUMENTS AND**

22   **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

23   **REQUEST FOR PRODUCTION NO. 1:**

24       All letters received from any consumers complaining about the debt collection practices of

25   Defendants.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

27       Defendants object to the request on the grounds it is vague, ambiguous, unduly burdensome

28   and oppressive. Defendants further object on the grounds that this request invades the privacy

rights of third parties.

05712.00:143004

2

**Defendants' Responses to Requests for Production of Documents**  CASE NO. C07 05658 JW RS

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**REQUEST FOR PRODUCTION NO. 2:**

1     All telephone records relating to Plaintiff's alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

    Defendants object to the request on the grounds it is vague, ambiguous, unduly burdensome and oppressive. Electronic data memorializing outgoing phone calls by Defendants is purged after 90 days. To the best of Defendants' knowledge, no physical records of telephone calls are kept. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 3:**

    All telephone bills reflecting calls made relating to Plaintiff's alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

    Defendants object to the request on the grounds it is vague, ambiguous, unduly burdensome and oppressive. Electronic data memorializing outgoing phone calls by Defendants is purged after 90 days. To the best of Defendants' knowledge, no physical records of telephone calls are kept. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 4:**

    Any scripts Defendants use when attempting to collect debts via telephone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

    Defendants object to the request on the grounds it seeks confidential and proprietary information. Without waiving said objections, and upon Plaintiffs' execution of a Stipulated Protective Order, Defendants will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

    All manuals and/or guidelines Defendants uses [sic] relating to the Uniform Code of Military Justice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

    Defendants object to the request on the grounds it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:**

    An audited balance sheet for Defendants.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 6**:

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7**:

All financial documents from lawsuits in which Defendants has [sic] provided financial documents or net worth information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8**:

All documents of Defendants providing their net worth to any government agency, provide such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9**:

All financial statements of Defendants for the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1   **REQUEST FOR PRODUCTION NO. 10**:

2       All annual reports of Defendants for the last three years.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

4       Defendants object to the request on the grounds it seeks confidential information.

5   Defendants also object on the grounds that this request seeks financial information in which

6   Defendants have a protectable privacy interest. Defendants also object on the grounds that this

7   request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8   **REQUEST FOR PRODUCTION NO. 11**:

9       All semiannual and quarterly financial statements of Defendants for the last three years.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

11       Defendants object to the request on the grounds it seeks confidential information.

12   Defendants also object on the grounds that this request seeks financial information in which

13   Defendants have a protectable privacy interest. Defendants also object on the grounds that this

14   request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

15   **REQUEST FOR PRODUCTION NO. 12**:

16       All credit applications of Defendants for the last three years.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

18       Defendants object to the request on the grounds it seeks confidential information.

19   Defendants also object on the grounds that this request seeks financial information in which

20   Defendants have a protectable privacy interest. Defendants also object on the grounds that this

21   request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

22   **REQUEST FOR PRODUCTION NO. 13**:

23       All tax returns of Defendants for the last three years.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

25       Defendants object to the request on the grounds it seeks confidential information.

26   Defendants also object on the grounds that this request seeks financial information in which

27   Defendants have a protectable privacy interest. Defendants also object on the grounds that this

28   request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**REQUEST FOR PRODUCTION NO. 14:**

Any and all corporate financial documents related to any entity of [sic] which Defendants is [sic] affiliated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that Plaintiffs must establish a prima facie case of liability for punitive damages before seeking evidence of Defendants' financial condition. *See Civ. Code* § 3295; *Adams v. Murakami* (1991) 54 Cal. 3d 105, 123 (A plaintiff who seeks to recover punitive damages must bear the burden of establishing the defendant's financial condition).

**REQUEST FOR PRODUCTION NO. 15:**

Any documents showing Defendants submitted the alleged debt to a credit reporting agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to this request on the grounds that it vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that this request seeks confidential, private and proprietary information.

DATED: April 14, 2008                           CARLSON & MESSER LLP

By _____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICE CORPORATION,
CREDIGY RECEIVABLES INC.,
CREDIGY SOLUTIONS, INC., RYAN
MILLER, BRETT BOYDE and PAULO PERES

05712.00:143004

Defendants' Responses to Requests for Production of Documents   CASE NO. C07 05658 JW RS

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

## VERIFICATION

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

I have read the foregoing **RESPONSE OF CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S SECOND SET OF PRODUCTION OF DOCUMENTS** and know its contents.

☐    I am a party to this action. The matters stated in the foregoing document(s) are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am an Authorized Representative on behalf of Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc., and I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

☐    I am one of the attorneys/party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I am make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 14th day of April, 2008, at Suwanee, Georgia.

By _____
        Authorized Representative

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA        )

3                                  )   ss.

COUNTY OF LOS ANGELES    )

4

5

        I am employed in the County of Los Angeles, State of California.

6

        I am over the age of 18 and not a party to the within action; my business address is 5959 W.

7 Century Boulevard, Suite 1214, Los Angeles, California 90045.

8

        On **April 14, 2008,** I served the foregoing document described as: **RESPONSE OF CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND**

9 **CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S REQUEST FOR PRODUCTION OF DOCUMENTS** on all interested parties in this action by placing a true copy

10 thereof enclosed in a sealed envelope addressed as follows:

11            **SEE ATTACHED SERVICE LIST.**

12 [X]    **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the

13       persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other

14       indication that the transmission was unsuccessful.

15 ☐    **(BY MAIL)**
         I sealed such envelope(s) and placed it (them) for collection and mailing on this

16          date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for

17          collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States

18          Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

19

☐    **(BY FACSIMILE)**

20          I transmitted via telecopier machine such document to the offices of the addressees.

21

☐    **(BY PERSONAL SERVICE)**

22          I hand-delivered said documents to the parties listed on the attached Service List.

23 ☒    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

        I declare under penalty of perjury under the laws of the State of California that the above is

25 true and correct.

26         Executed this 14th day of April, 2008, at Los Angeles, California.

27

                                Linda Brooks

28

1

2

<u>**Manuel Fausto v. Credigy Services Corporation, et al.**</u>
Our File No. 05712.00

3      Ronald Wilcox, Esq.                         Attorneys for Plaintiff
       LAW OFFICE OF RONALD WILCOX
4      2160 The Alameda, First Flr., Suite F
       San Jose, CA 95126-1001
5      Tel: (408) 296-0400
       Fax: (408) 296-0486
6      Email: ronaldwilcox@post.harvard.edu

7

       Balam O. Letona, Esq.                       Attorneys for Plaintiff.
8      LAW OFFICE OF BALAM O. LETONA,
       INC.
9      1347 Pacific Avenue, Suite 203
       Santa Cruz, CA  95060-3940
10     Tele:  (831) 421-0200
       Fax:   (831) 621-9659
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     05712.00.00/142266

# Exhibit 5

Westlaw.

226 F.R.D. 328
226 F.R.D. 328
**(Cite as: 226 F.R.D. 328)**

Page 1

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Motions, Pleadings and Filings**

United States District Court,

N.D. Indiana,

Hammond Division.

Paul E. LUCAS, Sr. and Ruby M. Lucas,

Plaintiffs,

v.

GC SERVICES L.P.;  DLS Enterprises, Inc.;

and GC Financial Corporation,

Defendants.

**No. 2:03 CV 498.**

Nov. 3, 2004.

Order Clarifying Decision in Part Feb. 2,

2005.

**Background:**  Recipients of dunning letter

brought suit against debt collector, alleging

that it violated the Fair Debt Collection

Practices Act (FDCPA).  Plaintiffs filed

motion to compel, and defendants filed

cross-motion to stay discovery.

**Holding:**  The District Court, <u>Rodovich</u>,

United States Magistrate Judge, held that

defendant's egregiously evasive and

incomplete responses to discovery requests

warranted sanctions.

Plaintiffs' motion granted;  defendants'

motion denied.

West Headnotes

**[1] Federal Civil Procedure 1539**

<u>170Ak1539</u> <u>Most Cited Cases</u>

**[1] Federal Civil Procedure 1637**

<u>170Ak1637</u> <u>Most Cited Cases</u>

**[1] Federal Civil Procedure 1685**

170Ak1685 Most Cited Cases

Debt collector's egregiously evasive and incomplete responses to discovery requests in suit alleging that dunning form letter sent to plaintiffs violated the Fair Debt Collection Practices Act (FDCPA) warranted sanctions of deemed admissions, order compelling it to respond to outstanding interrogatories and requests for production within ten days, and payment of plaintiffs' attorney fees related to motions to compel. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A.

[2] Federal Civil Procedure 1537.1

170Ak1537.1 Most Cited Cases

Debt collector's evasive and incomplete response to interrogatory requiring it to state the name, address, title, and job description of each officer, director, and employee who

authorized, approved, or was aware of dunning letters in the form sent to the plaintiffs, warranted sanction; as defendant failed to produce two of the three names it provided in a timely fashion, and did not produce any further names, it would be precluded from presenting any other witnesses in the case. Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A.

[3] Federal Civil Procedure 1636.1

170Ak1636.1 Most Cited Cases

Where debt collector untimely produced only one policy document in response to requests for production of documents setting forth its policies, procedures, or practices related to the collection of debts and to dunning letters such as those sent to plaintiffs, and took the position that no internal memoranda existed regarding its procedures for compliance with the Fair Debt Collection Practices Act (FDCPA), it

would be precluded from using any internal memoranda related to compliance procedures, beyond the one policy document produced in the presentation of its case. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A.

⇒ **[4] Federal Civil Procedure 1278**

170Ak1278 Most Cited Cases

Plaintiffs' motion to compel would not be denied for failure to timely file certification of compliance with local rule requiring good faith effort of parties to confer and resolve discovery disputes, where plaintiffs' motions reflected an effort to confer with defendants. U.S.Dist.Ct.Rules N.D.Ind., Rule 37.1(b).

 **\*328** Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Tara L. Goodwin, Edelman Combs & Latturner LLC, Chicago, IL, for Plaintiffs.

David M. Schultz, Hinshaw and Culbertson, Chicago, IL, Renee J. Mortimer, Hinshaw and Culbertson, Schererville, IN, for Defendants.

*ORDER*

RODOVICH, United States Magistrate Judge.

 This matter is before the court on the Renewed Motion to Compel filed by the **\*329** plaintiffs, Paul and Ruby Lucas, on September 22, 2004; the Cross-Motion to Stay Discovery filed by the defendants, GC Services, DLS Enterprises, and GC Financial Corporation, on October 5, 2004; the Motion to Add Supplemental Authority to Motion to Dismiss filed by the defendants on September 17, 2004; the Motion to Add Supplemental Authority to Certain Motions

Pending filed by the defendants on October 19, 2004; and the Motion for Leave to File Additional Authority in Support of Opposition to Dismiss and Opposition to Strike the Expert Opinion of Dr. Timothy Shanahan filed by the plaintiffs on October 25, 2004. For the reasons set forth below, the motion to compel is **GRANTED**, the motion to stay is **DENIED**, the motion to add supplemental authority filed on September 17, 2004 is **GRANTED**, the motion to add supplemental authority filed on October 19, 2004 is **DENIED**, and the motion to add additional authority filed on October 25, 2004 is **GRANTED**.

## Background

This discovery dispute arises from a suit filed by Paul and Ruby Lucas on November 19, 2003, alleging that a dunning letter sent to them by the defendant, GC Services, violated the Fair Debt Collection Practices Act ("FDCPA"). Defendants DLS Enterprises and GC Financial Corporation are the general partners of GC Services (collectively called "GCS").

On January 30, 2004, the plaintiffs filed their first motion for Class Certification, which the plaintiffs renewed by permission of the court on August 20, 2004. On February 25, 2004, the plaintiffs served discovery on the defendants in the form of requests for admissions, interrogatories, and requests for production of documents. The majority of this discovery was relevant to the issue of class certification. On April 21, 2004, the defendants responded to the plaintiffs' discovery. These responses are the subject of the current motion to compel.

On June 10, 2004, the plaintiffs filed their first motion to compel seeking to compel the defendants to answer their discovery more

completely.    On June 24, 2004, the defendants filed a crossmotion to compel because the plaintiffs did not sign their responses to the discovery propounded by the defendants.    On August 6, 2004, this court denied both motions to compel without prejudice because neither party filed a certification pursuant to Local Rule 37.1.

 On September 2, 2004, the defendants filed a motion to dismiss the plaintiffs' amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On September 22, 2004, the plaintiffs renewed their June motion to compel because the defendants still had not corrected their deficient discovery responses.    The renewed motion contained an affidavit from the plaintiffs' attorney, Alexander H. Burke, stating that the parties attempted to confer on September 20, 2004. Attorney Burke stated that the defendants'

position was that the plaintiffs' original discovery was rendered moot by this court's Order of August 6, 2004, and that the plaintiffs must propound new discovery requests.    Finally, on October 5, 2004, the defendants filed a motion to stay discovery until after the court ruled on the defendants' motion to dismiss.    The discovery deadline for this case is January 31, 2005.

*Discussion*

 Federal Rule of Civil Procedure 37(a)(2)(A) states that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions," provided that the movant certifies that it first attempted to confer with the side not making disclosure. Rule 37(a)(3) states that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."    Finally, Rule 37(c)(1)

states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without "substantial justification" may be sanctioned unless such failure was "harmless." *See* <u>Musser v. Gentiva Health Services,</u> 356 F.3d 751, 755 (7th Cir.2004); <u>Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir.1998)</u>. The trial court has broad discretion to determine whether a violation is justified **\*330** or harmless. *See* <u>David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir.2003)</u>.

Under <u>Rule 37(c)</u>, the trial court may impose sanctions which include the payment of attorney's fees, designating certain facts as established, preventing the disobedient party from supporting or opposing designated claims or defenses or "introducing designated matters in evidence," and striking pleadings. *See* <u>Federal Rule of Civil Procedure</u> <u>37(b)(2)(A)-(C)</u>; <u>Federal Rule of Civil Procedure 37(c)(1)</u>. However, the sanctions chosen by the court must be such that "a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." <u>Salgado, 150 F.3d at 740;</u> <u>In re Golant, 239 F.3d 931, 937 (7th Cir.2001)</u>. Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court may consider the "bad faith or willfulness involved in not disclosing the evidence at an earlier date." <u>David, 324 F.3d at 857</u>.

[1] In this instance, the GCS's discovery responses were egregiously evasive and incomplete. Within their responses to the plaintiffs' requests for admissions, GCS objected to Request No. 2 to admit the designation "867-01" was a "form number"

because the term "form number" was vague and ambiguous. Despite the plaintiffs attaching photocopies of the letters GCS sent to the plaintiffs and inviting GCS to review the originals at its convenience, GCS denied Requests Nos. 3-8 to admit the number of persons to whom those form letters were sent on the grounds that the exhibits did not "accurately reflect the font print on the letters sent by GCS." GCS refused to answer Requests No. 9-11 regarding the "defendant's" net worth on the basis that the term "defendant" was vague and ambiguous, and then stated that it would be willing to provide this information if a class is certified.

Turning to the defendants' answers to interrogatories, the defendants stated that they could not determine who authorized, approved, or was aware of the form letter sent to the plaintiffs because it was developed over a substantial period of time. Defendants refused to describe the process by which GCS transmitted the letters on the grounds that the interrogatory was vague and overbroad and that the exhibits attached "are not originals and do not adequately represent the letters to the plaintiffs." Defendants refused to answer interrogatories directed at steps GCS takes to collect a debt or describing document destruction and retention policies because these requests were vague, overbroad, and not reasonably calculated to lead to discoverable evidence. GCS categorically refused to answer interrogatories regarding Indiana residents who received the form letter at issue and the defendants' net worth on the grounds that this information is only relevant if a class is certified, and then further stated that because the photocopies of the letters did not "adequately represent the form letters sent by GCS, there are no people sent said

letter."

Finally, with respect to the defendants' responses to requests for production of documents, the defendants claimed that virtually every document requested by the plaintiffs, from the technical specifications for paper, ink, and, manuals, and other memoranda setting forth instructions for compliance with the FDCA to pre-existing organizational charts for GCS, are protected by the attorney-client and work-product privileges. Defendants have refused to provide information regarding who, other than the defendants, printed or mailed the form letters on the same grounds.

In short, GCS has responded to the discovery propounded by the plaintiffs by providing no responses at all. Aside from numerous other illogical objections, defendants have taken the preposterous position that they do not have to answer much of the plaintiffs' discovery because the photocopies of the original letters are not "adequately representative" of the originals themselves, despite invitations by the plaintiffs to review the actual documents. Moreover, the defendants have cited the attorney-client and work-product privileges as a basis for refusing to provide information that so obviously falls outside these privileges that it does not merit discussion. Finally, the defendants have refused to respond to discovery largely on the grounds that it is only relevant in the event a *331 class is certified, even though the defendants did not file a motion to stay discovery on these grounds until after the plaintiffs filed their second motion to compel and over one month following the plaintiffs' motion to dismiss.

The defendants do not get to determine

unilaterally the scope and timing of discovery. The plaintiffs filed their first motion for class certification on January 30, 2004, one month before propounding discovery regarding the class issues on the defendants. Yet the defendants did not raise the scope or relevancy of this discovery to the court in the six months preceding the defendants' June 24, 2004 response to the first motion to compel, in the response itself, or in the motion to dismiss filed by the defendants on September 2, 2004. Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification. While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.

In light of the blatant and willful bad faith the defendants have displayed throughout this discovery dispute, the court finds the defendants' conduct to be without substantial justification and harmful to the litigation of this case. Furthermore, the plaintiffs do not need to propound new discovery upon the defendants. The court denied the plaintiffs' first motion to compel on procedural grounds, not on the substantive merit of the plaintiffs' discovery.

For the foregoing reasons, the Renewed Motion to Compel filed by the plaintiffs, Paul and Ruby Lucas, on September 22, 2004 is **GRANTED**; the Cross-Motion to Stay Discovery filed by the defendants, GC Services, DLS Enterprises, and GC Financial Corporation, on October 5, 2004 is **DENIED**; the Motion to Add Supplemental Authority to Motion to Dismiss filed by the

defendants on September 17, 2004 is **GRANTED**; the Motion to Add Supplemental Authority to Certain Motions Pending filed by the defendants on October 19, 2004 is **DENIED**; and the Motion for Leave to File Additional Authority in Support of Opposition to Dismiss and Opposition to Strike the Expert Opinion of Dr. Timothy Shanahan filed by the plaintiffs on October 25, 2004 is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 37(c), the court further ORDERS the following sanctions against the defendants:

1) Requests for Admissions No. 1 and 2 are deemed admitted;

2) The defendants are deemed to admit that the photocopies of the letters sent to the plaintiffs, referenced as "Exhibits A-B" throughout the discovery, do accurately reflect the font print of the letters sent by GCS;

3) The defendants shall respond to all outstanding interrogatories and requests for production within ten (10) days of the date of this order; and

4) The defendants shall pay the plaintiffs' attorney's fees related to both the first motion to compel filed by the plaintiffs on June 10, 2004 and the renewed motion to compel filed by the plaintiffs on September 22, 2004. Counsel for the plaintiffs shall file an affidavit with the court attesting to fees incurred in litigating these motions by November 23, 2004.

### CLARIFYING ORDER

This matter is before the court on the Motion for Clarification of the Order of 11/03/04 filed by the defendants, GC Services, DLS Enterprises, and GC Financial Corporation, on December 10, 2004; the Motion for Rule to Show Cause filed by the plaintiffs, Paul and Ruby Lucas, on December 15, 2004; and the Motion to

Deem Admitted Certain Facts Relating to Class Certification filed by the plaintiffs on December 15, 2004.  For the reasons set forth below, the motion for clarification is **GRANTED IN PART** and **DENIED IN PART**, the motion for rule to show cause is **GRANTED IN PART** and **DENIED IN PART**, and the motion to deem facts admitted is **DENIED**.

## *332 *Background*

Paul and Ruby Lucas allege that a dunning letter sent to them by the defendant, GC Services, on November 19, 2003, violated the Fair Debt Collection Practices Act ("FDCPA").  Defendants DLS Enterprises and GC Financial Corporation are the general partners of GC Services (collectively called "GCS").

This latest discovery dispute between the Lucases and GCS illustrates the continued inability of the parties to cooperate on discovery matters.  On November 3,2004, this court ordered sanctions against the defendants for their grossly egregious conduct in responding to the plaintiffs' interrogatories and requests for production of documents.  The various motions stem from that Order.  The defendants seek to alter the language of one sanction and assert that they have complied with the Order in all other respects.  The plaintiffs claim that the defendants have not complied with the Order and seek further sanctions.

## *Discussion*

Federal Rule of Civil Procedure 37(b)(2) states that "[i]f a party fails to obey an Order regarding discovery, 'the court may make such orders in regard to the failure as are just.' "

**Sanction # 2 in the Order of November 3,**

**2004**

In the November 3, 2004 Order, this court sanctioned the defendants by deeming them to admit "that the photocopies of the letters sent to the plaintiffs ... do accurately reflect the font print of the letters sent by GCS." The defendants object to this sanction on the grounds that the darkness of the font print is a critical issue in this litigation and that admitting this point would be admitting an "obvious falsehood" based on previous rulings by courts outside this jurisdiction. The defendants' argument centers around the exhibits being photocopies of the original letters, rather than the originals themselves.

Federal Rule of Civil Procedure 36 and Rule 37 contain no requirement that the facts deemed admitted be "true" in the eyes of other courts or the punished party, or that the facts admitted not be critical to that party's case. The effect of Rule 36 and Rule 37 sanction is simply that through its own improper conduct, a party can impede its case. GCS's original answers to the plaintiffs' discovery, which were the subject of this court's previous Order, were an attempt to subvert the discovery rules. GCS refused to answer any interrogatories regarding who was sent letters like those received by the Lucases because the photocopies attached to the discovery requests did not "accurately reflect the font print" of the original letters. GCS claimed that "no persons" received the letters described by the photocopied attachments for this reason. Taken in addition to GCS's more evasive responses to other discovery propounded by the Lucases, the court's sanction was appropriate.

However, the plaintiffs raise no objection to a modification of the second sanction in the court's November 3, 2004 Order to state:

The defendants are deemed to admit that the photocopies of the letters sent to the plaintiffs, referenced as "Exhibits A-B" throughout the discovery, are *similar in form* to the letters sent by GCS.

Accordingly, the court's Order of November 3, 2004 is so modified.

**Sanction # 3 in the Order of November 3, 2004**

The third sanction required the defendants to respond to all outstanding interrogatories and requests for production within ten days of November 3, 2004. The defendants submitted their untimely response to the plaintiffs on November 18, 2004. The defendants seek clarification of this sanction in that Request for Production # 23 requires the defendants to produce information in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Gramm-Leach Bliley Act.

Exceptions within the FDCPA may well apply to disclosure of consumer information in this case. *See* 15 U.S.C. § 1692c(b) (allowing disclosure with "the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy"). In addition, the *333 Gramm-Leach Bliley Act ("GLB") may be irrelevant to this litigation, as the plaintiffs' complaint is based solely in the FDCPA. *See Blair v. Sherman Acquisition,* No. 04 C 4718, 2004 WL 2870080, at *4 (N.D.Ill.Dec.13, 2004). Even if the GLB were applicable, exceptions within the GLB may apply here. *See* 15 U.S.C. §§ 6802(3)(B), (D) (allowing disclosure "to protect against or prevent actual or potential fraud, unauthorized transactions, claims, or other liability" or "to persons holding a legal or beneficial interest relating to the consumer"). In any event, the

court expresses no opinion on this point, as the plaintiffs do not dispute the issue and do not challenge the sufficiency of GCS's response to Request # 23. Therefore, the defendants' answer is sufficient at this time.

However, the plaintiffs raise numerous objections to GCS's other responses to the propounded discovery. First, the plaintiffs argue that the defendants wrongfully asserted six "general objections" in responding to the plaintiffs' discovery requests. While GCS should not have included these objections in their discovery responses, the objections appear to be part of a boilerplate form erroneously included with the responses. Therefore, the fact that these general objections are included with the answers is not evidence of bad faith on the part of the defendants. In order to bring the defendants' responses into greater compliance with the November 3, 2004

Order, the court hereby strikes the six "general objections" enumerated A-F, from the defendants' responses.

[2] Next, the plaintiffs challenge the defendants' response to Interrogatory No. 1 on the grounds that it is evasive and incomplete. This interrogatory required GCS to state the name, address, title, and job description of each officer, director, and employee who authorized, approved, or was aware of letters in the form sent to the plaintiffs. In response, the defendants produced the name of Michael Sullivan, the manager of GC Services. On December 14, 2003, the defendants produced the names of former employee Diana Derbus with respect to Interrogatory No. 1 and GC Services CIO Michael Ellis with respect to knowledge of the computer systems at GC Services. As the defendant failed to produce the names of Derbus and Ellis in a timely fashion and has

not produced any further names, the defendants may not present any other witnesses in this case. Furthermore, the defendants are directed to produce the title, job description, and last known addresses of Ellis and Sullivan. The defendants have stated that GCS does not have a last known address for Derbus. In the event such documentation is discovered, GCS shall notify the plaintiffs immediately.

The plaintiffs also object to the defendants' response to Interrogatory No. 10 on the grounds that GCS has not completely answered the question presented. The Lucases asked both whether Sam A. Marshall exists and also that if he does not exist, who answers calls placed to 800/679-6772. The defendants answered that Sam A. Marshall is a pseudonym and that "personal representatives" are available at the phone number. The defendants' answer is vague in

that it fails to name the representatives. Consistent with the court's determination with respect to Interrogatory No. 1, the defendants may not produce any further witnesses beyond Ellis, Sullivan, and Derbus in their defense.

The Lucases object to GCS's response to Interrogatory No. 3 on the grounds that the response fails to indicate the name of the third party printer who prints the form letters. GCS untimely provided the name of this company, Relizon, on December 14, 2004. Although the interrogatory did not specifically require the address and phone number of this printing company, the defendants exhibit bad faith in failing to reveal even Relizon's name until one month after this court ordered the defendants' responses. Therefore, the defendants shall provide the plaintiffs with the names of the Relizon representatives that GCS works

with, as well as the company's mailing address and phone number.

Interrogatories No. 6-7 essentially seek information regarding how debtor information is culled from the GCS databases. The plaintiffs object to GCS's answers to these interrogatories on the grounds that the defendants' computer search system is ineffective **\*334** in determining who belongs to a class for purposes of litigation. The plaintiffs further seek a court-ordered modification of the database to enable class information to be generated. These objections and requests go beyond the scope of discovery and are denied.

The plaintiffs' objection to GCS's response to Interrogatory No. 14 and Document Request No. 45 must also be rejected. The defendants do not need to explain, as the plaintiffs suggest, how the defendants keep current on the law. The defendants' approach to legal education is not a subject of litigation in this case.

Interrogatory No. 9 and Request No. 4 sought to identify any "testing" and documents related to testing done on the defendants' collection letters. The defendants responded that no testing was performed and that the letters were subject to only informal visual review. The plaintiffs object to the defendants' failure to name the individuals who performed the "visual review" because the plaintiffs believe the visual review is part of the defendants' bona fide error defense. This court already has determined that the defendants may not introduce any witnesses beyond Derbus, Sullivan, and Ellis. Therefore, GCS may not introduce any other witnesses to testify to the fact of this visual

review.

Interrogatories No. 11-13 and Document Requests 19 and 21 seek financial information regarding the defendants' net worth. In response, the defendants provided a two-page unaudited balance sheet for GC Services and cited case law for the proposition that no other information is relevant in FDCPA cases. *See Sanders v. Jackson*, 209 F.3d 998 (7th Cir.2000). On December 14, 2004, the defendants untimely provided an audited two-page balance sheet for GC Services. However, this court ordered the defendants to provide full and complete responses. The defendants have waived all legal defenses and must comply in full with the plaintiffs' requests. Specifically, the defendants are to provide an audited balance sheet for each defendant, an identification of each lawsuit in which the defendants have provided or produced financial statements or net worth information, an identification of each instance in which the defendants have provided their net worth to any government agency, and financial statements, annual reports, semiannual and quarterly financial statements, credit applications, and tax returns for the last three years.

The plaintiffs argue that the defendants did not completely answer Request for Production No. 3, which requests all the technical specifications for paper, ink, and printing used to print the front and back of letters like those received by the Lucases. In particular, the plaintiffs seek the font weight of the print. In their response, the defendants state that the validation notices on the back of the letters are printed in "a degree of black ink." However, in their brief in opposition to the motion to show cause, the defendants explain that they have

produced all information in their possession. As a practical matter, if the defendants intentionally print their letters in a degree of black ink, then a technical specification for that degree exists. The defendants are ordered to produce this information or direct the plaintiffs towards the person or entity responsible for establishing the technical specifications for font weight on their letters.

[3] The plaintiffs also assert that Requests No. 6-12 and 17 are "incomplete." These Requests seek manuals, memoranda, instructions, and other documents setting forth GCS's policies, procedures, or practices related to the collection of debts and to letters such as those sent to the Lucases, as well as information regarding claims and proceedings previously conducted against the defendants for violating the FDCPA. Although the defendants initially responded that GCS had no policies on the collection of debts, the defendants untimely produced a copy of the policy "Standard Operating Procedure C-9" on December 14, 2004. *See* Pl. Response to Motion to Clarify at p. 6. Document Requests No. 8-12 and 17 demand the production of information that the defendants claim is of public record. The defendants have waived this defense and are ordered to produce the information. Furthermore, the defendants have taken the position that no internal memoranda exists regarding Request**\*335** No. 17 for documents related to the maintenance of procedures GCS follows to avoid violations of the FDCPA. Therefore, the defendants may not use any internal memoranda related to compliance procedures, beyond the "Standard Operating Procedure C-9," in the presentation of their case. In the event the plaintiffs discover such procedures through

other sources, the defendants shall be subject to further sanctions.

In response to Request No. 13, the defendants assert that GCS has no contracts with any entity to print or mail letters such as those sent to the Lucases. The plaintiffs assert that this claim is preposterous, in light of the size and activity of GCS. The defendants have been ordered to produce their contact information with Relizon. In the event the plaintiffs discovery such a contract through Relizon or other means, the defendants will be subject to further sanctions.

The plaintiffs object to the defendants' response to Request No. 15 on the grounds that it is evasive. The Request asks for "all organizational charts of the defendant." GCS admits that various interdepartmental documents exist, but they assert that there are no organizational charts for the company as a whole, beyond those registered with the Secretary of State's office. The request was for "all" charts. The defendants are ordered to produce the "interdepartmental documents," as well as a copy of the organizational information that is registered with the Secretary of State.

The plaintiffs raise the deficiency of the defendants' response to Interrogatory No. 22 for the first time in their reply brief in support of sanctions. Because the plaintiffs did not raise this argument initially, it is waived. *See Pugel v. Board of Trustees of the University of Illinois*, 378 F.3d 659, 669 (7th Cir.2004); *AT & T Wireless PCS, Inc. v. Town of Porter*, 203 F.Supp.2d 985, 989 (N.D.Ind.2002).

[4] Finally, the defendants argue that the plaintiffs' challenges to the compelled discovery responses must be denied because

the plaintiffs failed to file a Local Rule 37.1(b) certification with their motions. Local Rule 37.1(b) states that "[w]ith respect to every other motion concerning discovery, the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action." The plaintiffs' motion to show cause indicates that the "plaintiff's [sic] attorneys and GCS' attorneys held a meeting after the November 18, 2004, production to discuss the above issues plaintiffs had with the amended defenses." (Pl. Motion to Show Cause at p. 2) The motion to deem certain facts admitted also indicates that the parties have engaged in ongoing discovery discussions. The plaintiffs later untimely filed a certification on January 3, 2005, following the defendants' criticism of this procedural failure.

While the plaintiffs did not comply precisely with the Local Rule, the plaintiffs' motions reflect an effort to confer with the defendants. Moreover, the court already has dealt with the merits of the motions. Therefore, the plaintiffs' lack of compliance is not fatal.

**Motion to Deem Admitted Certain Facts**

In this motion, the plaintiffs seek a further discovery sanction against the defendants deeming numerosity admitted for purposes of class certification. The discovery sanctions chosen by the court must be such that "a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." _Salgado v. General Motors Corp.,_ 150 F.3d 735, 740 (7th Cir.1998); _In re Golant,_ 239 F.3d 931, 937 (7th Cir.2001). The sanctions directed against GCS throughout this Order are commensurate with the specific deficiencies

in the defendants' discovery responses. The merits of the plaintiffs' motion for class certification need not be a subject of further sanction.

For the foregoing reasons, the Motion for Clarification of the Order of 11/03/04 filed by the defendants, GC Services, DLS Enterprises, and GC Financial Corporation, on December 10, 2004 is **GRANTED IN PART** and **DENIED IN PART**, the Motion for Rule to Show Cause filed by the plaintiffs, Paul and Ruby Lucas, on December 15, 2004 is **GRANTED IN PART** and **DENIED IN PART**, and the Motion to Deem Admitted Certain Facts Relating to Class Certification **\*336** filed by the plaintiffs on December 15, 2004 is **DENIED**.

The court hereby **MODIFIES** the second sanction in the court's November 3, 2004

Order to state:

The defendants are deemed to admit that the photocopies of the letters sent to the plaintiffs, referenced as "Exhibits A-B" throughout the discovery, are similar in form to the letters sent by GCS.

The court **ORDERS** the following sanctions against the defendants:

1) the six "general objections," enumerated A-F, in the defendants' responses are **STRICKEN**;

2) the defendants may not present any witnesses in this case except Michael Ellis, Michael Sullivan, and Diana Derbus;

3) the defendants may not use any internal memoranda related to compliance procedures, beyond the "Standard Operating Procedure C-9," in the presentation of their case.

The court further **ORDERS** the defendants to produce the following information on or before February 14, 2005:

1) the title, job description, and last known addresses of Michael Ellis and Michael Sullivan.   In the event the last known address of Diana Derbus is discovered, GCS **SHALL** notify the plaintiffs immediately;

2) the name or names of the Relizon representatives, if they exist, the defendants have or currently work with, as well as the company's mailing address and phone number;

3) the "interdepartmental documents" related to the organization of GCS, as well as a copy of the organizational information that is registered with the Secretary of State;

4) the technical specifications for the font weight on the letters sent to the plaintiffs, or the person or entity, if not employed by GCS, responsible for establishing these technical specifications;

5) full and complete responses to Document Requests No. 8-12, **WITHOUT** commentary on the number of times the

plaintiffs' law firm has sued the defendants or on the merits of this case.

The court further **ORDERS** the defendants to produce the following information on or before February 25, 2005:

1) an audited balance sheet for each defendant;

2) an identification of each lawsuit in which the defendants have provided or produced financial statements or net worth information;

3) an identification of each instance in which the defendants have provided their net worth to any government agency;

4) financial statements for the last three years;

5) annual reports for the last three years;

6) semiannual and quarterly financial statements for the last three years;

7) credit applications for the last three years;

8) tax returns for the last three years.

The court further **ORDERS** each party to

bear its own costs in the litigation of the motions before this court.

The defendants are **WARNED** that the defendants shall be subject to further sanctions in the event the plaintiffs discover: 1) manuals, memoranda, instructions or other documents setting forth GCS's policies, procedures, or practices related to the collection of debts or to form letters such as those sent to the plaintiffs, other than the "Standard Operating Procedure C-9"; or 2) a contract that GCS has with Relizon or another third party for the printing or mailing of form letters such as those sent to the plaintiffs.

226 F.R.D. 328

**Motions, Pleadings and Filings (Back to top)**

- 2:03CV00498            (Docket) (Nov. 19, 2003)

END OF DOCUMENT