1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ., (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendants,
   CREDIGY SERVICES CORPORATION, CREDIGY
6  RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
   LUIS RENATO SILVA NUNES erroneously sued and
7  served as RYAN MILLER, BRETT BOYDE, and
   PAULO PERES

8                    UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11  MANUEL G. FAUSTO AND LUZ           )  CASE NO. C07 05658 JW (RS)
    FAUSTO,                            )
12                                     )  [Complaint Filed:   12/20/07
                                       )  1st Amended Complaint Filed: 1/14/08]
13              Plaintiffs,            )
                                       )  Magistrate Judge: Hon. Richard Seeborg
14      vs.                            )
                                       )
15  CREDIGY SERVICES CORPORATION;      )  **DEFENDANTS CREDIGY SERVICES**
    CREDIGY RECEIVABLES INC.;          )  **CORPORATION, CREDIGY**
16  CREDIGY SOLUTIONS INC.; RYAN       )  **RECEIVABLES INC., AND CREDIGY**
    MILLER; RICARDO VENTURA;           )  **SOLUTIONS INC.'S NOTICE OF**
17  BRETT BOYDE; PAULO PERES;          )  **MOTION AND MOTION FOR**
    THOMPSON; and DOES 1-10, inclusive,)  **PROTECTIVE ORDER; DECLARATION**
18                                     )  **OF DAVID J. KAMINSKI**
                                       )
19              Defendants.            )  Date: June 4, 2008
                                       )  Time: 9:30 a.m.
20                                     )  Location: U.S. District Court,
                                       )  280 S. 1st Street, San Jose, CA
21                                     )
                                       )
22  _____

23

24

25

26

27

28

---

05712.00:143993                        1
                     MOTION FOR PROTECTIVE ORDER          Case No. C07 05658 JW RS

PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 4, 2008 at 9:30 a.m. in United States District Court for the Northern District of California located at 280 South First Street, San Jose, California, Defendants CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC, LUIS RENATO SILVA NUNES erroneously sued and served as RYAN MILLER, BRETT BOYDE, and PAULO PERES will herein move for a Protective Order prohibiting Plaintiffs from requiring Defendants to produce Luis Renato Silva Nunes, (erroneously sued and served as Ryan Miller), Paulo Peres, Ricardo Ventura, and Thompson (aka Rita de Cassia Goncalves) in response to Plaintiffs' noticed depositions scheduled for May 1, 2008 and May 2, 2008.

This Motion is made pursuant to *Federal Rule of Civil Procedure*, Rule 26(c) and on the grounds that deposition of these foreign nationals in the United States is impossible at this time given that these Defendants need to obtain visas for international travel, and that Defendants Ventura and Goncalves are unable to be located by Defendants' counsel.

This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of David J. Kaminski Esq., and Exhibits in Support thereof, and any other such matters that may presented at the time of the hearing.

DATED: April 30, 2008             CARLSON & MESSER LLP

                                  By: _____
                                  David J. Kaminski, Esq.
                                  Stephen A. Watkins, Esq.
                                  Attorneys for Defendant,
                                  CREDIGY SERVICES CORPORATION,
                                  CREDIGY RECEIVABLES INC., CREDIGY
                                  SOLUTIONS INC., BRETT BOYDE,
                                  PAULO PERES, and RYAN MILLER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action arises from a dispute regarding debt collection. Plaintiffs Miguel and Luz Fausto ("Plaintiffs") allege that Defendants Credigy Services Corporation, Credigy Receivable Inc, and Credigy Solutions Inc.("Credigy")'s collection efforts with regard to Plaintiffs' debt violated the Fair Debt Collection Practices Act and the Rosenthal Act, among other laws. Plaintiffs also sued individual defendants Luis Renato Silva Nunes (erroneously sued and served as Ryan Miller), Paulo Peres, Brett Boyde, Ricardo Ventura, and Thompson (aka Rita de Cassia Goncalves) in their individual capacity as employees of Credigy (together with Credigy "Defendants") during the times alleged in their First Amended Complaint ("FAC").

Plaintiffs allege that Individual Defendants Ventura, Peres, Nunes and Goncalves were employed at a Credigy call center in Brazil at the times alleged in the First Amended Complaint ("FAC").

On April 4, 2008, Plaintiffs served Credigy with Deposition notices for the following individual Defendants:

Thompson (aka Rita de Cassia Goncalves), set for May 2, 2008 in Atlanta, Georgia;

Ricardo Ventura, set for May 1, 2008 in Atlanta, Georgia;

Paulo Peres, set for May 2, 2008 in Atlanta, Georgia; and

Ryan Miller (aka Luis Renato Silva Nunes), set for May 1, 2008 in Atlanta, Georgia.

All four prospective deponents are residents of Brazil. This presents numerous issues that make it impossible to produce the deponents for deposition in the United States within the time specified by Plaintiffs, including the fact this would require that they obtain visas for international travel. Moreover, Defendants have been unable to contact defendants Thompson and Ventura, who are no longer employees of Credigy, and they have no information regarding their actual current whereabouts. As set forth in greater detail below, these issue provide good cause for this Court to issue a protective order holding that the individual Defendants Goncalves, Ventura, Peres and Nunes do not have to appear for their currently scheduled depositions.

## II. THIS COURT HAS BROAD POWERS TO ISSUE A PROTECTIVE ORDER

This Court has broad discretion in controlling discovery. *Little v. City Seattle,* 863 F.2d 681 (9th Cir. 1998). Pursuant to *Federal Rule of Civil Procedure* 26 (c), upon a showing of good cause, the Court may issue any protective order "which justice requires to protect a party or a person from annoyance, embarrassment, oppression or undue burden or expense . . . ." To obtain a protective order, the moving party bears the burden of showing "good cause" by demonstrating harm or prejudice that will result from the discovery. *Rivera v. Nibco*, 364 F.3d 1057, 1063 (9th Cir. (2004). As will be argued below, because the individuals that are the subject of Plaintiffs' noticed deposition cannot be produced in the time requested by Plaintiffs, this Court should issue a Protective Order.

## III. GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER

### A. Defendants are Entitled to Have Their Depositions Taken in Their Native Country

As a general proposition, a non-resident defendant is entitled to have his deposition taken at his residence. "There is a general presumption that the deposition of a defendant should be conducted in the district of his residence." *Doe v. Karadzic* (S.D.N.Y. Feb. 3, 1997) 1997 U.S. Dist. LEXIS 1073 ; *See also Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989).

Plaintiffs have ignored the preference of federal courts that the deposition of a foreign defendant be taken in the district of their residence, and noticed the deposition of four Brazilian nationals in the United States.

### B. Plaintiffs Must Show Good Cause to Take the Deposition of Defendants Somewhere Other Than Their Principal Place of Business

In *Chris-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605 (N.D. Ill. 1999), the court granted defendant corporation's motion for a protective order insofar as plaintiff company sought to depose defendant's foreign employees. The *Chris-Craft* court ruled that pursuant to Fed. R. Civ. P. 26, the general rule was that the deposition of a corporation by its agents and officers should be taken at the corporation's place of business. *Id.* at 607. Because the depositions were

1  noticed to be taken at a location other than defendant's principal place of business, there was good
2  cause for the protective order and plaintiff failed to show that there were unusual circumstances to
3  deviate from the general rule. *Id.* at 607-608. *See also Zane S. Blanchard & Co. v. PSPT Ltd.*,
4  1995 U.S. Dist. LEXIS 7289 (D.N.H. May 18, 1995) (holding same).

5      Similarly, in this case, individual Defendants Peres and Nunes are not employees of
6  Credigy Services Corporation, Credigy Receivable Inc., or Credigy Solutions Inc., but they are
7  employees of Credigy Solucoes. The principal place of business of that corporation <u>is Sao Paulo,</u>
8  <u>Brazil, not Atlanta, Georgia</u>, where the depositions of those Plaintiffs are currently scheduled. As
9  the depositions of Defendants are not noticed for the location of their principal place of business, it
10 is <u>Plaintiffs</u>' burden to show good cause.

11     Moreover, individual Defendants Goncalves and Ventura, are former employees of Credigy
12 Solucoes. Plaintiffs have an even greater burden to show why these individuals who do not have
13 any current affiliation with Credigy should be produced for deposition in the United States.

14 **C.**    **<u>Defendants' Appearance at the Deposition Date Currently Scheduled is an</u>**
15     **<u>Impossibility</u>**

16     Plaintiffs' unilateral scheduling of depositions violated the spirit of the discovery laws.
17 *See Simmons v. Am. Airlines Inc.*, 2003 U.S. Dist. LEXIS 23759 (D.V.I. Nov. 7, 2003)(court held
18 that unilaterally noticed depositions were contrary the cooperative discovery procedures
19 encouraged by U.S. Dist. Ct., D. V.I., R. 26.2(b)(1) and therefore plaintiffs were entitled to a
20 protective order). The depositions of all of the Brazilian defendants are impractical as a result.

21     **1.**    **<u>Defendants Peres and Nunes</u>**

22     Plaintiffs' noticed depositions fail to accommodate the reality that Plaintiffs seek the
23 deposition of foreign nationals who are not readily available to travel to the United States within a
24 few weeks' notice. As Defendants have repeatedly informed Plaintiffs, Defendants Peres and
25 Nunes do not currently possess visas for foreign travel. Even if Defendants Peres and Nunes
26 attempted to obtain visas upon receiving Plaintiffs' deposition notices, they still would not have
27 received them before the date of the deposition.
28

### 2. Defendants Ventura and Goncalves

Defendants have been unable to locate former employees Ventura and Goncalves. Although Defendants previously stipulated to accept service of the summons and complaint on behalf of Ventura and Goncalves, this issue is currently the subject of a motion for relief from Stipulation to be filed on May 1, 2008. Therefore, as of the date of this Motion, Plaintiffs' noticed depositions are impossible.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion and order that individual Defendants Goncalves, Ventura, Peres and Nunes do not have to appear for their currently scheduled depositions.

DATED: April 30, 2008

CARLSON & MESSER LLP

By: _____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, PAULO PERES, and RYAN MILLER

## DECLARATION OF DAVID J. KAMINSKI

I, David J. Kaminski, declare as follows:

1. I am an attorney at law, licensed to practice before all of the courts of the State of California and a member of the law firm of Carlson & Messer LLP, attorneys of record for CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC, RYAN MILLER, BRETT BOYDE, and PAULO PERES ("Defendants") in the above-captioned action brought by Plaintiffs MANUEL G. FAUSTO and LUZ FAUSTO ("Plaintiffs").

2. The facts set forth herein are true to my own personal knowledge, and if called upon, and sworn as a witness, I could and would competently testify thereto.

3. On April 4, 2008, Plaintiffs served Credigy with Deposition notices for the following individual Defendants:

Thompson (aka Rita de Cassia Goncalves), set for May 2, 2008 in Atlanta, Georgia;

Ricardo Ventura, set for May 1, 2008 in Atlanta, Georgia.;

Paulo Peres, set for May 2, 2008 in Atlanta, Georgia; and

Ryan Miller (aka Luis Renato Silva Nunes), set for May 1, 2008 in Atlanta, Georgia.

All four prospective deponents are residents of Brazil.

4. Individual Defendants Nunes and Peres are not employees of Credigy Services Corporation, Credigy Receivable Inc, and Credigy Solutions Inc., but they are employees of Credigy Solucoes. The principal place of business of that corporation is Sao Paulo, Brazil, not Atlanta, Georgia, where the depositions of those Plaintiffs are currently scheduled.

5. Defendants have repeatedly informed Plaintiffs that Defendants Peres and Nunes do not currently possess visas for foreign travel.

6. Even if Defendants Peres and Nunes attempted to obtain visas upon receiving Plaintiffs' deposition notices, they still would not have received them before the date of the deposition.

7. Individual Defendants Ventura and Goncalves Defendants are former employees of Credigy Solucoes and have no current affiliation with Credigy.

05712.00:143993

7

**MOTION FOR PROTECTIVE ORDER**  Case No. C07 05658 JW RS

8.  Defendants have still been unable to locate former employees Ventura and Goncalves and they are currently unable to produce them for deposition in the United States.

9.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __30th__ day of April 2008, at Los Angeles, California.

_____
David J. Kaminski