Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSÈ DIVISION**

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: C07-05658 JW RS <br><br> **REPLY REGARDING PLAINTIFFS' MOTION TO COMPEL** |

I.   **BACKGROUND**

Defendants' counsel has gone to extraordinary lengths to obstruct discovery, and to attempt to prevent Plaintiffs from getting to the truth in this case. Defendants' counsel signed a stipulation that was filed with the Court, stating they represented certain defendants and would answer on their behalf by a certain date. Docket #16. Relying on Defendants' counsel

representations, Judge Ware ruled that a pending motion to extend time to serve certain Defendants was moot, and therefore vacated. Docket# 17.[1] Emboldened by their ability to mislead not only Plaintiffs' counsel, but the Court, Defendants then willfully failed to appear for duly noticed depositions on May 1st and 2nd of 2008, having not first obtained an Order from the Court excusing their attendance,[2] and refused to answer any questions regarding entire topic areas at its F.R.C.P. 30(b)(6) deposition (including any questions regarding their financial condition)[3].

Furthermore, consistent with their brazen and willful failures to abide by the Federal Rules of Civil Procedure, Defendants refused to provide complete Initial Disclosures, and properly respond to written discovery. Defendants now oppose Plaintiffs' motion to compel by indicating they have complied **<u>in part</u>**, and by **<u>promising</u>** to make some disclosures at an unspecified future date![4] The problem with Defendants' strategy is that they wish to transform the Federal Rules of Civil Procedure, "a structure of well defined rights and obligations to a system of suggested, but non-binding, guidelines." *Eldaghar v. City of New York*, 2003 U.S. Dist. Lexis 19247 (S.D. NY 2003). This Court must compel compliance with the Federal Rules of Civil Procedure.

## II. <u>IN THEIR INITIAL DISCLOSURES AND IN THEIR REPLY TO PLAINTIFFS' INTERROGATORIES, DEFENDANTS FAILED TO PRODUCE THE LAST KNOWN ADDRESSES AND PHONE NUMBERS OF THEIR COLLECTORS</u>

Pursuant to F.R.C.P. 26(a)(1)(A)(i) Defendants were required to produce the last known address and telephone numbers of potential witnesses as part of its initial disclosures. However,

---

[1] Despite repeated assurances Defendants have done nothing to bring its conduct to the Court's attention, and have not moved to set aside the stipulation in anyway, allowing their false statements to remain on the Court docket, and demanding, in letters, those individuals have not been served (since Defendants' counsel never really represented them). Nor had Defendants' counsel moved to withdraw from its representation.

[2] Indeed, Defendants waited until the day before the depositions to file a Motion for Protective Order, have failed to provide <u>any</u> alternative dates for the depositions or <u>any</u> plan as to when the parties can conduct the depositions.

[3] *See Declaration of Balám O. Letona in Support of Reply Regarding Plaintiffs' Motion to Compel*

[4] *See Opposition to Motion to Compel page 4, line 7*

in its initial disclosures Defendants have failed to provide the *last known* home addresses and telephone numbers for Defendants Ryan Miller (a.k.a. Luis Renato Silva Nunez), Paulo Peres, Ricardo Ventura, Brett Boyde, and Thompson. In the disclosures, Defendants produced only a Crediqy business address (or former business address) for these witnesses[5]. Later Defendants produced some addresses and **NO** telephone numbers[6]. That is, with the exception of Ricardo Ventura, Defendants have failed to indicate whether it has provided the *last known* address of the only other collector's address it has provided, Defendant Thompson. It has provided no addresses with respect to the others[7].

This Court has criticized and sanctioned unscrupulous debt collectors for playing such discovery games, and for putting the Plaintiffs and the Court through a meaningless exercise. *Grinzi v. Curtis Barnes*, 2004 U.S. Dist. LEXIS 20979, *4 *(N.D. Cal. 2004)*. Defendants must supplement its Initial Disclosures and produce this information.[8]

Additionally, **Interrogatories 4-9, Set 2**, also requested the *last known* home address and telephone number for the debt collectors who worked on Plaintiffs' account.

**Interrogatories 4-9** are as follows:

4. Identify the full legal name of Brett Boyde, last known address and phone number.

5. Identify the full legal name of Paulo Peres, last known address and phone number.

6. Identify the full legal name of Luis Renato Silva Nunez, last known address and phone number.

---

[5] *See Declaration of Balám O. Letona in Support of Reply*

[6] *See Declaration of Balám O. Letona in Support of Reply*

[7] *See Declaration of Balám O. Letona in Support of Reply*

[8] Defendants must provide the information required by F.R.C.P. 26. Indeed, courts have even ruled that a party may not satisfy the obligation to provide addresses and telephone numbers of employees by simply providing the employer's business address and telephone number. *Dixon v. Cerrtainteed Corp.*, 164 F.R.D. 685 (D. Kan. 1996). Nor is the obligation satisfied by stating that the potential witnesses can be contacted through counsel. *Viveros v. Nationwide Janitorial Association, Inc.*, 200 F.R.D. 681 (N.D. Ga. 2000).

7. Identify the full legal name of Moises Moteli, last known address and phone number.

8. Identify the full legal name of Ralph Phillips, last known address and phone number.

9. Identify the full legal name of Thomson, last known address and phone number.

Defendants have failed to provide the last known home addresses, and telephone numbers, under oath, as required by **Interrogatories 4-9.** In *Steinbach v. Credigy Receivables, Inc.*, 2006 U.S. Dist. LEXIS 20083 (W.D. KY 2006), these very same Defendants were Order by the Court to supplement nearly identical discovery demands. Id. at *6 and *15-20.

A general statement that Defendants have produced some information is not sufficient.[9] Defendants have put forth no evidence they have complied with their discovery obligations. Tellingly, Defendants' Opposition completely fails to even address Plaintiffs' Motion to Compel **Interrogatories 4-9**. Additionally, other courts deciding FDCPA matters have compelled answers to nearly the very same question herein. *Yancey v. Hooten*, 180 F.R.D. 203, 208 (D. Conn. 1998).

Moreover, Defendants' counsel's letter of March 27, 2008, merely informs Plaintiffs that Defendants' counsel wished to retract his stipulation in which he stated he represented certain Defendants, and agreed to answer on their behalf. It then goes on to provide alleged addresses for Ricardo Ventura and Rodrigo Goncalves, a person it stated was Defendant Thompson, and now admits is **NOT** Defendant Thompson.

To make matters worse, Defendant now refuses to accept service for the person it has now identified as Defendant Thompson, a.k.a Rita Goncalves, despite its earlier Stipulation

---

[9] *See Declaration of Balám O. Letona in Support of Reply* -The fact that Defendants provided documents that have a 2008 address for Thompson (a.k.a Rita Goncalves), and an old 2005 address for Paulo Peres, does not satisfy their obligation to provided *verified* Interrogatory responses containing the *last known* addresses **and** telephone numbers.

relied on by Judge Ware that it would answer for that person[10]  In addition, Defendants Credigy have reneged on their stipulation to accept service and answer for Ricardo Ventura, and Mark Doe (a.k.a Mark De Luca Ferrao).  Regardless, the letter fails to state whether they have provided the *last known* addresses, and nowhere does the letter provide the last known telephone numbers![11]  Furthermore, the letter is not a verified Interrogatory response as required by the rules.

Just as Defendants misled Judge Ware, they now seek to mislead this Honorable Court. Defendants' opposition argues, "prior to mediation on April 24, 2008, Defendants provided Plaintiffs with employee records of the individual Defendants, which included address and telephone information to the extent it was contained in those documents."[12]  However, there was no telephone information contained in those documents[13].  Additionally, producing personnel files (that do not contain phone numbers) for some potential witness does not satisfy Defendants' obligation to provide *last known* home addresses and telephone numbers for all the potential witnesses as demanded by **Interrogatories 4-9**.

It has become a tactic by unscrupulous debt collectors to suddenly spring witnesses at the time of trial. *Stover v. Northland Group, Inc.*, 2007 U.S. Dist. LEXIS 49029 (W.D. NY 2007)(precluding a debt collector from testifying when not properly disclosed in Rule 26 disclosures, and in response to interrogatories); this tactic should not be condoned by this Court.

---

[10] *See Declaration of Balám O. Letona in Support of Reply*

[11] The fact that Defendants provided personnel documents that have a 2008 address for Thompson (a.k.a Rita Goncalves), and an old 2005 address for Paulo Peres, does not satisfy their obligation to provided *verified* Interrogatory responses containing the last known addresses and telephone numbers.

[12] Defendants fail to inform this Court the Motion to Compel was filed April 16, 2008, well before the Mediation.

[13] *See Declaration of Balám O. Letona in Support of Reply*

Finally, Defendants have failed to even allege they conducted a diligent search and reasonable inquiry for this information. In light of all of Defendants shenanigans in this case, Defendants should not be allowed to continue to conceal the whereabouts of witnesses.

### III.  DEFENDANTS FAILED TO PRODUCE PERSONNEL FILES

Plaintiffs seek to compel the production of personnel files. **RPD 22-28**. Defendant Credigy has been compelled by Courts to produce this information before, and is well aware it is discoverable. *Steinbach v. Credigy Receivables, Inc. et al.*, 2006 U.S. Dist. LEXIS 20083, *50 (W.D. KY 2006).

Defendants' opposition argues it has already produced personnel files for the individual Defendants. Producing personnel files for *some* potential witness does not satisfy Defendants' obligation to provide personnel files of *all* potential witnesses as demanded by **RPD 22-28**. Defendants have failed to provide any personnel files for: 1) Moises Moteli and 2) Ralph Phillips- two collectors who worked on Plaintiffs' account and made false and deceptive statements in a attempt to collect the disputed debt[14]. Defendants must produce information relating to all the collectors that worked on Plaintiffs' account. *Steinbach v. Credigy*, 2006 U.S. Dist. LEXIS 20083, *6 ("Defendants' response by providing plaintiff with the requested information as to those employees who worked plaintiffs' account is sufficient.").

Finally, Defendants have failed to even allege they conducted a diligent search and reasonable inquiry for this information. In light of all of Defendants shenanigans in this case, Defendants should not be allowed to continue to conceal this information.

### IV.  DEFENDANTS FAILED TO PRODUCE DOCUMENTS RELATING TO THEIR FINANCIAL CONDITION

In their Opposition Defendants fail to argue that the financial records sought are not

---

[14] *See Declaration of Balám O. Letona and the Declaration of Luz Fausto In Support of Reply Regarding Plaintiffs' Motion to Compel*

discoverable. See, *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281 (C.D. CA 1998)(allowing discovery of financial condition). Thus, Defendants have abandoned their original objections and have conceded the point.

Defendants now argue that, "[a]fter a dutiful search and reasonable inquiry, Defendants were unable to locate any further document relating to Defendants' request.[15]" However, Defendants again are misleading this Court. Indeed, Defendant Credigy Solutions, Inc. did not provide *any* responsive documents. Thus, since Defendant Credigy Solutions, Inc. has no document at all regarding its financial condition, Plaintiffs must conduct oral discovery to obtain evidence of financial condition and net worth. *Armamburu v. Healthcare Fin. Servs.*, 2007 U.S. Dist. LEXIS 49039 (S.D. NY 2007)("I find that further examination of Rule 30(b)(6) witness with more knowledge is appropriate to allow plaintiff to obtain further information pertaining to defendant's financials and net worth, and conduct discovery with regard to possible spoliation charges.").

Of course, it is inconceivable that Defendant Credigy Solutions, Inc. does not have ANY tax returns from the last three years, and that the other two Credigy entities, do not have any financial statements, etc. from the last three years. In the event documents were destroyed then Plaintiffs are entitled to oral discovery regarding spoliation. *Id.*

A. <u>CREDIGY SHOULD BE REQUIRED TO ANSWER QUESTIONS ABOUT ITS FINANCIAL CONDITION AT THE NEXT CONTINUED DEPOSITION</u>

Plaintiffs attempted to inquire about these financial documents and Defendants' financial condition at the recent F.R.C.P. 30(b)(6) deposition. However, Defendants' counsel refused to let the corporate designee testify about financial condition in any regard, and refused to produce

---

[15] See Opposition to Motion to Compel page 3, line 22

any financial documents at the deposition[16]. Now, after being convinced by Plaintiffs' Motion to Compel, Defendants has produced *some* of the documents demanded. In an effort to conserve time, fees, and judicial resources, the Court should order Defendants to answer questions regarding financial condition, and of the few tax documents produced, at the continued deposition. *Armamburu v. Healthcare Fin. Servs.*, 2007 U.S. Dist. LEXIS 49039 (S.D. NY 2007)("I find that further examination of Rule 30(b)(6) witness with more knowledge is appropriate to allow plaintiff to obtain further information pertaining to defendant's financials and net worth, and conduct discovery with regard to possible spoliation charges."), otherwise Plaintiffs will be forced to bring *another*, albeit necessary, Motion to Compel to address this issue. Also see, *Scott v. Universal Fidelity Corp.*, 42 F. Supp. 2d 837, fn. 2 (N.D ILL 1999).

B. DEFENDANTS MUST PRODUCED DOCUMENTS IN THEIR CUSTODY AND/OR CONTROL, INCLUDING DOCUMENTS HELD BY ITS AGENTS

Furthermore, Defendants are required to produce documents not only in their possession, but also documents under their *custody* and/or *control*. Control means documents that may also be held for Defendants by an agent of Defendants, such as an attorney or accountant. *Johnson v. Askin Capital Management, L.P.*, 202 F.R.D. 112, 113 (S.D. NY 2002)(A party must provide documents in the possession of its present or former counsel) and *Wardrip v. Hart*, 934 F. Supp. 1282, 1286(D. Kan. 1996)(financial records of defendant in possession of defendant's accountant are in defendant's control). Also see, *In re Legato Systems, Inc. Sec. Litig.*, 204 F.R.D. 167, 169 (N.D. Cal. 2001).[17] Defendants have made no affirmative statement that they inquired about

---

[16] *See Declaration of Balám O. Letona in Support of Reply*

[17] *See the Declaration of Balám O. Letona in Support of Reply* - The unsigned, un-audited, 2006 tax returns provided by Credigy Receivables, Inc. and Credigy Services Corp indicates the name of their accountant. This national Big-5 accounting firm should have the financial statements, tax returns, etc., Plaintiffs have demanded.

these documents with any of their agents or affiliates[18].

### C. DEFENDANTS MUST PRODUCE DOCUMENTS HELD BY ITS CORPORATE ENTITIES, PARENTS AND SUBSIDIARIES

Defendants must also seek this information from their corporate parents and related corporate entities. It is well established that a district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) if those documents are under the custody or control of a party to the litigation. *See, e.g., Societe Internationale Pour Particpacions Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958); *Evenflo Co., Inc. v. Hantec Agents Unlimited*, 2006 U.S. Dist. LEXIS 36342, 2006 WL 1580221 (S.D. Ohio 2006); *Uniden America Corp. v. Ericsson, Inc.*, 181 F.R.D. 302, 305 (M.D.N.C. 1998); *Hubbard v. Rubbermaid*, 78 F.R.D. 631, 637 (D.Md. 1978). "'Control' has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought on demand." *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000) (citations omitted)(applying the interpretation of control under Rule 34 to a Rule 45 subpoena). In *Hubbard v. Rubbermaid*, 78 F.R.D. 631, 637 (D. MD. 1978), the Court ordered a Defendant to produce documents in the possession of two wholly owned nonparty subsidiaries. Moreover, "[t]he specific form of the corporate relative involved does not matter, *i.e.*, whether it is a parent, sister, or subsidiary corporation. Courts are able to disregard corporate form to prevent, among other things, "misleading actions whereby corporations try to hide documents or make discovery of them difficult." (internal citations omitted). *Steele Software Sys. v. Dataquick Info. Sys.*, 237 F.R.D. 561, 564 (D. MD 2006).

In July 2006, National Bank Financial, a subsidiary of the National Bank of Canada, acquired Credigy Ltd., the holding company for the three Credigy Defendants herein.[19] As such,

---

[18] *See the Declaration of Balám O. Letona in Support of Reply*

Defendants must obtain and produce whatever responsive documents its other corporate related entities possess, including Credigy Ltd., National Bank Financial and Putnam Lovell NBF Securities, the entity that arranged the acquisition.

D. THIS COURT SHOULD ORDER DEFENDANTS TO SIGN CONSENT FORMS SO THAT PLAINTIFFS' MAY OBTAIN THE REQUESTED DOCUMENTS

Furthermore, this Court can order Defendants to sign consent forms so that Plaintiffs can obtain these documents from those third parties who have custody of them. *United States ex rel. Woodard v. Tynan*, 776 F.2d 250, 252 (10th Cir. 1985) (en banc)("Federal district courts have ordered defendants to request release of their records from other parties maintaining custody of them so that the defendants could comply with discovery obligations in federal civil proceedings. We hold that such an order is within the power of the federal district court and is appropriate in the instant case. (citations omitted)"); *Preservation Prods., LLC v. Nutraceutical Clinical Labs. Int'l, Inc.*, 214 F.R.D. 494, 496 (N.D. Ill. 2003) ("The fact that [defendant] does not currently have copies in his possession is not significant because he has control' of those documents by signing the necessary request form."); *Powell v. Merrimack Mut. Fire Ins. Co.*, 80 F.R.D. 431, 433 (N.D. Ga. 1978) (ordering plaintiff to sign Internal Revenue Service ("IRS") form granting defendant access to plaintiff's IRS records); *Karlsson v. Wolfson*, 18 F.R.D. 474, 476-77 (D. Minn. 1956) (ordering party to provide opponent with signed authorization for release of tax

---

[19] https://www.nbc.ca/bnc/cda/newsdetail/0,2714,articleCode-14021_divId-2_langId-1_navCode-6100_viewFilter-2006,00.html:
Montreal, 26 July 2006 – National Bank of Canada announced today that its subsidiary, National Bank Financial (NBF), has completed the purchase of a majority interest in Credigy Ltd., a privately held purchaser of and service-provider for distressed receivables. Credigy owns and manages portfolios focusing mainly on US based distressed consumer receivables, utilizing a unique web-based servicing and collection platform. Credigy will continue to emphasize the US market as it expands its portfolio acquisition and servicing activities. The distressed consumer debt market is a distinct and growing asset class which is uncorrelated to NBF's existing operations and at the same time offers an extension of NBF'S other asset trading activities.
Brett M. Samsky, Chief Executive Officer, and Steve Stewart, President, founded Credigy in 2001. They will continue to lead the firm and retain the remaining equity in the company.

National Bank Financial Inc. received financial advice in this transaction from Putnam Lovell NBF Securities.
also see http://findarticles.com/p/articles/mi_hb5559/is_200607/ai_n22523685, and
http://money.canoe.ca/News/Sectors/BanksFinance/2008/01/30/4802549-cp.html.

returns in custody of federal, state, municipal, and foreign entities if documents were not in party's possession); *Paramount Film Distrib. Corp. v. Ram*, 91 F.Supp. 778, 781-82 (E.D. S.C. 1950) (ordering defendants to produce tax returns and bank records in custody of governmental agencies, banks, and third parties or, if not in defendant's possession, to authorize plaintiffs' attorneys access to such documents).

### E. DEFENDANT HAS ARGUED THESE ISSUES BEFORE

Credigy is not in an unfamiliar position. In *Steinbach v. Credigy*, 2006 U.S. Dist. LEXIS 20083 (W.D. KY 2006), Credigy repeatedly argued that it had produced all relevant documents and fully responded to interrogatories. The Court overruled those objections and still compelled compliance with the discovery demands and production of any documents that did exist. *Steinbach v. Credigy*, 2006 U.S. Dist. LEXIS 20083,*23-24, 25-26, and 27. Defendants must produce any documents in their possession, custody or control.

Thus, in light of all of the above, this Court should: 1) order Defendant's to answer questions about its net worth, financial condition, and financial statements, at its continued F.R.C.P. 30(b)(6) depositions, 2) Order Defendants to produce any responsive documents in its possession, and/or custody and/or control (which includes those held by its agents), and 3) provide Plaintiffs' with signed authorization for release of financial statements and/or tax returns, from the past three years, filed with any federal state, municipal, and foreign entities, governmental agencies and banks, or other companies (including, but not limited to, Defendants' accountant, the IRS, Credigy Ltd., Putnam Lovell NBF Securities).

### V. DEFENDANTS HAVE REFUSED TO PROVIDE DOCUMENTS WITH RESPECT TO INFORMATION TRANSMITTED TO CREDIT REPORTING AGENCIES

RPD, Set 2, Number 15 (**Exhibit 2**), reads:

15. Any documents showing Defendants submitted the alleged debt to a credit reporting

agency.

In its Opposition Defendant promised to produce this information in the future, but fails to state when. The responses were due months ago. Furthermore, as the above shows, Defendants have a tendency to file documents with the Court, only to later reverse position and claim they did not mean what they said. Furthermore, though Defendants agreed to supplement said request they have failed to do so, just as they have done before. *See Steinbach v. Credigy Receivables, Inc.*, 2006 U.S. Dist. LEXIS 20083, *29 (W.D. KY 2006). To avoid any confusion Defendants must be ordered to produce those documents.

## VI. CONCLUSION

For the reasons stated above Plaintiffs respectfully request an Order requiring Defendant to produce and/or supplement, within 7 days:

1) Initial disclosures (regarding names, last known residence addresses and telephone numbers)
2) Interrogatories #4-9 (regarding names, last known residence addresses and telephone numbers)
3) Request for Production of Documents #22-28 (regarding personnel files)
4) Request for Production of Documents, Set 2, #6-14 (regarding financial documents), and
    a. Answer questions about its net worth, financial condition, and financial statements, at its continued F.R.C.P. 30(b)(6) deposition,
    b. Produce any responsive documents in its possession, and/or custody and/or control (which includes those held by its agents), and
    c. Provide Plaintiffs' with signed authorization for release of financial statements and/or tax returns, from the past three years, filed with any federal state, municipal, and foreign entities, governmental agencies and banks, or other companies (including, but not limited to, Defendants' accountant, the IRS, Credigy Ltd., Putnam Lovell NBF Securities).
5) Request for Production of Documents, Set 2, #15 (regarding credit reporting).

Respectfully submitted,

/s/
Balám Letona