EXHIBIT A

1  Ronald Wilcox SBN 176601
   LAW OFFICE OF RONALD WILCOX
2  2160 The Alameda, 1st Flr., Suite F
   San José, CA 95126-1001
3  Tel: (408) 296-0400
4  Fax: (408) 296-0486
   Email: ronaldwilcox@yahoo.com
5
   Balám O. Letona SBN 229642
6  LAW OFFICE OF BALÁM O. LETONA, INC.
   1347 Pacific Avenue, Suite 203
7  Santa Cruz, CA 95060-3940
   Tel: (831) 421-0200
8  Fax: (831) 621-9659
   Email: letonalaw@gmail.com
9
   Attorney for Plaintiffs
10

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO,<br>Plaintiffs,<br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive,<br>Defendant(s). | Case# 07-05658 JW RS<br><br>STIPULATION REGARDING SERVICE ON CERTAIN INDIVIDUAL DEFENDANTS |
| MARTHA VASQUEZ PINTOR,<br>Plaintiffs,<br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, MARK DOE and DOES 1-10, inclusive,<br>Defendant(s). | Case# 07-06428 JF HRL |

STIPULATION REGARDING SERVICE ON CERTAIN INDIVIDUAL DEFEDANTS
Page 1

David Kaminski, Counsel for Credigy Services Corp., Credigy Receivables, Inc., and Credigy Solutions, Inc. agrees to accept service on March 14, 2008, via fax of the Summons and Complaint on behalf of defendants RG Oncalve ("Thompson", as named in the *Fausto v. Credigy et al.*, complaint), Ricardo Ventura as named in the *Fausto v. Credigy et al.*, complaint, and Mark De Luca Ferrao ("Mark Doe" as named in the *Pintor v. Credigy et al.*, complaint).

Additionally, Mr. Kaminski has already accepted fax service for Paulo Peres, Luis Renato Silva Nunez (a.k.a Ryan Miller), in the *Fausto v. Credigy et al.*, matter, and will answer on their behalf, as well as Brett Boyde (who was personally served), in both the *Fausto v. Credigy et al.* matter, and *Pintor v. Credigy, et al.*, matter.

The six individual defendants above shall answer the complaints by March 28, 2008.

DATED: 3/14/08

_____
Ronald Wilcox, Counsel for Plaintiffs

DATED:

_____
David Kaminski, Counsel for Defendants
Credigy Solutions, Inc., Credigy Receivables,
Inc. and Credigy Service Corp., RG Olcave
(a.k.a Thompson), Ricardo Ventura, Mark De
Luca Ferrao (a.k.a Mark Doe), Brett Boyde,
Paulo Peres, Luis Renato Silva Nunez (a.k.a
Ryan Miller

**STIPULATION REGARDING SERVICE ON CERTAIN INDIVIDUAL DEFEDANTS**
Page 2

EXHIBIT B

| | |
|---|---|
| From: | Ronald Wilcox <ronaldwilcox@mac.com> |
| To: | "David J. Kaminski" <KAMINSKD@cmtlaw.com> |
| Date: | 4/9/2008 10:39 am |
| Subject: | Fausto v. Credigy, Depositions, Written Discovery |
| CC: | Balam Letona <letonalaw@gmail.com> |

Dear David,

1. DEFENDANTS' DEPOSITIONS

When we met and conferred about this case I asked whether the individual Defendants wanted to conduct their depositions in Brazil or the U.S. Defendants did not provide the information sought. On April 1, 2008 I then wrote you in an attempt to obtain Defendants' available deposition dates and schedule Defendants' depositions. I emphasized the Court's strict scheduling order. Defendants did not provide the information sought. On Friday, April 4, 2008 Plaintiffs noticed certain individual Defendants' depositions. I understand you have voiced an objection to the depositions, but have not sought any order from the court. Furthermore, Plaintiffs are concerned that you signed a stipulation agreeing to represent and Answer for Ricardo Ventura and Thompson (Rita Goncaves), which the Court relied on in taking a motion off calendar, but now claim you will not represent them, and will not produce for depositions.

Simply put, Plaintiffs seek to proceed in an efficient and orderly manner. Fortunately, the F.R.C.P. provides the litigants certain rules to insure that. If Defendants have some specific alternative to offer, including a designation of the time and place, then please promptly provide such for Plaintiffs' consideration. Otherwise, the F.R.C.P. indicates depositions proceed absent an order from the court.


2. PLAINTIFFS' DEPOSITIONS

On April 2, 2008 you indicated, for the first time, you would like to take the depositions of the Plaintiffs. However, you insisted these occur before the Mediation set for April 23, 2008, and before the requested and noticed depositions of the defendants mentioned above. As you know, Defendants were unable to commit to a Mediation date during our mandatory Pre-Mediation phone call, requiring the parties, and Mediator, to hold several follow-up phone calls to resolve the Defendants' inadequacy. During such conversations you and I recognized the only possible dates we had available were those selected in late April. Thus, you are aware that neither of our schedules allow for the taking of the Plaintiffs' depositions before the mediation.

Furthermore, refusing to respond to Plaintiffs' attempt to obtain Defendants' available deposition dates, and then demanding (in the same communication) immediate depositions of the Plaintiffs, is not appropriate. Of course, it is well understood, "Playing games: with deposition sequence is a poor tactic. It undermines professionalism and may violate local court rules (see above). Equally important, it

EXHIBIT C

is sure to raise the antagaonism level in the case, making further proceedings more costly and settlement more difficult!" Civil Procedure Before Trial, Weil & Brown, The Rutter Group ("TRG")[TRG 8:498]. Furthermore, "Even in the absence of statutory authority or rule, many judges prefer depositons to be taken and completed in the order noticed. Protective orders (see below) may be granted to prevent a party from unilaterally altering the sequence of depositions (e.g., by obtaining a continuance of his or her depositions and then noticing the deposition of the opponent). [See Young v. Rosenthal, 212 C.A.2d 3d 96, 106, 260 C.R.D. 363, 374, fn. 10] [TRG 8:497].

We are happy to agree to a deposition schedule which follows the sequence of when the depositions were noticed. Furthermore, we agree with your assessment that this case is extraordinarily complicated. Thus, we should work together, and within the F.R.C.P. to insure it moves forward in an efficient and timely manner. You are welcome to call me so we can try to cooperate on these matters.


3. WRITTEN DISCOVERY

Finally, after several meet and confer sessions you and I agreed on responding to discovery on shortened time, so that the parties would have the discovery they needed for a fruitful Mediation. We then reduced our agreement to writing. You have since indicated an unwillingness to abide by our agreement. Plaintiffs expect Defendants to honor the written agreement entered into, but are happy to discuss the matter.

Sincerely,

Ron


Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@mac.com

## CARLSON & MESSER LLP
### LAWYERS

JEFFERY J. CARLSON
CHARLES R. MESSER
DAVID J. KAMINSKI
LARISSA G. NEFULDA
EDGAR N. DE VERA
J. GRACE FELIPE
MARTIN SCHANNONG
STEPHEN A. WATKINS
MICHAEL P. LAVIGNE

5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045
TELEPHONE (310) 242-2200
FAX (310) 242-2222
WWW.CMTLAW.COM
E-MAIL: CMT@CMTLAW.COM

OF COUNSEL

JOSEPH R. ZAMORA *
JEANNE L. ZIMMER
W. MICHAEL HARTMAN

*CERTIFIED APPELLATE
LAW SPECIALIST
THE STATE BAR OF
CALIFORNIA
BOARD OF LEGAL
SPECIALIZATION

March 27, 2008

**VIA E-Mail**

Ronald Wilcox, Esq.
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126

    Re:    <u>Fausto, Manuel & Luz v. Credigy Services Corp.; Credigy Receivables, Inc.; et al.</u>
            Case No.: C07-05658 JW RS
            Our File No. 05712.00

Dear Ron:

      As you know, we previously entered into a Stipulation wherein Credigy agreed to accept service on behalf of Defendants Brett Boyde, Luis Renato Silva Nunes (aka Ryan Miller), Paulo A. Peres, Ricardo Ventura, and Rodrigo Goncalves De Pedreira (aka "Thompson").

      As you may recall, Ricardo Ventura and Rodrigo Goncalves De Pedreira are former Credigy employees and no longer work for Credigy. Credigy entered into the subject Stipulation with Plaintiff in an effort to help plaintiff resolve the service of process issues with respect to these former Credigy employees and to help move the case forward since the former employees are located in Brazil. We have attempted to locate these former employees but as of yet we are unsuccessful. In light of this, we have to retract our Stipulation to accept service on their behalf and serve an Answer on their behalf. Since we have not been able to contact them, we have not been able to obtain authority on behalf of these former employees to accept service on their behalf.

      With regard to Ricardo Arantes Boa Ventura, his last known address and contact information is as follows:

      Rue Edmundo de Amicis, 347, Sd Rannel, 05 632-070, Sao Paulo, Brazil.

      With regard to Rodrigo Goncalves De Pedreira, his last known address and contact information is as follows:

      Estr Do Campo Limpo, 6903 C80, Pirajussara, Sao Paulo, SP, Brazil.

05712.00:143100

Ronald Wilcox, Esq.
Re: <u>Fausto, Manuel & Luz v. Credigy Services Corp.; Credigy Receivables, Inc.; et al.</u>
March 27, 2008
Page 2

With regard to your attempt to serve these individuals, we would gladly stipulate to an extension of time for you to serve these individuals with the Court.

We apologize for any inconvenience this may have caused.

Very truly yours,

*[signature]*

David J. Kaminski
CARLSON & MESSER LLP

DJK:sv

cc:   Balam O. Latona (via e-mail).
      Stephen A. Watkins, Esq.

05712.00:143100

EXHIBIT D

# CARLSON & MESSER LLP
## LAWYERS

JEFFERY J. CARLSON
CHARLES R. MESSER
DAVID J. KAMINSKI
LARISSA G. NEFULDA
EDGAR N. DE VERA
J. GRACE FELIPE
MARTIN SCHANNONG
STEPHEN A. WATKINS
MICHAEL P. LAVIGNE

5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045
TELEPHONE (310) 242-2200
FAX (310) 242-2222
WWW.CMTLAW.COM
E-MAIL: CMT@CMTLAW.COM

OF COUNSEL

JOSEPH R. ZAMORA *
JEANNE L. ZIMMER
W. MICHAEL HARTMAN

*CERTIFIED APPELLATE
LAW SPECIALIST
THE STATE BAR OF
CALIFORNIA
BOARD OF LEGAL
SPECIALIZATION

April 8, 2008

**VIA E-MAIL**

Ronald Wilcox, Esq.
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126

Re: <u>Fausto, Manuel & Luz Fausto v. Credigy Services Corp.; Credigy Receivables, Inc.; et al.</u>
Case No.: C07-05658 JW RS
Our File No. 05712.00

Dear Ron:

This letter will discuss various matters in this case.

As you may recall, on April 2, 2008, I wrote an email to you regarding our request to schedule the depositions of Plaintiffs before the Mediation set for April 24, 2008. I have not yet heard back from you in this regard. In light of Plaintiffs' allegations in this case, the Mediation will not be productive if Plaintiffs are not deposed before the Mediation. Thank you for your cooperation in this regard.

With regard to the name "R. Goncalve" the correct "R. Goncalve" is: Rita De Cassia Goncalves. Her address is R. Maria Carlotta, 202 18 41 Sal Paulo, Brazil 03647-000. Ms. Goncalves is not a current employee of Credigy.

You have scheduled the deposition of Ricardo Ventura for Thursday May 1, 2008. As I explained to you in my letter dated March 27, 2008, Credigy cannot get hold of Mr. Ventura and therefore does not have authority to represent him and, therefore, cannot produce him for a deposition scheduled for May 1, 2008. The same is true with respect to the notice of deposition that you have attempted to schedule for May 2, 2008 at 1:00 p.m. as to R. Goncalve aka Rita De Cassia Goncalves (see discussion above). Credigy cannot get in touch with Ms. Goncalve and therefore cannot produce her for a deposition on May 2, 2008.

05712.00:143375

Ronald Wilcox, Esq.
Re: Fausto, Manuel & Luz Fausto v. Credigy Services Corp.; Credigy Receivables, Inc.; et al.
April 8, 2008
Page 2

With regard to the notices of deposition of Luis Rinato Silva Nines and Paulo Peres, the service of a deposition notice has to comply with the law in Brazil and could take up to several months. Visas have to be obtained, etc. Therefore, the depositions of the Brazil employees cannot go forward on May 1, 2008 and May 2, 2008. This also likely applies to former employees Defendants Ricardo Ventura and Rita de Cassia Goncalves. In addition, and as we discussed on April 7, 2008, I am out of town in Chicago on May 1, 2008.

During our conference on April 7, 2008, you stated that it is difficult to schedule the depositions of your clients before the Mediation due to your schedule. However, even though you had scheduled the deposition of the Credigy PMK in the Fausto and Pintor cases for April 22, 2008 and April 23, 2008, it may make more sense to have your clients deposed on April 23, 2008 before the April 24, 2008 Mediation.

With regard to the Initial Disclosures in the *Fausto* case that were required to be served on March 28, 2008, I received Plaintiff's Initial Disclosures on April 7, 2008. I thank you for your cooperation in that regard.

With regard to the deposition of Brett Boyde, we cannot produce Mr. Boyde on April 23, 2008. We will contact you to propose another deposition date.

With regard to the appearance of the individual defendants at the Mediation, you understand the individual defendants cannot be available. Judge Brazil may grant excused attendance on behalf of the individual defendants.

As we discussed, this case is logistically extraordinarily complicated. During our April 7, 2008 conference, we agreed again to work with each other, as we have in the past, to try to resolve and work through all of the logistics with respect to this case.

I thank you in advance for your anticipated courtesy and cooperation regarding the matters raised herein.

Very truly yours,

David J. Kaminski
CARLSON & MESSER LLP

DJK:am

cc: Balam O. Latona (via e-mail).
    Stephen A. Watkins, Esq.

05712.00:143375