1  Balám O. Letona, Bar No. 229642
   LAW OFFICE OF BALÁM O. LETONA, INC.
2  1347 Pacific Avenue, Suite 203
   Santa Cruz, CA 95060-3940
3  Tel: 831-421-0200
   Fax: 831-621-9659
4  Email: letonalaw@gmail.com

5
   Ronald Wilcox, Bar No. 176601
6  LAW OFFICE OF RONALD WILCOX
   2160 The Alameda, First Floor, Suite F
7  San Jose, CA 95126
   Tel: 408-296-0400
8  Fax: 408-296-0486
   Email: ronaldwilcox@post.harvard.edu
9
   Attorneys for Plaintiffs

10

11  **U.S. DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA**
12  **SAN JOSE DIVISION**

13  MANUEL G. FAUSTO and LUZ FAUSTO,        ) Case No.: C07-05658 JW RS
                                            )
14        Plaintiffs,                       ) **OPPOSITION TO DEFENDANT'S**
                                            ) **MOTION FOR PROTECTIVE ORDER**
15  v.                                      )
                                            )
16                                          ) Date:  June 4, 2008
    CREDIGY SERVICES CORPORATION,           ) Time:  9:30 a.m.
17  CREDIGY RECEIVABLES INC., CREDIGY       )
    SOLUTIONS INC., RYAN MILLER,            )
18  RICARDO VENTURA, BRETT BOYDE,           )
    PAULO PERES, THOMPSON and DOES 1-       )
19  10, inclusive,                          )
                                            )
20                                          )
         Defendants.
21
    _____
22

23      Defendants Ryan Miller (a.k.a Luis Renato Silva Nunez), Paulo Peres, Ricardo Ventura and

24  Thompson (a.k.a Rita De Casia Goncalves) have willfully failed to appear at duly noticed depositions

25  in Atlanta, GA, on May 1st and 2nd, 2008, without first obtaining a court order, and ignoring the fact

26  that, pursuant to Brazilian law, all counsel is subject to arrest if they conduct a deposition in Brazil.

27  //

28

- 1 -

OPPOSITION TO DEFENDANT'S IMPROPERLY FILED MOTION FOR PROTECTIVE ORDER

## I. BACKGROUND

Defendants' counsel has gone to extraordinary lengths to obstruct discovery, and to attempt to prevent Plaintiffs from getting to the truth in this case. Defendants' counsel signed a stipulation that was filed with the Court, stating they represented certain defendants and would answer on their behalf by a certain date. Docket #16[1]. Relying on Defendants' counsel representations, Judge Ware ruled that a pending motion to extend time to serve certain Defendants was moot, and therefore vacated. Docket# 17[2]. Emboldened by their ability to mislead not only Plaintiffs' counsel, but the Court, Defendants then willfully failed to appear for duly noticed depositions on May 1st and 2nd of 2008, having not first obtained an Order from the Court excusing their attendance[3].

Consistent with their brazen and willful failures to abide by the Federal Rules of Civil Procedure, Defendants refuse to provide complete initial disclosures, and respond to written discovery. The problem with Defendants' strategy is that they wish to transform the Federal Rules of Civil Procedure, "a structure of well defined rights and obligations to a system of suggested, but non-binding, guidelines." *Eldaghar v. City of New York*, 2003 U.S. Dist. Lexis 19247 (S.D. NY 2003). This Court must compel compliance with the Federal Rules of Civil Procedure.

## II. PLAINTIFFS' ATTEMPTS TO MEET AND CONFER

In meeting and conferring to file a Joint Case Management Statement, Plaintiff asked Defendants whether they wanted to conduct the individual Defendants depositions in Brazil or Atlanta, GA[4]. Defendants' counsel was unsure at that time.

---

[1] Defendants' counsel now admits they never spoke to Defendants Ricardo Ventura and Rita de Cassia Goncalves, and thus they are unable to locate them or represent them. Motion for Protective Order, 2:14, Docket #32.

[2] Indeed, Defendants waited until the day before the depositions to file a Motion for Protective Order, have failed to provide <u>any</u> alternative dates for the depositions or <u>any</u> plan as to when the parties can conduct the depositions.

[3] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶3.*

[4] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶4.*

On Tuesday, April 1, 2008, Plaintiff sent two emails again requesting whether Defendants wanted to conduct their depositions in Brazil or Atlanta, GA[5]. **Exhibit 1**. On April 2, 2008, Defendants replied stating, in part[6] **Exhibit 1**:

> "With regard to dates for the depositions of the individual Credigy defendants in Fausto, I will get back to you in that regard. In light of the fact certain individuals are located in Brazil, it is logistically very difficult to schedule. I have reviewed your suggestion for May 12-14, 2008. I am unavailable on those dates. I will call you tomorrow to discuss alternative dates. Thank you."

However, Defendants failed to provide available dates for depositions. Thus, on April 4, 2008, Plaintiffs noticed the individual Defendants depositions for May 1st and 2nd, 2008, in Atlanta, GA, near Credigy's global headquarters[7]. On April 9, 2008, Plaintiffs also sent Defendants an e-mail indicating the depositions would proceed absent an order from the Court[8]. **Exhibit 2**. The email stated in part:

**DEFENDANTS' DEPOSITIONS**

> "When we met and conferred about this case I asked whether the individual Defendants wanted to conduct their depositions in Brazil or the U.S. Defendants did not provide the information sought. On April 1, 2008 I then wrote you in an attempt to obtain Defendants' available deposition dates and schedule Defendants' depositions. I emphasized the Court's strict scheduling order. Defendants did not provide the information sought. On Friday, April 4, 2008, Plaintiffs noticed certain individual Defendants' depositions. I understand you have voiced an objection to the depositions, but have not sought any order from the court. Furthermore, Plaintiffs are concerned that you signed a stipulation agreeing to represent and Answer for Ricardo Ventura and Thompson (Rita Goncaves), which the Court relied on in taking a motion off calendar, but now claim you will not represent them, and will not produce for depositions.
>
> Simply put, Plaintiffs seek to proceed in an efficient and orderly manner. Fortunately, the F.R.C.P. provides the litigants certain rules to insure that. If Defendants have some specific alternative to offer, including a designation of the time and place, then please promptly provide such for Plaintiffs' consideration. Otherwise, the F.R.C.P. indicates depositions proceed absent an order from the court."

---

[5] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶5.*

[6] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶5.*

[7] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶6.*

[8] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶6.*

Plaintiffs sent another email on April 22, 2008, again indicating the depositions will proceed absent a court order.[9]

Despite the above Defendants refused to appear for their depositions on May 1st and 2nd, 2008, failed to timely obtain an order from the Court, and have offered *no* alternative dates or locations to taking their deposition. As such Defendant have not only willfully failed to appear, but are also in violation of N.D. C.A. L.R. 37, which requires they cooperate in scheduling depositions.[10]

Defendants have put forth the appearance that they are cooperating, but they are not. In one call Defendants indicated they were speaking with someone about obtaining visa's and would inform Plaintiffs the next days as to what the timetable would be for such. To date Defendants have failed to respond[11]. Furthermore, the individual Defendants have failed to put forth any personal declarations attesting to the fact that they do not possess visas to enter the U.S or the burden in obtaining a visa.

Even if Defendants do not have visas to enter the U.S., they should have made efforts to obtain such when they listed themselves as potential witnesses on the F.R.C.P. Rule 26 disclosures on March 24, 2008, or at the least when Plaintiff served the deposition notices on April 4, 2008. Nor have Defendants offered to conduct the depositions in Brazil or a nearby country in any way, or offered any plan to resolve this matter[12]. On April 7, 2008, Defendants' counsel stated he was speaking with a lawyer in Brazil on April 8, 2008 regarding obtaining visas and the best way to conduct the

---

[9] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶11.*

[10] N.D. Cal. L.R. 37-1. Procedures for Resolving Disputes.
    (a) Conference Between Counsel Required. The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. …

[11] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶7.*

[12] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶8.*

depositions, and would immediately inform Plaintiffs with the results of the conversation. Defendants have failed to respond to Plaintiffs regarding such[13].

Defendants had a duty under N.D. Cal. L.R. 37 to cooperate in scheduling these depositions. However, they have failed to appear, have not put forth any available date, or offered a plan to resolve this matter. As such, Defendants have ignored and not satisfied their obligations.

### A. **DEFENDANT'S WILLFULLY FAILED TO APPEAR AT DULY NOTICED DEPOSITIONS**

Under the FRCP Defendants were required to appear, or if they believed they had sufficient grounds, were required to obtain a Court Order excusing their appearance. Indeed, the failure to appear for a deposition, absent a protective order is sanctionable under FRCP 37. Any motion for a protective order must be timely since the motion itself does not stop the deposition. *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983). *See also, Goodwin v. Boston,* 118 F.R.D. 297 (D. Mass. 1988)(Defendants were required to pay costs and fees for failure to come to a deposition even though defendants had filed motion to quash, where filing the motion to quash did not automatically stay deposition). Nor is a parties' failure to appear cured by a promise to later submit to a deposition. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir. 1993)(repeated last minute cancellations constitute failure to appear, even if the deposing party was notified, or agreed to attempt to reschedule. Nor is a parties' failure to appear cured by a promise to later submit to a deposition.) Additionally, the failure to appear was inexcusable since Plaintiffs indicated they would proceed with the depositions absent a protective order, as required by the FRCP.

Courts within the Ninth Circuit have levied sanctions under 28 U.S.C. §1927 for a party's repeated discovery abuse and vexatious multiplication of the proceedings. *Rux v. Starbucks Corporation*, 2007 U.S. Dist. LEXIS 30180 (E.D. CA April 12, 2007). Also see, *Grinzi v. Barnes*,

---

[13] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶9.*

- 5 -

2004 U.S. District 20979 Lexis (N.D. Cal. 2004). Courts outside of the Ninth Circuit have also stated that sanctions can be imposed for behavior by counsel that disrupts a deposition pursuant to FRCP 30(d), 28 U.S.C. § 1927, and its inherent power. *Higginbotham v KCS Int'l, Inc.*, 202 FRD 444. (D. MD 2001).

This court has previously criticized and sanctioned debt collectors for attempting to ignore their discovery obligations relating to F.R.C.P. 26. *Grinzi v. Barnes*, 2004 U.S. Dist. LEXIS 20366 (N.D. Cal. 2004). *Grinzi v. Barnes*, 2004 U.S. Dist. LEXIS 20979, *3 (N.D. Cal. 2004). The Court has also acknowledged such abuse in regard to depositions, and has ordered debt collectors to appear for a continued deposition. *Abels v. JBC Legal Group, P.C*, 2005 U.S. Dist. LEXIS 41176, *6 (N.D. Cal. 2005). Nevertheless, obstructing depositions in an attempt to prevent a case from moving forward has become a growing problem in FDCPA matters. Fortunately, the Court has been cognizant of this dilemma and has dealt with it accordingly. *Palmer v. Stassinos*, 2007 U.S. Dist. LEXIS 59856 (N.D. Cal. 2007)(taking into consideration Defendant's resistance to deposition in assessing a discovery sanctions award of $5,000). *Panahaisal v. Gurney*, 2007 U.S. Dist. LEXIS 17269, *2 (N.D. Cal. 2007)(taking into consideration Defendant's refusal to appear for depositions in granting a default judgment after hotly contested litigation). Continuing to uphold the F.R.C.P. will hopefully go a long way towards reminding debt collectors that FDCPA matters are federal matters, mandated by Congress, and discovery obligations governed by the F.R.C.P. cannot be ignored.

**B. THE DISTRICT COURT HAS WIDE DISCRETION TO ESTABLISH THE TIME AND PLACE OF DEPOSITIONS**

The deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order. *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D. NC 1988); *Farquhar v. Shelden,* 16 F.R.D. 70, 72 (E.D. MI 1987). In making its order the court considers the convenience of the parties and relative hardships in attending at the location designated. *Wisconsin Real Estate Inv. Trust v. Weinstein,* 530 F. Supp. 1249, 1254 (ED WI 1982).

The Ninth Circuit has held that a District Court has wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)(ordering Hong Kong defendants to be deposed in San Francisco):

> A district court has wide discretion to establish the time and place of depositions. *In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987), *cert. dismissed,* 488 U.S. 881 (1988). Here, the special master explained that it was necessary for the Hong Kong depositions to take place in San Francisco so that the court could oversee the proceedings since appellants had disregarded the previous deposition order. He also noted that appellants had done business and filed suit in the Northern District of California and should therefore expect to have to appear there. These facts are sufficient to establish that there was no abuse of discretion in ordering the depositions to occur in San Francisco.

In the case at bar, the equities dictate the depositions should proceed in Atlanta, GA or in San Jose, CA. Consider that: 1) under Brazilian law, counsel for both Plaintiffs and Defendants are subject to arrest if they attempt to take depositions in Brazil, 2) Credigy has their global headquarters in Atlanta, GA, 3) the individual Brazilian defendants knew they were placing collection calls from Brazil to the U.S. (including California), making the necessity of their appearance in the U.S. both foreseeable and expected, 4) the individual Brazilian defendants answered the complaint and intentionally submitted themselves to the jurisdiction of this Court, 5) for all intents and purposes these individual debt collectors work for the Credigy entities, place telephone calls for Credigy to the U.S. and try to collect debts owed to Credigy,[14] and are represented by the same counsel, 6) Credigy has already testified that numerous employees from the Brazilian operation fly back and forth to Atlanta for staff meetings; indeed there may be one, or more than one, person from the Brazilian operation at the Credigy offices in Atlanta *"every week"*[15], and 6) the trial will take place in the U.S. (San Jose, CA).

---

[14] Indeed, Credigy's F.R.C.P. 30(b)(6) corporate designee even produced the Brazilian individual's personnel files at its deposition of April 22, 2008.

[15] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶10.*

- 7 -

OPPOSITION TO DEFENDANT'S IMPROPERLY FILED MOTION FOR PROTECTIVE ORDER

According to the U.S. Department of State, counsel will be subject to arrest if they attempt to conduct a deposition in Brazil:

> **"Taking Depositions of Willing Witnesses** : **Brazil is not a party** to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. **The United States is not a party to the evidence provisions of the Inter-American Convention on Letters Rogatory.** Brazilian authorities do **not** permit persons, such as American attorneys, to take depositions for use in a court in the United States before a U.S. consular officer, with the assistance of a Brazilian attorney, or in any other manner. Brazilian law views the taking of depositions for use in foreign courts as an act that may be undertaken in Brazil only by Brazilian judicial authorities. The Government of Brazil asserts that, under Brazilian Constitutional Law, only Brazilian judicial authorities are competent to perform acts of a judicial nature in Brazil. Brazil has advised it would deem taking depositions in Brazil by foreign persons to be a violation of Brazil's judicial sovereignty. Such action potentially could result in the arrest, detention, expulsion, or deportation of the American attorney or other American participants. The United States recognizes the right of judicial sovereignty of foreign governments based on customary international law and practice; **See** , *e.g.,* the Restatement (Third) of Foreign Relations Law (1987). It is the State Department's understanding that the Brazilian prohibition on taking depositions by foreign persons extends to telephone or video teleconference depositions initiated from the United States of a witness in Brazil."

On the other hand, applying for a Visa is a rather routine matter. The U.S. Department of State report, "Obtaining a Visa", states one can be issued within a few weeks.[16] **Exhibit 4** (See page 2, step 4). Meaning that Defendants could have already obtained one and have been deposed on May 1st and May 2nd, 2008, had they bothered to take the rules of this Court seriously and applied for a visa. Credigy's Brazilian agents routinely fly to Credigy's Atlanta, GA headquarters for staff meetings; indeed there may be one, or more than one, person from the Brazilian operation at the Credigy offices in Atlanta "*every week*"[17]. Defendants should not be allowed to continue to tamper with witnesses.[18]

---

[16] *See Declaration of Balám O. Letona in Opposition to Defendants Motion for Protective Order, ¶3*

http://www.unitedstatesvisas.gov/pdfs/gettingavisa.02.03.pdf *and* www.unitedstatesvisas.gov.

[17] *See Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order, ¶10.*

[18] The State Bar of California Ethics hotline indicated Defendants' feigned stipulation- that they represented certain parties (and thus Plaintiff could not contact those parties), and feigned willingness to accept service, may be a form of witness tampering; as would any effort to sequester witnesses and *Declaration of Ronald Wilcox in Opposition to Defendants Motion for Protective Order*

The authority relied on in Defendants' moving papers further supports Plaintiffs' position. That is, that case highlights the hardship imposed upon certain deponents in attending a deposition. In contrast, Defendants have put forth no evidence or declarations from the deponents regarding hardship. In *Chris Chris-Craft Indus. Prods. v. Kuraray Co.*, 184 F.R.D. 605 (N.D. Ill. 1999), the Court noted considerable evidence put forth by the deponent executives who were critical to the corporation, and were required to attend an annual board meeting:

> "The Kuraray defendants have submitted uncontroverted evidence that forcing each of these executives to travel from Japan to Chicago will impose a more significant cost on Kuraray Japan in terms of lost executive work time and expenses than if the depositions were taken in Japan. In addition, Kuraray Japan's fiscal year ends on March 31, 1999. All of the noticed executives are involved in meeting the tight deadlines imposed by the fiscal year's end. If the depositions take place in Illinois instead of Japan, Kuraray Japan will be precluded from successfully closing its fiscal year, causing economic loss to Kuraray Japan. Finally, Kuraray America's annual board meeting is scheduled for late March in Japan, which means that it would be unable to have a representative present in Illinois for the depositions and one of the deponents who is a member of Kuraray America's board of directors would be required to be in Japan during the time of his noticed deposition."

Furthermore, in *Zane S. Blachard & Co., v. PSPT Ltd.*, 1995 U.S. Dist. LEXIS 7289 (D. N.H. 1995) the court noted the depositions could proceed via telephone. That is not an option here. As noted above, even telephonic depositions from Brazil would subject counsel to arrest.

Finally, since Defendants' counsel alleges it does not represent Rita de Cassia Goncalves and Thompson, it have no standing to argue on their behalf.

## III. CONCLUSION

Defendants' motion seeks a protective order for depositions they already failed to attend. Defendants' actions are too little too late, and merely adding to delay. If Defendants were acting in good faith they would have simply provided a date, time and place for the depositions or offered alternative locations[19]. Instead, Defendants' motion offers *no solution*.

In essence, the Credigy entities are suggesting and acting as if Plaintiffs can never take

---

[19] Even offering to take the deposition in another country that is a member of the Hague Convention and would not subject any counsel to arrest would have been helpful.

depositions of its Brazilian collectors; potentially witness tampering. In light of this problem and the fact that Judge Ware has set a discovery deadline of August 16, 2008, Plaintiffs respectfully request that this Court order Defendants to produce the deponents by June 25, 2008 in either Atlanta, GA or San Jose, CA.

May 14, 2008                               Respectfully submitted,

                                           /s/
                                           Balám Letona

OPPOSITION TO DEFENDANT'S IMPROPERLY FILED MOTION FOR PROTECTIVE ORDER