Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC., CREDIGY<br>SOLUTIONS INC., RYAN MILLER,<br>RICARDO VENTURA, BRETT BOYDE,<br>PAULO PERES, THOMPSON and DOES 1-<br>10, inclusive,<br>　　　Defendants. | Case No.: C07-05658 JW RS<br><br>**DECLARATION OF RONALD WILCOX<br>IN OPPOSITION TO DEFENDANTS'<br>MOTION FOR PROTECTIVE ORDER** |

I, Ronald Wilcox, declare under penalty of perjury, as provided for by the laws of the

United States, 28 U.S.C. section 1746, that the following statements are true:

1. I am one of the Plaintiffs' attorneys in the matter above-captioned.

2. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion

    for Protective Order.

3. On April 4, 2008, Plaintiffs' served Notices of Deposition with respect to certain

Credigy employees.  The depositions were to be conducted at Defendant Credigy's corporate headquarters in Atlanta, GA.  Defendants failed to appear for the duly noticed depositions on May 1st and 2nd of 2008.  Defendants did not obtain an Order from the Court excusing their attendance.

4.  In meeting and conferring to file a Joint Case Management Statement, I asked Defendants' counsel whether they wanted to conduct the individual Defendants depositions in Brazil or Atlanta, GA.

5.  On Tuesday, April 1, 2008, I sent two emails again requesting whether Defendants wanted to conduct their depositions in Brazil or Atlanta, GA. A true and correct copy of the first email is attached as **Exhibit 1**.  On April 2, 2008, Defendants' counsel replied stating, in part "With regard to dates for the depositions of the individual Credigy defendants in Fausto, I will get back to you in that regard.  In light of the fact certain individuals are located in Brazil, it is  logistically very difficult to schedule.  I have reviewed your suggestion for May 12-14, 2008.  I am unavailable on those dates.  I will call you tomorrow to discuss alternative dates. Thank you."

6.  On April 9, 2008, I sent Defendants' counsel an e-mail, asking they provide some alternative arrangement, and indicating that otherwise the depositions would proceed absent an order from the Court. A true and correct copy of the email is attached as **Exhibit 2**.  The email stated in part: "When we met and conferred about this case I asked whether the individual Defendants wanted to conduct their depositions in Brazil or the U.S.  Defendants did not provide the information sought.  On April 1, 2008 I then wrote you in an attempt to obtain Defendants'

available deposition dates and schedule Defendants' depositions.  I emphasized the Court's strict scheduling order.  Defendants did not provide the information sought. On Friday, April 4, 2008, Plaintiffs noticed certain individual Defendants' depositions.  I understand you have voiced an objection to the depositions, but have not sought any order from the court.  Furthermore, Plaintiffs are concerned that you signed a stipulation agreeing to represent and Answer for Ricardo Ventura and Thompson (Rita Goncaves), which the Court relied on in taking a motion off calendar, but now claim you will not represent them, and will not produce for depositions.  Simply put, Plaintiffs seek to proceed in an efficient and orderly manner.  Fortunately, the F.R.C.P. provides the litigants certain rules to insure that. If Defendants have some specific alternative to offer, including a designation of the time and place, then please promptly provide such for Plaintiffs' consideration. Otherwise, the F.R.C.P. indicates depositions proceed absent an order from the court."

7.  In one telephone call I had with Defendants' counsel, he indicated they were speaking with someone about obtaining visa's and would inform Plaintiffs the next days as to what the timetable would be for such.  To date Defendants have failed to respond.

8.  Nor have Defendants offered to conduct the depositions in Brazil or a nearby country in any way, or offered any plan to resolve this matter.

9.  On April 7, 2008, Defendants' counsel stated he was speaking with a lawyer in Brazil on April 8, 2008 regarding obtaining visas and the best way to conduct the depositions, and would immediately inform Plaintiffs with the results of the

conversation.  Defendants have failed to respond to Plaintiffs regarding such.

10. In its F.R.C.P. 30(b)(6) deposition, Credigy testified that numerous employees from the Brazilian operation fly back and forth to Atlanta for staff meetings and training; indeed there may be one, or more than one, person from the Brazilian operation at the Credigy offices in Atlanta "*every week*" A true and correct copy of the portion of the deposition transcript, pages 76-78, attached as **Exhibit 3**.

11. On April 22, 2008, I sent another email indicating the depositions would proceed absent a court order.

Respectfully submitted and executed this 14th day of May 2008,

/s/ Ronald Wilcox
Ronald Wilcox