1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ., (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendants,
   CREDIGY SERVICES CORPORATION, CREDIGY
6  RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
   LUIS RENATO SILVA NUNES erroneously sued and
7  served as RYAN MILLER, BRETT BOYDE, and
   PAULO PERES

8                    UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11 | MANUEL G. FAUSTO AND LUZ      ) CASE NO. C07 05658 JW (RS)
      FAUSTO,                      )
12 |                               ) [Complaint Filed:  12/20/07
                                   ) 1st Amended Complaint Filed: 1/14/08]
13 |              Plaintiffs,      )
                                   ) District Judge: Hon. James Ware
14 |     vs.                       ) Magistrate Judge: Hon. Richard Seeborg
                                   )
15 | CREDIGY SERVICES CORPORATION; )
      CREDIGY RECEIVABLES INC.;    ) **DEFENDANTS CREDIGY SERVICES
16 |  CREDIGY SOLUTIONS INC.; RYAN ) CORPORATION, CREDIGY
      MILLER; RICARDO VENTURA;     ) RECEIVABLES INC., CREDIGY
17 |  BRETT BOYDE; PAULO PERES;    ) SOLUTIONS INC.'S NOTICE OF
      THOMPSON; and DOES 1-10, inclusive, ) MOTION AND MOTION TO WITHDRAW
18 |                               ) FROM STIPULATION; DECLARATION
                                   ) OF DAVID J. KAMINSKI**
19 |              Defendants.      )
                                   ) Date: June 23, 2008
20 |                               ) Time: 9:00 a.m.
                                   ) Location: U.S. District Court,
21 |                               ) 280 S. 1st. Street, San Jose, CA
                                   ) Courtroom 8
22                                 )

23 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24      PLEASE TAKE NOTICE THAT on June 23, 2008 at 9:00 a.m. in Courtroom 8 of the

25 United States District Court for the Northern District of California located at 280 South First

26 Street, San Jose, California, Defendants CREDIGY SERVICES CORPORATION, CREDIGY

27 RECEIVABLES INC., CREDIGY SOLUTIONS INC, LUIS RENATO SILVA NUNES

28 erroneously sued and served as RYAN MILLER, BRETT BOYDE, and PAULO PERES

("Defendants") will hereby move the Court for the following relief pursuant to its inherent power

05712.00:144043                           1
**MOTION TO WITHDRAW STIPULATION**         Case No. C07 05658 JW RS

to modify interlocutory orders and the scope of the Court's discretionary authority:

1. That the stipulation of March 14, 2008 (the "Stipulation") whereby Defendants' counsel agreed to accept service on behalf of Defendants Ricardo Ventura and Thompson be vacated.

This motion is made and based on the grounds that at the time Defendants' counsel entered into the Stipulation, they in good faith believed that they would be able to contact Defendants Ventura and Thompson based upon the representations of their clients. This motion is also based on the grounds that Defendants' counsel agreed to the Stipulation in order to expedite the current litigation and move to move the litigation forward.

This motion is further based upon the attached Memorandum of Points and Authorities, the Declaration of David J. Kaminski, all pleadings and papers on file herein and such further evidence as the Court may allow.

DATED: May 19, 2008                    CARLSON & MESSER LLP


By: /s/ David J. Kaminski
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICES CORPORATION,
CREDIGY RECEIVABLES INC., CREDIGY
SOLUTIONS INC., BRETT BOYDE,
PAULO PERES, and RYAN MILLER

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This action arises from a dispute regarding debt collection. Plaintiffs Miguel and Luz Fausto ("Plaintiffs") allege that Defendants Credigy Services Corporation, Credigy Receivable Inc, and Credigy Solutions Inc.("Credigy")'s collection efforts with regard to Plaintiffs' debt violated the Fair Debt Collection Practices Act and the Rosenthal Act, among other laws. Plaintiffs also sued individual defendants Luis Renato Silva Nunes, (erroneously sued and served as Ryan Miller), Paulo Peres, Brett Boyde, Ricardo Ventura, and "Thompson" in their individual capacity as employees of Credigy (together with Credigy "Defendants") during the times alleged in their First Amended Complaint ("FAC").

Plaintiffs allege that individual Defendants Ventura, Peres, Miller and Thompson were employed at a Credigy call center in Brazil at the times alleged in the First Amended Complaint ("FAC"). Plaintiffs allege that many of the calls that serve as the basis of their FAC originated in Brazil. Although Defendants' counsel originally agreed to accept service on behalf of Defendants Ventura and Thompson (now identified as employee Rita de Cassia Goncalves), they later learned these individuals were no longer employed by Credigy, and to date Credigy has been unable to locate either Ventura or Thompson in Brazil. In light of Defendants' counsel inability to contact Defendants Ventura or Thompson, they bring the instant motion (the "Motion") to withdraw their stipulation accepting service on their behalf and requiring them to answer on their behalf.

**II.    THIS COURT HAS THE AUTHORITY TO GRANT DEFENDANTS RELIEF**

The general rule regarding the power of a district court to rescind an interlocutory order is as follows:"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A. v. Santa Monica BayKeeper* (9th Cir. Cal. 2001) 254 F.3d 882, 884 (citations omitted). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (stating that when a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not

1  subject to the limitations of Rule 59");

2    A district court's power to rescind, reconsider, or modify an interlocutory order is derived
3  from the common law, not from the Federal Rules of Civil Procedure. *Id.* As explained by the
4  *Third Circuit in United States v. Jerry:*

> If no procedure is specifically prescribed by rule, ***the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute.*** Nothing in the Rules limits the power of the court ***to correct mistakes made in its handling of a case*** so long as the court's jurisdiction continues, i.e., until the entry of judgment. In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.

487 F.2d 600, 604 (3d Cir. 1973) (internal citations and quotations omitted). *See also City of L.A.*, 254 F.3d at 886-87.

  Finally, it is a matter of the court's discretion whether to permit a party to withdraw from a stipulation. *Wheeler v. John Deere Co.* (10th Cir. 1991) 935 F.2d 1090, 1097-98 (concluding that district court's discretion is "broad"); *Hunt v. Marchetti* (11th Cir. 1987) 824 F.2d 916, 917-18 (same); *Aetna Life Ins. Co. v. Barnes* (5th Cir. 1966) 361 F.2d 685, 690-91 (same).

  Defendants' counsel agreed to accept service on behalf of Defendants Thompson and pursuant to a stipulation between Defendants and Plaintiffs (the "Stipulation"), and filed with the Court on March 18, 2008. A true and correct copy of this Stipulation is attached to the Declaration of David J. Kaminski as Exhibit "A" and is incorporated herein by reference. Such stipulation is in essence, a non-final order and therefore subject to modification by the Court's inherent power. Therefore, this Court has the authority to allow Defendants' counsel to withdraw from the Stipulation to the extent it agreed to accept service on behalf of Defendants Thompson and Ventura and require counsel to answer on their behalf. As shown below, this Court is justified in doing so.

/ / /

1  **III.    DEFENDANTS SHOULD BE ALLOW TO WITHDRAW FROM THE**
2  **STIPULATION WITH REGARD TO THOMPSON AND VENTURA IN THE**
3  **INTERESTS OF JUSTICE**

4  The Ninth Circuit has held that the factors to consider in deciding whether to modify a pre-trial order issued pursuant to F.R.C.P. Rule 16 include: prejudice to movant of a refusal to modify; prejudice to non-movant of modification; impact of modification on orderly conduct of case; and degree of wilfulness, bad faith, or excusable neglect on the part of the movant. *United States v. First Nat'l Bank of Circle* (9th Cir. 1981) 652 F.2d 882, 887. Although the Stipulation is not a Rule 16 pre-trial order, but a pre-trial stipulation, the *Circle* factors do provide a solid framework for determining whether this Court should modify the Stipulation in the interests of justice.

12    **A.    The Stipulation of Defendants' Counsel With Respect to Defendants**
13           **Thompson and Ventura Was a Result of Attorney Mistake**

14  As shown in the Declaration of David J. Kaminski, Defendants' counsel agreed to enter into a stipulation on March 14, 2008, whereby Defendants' counsel agreed to accept service on behalf of individual defendants Thompson and Ricardo Ventura (the "Stipulation"). Although at the time they entered into the stipulation, Defendants had not yet located Defendants Thompson and Ventura, Defendants' counsel entered into the stipulation in the interests of moving the case forward and in a good faith belief, based on the representations of counsel's clients, that Defendants would be able to contact these individuals, secure their cooperation, and move the case forward. At the time of entering the stipulation, Defendants mistakenly believed that these individuals would be easy to locate and contact. However, for the reasons specified below, this assumption proved to be in error.

This in part because Plaintiff's naming of Brazilian nationals as individual defendants in this litigation has added additional layers of procedural and logistical complexity to this action. Plaintiff's counsel has even admitted in an email that he agrees with Defendants' counsel's assessment that "this case is extraordinarily complicated". A true and correct copy of this email is attached to this Declaration as Exhibit "B" and is incorporated herein by reference.

05712.00:144043                                5
MOTION TO WITHDRAW STIPULATION            Case No. C07 05658 JW RS

### 1. Defendant Thompson

Plaintiffs' FAC names "Thompson" as an individual defendant. However, they only identify Thompson as a Credigy employee who collected on their account. Due to the absence of information regarding Thompson, Defendants were required to investigate which one of their Brazil employees could possibly have used the alias "Thompson." Defendants diligently researched this allegation, and at first suspected that an "R. Goncalve" was the true identity of Thompson. This led Defendants to believe that Brazilian employee Rodrigo Goncalves was the person in question. At the time this subject stipulation was entered into, Defendants represented that Thompson was Rodrigo Goncalve. However, after further investigation, Defendants realized that former Brazilian employee Rita de Cassia Goncalves was the employee identified as Thompson instead. Defendants have also been unable to contact Ms. Goncalves. This is due to her status as a former employee. Defendants have provided the last known address of Ms. Goncalves to Plaintiff.

### 2. Defendant Ventura

Plaintiffs' Complaint also named Defendant Ricardo Ventura as an individual defendant. Unlike Ms. Goncalves, Defendants were not confused as to his identity. However, Mr. Ventura is a former employee of Credigy, and Defendants have thus far been unable to locate him.

## B. Defendants Acted In Good Faith

Defendants' counsel did not take its representation of Ventura and Thompson lightly. The fact that Defendants were ultimately able to discover that Rodrigo Goncalves was not Thompson, but Rita Goncalves was the defendant in question shows that Defendants maintained their search for the correct Defendant Thompson, even when it may have been more convenient to assume Rodrigo Goncalves was the proper party.

Defendants have continually updated Plaintiffs of the status of their search for Defendants Thompson and Ventura. Defendants' correspondence dated March 27, 2008 and April 8, 2008 included address information for Thompson and Ventura. True and correct copies of this correspondence are attached to the Declaration of David J. Kaminski as Exhibits "C" and "D" respectively and are incorporated herein by reference.

Defendants have steadfastly worked to progress this case, and the inability to contact Defendants Thompson and Ventura is not a result of a lack of effort. However, at this point in time, it is not practical for Defendants' counsel to continue to represent clients it cannot reach, and to which counsel had no authority to represent them in the United States and therefore this Court should grant Defendants' Motion.

### C. The Granting of Defendants' Request Will Not Prejudice Plaintiffs

Plaintiffs cannot claim that allowing Defendants' counsel to withdraw from the Stipulation with respect to Defendants Thompson and Ventura will unfairly prejudice their case. As shown above, Defendants have continually informed Plaintiffs of the status of their efforts to locate Thompson and Ventura. Once Defendants realized they would be unable to contact Defendants Thompson and Ventura, they promptly notified Plaintiffs' counsel. If Defendants cannot locate former employees after diligent efforts then Defendants cannot represent them in this case.

The purpose of the Stipulation was to expedite service on all of the Defendants in this case and to move the case forward. Defendants have already provided Plaintiffs with address information and the employment records of Thompson and Ventura such that Plaintiffs could have already begun efforts to locate those defendants. However, Plaintiffs have already proceeded to mediation without these two defendants and not once has indicated that this litigation is substantially hampered without their participation.

### D. Failure to Grant Defendants' Request Will Prejudice Defendants Ventura and Thompson

Although all of the other individual Defendants in this action have agreed to be represented by Defendants' counsel, Defendants' counsel has thus far not obtained the consent of Thompson and Ventura. Therefore, even if Defendants' counsel withdrawal from the Stipulation will prejudice Plaintiffs, this does not outweigh the effect of allowing the service of Thompson and Ventura to stand. If no action is taken, Thompson and Ventura will continue onward in litigation and be subjected to potential liability in a case in which they have never even been served with process. Moreover, even if Plaintiffs win their case, any judgment against Thompson and Ventura would be void for lack of jurisdiction. Therefore, in order to avoid prejudice to Defendants

1  Thompson and Ventura, Defendants' Motion should be granted.

2  In light of the lack of prejudice to Plaintiffs, Defendants' diligent efforts to locate
3  Defendants Ventura and Thompson, and the potential prejudice to Defendants Ventura and
4  Thompson if this Court <u>does not</u> take action, this Court should allow Defendants' counsel to
5  withdraw from the Stipulation to the extent they accepted service on behalf of Defendants Ventura
6  and Thompson and agreed to answer on their behalf.

## IV. **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion and allow Defendants to withdraw from the Stipulation allowing Defendants' counsel to accept service on behalf of Defendants Rita De Cassia Goncalves (aka Thompson) and Ricardo Ventura, and requiring them to answer on their behalf, previously entered in this action.

DATED: May 19, 2008                           CARLSON & MESSER LLP


By: /s/ David J. Kaminski
    David J. Kaminski, Esq.
    Stephen A. Watkins, Esq.
    Attorneys for Defendant,
    CREDIGY SERVICES CORPORATION,
    CREDIGY RECEIVABLES INC., CREDIGY
    SOLUTIONS INC., BRETT BOYDE,
    PAULO PERES, and RYAN MILLER

## DECLARATION OF DAVID J. KAMINSKI

I, David J. Kaminski, declare as follows:

1. I am an attorney at law, licensed to practice before all of the courts of the State of California and a member of the law firm of Carlson & Messer LLP, attorneys of record for CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC, LUIS RENATO SILVA NUNES erroneously sued and served as RYAN MILLER, BRETT BOYDE, and PAULO PERES ("Defendants") in the above-captioned action brought by MANUEL G. FAUSTO and LUZ FAUSTO (Plaintiffs).

2. The facts set forth herein are true to my own personal knowledge, and if called upon, and sworn as a witness, I could and would competently testify thereto.

3. Defendants' counsel entered into a stipulation (the "Stipulation") whereby they agreed to accept service of the summons and complaint in this action on behalf of Defendants Thompson and Ventura. This Stipulation was filed with the Court on March 18, 2008. A true and correct copy of this Stipulation is attached to this declaration as Exhibit "A" and is incorporated herein by reference.

4. Although at the time the Stipulation was entered into, Defendants had not yet located Defendants Thompson and Ventura, Defendants' counsel entered into the Stipulation in the interests of moving the case forward and in a good faith belief, based on upon the representations of counsel's clients, that Defendants would be able to contact these individuals, secure their cooperation, and move the case forward. At the time of entering the stipulation, Defendants mistakenly believed that these individuals would be easy to locate and contact.

5. Plaintiff's naming of Brazilian nationals as individual defendants in this litigation has added additional layers of procedural and logistical complexity to this action. Plaintiff's counsel has even admitted in an email that he agrees with Defendants' counsel's assessment that "this case is extraordinarily complicated". A true and correct copy of this email is attached to this Declaration as Exhibit "B" and is incorporated herein by reference.

6. Plaintiffs' First Amended Complaint names "Thompson" as an individual defendant. However, they only identify Thompson as a Credigy employee who collected on their account. Due

1  to the absence of information regarding Thompson, Defendants were required to investigate which
2  one of their Brazil employees could possibly have used the alias "Thompson."

3      7.    Defendants diligently researched this allegation, and at first suspected that an "R.
4  Goncalve" was the true identity of Thompson. This led Defendants to believe that Brazilian
5  employee Rodrigo Goncalves was the person in question. At the time this subject stipulation was
6  entered into, Defendants represented that Thompson was Rodrigo Goncalve. However, after further
7  investigation, Defendants realized that former Brazilian employee Rita de Cassia Goncalves was the
8  employee identified as Thompson instead. Defendants have also been unable to contact Ms.
9  Goncalves. This is due to her status as a former employee. Defendants have provided the last
10 known address of Ms. Goncalves to Plaintiff.

11     8.    Plaintiffs' FAC also named Defendant Ricardo Ventura as an individual defendant.
12 Unlike Ms. Goncalves, Defendants were not confused as to his identity. However, Mr. Ventura is a
13 former employee of Credigy, and Defendants have thus far been unable to locate him.

14     9.    Defendants have continually updated Plaintiffs of the status of their search for
15 Defendants Thompson and Ventura. Defendants' correspondence dated March 27, 2008 and April
16 8, 2008 included address information for Thompson and Ventura. True and correct copies of this
17 correspondence are attached to this declaration as Exhibits "C" and "D" respectively and are
18 incorporated herein by reference.

19     10.    Once Defendants realized they would be unable to contact Defendants Thompson
20 and Ventura, they promptly notified Plaintiffs' counsel.

21     11.    The purpose of the Stipulation was to expedite service on all of the Defendants in
22 this case and to help move the case forward as quickly as possible. Defendants have already
23 provided Plaintiffs with address information and the employment records of Thompson and Ventura
24 such that Plaintiffs could have already begun efforts to locate those defendants. However, Plaintiffs
25 have already proceeded to mediation without these two defendants and not once has indicated that
26 this litigation is substantially hampered without their participation.

27     12.    Although all of the other individual Defendants in this action have agreed to be
28 represented by Defendants' counsel, Defendants' counsel has thus far not obtained the consent of

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  Thompson and Ventura.
2       I declare under penalty of perjury under the laws of the State of California that the
3  foregoing is true and correct.
4
5       Executed this 19th day of May 2008, at Los Angeles, California.
6
7                                              /s/ David J. Kaminski
                                               David J. Kaminski, Esq.
8