Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

# U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSÉ DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGYSOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. **C07-05658 JW RS**<br><br>**DECLARATION OF BALÁM LETONA IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>Date:　June 25, 2004<br>Time:　09:30 a.m.<br>Place:　280 South 1st Street<br>　　　　San Jose, CA<br><br>**JUDGE RICHARD SEEBORG** |

　　　　I, Balám Letona, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. section 1746, that the following statements are true:

　　1. I am one of the Plaintiffs' attorneys in the matter above-captioned.

2. I make this declaration in support of Plaintiffs' Notice and Motion for Protective Order.

3. In *Fausto v. Credigy*, I reviewed Defendants' own collections logs, and those of its agent. Those records indicate Defendants made at least ninety (90) phone calls to the Faustos, in an attempt to collect an alleged 10-year old debt, with more than eight-seven (87) phone calls occurring after the Faustos sent a cease and desist order.

4. In *Vasquez v. Credigy*, I reviewed Defendants' own collection logs, and those of its agent. Those records indicate Defendants made at least sixty-six (66) phone calls to Vasquez, in an attempt to collect an alleged 10 year old debt, with numerous calls occurring after Vasquez sent a cease and desist order .

5. David Kaminski was the counsel who entered into the stipulation regarding what Defendants were represented, and who he would accept service for.

6. On April 4, 2008, Plaintiff served Notices of Deposition with respect to certain Credigy employees. The depositions were to be conducted at Defendant Credigy's corporate headquarters in Atlanta, GA. Defendants failed to appear for the duly noticed depositions on May 1st and 2nd of 2008. Defendants did not obtain an Order from the Court excusing their attendance.

7. Defendants' counsel, David Kaminski, agreed to represent someone who turned out not to be the correct defendant (Mark Doe), but then refused to stipulate to amend the complaint to name the correct defendant.

8. Ron Wilcox, and I, attorneys for Plaintiffs, have consistently offered to meet and confer with Defendants and enter into an appropriate stipulation regarding the

timing of discovery, including the taking of certain depositions and subsequent turnover of the recordings.

9. The parties attended a mediation facilitated by Carole Webster, but were unable to resolve this matter.

10. On May 12, 2008, the parties held an informal meet and confer session with Jessica Notini, a neutral appointed by the Court to mediate the *Vasquez v. Credigy* matter. The parties agreed to attempt to resolve the matter informally, in both the *Fausto* and *Vasquez* cases, with Plaintiff providing, by May 21, 2008, the names of those people it needed to depose before turning over the recordings and Defendants responding by May 28, 2008, as to how the parties can make that happen.

11. During the May 12th telephone call, the parties were to hold another informal conference call with Jessica Notini on May 28, 2008.

12. Despite the parties agreement to continue talking on May 28th, Defendants' counsel sent Plaintiffs' counsel two scathing and incendiary letters on May 12, 2008 and May 13, 2008, demanding turnover of the recordings, and threatening a motion to compel.

13. In a May 19, 2008, e-mail to Defendants counsel, Plaintiffs counsel wrote "[n]evertheless, I offered to meet and confer with Defendants on an appropriate stipulation to resolve this issue of the timing of depositions and the turnover of the recordings, including on March 5, 2008, April 16, 2008, April 18, 2008; and we agreed to hold off on bringing any motion. We even attached a copy of the Hon. Howard Lloyd's decision in *Renteria v. Collectcorp.*, as a point of reference. So Plaintiffs are glad Defendants are now ready to address it.

Of course, in our conference call with Jessica Notini on Monday, May 12, 2008, we all agreed to a framework to move this issue forward toward an amicable resolution without the need for expensive and time-consuming motions. Plaintiffs were to provide a list of people they would need to depose before turning over any recordings by Friday, May 21, 2008 (which Plaintiffs have already provided), and Defendants were to respond as to how they can help make that happen, by Friday, May 28, 2008. Indeed, we all agreed to hold another conference call with her at 4 p.m., Friday May 28, 2008."

14. In a May 19, 2008, e-mail counsel for Defendants responded by ignoring the informal arrangements made with Jessica Notini and demanded immediate turnover of the recordings, while continuing to fail to provide any available deposition dates or locations for the depositions which they failed to appear for on May 1st and May 2nd, and refusing to respond to the letter Plaintiffs sent on May 21, 2008, indicating what persons needed to be deposed before turnover of the recordings.

15. On multiple occasions, Plaintiffs' counsel has offered to turn over the tape recordings, after Plaintiffs has deposed the relevant witnesses regarding the statements that were recorded.

Respectfully submitted and executed this 21th day of May 2008,

/s/ Balám Letona
Balám Letona