1   TOMIO B. NARITA (SBN 156576)
    JEFFREY A. TOPOR (SBN 195545)
2   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
3   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
4   Facsimile:   (415) 352-2625
    tnarita@snllp.com
5   jtopor@snllp.com

6
    Attorneys for Defendants
7   Credigy Services Corporation,
    Credigy Receivables, Inc., and
8   Credigy Solutions, Inc.

9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13  MANUEL G. FAUSTO, AND LUZ        )   CASE NO.: C 07 05658 JW (RS)
    FAUSTO,                          )
14                                   )
                                     )
15           Plaintiffs,             )   **DECLARATION OF JEFFREY
                                     )   A. TOPOR IN SUPPORT OF
16                                   )   OPPOSITION TO PLAINTIFFS'
                                     )   MOTION FOR PROTECTIVE
17           vs.                     )   ORDER BY DEFENDANTS
                                     )   CREDIGY SERVICES CORP.,
18  CREDIGY SERVICES                 )   CREDIGY RECEIVABLES INC.
    CORPORATION, CREDIGY             )   AND CREDIGY SOLUTIONS
19  RECEIVABLES INC., CREDIGY        )   INC.**
    SOLUTIONS INC., RYAN             )
20  MILLER, RICARDO VENTURA,         )   Date:   June 25, 2008
    BRETT BOYDE, PAULO PERES,        )   Time:   9:30 a.m.
21  THOMPSON, and DOES 1-10,         )   Ctrm:   4, 5th Floor
    inclusive,                       )
22                                   )   The Honorable Richard Seeborg
             Defendants.             )
23                                   )
                                     )
24  _____      )

25

26

27

28

---

1  I, Jeffrey A. Topor, declare:

2       1.     I am an attorney duly licensed to practice in this district court and

3  before all courts of the State of California.  I am associated with Simmonds &

4  Narita LLP, counsel of record for the defendants Credigy Services Corporation,

5  Credigy Receivables, Inc., and Credigy Solutions, Inc. (collectively, "Credigy") in

6  this action.  I make this declaration in support of Credigy's Opposition to

7  Plaintiffs' Motion for Protective Order.  I have personal knowledge of the facts set

8  forth below, and could and would testify thereto if called upon to do so.

9       2.     On April 4, 2008, plaintiffs Manuel Fausto and Luz Fausto served

10  Plaintiffs' Initial Disclosures Under Federal Rules of Civil Procedure 26A, a true

11  and correct copy of which is attached hereto as **Exhibit A**.

12       3.     On or about May 18, 2008, Mr. Fausto served Plaintiff Manuel G.

13  Fausto's Responses to Defendant Credigy Services Corporation, Credigy

14  Receivables Inc., Credigy Solutions Inc., Ryan Miller, Ricardo Ventura, Brett

15  Boyde, Paulo Peres [sic] Interrogatories and Request for Produciton [sic] of

16  Documents, Set One, a true and correct copy of which (excluding the exhibits

17  attached thereto) is attached hereto as **Exhibit B**.

18       4.     On or about May 18, 2008, Mrs. Fausto served Plaintiff Luz Fausto's

19  Responses to Defendant Credigy Services Corporation, Credigy Receivables Inc.,

20  Credigy Solutions Inc., Ryan Miller, Ricardo Ventura, Brett Boyde, Paulo Peres

21  [sic] Interrogatories and Request for Produciton [sic] of Documents, Set One, a

22  true and correct copy of which (excluding the exhibits attached thereto) is attached

23  hereto as **Exhibit C**.

24  //

25  //

26  //

27

28

1        I declare under penalty of perjury that the foregoing is true and correct.

2    Executed at San Francisco, California on this 3rd day of June, 2008 at San

3    Francisco, California.

4

5

6                                    By:             s/Jeffrey A. Topor
                                                  Jeffrey A. Topor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

Ronald Wilcox, State Bar No. 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu

Balam O. Letona, State Bar No. 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs

RECEIVED
APR 0 7 2008
By_____

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: C07-05658 JW RS<br><br><br>**PLAINTIFFS' INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26A** |

1. Under Rule 26(a)(1)(A), the names, addresses and telephone numbers of each individual likely to have discoverable information that Plaintiffs may use to support their claims or defenses:

      A.    Name:            Manuel G. Fausto
               Address:        c/o Ronald Wilcox
                                   2160 The Alameda, First Floor, Suite F
                                   San Jose, CA 95126
               Telephone Number:   (408) 296-0400

PLAINTIFFS' INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26A - Page 1

2. Under Rule 26(a)(1)(A), the subjects of the discoverable information known by the above individuals:

    A.    **Martha Vasquez Pintor:** Martha Vasquez Pintor has knowledge of the facts alleged in the pleadings and her communications with the Defendants as well as knowledge of the validity of the underlying debt, her damages, and the issues surrounding her claims.

    B.    **Any current and former employees of Defendants, including:**

        1.  Ryan Miller a.k.a. Luis Renato Silva Nunez;

        2.  Ricardo Ventura;

        3.  Brett Boyde;

        4.  Paulo Peres;

        5.  Thompson a.k.a. RG Oncalve; and

        6.  Mark Doe a.k.a. Mark De Luca Ferrao

    C.    **30(b)(6) Designee:** Plaintiff intends on seeking and using 30(b)(6) depositions concerning Defendants' policies and procedures on referred collection accounts and the sending of collection letters.

    D.    **Expert Testimony as Needed:** Plaintifs may seek to use expert testimony, but at this time has not retained or consulted with any experts. Plaintiff will supplement as needed.

3. Under Rule 26(a)(1)(B), Plaintiff sets forth the following categories of documents, data compilations, and tangible items in his possession, custody or control that he may use to support his claims or defenses, unless solely for impeachment:

    A.    All correspondence and envelopes sent between the Plaintiff and the Defendants.

    B.    All correspondence and envelopes sent between the creditors and the Defendants.

    C.    Plaintiff's credit reports.

    D.    All agreements between Defendants and creditors.

    E.    Copies of the creditors' supporting documentation for the underlying debts.

    F.    All documents produced by the Defendants.

    G.    Defendants' collection logs and phone billing records.

    H.    Any notes or recordings of communications between the parties.

1

2    4.  Under Rule 26(a)(1)(C), Plaintiff produces the following computation of damages claimed, and makes available for inspection and copying under Rule 34 any non-privileged documents or other evidentiary materials on which these computations are based:

3

4           A.    Statutory, actual and punitive damages, to be determined by a trier of fact, as contemplated by 15 U.S.C. 1692k, Civil Code §1788.17 and §1788.30, and Civil Code §3294 and §3345.

5

6           B.    If Plaintiff's action is successful, costs of the action, together with reasonable attorneys' fees as determined by the court, as contemplated by 15 U.S.C. §1692k and Civil Code §1788.17 and §1788.30.

7

8    Dated: April _4_, 2008                      Respectfully Submitted,
9           San Jose, CA                         Martha Vasquez Pintor, Plaintiff

10                                               /s/Ronald Wilcox
                                                 Ronald Wilcox, Attorney for Plaintiff, #176601
11                                               2160 The Alameda, First Floor, Suite F
                                                 San Jose, CA 95126
12                                               Tel: (408) 296-0400
                                                 Fax: (408) 296-0486

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26A -
Page 3

1

2

### CERTIFICATE OF SERVICE

I, Marion Ramel, legal assistant, hereby certify that I caused to be served on the following

3

counsel of record the attached *Plaintiffs' Initial Disclosures Under Federal Rule of Civil*

4

*Procedure 26A* on April 4, 2008 by facsimile and first-class U.S. mail, addressed to:

5

6
        David Kaminski
        Carlson & Messer LLP

7
        5959 W. Century Blvd., Suite 1214
        Los Angeles, CA 90045

8
        Fax: (310) 242-2222

9
        Attorney for Defendants

10
Executed in San Jose, CA on April 4, 2008.

11

12
                    Marion Ramel, Legal Assistant

13
                    By: Marion Ramel
                    Ronald Wilcox, Attorney at Law

14
                    2160 The Alameda, Suite F
                    San Jose, CA 95126

15
                    Tel:  (408) 296-0400
                    Fax: (408) 296-0486

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26A -
Page 4

Exhibit B

Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO,<br><br>                   Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive,<br><br>                Defendant(s). | Case No. C07-05658<br><br>PLAINTIFF MANUEL G. FAUSTO'S RESPONSES TO DEFENDANT CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES INTERROGATORIES AND REQUEST FOR PRODUCITON OF DOCUMENTS, SET ONE |

## INTERROGATORY RESPONSES

1. Please state YOUR residential address from January 1, 2006 to the present.

   RESPONSE

   532 Charolais Drive, Gonzales, CA 93926

2. Please identify YOUR home, cellular, and mobile telephone number(s) for January 1, 2006 to the present.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

3. Identify the business name, address, and telephone number of all person, companies, or corporations who provided YOU with cellular or mobile services for January 1, 2006 to the present, as well as identifying the telephone numbers and account numbers of each such cellular or mobile service provider.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

4. Identify the business name address, and telephone number of all persons, companies or corporations who provided YOU with local and long distance telephone services for January 1, 2006 to the present, as well as identifying the telephone numbers and account numbers for each such local and long distance telephone service provider.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

5. Please state the name, address, and telephone number, dates of employment, job title, and nature of work for each employer or self-employment YOU have had in the last 5 years.

RESPONSE

Dole Fresh Vegetables, 32655 Camphora Rd, Soledad, CA 93960, (831) 678-5030.

6. Please identify each and every telephone number YOU contacted DEFENDANTS from and the date(s) of the contact(s).

RESPONSE

Objection, not reasonably calculated to lead to the discovery of admissible evidence,

2

burdensome and harassing, Defendants have their own collection logs. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

7. Any and all facts which support YOUR first claim for relief for violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq).

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs; Defendants called Plaintiffs repeatedly and continuously, many times several times a day, and despite Plaintiffs cease and desist letters. Defendants called Plaintiffs about fifty (50) times according to Defendants' own collection logs, including on: December 21, 2006, January 5, 10, 16, 16, 22, 22, 23, 2007, February 13, 16, 27, 27, 2007, March 16, 16, 17, 17, 23, 23, 30, 30, 2007, April 7, 9, 9, 10, 13, 13, 18, 23, 23, 23, 28, 2007, May 2, 2, 2, 10, 11, 11, 16, 22, 2007, June 1, 6, 6, 2007, July 13, 20, 26, 31, 2007, August 5, 7, 2007, September 10, 12, 2007, November 14, 15, 23, 2007 (the Friday of the Thanksgiving holiday), and December 3, 15, 21, 2007. Furthermore, there are additional calls Defendant's collection logs fail to reveal.

Defendants also engaged in numerous unlawful and abusive acts directed towards Plaintiffs, including: 1) yelling and screaming at Plaintiffs in an attempt to pressure them to repay the time barred debt, 2) threatening to take plaintiffs' home, 3) ignoring a cease communications order and intrusively and relentlessly calling, (including abusively calling back after the call was terminated) and continuing to sending collection letters, 4) unlawful and invasive communications with a third party, 5) false threats of immediate suit, 6) threatening suit on a time barred debt, 7) false threats and/or reported a stale debt to credit reporting agencies, and the failure to report it as disputed, and 8) engaging in false, abusive and misleading statements, all in an attempt to collect a debt that is almost 10 years old. Furthermore, there are additional calls Defendant's collection logs fail to reveal.

8. Any and all facts which support your second claim for relief for violations of the Rosenthal Fair Debt Collection Practices Act (CA Civil Code §1788) et seq.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 above.

9. Any and all facts that support your third claim for intrusion on seclusion.

**PLAINTIFF'S RESPONSES TO DEFENDANTS DISCOVERY RESPONSES, SET ONE**

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 above.

10. Any and all facts that support your fourth claim for tort-in-se.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 above.

11. Any and all facts that support your fifth claim for negligence.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 above.

12. Any and all facts that support your sixth claim for negligent training and supervision.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 above.

13. Please state the name and telephone number for each and every PERSON YOU contend DEFENDANTS contacted in connection with the collection of YOUR account and the date(s) of the contact(s).

4

RESPONSE

Objection, discovery continues and Plaintiff reserves the right to supplement her response.  Subject to that objection and without waiver, Elizabeth Fausto, Oscar Fausto, and Alma Fausto.

14. Please identify each and every date that DEFENDANTS contacted you via telephone and the time and date(s) of the contact.

RESPONSE

Objection, burdensome and harassing.  Defendant has there own collection logs. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objections see response to No. 7 above.

15. Please identify each and every PERSON who YOU or anyone acting on YOUR behalf interviewed regarding any contact by DEFENDANTS and the date(s) of the interview(s).

RESPONSE

Objection, attorney client privilege and work product privilege, vague and ambiguous.

16. If YOU or anyone acting on YOUR behalf obtained a written or recorded statement from any individual concerning any contact by DEFENDANTS, please state:
   a.  The name, address, and telephone number of the individual from whom the statement was obtained;

RESPONSE

Objection, vague and ambiguous.  Discovery is ongoing and Plaintiff reserves the right to supplement.

   b.  The name, address, and telephone number of the individual who obtained the statement;

RESPONSE

Not applicable see response to No. 16a.

   c.  The date the statement was obtained; and

RESPONSE

Not applicable see response to No. 16a.

   d.  The name, address, and telephone number of each PERSON who has the original statement or a copy.

RESPONSE

Not applicable see response to No. 16a.

5

17. If YOU received any consultation, examination, or treatment from a health care provider for any injury YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct, please state the name, address, telephone number of the health care provider, the type of consultation, examination, or treatment provided, the dates YOU received the consultation, examination, or treatment, and the amount of medical expenses to date.

RESPONSE

Objection, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, see medical documents produced.

18. If YOU took medication(s) prescribed or not, as a result of the injures that YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct please state the name of the mediation, person who prescribed it, the date it was prescribed the dates YOU began and stopped taking the medications and the costs YOU incurred for the medications.

RESPONSE

Objection, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, see medical documents produced

19. If YOU claim a loss of income as a result of DEFENDNATS' alleged wrongful conduct, please state the amount of income YOU claim YOU lost.

RESPONSE

Objection, vague and ambiguous, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request, subject to these objections and without waiver Plaintiffs are in the process of calculating those income amounts but believes after calculations the amount from both Plaintiffs maybe less than $5,000.00.

20. Please IDENTIFY whether YOU or anyone on YOUR behalf recorded any telephone conversation with DEFENDANTS', whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

RESPONSE

Objection, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, Plaintiff will enter into a stipulated protective order regarding the timing of turnover of Plaintiff's recordings- to occur after the individual Defendants' depositions.

21. Please state all facts supporting YOUR claim that collection on YOUR debt was time-barred as alleged in Paragraph 97 and Paragraph 101 of the COMPLAINT.

RESPONSE

Objection, attorney work-product, attorney client privilege, burdensome and harassing, seeks a legal conclusion.  Paragraphs 97 and Paragraphs 101 of the COMPLAINT do not refer to allegations of a time-barred debt.

22. Please identify the statutory duty which you allege DEFENDANTS violated Paragraph 110 of YOUR COMPLAINT.

RESPONSE

Objection, attorney work-product, attorney client privilege, burdensome and harassing, seeks a legal conclusion.  Paragraphs 97 and Paragraphs 101 of the COMPLAINT do not refer to allegations of a time-barred debt.

**<u>Request for Production of Documents</u>**

1)  Any and all documents which support your first claim for relief for violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692k)

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see Defendants' collection logs, letters to/from Defendants, notes made on receiving end of phone calls, medical records, photographs of caller identification unit, Plaintiffs' recordings of calls (Plaintiff will enter into a stipulated protective order regarding the timing of turnover- to occur after the individual Defendants' depositions).

2)  Any and all documents which support your second claim for relief for violations of the Rosenthal Fair Debt Collection Practices Act (CA Civil Code §1788) et seq.

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

3)  Any and all documents which support your third claim for intrusion on seclusion.

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

4)  Any and all documents which support your fourth claim for tort-in-se.

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

5)  Any and all documents which support your fifth claim for negligence.

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is

ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

6)  Any and all documents which support your sixth claim for negligent training and supervision.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

7)  Any and all documents including diaries, journals or logs, which summarizes, describes or details, any and all communications, between YOU and DEFENDANTS.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

8)  Any and all documents including diaries, journals or logs, which summarizes, describes or details, any and all communications, between any of YOUR family members and DEFENDANTS.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

9)  Any and all documents including diaries, journals or logs, which summarizes, describes or details, any and all communications, between third parties and DEFENDANTS.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

10)  Any and all documents, which reflect any and all damages YOU claim YOU sustained as a result of DEFENDANTS' alleged wrongful conduct.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

9

11) Any and all collection letters that YOU received from DEFENDANTS, from January 1, 2006 to the present.

 <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

12) All home, cellular and mobile telephone records, including bills and/or statements for telephone accounts and/or providers that reflect any and all contact by DEFENDANTS from January 1, 2006 to the present.

 <u>Response</u>:  After a diligent search and reasonable inquiry, Plaintiffs have no such documents.

13) All home, cellular and mobile telephone records, including bills and/or statements for telephone accounts and/or providers that reflect any and all contact by YOU to DEFENDANTS from January 1, 2006 to the present.

 <u>Response</u>:  After a diligent search and reasonable inquiry, Plaintiffs have no such documents.

14) Any and all documents from either YOU or your attorney acting on YOUR behalf received from DEFENDANTS.

 <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

15) Any and all documents from either YOU or your attorney acting on YOUR behalf sent to DEFENDANTS.

 <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

16) Any and all documents, including emails and electronic mail, which reflect the debt that is the subject of YOUR COMPLAINT from January 1, 2005.

 <u>Response</u>:  After a diligent search and reasonable inquiry, Plaintiffs have no such documents.

17) Any and all documents, including medical records and records from any health care provider, which evidences YOU consulted with a health care provider for any injury YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct.

> Response: Objection. Attorney-client privilege, attorney work-product doctrine, and invades right to privacy. Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objection, see documents listed in response to number 1.

18) Any and all documents, including medical records and records, which reflect YOU took any medication, prescribed or not, as a result of the injuries that YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct.

> Response: Objection, burdensome and harassing, Plaintiff does not have custody possession and control of all documents requested. Discovery is ongoing and Plaintiff reserves the right to supplement this response. Subject to those objections and without waiver, see documents listed in response to number 1.

Dated 4/18/2008                    LAW OFFICE OF BALÁM O. LETONA, INC.

/s/ Balám O. Letona
Balám O. Letona, Esq.
Attorney for Plaintiff

11

VERIFICATION

I, Manuel G. Fausto, plaintiff in this action, have read the foregoing responses TO DEFENDANT CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES INTERROGATORIES AND REQUEST FOR PRODUCITON OF DOCUMENTS, SET ONE and I know the contents of those responses. I believe that the matters stated in those responses are true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 18, 2008, at Watsonville, California.

Manuel Fausto

Exhibit C

Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO,<br><br>                    Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive,<br><br>                    Defendant(s). | Case No. C07-05658<br><br>PLAINTIFF LUZ FAUSTO'S RESPONSES TO DEFENDANT CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES INTERROGATORIES AND REQUEST FOR PRODUCITON OF DOCUMENTS, SET ONE |

## INTERROGATORY RESPONSES

1. Please state YOUR residential address from January 1, 2006 to the present.

RESPONSE

532 Charolais Drive, Gonzales, CA 93926

1

2. Please identify YOUR home, cellular, and mobile telephone number(s) for January 1, 2006 to the present.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

3. Identify the business name, address, and telephone number of all person, companies, or corporations who provided YOU with cellular or mobile services for January 1, 2006 to the present, as well as identifying the telephone numbers and account numbers of each such cellular or mobile service provider.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

4. Identify the business name address, and telephone number of all persons, companies or corporations who provided YOU with local and long distance telephone services for January 1, 2006 to the present, as well as identifying the telephone numbers and account numbers for each such local and long distance telephone service provider.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

5. Please state the name, address, and telephone number, dates of employment, job title, and nature of work for each employer or self-employment YOU have had in the last 5 years.

RESPONSE

Disabled, unemployed, takes care of children.

6. Please identify each and every telephone number YOU contacted DEFENDANTS from and the date(s) of the contact(s).

RESPONSE

Objection, not reasonably calculated to lead to the discovery of admissible evidence,

burdensome and harassing, Defendants have their own collection logs. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

7. Any and all facts which support YOUR first claim for relief for violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq).

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs; Defendants called Plaintiffs repeatedly and continuously, many times several times a day, and despite Plaintiffs cease and desist letters. Defendants called Plaintiffs about fifty (50) times according to Defendants' own collection logs, including on: December 21, 2006, January 5, 10, 16, 16, 22, 22, 23, 2007, February 13, 16, 27, 27, 2007, March 16, 16, 17, 17, 23, 23, 30, 30, 2007, April 7, 9, 9, 10, 13, 13, 18, 23, 23, 23, 28, 2007, May 2, 2, 2, 10, 11, 11, 16, 22, 2007, June 1, 6, 6, 2007, July 13, 20, 26, 31, 2007, August 5, 7, 2007, September 10, 12, 2007, November 14, 15, 23, 2007 (the Friday of the Thanksgiving holiday), and December 3, 15, 21, 2007. Furthermore, there are additional calls Defendant's collection logs fail to reveal.

Defendants also engaged in numerous unlawful and abusive acts directed towards Plaintiffs, including: 1) yelling and screaming at Plaintiffs in an attempt to pressure them to repay the time barred debt, 2) threatening to take plaintiffs' home, 3) ignoring a cease communications order and intrusively and relentlessly calling, (including abusively calling back after the call was terminated) and continuing to sending collection letters, 4) unlawful and invasive communications with a third party, 5) false threats of immediate suit, 6) threatening suit on a time barred debt, 7) false threats and/or reported a stale debt to credit reporting agencies, and the failure to report it as disputed, and 8) engaging in false, abusive and misleading statements, all in an attempt to collect a debt that is almost 10 years old. Furthermore, there are additional calls Defendant's collection logs fail to reveal.

8. Any and all facts which support your second claim for relief for violations of the Rosenthal Fair Debt Collection Practices Act (CA Civil Code §1788) et seq.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 above.

9. Any and all facts that support your third claim for intrusion on seclusion.

3

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass.  Defendant's records contain the information Defendant seeks.  Also, Defendant seeks a legal conclusion.  Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs.  Also, see response in number 7 above.

10. Any and all facts that support your fourth claim for tort-in-se.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass.  Defendant's records contain the information Defendant seeks.  Also, Defendant seeks a legal conclusion.  Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs.  Also, see response in number 7 above.

11. Any and all facts that support your fifth claim for negligence.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass.  Defendant's records contain the information Defendant seeks.  Also, Defendant seeks a legal conclusion.  Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs.  Also, see response in number 7 above.

12. Any and all facts that support your sixth claim for negligent training and supervision.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass.  Defendant's records contain the information Defendant seeks.  Also, Defendant seeks a legal conclusion.  Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs.  Also, see response in number 7 above.

13. Please state the name and telephone number for each and every PERSON YOU contend DEFENDANTS contacted in connection with the collection of YOUR account and the date(s) of the contact(s).

4

RESPONSE

Objection, discovery continues and Plaintiff reserves the right to supplement her
response.  Subject to that objection and without waiver, Elizabeth Fausto, Oscar Fausto,
and Alma Fausto.

14. Please identify each and every date that DEFENDANTS contacted you via telephone and
the time and date(s) of the contact.

RESPONSE

Objection, burdensome and harassing.  Defendant has there own collection logs.
Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this
response.  Without waiving such objections see response to No. 7 above.

15. Please identify each and every PERSON who YOU or anyone acting on YOUR behalf
interviewed regarding any contact by DEFENDANTS and the date(s) of the interview(s).

RESPONSE

Objection, attorney client privilege and work product privilege, vague and ambiguous.

16. If YOU or anyone acting on YOUR behalf obtained a written or recorded statement from
any individual concerning any contact by DEFENDANTS, please state:
    a.  The name, address, and telephone number of the individual from whom the
    statement was obtained;

RESPONSE

Objection, vague and ambiguous.  Discovery is ongoing and Plaintiff reserves the
right to supplement.

    b.  The name, address, and telephone number of the individual who obtained the
    statement;

RESPONSE

Not applicable see response to No. 16a.

    c.  The date the statement was obtained; and

RESPONSE

Not applicable see response to No. 16a.

    d.  The name, address, and telephone number of each PERSON who has the original
    statement or a copy.

RESPONSE

Not applicable see response to No. 16a.

17. If YOU received any consultation, examination, or treatment from a health care provider for any injury YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct, please state the name, address, telephone number of the health care provider, the type of consultation, examination, or treatment provided, the dates YOU received the consultation, examination, or treatment, and the amount of medical expenses to date.

RESPONSE

Objection, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, see medical documents produced.

18. If YOU took medication(s) prescribed or not, as a result of the injures that YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct please state the name of the mediation, person who prescribed it, the date it was prescribed the dates YOU began and stopped taking the medications and the costs YOU incurred for the medications.

RESPONSE

Objection, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, see medical documents produced

19. If YOU claim a loss of income as a result of DEFENDNATS' alleged wrongful conduct, please state the amount of income YOU claim YOU lost.

RESPONSE

Objection, vague and ambiguous, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request, subject to these objections and without waiver Plaintiffs are in the process of calculating those income amounts but believes after calculations the amount from both Plaintiffs maybe less than $5,000.00.

20. Please IDENTIFY whether YOU or anyone on YOUR behalf recorded any telephone conversation with DEFENDANTS', whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

RESPONSE

Objection, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, Plaintiff will enter into a stipulated protective order regarding the timing of turnover of Plaintiff's recordings- to occur after the individual Defendants' depositions.

21. Please state all facts supporting YOUR claim that collection on YOUR debt was time-barred as alleged in Paragraph 97 and Paragraph 101 of the COMPLAINT.

PLAINTIFF'S RESPONSES TO DEFENDANTS DISCOVERY RESPONSES, SET ONE

1
2
3

RESPONSE

Objection, attorney work-product, attorney client privilege, burdensome and harassing, seeks a legal conclusion.  Paragraphs 97 and Paragraphs 101 of the COMPLAINT do not refer to allegations of a time-barred debt.

4
5

22. Please identify the statutory duty which you allege DEFENDANTS violated Paragraph 110 of YOUR COMPLAINT.

6

RESPONSE

7
8

Objection, attorney work-product, attorney client privilege, burdensome and harassing, seeks a legal conclusion.  Paragraphs 97 and Paragraphs 101 of the COMPLAINT do not refer to allegations of a time-barred debt.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S RESPONSES TO DEFENDANTS DISCOVERY RESPONSES, SET ONE**

**<u>Request for Production of Documents</u>**

1) Any and all documents which support your first claim for relief for violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692k)

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see Defendants' collection logs, letters to/from Defendants, notes made on receiving end of phone calls, medical records, photographs of caller identification unit, Plaintiffs' recordings of calls (Plaintiff will enter into a stipulated protective order regarding the timing of turnover- to occur after the individual Defendants' depositions).

2) Any and all documents which support your second claim for relief for violations of the Rosenthal Fair Debt Collection Practices Act (CA Civil Code §1788) et seq.

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

3) Any and all documents which support your third claim for intrusion on seclusion.

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

4) Any and all documents which support your fourth claim for tort-in-se.

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

5) Any and all documents which support your fifth claim for negligence.

> <u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is

ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

6)  Any and all documents which support your sixth claim for negligent training and supervision.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

7)  Any and all documents including diaries, journals or logs, which summarizes, describes or details, any and all communications, between YOU and DEFENDANTS.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

8)  Any and all documents including diaries, journals or logs, which summarizes, describes or details, any and all communications, between any of YOUR family members and DEFENDANTS.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

9)  Any and all documents including diaries, journals or logs, which summarizes, describes or details, any and all communications, between third parties and DEFENDANTS.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

10)  Any and all documents, which reflect any and all damages YOU claim YOU sustained as a result of DEFENDANTS' alleged wrongful conduct.

> Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

9

11)  Any and all collection letters that YOU received from DEFENDANTS, from January 1, 2006 to the present.

   **Response**: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

12)  All home, cellular and mobile telephone records, including bills and/or statements for telephone accounts and/or providers that reflect any and all contact by DEFENDANTS from January 1, 2006 to the present.

   **Response**:  After a diligent search and reasonable inquiry, Plaintiffs have no such documents.

13)  All home, cellular and mobile telephone records, including bills and/or statements for telephone accounts and/or providers that reflect any and all contact by YOU to DEFENDANTS from January 1, 2006 to the present.

   **Response**:  After a diligent search and reasonable inquiry, Plaintiffs have no such documents.

14)  Any and all documents from either YOU or your attorney acting on YOUR behalf received from DEFENDANTS.

   **Response**: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

15)  Any and all documents from either YOU or your attorney acting on YOUR behalf sent to DEFENDANTS.

   **Response**: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

16)  Any and all documents, including emails and electronic mail, which reflect the debt that is the subject of YOUR COMPLAINT from January 1, 2005.

   **Response**:  After a diligent search and reasonable inquiry, Plaintiffs have no such documents.

17) Any and all documents, including medical records and records from any health care provider, which evidences YOU consulted with a health care provider for any injury YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct.

> Response: Objection. Attorney-client privilege, attorney work-product doctrine, and invades right to privacy. Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objection, see documents listed in response to number 1.

18) Any and all documents, including medical records and records, which reflect YOU took any medication, prescribed or not, as a result of the injuries that YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful.

> Response: Objection, burdensome and harassing, Plaintiff does not have custody possession and control of all documents requested. Discovery is ongoing and Plaintiff reserves the right to supplement this response. Subject to those objections and without waiver, see documents listed in response to number 1.

Dated 4/18/2008

LAW OFFICE OF BALÁM O. LETONA, INC.

/s/ Balám O. Letona
Balám O. Letona, Esq.
Attorney for Plaintiff

11

VERIFICATION

I, Luz Fausto, plaintiff in this action, have read the foregoing responses TO
DEFENDANT CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES
INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT
BOYDE, PAULO PERES INTERROGATORIES AND REQUEST FOR
PRODUCITON OF DOCUMENTS, SET ONE and I know the contents of those
responses. I believe that the matters stated in those responses are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on April 18, 2008, at Watsonville, California.

Luz Fausto
Luz Fausto