*E-FILED 6/13/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO et al., <br><br> Plaintiffs, <br> v. <br><br> CREDIGY SERVICES CORP., <br><br> Defendant. | NO. C07-05658 JW (RS) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |

I. INTRODUCTION

Plaintiffs Manuel and Luz Fausto bring suit under federal and California debt collection laws prohibiting debt collectors from engaging in abusive, deceptive, or unfair collection practices. The Faustos allege that Defendants Credigy Services Corporation, Credigy Receivables Inc., and Credigy Solutions Inc. (collectively "Credigy") and five Credigy employees engaged in an unlawful letter-writing and telephone campaign in an effort to collect payment on a disputed debt.

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Faustos move to compel initial disclosures and discovery. As the discovery is relevant, non-privileged, and overdue, the motion to compel will be granted.

Defendant Credigy, in turn, moves for a protective order excusing four individual defendants from appearing at deposition in Atlanta, Georgia. The date noticed for the deposition having passed, the motion seeks primarily to protect these four defendants – all of whom are believed to reside in Brazil - from being required to appear for future deposition in the United States. As the Faustos have shown good cause to require the depositions be held in

1

the United States rather than Brazil, Credigy's motion for a protective order will be denied.

## II.  BACKGROUND

The Faustos allege violations of the Fair Debt Collection Practices Act of 1978 and the California Rosenthal Act.  While Credigy primarily operates in Georgia and Nevada, it also has an office in Sao Paulo, Brazil.  The Faustos allege that four of the named defendants, Luis Silva Renato Nunez, Paulo Peres, Ricardo Ventura, and Rita De Cassia Goncalves, are Brazilian nationals, who engaged in illegal collection practices against them from Credigy's Brazil office.

The international aspects of this suit create logistical challenges and some understandable delays in discovery.  Credigy has yet been unable to locate, individually serve, or provide contact information for defendants Goncalves and Ventura, who are no longer employed by Credigy in Brazil.[1]  Additionally, defendants Nunez and Goncalves initially were misidentified as Ryan Miller and "Thompson," a mistake that has only recently been corrected.  Finally, counsel have been unable to agree where depositions should take place, as it appears that Brazilian law generally prohibits the taking of deposition testimony in Brazil for foreign trials.

Parties nevertheless are bound to a strict scheduling order and must continue to advance the discovery process.  Accordingly, the Faustos have moved to compel unfulfilled discovery, including:  (1) initial disclosures of the full legal names, last known home addresses, and telephone numbers of those individuals likely to have discoverable information relevant to the dispute, including the four Brazilian defendants and Brett Boyde, a U.S.-based Credigy employee; (2) response to interrogatories requesting the same for the five individual defendants and two additional Credigy employees, Moises Moteli and Ralph Phillips; (3) production of personnel files for the five individual defendants, Moteli, and Phillips; (4) production of a broad array of Credigy's financial records dating back to 2005; and (5) production of any available

---

[1] Anticipating service difficulties, Credigy's attorneys stipulated to accept service on behalf of the Brazilian defendants but then moved to withdraw from that stipulation after having been unable to locate these defendants.  In reliance on Credigy's stipulation to receive service and file an answer on the Brazilian defendants' behalf, Judge Ware denied a motion to extend time for service.  Credigy's motion to withdraw from the stipulation is pending before Judge Ware and set for hearing on September 22, 2008.

2

documentation showing Credigy submitted the Faustos's alleged debt to a credit reporting agency.

The Faustos also scheduled depositions of the Brazilian defendants (including the two not yet located or served) in Atlanta, Georgia in May 2008, following a brief and - Credigy asserts - unconcluded meet and confer process. The day before the scheduled depositions, Credigy moved for a protective order to excuse the Brazilian employees from appearing. Credigy argues that the call-center employees could not practically be expected to appear, since they were given less than a month's notice to obtain visas and travel to the United States. Credigy also argues the Faustos have not shown required good cause to hold the depositions in the United States rather than Brazil.

### III. STANDARDS

#### A. Motion to Compel

Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure govern discovery requirements, motions to compel, and the resolution of discovery disputes. Significantly, FRCP 37 grants judicial authority to compel disclosure and discovery where a party has failed to do so in a timely fashion. A judge may grant such a motion upon certification by the moving party that he attempted in good faith to obtain the discovery without court action. Fed. R. Civ. P 37(a)(1).

FRCP 26, 33, and 34 articulate the bounds of authorized disclosures and discovery as relevant to this motion to compel. FRCP 26 requires that each party automatically disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses," Fed. R. Civ. Pro. 26(a)(1)(A)(i), "based on the information then reasonably available to it." Fed. R. Civ. Pro. 26(a)(2)(A). In discovery, parties similarly are required to inform opposing counsel of "the identity and location of persons who know of any discoverable matter." Fed. R. Civ. Pro. 26(b)(1). A disclosing party "may not satisfy this obligation by disclosing its business address and phone number *unless it knows of no other address and*

3

*number*." *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996) (emphasis added). FRCP 26, therefore, requires each party to make a good faith effort to obtain particularized address and telephone information for individuals relevant to the litigation.

FRCP 33 and 34 govern the use of special interrogatories and requests for the production of documents in discovery. Answering parties must provide a written response to each item requested within 30 days of service that includes either a specific objection or a full answer or agreement to produce. Fed. R. Civ. P. 33(b)(3), (4); Fed. R. Civ. P. 34(b)(2)(A), (B). The answering party may object on the grounds of relevance or privilege.

B. Protective Order

Ordinarily, "the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order." *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D. NC 1988)). However, "[t]here is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because while] plaintiffs bring the lawsuit and . . . exercise the first choice as to the forum, [t]he defendants, on the other hand, are not before the court by choice." *Doe v. Karadzic*, 1997 U.S. Dist. LEXIS 1073, 8-9 (S.D.N.Y. 1997). An exception to this general rule is made for corporate designees, who are normally deposed at the corporation's principal place of business. *See Dwelly v. Yamaha Motor Corp.*, 214 FRD 537, 541 (D. Minn. 2002) (declining to deviate from this general rule and holding that depositions should be held at corporate headquarters in Japan, rather than in the United States).

Once their protection is sought, district courts have wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Courts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order. Id. at 1166 (finding no abuse of discretion where Hong Kong-based corporate representatives were ordered to appear for deposition in San Francisco, since they previously had violated an order to appear in Hong Kong.)

IV. DISCUSSION

4

There may be some unavoidable delay in this action, as parties span two continents and some defendants have yet to be located. Nevertheless, the parties are bound to a strict scheduling order and must continue to advance discovery.

A. Motion to Compel

Subject to the requirements of FRCP 26, 33, and 34, Credigy must provide all relevant and non-privileged discovery to the extent possible. Credigy's filings demonstrate that it has produced some, but not all, of the materials and information responsive to the Faustos's requests. As required by Rule 26 initial disclosures and in response to the Faustos's properly served interrogatories, Credigy must disclose the full names and complete contact information of all Credigy employees that worked on the Faustos's file, including Phillips and Moteli, to the extent that this information is available to Credigy, within 20 days of this order.

Since the filing of this motion, parties have met and conferred and Credigy has agreed to produce personnel files for each of the individual defendants and copies of any documents relating to referral of the Faustos's case to a credit reporting agency. Credigy is ordered to abide by the terms of that agreement and produce the requested documents within 20 days of this order. Should Moteli and Phillips prove to be Credigy employees who worked on the Faustos's account, Credigy is also ordered to produce their personnel records on the same schedule.

Finally, Credigy has raised a legitimate concern that the request for financial documentation is unduly broad to accomplish the Faustos's stated purpose: assessment of their punitive damage claim. Credigy is ordered to produce copies of its unaudited financial statements and tax returns for 2005, 2006, and 2007. This order is without prejudice to a subsequent showing that production of additional financial information has become warranted.

B. Motion for Protective Order

The Faustos correctly argue that this motion for a protective order was not timely filed.[2]

---

[2] The Ninth Circuit holds:
> Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion [for a protective order prior to the date of the deposition]. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard.

5

Nevertheless, the interests of justice are best served by considering the merits of Credigy's motion, since neither party was unduly prejudiced by the deponents' non-appearance.

The Faustos argue persuasively that there is good cause to hold these depositions in the United States rather than Brazil: according to the U.S. Department of State, it apparently is illegal for American lawyers to take depositions in Brazil and they do so at risk of imprisonment.[3] Additionally, Credigy's corporate representative has testified that Credigy regularly hosts Brazilian employees in Atlanta, illustrating that Credigy is familiar with the logistical process of bringing Brazilian employees to the United States and has successfully navigated the U.S. visa procurement process in the past.

---

> He might also appear and seek to adjourn the deposition until an order can be obtained. Rule 30(d). But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains. Otherwise, as this case shows, a proposed deponent, by merely filing motions under Rule 30(b), could evade giving his deposition indefinitely. Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear.

*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *see also F.A.A. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) ("It is clear, however, that it is not the filing of such a motion that stays the deposition, but rather a court order.").

[3] *See* Declaration of Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs, U.S. Department of State, *Wheaton v. Porreca* and *United States v. Porreca*, filed in the District of New Jersey on May 24, 2001, available at http://www.state.gov/s/l/16146.htm. ("The United States has endeavored to obtain authoritative guidance from the Government of Brazil regarding the procedures it considers acceptable under Brazilian law and practice, and under its interpretation of the Vienna Convention on Consular Relations concerning obtaining evidence in Brazil. Despite extensive consultations for many years, the United States has not received clear written guidance from the Government of Brazil on this subject. Ministry of External Relations officials have advised the U.S. Embassy verbally that Brazilian authorities do not recognize the authority or ability of foreign persons, such as American attorneys, to take depositions before a U.S. consular officer, with the assistance of a Brazilian attorney, or in any other manner. Ministry officials explained that the taking of depositions for use in foreign courts constitutes an act of procedural law and that, as such, must be undertaken in Brazil only by Brazilian judicial authorities. The Ministry also cited as an implicit principle of Brazilian Constitutional Law that only Brazilian judicial authorities are competent to perform acts of a judicial nature in Brazil. In view of this position, Brazil has advised it would deem taking depositions in Brazil by foreign persons to be a violation of Brazil's judicial sovereignty. Such action could result in the arrest, detention, expulsion, or deportation of the American attorney or other American participants. Subsequent attempts by the U.S. Embassy to clarify the issue with Brazilian authorities proved unsuccessful.") (Decl. Betancourt ¶ 5-6.); *see also* Supplemental Declaration of Edward A. Betancourt, *Wheaton v. Porreca* and *United States v. Porreca*, filed in the District of New Jersey on October 29, 2001, http://www.state.gov/s/l/16147.htm (declaring that the prohibition against deposition testimony extends to telephonic and video conference depositions).

Provided that the four named defendants (Nunez, Peres, Ventura, and Goncalves) are located and are able to obtain visas for international travel, the Court orders that they be deposed in Atlanta, Georgia. The Faustos are ordered to schedule these depositions with reasonable notice, allowing for reasonably foreseeable complications of U.S. visa procurement and international travel. The motion for a protective order with respect to these four Credigy defendants is DENIED.

## V.  CONCLUSION

The Faustos's motion to compel is GRANTED and Credigy is ordered to produce the required discovery within 20 days of the date of this order. The motion for a protective order with respect to the depositions of Nunez, Peres, Ventura, and Goncalves is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2008

RICHARD SEEBORG

United States Magistrate Judge

7

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

David J. Kaminski   kaminskd@cmtlaw.com

Balam Osberto Letona   letonalaw@gmail.com

Tomio Buck Narita   tnarita@snllp.com, sschmitt@snllp.com

Jeffrey A. Topor   jtopor@snllp.com, sschmitt@snllp.com

Ronald Wilcox   ronaldwilcox@post.harvard.edu

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/13/08**                                         **Richard W. Wieking, Clerk**

                                                           **By:    Chambers**