Balam O. Letona, Bar No. 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br>Plaintiffs,<br>v.<br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: C07-05658 JW RS<br><br>**DECLARATION REGARDING MOTION TO COMPEL DEPOSITION**<br><br>**Date: August 20, 2008**<br>**Time: 9:30 a.m.**<br>**HON. RICHARD SEEBORG**<br><br>**U.S. DISTRICT COURT**<br>**280 South First St.**<br>**San Jose, CA** |

I, Ronald Wilcox, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. section 1746, that the following statements are true:

1. Defendant Credigy Services Corp. (hereinafter shall all be referred to as "Defendant" or "Credigy") failed to produce a competent F.R.C.P. 30(b)(6) designee for deposition. Plaintiffs seek an order requiring Defendants to comply with the Federal Rules of Civil Procedure (FRCP), including FRCP 26, 30 and 34. (The court granted an earlier Motion to Compel on June 13, 2008. **Exhibit 1**.)

Plaintiffs began Defendants' deposition, in San Jose, on April 22, 2008 in the *Fausto v. Credigy* matter, and the *Vasquez v. Credigy* matter, on April 23, 2008 (the parties agreed the deposition transcripts could be used interchangeably). Defendants did not produce documents in advance of its deposition (including documents relating to financial condition, LiveVox, Inc. call logs, address and telephone tables relating to the Simplect system, personnel files, etc.). See Amended Objections at **Exhibit 2.** Defendant failed to produce personnel files until the day of the deposition, and the documents are in Portuguese. Furthermore, Defendants failed to produce all of the relevant personnel files, and thus Plaintiffs were forced to obtain an Order from Judge Seeborg compelling all of the personnel files. Additionally, Defendants' corporate representative designated pursuant to F.R.C.P. 30(b)(6) was unable to answer numerous questions; answering more than sixty (60) questions with, "I don't know", and "I have no idea" twelve (12) times, in the *Fausto* matter alone. Defendants' delays and conduct impaired Plaintiffs' ability to conduct the deposition. Thus, Plaintiffs held the depositions open, to continue them on another date.

2. Intending to conduct the continued deposition of Defendants, on May 29, 2008 Plaintiffs requested, in writing, that Defendant designate witnesses who are prepared to testify regarding the topics noticed, including: telephone practices, communications and practices relating to LiveVox, Inc., the maintenance of procedures by Defendants to avoid violations of the Fair Debt Collection Practices Act and the California FDCPA; the methods, practices, techniques, and strategies used by Defendants in training and disciplining their collection employees; Defendants' denials in its answer, written discovery responses, and net worth, financial condition. **Exhibit 3**.

3. Defendant refused to provide available dates for the continued deposition. On June 10, 2008, Plaintiffs noticed the Continued Depositions for July 10 and July 11, 2008. **Exhibit 4**. On June 17, 2008 Defendants sent a letter, pretending the depositions had been noticed to their surprise, demanded no one would appear in San Jose, that any deposition would have to be limited in time and

scope, and Plaintiffs would first have to specify each question and answer not properly answered at the depositions. Plaintiffs wrote Defendant, indicating a failure to appear was sanctionable, and that if Defendants believed they were entitled to a protective order staying the deposition they were required to file a motion with the court. Defendants refused to file a motion and proceeded to willfully fail to appear for the depositions. The parties corresponded via e-mail, fax, and on the telephone. Plaintiff also offered to meet in person in San Jose or Redwood City. The parties could not resolve the matter.

4. Defendants' counsel has gone to extraordinary lengths to obstruct discovery, and to attempt to prevent Plaintiffs from getting to the truth in this case. Defendants' counsel signed a stipulation that was filed with the Court, stating they represented certain Defendants and would answer on their behalf by a certain date. Docket #16. Relying on Defendants' counsel representations, Judge Ware ruled that a pending motion to extend time to serve certain Defendants was moot, and therefore vacated. Docket# 17. Emboldened by their ability to dupe not only Plaintiffs' counsel, but the Court, certain individual Defendants then willfully failed to appear for duly noticed depositions on May 1 and 2, 2008, having not first obtained an Order from the Court excusing their attendance,[1] and refused to answer any questions regarding entire topic areas at its F.R.C.P. 30(b)(6) deposition (including any questions regarding their financial condition). Defendants then refused to appear for their continued F.R.C.P. 30(b)(6) depositions noticed for July 10 and 11, 2008.

5. During the April 22 and 23, 2008 depositions, Defendants' counsel instructed Defendant not to answer numerous questions, without asserting a valid privilege. For example, Defendants refused to testify about the factual basis for denials in its answer, such as whether Defendant received Plaintiffs' cease and desist letter. **Exhibit 5**, Fausto 223:8-224:11. Defendants must answer the question or its defenses should be stricken. Indeed, unless Defendants produce a

---

[1] Indeed, Defendants waited until the day before the depositions to file a Motion for Protective Order, failed to provide any alternative dates for the depositions or any plan as to when the parties could conduct the depositions.

designee to answer questions about its affirmative defenses, they should be precluded from introducing defenses, such as bona fide error. F.R.C.P. 37(c)(1).

6. Defendants have raised the defense of "bona fide error", thus placing its training and practices at issue. Answer to First Amended Complaint, Docket #7, Page 14, ¶18. Defendant's F.R.C.P. 30(b)(6) designee was unable to answer many questions regarding defendants' practices and procedures. For example the corporate designee was unable to describe the alleged initial and ongoing training **Exhibit 5,** Fausto, 49:21-50-4, did not know how the training manual is disseminated, **Exhibit 5**, Fausto 48:4-9; he could not say whether he had seen the training manual ever displayed, Fausto p. 48:10-14; could not say whether employee's have to sign any form when receiving the training manual, **Exhibit 5,** Fausto 48:23-49:2; testified Defendants track all of their training, including dates, but could not say how or where, **Exhibit 5,** Fausto p. 49:5-20, was unable to say where any FDCPA tests were stored, **Exhibit 5**, Fausto 51:20-22, 52:10-16; 52:23-53:1; did not know whether the test taker had to sign and date the tests, **Exhibit 5**, Fausto 52:1-9; stated he would have to speak to someone else (Brian Siler) to answer questions about specific training periods, **Exhibit 5,** Fausto 53:14-15. Indeed, he had never actually participated in any of the FDCPA training classes, **Exhibit 5**, Fausto 54:8-9. Nor did he make an effort to speak to anyone about training before coming to the deposition. **Exhibit 5,** Fausto 54:15-20. He was also unsure whether there were any written records of alleged monitoring of debt collector's collection calls, **Exhibit 5**, Fausto 55:19-56:5, 56:16-20, 56:21-57:1. He could not personally testify as to what training manual is used in Brazil, **Exhibit 5**, Fausto 59:20-23, 60:22-24, or what written tests are conducted, **Exhibit 5**, Vasquez 147:2-22.

7. The deponent did not know how long the training would last, or why there was no date on training manual, **Exhibit 5**, Fausto 61:2-8. The deponent based all of his answers on his personal view of training sessions, but has not seen a training session in Brazil since 2004-2005, **Exhibit 5,** Fausto 61:18-20, the deponent did not know the names of the trainers, Fausto 58:6-17, and was unsure

if there are written training documents regarding the CA FDCPA (Rosenthal Act). **Exhibit 5**, Fausto 232:12-19[2]. The designee did not know how many written disputes Defendants received in the last three years. **Exhibit 5,** Fausto 248:5-25.

8. At the depositions Defendants refused to produce any documents relating to previous lawsuits or complaints relating to Defendants' collection practices, thus impairing Plaintiffs' ability to question the deponent regarding the facts of such.[3] Defendant also refused to produce designee on that Topic.[4] Furthermore, the deponent was not prepared to testify about previous complaints **Exhibit 5**, Fausto 236:21-237:9)[5] and lawsuits involving the very practices at issue herein **Exhibit 5** (Fausto 236:14-20).

---

[2] Fausto Depo. 232:12-19:

12 Q Are there any particular written documents
13 regarding the Rosenthal Act that are handed out to
14 Credigy's debt collectors?
15 A Again, I would have to review the training
16 material that we provided. I thought perhaps I saw
17 something that talked about the state-based differences
18 in the additional material we've brought today, but I
19 need to look through the training material.

[3] Request for Production #8 stated, "All complaints, judgments and consent orders, from 2005-2008, relating to Defendant's conduct in the collection of individual's debts." Defendants objection stated: Defendant objects to this request on the grounds it calls for information which is not relevant to any issue in this case and will not lead to the discovery of admissible evidence. Defendant objects on the grounds it is vague, ambiguous, unduly burdensome an oppressive. Defendant further objects on the grounds it calls for private and confidential information pertaining to third parties. Defendant objects to the request on the grounds it potentially calls for confidential and private information and invades the privacy rights of third persons not parties to this lawsuit.

[4] Deposition Topic Number 22 stated: "Complaints and lawsuits against Defendants for unlawful collection practices in the past three years." Defendants Amended Objection stated: "This category is objected to on the grounds it is vague, ambiguous, and overbroad. Defendant further objects on the grounds this request seeks information protected by the attorney-client privilege, seeks information which is irrelevant and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

[5] Fausto Depo. 236:21-237:9:

21 Q Has Credigy received any Better Business Bureau

9. Defendant refused to produce documents, and testify, about financial condition at the F.R.C.P. 30(b)(6) deposition. **Exhibit 5**, Fausto 213:5-21. Also see RPD 15-21.[6] Defendant then produced some documents relating to financial condition *after* Plaintiffs brought a Motion to Compel, and before it was heard, which was well after the deposition. Subsequently, Magistrate Judge Seeborg ordered Defendants to produce their financial statements and tax returns.

10. This case is about the more than ninety (90) phone calls Defendant made in an attempt to collect a ten (10) year old debt from Plaintiffs. Many of these phone calls do not appear on Defendants collection logs. Moreover, Defendants failed to produce any documents relating to the

---

22 complaints stating that they were engaging in unlawful
23 collection practices?
24 MR. KAMINSKI: Objection. Vague as to time.
25 BY MR. WILCOX:
CONDENSED TRANSCRIPT
Page 237
1 Q Within the last three years.
2 A I don't know whether we've received any
3 complaints specifically alleging what you stated, in the
4 last three years. I don't know.
5 Q Has Credigy been sued by any consumers in the
6 last three years whereby the consumer indicated that
7 Credigy failed to abide by cease and desist letters?
8 A I don't know whether we have been sued over
9 that issue in the last three years. I don't know.
10 Q Has Credigy received complaints from consumers
11 other than Mr. Fausto that the alleged First Select debt
12 is a debt that the consumer doesn't owe?

[6] Request to Produce Documents:
15. All financial documents from lawsuits in which Defendant has provided financial documents or net worth information.
16. All documents of Defendant providing their net worth to any government agency, provide such documents.
17. All financial statements of Defendant for the last three years.
18. All annual reports of Defendant for the last three years.
19. All semiannual and quarterly financial statements of Defendant for that last three years.
20. All credit applications of Defendant for the last three years.
21. All tax returns of Defendant for the last three years.

more than forty (40) phone calls placed by its agent, LiveVox, Inc., in an attempt to collect the debt from Plaintiffs on behalf of Defendants. However, Plaintiffs subsequently obtained these records via subpoena, and thus, has yet to depose Defendant about these numerous collection phone calls.

11. Defendants' F.R.C.P. 30(b)(6) designee was unable to testify regarding Defendants' practices in regard to the use of its auto-dialer telephone system, provided by its agent LiveVox, Inc. He was unable to testify as to what the LiveVox, Inc. automated dialer system actually does if a person picks up the phone to receive a call, **Exhibit 5**, Fausto 86:10-15.[7] He was unsure whether there were any written documents regarding Defendants' practices and procedures regarding the Live Vox auto-dialing system. **Exhibit 6,** Vasquez, 96:25-97:22. Furthermore, the designee made no effort to speak to Live Vox before coming to the deposition. **Exhibit 6,** Vasquez 105:12-15.

12. The designee was unable to answer questions regarding Defendant's document retention policy and practices in regard to its telephone records, and whether or not Defendants destroyed telephone records after being notified of this lawsuit. **Exhibit 5,** Fausto 234:20-235:7: A competent designee must be produced regarding Defendant's telephone practices used in an attempt to collect a debt.

13. Defendants' counsel repeatedly instructed Defendant not to answer questions that Defendants are required to answer. For example, Defendants refused to testify about the factual basis for denials in its answer, such as whether Defendant received Plaintiffs' cease and desist letter, which under the FDCPA compelled collection activity to cease, but which did not. **Exhibit 5,** Fausto 223:8-224:11.

---

[7] Fausto Depo 86:10-15:
10 Q If LiveVox was making an automated call using
11 this product that leaves an automated voice mail message
12 and an actual human picks up, what would happen?
13 A I'm not sure what would happen. I'm not sure
14 if LiveVox would detect that was a human and then
15 transfer the call to a live person. I would have to
16 check on that.

14. The designee claimed Credigy conducted an investigation into the Fausto's claims, but does not know who at Credigy conducted the investigation. **Exhibit** 5, Fausto 207:24-208:1. Also, when asked "Did anyone at Credigy speak to debt collector "Rgoncalves about the Fausto account," the deponent answered, "I have no idea." **Exhibit 5**, Fausto, 185:9-12. When asked if anyone at Credigy had spoken to debt collector "eisilva" about the Fausto account, and again the deponent had no idea, nor could he answer whether Credigy asked "eisilva" if he threatened to report the Fausto's debt on their credit report forever, **Exhibit 5**, Fausto Depo. 22:13-20, and whether or not "eisilva" was disciplined. **Exhibit 5,** Fausto Depo. 100:4-24, nor did the designee know if "sblackwell" or "kervin" had been disciplined (two collectors allegedly involved in failing to properly identify the Plaintiffs' cease and desist letter). **Exhibit 5**, Fausto Depo. 162:21-163:6. Nor could the designee answer whether any disciplinary action was taken against any of the collectors. **Exhibit 5,** Fausto Depo. 208:2-8.

15. Similarly, the corporate designee was also unable to answer whether Defendants conducted any investigation into the allegations made in the Vasquez complaint. **Exhibit 6,** Vasquez, 90:21-91:7. Furthermore, when asked if Defendants' had spoken to the "fferao", one of the debt collectors that abused Ms. Vasquez, counsel instructed the deponent not to answer. **Exhibit 6,** Vasquez, 90:10-19.

16. When Defendants intended to respond to questions regarding various topics they clearly stated so (See for example Topic #1, stating "Defendant will produce a witness to testify as to this subject."); when they would not they indicated so with in their written objection. **Exhibit 2**. Defendants served amended objections to numerous topics, including seven (7) relevant herein (See Topics #7, 11, 12, 22, 25-26, 28- the lengthy 17 pages of objections are attached as **Exhibit 2):**

7. Documents sent to and/or received from Plaintiffs or anyone else regarding Plaintiffs; (Asserting a privilege, but failing to produce privilege log, and stating a witness will be produced)

11. The factual basis for Defendants' Answer;

12. The facts relating to any bona fide error defense;

22. Complaints and lawsuits against Defendants for unlawful collection practices in the past three years.

25. All documents relating to Plaintiff; and

26. The net worth and financial condition of Defendant.

28. Any bonuses or commissions paid to any of the collectors that worked on Plaintiffs' account, from 2005-2008.

17. Defendants' F.R.C.P. 30(b)(6) designee testified there were address and telephone tables relating to the Simplect collection logs/tracking notes; they have not been produced. Furthermore, Plaintiffs are entitled to the actual screen prints or screen shots of the collection logs. FA 2-FA 19. Defendants did not produce any documents relating to the audits conducted, as reflected on the collection logs, or any audit trails. Defendants failed to produce key codes or documents explaining the various codes on the collection logs.

18. Additionally, Defendants failed to produce logs noting the calls made by its agent, LiveVox, Inc. Furthermore, Defendants failed to produce any documents relating to the LiveVox, Inc. system and the alleged debt (such as the data and information about the Plaintiffs transferred back and forth to LiveVox, Inc., the data and computer screens defendants accessed on the Live Vox system, the merging of any data of LiveVox with Credigy's Simplect system (as Defendants testified occurs), or any procedures manuals relating to such, etc.).

19. Nor have they produced proof of any payments made on the alleged despite, despite testifying they may have such documents. Defendants have also failed to produce all documents relating to its reporting of the alleged debt to credit reporting agencies.

Respectfully submitted,

Dated: July 15, 2008

Ronald Wilcox, Counsel for Plaintiff