Exhibit 1



--- F.R.D. ----
--- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.)
**(Cite as: --- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.))**

Fausto v. **Credigy** Services Corp.
N.D.Cal.,2008.
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
San Jose Division.
Manuel G. FAUSTO et al., Plaintiffs,
v.
**CREDIGY** SERVICES CORP., Defendant.
No. C07-05658 JW (RS).

June 13, 2008.

Balam Osberto Letona, Law Office of Balam O.
Letona, Inc., Santa Cruz, CA, Ronald Wilcox, Law
Office of Ronald Wilcox, San Jose, CA, for
Plaintiffs.
Tomio Buck Narita, Jeffrey A. Topor, Simmonds &
Narita LLP, San Francisco, CA, Stephen Albert
Watkins, Los Angeles, CA, for Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION
TO COMPEL AND DENYING DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER**

RICHARD SEEBORG, United States Magistrate
Judge.

### I. INTRODUCTION

*1 Plaintiffs Manuel and Luz Fausto bring suit under
federal and California debt collection laws
prohibiting debt collectors from engaging in abusive,
deceptive, or unfair collection practices. The Faustos
allege that Defendants Credigy Services Corporation,
Credigy Receivables Inc., and Credigy Solutions Inc.
(collectively "Credigy") and five Credigy employees
engaged in an unlawful letter-writing and telephone
campaign in an effort to collect payment on a
disputed debt.

Pursuant to Rules 26, 33, and 34 of the Federal Rules
of Civil Procedure, the Faustos move to compel
initial disclosures and discovery. As the discovery is
relevant, non-privileged, and overdue, the motion to
compel will be granted.

Defendant Credigy, in turn, moves for a protective
order excusing four individual defendants from
appearing at deposition in Atlanta, Georgia. The date
noticed for the deposition having passed, the motion
seeks primarily to protect these four defendants-all of
whom are believed to reside in Brazil-from being
required to appear for future deposition in the United
States. As the Faustos have shown good cause to
require the depositions be held in the United States
rather than Brazil, Credigy's motion for a protective
order will be denied.

### II. BACKGROUND

The Faustos allege violations of the Fair Debt
Collection Practices Act of 1978 and the California
Rosenthal Act. While Credigy primarily operates in
Georgia and Nevada, it also has an office in Sao
Paulo, Brazil. The Faustos allege that four of the
named defendants, Luis Silva Renato Nunez, Paulo
Peres, Ricardo Ventura, and Rita De Cassia
Goncalves, are Brazilian nationals, who engaged in
illegal collection practices against them from
Credigy's Brazil office.

The international aspects of this suit create logistical
challenges and some understandable delays in
discovery. Credigy has yet been unable to locate,
individually serve, or provide contact information for
defendants Goncalves and Ventura, who are no
longer employed by Credigy in
Brazil.[FN1] Additionally, defendants Nunez and
Goncalves initially were misidentified as Ryan Miller
and "Thompson," a mistake that has only recently
been corrected. Finally, counsel have been unable to
agree where depositions should take place, as it
appears that Brazilian law generally prohibits the
taking of deposition testimony in Brazil for foreign
trials.

> FN1. Anticipating service difficulties,
> Credigy's attorneys stipulated to accept
> service on behalf of the Brazilian defendants
> but then moved to withdraw from that
> stipulation after having been unable to locate

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

these defendants. In reliance on Credigy's stipulation to receive service and file an answer on the Brazilian defendants' behalf, Judge Ware denied a motion to extend time for service. Credigy's motion to withdraw from the stipulation is pending before Judge Ware and set for hearing on September 22, 2008.

Parties nevertheless are bound to a strict scheduling order and must continue to advance the discovery process. Accordingly, the Faustos have moved to compel unfulfilled discovery, including: (1) initial disclosures of the full legal names, last known home addresses, and telephone numbers of those individuals likely to have discoverable information relevant to the dispute, including the four Brazilian defendants and Brett Boyde, a U.S.-based Credigy employee; (2) response to interrogatories requesting the same for the five individual defendants and two additional Credigy employees, Moises Moteli and Ralph Phillips; (3) production of personnel files for the five individual defendants, Moteli, and Phillips; (4) production of a broad array of Credigy's financial records dating back to 2005; and (5) production of any available documentation showing Credigy submitted the Faustos's alleged debt to a credit reporting agency.

**\*2** The Faustos also scheduled depositions of the Brazilian defendants (including the two not yet located or served) in Atlanta, Georgia in May 2008, following a brief and-Credigy asserts-unconcluded meet and confer process. The day before the scheduled depositions, Credigy moved for a protective order to excuse the Brazilian employees from appearing. Credigy argues that the call-center employees could not practically be expected to appear, since they were given less than a month's notice to obtain visas and travel to the United States. Credigy also argues the Faustos have not shown required good cause to hold the depositions in the United States rather than Brazil.

### III. STANDARDS

*A. Motion to Compel*

Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure govern discovery requirements, motions to compel, and the resolution of discovery disputes.

Significantly, FRCP 37 grants judicial authority to compel disclosure and discovery where a party has failed to do so in a timely fashion. A judge may grant such a motion upon certification by the moving party that he attempted in good faith to obtain the discovery without court action.Fed. R. Civ. P 37(a)(1).

FRCP 26, 33, and 34 articulate the bounds of authorized disclosures and discovery as relevant to this motion to compel. FRCP 26 requires that each party automatically disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses,"Fed. R. Civ. Pro. 26(a)(1)(A)(i), "based on the information then reasonably available to it."Fed. R. Civ. Pro. 26(a)(2)(A). In discovery, parties similarly are required to inform opposing counsel of "the identity and location of persons who know of any discoverable matter ."Fed. R. Civ. Pro. 26(b)(1). A disclosing party "may not satisfy this obligation by disclosing its business address and phone number *unless it knows of no other address and number."Dixon v. Certainteed Corp., 164 F.R.D. 685, 689 (D.Kan.1996)* (emphasis added).FRCP 26, therefore, requires each party to make a good faith effort to obtain particularized address and telephone information for individuals relevant to the litigation.

FRCP 33 and 34 govern the use of special interrogatories and requests for the production of documents in discovery. Answering parties must provide a written response to each item requested within 30 days of service that includes either a specific objection or a full answer or agreement to produce.Fed.R.Civ.P. 33(b)(3), (4); Fed.R.Civ.P. 34(b)(2)(A), (B). The answering party may object on the grounds of relevance or privilege.

*B. Protective Order*

Ordinarily, "the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order."*Turner v. Prudential Ins. Co. of America,* 119 F.R.D. 381, 383 (M.D.N.C.1988)). However, "[t]here is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because while] plaintiffs bring the lawsuit and ... exercise the first choice as to the forum, [t]he defendants, on the

--- F.R.D. ----
--- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.)
**(Cite as: --- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.))**

other hand, are not before the court by choice."*Doe v. Karadzic,* 1997 U.S. Dist. LEXIS 1073, 8-9 (S.D.N.Y.1997). An exception to this general rule is made for corporate designees, who are normally deposed at the corporation's principal place of business. *See Dwelly v. Yamaha Motor Corp.,* 214 F.R.D. 537, 541 (D.Minn.2002) (declining to deviate from this general rule and holding that depositions should be held at corporate headquarters in Japan, rather than in the United States).

*3 Once their protection is sought, district courts have wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir.1994). Courts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order. *Id.* at 1166 (finding no abuse of discretion where Hong Kong-based corporate representatives were ordered to appear for deposition in San Francisco, since they previously had violated an order to appear in Hong Kong.)

## IV. DISCUSSION

There may be some unavoidable delay in this action, as parties span two continents and some defendants have yet to be located. Nevertheless, the parties are bound to a strict scheduling order and must continue to advance discovery.

### A. Motion to Compel

Subject to the requirements of FRCP 26, 33, and 34, Credigy must provide all relevant and non-privileged discovery to the extent possible. Credigy's filings demonstrate that it has produced some, but not all, of the materials and information responsive to the Faustos's requests. As required by Rule 26 initial disclosures and in response to the Faustos's properly served interrogatories, Credigy must disclose the full names and complete contact information of all Credigy employees that worked on the Faustos's file, including Phillips and Moteli, to the extent that this information is available to Credigy, within 20 days of this order.

Since the filing of this motion, parties have met and conferred and Credigy has agreed to produce personnel files for each of the individual defendants and copies of any documents relating to referral of

the Faustos's case to a credit reporting agency. Credigy is ordered to abide by the terms of that agreement and produce the requested documents within 20 days of this order. Should Moteli and Phillips prove to be Credigy employees who worked on the Faustos's account, Credigy is also ordered to produce their personnel records on the same schedule.

Finally, Credigy has raised a legitimate concern that the request for financial documentation is unduly broad to accomplish the Faustos's stated purpose: assessment of their punitive damage claim. Credigy is ordered to produce copies of its unaudited financial statements and tax returns for 2005, 2006, and 2007. This order is without prejudice to a subsequent showing that production of additional financial information has become warranted.

### B. *Motion for Protective Order*

The Faustos correctly argue that this motion for a protective order was not timely filed.[FN2]Nevertheless, the interests of justice are best served by considering the merits of Credigy's motion, since neither party was unduly prejudiced by the deponents' non-appearance.

FN2. The Ninth Circuit holds:

Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion [for a protective order prior to the date of the deposition]. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard. He might also appear and seek to adjourn the deposition until an order can be obtained. Rule 30(d). But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains. Otherwise, as this case shows, a proposed deponent, by merely filing motions under Rule 30(b), could evade giving his deposition indefinitely. Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.R.D. ----                                                                    Page 4
--- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.)
**(Cite as: --- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.))**

*Pioche Mines Consol., Inc. v. Dolman,*
333 F.2d 257, 269 (9th Cir.1964); *see also*
*F.A.A. v. Landy,* 705 F.2d 624, 634 (2d
Cir.1983) ("It is clear, however, that it is
not the filing of such a motion that stays
the deposition, but rather a court order.").

The Faustos argue persuasively that there is good
cause to hold these depositions in the United States
rather than Brazil: according to the U.S. Department
of State, it apparently is illegal for American lawyers
to take depositions in Brazil and they do so at risk of
imprisonment.[FN3] Additionally, Credigy's corporate
representative has testified that Credigy regularly
hosts Brazilian employees in Atlanta, illustrating that
Credigy is familiar with the logistical process of
bringing Brazilian employees to the United States
and has successfully navigated the U.S. visa
procurement process in the past.

FN3.*See* Declaration of Edward A.
Betancourt, Director of the Office of Policy
Review and Inter-Agency Liaison in the
Directorate of Overseas Citizens Services
("OCS") of the Bureau of Consular Affairs,
U.S. Department of State, *Wheaton v.
Porreca* and *United States v. Porreca,* filed
in the District of New Jersey on May 24,
2001, available at http://
www.state.gov/s/l/16146.htm. ("The United
States has endeavored to obtain authoritative
guidance from the Government of Brazil
regarding the procedures it considers
acceptable under Brazilian law and practice,
and under its interpretation of the Vienna
Convention on Consular Relations
concerning obtaining evidence in Brazil.
Despite extensive consultations for many
years, the United States has not received
clear written guidance from the Government
of Brazil on this subject. Ministry of
External Relations officials have advised the
U.S. Embassy verbally that Brazilian
authorities do not recognize the authority or
ability of foreign persons, such as American
attorneys, to take depositions before a U.S.
consular officer, with the assistance of a
Brazilian attorney, or in any other manner.
Ministry officials explained that the taking
of depositions for use in foreign courts
constitutes an act of procedural law and that,

as such, must be undertaken in Brazil only
by Brazilian judicial authorities. The
Ministry also cited as an implicit principle
of Brazilian Constitutional Law that only
Brazilian judicial authorities are competent
to perform acts of a judicial nature in Brazil.
In view of this position, Brazil has advised it
would deem taking depositions in Brazil by
foreign persons to be a violation of Brazil's
judicial sovereignty. Such action could
result in the arrest, detention, expulsion, or
deportation of the American attorney or
other American participants. Subsequent
attempts by the U.S. Embassy to clarify the
issue with Brazilian authorities proved
unsuccessful.") (Decl. Betancourt ¶ 5-6.);
*see also* Supplemental Declaration of
Edward A. Betancourt, *Wheaton v. Porreca*
and *United States v. Porreca,* filed in the
District of New Jersey on October 29, 2001,
http:// www.state.gov/s/l/16147.htm
(declaring that the prohibition against
deposition testimony extends to telephonic
and video conference depositions).

*4 Provided that the four named defendants (Nunez,
Peres, Ventura, and Goncalves) are located and are
able to obtain visas for international travel, the Court
orders that they be deposed in Atlanta, Georgia. The
Faustos are ordered to schedule these depositions
with reasonable notice, allowing for reasonably
foreseeable complications of U.S. visa procurement
and international travel. The motion for a protective
order with respect to these four Credigy defendants is
DENIED.

V. CONCLUSION

The Faustos's motion to compel is GRANTED and
Credigy is ordered to produce the required discovery
within 20 days of the date of this order. The motion
for a protective order with respect to the depositions
of Nunez, Peres, Ventura, and Goncalves is
DENIED.

IT IS SO ORDERED.

N.D.Cal.,2008.
Fausto v. Credigy Services Corp.
--- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.R.D. ----                                                                    Page 5
--- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.)
**(Cite as: --- F.R.D. ----, 2008 WL 2441927 (N.D.Cal.))**


END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit 2

1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ., (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendants,
   CREDIGY SERVICES CORPORATION, CREDIGY
6  RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
   RYAN MILLER, BRETT BOYDE, and PAULO PERES

7

8              UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11  MANUEL G. FAUSTO AND LUZ          )   CASE NO. C07 05658 JW (RS)
    FAUSTO,                           )
12                                    )   [Complaint Filed:  12/20/07
                                      )   1st Amended Complaint Filed: 1/14/08]
13           Plaintiffs,              )
                                      )   Magistrate Judge: Hon. Richard Seeborg
14      vs.                           )
                                      )
15  CREDIGY SERVICES CORPORATION;     )   DEFENDANTS CREDIGY SERVICES
    CREDIGY RECEIVABLES INC.;         )   CORPORATION'S *AMENDED*
16  CREDIGY SOLUTIONS INC.; RYAN      )   OBJECTION TO MANUEL G. FAUSTO'S
    MILLER; RICARDO VENTURA;          )   DEPOSITION NOTICE OF DEFENDANT
17  BRETT BOYDE; PAULO PERES;         )   CREDIGY'S DESIGNATED
    THOMPSON; and DOES 1-10, inclusive, )  REPRESENTATIVE AND REQUESTS
18                                    )   FOR PRODUCTION
                                      )
19           Defendants.              )
                                      )
20                                    )
                                      )
21  _____)

22            **GENERAL OBJECTIONS TO DEPOSITION NOTICE**

23      1.      Defendant CREDIGY SERVICES CORPORATION ("Defendant") objects to the

24  notice of taking of deposition to the extent that the information sought is overly broad, unduly

25  burdensome and not reasonably calculated to lead to the discovery of admissible evidence in this

26  case.

27      2.      Defendant objects to the notice of taking of deposition to the extent that the

28  information sought seeks information beyond the scope of this lawsuit.

05712.00:143729                        1

3.      Defendant objects to the notice of taking of deposition to the extent that it seeks information that is not within the witness' knowledge, custody or control.

4.      Defendant objects to the notice of taking of deposition on the grounds of undue burden, oppression, annoyance and harassment, insofar as it seeks testimony and/or documents from Defendant without reasonable limits on the scope of the testimony and/or documents sought.

5.      Defendant objects to the notice of taking of deposition to the extent it assumes facts not in evidence and it seeks information which is not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

6.      Defendant objects to the notice of taking of deposition to the extent it the deposition notice seeks information which is so remote to the relevant issues in this case so the ultimate burden imposed on Defendant is incommensurate with the results sought, and therefore, it is unduly burdensome, oppressive, harassing and encompasses information which is not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

7.      Defendant objects to the notice of taking deposition to the extent that the categories listed in plaintiff's deposition notice are vague and ambiguous.

8.      Defendant objects to the notice of taking deposition to the extent that the categories listed in plaintiff's deposition notice call for legal conclusions.

## GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION

1.      Defendant objects to the Request to Produce Documents served with the Notice of Taking of Deposition to the extent it is vague and ambiguous, compound, overbroad, unduly burdensome and oppressive.

2.      Defendant objects to the Request to Produce Documents served with the Notice of Taking of Deposition to the extent it seeks the production of documents which are irrelevant and which are not reasonably calculated to lead to the discovery of admissible evidence regarding any issue in the case.

05712.00:143729

2

Amended Objection to Notice of Deposition
and Requests for Production                    Case No. C07 05658 JW RS

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

3.      Defendant objects to the Request to Produce Documents served with the Notice of Taking of Deposition to the extent it requests the production of documents in violation of the attorney-client privilege and/or attorney work product doctrine.

4.      Defendant objects to the Request to Produce Documents served with the Notice of Taking of Deposition to the extent it calls for the production of proprietary or confidential information.

**SPECIFIC OBJECTIONS TO CATEGORIES**

**CATEGORY NO. 1:**

Defendants' communications relating to Plaintiffs

**RESPONSE TO CATEGORY NO. 1:**

Defendant will produce a witness to testify as to this subject.

**CATEGORY NO. 2:**

The relationship between Defendants and Plaintiffs.

**RESPONSE TO CATEGORY NO. 2:**

Defendant will produce a witness to testify as to this subject.

**CATEGORY NO. 3:**

The relationship between Defendants and the original creditor.

**RESPONSE TO CATEGORY NO. 3:**

Defendant will produce a witness to testify as to this subject.

**CATEGORY NO. 4:**

Determination and calculation of the amounts sought by Defendants.

**RESPONSE TO CATEGORY NO. 4:**

Defendant will produce a witness to testify as to this subject.

**CATEGORY NO. 5:**

Authority for amounts claimed by Defendants.

**RESPONSE TO CATEGORY NO. 5:**

Defendant will produce a witness to testify as to this subject.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729                3
**Amended Objection to Notice of Deposition
and Requests for Production**                    Case No. C07 05658 JW RS

1  **CATEGORY NO. 6:**

2      All collection notes and/or collection logs relating to Plaintiffs.

3  **RESPONSE TO CATEGORY NO. 6:**

4      Defendant will produce a witness to testify as to this subject.

5  **CATEGORY NO. 7:**

6      Documents sent to and/or received from Plaintiffs or anyone else regarding Plaintiffs;

7  **RESPONSE TO CATEGORY NO. 7:**

8      Objection: The topic calls for information protected by the attorney-client and work product

9  privilege. Without waiving said objections, Defendant will produce a witness to testify as to this

10  subject.

11  **CATEGORY NO. 8:**

12      Defendants' collection practices and procedures.

13  **RESPONSE TO CATEGORY NO. 8:**

14      Defendant will produce a witness to testify as to this subject.

15  **CATEGORY NO. 9:**

16      Defendants' investigation into the claims made by Plaintiff in the Complaint.

17  **RESPONSE TO CATEGORY NO. 9:**

18      This category is objected to on the grounds that it seeks information protected by the

19  attorney-client and work product privileges. Without waiving said objections, Defendant will

20  produce a witness to testify as to this subject.

21  **CATEGORY NO. 10:**

22      The personnel files for the individuals that worked on Plaintiffs' alleged account.

23  **RESPONSE TO CATEGORY NO. 10:**

24      This category is objected to on the grounds that it is overbroad and not reasonably

25  calculated to lead to the discovery of admissible evidence. This category is also objected to on the

26  grounds that it seeks information in which Defendants have a protectable privacy interest. *Harding*

27  *Lawson Assocs. v. Superior Court* (1992) 10 Cal. App. 4th 7, 9; *McDougal-Wilson v. Goodyear*,

28  232 F.R.D. 246, 252 (D. NC 2005), (holding that the employer withholding information of a

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729                              4

1  personal nature from personnel files was legitimate).  Without waiving said objections, Defendant

2  will produce a witness to testify as to this subject.

3  **CATEGORY NO. 11:**

4      The factual basis for Defendants' Answer

5  **RESPONSE TO CATEGORY NO. 11:**

6      This category is objected to on the grounds that it seeks information protected by the

7  attorney-client and work product privileges.  This category is also objected to on the grounds that is

8  seeks a legal contention question that has nothing to do with whether the information sought is

9  discoverable. *Rifkind v. Superior Court* (1994) 22 Cal. App. 4th 1255.

10  **CATEGORY NO. 12:**

11      The facts relating to any bonafide error defense.

12  **RESPONSE TO CATEGORY NO. 12:**

13      This category is objected to on the grounds that it seeks information protected by the

14  attorney-client and work product privileges.  This category is also objected to on the grounds that is

15  seeks a legal contention question that has nothing to do with whether the information sought is

16  discoverable. *Rifkind v. Superior Court* (1994) 22 Cal. App. 4th 1255.

17  **CATEGORY NO. 13:**

18      The telephone systems and practices of Defendants relating to debt collection.

19  **RESPONSE TO CATEGORY NO. 13:**

20      Objection. Overbroad, burdensome, irrelevant and not reasonably calculated to lead to

21  discovery of admissible evidence.  Without waiving said objections, Defendant will produce a

22  witness to testify as to this subject.

23  **CATEGORY NO. 14:**

24      The telephone system(s) local and long distance services used Defendants and their

25  employees in the course of their business or in the course of collecting accounts.

26  **RESPONSE TO CATEGORY NO. 14:**

27      Objection. Overbroad, burdensome, irrelevant and not reasonably calculated to lead to

28  discovery of admissible evidence.  Without waiving said objections, Defendant will produce a

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729                                                     5
─────────────────────────────────────────────
Amended Objection to Notice of Deposition
and Requests for Production                    Case No. C07 05658 JW RS

1    witness to testify as to this subject.

2    **CATEGORY NO. 15:**

3          The long distance telephone provider used to make calls relating to the herein account

4    (including name, address and account number).

5    **RESPONSE TO CATEGORY NO. 15:**

6          Defendant will produce a witness to testify as to this subject.

7    **CATEGORY NO. 16:**

8          The monitoring and recording of telephone calls

9    **RESPONSE TO CATEGORY NO. 16:**

10         Defendant will produce a witness to testify as to this subject.

11   **CATEGORY NO. 17:**

12         All telephone bills relating to Plaintiffs.

13   **RESPONSE TO CATEGORY NO. 17:**

14         Defendant will produce a witness to testify as to this subject.

15   **CATEGORY NO. 18:**

16         The management, supervision and discipline of Defendant and its collection employees.

17   **RESPONSE TO CATEGORY NO. 18:**

18         Defendant will produce a witness to testify as to this subject.

19   **CATEGORY NO. 19:**

20         The maintenance of procedures by Defendants to avoid violations of the FDCPA and

21   California FDCPA.

22   **RESPONSE TO CATEGORY NO. 19:**

23         Defendant will produce a witness to testify as to this subject.

24   **CATEGORY NO. 20:**

25         The methods, practices, techniques and strategies used by Defendants in training and

26   disciplining their collection employees.

27   **RESPONSE TO CATEGORY NO. 20:**

28         Defendant will produce a witness to testify as to this subject.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729                    6
**Amended Objection to Notice of Deposition
and Requests for Production**                    Case No. C07 05658 JW RS

**CATEGORY NO. 21:**

All correspondence to and from the original creditor relating to this account.

**RESPONSE TO CATEGORY NO. 21:**

This category is objected to on the grounds that it is overbroad, vague, ambiguous, invades the attorney-client privilege and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant will produce a witness to testify as to this subject.

**CATEGORY NO. 22:**

Complaints and lawsuits against Defendants for unlawful collection practices in the past three years.

**RESPONSE TO CATEGORY NO. 22:**

This category is objected to on the grounds that it vague, ambiguous, and overbroad. Defendant further objects on the grounds this request seeks information protected by the attorney-client privilege, seeks information which is irrelevant and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

**CATEGORY NO. 23:**

Any and all other information related to Plaintiff's claims against Defendants.

**RESPONSE TO CATEGORY NO. 24:**

Objection. The request is vague, ambiguous, overbroad, irrelevant and seeks information protected by the attorney-client and attorney work product privileges not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections. Defendant will produce a witness to testify as to this subject.

**CATEGORY NO. 25:**

All documents produced to Plaintiff by Defendants in the course of this case.

**RESPONSE TO CATEGORY NO. 25:**

Defendant will produce a witness to testify as to this subject.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729

7

**Amended Objection to Notice of Deposition
and Requests for Production**

Case No. C07 05658 JW RS

1  **CATEGORY NO. 25:**

2      All documents relating to Plaintiff

3  **RESPONSE TO CATEGORY NO. 25:**

4      This category is objected to on the grounds that it vague, ambiguous, overbroad, seeks

5  information protected by attorney-client privilege, work product privilege, seeks irrelevant

6  information and not reasonably calculated to lead to the discovery of admissible evidence.

7  **CATEGORY NO. 26:**

8      The net worth and financial condition of Defendant.

9  **RESPONSE TO CATEGORY NO. 26:**

10      Defendants object to the request on the grounds it is unduly burdensome and overbroad.

11  Defendants further object on the grounds this request seeks confidential information.  Defendants

12  also object on the grounds that this request seeks financial information in which Defendants have a

13  protectable privacy interest.  Defendants also object on the grounds that this request is irrelevant

14  and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

15  said objections, Defendants have tentatively agreed that certain unaudited statements of

16  Defendants' financial condition may be produced at the mediation in this matter scheduled for

17  April 24, 2008.

18  **CATEGORY NO. 27:**

19      Any disciplinary and/or remedial actions relating to any of the collectors that worked on

20  Plaintiffs' account.

21  **RESPONSE TO CATEGORY NO. 27:**

22      Defendants will produce a witness to testify as to this subject.

23  **CATEGORY NO. 28:**

24      Any bonuses or commissions paid to any of the collectors that worked on Plaintiff's

25  account, from 2005-2008.

26  **RESPONSE TO CATEGORY NO. 28:**

27      Defendants object to the request on the grounds it seeks proprietary and confidential

28  information.  Defendants also object on the grounds that this request seeks financial information in

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729

8

1  which Defendants have a protectable privacy interest. Defendants also object on the grounds that

2  this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

3  evidence.

4  <u>**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION**</u>

5  **<u>REQUEST FOR PRODUCTION NO. 1</u>:**

6       All documents relating to Plaintiffs and/or Plaintiffs' account.

7  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>:**

8       Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

9  burdensome, oppressive, and seeks information protected by the attorney client and work product

10  privileges. Defendants further object to the request on the grounds it calls for information which is

11  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without

12  waiving said objections, Defendants respond as follows: *See* Credigy collection tracking notes

13  provided in Defendants' Initial Disclosures served on March 24, 2008.

14  **<u>REQUEST FOR PRODUCTION NO. 2</u>:**

15       All collection records maintained by Defendants as to Plaintiff's account, with a key to

16  abbreviations used thereon, such as codes for letters, personnel, activities.

17  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>:**

18       Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

19  burdensome and oppressive. Defendants object to this request on the grounds that it calls for

20  proprietary and trade secret information. Defendants further object to the request on the grounds it

21  calls for information which is not relevant and not reasonably calculated to lead to the discovery of

22  admissible evidence. Defendant further objects on the grounds it calls for private and confidential

23  information pertaining to third parties. Without waiving said objections, Defendants respond as

24  follows: *See* Credigy collection tracking notes provided in Defendants' Initial Disclosures served

25  on March 24, 2008.

26  **<u>REQUEST FOR PRODUCTION NO. 3</u>:**

27       Please produce any insurance agreement under which any person carrying on an insurance

28  business may be liable to satisfy all or part of a judgment which may be entered herein or to

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729

9

1  indemnify or reimburse for payments made to satisfy the judgment.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

3      Defendants respond as follows: See insurance agreement provided in Defendants' Initial

4  Disclosures served on March 24, 2008.

5  **REQUEST FOR PRODUCTION NO. 4**:

6      All documents, logs, and correspondence relating to Plaintiff's alleged debt to Creditor

7  Wells Fargo.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

9      Objection.  The request seeks information potentially protected by the attorney client

10  privilege and attorney work product privileges. Without waiving said objections, Defendants

11  respond as follows: *See* documents produced in response to Plaintiffs' First Set of Requests for

12  Production on April 14, 2008.

13  **REQUEST FOR PRODUCTION NO. 5**:

14      All manuals, procedures, and protocols used by Defendant to comply with the FDCPA

15  and/or California FDCPA.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

17      Defendants respond as follows: See Credigy training manual provided in Defendants'

18  Initial Disclosures served on March 24, 2008.

19  **REQUEST FOR PRODUCTION NO. 6**:

20      All documents, logs, and correspondence relating to Plaintiff's alleged debt to First Select,

21  Inc.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

23      *See* Credigy negotiation tab provided in Defendants' Initial Disclosures served on March

24  24, 2008.

25  **REQUEST FOR PRODUCTION NO. 7**:

26      All documents showing Defendant's procedures and policies regarding investigation of a

27  disputed debt.

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729

10

Amended Objection to Notice of Deposition
and Requests for Production

Case No. C07 05658 JW RS

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

2      Defendants object to this request on the grounds that it is vague, ambiguous, and unduly

3 | burdensome. Defendants will produce documents responsive to this request.

4 | **REQUEST FOR PRODUCTION NO. 8:**

5      All complaints, judgments, and consent orders, from 2005-2008, relating to Defendants'

6 | conduct in the collection of individuals' debts,

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

8      Defendant objects to this request on the grounds it calls for information which is not

9 | relevant to any issue in this case and will not lead to the discovery of admissible evidence.

10 | Defendant objects on the grounds it is vague, ambiguous, unduly burdensome and oppressive.

11 | Defendant further objects on the grounds it calls for private and confidential information pertaining

12 | to third parties. Defendant objects to the request on the grounds it potentially calls for confidential

13 | and private information and invades the privacy rights of third persons not parties to this lawsuit.

14 | **REQUEST FOR PRODUCTION NO. 9:**

15      All agreements with consumer reporting agencies (credit bureaus).

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

17      Defendant objects to this request on the grounds it calls for information which is not

18 | relevant to any issue in this case and will not lead to the discovery of admissible evidence.

19 | Defendant objects on the grounds it is vague, ambiguous, unduly burdensome and oppressive.

20 | Defendant further objects on the grounds it calls for private and confidential information pertaining

21 | to third parties. Defendant objects to the request on the grounds it calls for confidential and private

22 | information and invades the privacy rights of third persons not parties to this lawsuit. Without

23 | waiving said objections, Defendants will produce documents responsive to this request.

24 | **REQUEST FOR PRODUCTION NO. 10:**

25      All manuals used in connection with accessing or reporting to credit bureaus.

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

27      Defendant objects to this request on the grounds it calls for information which is not

28 | relevant to any issue in this case and will not lead to the discovery of admissible evidence.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729                      11
**Amended Objection to Notice of Deposition
and Requests for Production**        Case No. C07 05658 JW RS

1    Without waiving said objections, Defendants will produce documents responsive to this request.

2    **REQUEST FOR PRODUCTION NO. 11**:

3         All documents showing procedures and policies for reporting debts to credit bureaus.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

5         Defendant objects to this request on the grounds it calls for information which is not

6    relevant to any issue in this case and will not lead to the discovery of admissible evidence.

7    Without waiving said objections, Defendants will produce documents responsive to this request.

8    **REQUEST FOR PRODUCTION NO. 12**:

9         All documents related to the purchase or acquisition of debt.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

11        Defendant objects to this request on the grounds that it is vague, ambiguous and unduly

12   burdensome.   Defendant further objects on the grounds that is not reasonably calculated to lead to

13   the to the discovery of admissible evidence.  Without waiving said objections, Defendants will

14   produce documents responsive to this request.

15   **REQUEST FOR PRODUCTION NO. 13**:

16        All documents showing the name, address, and /or telephone number of the collectors that

17   worked on Plaintiffs' account.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

19        Defendants object to this request because it unreasonably invades the privacy right in

20   employee records and seeks information protected by disclosure pursuant to the Health Insurance

21   Portability and Accountability Act ("HIPAA").   Defendants further object on the grounds that this

22   request is not reasonably calculated to lead to the discover of admissible evidence.   Without

23   waiving said objections, Defendants will produce non-privileged and non-confidential excerpts of

24   the employment records at issue.

25   **REQUEST FOR PRODUCTION NO. 14**:

26        All documents that support any bona fide error defense, or other defense.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

28        Responding Party objects to this request to the extent that it invades the attorney-client and

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729
12
Amended Objection to Notice of Deposition
and Requests for Production
Case No. C07 05658 JW RS

1   attorney work-product privileges.  Discovery is continuing and Responding Party does not have

2   sufficient information in which to accurately and completely respond to this request at this time.

3   Without waiving said objections, Defendants respond as follows: *See* documents produced in

4   response to Plaintiffs' First Set of Requests for Production on April 14, 2008.

5   **REQUEST FOR PRODUCTION NO. 15**:

6       An audited balance sheet for Defendants.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

8       Defendants object to the request on the grounds it is unduly burdensome and overbroad.

9   Defendants further object on the grounds this request seeks confidential information.  Defendants

10  also object on the grounds that this request seeks financial information in which Defendants have a

11  protectable privacy interest.  Defendants also object on the grounds that this request is irrelevant

12  and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

13  said objections, Defendants have tentatively agreed that certain unaudited statements of

14  Defendants' financial condition may be produced at the mediation in this matter scheduled for

15  April 24, 2008.

16  **REQUEST FOR PRODUCTION NO. 16**:

17      All documents of Defendants providing their net worth to any government agency, provide

18  such documents.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

20      Defendants object to the request on the grounds it is unduly burdensome and overbroad.

21  Defendants further object on the grounds this request seeks confidential information.  Defendants

22  also object on the grounds that this request seeks financial information in which Defendants have a

23  protectable privacy interest.  Defendants also object on the grounds that this request is irrelevant

24  and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving

25  said objections, Defendants have tentatively agreed that certain unaudited statements of

26  Defendants' financial condition may be produced at the mediation in this matter scheduled for

27  April 24, 2008.

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729

13

Amended Objection to Notice of Deposition
and Requests for Production

Case No. C07 05658 JW RS

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**REQUEST FOR PRODUCTION NO. 17**:

All financial statements of Defendants for the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Defendants object to the request on the grounds it is unduly burdensome and overbroad. Defendants further object on the grounds this request seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendants have tentatively agreed that certain unaudited statements of Defendants' financial condition may be produced at the mediation in this matter scheduled for April 24, 2008.

**REQUEST FOR PRODUCTION NO. 18**:

All annual reports of Defendants for the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Defendants object to the request on the grounds it is unduly burdensome and overbroad. Defendants further object on the grounds this request seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendants have tentatively agreed that certain unaudited statements of Defendants' financial condition may be produced at the mediation in this matter scheduled for April 24, 2008.

**REQUEST FOR PRODUCTION NO. 19**:

All semiannual and quarterly financial statements of Defendants for that last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Defendants object to the request on the grounds it is unduly burdensome and overbroad. Defendants further object on the grounds this request seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a

1 protectable privacy interest. Defendants also object on the grounds that this request is irrelevant
2 and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving
3 said objections, Defendants have tentatively agreed that certain unaudited statements of
4 Defendants' financial condition may be produced at the mediation in this matter scheduled for
5 April 24, 2008.

6 **REQUEST FOR PRODUCTION NO. 20**:

7        All credit applications of Defendants for the last three years.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

9        Defendants object to the request on the grounds it is unduly burdensome and overbroad.
10 Defendants further object on the grounds this request seeks confidential information. Defendants
11 also object on the grounds that this request seeks financial information in which Defendants have a
12 protectable privacy interest. Defendants also object on the grounds that this request is irrelevant
13 and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving
14 said objections, Defendants have tentatively agreed that certain unaudited statements of
15 Defendants' financial condition may be produced at the mediation in this matter scheduled for
16 April 24, 2008.

17 **REQUEST FOR PRODUCTION NO. 21**:

18        All tax returns of Defendants for the last three years.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

20        Defendants object to the request on the grounds it is unduly burdensome and overbroad.
21 Defendants further object on the grounds this request seeks confidential information. Defendants
22 also object on the grounds that this request seeks financial information in which Defendants have a
23 protectable privacy interest. Defendants also object on the grounds that this request is irrelevant
24 and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving
25 said objections, Defendants have tentatively agreed that certain unaudited statements of
26 Defendants' financial condition may be produced at the mediation in this matter scheduled for
27 April 24, 2008.

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729                    15
**Amended Objection to Notice of Deposition
and Requests for Production**                    Case No. C07 05658 JW RS

**REQUEST FOR PRODUCTION NO. 22**:

    All telephone records relating to Plaintiffs' alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

    Defendants object to the request on the grounds it is vague, ambiguous, unduly burdensome and oppressive. Electronic data memorializing outgoing phone calls by Defendants is purged after 90 days. To the best of Defendants' knowledge, no physical records of telephone calls are kept. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 23**:

    All telephone bills reflecting calls relating to Plaintiffs' debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

    Defendants object to the request on the grounds it is vague, ambiguous, unduly burdensome and oppressive. Electronic data memorializing outgoing phone calls by Defendants is purged after 90 days. To the best of Defendants' knowledge, no physical records of telephone calls are kept. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 24**:

    Any scripts Defendants use when attempting to collect debts.

///
///
///
///
///
///
///
///
///
///
///
///

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

2       Defendants object to the request on the grounds it seeks confidential and proprietary

3  information.  Without waiving said objections, Defendants respond as follows: Defendants have

4  not identified any documents responsive to this request that were used by Defendants at the times

5  alleged in the Complaint.  If relevant material is located, Defendants will produce it at that time.

6  Discovery is continuing and Defendants reserve the right to amend its response.

7

8

9

10

11  DATED:  April 21, 2008                    CARLSON & MESSER LLP

12

13

14                      By

                       David J. Kaminski, Esq.

15                         Attorneys for Defendant,

                       CREDIGY SERVICES CORPORATION,

16                         CREDIGY RECEIVABLES INC. and

                       CREDIGY SOLUTIONS INC.

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143729

17

**Amended Objection to Notice of Deposition
and Requests for Production**

Case No. C07 05658 JW RS

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA        )
                                    ) ss.

3

COUNTY OF LOS ANGELES    )

4

5
       I am employed in the County of Los Angeles, State of California.

6
       I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

7

8
       On **April 21, 2008**, I served the foregoing document described as: **DEFENDANTS CREDIGY SERVICES CORPORATION'S AMENDED OBJECTION TO MANUEL G. FAUSTO'S DEPOSITION NOTICE OF DEFENDANT CREDIGY'S DESIGNATED REPRESENTATIVE AND REQUESTS FOR PRODUCTION** on all interested parties in this

9
action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

10
                **SEE ATTACHED SERVICE LIST.**

11
[X]    **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the

12
persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other

13
indication that the transmission was unsuccessful.

14
☐    **(BY MAIL)**

15
       I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am

16
       "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States

17
       Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

18

19
☐    **(BY FACSIMILE)**
       I transmitted via telecopier machine such document to the offices of the addressees.

20

21
☐    **(BY PERSONAL SERVICE)**
       I hand-delivered said documents to the parties listed on the attached Service List.

22
☒    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24
       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25
       Executed this 21st day of April, 2008, at Los Angeles, California.

26

27
                      Linda Brooks

28

1

<u>**Manuel Fausto v. Credigy Services Corporation, et al.**</u>
Our File No. 05712.00

2

Ronald Wilcox, Esq.                                Attorneys for Plaintiff
3   LAW OFFICE OF RONALD WILCOX
2160 The Alameda, First Flr., Suite F
4   San Jose, CA 95126-1001
Tel: (408) 296-0400
5   Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu

6

7   Balam O. Letona, Esq.                          Attorneys for Plaintiff.
LAW OFFICE OF BALAM O. LETONA,
8   INC.
1347 Pacific Avenue, Suite 203
9   Santa Cruz, CA  95060-3940
Tele:  (831) 421-0200
10  Fax:   (831) 621-9659

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05712.00.00/143725

# Exhibit 3

**From:** Ronald Wilcox <ronaldwilcox@mac.com>
**Subject:** **Fausto v. Credigy, Vasquez v. Credigy, Defendants' Depositions**
**Date:** May 29, 2008 8:09:17 AM PDT
**To:** Tomio Narita <tnarita@snllp.com>
**Cc:** Balam Letona <letonalaw@gmail.com>

Dear Tomio,

Plaintiff began Defendants' deposition on April 22, 2008 and April 23, 2008. Defendants did not produce documents in advance of its deposition (financial condition, Live Vox, Inc. call logs, address and telephone tables relating to the Simplect system, personnel files, etc.). Additionally, Defendants' deponent was unable to answer numerous questions.

Plaintiffs intend to conduct the continued depositions of Defendants. Plaintiffs request that Defendants designate witnesses who are prepared to testify regarding the topics noticed, including: Net worth, financial condition, telephone practices, communications and practices relating to Live Vox, Inc., the maintenance of procedures by Defendants to avoid violations of the Fair Debt Collection Practices Act and the California FDCPA; the methods, practices, techniques, and strategies used by Defendants in training and disciplining their collection employees; Defendants' denials in its answer, and written discovery responses, and produce the documents not yet produced. Also, Defendants listed Scott Loynd on their F.R.C.P. 26 Initial Disclosures. It would seem to makes sense to conduct these depositions a the same time.

We plan to take the depositions the third or fourth week of June. Thus, please be kind enough to provide Defendants' availability by Monday. Call me Monday morning if you would like to discuss.

Thank you,


Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@mac.com

# Exhibit 4

Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu



# Fax

| | | | |
|---|---|---|---|
| **To:** | Tomio Narita<br>Simmonds & Narita, LLP<br>44 Montgomery St., Suite 3010<br>San Francisco, CA 94107<br>Fax: (415) 352-2625 | **From:** | Marion Ramel, Legal Assistant |
| | David J. Kaminski<br>Carlson & Messer LLP<br>5959 W. Century Blvd., Suite 1214<br>Los Angeles, CA 90045<br>Fax: (310) 242-2222 | | |

| | | | |
|---|---|---|---|
| **Fax:** | See Above | **Pages:** | 11 |
| **Phone:** | | **Date:** | 6/10/2008 |
| **Re:** | Fausto v. Credigy Services Corp., et al.<br>Case No.: C07-05658 JW<br>Vasquez v. Credigy Services Corp., et al.<br>Case No.: C07-06428 JF | **CC:** | |

☐ **Urgent**      ✘ **For Review**      ☐ **Please Comment**      ☐ **Please Reply**      ☐ **Please Recycle**

Dear Counsel:

Attached please find the following:

1. Notice of Taking the Continued Deposition of Defendant Credigy Services Corp. (*Fausto v. Credigy, et al.*); and

2. Notice of Taking the Continued Deposition of Defendant Credigy Services Corp. (*Vasquez v. Credigy, et al.*).

Sincerely,



Marion Ramel
Legal Assistant to Ronald Wilcox

1  Ronald Wilcox SBN 176601
   LAW OFFICE OF RONALD WILCOX
2  2160 The Alameda, 1st Flr., Suite F
   San José, CA 95126-1001
3  Tel: (408) 296-0400
   Fax: (408) 296-0486
4  Email: ronaldwilcox@yahoo.com

5
   Balám O. Letona SBN 229642
6  LAW OFFICE OF BALÁM O. LETONA, INC.
   1347 Pacific Avenue, Suite 203
7  Santa Cruz, CA 95060-3940
   Tel: (831) 421-0200
8  Fax: (831) 621-9659
   Email: letonalaw@gmail.com
9
   Attorneys for Plaintiffs
10 MANUEL G. FAUSTO, LUZ FAUSTO

11              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
12                      SAN JOSÉ DIVISION

13

14 | MANUEL G. FAUSTO, AND LUZ          Case No. C07-05658 JW
   | FAUSTO,
15 |                 Plaintiffs,
   | v.                                NOTICE OF TAKING THE
16 |                                   CONTINUED DEPOSITION OF
   | CREDIGY SERVICES CORPORATION,      DEFENDANT CREDIGY SERVICES
17 | CREDIGY RECEIVABLES INC., CREDIGY  CORP.
   | SOLUTIONS INC., RYAN MILLER,
18 | RICARDO VENTURA, BRETT BOYDE,
   | PAULO PERES, THOMPSON, and DOES 1-
19 | 10, inclusive,
   |                 Defendant(s).
20

21

22

23

24

25

1    Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

2   Plaintiff Manuel Fausto by and through his counsel, will take the CONTINUED DEPOSITION

3   of CREDIGY SERVICES CORP. through its officers, agents, employees or authorized persons

4   most qualified to testify with respect to the matters described below.  The deposition commenced

5   on April 22, 2008 is being continued and will take place before an authorized court reporter on

6   **July 10, 2008, beginning at 9:00 a.m. at Talty's Court Reporters, Inc., 2131 The Alameda,**

7   **Suite D, San Jose, California 95126. Telephone: 408-244-1900,** and will continue until

8
    completed.  The deposition may be conducted telephonically and may be recorded through
9
    stenographic and/or video means.
10
11    The designated witness(es) of CREDIGY SERVICES, CORP. should be prepared to

12   testify regarding the following matters:

13    1.   Defendants' communications relating to Plaintiffs;

14    2.   The relationship between Defendants and Plaintiffs;

15    3.   The relationship between Defendants and the original creditor;

16    4.   Determination and calculation of the amounts sought by Defendants;

17    5.   Authority for the amounts claimed by Defendants;

18    6.   All collection notes and/or collection logs relating to Plaintiffs;

19
      7.   Documents sent to and/or received from Plaintiffs or anyone else regarding Plaintiffs;
20
      8.   Defendants' collection practices and procedures;
21
      9.   Defendants' investigation into the claims made by Plaintiff in the Complaint;
22
      10.  The personnel files for the individuals that worked on Plaintiffs' alleged account;
23
24    11.  The factual basis for Defendants' Answer;

25    12.  The facts relating to any bona fide error defense;

13. The telephone systems and practices of Defendants relating to debt collection;

14. The telephone system(s), local and long distance services used Defendants and their employees in the course of their business or in the course of collecting accounts;

15. The long distance telephone provider used to make calls relating to the herein account (including name, address and account number);

16. The monitoring and recording of telephone calls;

17. All telephone bills relating to Plaintiffs;

18. The management, supervision, and discipline of Defendant and its collection employees;

19. The maintenance of procedures by Defendants to avoid violations of the Fair Debt Collection Practices Act and California FDCPA;

20. The methods, practices, techniques, and strategies used by Defendants in training and disciplining their collection employees;

21. All correspondence to and from the original creditor relating to this account;

22. Complaints and lawsuits against Defendants for unlawful collection practices in the past three years.

23. Any and all other information related to Plaintiff's claims against Defendants;

24. All documents produced to Plaintiff by Defendants in the course of this case;

25. All documents relating to Plaintiff; and

26. The net worth and financial condition of Defendant.

27. Any disciplinary and/or remedial actions relating to any of the collectors that worked on Plaintiffs' account.

28. Any bonuses or commissions paid to any of the collectors that worked on Plaintiffs' account, from 2005-2008.

**And bring with you:**

All documents responsive to the Request for Production of Documents and documents related to the paragraphs below:

1. All documents relating to Plaintiffs and/or Plaintiffs' account.

2. All collection records maintained by Defendant as to Plaintiffs account, with a key to abbreviations used thereon, such as codes for letters, personnel, activities.

3. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

4. Copies of all policy or training manuals or instructions or guidelines provided by Defendant to its employees regarding collection practices or procedures and use of form letters or form documents

5. All manuals procedures and protocols used by Defendant to comply with the Fair Debt Collection Practices Act and/or the California FDCPA.

6. All documents showing Defendant's procedures and policies regarding investigation of a disputed debt.

7. A copy of all complaints, judgments, and consent orders relating to Defendant's conduct in the collection of individual's debts.

8. All agreements with consumer reporting agencies (credit bureaus).

9. All manuals used in connection with accessing or reporting to credit bureaus.

10. All documents showing procedures and policies for reporting debts to credit bureaus.

11. All documents related to the purchase or acquisition of the debt.

12. All documents showing the name, address, and/or telephone number of the collectors that worked on Plaintiffs' account (including any pay stubs, IRS W-2 forms, personnel files, etc.)

13. All documents that support any bona fide error defense, or other defense.

14. An audited balance sheet for Defendant.

15. All financial documents from lawsuits in which Defendant has provided financial documents or net worth information.

16. All documents of Defendant providing their net worth to any government agency, provide such documents.

17. All financial statements of Defendant for the last three years.

18. All annual reports of Defendant for the last three years.

19. All semiannual and quarterly financial statements of Defendant for that last three years.

20. All credit applications of Defendant for the last three years.

21. All tax returns of Defendant for the last three years.

22. All telephone records relating to Plaintiffs' alleged debt.

23. All telephone bills reflecting calls made relating to Plaintiff's alleged debt.

24. Any scripts Defendants use when attempting to collect debts.

Date: 6/10/08

Ronald Wilcox
Attorney at Law
2160 The Alameda, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Marion Ramel, hereby certify that on June 10, 2008 the foregoing document was sent by facsimile and first class U.S. Mail to:

David Kaminski
CARLSON & MESSER LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, California 90045
Fax: (310) 242-2222

Tomio Narita
SIMMONDS & NARITA LLP
44 Montgomery St., Suite 3010
San Francisco, CA 94107
Fax: (415) 352-2625

Executed on June 10, 2008, in San Jose, California.

Marion Ramel

1 | Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2 | 2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
3 | Tel: (408) 296-0400
Fax: (408) 296-0486
4 | Email: ronaldwilcox@yahoo.com

5

Balám O. Letona SBN 229642
6 | LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
7 | Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
8 | Fax: (831) 621-9659
Email: letonalaw@gmail.com
9

Attorneys for Plaintiffs
10 | MANUEL G. FAUSTO, LUZ FAUSTO

11 | **IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12 | **SAN JOSÉ DIVISION**

13

MARTHA VASQUEZ PINTOR,            Case No. 07-06428 JF HRL
14

        Plaintiff,
15

        v.                                **NOTICE OF TAKING THE**
16 | CREDIGY SERVICES CORPORATION,          **CONTINUED DEPOSITION OF**
CREDIGY RECEIVABLES INC., CREDIGY      **DEFENDANT CREDIGY SERVICES**
17 | SOLUTIONS INC., BRETT BOYDE,           **CORP.**
MARK DOE, and DOES 1-10, inclusive,
18

        Defendants.
19

20

21

22

23

24

25

1    Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

2    Plaintiff Maria Vasquez Pintor by and through his counsel, will take the CONTINUED

3    DEPOSITION of CREDIGY SERVICES CORP. through its officers, agents, employees or

4    authorized persons most qualified to testify with respect to the matters described below.  The

5    deposition commenced on April 23, 2008 is being continued and will take place before an

6    authorized court reporter on **July 11, 2008, beginning at 9:00 a.m. at Talty's Court Reporters,**

7    **Inc., 2131 The Alameda, Suite D, San Jose, California 95126. Telephone: 408-244-1900,** and

8    will continue until completed.  The deposition may be conducted telephonically and may be

9    recorded through stenographic and/or video means.

10

11    The designated witness(es) of CREDIGY SERVICES, CORP. should be prepared to

12    testify regarding the following matters:

13    1.   Defendants' communications relating to Plaintiff;

14    2.   The relationship between Defendants and Plaintiff;

15    3.   The relationship between Defendants and the original creditor;

16    4.   Determination and calculation of the amounts sought by Defendants;

17    5.   Authority for the amounts claimed by Defendants;

18    6.   All collection notes and/or collection logs relating to Plaintiff;

19    7.   Documents sent to and/or received from Plaintiffs or anyone else regarding Plaintiff;

20    8.   Defendants' collection practices and procedures;

21    9.   Defendants' investigation into the claims made by Plaintiff in the Complaint;

22    10. The personnel files for the individuals that worked on Plaintiff's alleged account;

23    11. The factual basis for Defendants' Answer;

24    12. The facts relating to any bona fide error defense;

25

13. The telephone systems and practices of Defendants relating to debt collection;

14. The telephone system(s), local and long distance services used Defendants and their employees in the course of their business or in the course of collecting accounts;

15. The long distance telephone provider used to make calls relating to the herein account (including name, address and account number);

16. The monitoring and recording of telephone calls;

17. All telephone bills relating to Plaintiff;

18. The management, supervision, and discipline of Defendant and its collection employees;

19. The maintenance of procedures by Defendants to avoid violations of the Fair Debt Collection Practices Act and California FDCPA;

20. The methods, practices, techniques, and strategies used by Defendants in training and disciplining their collection employees;

21. All correspondence to and from the original creditor relating to this account;

22. Complaints and lawsuits against Defendants for unlawful collection practices in the past three years.

23. Any and all other information related to Plaintiff's claims against Defendants;

24. All documents produced to Plaintiff by Defendants in the course of this case;

25. All documents relating to Plaintiff; and

26. The net worth and financial condition of Defendant.

27. Any disciplinary and/or remedial actions relating to any of the collectors that worked on Plaintiffs' account.

28. Any bonuses or commissions paid to any of the collectors that worked on Plaintiff's account, from 2005-2008.

**And bring with you:**

All documents responsive to the Request for Production of Documents and documents related to the paragraphs below:

1. All documents relating to Plaintiff and/or Plaintiff's account.

2. All collection records maintained by Defendant as to Plaintiff's account, with a key to abbreviations used thereon, such as codes for letters, personnel, activities.

3. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

4. Copies of all policy or training manuals or instructions or guidelines provided by Defendant to its employees regarding collection practices or procedures and use of form letters or form documents

5. All manuals procedures and protocols used by Defendant to comply with the Fair Debt Collection Practices Act and/or the California FDCPA.

6. All documents showing Defendant's procedures and policies regarding investigation of a disputed debt.

7. A copy of all complaints, judgments, and consent orders relating to Defendant's conduct in the collection of individual's debts.

8. All agreements with consumer reporting agencies (credit bureaus).

9. All manuals used in connection with accessing or reporting to credit bureaus.

10. All documents showing procedures and policies for reporting debts to credit bureaus.

11. All documents related to the purchase or acquisition of the debt.

12. All documents showing the name, address, and/or telephone number of the collectors that worked on Plaintiffs' account (including any pay stubs, IRS W-2 forms, personnel files, etc.)

13. All documents that support any bona fide error defense, or other defense.

14. An audited balance sheet for Defendant.

15. All financial documents from lawsuits in which Defendant has provided financial documents or net worth information.

16. All documents of Defendant providing their net worth to any government agency, provide such documents.

17. All financial statements of Defendant for the last three years.

18. All annual reports of Defendant for the last three years.

19. All semiannual and quarterly financial statements of Defendant for that last three years.

20. All credit applications of Defendant for the last three years.

21. All tax returns of Defendant for the last three years.

22. All telephone records relating to Plaintiff's alleged debt.

23. All telephone bills reflecting calls made relating to Plaintiff's alleged debt.

24. Any scripts Defendants use when attempting to collect debts.


Date: 6/10/08

Ronald Wilcox
Attorney at Law
2160 The Alameda, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Marion Ramel, hereby certify that on June 10, 2008 the foregoing document was sent by facsimile and first class U.S. Mail to:

David Kaminski                          Tomio Narita
CARLSON & MESSER LLP                    SIMMONDS & NARITA LLP
5959 W. Century Boulevard, Suite 1214   44 Montgomery St., Suite 3010
Los Angeles, California 90045           San Francisco, CA 94107
Fax: (310) 242-2222                     Fax: (415) 352-2625

Executed on June 10, 2008, in San Jose, California.

Marion Ramel

MULTI TRANSMISSION REPORT

TIME        :06-10-'08 15:36
FAX NO.1    :1-408-296-0486
NAME        :Ronald Wilcox, Esq.


FILE NO.           :   666
DATE               :   06.10 15:33
DOCUMENT PAGES     :   11
START TIME         :   06.10 15:33
END TIME           :   06.10 15:36
SUCCESSFUL
FAX NUMBER
                ☎13102422222
                ☎14153522625

UNSUCCESSFUL

\*\*\*   SUCCESSFUL TX NOTICE   \*\*\*

Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu



# Fax

| | | | |
|---|---|---|---|
| To: | Tomio Narita<br>Simmonds & Narita, LLP<br>44 Montgomery St., Suite 3010<br>San Francisco, CA 94107<br>Fax: (415) 352-2626<br><br>David J. Kaminski<br>Carlson & Messer LLP<br>5959 W. Century Blvd., Suite 1214<br>Los Angeles, CA 90045<br>Fax: (310) 242-2222 | From: | Marion Ramel, Legal Assistant |
| Fax: | See Above | Pages: | 11 |
| Phone: | | Date: | 6/10/2008 |
| Re: | Fausto v. Credigy Services Corp., et al.<br>Case No.: C07-05658 JW<br>Vasquez v. Credigy Services Corp., et al.<br>Case No.: C07-06428 JF | CC: | |

| ☐ Urgent | ✖ For Review | ☐ Please Comment | ☐ Please Reply | ☐ Please Recycle |
|---|---|---|---|---|

Dear Counsel:

Attached please find the following:

1.  Notice of Taking the Continued Deposition of Defendant Credigy Services Corp. (*Fausto v. Credigy, et al.*); and

2.  Notice of Taking the Continued Deposition of Defendant Credigy Services Corp. (*Vasquez v. Credigy, et al.*).

Sincerely,



Marion Ramel
Legal Assistant to Ronald Wilcox