Balam O. Letona, Bar No. 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br>        Plaintiffs,<br>        v.<br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC., CREDIGY<br>SOLUTIONS INC., RYAN MILLER,<br>RICARDO VENTURA, BRETT BOYDE,<br>PAULO PERES, THOMPSON and DOES 1-<br>10, inclusive,<br><br>        Defendants. | Case No.: C07-05658 JW RS<br><br>**PLAINTIFFS' MOTION TO COMPEL<br>WRITTEN DISCOVERY**<br><br>**Date: August 20, 2008**<br>**Time: 9:30 a.m.**<br>**HON. RICHARD SEEBORG**<br><br>**U.S. DISTRICT COURT**<br>**280 South First St.**<br>**San Jose, CA** |

**PLEASE TAKE NOTICE THAT** on August 20, 2008, at 9:30 a.m., or as soon thereafter as the

matter may be heard, in the above-entitled Court located at 280 South 1st St., San Jose, CA 95113,

plaintiffs will move the court to compel written discovery responses from Defendant Credigy Services,

Corp., Credigy Receivables, Inc., and Credigy Solutions Corp..  This motion will be based on the

herein notice and motion, including the legal authorities cited, the supporting declaration, all

documents related to the motion, all documents in the Court's file in this action, all matters of which

the Court may take judicial notice, and any other items the Court deems appropriate.

1

2

**TABLE OF CONTENTS**

3

I.      INTRODUCTION……………………………………………………………...1

II.     SUMMARY OF FACTS……………………………………………………….1

III.    PROCEDURAL HISTORY…………………………………………………….3

IV.     DISCOVERY PRINCIPLES……………………………………………………4

V.      DEFENDANTS MUST PRODUCE UNREDACTED DOCUMENTS…………………………4

VI.     MANUEL FAUSTO'S DISCOVERY, SET 1 TO DEFENDANTS……………………………4

VII.    MANUEL FAUSTO DISCOVERY TO DEFENDANTS, SET 2…………………………8

VIII.   LUZ FAUSTO DISCOVERY TO DEFENDANTS SET 1……………………………………10

IX.     CONCLUSION……………………………………………………………….19

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   **INTRODUCTION**

Defendants have produced boilerplate objections in response to Plaintiffs' discovery demands. Plaintiffs seek an order for Defendants to supplement. On June 30, 2008, Plaintiffs sent Defendants a letter via email detailing their deficient discovery responses and requested they supplement their discovery responses within 7 days, and offered to meet and confer in person in San Jose or Redwood City.  Plaintiff faxed the letter again on July 7, 2008. The parties spoke on Friday, July 11, 2008. Defendants agreed to call The parties spoke on Friday, July 11, 2008.  Defendants failed to call. Defendants agreed to call Plaintiffs on Monday, July 14, 2008, to further discuss discovery matters. It has been more than 14 days and Defendants have failed to supplement their discovery responses. *Wilcox Decl*. ¶1. Thus, Plaintiffs are forced to bring the herein Motion to Compel Written Discovery.

Plaintiffs allege that Defendants engaged in a campaign of telephone abuse in an attempt to coerce payment on a consumer debt. Defendants' own collections logs show they made approximately fifty (50) phone calls, and their agent shows an additional forty-one (41) phone calls.  Almost all of these ninety-one (91) phone calls occurred after Plaintiffs sent a cease and desist order.  Defendants' also threatened to take Plaintiffs' home and report the debt on their credit report forever.

## II.   **SUMMARY OF FACTS**

Plaintiffs filed this lawsuit against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices, and have also alleged common law tort claims.[1]  Plaintiffs requested statutory, actual and punitive damages.

---

[1] Invasion of privacy by intrusions upon seclusion, tort-in-se, negligent hiring, training, retention and supervision.

Defendants Credigy et al. buy portfolios of old consumer debts, many of which are well past the statute of limitations, and then attempts to collect on these time barred debts with a relentless phone call and letter campaign from their collection center in the country of Brazil.

Vulnerable and frightened, Plaintiffs attempted to retire to the seclusion of their home, behind the protection of federal cease and desist letters, but they were to no avail. Defendants abused and harassed Plaintiffs, a particularly vulnerable and frightened husband and wife, who are elderly and disabled farm workers, by making repeated and relentless phone calls, in an attempt pressure them into repaying some alleged 10 year old debt.

Defendants called Plaintiffs repeatedly and continuously, many times several times a day, and despite Plaintiffs' letters disputing the debt, and requesting Defendants cease and desist. Defendants telephoned Plaintiffs about fifty (50) times according to Defendants' own collection logs, including on: December 21, 2006, January 5, 10, 16, 16, 22, 22, 23, 2007, February 13, 16, 27, 27, 2007, March 16, 16, 17, 17, 23, 23, 30, 30, 2007, April 7, 9, 9, 10, 13, 13, 18, 23, 23, 23, 28, 2007, May 2, 2, 2, 10, 11, 11, 16, 22, 2007, June 1, 6, 6, 2007, July 13, 20, 26, 31, 2007, August 5, 7, 2007, September 10, 12, 2007, November 14, 15, 23, 2007 (the Friday of the Thanksgiving holiday), and December 3, 15, 21, 2007. Furthermore, Defendants' agent, Live Vox, Inc. made approximately forty-one (41) more telephone calls via use of an automated dialer. Thus, Defendants telephoned Plaintiffs approximately ninety (90) times, in an attempt to collect a debt Plaintiffs dispute owing.

Defendants also engaged in numerous unlawful and abusive acts directed towards Plaintiffs, including: 1) yelling and screaming at Plaintiffs in an attempt to pressure them to repay the time barred debt, 2) threatening to take plaintiffs' home, 3) ignoring a cease communications order and intrusively and relentlessly calling, (including abusively calling back after the call was terminated) and continuing to sending collection letters, 4) unlawful and invasive communications with a third party, 5) false threats of immediate suit, 6) threatening suit on a time barred debt, 7) false threats to report a stale debt

to credit reporting agencies, and 8) engaging in false, abusive and misleading statements, all in an attempt to collect a debt that is almost 10 years old.

Defendants' unlawful collection practices caused Plaintiffs to suffer emotional distress in the form of fear, anxiety, stress, difficulty eating, humiliation, uncontrollable shaking, crying fits, depression, marital instability, inability to sleep and embarrassment, amongst other physical and emotional injury.  Plaintiffs feared they would lose their home, and sought medical treatment.

Defendants' conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

## III.    **PROCEDURAL HISTORY**

Defendants' counsel has gone to extraordinary lengths to obstruct discovery, and to attempt to prevent Plaintiffs from getting to the truth in this case.  Defendants' counsel signed a stipulation that was filed with the Court, stating they represented certain defendants and would answer on their behalf by a certain date. Docket #16.  Relying on Defendants' counsel representations, Judge Ware ruled that a pending motion to extend time to serve certain Defendants was moot, and therefore vacated. Docket# 17.  Emboldened by their ability to dupe not only Plaintiffs' counsel, but the Court, certain individual Defendants then willfully failed to appear for duly noticed depositions on May 1 and 2, 2008, having not first obtained an Order from the Court excusing their attendance, and refused to answer any questions regarding entire topic areas at its F.R.C.P. 30(b)(6) deposition (including any questions regarding their financial condition).  Defendants then refused to appear for their continued F.R.C.P. 30(b)(6) depositions noticed for July 10 and 11, 2008.

Furthermore, consistent with their brazen and willful failures to abide by the Federal Rules of Civil Procedure, Defendants refused to provide complete initial disclosures, and properly respond to written discovery.  The problem with Defendants' strategy is that they wish to transform the Federal Rules of Civil Procedure, "a structure of well defined rights and obligations to a system of suggested,

but non-binding, guidelines." *Eldaghar v. City of New York*, 2003 U.S. Dist. Lexis 19247 (S.D. NY

2003). This Court must compel compliance with the Federal Rules of Civil Procedure.

## IV.    DISCOVERY PRINCIPLES

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

## V.    DEFENDANTS MUST PRODUCE UNREDACTED DOCUMENTS

First, Plaintiffs note that no privilege log has ever been produced.  Thus, all documents that

have been produced must be re-produced in an un-redacted form, including but not limited to FA 63-

65.

## VI.    MANUEL FAUSTO'S DISCOVERY, SET I TO DEFENDANTS

Plaintiff Manuel Fausto served written discovery to Defendants on February 15, 2008. *Wilcox

Decl.* ¶2, **Exhibit 1**.  Defendants served boilerplate objections. *Wilcox Decl.* ¶2, **Exhibit 2**.

**RPD 4 and 5**[2]

All documents, logs and correspondence relating to the alleged debt.

Defendants did not object to RPD 4 and 5, but have yet to produce all of the documents.

Defendants' F.R.C.P. 30(b)(6) designee testified there were address and telephone tables relating to the

Simplect collection logs/tracking notes.  Furthermore, Plaintiffs are entitled to the actual screen prints

or screen shots of the collection logs, which were identified as FA 2-FA 19.  Defendants did not

produce any documents identifying and/or tracking changes to the collection screens, commonly

referred to as audit trails or "exception reports."  Defendants failed to produce key codes or documents

---

[2] Defendant's objection stated, " Defendants will produce documents responsive to this request." **Exhibit 2**.

explaining the various codes on the collection logs.  Since numerous codes appear on the collection

logs Defendants have relating to the Plaintiffs and the alleged debt, any documents explaining such

codes in order to make them intelligible or understandable. See also Page 16, INT 17 below.

Additionally, Defendants failed to produce logs noting the calls made by its agent, LiveVox,

Inc.  Furthermore, Defendants failed to produce any documents relating to the LiveVox, Inc. system

and the alleged debt (such as the data and information about the Plaintiffs transferred back and forth to

LiveVox, Inc., the data and computer screens defendants accessed on the LiveVox system, the merging

of any data of LiveVox with Credigy's Simplect system (as Defendants testified occurs), or any

procedures manuals relating to such, etc.).  These documents must be produced.

### RPD 8[3]

All policy or training manuals or instructions or guidelines provided by Defendants to its employees
regarding using lawsuits in an attempt to collect debts.

There is nothing vague about this demand; if there is any documentation relating to bringing

lawsuits to collect debts, it must be produced.

### RPD 12 and 13[4]

All complaints, judgments and consent order from 2006-2008 relating to Defendants' conduct in the
collection of individuals' debts; and its acts or practices under the FDCPA.

Responses to nearly identical requests have been ordered by Courts in FDCPA matters. *Yancey*

*v. Hooten,* 180 F.R.D. 203 (D.Conn. 1998), *Boutvis v. Risk Management,* 2002 U.S. Dist. LEXIS 8521

---

[3] Defendant's objection stated, "Defendants object to the request on the grounds that it is vague,
overbroad, ambiguous, unduly burdensome and oppressive.  This request is particularly vague with
respect to the term "using lawsuits."  Without waiving said objections, Defendants respond as follows:
See Credigy training manual provided in Defendants' Initial Disclosures served on March 24, 2008.
**Exhibit 2**.

[4] Defendant's objection stated, "Defendant objects to this request on the grounds it calls for
information which is not relevant to any issue in this case and will not lead to the discovery of
admissible evidence.  Defendant objects on the grounds it is vague, ambiguous, unduly burdensome
and oppressive.  Defendant further objects on the grounds this information is equally available to
Plaintiff." **Exhibit 2**.

(D. Conn. May 3, 2002).  These documents must be produced.

**RPD 16**[5]

All agreements Defendants have with any entity concerning the servicing or collection of the debt to Plaintiffs.

Defendants did not object to this request, but have failed to produce the documents.

Defendants must produce any documents between any of its affiliates.

**RPD 19, 20 and 21**[6]

Any evidence of any payment towards the alleged debt; any documents provided by Wells Fargo or First Select, Inc. regarding this debt.

Defendants originally responded they have no such documents.  However, in its deposition Defendants testified they may have documents relating to payments made on the alleged debt. Defendants have since served subpoenas on several third parties.  Defendants are required to supplement their discovery responses for this item, and any other discovery requests. F.R.C.P. 26, otherwise any evidence should be barred pursuant to F.R.C.P. 37.

**RPD 29 and 30**[7]

Any written communication to defendants from 2006-2008 where an individual or their attorney, alleged Defendants were threatening to sue on a time barred debt.

Any judgments or decisions from a Court addressing whether Defendants were attempting to collect a debt they could not prove.

As noted above, responses to nearly identical requests have been ordered by Courts in FDCPA

---

[5] Defendant's objection stated, "Defendants will produce documents responsive to this request." **Exhibit 2**.

[6] Defendant's objection stated, "After a diligent search and reasonable inquiry, Defendants are currently unable to locate documents responsive to this request.  Discovery is continuing and Defendants reserve the right to amend this response." **Exhibit 2**.

[7] Defendant's objection to RPD 29 stated, "Defendant object to the request on the grounds it is vague, overbroad, ambiguous, unduly burdensome and oppressive.  Defendant also objects on the grounds that this information is privileged and protected from disclosure." **Exhibit 2**.  Defendant's objection to RPD 30 stated, "Defendant object to the request on the grounds it is vague, overbroad, ambiguous, unduly burdensome and oppressive.  Defendant also objects on the grounds that this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." **Exhibit 2**.

matters. *Yancey v. Hooten,* 180 F.R.D. 203 (D.Conn. 1998)*, Boutvis v. Risk Management,* 2002 U.S. Dist. LEXIS 8521 (D. Conn. May 3, 2002).  Furthermore, a letter from a consumer, or a consumer's attorney, to defendant debt collectors is not privileged.  These documents must be produced.

**INT 2**[8]

What steps were taken, on what date and by whom to review Plaintiff's account.

Debt collectors have been ordered to answer this question. *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998).  There is no attorney client privilege issue here.  If Defendants never reviewed the account then they should clearly state so; otherwise they must answer the question.

**INT 3**[9]

List all lawsuits filed by Defendants in California from 2006-2008.

Debt collectors have been ordered to answer this question. *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998).  Defendants response is an attempt to obstruct discovery.  Defendants must supplement this response.

**INT 13**[10]

State all facts that support your claim of a Bona Fide Error defense.

Defendants response stated, "Defendants are investigating a possible computer error that may have led to Plaintiffs being contacted after their cease and desist letter.  Discovery is continuing."  Defendants must supplement this response, or be precluded from asserting this defense.

---

[8] Defendant's objection stated, "Defendant object to the request on the grounds it is vague, overbroad, ambiguous and intelligible.  Defendant further object on the grounds that this request seeks information protected by the attorney-client privilege." **Exhibit 2**.

[9] Defendant's objection stated, "Defendants object to the request on the grounds it is vague, ambiguous, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." **Exhibit 2**.

[10] Defendant's objection stated, "Objection.  Responding Party objects to this interrogatory to the extent that it invades the attorney-client and attorney work-product privileges.  Discovery is continuing and Responding Party does not have sufficient information in which to accurately and completely respond to the subject interrogatory at this time.  Without waiving said objections, Defendants respond as follows: Plaintiffs' expected responses to discovery may set forth sufficient facts to establish such a defense.  Moreover, Defendants are investigating a possible computer error which may have leg to Plaintiffs being contacted after their cease-and-desist letter.  Discovery is continuing." **Exhibit 2**.

1

**INT 16**[11]

2

Identify the name and address of the long distance telephone provider used to place calls relating to

3

Plaintiff's account (include the account # with such entity and the telephone number Plaintiffs were
dialed from).

4

       Defendants have conceded the discoverability of this very information by issuing a subpoena to

5

Plaintiff's cell phone providers.  Defendants revealed the name, Global Crossings, but failed to provide

6

the account # and telephone number Plaintiffs were dialed from.  This case is about 90+ phone calls

7

Defendants made to Plaintiffs, many of which do not appear on Defendants' collection logs. Plaintiff

8

has a right to seek discovery from third parties, especially in light of the fact defendants discovery

9

responses alleged defendants purged their telephone records.  Defendants must supplement this

10

response.

11

12

**VII.**    **MANUEL FAUSTO DISCOVERY TO DEFENDANTS, SET 2**

13

       Plaintiff Manuel Fausto served a second set of written discovery on Defendants on March 21,

14

2008. *Wilcox Decl.* ¶3, **Exhibit 3**.  Defendants served boilerplate objections. *Wilcox Decl.* ¶3, **Exhibit**

15

**4**.

16

17

**RPD 1**[12]

18

All letters received from any consumers complaining about the debt collection practices of Defendants.

19

       Defendants attempt to claim the privacy rights of the consumers, yet Defendants failed to

20

produce any redacted documents.  Thus, Defendants' response is specious at best.  Furthermore, a

21

consumer is hardly concerned about revealing the fact that he complained of Defendants' abusive and

22

unlawful collection practices.  Plaintiff is willing to accept redacted documents at this time (concealing

23

24

[11] Defendant's objection stated, "Defendants object to the request on the grounds it is vague,

25

ambiguous, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the
discovery of admissible evidence.  Without waiving said objections, Defendants respond as follow:

26

Global Crossing." **Exhibit 2**.

[12] Defendant's objection stated, "Defendants object to the request on the grounds it is vague,

27

ambiguous, unduly burdensome and oppressive.  Defendant further object on the grounds that this

28

request invades the privacy rights of third parties." **Exhibit 4**.

a consumer's personal identifying information), relating to the time period 2005-2008.  The parties can address whether un-redacted documents need be produced at a later time.

**RPD 4**[13]

Any scripts Defendants use when attempting to collect debts via telephone.

Defendants stated they will produce, but have failed to do so.  Nor has Defendants produced the scripts and messages it provided to its agent, Live Vox, to make outbound automated calls.  These documents must be produced.

**INT 2**[14]

Identify the last date Thompson, a.k.a. RG Oncalve was employed by Defendants.

Defendants' failure to answer is evasive and obstructionist.  Defendants must supplement this response.

**INT 5-9**[15]

State all incentive pay (bonuses, commissions, etc.) paid to Ricardo Ventura, Brett Boyde, Ryan Miller, Paulo Peres, Thompson, a.k.a. RG Oncalve.

Defendants' failure to answer is evasive and obstructionist.  The court recently ruled that Defendants must produce all personnel files of those collectors that worked on Plaintiffs' account, overruling the same objections defendants lodge here. *Fausto v. Credigy,* ____ F.R.D. ____, 2008 WL 2441927 (N.D. Cal. 2008).  Defendants must supplement this response.

---

[13] Defendant's objection stated, "Defendants object to the request on the grounds it seeks confidential and proprietary information.  Without waiving said objections, and upon Plaintiffs' execution of a Stipulated Protected Order, Defendants will produce documents responsive to this request." **Exhibit 4**.

[14] Defendant's objection stated, "After a diligent search and dutiful inquiry, Defendants are currently unable to locate the information necessary to respond to this request.  Discovery is continuing." **Exhibit 4**.

[15] Defendant's objection stated, "Defendant object to the request on the grounds it seeks proprietary and confidential information.  Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest.  Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." **Exhibit 4**.

- 9 -

## VIII.  LUZ FAUSTO DISCOVERY TO DEFENDANTS SET I

Luz Fausto served Discovery on Defendants on May 19, 2008. *Wilcox Decl*. ¶4, **Exhibit 5**.

Defendants served boilerplate objections. *Wilcox Decl*. ¶4, **Exhibit 6**.

**RPD 1-39**[16]

Provide a copy of the personnel file of "adias" (first remove any medical information).

Provide copies of any and all tests, relating to the FDCPA, taken by "adias," employment applications, resumes, and performance evaluations of "adias."

Provide any and all documents showing the last known address and telephone number of "adias."

[The same discovery demands were served for the following other individuals: "jfmelo", "eisilva", "lnunes", "dgregores", "acompani", "cdsilva", "rgoncalves", "sblackwell", "kervin", "poston", "kramos" and "lgammage" - for the sake of judicial efficiency Plaintiffs listed the three discovery demands above, but, did not repeat them, thirty-nine (39) times].

Defendants' response indicated they would produce documents but failed to produce all documents.  Defendants merely produced some personnel files.  Defendants must produce all documents showing the last known addressed and telephone numbers, and any FDCPA tests.  If no FDCPA tests exist for these individuals, then Defendants must supplement this response appropriately, including clearly stating no such documents exist.

Nor have Defendants supplemented their Rule 26 disclosures or written interrogatories (relating to name and contact information), [17] or produced certain personnel files,[18] as Ordered by the Court on

---

[16] Defendant's objection stated, "Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.  Defendant further objects to this Request to the extent that it seeks the confidential personal information of non-parties.  Subject to the foregoing objections, Defendant will produce non-privileged, responsive documents in its possession, custody or control, to the extent they exist." **Exhibit 6**.

[17] "As required by Rule 26 initial disclosures and in response to the Faustos's properly served interrogatories, Credigy must disclose the full names and complete contact information of all Credigy employees that worked on the Faustos's file, including Phillips and Moteli, to the extent that this information is available to Credigy, within 20 days."

June 13, 2008. Docket #67.

**RPD 40**[19]

Provide a copy of any document evidencing your internal communications with respect to Plaintiff, the debt, this lawsuit, or the claims in the Amended Complaint.

Defendants have asserted the attorney client privilege but have failed to produce any privilege log. Thus, Defendants must answer the question, and a detailed privilege log must be produced so that the Court can evaluate the validity of Defendants' claim of privilege.

**RPD 41**[20]

Produce all documents relating to the Fausto account including address and telephone tables and account distribution history tables.

These are the very phrases used by defendants for this data. Defendants' response indicated

---

[18] "Should Moteli and Phillips prove to be Credigy employees who worked on the Faustos's account, Credigy is also ordered to produce their personnel records on the same schedule.

[19] Defendant's objection stated, "Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "internal communications." Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine. Subject to the General Objections and specific objections herein, Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action." **Exhibit 6**.

[20] Defendant's objection stated, "Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "address and telephone tables" and "account distribution history tables." Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine. Subject to the General Objections and specific objections herein, Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action." **Exhibit 6**.

they would produce documents but failed to do so.  Defendants must produce the documents.

**RPD 42**[21]

Produce all written instructions provided to Live Vox, Inc. regarding the Fausto account (including what messages to deliver and frequency of calls).

Defendants' claim of attorney client privilege here further demonstrates its evasive and obstructionist conduct.  Neither Defendants nor LiveVox, Inc. are attorneys.  Defendants must produce all responsive documents.

**RPD 43**[22]

Produce documents relating to all calls placed by Live Vox, Inc. regarding the Fausto acount.

Defendants' claim of attorney client privilege here further demonstrates its evasive and obstructionist conduct.  Neither Defendants nor LiveVox, Inc., nor the Faustos, are attorneys.  Defendants must produce all responsive documents.

**RPD 44**[23]

---

[21] Defendant's objection stated, "Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.  Subject to the General Objections and specific objections herein, Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action." **Exhibit 6**.

[22] Defendant's objection stated, "Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.  Subject to the General Objections and specific objections herein, Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action." **Exhibit 6**.

[23] Defendant's objection stated, "Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter

Produce all documents provided to Live Vox, Inc., regarding the Fausto account.

Defendants' claim of attorney client privilege here further demonstrates its evasive and

obstructionist conduct.  Neither Defendants nor LiveVox, Inc., nor the Faustos, are attorneys.

Defendants must produce all responsive documents.

**RPD 45**[24]

Produce the entire dispute resolution file relating to the Fausto account.

Defendants have already admitted such a documents exists.  The Faustos disputed this debt.

Thus, the documents are relevant.  Defendants claim of attorney client privilege here further

demonstrates its evasive and obstructionist conduct.  Neither Defendants nor the Faustos are attorneys.

Defendants must produce all responsive documents.

**RPD 46**[25]

---

of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.  Subject to the General Objections and specific objections herein, Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action." **Exhibit 6**.

[24] Defendant's objection stated, "Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "the entire dispute resolution file."  Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.  Subject to the General Objections and specific objections herein, Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action." **Exhibit 6**.

[25] Defendant's objection stated, "Defendant objects to this Request on the grounds that it is vague and ambiguous as to the term "account distribution history tables."  Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent that it seeks proprietary

PLAINTIFFS' NOTICE AND MOTION TO COMPEL WRITTEN DISCOVERY

Produce all account distribution history tables relating to the Fausto account.

Defendants have already admitted such a documents exists.  Defendants' collection logs reference the various stages of the account distribution in several places.  Thus, the documents are relevant.  Defendants claim of attorney client privilege here further demonstrates its evasive and obstructionist conduct.  Neither Defendants nor the Faustos are attorneys. Defendants must produce all responsive documents.

## INT 1-13[26]

Identify the full legal name, last known address, and telephone of the collector known as: "adias", "jfmelo", "eisilva", "lnunes", "dgregores", "acompani", "cdsilva", "rgoncalves", "sblakwell", "kervin", "lposton", "kramos", "lgammage" [This request was made in regard to thirteen different individuals].

Promising to produce documents in the future, which from recent experience shows are cryptic and do not clearly specify the information requested, is not responsive.  Defendants must supplement this response by answering the question, under oath, as required by the F.R.C.P.

## INT 14[27]

---

information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine.  Subject to the General Objections and specific objections herein, Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action." **Exhibit 6**.

[26] Defendant's objection stated, "Defendant objects to this Interrogatory to the extent that it seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this Interrogatory to the extent that it seeks the personal information of non-party individuals.  Subject to and without waiving the General Objections and specific objection herein, Defendant responds as follows: Subject to and without waiving the General Objections and specific objections herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged business records in its possession, custody or control, if any exist, that contain responsive information." **Exhibit 6**.

[27] Defendant's objection stated, "Defendant objects to this Interrogatory to the extent that it is duplicative of other discovery in this action.  Defendant also objects to this Interrogatory on the grounds that it is compound.  Defendant further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible

List by name, alias, job title, last known address and telephone number, and dates of employment of each of your employees, agents, or servants who communicated (orally or in writing) with Plaintiff. Provide the date, time, location and subject matter of each such communication or contact. Provide any documents that mention or refer to communications with Plaintiff or were created, prepared, or otherwise generated as a result of those communications.

Credigy was ordered to respond to this very question in *Steinbach v. Credigy*, 2006 U.S. Dist. LEXIS 20083 (E.D. KY 2006). Defendants must respond to this question as stated. Additionally, promising to produce documents in the future, which from recent experience shows are cryptic and do not clearly specify the information requested, is not responsive. Defendants must supplement this response by answering the question, under oath, as required by the F.R.C.P.

**INT 15**[28]

List by name, alias, job title, last known address and telephone number, and dates of employment of each of your employees, agents, or servants who investigated and responded to Plaintiff's dispute and demand for validation of the debt. Provide any documents that mention or refer to such investigation or were created, prepared, or otherwise generated as a result of the investigation.

Credigy was ordered to respond to this very question in *Steinbach v. Credigy*, 2006 U.S. Dist. LEXIS 20083 (E.D. KY 2006). Defendants must respond to this question as stated. Additionally, promising to produce documents in the future, which from recent experience shows are cryptic and do not clearly specify the information requested, is not responsive. Defendants must supplement this

---

evidence. In addition, Defendant objects to this Interrogatory to the extent that it seeks the personal information of non-party individuals. Subject to and without waiving the General Objections and specific objection herein, Defendant responds as follows: Subject to and without waiving the General Objections and specific objections herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged business records in its possession, custody or control, if any exist, that contain responsive information." **Exhibit 6**.

[28] Defendant's objection stated, "Defendant objects to this Interrogatory to the extent that it is compound and duplicative of other discovery in this action. Defendant further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this Interrogatory to the extent that it seeks the personal information of non-party individuals. Subject to and without waiving the General Objections and specific objection herein, Defendant responds as follows: Subject to and without waiving the General Objections and specific objections herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged business records in its possession, custody or control, if any exist, that contain responsive information." **Exhibit 6**.

response by answering the question, under oath, as required by the F.R.C.P.

**INT 16**[29]

List the names, aliases, job title of each of your employees who contacted Plaintiff or another person regarding this debt.

Credigy was ordered to respond to this very question in *Steinbach v. Credigy*, 2006 U.S. Dist. LEXIS 20083 (E.D. KY 2006). Defendants must respond to this question as stated. Additionally, promising to produce documents in the future, which from recent experience shows are cryptic and do not clearly specify the information requested, is not responsive. Defendants must supplement this response by answering the question, under oath, as required by the F.R.C.P.

**INT 17**[30]

Identify all codes, letters, numerals, and other symbols used in recording information relating Plaintiffs within your Simplect system. Provide a key to the codes used in identifying codes, letters, numerals, initials and other symbols, including a list of the names of persons identified by initials.

Credigy was ordered to respond to this very question in *Steinbach v. Credigy*, 2006 U.S. Dist.

---

[29] Defendant's objection stated, "Defendant objects to this Interrogatory to the extent that it is duplicative of other discovery in this action. Defendant also objects to this Interrogatory on the grounds that it is compound. Defendant further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects to this Interrogatory to the extent that it seeks the personal information of non-party individuals. Subject to and without waiving the General Objections and specific objection herein, Defendant responds as follows: Subject to and without waiving the General Objections and specific objections herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged business records in its possession, custody or control, if any exist, that contain responsive information." **Exhibit 6**.

[30] Defendant's objection stated, "Defendant objects to this Interrogatory to the extent that it is duplicative of other discovery in this action. Defendant also objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant further objects to this Interrogatory on the grounds that it is compound. In addition, Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the General Objections and specific objection herein, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action." **Exhibit 6**.

LEXIS 20083 (E.D. KY 2006):

> The Magistrate Judge is unpersuaded that this interrogatory is not proper simply    because it requires a lengthy answer. Even though there is no "answer key" as          such, plaintiff is entitled to the requested information. Credigy's objection to this interrogatory is overruled, and Credigy is directed to supplement its response thereto by providing plaintiff with information that identifies all codes, letters, numerals, and any other symbols used in recording plaintiff's information in Credigy's Simplect system.

Defendants must respond to this question as stated.  Additionally, promising to produce documents in the future, which from recent experience shows are cryptic and do not clearly specify the information requested, is not responsive.  Defendants must supplement this response by answering the question, under oath, as required by the F.R.C.P.

## INT 18[31]

Describe in detail the effort Defendant has made to preserve, search for, identify, collect, review, and produce relevant documents.

Defendants attempt at a response is evasive and non-responsive.  A debt collector was ordered to respond to this very question in *Dickard v. Oklahoma Management Services*, 2007 U.S. Dist. LEXIS 62851 (D. ARK 2007).  Defendants must supplement this response.

## INT 19[32]

---

[31] Defendant's objection stated, "Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to the term "relevant" documents on the grounds that it is undefined and is therefore vague and ambiguous.  Defendant incorporates by this reference all objections made to all document requests propounded by Plaintiffs.  Defendant objects to this Interrogatory to the extent that it is compound and it seeks to impose burdens upon Defendant in excess of what is required under the Federal Rules of Civil Procedure.  Defendant further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Subject to and without waiving the General Objections and specific objection herein, Defendant responds as follows: Defendant has produced documents in this action consistent with its obligations under the Federal Rules of Civil Procedure." **Exhibit 6**.

[32] Defendant's objection stated, "Defendant objects to this Interrogatory on the grounds that it seeks information that is not available to Defendant, as Defendant has no knowledge as to the "net worth including the assets and liabilities" of the individual defendants named in this action.  Defendant also objects to this Interrogatory to the extent that the information has already been provided to Plaintiff.  Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor

1  Identify the net worth including the assets and liabilities of each and every Defendant in this action.

2          Defendants respond that they will produce documents; however, Defendants have failed to

3  produce all relevant financial documents, even despite the Court's Order. Docket #67, *Fausto v.*

4  *Credigy,* ___ F.R.D. ____, 2008 WL 2441927 (N.D. Cal. 2008).  Furthermore, merely producing some

5

6  documents is not responsive.  Defendant must state its current net worth and answer the question as

7  stated, especially in light of its failure to provide the documents, despite the Court's Order.

8  **INT 20**[33]
   Name all persons who investigated the Fausto's claims of harassment and unlawful collection
9  practices.

10         As noted above, Credigy has been ordered to produce similar information in other cases

11 regarding its unlawful collection practices. *Credigy v. Steinbach.*  Furthermore, Defendants have failed

12 to produce any privilege log.

13
   **RTA 1**[34]
14
   Admit that Defendants reported the Fausto's alleged debt to credit reporting agencies and did not
15 ───────────────────────────────────────────────────────────────────

16 reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this
   Interrogatory to the extent that it seeks proprietary information, trade secrets, or confidential
17 information.  Additionally, Defendant objects to this Interrogatory to the extent that it seeks to impose
   obligations on Defendant in excess of what is permitted by the Code of Civil Procedure.  Subject to
18 and without waiving the General Objections and specific objection herein, pursuant to Federal Rules of
   Civil Procedure 33(d), Defendant will produce non-privileged business records in its possession,
19 custody or control that relate to the claims and defenses in this action." **Exhibit 6**.

20
   [33] Defendant's objection stated, "Defendant objects to this Interrogatory on the grounds that it is vague
21 and ambiguous.  Defendant also objects to this Interrogatory on the grounds that it is overbroad,
   unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter
22 of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant
   objects to this Interrogatory to the extent that it seeks to impose burdens upon Defendant in excess of
23 what is required under the Federal Rules of Civil Procedure.  Defendant further objects to this
   Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the
24 attorney work product doctrine." **Exhibit 6**.

25
   [34] Defendant's objection stated, "Subject to the General Objections and specific objections herein,
26 Defendant responds as follows: Denied.  The "Defendants" did not report information to any consumer
   reporting agencies.  Only Defendant Credigy Services Corporation was responsible for reporting such
27 information.  In addition, no Defendant reported information to consumer reporting agencies regarding
   "the Fausto's alleged debt" as the debt was owed by Manuel Fausto only." **Exhibit 6**.
28

report the debt as disputed.

Defendants' answer is evasive and obstructionist.  Defendants must supplement this response.

**RTA 2**[35]

Admit that in December 2006 Defendants reported the Fausto's alleged debt to credit reporting agencies and did not report it as disputed.

Defendants' answer is evasive and obstructionist.  Defendants must supplement this response.

## IX.     CONCLUSION

Plaintiff seeks an Order compelling Defendants to supplement the written discovery responses as noted above.

Respectfully submitted,

Dated: July 15, 2008

/s/Ronald Wilcox
Ronald Wilcox, Counsel for Plaintiffs

---

[35] Defendant's objection stated, "Subject to the General Objections and specific objections herein, Defendant responds as follows: Denied.  The "Defendants" did not report information to any consumer reporting agencies.  Only Defendant Credigy Services Corporation was responsible for reporting such information.  In addition, no Defendant reported information to consumer reporting agencies regarding "the Fausto's alleged debt" as the debt was owed by Manuel Fausto only." **Exhibit 6**.