# Exhibit 1

Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu



# Fax

| **To:** | David J. Kaminski | **From:** | Marion Ramel, Legal Assistant |
|---|---|---|---|
| | Stephen A. Watkins | | |
| | Carlson & Messer LLP | | |
| | 5959 W. Century Blvd., Suite 1214 | | |
| | Los Angeles, CA 90045 | | |

| **Fax:** | (310) 242-2222 | **Pages:** | 10 |
|---|---|---|---|
| **Phone:** | | **Date:** | 2/15/2008 |
| **Re:** | Fausto v. Credigy Services Corp., et al. | **CC:** | |
| | Case No.: C07-05658 JW | | |

☐ Urgent    ✖ For Review    ☐ Please Comment    ✖ Please Reply    ☐ Please Recycle

Dear Mr. Kaminski and Mr. Watkins:

Enclosed please find **Plaintiff Manuel Fausto's Discovery Set I to Defendants Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc.**

Sincerely,



Marion Ramel
Legal Assistant to Ronald Wilcox

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Balam O. Letona, Bar No. 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs

# U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, | Case No.: C07-05658 JW |
| Plaintiff, | |
| v. | |
| CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive, | |
| Defendants. | |

**PLAINTIFF MANUEL FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.**

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiffs Manuel G. Fausto and Luz Fausto propounds the following interrogatories and discovery requests:

### DEFINITIONS AND INSTRUCTIONS

"Defendants" mean Credigy Services Corporation, Credigy Receivables Inc., and/or Credigy Solutions Inc.

"Plaintiff" means Manual G. Fausto.

"Creditor" means Wells Fargo and/or First Select, Inc.

As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendant(s) are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsels.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not

PLAINTIFF MANUEL FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.

2

1  limited to, collection notes, electronic computer collection records, printouts of collection records,

2  sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type

3  disks, magnetic media of any kind, correspondence, memoranda, stenographic notes, handwritten

4  notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters,

5  research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account,

6  journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures,

7  films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards,

8  computer records, tapes, print-outs, agreements, communications, state and federal governmental

9  hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone

10  conversations, summaries or records of personal conversations or interviews, diaries, graphs,

11  notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of

12  meetings or conferences, summaries or reports of investigations or negotiations, opinions or

13  reports of consultants, photographs, video tape, motion picture film, digital photographs,

14  brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on

15  any document, all other writings, books of all nature and kind whether handwritten, typed, printed,

16  mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer,

17  audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon

18  which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise

19  stored.  The term "Transaction Log" refers to the Transaction Log Defendants produced in response

20  to Plaintiffs' first discovery request.

21        A request to "identify" a document is a request to state the following, as applicable:

22        a.  The date of the document;

23        b.  The type of document;

    c.   The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

    d.   The name of the employer or principal whom the signers, addressers and preparers were representing;

    e.   The present location of the document;

    f.   The name and current business and home addresses of the present custodian of the original document, and any copies of it;

    g.   A summary of the contents of the document; and

    h.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiffs request that the documents be made available for this inspection at the offices of **Ronald Wilcox, Attorney at Law, 2160 The Alameda, Suite F, San Jose, CA 95126**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents responsive to any particular request, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and

answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**DEFENDANTS' EFFORTS TO COLLECT**

1. All documents relating to Plaintiffs.

2. All documents transmitted by Defendants to Plaintiffs.

3. All collection records maintained by Defendants as to Plaintiff's account, with a key to abbreviations used thereon, such as codes for letters, personnel, activities (including telephone bills and telephone records).

4. All documents, logs, and correspondence relating to Plaintiff's alleged debt to Creditor Wells Fargo.

5. All documents, logs, and correspondence relating to Plaintiff's alleged debt to First Select, Inc.

6. Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

**PROCEDURES MANUALS**

7. Any policy manuals or instructions used by Defendants or persons under their supervision regarding collection practices or procedures.

PLAINTIFF MANUEL FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.

5

8. All policy or training manuals or instructions or guidelines provided by Defendants to its employees regarding using lawsuits in an attempt to collect debts.

9. All manuals procedures and protocols used by Defendant to comply with the Fair Debt Collection Practices Act.

10. All manuals procedures and protocols used by Defendants to comply with Civil Code §1788.

11. All documents concerning your procedures reasonably adapted to make sure that your lawsuit practices do not violate the FDCPA.

**COMPLAINTS AND JUDGMENTS**

12. All complaints, judgments, and consent orders, from 2006-2008, relating to Defendants' conduct in the collection of individuals' debts.

13. All judgments, court opinions, complaints and consent orders relating to Defendants and its acts or practices under the FDCPA from 2006-2008.

**CREDIT REPORTING**

14. All agreements with consumer reporting agencies (credit bureaus).

15. Any documents relating to Plaintiffs that Defendants obtained from a credit reporting agency.

**AGREEMENTS WITH OTHER PARTIES**

16. All agreements of Defendants with any entity concerning servicing or collection of the debt of Plaintiffs.

17. All agreements between Defendants and any predecessor owner of the alleged debt, as to the purchase or collection of debts, in effect during 2006-2008.

18. All documents showing authorization of Defendants to collect the alleged debt from Plaintiffs.

**OTHER**

19. Any evidence of any payment made towards the alleged debt.

20. All documents provided by Wells Fargo to Defendants relating to the alleged debt.

21. All documents provided by First Select, Inc. to Defendants relating to the alleged debt.

22. Provide a copy of Ryan Miller's personnel file (first remove any medical information).

23. Provide a copy of Ricardo Ventura's personnel file (first remove any medical information).

24. Provide a copy of Brett Boyde's personnel file (first remove any medical information).

25. Provide a copy of Paulo Peres's personnel file (first remove any medical information).

26. Provide a copy of Moises Moteli's personnel file (first remove any medical information).

27. Provide a copy of Ralph Phillips's personnel file (first remove any medical information).

28. Provide a copy of Defendant Thomson's personnel file (first remove any medical information).

29. Any written communication to Defendants from 2006-2008 where an individual, or their attorney, alleged Defendants was threatening to sue on a time barred debt.

30. Any judgments or decisions from a Court addressing whether Defendants were attempting to collect a debt they could not prove.

## **INTERROGATORIES**

1. Identify all documents responsive to Plaintiff Manuel Fausto's Request for Production of Documents.

2. What steps were taken, on what date and by whom to review Plaintiffs' account.

3. List all lawsuits filed by Defendants in California from 2006-2008 (date, caption, case number, and courthouse).

4. Identify the full legal name of Brett Boyde, his last know address and phone number.

5. Identify the full legal name of Paulo Peres, his last known residence and employment addresses and telephone numbers.

6. Identify the full legal name of Ryan Miller, his last known residence and employment addresses and telephone numbers.

1  7. Identify the full legal name of Moises Moteli, his last known residence and employment

2  addresses and telephone numbers.

3  8. Identify the full legal name of Ralph Phillips, his last known residence and employment

4  addresses and telephone numbers.

5  9. Identify the full legal name of the collector that worked on Plaintiff's account that used the

6  name "Thomson", his last known residence and employment addresses and telephone numbers.

7  **AGREEMENTS WITH OTHERS**

8  10. Identify the parties to the purchase and sale agreement whereby Defendants acquired

9  Plaintiffs' former Wells Fargo account.  If a broker was involved, identify that entity.

10  **PROCEDURES**

11  11. Set forth your procedures reasonably adapted to comply with the Fair Debt Collection

12  Practices Act.

13  12. Set forth your procedures reasonably adapted to make sure that your lawsuit procedures

14  comply with the Fair Debt Collection Practices Act.

15  12. State all facts that support your claim of a Bona Fide Error defense.

16  13. Identify all documents relating to Plaintiff Manuel Fausto, which Defendants currently

17  possess.

18  13. Identify all documents relating to Plaintiff Luz Fausto, which Defendants currently possess.

19  14.  Identify the name and address of the long distance telephone provider used to place calls

20  relating to Plaintiff's account (include the account # with such entity and the telephone number

21  Plaintiffs were dialed from).

22

23  _____          2/15/08
    Ronald Wilcox, Counsel for Plaintiffs          Date
24

25

## CERTIFICATE OF SERVICE

I, Marion Ramel, declare under penalty of perjury:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is: 2160 The Alameda, First Floor, San Jose, CA 95126.

On February 15, 2008, I served the following documents(s) on the parties in the within action:

**PLAINTIFFS' DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., AND CREDIGY SOLUTIONS INC.**

**VIA FAX AND U.S. MAIL:** I am familiar with the business practice for collection and processing of faxes and mail. The above-described document(s) will be enclosed in a sealed envelope with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Jose, CA on this date, and via fax, addressed as follows:

David J. Kaminski
Stephen A. Watkins
Carlson & Messer LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

Attorneys for Defendants

Dated: February 15, 2008
San Jose, CA

Marion Ramel

PLAINTIFF MANUEL FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.

9

MEMORY TRANSMISSION REPORT

|  |  |
|---|---|
| TIME | :02-15-'08 16:43 |
| FAX NO.1 | :1-408-296-0486 |
| NAME | :Ronald Wilcox, Esq. |

| | | |
|---|---|---|
| FILE NO. | : | 984 |
| DATE | : | 02.15 16:41 |
| TO | : ☎13102422222 |
| DOCUMENT PAGES | : | 10 |
| START TIME | : | 02.15 16:41 |
| END TIME | : | 02.15 16:43 |
| PAGES SENT | : | 10 |
| STATUS | : | OK |

\*\*\*    SUCCESSFUL TX NOTICE    \*\*\*

Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu



# Fax

| To: | David J. Kaminski<br>Stephen A. Watkins<br>Carlson & Messer LLP<br>5959 W. Century Blvd., Suite 1214<br>Los Angeles, CA 90045 | From: | Marion Ramel, Legal Assistant |
|---|---|---|---|
| Fax: | (310) 242-2222 | Pages: | 10 |
| Phone: | | Date: | 2/15/2008 |
| Re: | Fausto v. Credigy Services Corp., et al.<br>Case No.: C07-05658-JW | CC: | |

☐ Urgent    ✘ For Review    ☐ Please Comment    ✘ Please Reply    ☐ Please Recycle

Dear Mr. Kaminski and Mr. Watkins:

Enclosed please find Plaintiff Manuel Fausto's Discovery Set I to Defendants Credigy
Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc.

Sincerely,



Marion Ramel
Legal Assistant to Ronald Wilcox

# Exhibit 2

1   DAVID J. KAMINSKI, ESQ., (SBN #128509)
    STEPHEN A. WATKINS, ESQ., (SBN #205175)
2   CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
3   Los Angeles, California 90045
    (310) 242-2200 Telephone
4   (310) 242-2222 Facsimile

5   Attorneys for Defendants,
    CREDIGY SERVICES CORPORATION, CREDIGY
6   RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
    RYAN MILLER, BRETT BOYDE, and PAULO PERES

7

8                    UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11  MANUEL G. FAUSTO AND LUZ              )  CASE NO. C07 05658 JW (RS)
    FAUSTO,                               )
12                                        )  [Complaint Filed:  12/20/07
                                          )  1st Amended Complaint Filed: 1/14/08]
13                  Plaintiffs,           )
                                          )  RESPONSE OF CREDIGY SERVICES
14      vs.                               )  CORPORATION, CREDIGY
                                          )  RECEIVABLES INC. AND CREDIGY
15  CREDIGY SERVICES CORPORATION;         )  SOLUTIONS, INC. TO PLAINTIFF
    CREDIGY RECEIVABLES INC.;             )  MANUEL G. FAUSTO'S FIRST SET OF
16  CREDIGY SOLUTIONS INC.; RYAN          )  REQUESTS FOR PRODUCTION AND
    MILLER; RICARDO VENTURA;              )  FIRST SET OF INTERROGATORIES
17  BRETT BOYDE; PAULO PERES;             )
    THOMPSON; and DOES 1-10, inclusive,   )  Magistrate Judge: Hon. Richard Seeborg
18                                        )
                                          )
19                  Defendants.           )
                                          )

20

21

22
    PROPOUNDING PARTY:              MANUEL FAUSTO
23
    RESPONDING PARTY:               CREDIGY SERVICES CORPORATION, CREDIGY
24
                                    RECEIVABLES INC., and CREDIGY SOLUTIONS
25
                                    INC.
26
    TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:
27
        Pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36, Defendants CREDIGY
28
    SERVICES CORPORATION, CREDIGY RECEIVABLES INC., and CREDIGY SOLUTIONS

    05712.00:142758                            1

1  INC.("Defendants") answer, under oath, the following Interrogatories, and Requests for Production

2  of Documents.

3      These responses are made solely for the purpose of this litigation.  Responding Party, by its

4  responses, does not accept or admit the existence of any facts assumed by such requests.  Further,

5  such responses do not constitute admissible evidence as to any such assumed facts, or an

6  acknowledgment that the documents sought exist and are in the possession, custody, or control of

7  Responding Party.  This is incorporated by reference into each and every response set forth below.

8                    **REQUEST FOR PRODUCTION OF DOCUMENTS**

9  **REQUEST FOR PRODUCTION NO. 1**:

10     All documents relating to Plaintiffs.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

12     Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

13  burdensome and oppressive. Defendants further object to the request on the grounds it calls for

14  information which is irrelevant and not reasonably calculated to lead to the discovery of admissible

15  evidence.

16  **REQUEST FOR PRODUCTION NO. 2**:

17     All documents transmitted by Defendants to Plaintiffs.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

19     Defendants object to the grounds that this request seeks documents equally available to

20  Plaintiffs.  Without waiving said objection, Defendants will produce documents responsive to this

21  request.

22  **REQUEST FOR PRODUCTION NO. 3**:

23     All collection records maintained by Defendants as to Plaintiff's account, with a key to

24  abbreviations used thereon, such as codes for letters, personnel, activities (including telephone bills

25  and telephone records).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

27     Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

28  burdensome and oppressive. Defendants object to this request on the grounds that it calls for

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758

2

**CREDIGY'S RESPONSES TO PLAINTIFFS'**    CASE NO. C07 05658 JW RS
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

1  proprietary and trade secret information. Defendants further object to the request on the grounds it

2  calls for information which is not relevant and not reasonably calculated to lead to the discovery of

3  admissible evidence. Defendant further objects on the grounds it calls for private and confidential

4  information pertaining to third parties. Without waiving said objections, Defendants respond as

5  follows: *See* Credigy collection tracking notes provided in Defendants' Initial Disclosures served

6  on March 24, 2008.

7  **REQUEST FOR PRODUCTION NO. 4:**

8      All documents, logs, and correspondence relating to Plaintiff's alleged debt to Creditor

9  Wells Fargo.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

11     Defendants will produce documents responsive to this request.

12 **REQUEST FOR PRODUCTION NO. 5:**

13     All documents, logs, and correspondence relating to Plaintiff's alleged debt to First Select,

14 Inc.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16     Defendants will produce documents responsive to this request.

17 **REQUEST FOR PRODUCTION NO. 6:**

18     Please produce any insurance agreement under which any person carrying on an insurance

19 business may be liable to satisfy all or part of a judgment which may be entered herein or to

20 indemnify or reimburse for payments made to satisfy the judgment.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

22     Defendants respond as follows: See insurance agreement provided in Defendants' Initial

23 Disclosures served on March 24, 2008.

24 **REQUEST FOR PRODUCTION NO. 7:**

25     Any policy manuals or instructions used by Defendants or persons under their supervision

26 regarding collection practices or procedures.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

28     Defendants respond as follows: See Credigy training manual provided in Defendants'

*(left margin, vertical text)* CARLSON & MESSER LLP / 5959 W. CENTURY BOULEVARD, SUITE 1214 / LOS ANGELES, CALIFORNIA 90045

05712.00:142758

3

**CREDIGY'S RESPONSES TO PLAINTIFFS'**    CASE NO. C07 05658 JW RS
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

1  Initial Disclosures served on March 24, 2008.

2  **REQUEST FOR PRODUCTION NO. 8**:

3      All policy or training manuals or instructions or guidelines provided by Defendants to its

4  employees regarding using lawsuits in an attempt to collect debts.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

6      Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

7  burdensome and oppressive.  This request is particularly vague with respect to the term "using

8  lawsuits."  Without waiving said objections, Defendants respond as follows: See Credigy training

9  manual provided in Defendants' Initial Disclosures served on March 24, 2008.

10  **REQUEST FOR PRODUCTION NO. 9**:

11      All manuals procedures and protocols used by Defendant to comply with the Fair Debt

12  Collection Practices Act.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

14      Defendants respond as follows: See Credigy training manual provided in Defendants'

15  Initial Disclosures served on March 24, 2008.

16  **REQUEST FOR PRODUCTION NO. 10**:

17      All manuals procedures and protocols used by Defendant to comply with Civil Code §1788.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

19      Defendants respond as follows: See Credigy training manual provided in Defendants'

20  Initial Disclosures served on March 24, 2008.

21  **REQUEST FOR PRODUCTION NO. 11**:

22      All documents concerning your procedures reasonably adapted to make sure that your

23  lawsuit practices do not violate the FDCPA.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

25      Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

26  burdensome and oppressive.  This request is particularly vague with respect to the term "lawsuit

27  practices."  Without waiving said objections, Defendants respond as follows: See Credigy training

28  manual provided in Defendants' Initial Disclosures served on March 24, 2008.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  **REQUEST FOR PRODUCTION NO. 12:**

2     All complaints, judgments, and consent orders from 2006-2008 relating to Defendants'

3  conduct in the collection of individuals' debts.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

5     Defendant objects to this request on the grounds it calls for information which is not

6  relevant to any issue in this case and will not lead to the discovery of admissible evidence.

7  Defendant objects on the grounds it is vague, ambiguous, unduly burdensome and oppressive.

8  Defendant further objects on the grounds this information is equally available to Plaintiff.

9  **REQUEST FOR PRODUCTION NO. 13:**

10     All complaints, judgments, and consent orders from 2006-2008 relating to Defendants and

11  its acts or practices under the FDCPA from 2006-2008.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

13     Defendant objects to this request on the grounds it calls for information which is not

14  relevant to any issue in this case and will not lead to the discovery of admissible evidence.

15  Defendant objects on the grounds it is vague, ambiguous, unduly burdensome and oppressive.

16  Defendant further objects on the grounds this information is equally available to Plaintiff.

17  **REQUEST FOR PRODUCTION NO. 14:**

18     All agreements with consumer reporting agencies (credit bureaus).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20     Defendant objects to this request on the grounds it calls for information which is not

21  relevant to any issue in this case and will not lead to the discovery of admissible evidence.

22  Defendant objects on the grounds it is vague, ambiguous, unduly burdensome and oppressive.

23  Defendant objects to the request on the grounds it calls for confidential and private information and

24  invades the privacy rights of third persons not parties to this lawsuit.

25  **REQUEST FOR PRODUCTION NO. 15:**

26     All documents relating to Plaintiffs that Defendant obtained from a credit reporting agency.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

28     Defendant objects to this request on the grounds it calls for information which is not

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758

5

**CREDIGY'S RESPONSES TO PLAINTIFFS'**    CASE NO. C07 05658 JW RS
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

1   relevant to any issue in this case and will not lead to the discovery of admissible evidence.

2   **REQUEST FOR PRODUCTION NO. 16**:

3        All agreements between Defendants with any entity concerning servicing or collection of

4   the debt of Plaintiffs.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

6        Defendants will produce documents responsive to this request.

7   **REQUEST FOR PRODUCTION NO. 17**:

8        All agreements between Defendants and any predecessor owner of the alleged debt, as to

9   the purchase or collection of debts of Plaintiffs.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

11       After a diligent search and reasonable inquiry, Defendants are currently unable to locate

12  documents responsive to this request.  Discovery is continuing and Defendants reserve the right to

13  amend this response.

14  **REQUEST FOR PRODUCTION NO. 18**:

15       All documents showing authorization of Defendants to collect the alleged debt from

16  Plaintiffs.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

18       After a diligent search and reasonable inquiry, Defendants are currently unable to locate

19  documents responsive to this request.  Discovery is continuing and Defendants reserve the right to

20  amend this response.

21  **REQUEST FOR PRODUCTION NO. 19**:

22       Any evidence of any payment made toward the alleged debt.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

24       After a diligent search and reasonable inquiry, Defendants are currently unable to locate

25  documents responsive to this request.  Discovery is continuing and Defendants reserve the right to

26  amend this response.

27  **REQUEST FOR PRODUCTION NO. 20**:

28       All documents provided by Wells Fargo to Defendants relating to the alleged debt.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

2       After a diligent search and reasonable inquiry, Defendants are currently unable to locate

3  documents responsive to this request. Discovery is continuing and Defendants reserve the right to

4  amend this response.

5  **REQUEST FOR PRODUCTION NO. 21:**

6       All documents provided by First Select, Inc. to Defendants relating to the alleged debt.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

8       After a diligent search and reasonable inquiry, Defendants are currently unable to locate

9  documents responsive to this request. Discovery is continuing and Defendants reserve the right to

10 amend this response.

11 **REQUEST FOR PRODUCTION NO. 22:**

12      Provide a copy of Ryan Miller's personnel file (first remove any medical information).

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

14      Defendants object to this request because it unreasonably invades the privacy right in

15 employee records. Defendants further object on the grounds that this request is not reasonably

16 calculated to lead to the discovery of admissible evidence.

17 **REQUEST FOR PRODUCTION NO. 23:**

18      Provide a copy of Ricardo Ventura's personnel file (first remove any medical information).

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

20      Defendants object to this request because it unreasonably invades the privacy right in

21 employee records. Defendants further object on the grounds that this request is not reasonably

22 calculated to lead to the discovery of admissible evidence.

23 **REQUEST FOR PRODUCTION NO. 24:**

24      Provide a copy of Brett Boyde's personnel file (first remove any medical information).

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

26      Defendants object to this request because it unreasonably invades the privacy right in

27 employee records. Defendants further object on the grounds that this request is not reasonably

28 calculated to lead to the discovery of admissible evidence.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758

7

1  **REQUEST FOR PRODUCTION NO. 25**:

2          Provide a copy of Paulo Peres's personnel file (first remove any medical information).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

4          Defendants object to this request because it unreasonably invades the privacy right in

5  employee records. Defendants further object on the grounds that this request is not reasonably

6  calculated to lead to the discovery of admissible evidence.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

8          Provide a copy of Moises Moteli's personnel file (first remove any medical information).

9  **REQUEST FOR PRODUCTION NO. 26**:

10          Defendants object to this request because it seeks information in violation of the privacy

11  rights of a third party unrelated to the current litigation. Defendants also object on the grounds this

12  requests unreasonably invades the privacy right in employee records. Defendants further object on

13  the grounds that this request is not relevant and not reasonably calculated to lead to the discovery

14  of admissible evidence.

15  **REQUEST FOR PRODUCTION NO. 27**:

16          Provide a copy of Ralph Phillips's personnel file (first remove any medical information).

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

18          Defendants object to this request because it seeks information in violation of the privacy

19  rights of a third party unrelated to the current litigation. Defendants also object on the grounds this

20  requests unreasonably invades the privacy right in employee records. Defendants further object on

21  the grounds that this request is not relevant and not reasonably calculated to lead to the discovery

22  of admissible evidence.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

24          Provide a copy of Defendant Thompson's personnel file (first remove any medical

25  information).

26  **REQUEST FOR PRODUCTION NO. 28**:

27          Defendants object to this request because it unreasonably invades the privacy right in

28  employee records. Defendants further object on the grounds that this request is not reasonably

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

8

**CREDIGY'S RESPONSES TO PLAINTIFFS'**       CASE NO. C07 05658 JW RS
**FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES**

1    calculated to lead to the discovery of admissible evidence.

2    **REQUEST FOR PRODUCTION NO. 29**:

3           Any written communication to Defendants from 2006-2008 where an individual or their

4    attorney, alleged Defendants was threatening to sue on a time-barred debt.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

6           Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

7    burdensome and oppressive. Defendant also objects on the ground that this information is

8    privileged and protected from disclosure.

9    **REQUEST FOR PRODUCTION NO. 30**:

10          Any judgment or decisions from a Court addressing whether Defendants were attempting to

11   collect a debt they could not prove.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

13          Defendants object to the request on the grounds it is vague, overbroad, ambiguous, unduly

14   burdensome and oppressive.  Defendant also objects on the grounds that this information is

15   irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

16

17                                        **INTERROGATORIES**

18   **INTERROGATORY NO. 1**:

19          Identify all documents responsive to Plaintiff Manuel Fausto's Request for Production of

20   Documents

21   **RESPONSE TO INTERROGATORY NO. 1**:

22          Defendants objects to the request on the grounds it is vague, ambiguous, unduly

23   burdensome and oppressive.

24   **INTERROGATORY NO. 2**:

25          What steps were taken, on what date and by whom to review Plaintiffs' account.

26   **RESPONSE TO INTERROGATORY NO. 2**:

27          Defendants object to the request on the grounds it is vague, overbroad, ambiguous and

28   intelligible.  Defendants further object on the grounds that this request seeks information protected

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758

9

1    by the attorney-client privilege.

2    **INTERROGATORY NO. 3**:

3        List all lawsuits filed by Defendants in California from 2006-2008 (date, caption, case

4    number, and courthouse)

5    **RESPONSE TO INTERROGATORY NO. 3**:

6        Defendants object to the request on the grounds it is vague, ambiguous, overbroad, unduly

7    burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9    **INTERROGATORY NO. 4**:

10        Identify the full legal name of Brett Boyde, his last known address and phone number.

11    **RESPONSE TO INTERROGATORY NO. 4**:

12        Defendants respond as follow: Brett Boyde. Defendant Boyde may be contacted through

13    his attorney of record, Carlson & Messer LLP. If the necessity arises such that Plaintiffs need to

14    contact Mr. Boyde at his home address, Defendants will provide such information within 24 hours

15    of the request.

16    **INTERROGATORY NO. 5**:

17        Identify the full legal name of Paulo Peres, his last known address and phone number.

18    **RESPONSE TO INTERROGATORY NO. 5**:

19        Defendants respond as follow: Paulo Peres. Defendant Peres may be contacted through his

20    attorney of record, Carlson & Messer LLP. If the necessity arises such that Plaintiffs need to

21    contact Mr. Boyde at his home address, Defendants will provide such information within 24 hours

22    of the request.

23    **INTERROGATORY NO. 6**:

24        Identify the full legal name of Ryan Miller, his last known address and phone number.

25    **RESPONSE TO INTERROGATORY NO. 6**:

26        Defendants respond as follow: Luis Renato Silva Nunes (aka Ryan Miller). Defendant

27    Nunes may be contacted through his attorney of record, Carlson & Messer LLP. If the necessity

28    arises such that Plaintiffs need to contact Mr. Nunes at his home address, Defendants will provide

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758

10

1    such information within 24 hours of the request.

2    **INTERROGATORY NO. 7:**

3    Identify the full legal name of Moises Moteli, his last known address and phone number.

4    **RESPONSE TO INTERROGATORY NO. 7:**

5    Defendants object to this request because it seeks information in violation of the privacy

6    rights of a third party unrelated to the current litigation. Defendants also object on the grounds this

7    request unreasonably invades the privacy right in employee records. Defendants further object on

8    the grounds that this request is not relevant and not reasonably calculated to lead to the discovery

9    of admissible evidence.

10    **INTERROGATORY NO. 8:**

11    Identify the full legal name of Ralph Phillips , his last known address and phone number.

12    **RESPONSE TO INTERROGATORY NO. 8:**

13    Defendants object to this request because it seeks information in violation of the privacy

14    rights of a third party unrelated to the current litigation. Defendants also object on the grounds this

15    request unreasonably invades the privacy right in employee records. Defendants further object on

16    the grounds that this request is not relevant and not reasonably calculated to lead to the discovery

17    of admissible evidence.

18    **INTERROGATORY NO. 9:**

19    Identify the full legal name of the collector that worked on Plaintiff's account that use the

20    name "Thomson", his last known residence and employment addresses and telephone numbers.

21    **RESPONSE TO INTERROGATORY NO. 9:**

22    Defendants respond as follows: Thompson, aka Rita Goncalves. Her last known address is

23    Av Paulista, 1106 CONJ 21 Bela Vista, Sao Paulo, Brazil.

24    **INTERROGATORY NO. 10:**

25    Identify the parties to the purchase and sale agreement whereby Defendants acquired

26    Plaintiffs' former Wells Fargo account. If a broker was involved, identify that entity.

27    **RESPONSE TO INTERROGATORY NO. 10:**

28    After a diligent search and dutiful inquiry, Defendants are unable to locate this information

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:142758                    11

1    at this time.  Discovery is continuing and Defendants reserve the right to amend this response.

2    **INTERROGATORY NO. 11:**

3    　　　Please set forth your procedures reasonably adapted to comply with the Fair Debt

4    Collection Practices Act.

5    **RESPONSE TO INTERROGATORY NO. 11:**

6    　　　Defendants respond as follows: See Credigy training manual provided in Defendants'

7    Initial Disclosures served on March 24, 2008.

8    **INTERROGATORY NO. 12:**

9    　　　Please set forth your procedures reasonably adapted to make sure your lawsuit procedures

10    comply with the Fair Debt Collection Practices Act.

11    **RESPONSE TO INTERROGATORY NO. 12:**

12    　　　Defendants respond as follows: See Credigy training manual provided in Defendants'

13    Initial Disclosures served on March 24, 2008.

14    **INTERROGATORY NO. 13:**

15    　　　State all facts that support your claim of a Bona Fide Error defense.[1]

16    **RESPONSE TO INTERROGATORY NO. 13:**

17    　　　Objection.  Responding Party objects to this interrogatory to the extent that it invades the

18    attorney-client and attorney work-product privileges.  Discovery is continuing and Responding

19    Party does not have sufficient information in which to accurately and completely respond to the

20    subject interrogatory at this time.  Without waiving said objections, Defendants respond as follows:

21    Plaintiffs' expected responses to discovery may set forth sufficient facts to establish such a

22    defense.  Moreover, Defendants are investigating a possible computer error which may have led to

23    Plaintiffs being contacted after their cease-and-desist letter.  Discovery is continuing.

24    **RESPONSE TO INTERROGATORY NO. 13:**

25    　　　Defendants will produce responsive documents.

26    / / /

27

28    　　　[1]Due to a typographical error, Plaintiffs labeled this question Interrogatory No. 12 even though it
was the thirteenth interrogatory.

05712.00:142758

12

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  **INTERROGATORY NO. 14**:

2      Identify all documents relating to Plaintiff Manuel Fausto, which Defendant currently

3  possess.[2]

4  **RESPONSE TO INTERROGATORY NO. 14**:

5      Defendants will produce responsive documents.

6  **INTERROGATORY NO. 15**:

7      Identify all documents relating to Plaintiff Luz Fausto, which Defendant currently possess.[3]

8  **RESPONSE TO INTERROGATORY NO. 15**:

9      Defendants will produce responsive documents.

10  **INTERROGATORY NO. 16**:

11      Identify the name and address of the long distance telephone provider used to place calls

12  relating to Plaintiff's account (include the account # with such entity and the telephone number

13  Plaintiffs were dialed from)[4]

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23

24

---

25      [2]Due to a typographical error, Plaintiffs labeled this question Interrogatory No. 13 even though it was the fourteenth interrogatory.

26      [3]Due to a typographical error, Plaintiffs labeled this question Interrogatory No. 13 even though it

27  was the fifteenth interrogatory.

28      [4]Due to a typographical error, Plaintiffs labeled this question Interrogatory No. 14 even though it was the sixteenth interrogatory.

05712.00:142758

13

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  **RESPONSE TO INTERROGATORY NO. 16:**

2       Defendants object to the request on the grounds it is vague, ambiguous, overbroad, unduly

3  burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible

4  evidence. Without waiving said objections, Defendants respond as follows: Global Crossing.

5

6  DATED: April 14, 2008                 CARLSON & MESSER LLP

7

8                                        By _____
                                         David J. Kaminski, Esq.
9                                        Stephen A. Watkins, Esq.
                                         Attorneys for Defendant,
10                                       CREDIGY SERVICE CORPORATION,
                                         CREDIGY RECEIVABLES INC.,
11                                       CREDIGY SOLUTIONS, INC., RYAN
                                         MILLER, BRETT BOYDE and PAULO PERES
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

# VERIFICATION

STATE OF CALIFORNIA          )
                             )    ss.
COUNTY OF LOS ANGELES        )

I have read the foregoing **RESPONSE OF CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S FIRST SET OF REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** and know its contents.

☐   I am a party to this action.  The matters stated in the foregoing document(s) are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒   I am an Authorized Representative on behalf of Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc., and I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

☐   I am one of the attorneys/party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I am make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 14th day of April, 2008, at Suwanee, Georgia.

By _____
        Authorized Representative

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA        )
                                    )   ss.

3   COUNTY OF LOS ANGELES   )

4

     I am employed in the County of Los Angeles, State of California.

5

     I am over the age of 18 and not a party to the within action; my business address is 5959 W.

6   Century Boulevard, Suite 1214, Los Angeles, California 90045.

7        On **April 14, 2008,** I served the foregoing document described as: **RESPONSE OF CREDIGY SERVICES CORPORATION, CREDIIGY RECEIVABLES INC. AND**

8   **CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S FIRST SET OF REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES** on all

9   interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

10

              **SEE ATTACHED SERVICE LIST.**

11

12   [X]    **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not

13   receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

☐    **(BY MAIL)**

15           I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am

16           "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States

17           Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of

18           business with postage thereon fully prepaid.

19   ☐    **(BY FACSIMILE)**
        I transmitted via telecopier machine such document to the offices of the

20           addressees.

21   ☐    (BY PERSONAL SERVICE)
        I hand-delivered said documents to the parties listed on the attached Service List.

22
☒    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this

23   court at whose direction the service was made.

24        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

     Executed this 14th day of April, 2008, at Los Angeles, California.

26

27   *Linda Brooks*
                  Linda Brooks

28

1

2 **Manuel Fausto v. Credigy Services Corporation, et al.**
Our File No. 05712.00

3 Ronald Wilcox, Esq.                          Attorneys for Plaintiff
LAW OFFICE OF RONALD WILCOX
4 2160 The Alameda, First Flr., Suite F
San Jose, CA 95126-1001
5 Tel: (408) 296-0400
Fax: (408) 296-0486
6 Email: ronaldwilcox@post.harvard.edu

7

8 Balam O. Letona, Esq.                        Attorneys for Plaintiff.
LAW OFFICE OF BALAM O. LETONA,
INC.
9 1347 Pacific Avenue, Suite 203
Santa Cruz, CA  95060-3940
10 Tele:  (831) 421-0200
Fax:   (831) 621-9659

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 05712.00.00/142266