# Exhibit 3

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Balam O. Letona, Bar No. 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

|  |  |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC., CREDIGY<br>SOLUTIONS INC., RYAN MILLER,<br>RICARDO VENTURA, BRETT BOYDE,<br>PAULO PERES, THOMPSON and DOES 1-<br>10, inclusive,<br><br>　　　Defendants. | Case No.: C07-05658 JW RS |

**PLAINTIFF MANUEL G. FAUSTO'S DISCOVERY SET II TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.**

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiff Martha Vasquez Pintor propounds the following interrogatories and discovery requests:

## DEFINITIONS AND INSTRUCTIONS

"Defendants" mean Credigy Services Corporation, Credigy Receivables Inc., and/or Credigy Solutions Inc.

"Plaintiff" means Manuel G. Fausto.

"Creditor" means Wells Fargo and/or First Select, Inc.

As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendant(s) are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsels.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not

limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.  The term "Transaction Log" refers to the Transaction Log Defendants produced in response to Plaintiff's second discovery request.

A request to "identify" a document is a request to state the following, as applicable:

    a.   The date of the document;

    b.   The type of document;

PLAINTIFF MANUEL G. FAUSTO'S DISCOVERY SET II TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.

c.  The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

d.  The name of the employer or principal whom the signers, addressers and preparers were representing;

e.  The present location of the document;

f.  The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.  A summary of the contents of the document; and

h.  If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff request that the documents be made available for this inspection at the offices of **Ronald Wilcox, Attorney at Law, 2160 The Alameda, Suite F, San Jose, CA 95126.**

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location.  If there are no such documents responsive to any particular request, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  (Federal Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and

answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## 1. REQUEST FOR PRODUCTION OF DOCUMENTS

1. All letters received from any consumers complaining about the debt collection practices of Defendants.

2. All telephone records relating to Plaintiff's alleged debt.

3. All telephone bills reflecting calls made relating to Plaintiff's alleged debt.

4. Any scripts Defendants use when attempting to collect debts via telephone.

5. All manuals and/or guidelines Defendants uses relating to the Uniform Code of Military Justice.

6. An audited balance sheet for Defendants.

7. All financial documents from lawsuits in which Defendants has provided financial documents or net worth information.

8. All documents of Defendants providing their net worth to any government agency, provide such documents.

9. All financial statements of Defendants for the last three years.

10. All annual reports of Defendants for the last three years.

11. All semiannual and quarterly financial statements of Defendants for that last three years.

12. All credit applications of Defendants for the last three years.

13. All tax returns of Defendants for the last three years.

PLAINTIFF MANUEL G. FAUSTO'S DISCOVERY SET II TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.

5

14. Any and all corporate formation documents related to any entity of which Defendants is affiliated.

15. Any documents showing Defendants submitted the alleged debt to a credit reporting agency.

## 2. INTERROGATORIES

1. Identify the last date Ricardo Ventura was employed by Defendants.

2. Identify the last date Thompson a.k.a. RG Oncalve was employed by Defendants.

3. Explain why Ricardo Ventura is no longer employed by Defendants.

4. Explain why Thompson a.k.a. RG Oncalve is no longer employed by Defendants.

5. State all incentive pay (bonuses, commissions, etc.) paid to Ricardo Ventura in 2006-2008 (dates and amounts).

6. State all incentive pay (bonuses, commissions, etc.) paid to Brett Boyde in 2006-2008 (dates and amounts).

7. State all incentive pay (bonuses, commissions, etc.) paid to Ryan Miller a.k.a. Luis Renato Silva Nunez in 2006-2008 (dates and amounts).

8. State all incentive pay (bonuses, commissions, etc.) paid to Paulo Peres in 2006-2008 (dates and amounts).

9. State all incentive pay (bonuses, commissions, etc.) paid to Thompson a.k.a. RG Oncalve in 2006-2008 (dates and amounts).

## 3. REQUESTS TO ADMIT

1. Admit Ricardo Ventura was terminated by Defendants.

2. Admit Thompson a.k.a. RG Oncalve was terminated by Defendants.

3. Admit Brett Boyde is still employed by Defendants.

4. Admit Ryan Miller a.k.a. Luis Renato Silva Nunez is still employed by Defendants.

5. Admit Paulo Peres is still employed by Defendants.

6. Admit Defendants tape recorded conversations with Plaintiff.

PLAINTIFF MANUEL G. FAUSTO'S DISCOVERY SET II TO DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.

1   7. Admit Defendants knew Plaintiff was disabled.

2   8. Admit Defendants did not report the alleged debt to a credit reporting agency.

3

4   _____          _____
5   Ronald Wilcox, Counsel for Plaintiff              3/21/08
                                                      Date
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF MANUEL G. FAUSTO'S DISCOVERY SET II TO DEFENDANTS CREDIGY SERVICES
CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.
7

1

## CERTIFICATE OF SERVICE

2      I, Marion Ramel, declare under penalty of perjury:

3      I am a citizen of the United States, am over the age of eighteen years, and am not a party

4 to or interested in the within entitled cause.  My business address is: 2160 The Alameda, First

5 Floor, San Jose, CA 95126.

6      On March 21, 2008, I served the following documents(s) on the parties in the within

7 action:

8
**PLAINTIFF MANUEL G. FAUSTO'S DISCOVERY SET II TO DEFENDANTS**
9 **CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., AND**
**CREDIGY SOLUTIONS INC.**
10

11      **VIA FAX AND U.S. MAIL:**  I am familiar with the business practice for collection and

12 processing of faxes and mail.  The above-described document(s) will be enclosed in a sealed

13 envelope with first class postage thereon fully prepaid, and deposited with the United States

14 Postal Service at San Jose, CA on this date, and via fax, addressed as follows:

15
        David J. Kaminski
16      Carlson & Messer LLP
        5959 W. Century Blvd., Suite 1214
17      Los Angeles, CA 90045
        Tel:  (310) 242-2200
18      Fax: (310) 242-2222

19      Attorneys for Defendants

20 Dated: March 21, 2008
        San Jose, CA
21

22                                        _____
                                          Marion Ramel
23

24

25

# Exhibit 4

1   DAVID J. KAMINSKI, ESQ., (SBN #128509)
    STEPHEN A. WATKINS, ESQ., (SBN #205175)
2   CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
3   Los Angeles, California 90045
    (310) 242-2200 Telephone
4   (310) 242-2222 Facsimile

5   Attorneys for Defendants,
    CREDIGY SERVICES CORPORATION, CREDIGY
6   RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
    RYAN MILLER, BRETT BOYDE, and PAULO PERES

7

8                    UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11  MANUEL G. FAUSTO AND LUZ          )   CASE NO. C07 05658 JW (RS)
    FAUSTO,                           )
12                                    )   [Complaint Filed:  12/20/07
                                      )   1st Amended Complaint Filed: 1/14/08]
13              Plaintiffs,           )
                                      )   Magistrate Judge: Hon. Richard Seeborg
14       vs.                          )
                                      )   **RESPONSE OF CREDIGY SERVICES**
15  CREDIGY SERVICES CORPORATION;     )   **CORPORATION, CREDIGY**
    CREDIGY RECEIVABLES INC.;         )   **RECEIVABLES INC. AND CREDIGY**
16  CREDIGY SOLUTIONS INC.; RYAN      )   **SOLUTIONS, INC. TO PLAINTIFF**
    MILLER; RICARDO VENTURA;          )   **MANUEL G. FAUSTO'S REQUESTS FOR**
17  BRETT BOYDE; PAULO PERES;         )   **PRODUCTION OF DOCUMENTS**
    THOMPSON; and DOES 1-10, inclusive, )
18                                    )   **[SET NUMBER TWO]**
                                      )
19              Defendants.           )
                                      )
20                                    )
                                      )
21

22

23  PROPOUNDING PARTY:       Plaintiff, MANUEL FAUSTO

24  RESPONDING PARTY:        Defendants, CREDIGY SERVICES CORPORATION,
                             CREDIGY RECEIVABLES INC. and
25                           CREDIGY SOLUTIONS INC.

26

27  SET NUMBER:              TWO (2)

28  ///

    ///

05712.00:143004                              1

1    Pursuant to Federal Rule of Civil Procedure Rule 34, Defendants CREDIGY SERVICES

2  CORPORATION, CREDIGY RECEIVABLES INC. and CREDIGY SOLUTIONS INC.

3  ("Defendants") answer under oath Plaintiff MANUEL FAUSTO's Requests for Production of

4  Documents.  These responding parties have not fully completed their investigation of the facts

5  relating to this case, and have not fully completed their discovery in this action, nor have

6  completed their preparation for trial.  All of the answers contained herein are based only upon

7  such information and documents which are presently available to and specifically known to

8  these responding parties and disclosure only those contentions which are presently occur to

9  such responding parties, It is anticipated that further discovery, independent investigation,

10  legal research and analysis will supply additional facts, add meaning to the known facts, as

11  well as establish entirely new factual conclusions and legal contentions, all of which may lead

12  to substantial additions to, changes and variations from the contentions herein set forth.

13    The following responses are given without prejudice to these responding parties' right

14  to produce evidence of any subsequently discovered fact or facts which these responding

15  parties may later recall or locate.  Responding parties accordingly reserve the right to change

16  any and all answers herein as additional facts are ascertained, analyses are made, legal

17  research is completed and contentions are made.  The answers contained herein are made in a

18  good faith effort to supply as much factual information and as much specification of legal

19  contentions as are presently known but should no way be to the prejudice of Defendants in

20  relation to further discovery, research or analysis.

21    **REQUESTS FOR PRODUCTION OF DOCUMENTS AND**

22    **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

23  **REQUEST FOR PRODUCTION NO. 1:**

24    All letters received from any consumers complaining about the debt collection practices of

25  Defendants.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

27    Defendants object to the request on the grounds it is vague, ambiguous, unduly burdensome

28  and oppressive.  Defendants further object on the grounds that this request invades the privacy

rights of third parties.

05712.00:143004

2

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  **REQUEST FOR PRODUCTION NO. 2:**

2      All telephone records relating to Plaintiff's alleged debt.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4      Defendants object to the request on the grounds it is vague, ambiguous, unduly burdensome

5  and oppressive. Electronic data memorializing outgoing phone calls by Defendants is purged after

6  90 days. To the best of Defendants' knowledge, no physical records of telephone calls are kept.

7  Discovery is continuing.

8  **REQUEST FOR PRODUCTION NO. 3:**

9      All telephone bills reflecting calls made relating to Plaintiff's alleged debt.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

11      Defendants object to the request on the grounds it is vague, ambiguous, unduly burdensome

12  and oppressive. Electronic data memorializing outgoing phone calls by Defendants is purged after

13  90 days. To the best of Defendants' knowledge, no physical records of telephone calls are kept.

14  Discovery is continuing.

15  **REQUEST FOR PRODUCTION NO. 4:**

16      Any scripts Defendants use when attempting to collect debts via telephone.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18      Defendants object to the request on the grounds it seeks confidential and proprietary

19  information. Without waiving said objections, and upon Plaintiffs' execution of a Stipulated

20  Protective Order, Defendants will produce documents responsive to this request.

21  **REQUEST FOR PRODUCTION NO. 5:**

22      All manuals and/or guidelines Defendants uses [sic] relating to the Uniform Code of

23  Military Justice.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

25      Defendants object to the request on the grounds it is irrelevant and not reasonably

26  calculated to lead to the discovery of admissible evidence.

27  **REQUEST FOR PRODUCTION NO. 6:**

28      An audited balance sheet for Defendants.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

All financial documents from lawsuits in which Defendants has [sic] provided financial documents or net worth information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8:**

All documents of Defendants providing their net worth to any government agency, provide such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

All financial statements of Defendants for the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05712.00:143004

Defendants' Responses to Requests for Production of Documents   CASE NO. C07 05658 JW RS

**REQUEST FOR PRODUCTION NO. 10:**

All annual reports of Defendants for the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 11:**

All semiannual and quarterly financial statements of Defendants for the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 12:**

All credit applications of Defendants for the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 13:**

All tax returns of Defendants for the last three years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to the request on the grounds it seeks confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1   **REQUEST FOR PRODUCTION NO. 14:**

2      Any and all corporate financial documents related to any entity of [sic] which Defendants is

3   [sic] affiliated.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

5      Defendants object to the request on the grounds it seeks confidential information.

6   Defendants also object on the grounds that this request seeks financial information in which

7   Defendants have a protectable privacy interest.  Defendants also object on the grounds that this

8   request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9   Defendants further object on the grounds that Plaintiffs must establish a prima facie case of

10   liability for punitive damages before seeking evidence of Defendants' financial condition.  *See Civ.*

11   *Code* § 3295; *Adams v. Murakami* (1991) 54 Cal. 3d 105, 123 (A plaintiff who seeks to recover

12   punitive damages must bear the burden of establishing the defendant's financial condition).

13   **REQUEST FOR PRODUCTION NO. 15:**

14      Any documents showing Defendants submitted the alleged debt to a credit reporting

15   agency.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17      Defendants object to this request on the grounds that it vague, ambiguous and not

18   reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object on

19   the grounds that this request seeks confidential, private and proprietary information.

20

21   DATED:  April 14, 2008         CARLSON & MESSER LLP

22

23

24   By_____

    David J. Kaminski, Esq.

25   Stephen A. Watkins, Esq.

    Attorneys for Defendant,

26   CREDIGY SERVICE CORPORATION,

    CREDIGY RECEIVABLES INC.,

27   CREDIGY SOLUTIONS, INC., RYAN

    MILLER, BRETT BOYDE and PAULO PERES

28

## VERIFICATION

1

2

3    STATE OF CALIFORNIA            )
                                    )  ss.
4    COUNTY OF LOS ANGELES          )

5          I have read the foregoing **RESPONSE OF CREDIGY SERVICES
6    CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS, INC.
     TO PLAINTIFF MANUEL G. FAUSTO'S SECOND SET OF PRODUCTION OF**
7    **DOCUMENTS** and know its contents.

8    ☐      I am a party to this action.  The matters stated in the foregoing document(s) are
9           true of my own knowledge except as to those matters which are stated on
            information and belief, and as to those matters I believe them to be true.
10

11   ☒      I am an Authorized Representative on behalf of Credigy Services Corporation,
            Credigy Receivables Inc. and Credigy Solutions Inc., and I am informed and
12          believe and on that ground allege that the matters stated in the foregoing
13          document(s) are true.

     ☐      I am one of the attorneys/party to this action.  Such party is absent from the
14          county of aforesaid where such attorneys have their offices, and I am make this
15          verification for and on behalf of that party for that reason.  I am informed and
            believe and on that ground allege that the matters stated in the foregoing
16          document(s) are true.

17

18         I declare under penalty of perjury under the laws of the State of California that
     the foregoing is true and correct.
19
           Executed on the 14th day of April, 2008, at Suwanee, Georgia.
20

21

22         By _____
                    Authorized Representative
23

24

25

26

27

28

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA         )

3                                     )  ss.

COUNTY OF LOS ANGELES   )

4

5

        I am employed in the County of Los Angeles, State of California.

6

        I am over the age of 18 and not a party to the within action; my business address is 5959 W.

7  Century Boulevard, Suite 1214, Los Angeles, California 90045.

8

        On **April 14, 2008,** I served the foregoing document described as: **RESPONSE OF CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND**

9  **CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S REQUEST FOR PRODUCTION OF DOCUMENTS** on all interested parties in this action by placing a true copy

10  thereof enclosed in a sealed envelope addressed as follows:

11

        **SEE ATTACHED SERVICE LIST.**

12  [X]    **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the

13            persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other

14            indication that the transmission was unsuccessful.

15  ☐    **(BY MAIL)**

16            I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am

17            "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States

18            Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of

19            business with postage thereon fully prepaid.

20  ☐    **(BY FACSIMILE)**
            I transmitted via telecopier machine such document to the offices of the

21            addressees.

22  ☐    (BY PERSONAL SERVICE)
            I hand-delivered said documents to the parties listed on the attached Service List.

23  ☒    **(FEDERAL) -** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

        I declare under penalty of perjury under the laws of the State of California that the above is

25  true and correct.

26        Executed this 14th day of April, 2008, at Los Angeles, California.

27

                                  *Linda Brooks*

28                       Linda Brooks

<u>**Manuel Fausto v. Credigy Services Corporation, et al.,**</u>
Our File No. 05712.00

Ronald Wilcox, Esq.                                    Attorneys for Plaintiff
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, First Flr., Suite F
San Jose, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu


Balam O. Letona, Esq.                                 Attorneys for Plaintiff.
LAW OFFICE OF BALAM O. LETONA,
INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA  95060-3940
Tele:  (831) 421-0200
Fax:  (831) 621-9659

05712.00.00/142266

1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ., (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendants,
   CREDIGY SERVICES CORPORATION, CREDIGY
6  RECEIVABLES INC., CREDIGY SOLUTIONS INC.,
   RYAN MILLER, BRETT BOYDE, and PAULO PERES

7

8                  UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11 MANUEL G. FAUSTO AND LUZ          )   CASE NO. C07 05658 JW (RS)
   FAUSTO,                           )
12                                   )   [Complaint Filed:  12/20/07
                                     )   1st Amended Complaint Filed: 1/14/08]
13              Plaintiffs,          )
                                     )   Magistrate Judge: Hon. Richard Seeborg
14      vs.                          )
                                     )   **RESPONSE OF CREDIGY SERVICES
15 CREDIGY SERVICES CORPORATION;     )   CORPORATION, CREDIGY
   CREDIGY RECEIVABLES INC.;         )   RECEIVABLES INC. AND CREDIGY
16 CREDIGY SOLUTIONS INC.; RYAN      )   SOLUTIONS, INC. TO PLAINTIFF
   MILLER; RICARDO VENTURA;          )   MANUEL G. FAUSTO'S
17 BRETT BOYDE; PAULO PERES;         )   INTERROGATORIES**
   THOMPSON; and DOES 1-10, inclusive,)
18                                   )   **[SET NUMBER TWO]**
                                     )
19              Defendants.          )
                                     )
20                                   )

21

22

23 PROPOUNDING PARTY:        Plaintiff, MANUEL FAUSTO

24 RESPONDING PARTY:         Defendants, CREDIGY SERVICES CORPORATION,
                             CREDIGY RECEIVABLES INC. and
25                           CREDIGY SOLUTIONS INC.

26 SET NUMBER:               TWO (2)

27 ///

28 ///

05712.00:143012
                                    1
               **Defendants' Responses to Interrogatories**              CASE NO. C07 05658 JW RS

1       Pursuant to Federal Rule of Civil Procedure Rule 33, Defendants CREDIGY SERVICES

2 CORPORATION, CREDIGY RECEIVABLES INC. and CREDIGY SOLUTIONS INC.

3 ("Defendants") answer under oath Plaintiff MANUEL FAUSTO's Interrogatory Requests. These

4 responding parties have not fully completed their investigation of the facts relating to this case,

5 and have not fully completed their discovery in this action, nor have completed their preparation

6 for trial. All of the answers contained herein are based only upon such information and

7 documents which are presently available to and specifically known to these responding parties

8 and disclosure only those contentions which are presently occur to such responding parties, It is

9 anticipated that further discovery, independent investigation, legal research and analysis will

10 supply additional facts, add meaning to the known facts, as well as establish entirely new factual

11 conclusions and legal contentions, all of which may lead to substantial additions to, changes and

12 variations from the contentions herein set forth.

13       The following responses are given without prejudice to these responding parties' right to

14 produce evidence of any subsequently discovered fact or facts which these responding parties

15 may later recall or locate. Responding parties accordingly reserve the right to change any and

16 all answers herein as additional facts are ascertained, analyses are made, legal research is

17 completed and contentions are made. The answers contained herein are made in a good faith

18 effort to supply as much factual information and as much specification of legal contentions as

19 are presently known but should no way be to the prejudice of Defendants in relation to further

20 discovery, research or analysis.

21                      **INTERROGATORY REQUESTS AND**

22       **RESPONSES TO INTERROGATORY REQUESTS**

23

24 **INTERROGATORY NO. 1**:

25       Identify the last date Ricardo Ventura was employed by Defendants.

26 **RESPONSE TO INTERROGATORY NO. 1**:

27       August 1, 2007.

28 **INTERROGATORY NO. 2**:

      Identify the last date Thompson a.k.a. RG Onclave was employed by Defendants.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**RESPONSE TO INTERROGATORY NO. 2**:

After a diligent search and dutiful inquiry, Defendants are currently unable to locate the information necessary to respond to this request. Discovery is continuing.

**INTERROGATORY NO. 3**:

Identify why Ricardo Ventura is no longer employed by Defendants.

**RESPONSE TO INTERROGATORY NO. 3**:

Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waving said objections, Defendants respond as follows: Mr. Ventura was terminated for performance reasons.

**INTERROGATORY NO. 4**:

Explain why Thompson a.k.a. RG Onclave is no longer employed by Defendants.

**RESPONSE TO INTERROGATORY NO. 4**:

Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waving said objections, Defendants respond as follows: Ms. Goncalves was terminated for performance reasons.

**INTERROGATORY NO. 5**:

State all incentive pay (bonuses, commissions, etc.) paid to Ricardo Ventura in 2006-2008 (dates and amounts).

**RESPONSE TO INTERROGATORY NO. 5**:

Defendants object to the request on the grounds it seeks proprietary and confidential information. Defendants also object on the grounds that this request seeks financial information in which Defendants have a protectable privacy interest. Defendants also object on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6**:

State all incentive pay (bonuses, commissions, etc.) paid to Brett Boyde in 2006-2008 (dates and amounts).

**RESPONSE TO INTERROGATORY NO. 6**:

Defendants object to the request on the grounds it seeks proprietary and  confidential

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1   information.  Defendants also object on the grounds that this request seeks financial information in

2   which Defendants have a protectable privacy interest.  Defendants also object on the grounds that

3   this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

4   evidence.

5   **INTERROGATORY NO. 7:**

6          State all incentive pay (bonuses, commissions, etc.) paid to Ryan Miller a.k.a. Luis Renato

7   Silva Nunez in 2006-2008 (dates and amounts).

8   **RESPONSE TO INTERROGATORY NO. 7:**

9          Defendants object to the request on the grounds it seeks proprietary and confidential

10  information.  Defendants also object on the grounds that this request seeks financial information in

11  which Defendants have a protectable privacy interest.  Defendants also object on the grounds that

12  this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

13  evidence.

14  **INTERROGATORY NO. 8:**

15         State all incentive pay (bonuses, commissions, etc.) paid to Paulo Peres in 2006-2008

16  (dates and amounts).

17  **RESPONSE TO INTERROGATORY NO. 8:**

18         Defendants object to the request on the grounds it seeks proprietary and confidential

19  information.  Defendants also object on the grounds that this request seeks financial information in

20  which Defendants have a protectable privacy interest.  Defendants also object on the grounds that

21  this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

22  evidence.

23  **INTERROGATORY NO. 9:**

24         State all incentive pay (bonuses, commissions, etc.) paid to Thompson a.k.a. RG Onclave

25  in 2006-2008 (dates and amounts).

26  **RESPONSE TO INTERROGATORY NO. 9:**

27         Defendants object to the request on the grounds it seeks proprietary and confidential

28  information.  Defendants also object on the grounds that this request seeks financial information in

*CARLSON & MESSER LLP*
*5959 W. CENTURY BOULEVARD, SUITE 1214*
*LOS ANGELES, CALIFORNIA 90045*

1  which Defendants have a protectable privacy interest.  Defendants also object on the grounds that

2  this request is irrelevant and not reasonably calculated to lead to the discovery of admissible

3  evidence.

4

5  DATED:  April 14, 2008                        CARLSON & MESSER LLP

6

7

8  By _____
   David J. Kaminski, Esq.

9  Stephen A. Watkins, Esq.
   Attorneys for Defendant,

10 CREDIGY SERVICE CORPORATION,
   CREDIGY RECEIVABLES INC.,

11 CREDIGY SOLUTIONS, INC., RYAN
   MILLER, BRETT BOYDE and PAULO PERES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

## VERIFICATION

STATE OF CALIFORNIA        }    ss.

COUNTY OF LOS ANGELES      }

      I have read the foregoing **RESPONSE OF CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S SECOND SET OF INTERROGATORIES** and know its contents.

☐    I am a party to this action. The matters stated in the foregoing document(s) are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am an Authorized Representative on behalf of Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc., and I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

☐    I am one of the attorneys/party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I am make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on the 14th day of April, 2008, at Suwanee, Georgia.

By _David_____
     Authorized Representative

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA              )
                                )  ss.
3  COUNTY OF LOS ANGELES          )

4

5

I am employed in the County of Los Angeles, State of California.

6

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

7

8

On **April 14, 2008,** I served the foregoing document described as: **RESPONSE OF CREDIGY SERVICES CORPORATION, CREDIIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS, INC. TO PLAINTIFF MANUEL G. FAUSTO'S INTERROGATORIES (Set 2)** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9

10

11

### SEE ATTACHED SERVICE LIST.

12  [X]    **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

13

14

15  ☐    **(BY MAIL)**
            I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

16

17

18

19  ☐    **(BY FACSIMILE)**
            I transmitted via telecopier machine such document to the offices of the addressees.

20

21  ☐    (BY PERSONAL SERVICE)
            I hand-delivered said documents to the parties listed on the attached Service List.

22

23  ☒    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26  Executed this 14th day of April, 2008, at Los Angeles, California.

27

Linda Brooks

28

1

2

<u>**Manuel Fausto v. Credigy Services Corporation, et al.**</u>
Our File No. 05712.00

3    Ronald Wilcox, Esq.                          Attorneys for Plaintiff
     LAW OFFICE OF RONALD WILCOX
4    2160 The Alameda, First Flr., Suite F
     San Jose, CA 95126-1001
5    Tel: (408) 296-0400
     Fax: (408) 296-0486
6    Email: ronaldwilcox@post.harvard.edu

7

8    Balam O. Letona, Esq.                         Attorneys for Plaintiff.
     LAW OFFICE OF BALAM O. LETONA,
     INC.
9    1347 Pacific Avenue, Suite 203
     Santa Cruz, CA  95060-3940
10   Tele:  (831) 421-0200
     Fax:   (831) 621-9659

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   05712.00.00/142266

# Exhibit 5

1   Ronald Wilcox, Bar No. 176601
    LAW OFFIC OF RONALD WILCOX
2   2160 The Alameda, First Floor, Suite F
    San Jose, CA 95126
3   Tel: 408-296-0400
    Fax: 408-296-0486
4   Email: ronaldwilcox@post.harvard.edu

5   Balam O. Letona, Bar No. 229642
    LAW OFFICE OF BALAM O. LETONA, INC.
6   1347 Pacific Avenue, Suite 203
    Santa Cruz, CA 95060-3940
7   Tel: 831-421-0200
    Fax: 831-621-9659
8   Email: letonalaw@gmail.com

9   Attorneys for Plaintiffs

10
                        **U.S. DISTRICT COURT**
11                **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN JOSE DIVISION**
12

13  MANUEL G. FAUSTO and LUZ FAUSTO,    )
                                        )   Case No.: C07-05658 JW RS
14                                      )
                                        )
15          Plaintiffs,                 )
                                        )
16      v.                              )
                                        )
17  CREDIGY SERVICES CORPORATION,       )
    CREDIGY RECEIVABLES INC., CREDIGY   )
18  SOLUTIONS INC., RYAN MILLER,        )
    RICARDO VENTURA, BRETT BOYDE,       )
19  PAULO PERES, THOMPSON, and DOES 1-  )
    10, inclusive,                      )
20                                      )
                                        )
21          Defendants.                 )
    _____

22
            **PLAINTIFF LUZ FAUSTO'S DISCOVERY SET I TO DEFENDANTS**
23                **CREDIGY SERVICES CORPORATION**

24
        **PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiff
25
    Luz Fausto propounds the following interrogatories and discovery requests:

    PLAINTIFF LUZ FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION
                                        1

# DEFINITIONS AND INSTRUCTIONS

"Defendants" mean Credigy Services Corporation, Credigy Receivables Inc., and/or Credigy Solutions Inc.

"Plaintiff" means Luz Fausto.

As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendant(s) are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsels.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, correspondence, memoranda, stenographic notes, handwritten

PLAINTIFF LUZ FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION

1   notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters,

2   research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account,

3   journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures,

4   films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards,

5   computer records, tapes, print-outs, agreements, communications, state and federal governmental

6   hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone

7   conversations, summaries or records of personal conversations or interviews, diaries, graphs,

8   notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of

9   meetings or conferences, summaries or reports of investigations or negotiations, opinions or

10   reports of consultants, photographs, video tape, motion picture film, digital photographs,

11   brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on

12   any document, all other writings, books of all nature and kind whether handwritten, typed, printed,

13   mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer,

14   audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon

15   which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise

16   stored.  The term "Transaction Log" refers to the Transaction Log Defendants produced in response

17   to Plaintiffs' first discovery request.

18         A request to "identify" a document is a request to state the following, as applicable:

19       a.  The date of the document;

20       b.  The type of document;

21       c.  The names and present addresses of the person or persons who prepared the

22             document and of the signers and addressers of the document;

23       d.  The name of the employer or principal whom the signers, addressers and preparers

24             were representing;

25

PLAINTIFF LUZ FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION

3

e.  The present location of the document;

f.  The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.  A summary of the contents of the document; and

h.  If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiffs request that the documents be made available for this inspection at the offices of **Ronald Wilcox, Attorney at Law, 2160 The Alameda, Suite F, San Jose, CA 95126.**

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents responsive to any particular request, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

PLAINTIFF LUZ FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION

4

1      For purpose of these requests, a statement is (a) a written statement signed or otherwise

2   adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other

3   recording, or a transcription thereof, which is substantially verbatim recital of an oral statement

4   by the person making it and contemporaneously recorded.

5   **I.     INTERROGATORIES**

6   1.   Identify the full legal name, last known address, and telephone number of the collector

7         known as "adias."

8   2.   Identify the full legal name, last known address, and telephone number of the collector

9         known as "jfmelo."

10  3.   Identify the full legal name, last known address, and telephone number of the collector

11        known as "eisilva."

12  4.   Identify the full legal name, last known address, and telephone number of the collector

13        known as "lnunes."

14  5.   Identify the full legal name, last known address, and telephone number of the collector

15        known as "dgregores."

16  6.   Identify the full legal name, last known address, and telephone number of the collector

17        known as "ACompani."

18  7.   Identify the full legal name, last known address, and telephone number of the collector

19        known as "cdsilva."

20  8.   Identify the full legal name, last known address, and telephone number of the collector

21        known as "rgoncalves."

22  9.   Identify the full legal name, last known address, and telephone number of the collector

23        known as "SBlackwell."

24  10.  Identify the full legal name, last known address, and telephone number of the collector

25        known as "kervin."

11. Identify the full legal name, last known address, and telephone number of the collector known as "lposton."

12. Identify the full legal name, last known address, and telephone number of the collector known as "kramos."

13. Identify the full legal name, last known address, and telephone number of the collector known as "lgammage."

14. List by name, alias, job title, last known address and telephone number, and dates of employment of each of your employees, agents, or servants who communicated (orally or in writing) with Plaintiff. Provide the date, time, location and subject matter of each such communication or contact. Provide any documents that mention or refer to communications with Plaintiff or were created, prepared, or otherwise generated as a result of those communications.

15. List by name, alias, job title, last known address and telephone number, and dates of employment of each of your employees, agents, or servants who investigated and responded to Plaintiff's dispute and demand for validation of the debt. Provide any documents that mention or refer to such investigation or were created, prepared, or otherwise generated as a result of the investigation.

16. List the names, aliases, job title of each of your employees who contacted Plaintiff or another person regarding this debt.

17. Identify all codes, letters, numerals, and other symbols used in recording information relating to Plaintiffs within your Simplect system. Provide a key to the codes used in identifying codes, letters, numerals, initials and other symbols, including a list of the names of persons identified by initials.

18. Describe in detail the effort Defendant has made to preserve, search for, identify, collect, review, and produce relevant documents.

19. Identify the net worth including the assets and liabilities of each and every Defendant in this action.

20. Name all persons who investigated the Fausto's claims of harassment and unlawful collection practices.

## II.  REQUEST FOR PRODUCTION OF DOCUMENTS

1. Provide a copy of the personnel file of "adias" (first remove any medical information).

2. Provide copies of any and all tests, relating to the FDCPA, taken by "adias," employment applications, resumes, and performance evaluations of "adias."

3. Provide any and all documents showing the last known address and telephone number of "adias."

4. Provide a copy of the personnel file of "jfmelo" (first remove any medical information).

5. Provide copies of any and all tests, relating to the FDCPA, taken by "jfmelo," employment applications, resumes, and performance evaluations of "jfmelo."

6. Provide any and all documents showing the last known address and telephone number of "jfmelo."

7. Provide a copy of the personnel file of "eisilva" (first remove any medical information).

8. Provide copies of any and all tests, relating to the FDCPA, taken by "eisilva," employment applications, resumes, and performance evaluations of "eisilva."

9. Provide any and all documents showing the last known address and telephone number of "eisilva."

10. Provide a copy of the personnel file of "lnunes" (first remove any medical information).

11. Provide copies of any and all tests, relating to the FDCPA, taken by "lnunes," employment applications, resumes, and performance evaluations of "lnunes."

12. Provide any and all documents showing the last known address and telephone number of "lnunes."

1   13. Provide a copy of the personnel file of "dgregores" (first remove any medical information).

2   14. Provide copies of any and all tests, relating to the FDCPA, taken by "dgregores,"

3       employment applications, resumes, and performance evaluations of "dgregores."

4   15. Provide any and all documents showing the last known address and telephone number of

5       "dgregores."

6   16. Provide a copy of the personnel file of "ACompani" (first remove any medical information).

7   17. Provide copies of any and all tests, relating to the FDCPA, taken by "ACompani,"

8       employment applications, resumes, and performance evaluations of "ACompani."

9   18. Provide any and all documents showing the last known address and telephone number of

10      "ACompani."

11  19. Provide a copy of the personnel file of "cdsilva" (first remove any medical information).

12  20. Provide copies of any and all tests, relating to the FDCPA, taken by "cdsilva," employment

13      applications, resumes, and performance evaluations of "cdsilva."

14  21. Provide any and all documents showing the last known address and telephone number of

15      "cdsilva."

16  22. Provide a copy of the personnel file of "rgoncalves" (first remove any medical information).

17  23. Provide copies of any and all tests, relating to the FDCPA, taken by "rgoncalves,"

18      employment applications, resumes, and performance evaluations of "rgoncalves."

19  24. Provide any and all documents showing the last known address and telephone number of

20      "rgoncalves."

21  25. Provide a copy of the personnel file of "SBlackwell" (first remove any medical information).

22  26. Provide copies of any and all tests, relating to the FDCPA, taken by "SBlackwell,"

23      employment applications, resumes, and performance evaluations of "SBlackwell."

24  27. Provide any and all documents showing the last known address and telephone number of

25      "SBlackwell."

28. Provide a copy of the personnel file of "kervin" (first remove any medical information).

29. Provide copies of any and all tests, relating to the FDCPA, taken by "kervin," employment applications, resumes, and performance evaluations of "kervin."

30. Provide any and all documents showing the last known address and telephone number of "kervin."

31. Provide a copy of the personnel file of "lposton" (first remove any medical information).

32. Provide copies of any and all tests, relating to the FDCPA, taken by "lposton," employment applications, resumes, and performance evaluations of "lposton."

33. Provide any and all documents showing the last known address and telephone number of "lposton."

34. Provide a copy of the personnel file of "kramos" (first remove any medical information).

35. Provide copies of any and all tests, relating to the FDCPA, taken by "kramos," employment applications, resumes, and performance evaluations of "kramos."

36. Provide any and all documents showing the last known address and telephone number of "kramos."

37. Provide a copy of the personnel file of "lgammage" (first remove any medical information).

38. Provide copies of any and all tests, relating to the FDCPA, taken by "lgammage," employment applications, resumes, and performance evaluations of "lgammage."

39. Provide any and all documents showing the last known address and telephone number of "lgammage."

40. Provide a copy of any document evidencing your internal communications with respect to Plaintiff, the debt, this lawsuit, or the claims in this Amended Complaint.

41. Produce all documents relating to the Fausto account including address and telephone tables and account distribution history tables.

PLAINTIFF LUZ FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY SERVICES CORPORATION
9

42. Produce all written instructions provided to Live Vox, Inc. regarding the Fausto account (including what messages to deliver and frequency of calls).

43. Produce all documents relating to all calls placed by Live Vox, Inc. regarding the Fausto account.

44. Produce all documents provided to Live Vox, Inc. regarding the Fausto account.

45. Produce the entire dispute resolution file relating to the Fausto account.

46. Produce all account distribution history tables relating to the Fausto account.

**III.    REQUEST FOR ADMISSIONS**

1. Admit that Defendants reported the Fausto's alleged debt to credit reporting agencies and did not report the debt as disputed.

2. Admit that in December 2006 Defendants reported the Fausto's debt to credit reporting agencies and did not report the debt as disputed.

3. Admit that Credigy Services Corp. uses the telephone number 678-684-5110.

_____          5/19/08
Ronald Wilcox, Counsel for Plaintiff          Date

1

## CERTIFICATE OF SERVICE

2       I, Marion Ramel, declare under penalty of perjury:

3       I am a citizen of the United States, am over the age of eighteen years, and am not a party

4   to or interested in the within entitled cause. My business address is: 2160 The Alameda, First

5   Floor, San Jose, CA 95126.

6       On May 19, 2008, I served the following documents(s) on the parties in the within

7   action:

8   **PLAINTIFF LUZ FAUSTO'S DISCOVERY SET I TO DEFENDANTS CREDIGY**

9   **SERVICES CORPORATION**

10      **VIA FAX AND U.S. MAIL**: I am familiar with the business practice for collection and

11  processing of faxes and mail. The above-described document(s) will be enclosed in a sealed

12  envelope with first class postage thereon fully prepaid, and deposited with the United States

13  Postal Service at San Jose, CA on this date, and via fax, addressed as follows:

14

15  Tomio Narita                          David J. Kaminski
16  Simmonds & Narita LLP                 Carlson & Messer LLP
    44 Montgomery Street, Suite 3010      5959 W. Century Blvd., Suite 1214
17  San Francisco, California 94104       Los Angeles, CA 90045
    Tel:  (415) 283-1000                  Tel:  (310) 242-2200
18  Fax: (415) 352-2625                   Fax: (310) 242-2222

19  Attorneys for Defendants

20

21  Dated: May 19, 2008
        San Jose, CA

22
                                          _Marion Ramel_
23                                        Marion Ramel

24

25