# Exhibit 6



1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendants
7  Credigy Services Corporation,
   Credigy Receivables, Inc., and
8  Credigy Solutions, Inc.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13  MANUEL G. FAUSTO, AND LUZ          )  CASE NO.: C 07 05658 JW (RS)
    FAUSTO,                            )
14                                     )
                                       )  **CREDIGY SERVICES**
15          Plaintiffs,                )  **CORPORATION'S RESPONSE**
                                       )  **TO PLAINTIFF LUZ FAUSTO'S**
16          vs.                        )  **REQUESTS FOR PRODUCTION**
                                       )  **OF DOCUMENTS, SET ONE**
17  CREDIGY SERVICES                   )
    CORPORATION, CREDIGY               )
18  RECEIVABLES INC., CREDIGY          )
    SOLUTIONS INC., RYAN               )
19  MILLER, RICARDO VENTURA,           )
    BRETT BOYDE, PAULO PERES,          )
20  THOMPSON, and DOES 1-10,           )
    inclusive,                         )
21                                     )
            Defendants.                )
22  _____   )

23  PROPOUNDING PARTY:              Plaintiff LUZ FAUSTO

24
25  RESPONDING PARTY:               Defendant CREDIGY SERVICES
                                    CORPORATION
26
    SET NO.:                        ONE
27

28  ─────────────────────────────────────────────────────────
    FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
    CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
    REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   Defendant Credigy Services Corporation ("Defendant") hereby objects and

2   responds to plaintiff Luz Fausto's ("Plaintiff") Request for Production of

3   Documents, Set One as follows:

4

5                       **PRELIMINARY STATEMENT**

6   Defendant has not completed its investigation and discovery in this action.

7   The responses herein are based only upon Defendant's knowledge as of the date of

8   these responses, and are given without prejudice to Defendant's right to produce

9   subsequently discovered information or documents.

10

11                       **GENERAL OBJECTIONS**

12   The General Objections asserted below shall be deemed to be applicable to

13   each of Plaintiff's Requests, and are incorporated into each and every specific

14   response to each Request set forth herein.  Such General Objections are not

15   waived, nor in any way limited by any further objection to any specific Request.

16   1.   Defendant objects to each Request to the extent that it is overbroad and

17   subjects Defendant to unreasonable and undue annoyance, oppression, burden and

18   expense and seeks information which is not relevant to the subject matter of this

19   lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

20   2.   Defendant objects to each Request to the extent that it seeks materials

21   which are not in the possession, custody or control of Defendant and/or which are

22   equally or more readily available to Plaintiff.

23   3.   To the extent that any Request, Definition or Instruction may be

24   construed as requiring Defendant to characterize documents or their contents or to

25   speculate as to what documents may or may not show, Defendant objects to such

26   Request as vague, ambiguous and calling for legal conclusions and speculation.

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

2.

1    4.    Defendant objects to each Request to the extent it seeks information

2    which constitutes, reflects, or contains communications between counsel and

3    Defendant on the grounds that such communications are protected from discovery

4    by virtue of the attorney-client privilege, the joint defense privilege, or any other

5    recognized privilege or immunity.  Defendant further objects to each Request to

6    the extent it calls for information that may reflect or contain attorney work

7    product, on the grounds that such information is protected from discovery by

8    virtue of the attorney work product doctrine.

9    5.    Defendant objects to each and every Request to the extent that it seeks

10   proprietary information, trade secrets, or information subject to protective orders,

11   confidentiality agreements, or statutory provisions that bar the disclosure of that

12   information without the consent of third parties.

13   6.    In responding to Plaintiff's Requests, to the extent not otherwise

14   objected to, Defendant has used reasonable diligence to locate responsive

15   documents and things.  To the extent Plaintiff seeks to require Defendant to do

16   more than that, Defendant objects to each Request, on the grounds it is overly

17   broad, oppressive and unduly burdensome.

18   7.    Defendant objects to each and every Request to the extent such

19   Requests seek to impose obligations beyond those permitted under the Rules of

20   Civil Procedure.

21   8.    Defendant objects to each and every Request to the extent such

22   Requests call for production of pleadings or other materials already produced in

23   this case.

24

25

26

27

28   FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

3.

1   **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

2

3   **DOCUMENT REQUEST NO. 1:**

4       Provide a copy of the personnel file of "adias" (first remove any medical

5   information).

6   **RESPONSE TO DOCUMENT REQUEST NO. 1:**

7       Defendant objects to this Request on the grounds that it is overbroad,

8   unduly burdensome and oppressive, and seeks information which is not relevant to

9   the subject matter of this lawsuit, nor reasonably calculated to lead to the

10  discovery of admissible evidence. Defendant also objects to this Request to the

11  extent that it seeks proprietary information, trade secret information, information

12  subject to protective orders, confidentiality agreements, or statutory provisions

13  that bar the disclosure of that information without the consent of third parties and

14  to the extent that it seeks information subject to the attorney-client privilege or the

15  attorney work product doctrine. Defendant further objects to this Request to the

16  extent that it seeks the confidential personal information of non-parties.

17      Subject to the foregoing objections, Defendant will produce non-privileged,

18  responsive documents in its possession, custody or control, to the extent they

19  exist.

20

21  **DOCUMENT REQUEST NO. 2:**

22      Provide copies of any and all tests, relating to the FDCPA, taken by "adias,"

23  employment applications, resumes, and performance evaluations of "adias."

24  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

25      Defendant objects to this Request on the grounds that it is overbroad,

26  unduly burdensome and oppressive, and seeks information which is not relevant to

27  the subject matter of this lawsuit, nor reasonably calculated to lead to the

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

4.

1  discovery of admissible evidence.  Defendant also objects to this Request to the

2  extent that it seeks proprietary information, trade secret information, information

3  subject to protective orders, confidentiality agreements, or statutory provisions

4  that bar the disclosure of that information without the consent of third parties and

5  to the extent that it seeks information subject to the attorney-client privilege or the

6  attorney work product doctrine.  Defendant further objects to this Request to the

7  extent that it seeks the confidential personal information of non-parties.

8       Subject to the foregoing objections, Defendant will produce non-privileged,

9  responsive documents in its possession, custody or control, to the extent they

10  exist.

11

12  **DOCUMENT REQUEST NO. 3:**

13       Provide any and all documents showing the last known address and

14  telephone number of "adias."

15  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

16       Defendant objects to this Request to the extent that it is duplicative of other

17  discovery in this action.  Defendant also objects to this Request on the grounds

18  that it is overbroad, unduly burdensome and oppressive, and seeks information

19  which is not relevant to the subject matter of this lawsuit, nor reasonably

20  calculated to lead to the discovery of admissible evidence.  Defendant further

21  objects to this Request to the extent that it seeks proprietary information, trade

22  secret information, information subject to protective orders, confidentiality

23  agreements, or statutory provisions that bar the disclosure of that information

24  without the consent of third parties and to the extent that it seeks information

25  subject to the attorney-client privilege or the attorney work product doctrine.  In

26  addition, defendant further objects to this Request to the extent that it seeks the

27  confidential personal information of non-parties.

28
FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

5.

1    Subject to the foregoing objections, Defendant will produce non-privileged,

2  responsive documents in its possession, custody or control, to the extent they

3  exist.

4

5  **DOCUMENT REQUEST NO. 4:**

6    Provide a copy of the personnel file of "jfmelo" (first remove any medical

7  information).

8  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

9    Defendant objects to this Request on the grounds that it is overbroad,

10  unduly burdensome and oppressive, and seeks information which is not relevant to

11  the subject matter of this lawsuit, nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Defendant also objects to this Request to the

13  extent that it seeks proprietary information, trade secret information, information

14  subject to protective orders, confidentiality agreements, or statutory provisions

15  that bar the disclosure of that information without the consent of third parties and

16  to the extent that it seeks information subject to the attorney-client privilege or the

17  attorney work product doctrine.  Defendant further objects to this Request to the

18  extent that it seeks the confidential personal information of non-parties.

19    Subject to the foregoing objections, Defendant will produce non-privileged,

20  responsive documents in its possession, custody or control, to the extent they

21  exist.

22

23  **DOCUMENT REQUEST NO. 5:**

24    Provide copies of any and all tests, relating to the FDCPA, taken by

25  "jfmelo," employment applications, resumes, and performance evaluations of

26  "jfmelo."

27

28
FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

6.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks the confidential personal information of non-parties.

Subject to the foregoing objections, Defendant will produce non-privileged, responsive documents in its possession, custody or control, to the extent they exist.

**DOCUMENT REQUEST NO. 6:**

Provide any and all documents showing the last known address and telephone number of "jfmelo."

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request to the extent that it is duplicative of other discovery in this action. Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

7.

1  without the consent of third parties and to the extent that it seeks information

2  subject to the attorney-client privilege or the attorney work product doctrine. In

3  addition, defendant further objects to this Request to the extent that it seeks the

4  confidential personal information of non-parties.

5        Subject to the foregoing objections, Defendant will produce non-privileged,

6  responsive documents in its possession, custody or control, to the extent they

7  exist.

8

9  **DOCUMENT REQUEST NO. 7:**

10        Provide a copy of the personnel file of "eisilva" (first remove any medical

11  information).

12  **RESPONSE TO DOCUMENT REQUEST NO. 7:**

13        Defendant objects to this Request on the grounds that it is overbroad,

14  unduly burdensome and oppressive, and seeks information which is not relevant to

15  the subject matter of this lawsuit, nor reasonably calculated to lead to the

16  discovery of admissible evidence. Defendant also objects to this Request to the

17  extent that it seeks proprietary information, trade secret information, information

18  subject to protective orders, confidentiality agreements, or statutory provisions

19  that bar the disclosure of that information without the consent of third parties and

20  to the extent that it seeks information subject to the attorney-client privilege or the

21  attorney work product doctrine. Defendant further objects to this Request to the

22  extent that it seeks the confidential personal information of non-parties.

23        Subject to the foregoing objections, Defendant will produce non-privileged,

24  responsive documents in its possession, custody or control, to the extent they

25  exist.

26

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

8.

1  **DOCUMENT REQUEST NO. 8:**

2      Provide copies of any and all tests, relating to the FDCPA, taken by

3  "eisilva," employment applications, resumes, and performance evaluations of

4  "eisilva."

5  **RESPONSE TO DOCUMENT REQUEST NO. 8:**

6      Defendant objects to this Request on the grounds that it is overbroad,

7  unduly burdensome and oppressive, and seeks information which is not relevant to

8  the subject matter of this lawsuit, nor reasonably calculated to lead to the

9  discovery of admissible evidence.  Defendant also objects to this Request to the

10  extent that it seeks proprietary information, trade secret information, information

11  subject to protective orders, confidentiality agreements, or statutory provisions

12  that bar the disclosure of that information without the consent of third parties and

13  to the extent that it seeks information subject to the attorney-client privilege or the

14  attorney work product doctrine.  Defendant further objects to this Request to the

15  extent that it seeks the confidential personal information of non-parties.

16      Subject to the foregoing objections, Defendant will produce non-privileged,

17  responsive documents in its possession, custody or control, to the extent they

18  exist.

19

20  **DOCUMENT REQUEST NO. 9:**

21      Provide any and all documents showing the last known address and

22  telephone number of "eisilva."

23  **RESPONSE TO DOCUMENT REQUEST NO. 9:**

24      Defendant objects to this Request to the extent that it is duplicative of other

25  discovery in this action.  Defendant also objects to this Request on the grounds

26  that it is overbroad, unduly burdensome and oppressive, and seeks information

27  which is not relevant to the subject matter of this lawsuit, nor reasonably

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
   CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
   REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   calculated to lead to the discovery of admissible evidence. Defendant further

2   objects to this Request to the extent that it seeks proprietary information, trade

3   secret information, information subject to protective orders, confidentiality

4   agreements, or statutory provisions that bar the disclosure of that information

5   without the consent of third parties and to the extent that it seeks information

6   subject to the attorney-client privilege or the attorney work product doctrine. In

7   addition, defendant further objects to this Request to the extent that it seeks the

8   confidential personal information of non-parties.

9          Subject to the foregoing objections, Defendant will produce non-privileged,

10  responsive documents in its possession, custody or control, to the extent they

11  exist.

12

13  **DOCUMENT REQUEST NO. 10:**

14         Provide a copy of the personnel file of "lnunes" (first remove any medical

15  information).

16  **RESPONSE TO DOCUMENT REQUEST NO. 10:**

17         Defendant objects to this Request on the grounds that it is overbroad,

18  unduly burdensome and oppressive, and seeks information which is not relevant to

19  the subject matter of this lawsuit, nor reasonably calculated to lead to the

20  discovery of admissible evidence. Defendant also objects to this Request to the

21  extent that it seeks proprietary information, trade secret information, information

22  subject to protective orders, confidentiality agreements, or statutory provisions

23  that bar the disclosure of that information without the consent of third parties and

24  to the extent that it seeks information subject to the attorney-client privilege or the

25  attorney work product doctrine. Defendant further objects to this Request to the

26  extent that it seeks the confidential personal information of non-parties.

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

10.

1    Subject to the foregoing objections, Defendant will produce non-privileged,

2    responsive documents in its possession, custody or control, to the extent they

3    exist.

4

5    **DOCUMENT REQUEST NO. 11:**

6    Provide copies of any and all tests, relating to the FDCPA, taken by

7    "Inunes," employment applications, resumes, and performance evaluations of

8    "Inunes."

9    **RESPONSE TO DOCUMENT REQUEST NO. 11:**

10    Defendant objects to this Request on the grounds that it is overbroad,

11    unduly burdensome and oppressive, and seeks information which is not relevant to

12    the subject matter of this lawsuit, nor reasonably calculated to lead to the

13    discovery of admissible evidence.  Defendant also objects to this Request to the

14    extent that it seeks proprietary information, trade secret information, information

15    subject to protective orders, confidentiality agreements, or statutory provisions

16    that bar the disclosure of that information without the consent of third parties and

17    to the extent that it seeks information subject to the attorney-client privilege or the

18    attorney work product doctrine.  Defendant further objects to this Request to the

19    extent that it seeks the confidential personal information of non-parties.

20    Subject to the foregoing objections, Defendant will produce non-privileged,

21    responsive documents in its possession, custody or control, to the extent they

22    exist.

23

24    **DOCUMENT REQUEST NO. 12:**

25    Provide any and all documents showing the last known address and

26    telephone number of "Inunes."

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

11.

1   **RESPONSE TO DOCUMENT REQUEST NO. 12:**

2        Defendant objects to this Request to the extent that it is duplicative of other

3   discovery in this action. Defendant also objects to this Request on the grounds

4   that it is overbroad, unduly burdensome and oppressive, and seeks information

5   which is not relevant to the subject matter of this lawsuit, nor reasonably

6   calculated to lead to the discovery of admissible evidence. Defendant further

7   objects to this Request to the extent that it seeks proprietary information, trade

8   secret information, information subject to protective orders, confidentiality

9   agreements, or statutory provisions that bar the disclosure of that information

10   without the consent of third parties and to the extent that it seeks information

11   subject to the attorney-client privilege or the attorney work product doctrine. In

12   addition, defendant further objects to this Request to the extent that it seeks the

13   confidential personal information of non-parties.

14        Subject to the foregoing objections, Defendant will produce non-privileged,

15   responsive documents in its possession, custody or control, to the extent they

16   exist.

17

18   **DOCUMENT REQUEST NO. 13:**

19        Provide a copy of the personnel file of "dgregores" (first remove any

20   medical information).

21   **RESPONSE TO DOCUMENT REQUEST NO. 13:**

22        Defendant objects to this Request on the grounds that it is overbroad,

23   unduly burdensome and oppressive, and seeks information which is not relevant to

24   the subject matter of this lawsuit, nor reasonably calculated to lead to the

25   discovery of admissible evidence. Defendant also objects to this Request to the

26   extent that it seeks proprietary information, trade secret information, information

27   subject to protective orders, confidentiality agreements, or statutory provisions

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

12.

1  that bar the disclosure of that information without the consent of third parties and

2  to the extent that it seeks information subject to the attorney-client privilege or the

3  attorney work product doctrine. Defendant further objects to this Request to the

4  extent that it seeks the confidential personal information of non-parties.

5       Subject to the foregoing objections, Defendant will produce non-privileged,

6  responsive documents in its possession, custody or control, to the extent they

7  exist.

8

9  **DOCUMENT REQUEST NO. 14:**

10       Provide copies of any and all tests, relating to the FDCPA, taken by

11  "dgregores," employment applications, resumes, and performance evaluations of

12  "dgregores."

13       Subject to the foregoing objections, Defendant will produce non-privileged,

14  responsive documents in its possession, custody or control, to the extent they

15  exist.

16  **RESPONSE TO DOCUMENT REQUEST NO. 14:**

17       Defendant objects to this Request on the grounds that it is overbroad,

18  unduly burdensome and oppressive, and seeks information which is not relevant to

19  the subject matter of this lawsuit, nor reasonably calculated to lead to the

20  discovery of admissible evidence. Defendant also objects to this Request to the

21  extent that it seeks proprietary information, trade secret information, information

22  subject to protective orders, confidentiality agreements, or statutory provisions

23  that bar the disclosure of that information without the consent of third parties and

24  to the extent that it seeks information subject to the attorney-client privilege or the

25  attorney work product doctrine. Defendant further objects to this Request to the

26  extent that it seeks the confidential personal information of non-parties.

27

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

13.

1    Subject to the foregoing objections, Defendant will produce non-privileged,

2  responsive documents in its possession, custody or control, to the extent they

3  exist.

4

5  **DOCUMENT REQUEST NO. 15:**

6    Provide any and all documents showing the last known address and

7  telephone number of "dgregores."

8  **RESPONSE TO DOCUMENT REQUEST NO. 15:**

9    Defendant objects to this Request to the extent that it is duplicative of other

10  discovery in this action.  Defendant also objects to this Request on the grounds

11  that it is overbroad, unduly burdensome and oppressive, and seeks information

12  which is not relevant to the subject matter of this lawsuit, nor reasonably

13  calculated to lead to the discovery of admissible evidence.  Defendant further

14  objects to this Request to the extent that it seeks proprietary information, trade

15  secret information, information subject to protective orders, confidentiality

16  agreements, or statutory provisions that bar the disclosure of that information

17  without the consent of third parties and to the extent that it seeks information

18  subject to the attorney-client privilege or the attorney work product doctrine.  In

19  addition, defendant further objects to this Request to the extent that it seeks the

20  confidential personal information of non-parties.

21    Subject to the foregoing objections, Defendant will produce non-privileged,

22  responsive documents in its possession, custody or control, to the extent they

23  exist.

24

25  **DOCUMENT REQUEST NO. 16:**

26    Provide a copy of the personnel file of "Acompani" (first remove any

27  medical information).

28
FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

14.

1  **RESPONSE TO DOCUMENT REQUEST NO. 16:**

2      Defendant objects to this Request on the grounds that it is overbroad,

3  unduly burdensome and oppressive, and seeks information which is not relevant to

4  the subject matter of this lawsuit, nor reasonably calculated to lead to the

5  discovery of admissible evidence.  Defendant also objects to this Request to the

6  extent that it seeks proprietary information, trade secret information, information

7  subject to protective orders, confidentiality agreements, or statutory provisions

8  that bar the disclosure of that information without the consent of third parties and

9  to the extent that it seeks information subject to the attorney-client privilege or the

10  attorney work product doctrine.  Defendant further objects to this Request to the

11  extent that it seeks the confidential personal information of non-parties.

12      Subject to the foregoing objections, Defendant will produce non-privileged,

13  responsive documents in its possession, custody or control, to the extent they

14  exist.

15

16  **DOCUMENT REQUEST NO. 17:**

17      Provide copies of any and all tests, relating to the FDCPA, taken by

18  "Acompani," employment applications, resumes, and performance evaluations of

19  "Acompani."

20  **RESPONSE TO DOCUMENT REQUEST NO. 17:**

21      Defendant objects to this Request on the grounds that it is overbroad,

22  unduly burdensome and oppressive, and seeks information which is not relevant to

23  the subject matter of this lawsuit, nor reasonably calculated to lead to the

24  discovery of admissible evidence.  Defendant also objects to this Request to the

25  extent that it seeks proprietary information, trade secret information, information

26  subject to protective orders, confidentiality agreements, or statutory provisions

27  that bar the disclosure of that information without the consent of third parties and

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

15.

1  to the extent that it seeks information subject to the attorney-client privilege or the

2  attorney work product doctrine.  Defendant further objects to this Request to the

3  extent that it seeks the confidential personal information of non-parties.

4       Subject to the foregoing objections, Defendant will produce non-privileged,

5  responsive documents in its possession, custody or control, to the extent they

6  exist.

7

8  **DOCUMENT REQUEST NO. 18:**

9       Provide any and all documents showing the last known address and

10  telephone number of "ACompani."

11  **RESPONSE TO DOCUMENT REQUEST NO. 18:**

12       Defendant objects to this Request to the extent that it is duplicative of other

13  discovery in this action.  Defendant also objects to this Request on the grounds

14  that it is overbroad, unduly burdensome and oppressive, and seeks information

15  which is not relevant to the subject matter of this lawsuit, nor reasonably

16  calculated to lead to the discovery of admissible evidence.  Defendant further

17  objects to this Request to the extent that it seeks proprietary information, trade

18  secret information, information subject to protective orders, confidentiality

19  agreements, or statutory provisions that bar the disclosure of that information

20  without the consent of third parties and to the extent that it seeks information

21  subject to the attorney-client privilege or the attorney work product doctrine.  In

22  addition, defendant further objects to this Request to the extent that it seeks the

23  confidential personal information of non-parties.

24       Subject to the foregoing objections, Defendant will produce non-privileged,

25  responsive documents in its possession, custody or control, to the extent they

26  exist.

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

16.

1  **DOCUMENT REQUEST NO. 19:**

2      Provide a copy of the personnel file of "cdsilva" (first remove any medical

3  information).

4  **RESPONSE TO DOCUMENT REQUEST NO. 19:**

5      Defendant objects to this Request on the grounds that it is overbroad,

6  unduly burdensome and oppressive, and seeks information which is not relevant to

7  the subject matter of this lawsuit, nor reasonably calculated to lead to the

8  discovery of admissible evidence. Defendant also objects to this Request to the

9  extent that it seeks proprietary information, trade secret information, information

10  subject to protective orders, confidentiality agreements, or statutory provisions

11  that bar the disclosure of that information without the consent of third parties and

12  to the extent that it seeks information subject to the attorney-client privilege or the

13  attorney work product doctrine. Defendant further objects to this Request to the

14  extent that it seeks the confidential personal information of non-parties.

15      Subject to the foregoing objections, Defendant will produce non-privileged,

16  responsive documents in its possession, custody or control, to the extent they

17  exist.

18

19  **DOCUMENT REQUEST NO. 20:**

20      Provide copies of any and all tests, relating to the FDCPA, taken by

21  "cdsilva," employment applications, resumes, and performance evaluations of

22  "cdsilva."

23  **RESPONSE TO DOCUMENT REQUEST NO. 20:**

24      Defendant objects to this Request on the grounds that it is overbroad,

25  unduly burdensome and oppressive, and seeks information which is not relevant to

26  the subject matter of this lawsuit, nor reasonably calculated to lead to the

27  discovery of admissible evidence. Defendant also objects to this Request to the

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

17.

1  extent that it seeks proprietary information, trade secret information, information
2  subject to protective orders, confidentiality agreements, or statutory provisions
3  that bar the disclosure of that information without the consent of third parties and
4  to the extent that it seeks information subject to the attorney-client privilege or the
5  attorney work product doctrine.  Defendant further objects to this Request to the
6  extent that it seeks the confidential personal information of non-parties.

7       Subject to the foregoing objections, Defendant will produce non-privileged,
8  responsive documents in its possession, custody or control, to the extent they
9  exist.

10

11  **DOCUMENT REQUEST NO. 21:**

12       Provide any and all documents showing the last known address and
13  telephone number of "cdsilva."

14  **RESPONSE TO DOCUMENT REQUEST NO. 21:**

15       Defendant objects to this Request to the extent that it is duplicative of other
16  discovery in this action.  Defendant also objects to this Request on the grounds
17  that it is overbroad, unduly burdensome and oppressive, and seeks information
18  which is not relevant to the subject matter of this lawsuit, nor reasonably
19  calculated to lead to the discovery of admissible evidence.  Defendant further
20  objects to this Request to the extent that it seeks proprietary information, trade
21  secret information, information subject to protective orders, confidentiality
22  agreements, or statutory provisions that bar the disclosure of that information
23  without the consent of third parties and to the extent that it seeks information
24  subject to the attorney-client privilege or the attorney work product doctrine.  In
25  addition, defendant further objects to this Request to the extent that it seeks the
26  confidential personal information of non-parties.

27

28

1       Subject to the foregoing objections, Defendant will produce non-privileged,

2  responsive documents in its possession, custody or control, to the extent they

3  exist.

4

5  **DOCUMENT REQUEST NO. 22:**

6       Provide a copy of the personnel file of "rgoncalves" (first remove any

7  medical information).

8  **RESPONSE TO DOCUMENT REQUEST NO. 22:**

9       Defendant objects to this Request on the grounds that it is overbroad,

10  unduly burdensome and oppressive, and seeks information which is not relevant to

11  the subject matter of this lawsuit, nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Defendant also objects to this Request to the

13  extent that it seeks proprietary information, trade secret information, information

14  subject to protective orders, confidentiality agreements, or statutory provisions

15  that bar the disclosure of that information without the consent of third parties and

16  to the extent that it seeks information subject to the attorney-client privilege or the

17  attorney work product doctrine.  Defendant further objects to this Request to the

18  extent that it seeks the confidential personal information of non-parties.

19       Subject to the foregoing objections, Defendant will produce non-privileged,

20  responsive documents in its possession, custody or control, to the extent they

21  exist.

22

23  **DOCUMENT REQUEST NO. 23:**

24       Provide copies of any and all tests, relating to the FDCPA, taken by

25  "rgoncalves," employment applications, resumes, and performance evaluations of

26  "rgoncalves."

27

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

19.

1    **RESPONSE TO DOCUMENT REQUEST NO. 23:**

2         Defendant objects to this Request on the grounds that it is overbroad,

3    unduly burdensome and oppressive, and seeks information which is not relevant to

4    the subject matter of this lawsuit, nor reasonably calculated to lead to the

5    discovery of admissible evidence.  Defendant also objects to this Request to the

6    extent that it seeks proprietary information, trade secret information, information

7    subject to protective orders, confidentiality agreements, or statutory provisions

8    that bar the disclosure of that information without the consent of third parties and

9    to the extent that it seeks information subject to the attorney-client privilege or the

10    attorney work product doctrine.  Defendant further objects to this Request to the

11    extent that it seeks the confidential personal information of non-parties.

12         Subject to the foregoing objections, Defendant will produce non-privileged,

13    responsive documents in its possession, custody or control, to the extent they

14    exist.

15

16    **DOCUMENT REQUEST NO. 24:**

17         Provide any and all documents showing the last known address and

18    telephone number of "rgoncalves."

19    **RESPONSE TO DOCUMENT REQUEST NO. 24:**

20         Defendant objects to this Request to the extent that it is duplicative of other

21    discovery in this action.  Defendant also objects to this Request on the grounds

22    that it is overbroad, unduly burdensome and oppressive, and seeks information

23    which is not relevant to the subject matter of this lawsuit, nor reasonably

24    calculated to lead to the discovery of admissible evidence.  Defendant further

25    objects to this Request to the extent that it seeks proprietary information, trade

26    secret information, information subject to protective orders, confidentiality

27    agreements, or statutory provisions that bar the disclosure of that information

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

20.

1    without the consent of third parties and to the extent that it seeks information

2    subject to the attorney-client privilege or the attorney work product doctrine. In

3    addition, defendant further objects to this Request to the extent that it seeks the

4    confidential personal information of non-parties.

5        Subject to the foregoing objections, Defendant will produce non-privileged,

6    responsive documents in its possession, custody or control, to the extent they

7    exist.

8

9    **DOCUMENT REQUEST NO. 25:**

10       Provide a copy of the personnel file of "SBlackwell" (first remove any

11   medical information).

12   **RESPONSE TO DOCUMENT REQUEST NO. 25:**

13       Defendant objects to this Request on the grounds that it is overbroad,

14   unduly burdensome and oppressive, and seeks information which is not relevant to

15   the subject matter of this lawsuit, nor reasonably calculated to lead to the

16   discovery of admissible evidence. Defendant also objects to this Request to the

17   extent that it seeks proprietary information, trade secret information, information

18   subject to protective orders, confidentiality agreements, or statutory provisions

19   that bar the disclosure of that information without the consent of third parties and

20   to the extent that it seeks information subject to the attorney-client privilege or the

21   attorney work product doctrine. Defendant further objects to this Request to the

22   extent that it seeks the confidential personal information of non-parties.

23       Subject to the foregoing objections, Defendant will produce non-privileged,

24   responsive documents in its possession, custody or control, to the extent they

25   exist.

26

27

28
FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

21.

1  **DOCUMENT REQUEST NO. 26:**

2      Provide copies of any and all tests, relating to the FDCPA, taken by

3  "SBlackwell," employment applications, resumes, and performance evaluations of

4  "SBlackwell."

5  **RESPONSE TO DOCUMENT REQUEST NO. 26:**

6      Defendant objects to this Request on the grounds that it is overbroad,

7  unduly burdensome and oppressive, and seeks information which is not relevant to

8  the subject matter of this lawsuit, nor reasonably calculated to lead to the

9  discovery of admissible evidence. Defendant also objects to this Request to the

10 extent that it seeks proprietary information, trade secret information, information

11 subject to protective orders, confidentiality agreements, or statutory provisions

12 that bar the disclosure of that information without the consent of third parties and

13 to the extent that it seeks information subject to the attorney-client privilege or the

14 attorney work product doctrine. Defendant further objects to this Request to the

15 extent that it seeks the confidential personal information of non-parties.

16      Subject to the foregoing objections, Defendant will produce non-privileged,

17 responsive documents in its possession, custody or control, to the extent they

18 exist.

19

20 **DOCUMENT REQUEST NO. 27:**

21      Provide any and all documents showing the last known address and

22 telephone number of "Sblackwell."

23 **RESPONSE TO DOCUMENT REQUEST NO. 27:**

24      Defendant objects to this Request to the extent that it is duplicative of other

25 discovery in this action. Defendant also objects to this Request on the grounds

26 that it is overbroad, unduly burdensome and oppressive, and seeks information

27 which is not relevant to the subject matter of this lawsuit, nor reasonably

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

22.

1    calculated to lead to the discovery of admissible evidence. Defendant further

2    objects to this Request to the extent that it seeks proprietary information, trade

3    secret information, information subject to protective orders, confidentiality

4    agreements, or statutory provisions that bar the disclosure of that information

5    without the consent of third parties and to the extent that it seeks information

6    subject to the attorney-client privilege or the attorney work product doctrine. In

7    addition, defendant further objects to this Request to the extent that it seeks the

8    confidential personal information of non-parties.

9        Subject to the foregoing objections, Defendant will produce non-privileged,

10   responsive documents in its possession, custody or control, to the extent they

11   exist.

12

13   **DOCUMENT REQUEST NO. 28:**

14       Provide a copy of the personnel file of "kervin" (first remove any medical

15   information).

16   **RESPONSE TO DOCUMENT REQUEST NO. 28:**

17       Defendant objects to this Request on the grounds that it is overbroad,

18   unduly burdensome and oppressive, and seeks information which is not relevant to

19   the subject matter of this lawsuit, nor reasonably calculated to lead to the

20   discovery of admissible evidence. Defendant also objects to this Request to the

21   extent that it seeks proprietary information, trade secret information, information

22   subject to protective orders, confidentiality agreements, or statutory provisions

23   that bar the disclosure of that information without the consent of third parties and

24   to the extent that it seeks information subject to the attorney-client privilege or the

25   attorney work product doctrine. Defendant further objects to this Request to the

26   extent that it seeks the confidential personal information of non-parties.

27

28   FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
     CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
     REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Subject to the foregoing objections, Defendant will produce non-privileged,

2  responsive documents in its possession, custody or control, to the extent they

3  exist.

4

5  **DOCUMENT REQUEST NO. 29:**

6    Provide copies of any and all tests, relating to the FDCPA, taken by

7  "kervin," employment applications, resumes, and performance evaluations of

8  "kervin."

9  **RESPONSE TO DOCUMENT REQUEST NO. 29:**

10    Defendant objects to this Request on the grounds that it is overbroad,

11  unduly burdensome and oppressive, and seeks information which is not relevant to

12  the subject matter of this lawsuit, nor reasonably calculated to lead to the

13  discovery of admissible evidence.  Defendant also objects to this Request to the

14  extent that it seeks proprietary information, trade secret information, information

15  subject to protective orders, confidentiality agreements, or statutory provisions

16  that bar the disclosure of that information without the consent of third parties and

17  to the extent that it seeks information subject to the attorney-client privilege or the

18  attorney work product doctrine.  Defendant further objects to this Request to the

19  extent that it seeks the confidential personal information of non-parties.

20    Subject to the foregoing objections, Defendant will produce non-privileged,

21  responsive documents in its possession, custody or control, to the extent they

22  exist.

23

24  **DOCUMENT REQUEST NO. 30:**

25    Provide any and all documents showing the last known address and

26  telephone number of "kervin."

27

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

24.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this Request to the extent that it is duplicative of other discovery in this action. Defendant also objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine. In addition, defendant further objects to this Request to the extent that it seeks the confidential personal information of non-parties.

Subject to the foregoing objections, Defendant will produce non-privileged, responsive documents in its possession, custody or control, to the extent they exist.

**DOCUMENT REQUEST NO. 31:**

Provide a copy of the personnel file of "lposton" (first remove any medical information).

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

25.

1     that bar the disclosure of that information without the consent of third parties and

2     to the extent that it seeks information subject to the attorney-client privilege or the

3     attorney work product doctrine.  Defendant further objects to this Request to the

4     extent that it seeks the confidential personal information of non-parties.

5         Subject to the foregoing objections, Defendant will produce non-privileged,

6     responsive documents in its possession, custody or control, to the extent they

7     exist.

8

9     **DOCUMENT REQUEST NO. 32:**

10         Provide copies of any and all tests, relating to the FDCPA, taken by

11     "lposton," employment applications, resumes, and performance evaluations of

12     "lposton."

13     **RESPONSE TO DOCUMENT REQUEST NO. 32:**

14         Defendant objects to this Request on the grounds that it is overbroad,

15     unduly burdensome and oppressive, and seeks information which is not relevant to

16     the subject matter of this lawsuit, nor reasonably calculated to lead to the

17     discovery of admissible evidence.  Defendant also objects to this Request to the

18     extent that it seeks proprietary information, trade secret information, information

19     subject to protective orders, confidentiality agreements, or statutory provisions

20     that bar the disclosure of that information without the consent of third parties and

21     to the extent that it seeks information subject to the attorney-client privilege or the

22     attorney work product doctrine.  Defendant further objects to this Request to the

23     extent that it seeks the confidential personal information of non-parties.

24         Subject to the foregoing objections, Defendant will produce non-privileged,

25     responsive documents in its possession, custody or control, to the extent they

26     exist.

27

28     FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

26.

1    **DOCUMENT REQUEST NO. 33:**

2          Provide any and all documents showing the last known address and

3    telephone number of "lposton."

4    **RESPONSE TO DOCUMENT REQUEST NO. 33:**

5          Defendant objects to this Request to the extent that it is duplicative of other

6    discovery in this action.  Defendant also objects to this Request on the grounds

7    that it is overbroad, unduly burdensome and oppressive, and seeks information

8    which is not relevant to the subject matter of this lawsuit, nor reasonably

9    calculated to lead to the discovery of admissible evidence.  Defendant further

10   objects to this Request to the extent that it seeks proprietary information, trade

11   secret information, information subject to protective orders, confidentiality

12   agreements, or statutory provisions that bar the disclosure of that information

13   without the consent of third parties and to the extent that it seeks information

14   subject to the attorney-client privilege or the attorney work product doctrine.  In

15   addition, defendant further objects to this Request to the extent that it seeks the

16   confidential personal information of non-parties.

17         Subject to the foregoing objections, Defendant will produce non-privileged,

18   responsive documents in its possession, custody or control, to the extent they

19   exist.

20

21   **DOCUMENT REQUEST NO. 34:**

22         Provide a copy of the personnel file of "kramos" (first remove any medical

23   information).

24   **RESPONSE TO DOCUMENT REQUEST NO. 34:**

25         Defendant objects to this Request on the grounds that it is overbroad,

26   unduly burdensome and oppressive, and seeks information which is not relevant to

27   the subject matter of this lawsuit, nor reasonably calculated to lead to the

28   FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  discovery of admissible evidence.  Defendant also objects to this Request to the
2  extent that it seeks proprietary information, trade secret information, information
3  subject to protective orders, confidentiality agreements, or statutory provisions
4  that bar the disclosure of that information without the consent of third parties and
5  to the extent that it seeks information subject to the attorney-client privilege or the
6  attorney work product doctrine.  Defendant further objects to this Request to the
7  extent that it seeks the confidential personal information of non-parties.

8      Subject to the foregoing objections, Defendant will produce non-privileged,
9  responsive documents in its possession, custody or control, to the extent they
10  exist.

11

12  **DOCUMENT REQUEST NO. 35:**

13      Provide copies of any and all tests, relating to the FDCPA, taken by
14  "kramos," employment applications, resumes, and performance evaluations of
15  "kramos."

16  **RESPONSE TO DOCUMENT REQUEST NO. 35:**

17      Defendant objects to this Request on the grounds that it is overbroad,
18  unduly burdensome and oppressive, and seeks information which is not relevant to
19  the subject matter of this lawsuit, nor reasonably calculated to lead to the
20  discovery of admissible evidence.  Defendant also objects to this Request to the
21  extent that it seeks proprietary information, trade secret information, information
22  subject to protective orders, confidentiality agreements, or statutory provisions
23  that bar the disclosure of that information without the consent of third parties and
24  to the extent that it seeks information subject to the attorney-client privilege or the
25  attorney work product doctrine.  Defendant further objects to this Request to the
26  extent that it seeks the confidential personal information of non-parties.

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Subject to the foregoing objections, Defendant will produce non-privileged,

2    responsive documents in its possession, custody or control, to the extent they

3    exist.

4

5    **DOCUMENT REQUEST NO. 36:**

6    Provide any and all documents showing the last known address and

7    telephone number of "kramos."

8    **RESPONSE TO DOCUMENT REQUEST NO. 36:**

9    Defendant objects to this Request to the extent that it is duplicative of other

10   discovery in this action. Defendant also objects to this Request on the grounds

11   that it is overbroad, unduly burdensome and oppressive, and seeks information

12   which is not relevant to the subject matter of this lawsuit, nor reasonably

13   calculated to lead to the discovery of admissible evidence. Defendant further

14   objects to this Request to the extent that it seeks proprietary information, trade

15   secret information, information subject to protective orders, confidentiality

16   agreements, or statutory provisions that bar the disclosure of that information

17   without the consent of third parties and to the extent that it seeks information

18   subject to the attorney-client privilege or the attorney work product doctrine. In

19   addition, defendant further objects to this Request to the extent that it seeks the

20   confidential personal information of non-parties.

21   Subject to the foregoing objections, Defendant will produce non-privileged,

22   responsive documents in its possession, custody or control, to the extent they

23   exist.

24

25   **DOCUMENT REQUEST NO. 37:**

26   Provide a copy of the personnel file of "lgammage" (first remove any

27   medical information).

28
FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and to the extent that it seeks information subject to the attorney-client privilege or the attorney work product doctrine. Defendant further objects to this Request to the extent that it seeks the confidential personal information of non-parties.

Subject to the foregoing objections, Defendant will produce non-privileged, responsive documents in its possession, custody or control, to the extent they exist.

**DOCUMENT REQUEST NO. 38:**

Provide copies of any and all tests, relating to the FDCPA, taken by "lgammage," employment applications, resumes, and performance evaluations of "lgammage."

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secret information, information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties and

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

30.

1  to the extent that it seeks information subject to the attorney-client privilege or the

2  attorney work product doctrine.  Defendant further objects to this Request to the

3  extent that it seeks the confidential personal information of non-parties.

4  Subject to the foregoing objections, Defendant will produce non-privileged,

5  responsive documents in its possession, custody or control, to the extent they

6  exist.

7

8  **DOCUMENT REQUEST NO. 39:**

9  Provide any and all documents showing the last known address and

10  telephone number of "lgammage."

11  **RESPONSE TO DOCUMENT REQUEST NO. 39:**

12  Defendant objects to this Request to the extent that it is duplicative of other

13  discovery in this action.  Defendant also objects to this Request on the grounds

14  that it is overbroad, unduly burdensome and oppressive, and seeks information

15  which is not relevant to the subject matter of this lawsuit, nor reasonably

16  calculated to lead to the discovery of admissible evidence.  Defendant further

17  objects to this Request to the extent that it seeks proprietary information, trade

18  secret information, information subject to protective orders, confidentiality

19  agreements, or statutory provisions that bar the disclosure of that information

20  without the consent of third parties and to the extent that it seeks information

21  subject to the attorney-client privilege or the attorney work product doctrine.  In

22  addition, defendant further objects to this Request to the extent that it seeks the

23  confidential personal information of non-parties.

24  Subject to the foregoing objections, Defendant will produce non-privileged,

25  responsive documents in its possession, custody or control, to the extent they

26  exist.

27

28

1   **DOCUMENT REQUEST NO. 40:**

2       Provide a copy of any document evidencing your internal communications

3   with respect to Plaintiff, the debt, this lawsuit, or the claims in this Amended

4   Complaint.

5   **RESPONSE TO DOCUMENT REQUEST NO. 40:**

6       Defendant objects to this Request on the grounds that it is vague and

7   ambiguous as to the term "internal communications." Defendant objects to this

8   Request on the grounds that it is overbroad, unduly burdensome and oppressive,

9   and seeks information which is not relevant to the subject matter of this lawsuit,

10  nor reasonably calculated to lead to the discovery of admissible evidence.

11  Defendant further objects to this Request to the extent that it seeks proprietary

12  information, trade secret information, information subject to protective orders,

13  confidentiality agreements, or statutory provisions that bar the disclosure of that

14  information without the consent of third parties and to the extent that it seeks

15  information subject to the attorney-client privilege or the attorney work product

16  doctrine.

17      Subject to the General Objections and specific objections herein, Defendant

18  will produce non-privileged business records in its possession, custody or control

19  that relate to Plaintiff's account and the claims and defenses in this action.

20

21  **DOCUMENT REQUEST NO. 41:**

22      Produce all documents relating to the Fausto account including address and

23  telephone tables and account distribution history tables.

24  **RESPONSE TO DOCUMENT REQUEST NO. 41:**

25      Defendant objects to this Request on the grounds that it is vague and

26  ambiguous as to the terms "address and telephone tables" and "account

27  distribution history tables." Defendant also objects to this Request on the grounds

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

32.

1   that it is overbroad, unduly burdensome and oppressive, and seeks information

2   which is not relevant to the subject matter of this lawsuit, nor reasonably

3   calculated to lead to the discovery of admissible evidence.  Defendant further

4   objects to this Request to the extent that it seeks proprietary information, trade

5   secret information, information subject to protective orders, confidentiality

6   agreements, or statutory provisions that bar the disclosure of that information

7   without the consent of third parties and to the extent that it seeks information

8   subject to the attorney-client privilege or the attorney work product doctrine.

9         Subject to the General Objections and specific objections herein, Defendant

10  will produce non-privileged business records in its possession, custody or control

11  that relate to Plaintiff's account and the claims and defenses in this action.

12

13  **DOCUMENT REQUEST NO. 42:**

14        Produce all written instructions provided to Live Vox, Inc. regarding the

15  Fausto account (including what messages to deliver and frequency of calls).

16  **RESPONSE TO DOCUMENT REQUEST NO. 42:**

17        Defendant objects to this Request on the grounds that it is overbroad,

18  unduly burdensome and oppressive, and seeks information which is not relevant to

19  the subject matter of this lawsuit, nor reasonably calculated to lead to the

20  discovery of admissible evidence.  Defendant further objects to this Request to the

21  extent that it seeks proprietary information, trade secret information, information

22  subject to protective orders, confidentiality agreements, or statutory provisions

23  that bar the disclosure of that information without the consent of third parties and

24  to the extent that it seeks information subject to the attorney-client privilege or the

25  attorney work product doctrine.

26

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

33.

1    Subject to the General Objections and specific objections herein, Defendant

2  will produce non-privileged business records in its possession, custody or control

3  that relate to Plaintiff's account and the claims and defenses in this action.

4

5  **DOCUMENT REQUEST NO. 43:**

6    Produce all documents relating to all calls placed by Live Vox, Inc.

7  regarding the Fausto account.

8  **RESPONSE TO DOCUMENT REQUEST NO. 43:**

9    Defendant objects to this Request on the grounds that it is overbroad,

10  unduly burdensome and oppressive, and seeks information which is not relevant to

11  the subject matter of this lawsuit, nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Defendant further objects to this Request to the

13  extent that it seeks proprietary information, trade secret information, information

14  subject to protective orders, confidentiality agreements, or statutory provisions

15  that bar the disclosure of that information without the consent of third parties and

16  to the extent that it seeks information subject to the attorney-client privilege or the

17  attorney work product doctrine.

18    Subject to the General Objections and specific objections herein, Defendant

19  will produce non-privileged business records in its possession, custody or control

20  that relate to Plaintiff's account and the claims and defenses in this action.

21

22  **DOCUMENT REQUEST NO. 44:**

23    Produce all documents provided to Live Vox, Inc. regarding the Fausto

24  account.

25  **RESPONSE TO DOCUMENT REQUEST NO. 44:**

26    Defendant objects to this Request on the grounds that it is overbroad,

27  unduly burdensome and oppressive, and seeks information which is not relevant to

28
FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

34.

1   the subject matter of this lawsuit, nor reasonably calculated to lead to the

2   discovery of admissible evidence.  Defendant further objects to this Request to the

3   extent that it seeks proprietary information, trade secret information, information

4   subject to protective orders, confidentiality agreements, or statutory provisions

5   that bar the disclosure of that information without the consent of third parties and

6   to the extent that it seeks information subject to the attorney-client privilege or the

7   attorney work product doctrine.

8          Subject to the General Objections and specific objections herein, Defendant

9   will produce non-privileged business records in its possession, custody or control

10  that relate to Plaintiff's account and the claims and defenses in this action.

11

12  **DOCUMENT REQUEST NO. 45:**

13         Produce the entire dispute resolution file relating to the Fausto account.

14  **RESPONSE TO DOCUMENT REQUEST NO. 45:**

15         Defendant objects to this Request on the grounds that it is vague and

16  ambiguous as to the term "the entire dispute resolution file."  Defendant also

17  objects to this Request on the grounds that it is overbroad, unduly burdensome and

18  oppressive, and seeks information which is not relevant to the subject matter of

19  this lawsuit, nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Defendant further objects to this Request to the extent that it seeks

21  proprietary information, trade secret information, information subject to protective

22  orders, confidentiality agreements, or statutory provisions that bar the disclosure

23  of that information without the consent of third parties and to the extent that it

24  seeks information subject to the attorney-client privilege or the attorney work

25  product doctrine.

26

27

28
FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

35.

1   Subject to the General Objections and specific objections herein, Defendant

2   will produce non-privileged business records in its possession, custody or control

3   that relate to Plaintiff's account and the claims and defenses in this action.

4

5   **DOCUMENT REQUEST NO. 46:**

6   Produce all account distribution history tables relating to the Fausto

7   account.

8   **RESPONSE TO DOCUMENT REQUEST NO. 46:**

9   Defendant objects to this Request on the grounds that it is vague and

10  ambiguous as to the term "account distribution history tables." Defendant also

11  objects to this Request on the grounds that it is overbroad, unduly burdensome and

12  oppressive, and seeks information which is not relevant to the subject matter of

13  this lawsuit, nor reasonably calculated to lead to the discovery of admissible

14  evidence. Defendant further objects to this Request to the extent that it seeks

15  proprietary information, trade secret information, information subject to protective

16  orders, confidentiality agreements, or statutory provisions that bar the disclosure

17  of that information without the consent of third parties and to the extent that it

18  seeks information subject to the attorney-client privilege or the attorney work

19  product doctrine.

20  Subject to the General Objections and specific objections herein, Defendant

21  will produce non-privileged business records in its possession, custody or control

22  that relate to Plaintiff's account and the claims and defenses in this action.

23

24

25

26

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

36.

1    DATED: June 20, 2008

                        SIMMONDS & NARITA LLP
2                            TOMIO B. NARITA
                        JEFFREY A. TOPOR
3

4            By: _____

5                 Jeffrey A. Topor
             Attorneys for Defendants
6                 Credigy Services Corporation,
             Credigy Receivables, Inc., and
7                 Credigy Solutions, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1

PROOF OF SERVICE

2

3          I, the undersigned, declare:

4          I am employed in the City and County of San Francisco, California. I
am over the age of eighteen years and not a party to this action. My business
5
address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-
6     4816.

7          I am readily familiar with the business practices of my employer,
Simmonds & Narita LLP, for the processing of correspondence by mailing with
8     the United States Postal Service and that said correspondence is deposited with the
9     United States Postal Service that same day in the ordinary course of business.

10          On this date, I served a copy of the following document:

11

12     1)     **CREDIGY SERVICES CORPORATION'S RESPONSE TO
             PLAINTIFF LUZ FAUSTO'S REQUESTS FOR PRODUCTION
13           OF DOCUMENTS, SET ONE**

14
       by causing such document to be mailed to the address indicated below:
15

16     VIA U.S. MAIL
       Ronald Wilcox
17     Law Office of Ronald Wilcox
18     2160 The Alameda, 1st Floor, Suite F
       San Jose, CA 95126-1001
19

20     Balám O. Letona
       Law Office of Balám O. Letona, Inc.
21     1347 Pacific Avenue, Suite 203
22     Santa Cruz, CA 95060-3940

23     David Kaminski
24     Stephen A. Watkins
       Carlson & Messer LLP
25     5959 W. Century Blvd., Suite 1214
26     Los Angeles, CA 90045

27     //

28
       //

1

2       I declare under penalty of perjury that the foregoing is true and correct.

3    Executed at San Francisco, California on this 20th day of June, 2008.

4

5                                                      _____

6                                                          Stephanie Schmitt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6

7  Attorneys for Defendants
   Credigy Services Corporation,
8  Credigy Receivables, Inc., and
   Credigy Solutions, Inc.

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13  MANUEL G. FAUSTO, AND LUZ      )  CASE NO.: C 07 05658 JW (RS)
    FAUSTO,                        )
14                                 )
                                   )
15       Plaintiffs,              )  **CREDIGY SERVICES
                                   )  CORPORATION'S RESPONSE
16       vs.                       )  TO PLAINTIFF LUZ FAUSTO'S
                                   )  INTERROGATORIES, SET ONE**
17  CREDIGY SERVICES               )
    CORPORATION, CREDIGY           )
18  RECEIVABLES INC., CREDIGY      )
    SOLUTIONS INC., RYAN           )
19  MILLER, RICARDO VENTURA,       )
    BRETT BOYDE, PAULO PERES,      )
20  THOMPSON, and DOES 1-10,       )
    inclusive,                     )
21                                 )
         Defendants.              )
22  ————————————————————————— )

23  PROPOUNDING PARTY:              Plaintiff LUZ FAUSTO

24

25  RESPONDING PARTY:               Defendant CREDIGY SERVICES
                                    CORPORATION
26
    SET NO.:                        ONE
27

28
    ———————————————————————————————————————————
    FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
    CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S INTERROGATORIES, SET ONE

1    Defendant Credigy Services Corporation ("Defendant") hereby objects and

2  responds to plaintiff Luz Fausto's ("Plaintiff") First Set of Interrogatories as

3  follows:

4

5                     **PRELIMINARY STATEMENT**

6    Discovery is continuing in this matter and Defendant has not completed its

7  investigation of the facts or its preparation for trial. The following responses are

8  based on Defendant's knowledge at this time and Defendant reserves the right to

9  supplement these responses and/or to produce any subsequently acquired

10  information or evidence at trial. Defendant's responses shall not be deemed to

11  constitute admissions that any particular requested information, document or thing

12  exists, is relevant, non-privileged, or admissible in evidence, or that any statement

13  or characterization in Plaintiff's discovery requests is accurate or complete.

14

15                    **GENERAL OBJECTIONS**

16    The following general objections are expressly incorporated into each of the

17  specific responses set forth below:

18    A.  Defendant objects to producing any information or documents which

19  constitute, reflect, or contain communications with counsel on the grounds that

20  such communications are protected from discovery by virtue of the attorney-client

21  privilege and/or the joint defense privilege. Defendant further objects to each

22  interrogatory to the extent that it calls for information or documents which reflect

23  or contain attorney work product on the grounds that such information or

24  documents are protected from discovery by virtue of the attorney work product

25  doctrine.

26    B.  Defendant objects to each interrogatory to the extent that it is

27  overbroad and subjects Defendant to unreasonable and undue annoyance,

28

1   oppression, burden, and expense, and seeks information which is not relevant to

2   the subject matter of this lawsuit, nor reasonably calculated to lead to the

3   discovery of admissible evidence.

4       C.   Defendant objects to each interrogatory to the extent that it seeks

5   materials or information which are not in the possession, custody or control of

6   Defendant, and/or which are equally or more readily available to Plaintiff.

7       D.   Defendant objects to each interrogatory to the extent that it is

8   unreasonably cumulative and duplicative of other discovery in this action.

9       E.   Defendant objects to each and every interrogatory to the extent that it

10   seeks proprietary information, trade secrets, or information subject to protective

11   orders, confidentiality agreements, rights of privacy or statutory provisions that

12   bar the disclosure of that information without the consent of third parties.

13       F.   Defendant objects to Plaintiff's "Instructions" and each and every

14   interrogatory to the extent that they seek to impose burdens upon Defendant in

15   excess of what is required under the Federal Rules of Civil Procedure.

16

17                 **RESPONSES TO INTERROGATORIES**

18

19   **INTERROGATORY NO. 1:**

20       Identify the full legal name, last known address, and telephone number of

21   the collector known as "adias."

22   **RESPONSE TO INTERROGATORY NO. 1:**

23       Defendant objects to this Interrogatory to the extent that it seeks information

24   which is not relevant to the subject matter of this lawsuit, nor reasonably

25   calculated to lead to the discovery of admissible evidence. Defendant also objects

26   to this Interrogatory to the extent that it seeks the personal information of non-

27

28

1   party individuals.  Subject to and without waiving the General Objections and

2   specific objection herein, Defendant responds as follows:

3         Subject to and without waiving the General Objections and specific

4   objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

5   will produce non-privileged business records in its possession, custody or control,

6   if any exist, that contain responsive information.

7

8   **INTERROGATORY NO.2:**

9         Identify the full legal name, last known address, and telephone number of

10   the collector known as "jfmelo."

11   **RESPONSE TO INTERROGATORY NO. 2:**

12         Defendant objects to this Interrogatory to the extent that it seeks information

13   which is not relevant to the subject matter of this lawsuit, nor reasonably

14   calculated to lead to the discovery of admissible evidence.  Defendant also objects

15   to this Interrogatory to the extent that it seeks the personal information of non-

16   party individuals.  Subject to and without waiving the General Objections and

17   specific objection herein, Defendant responds as follows:

18         Subject to and without waiving the General Objections and specific

19   objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

20   will produce non-privileged business records in its possession, custody or control,

21   if any exist, that contain responsive information.

22

23   **INTERROGATORY NO. 3:**

24         Identify the full legal name, last known address, and telephone number of

25   the collector known as "eisilva."

26

27

28

1  **RESPONSE TO INTERROGATORY NO. 3:**

2     Defendant objects to this Interrogatory to the extent that it seeks information

3  which is not relevant to the subject matter of this lawsuit, nor reasonably

4  calculated to lead to the discovery of admissible evidence.  Defendant also objects

5  to this Interrogatory to the extent that it seeks the personal information of non-

6  party individuals.  Subject to and without waiving the General Objections and

7  specific objection herein, Defendant responds as follows:

8     Subject to and without waiving the General Objections and specific

9  objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

10 will produce non-privileged business records in its possession, custody or control,

11 if any exist, that contain responsive information.

12

13 **INTERROGATORY NO. 4:**

14    Identify the full legal name, last known address, and telephone number of

15 the collector known as "lnunes."

16 **RESPONSE TO INTERROGATORY NO. 4:**

17    Defendant objects to this Interrogatory to the extent that it seeks information

18 which is not relevant to the subject matter of this lawsuit, nor reasonably

19 calculated to lead to the discovery of admissible evidence.  Defendant also objects

20 to this Interrogatory to the extent that it seeks the personal information of non-

21 party individuals.  Subject to and without waiving the General Objections and

22 specific objection herein, Defendant responds as follows:

23    Subject to and without waiving the General Objections and specific

24 objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

25 will produce non-privileged business records in its possession, custody or control,

26 if any exist, that contain responsive information.

27

28

1 **INTERROGATORY NO. 5:**

2 Identify the full legal name, last known address, and telephone number of

3 the collector known as "dgregores."

4 **RESPONSE TO INTERROGATORY NO. 5:**

5 Defendant objects to this Interrogatory to the extent that it seeks information

6 which is not relevant to the subject matter of this lawsuit, nor reasonably

7 calculated to lead to the discovery of admissible evidence. Defendant also objects

8 to this Interrogatory to the extent that it seeks the personal information of non-

9 party individuals. Subject to and without waiving the General Objections and

10 specific objection herein, Defendant responds as follows:

11 Subject to and without waiving the General Objections and specific

12 objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

13 will produce non-privileged business records in its possession, custody or control,

14 if any exist, that contain responsive information.

15

16 **INTERROGATORY NO. 6:**

17 Identify the full legal name, last known address, and telephone number of

18 the collector known as "Acompani."

19 **RESPONSE TO INTERROGATORY NO. 6:**

20 Defendant objects to this Interrogatory to the extent that it seeks information

21 which is not relevant to the subject matter of this lawsuit, nor reasonably

22 calculated to lead to the discovery of admissible evidence. Defendant also objects

23 to this Interrogatory to the extent that it seeks the personal information of non-

24 party individuals. Subject to and without waiving the General Objections and

25 specific objection herein, Defendant responds as follows:

26 Subject to and without waiving the General Objections and specific

27 objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

28

1  will produce non-privileged business records in its possession, custody or control,

2  if any exist, that contain responsive information.

3

4  **INTERROGATORY NO. 7:**

5      Identify the full legal name, last known address, and telephone number of

6  the collector known as "cdsilva."

7  **RESPONSE TO INTERROGATORY NO. 7:**

8      Defendant objects to this Interrogatory to the extent that it seeks information

9  which is not relevant to the subject matter of this lawsuit, nor reasonably

10 calculated to lead to the discovery of admissible evidence.  Defendant also objects

11 to this Interrogatory to the extent that it seeks the personal information of non-

12 party individuals.  Subject to and without waiving the General Objections and

13 specific objection herein, Defendant responds as follows:

14     Subject to and without waiving the General Objections and specific

15 objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

16 will produce non-privileged business records in its possession, custody or control,

17 if any exist, that contain responsive information.

18

19 **INTERROGATORY NO. 8:**

20     Identify the full legal name, last known address, and telephone number of

21 the collector known as "rgoncalves."

22 **RESPONSE TO INTERROGATORY NO. 8:**

23     Defendant objects to this Interrogatory to the extent that it seeks information

24 which is not relevant to the subject matter of this lawsuit, nor reasonably

25 calculated to lead to the discovery of admissible evidence.  Defendant also objects

26 to this Interrogatory to the extent that it seeks the personal information of non-

27

28

1  party individuals.  Subject to and without waiving the General Objections and
2  specific objection herein, Defendant responds as follows:

3  Rita De Cassia Goncalves,
   R. Maria Carlotta
4  202 18 41 Sao Paulo, Brazil
   03647-000
5

6  **INTERROGATORY NO. 9:**

7  Identify the full legal name, last known address, and telephone number of
8  the collector known as "Sblackwell."

9  **RESPONSE TO INTERROGATORY NO. 9:**

10  Defendant objects to this Interrogatory to the extent that it seeks information
11  which is not relevant to the subject matter of this lawsuit, nor reasonably
12  calculated to lead to the discovery of admissible evidence.  Defendant also objects
13  to this Interrogatory to the extent that it seeks the personal information of non-
14  party individuals.  Subject to and without waiving the General Objections and
15  specific objection herein, Defendant responds as follows:

16  Subject to and without waiving the General Objections and specific
17  objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant
18  will produce non-privileged business records in its possession, custody or control,
19  if any exist, that contain responsive information.

20

21  **INTERROGATORY NO. 10:**

22  Identify the full legal name, last known address, and telephone number of
23  the collector known as "kervin."

24  **RESPONSE TO INTERROGATORY NO. 10:**

25  Defendant objects to this Interrogatory to the extent that it seeks information
26  which is not relevant to the subject matter of this lawsuit, nor reasonably
27  calculated to lead to the discovery of admissible evidence.  Defendant also objects

28

1    to this Interrogatory to the extent that it seeks the personal information of non-

2    party individuals. Subject to and without waiving the General Objections and

3    specific objection herein, Defendant responds as follows:

4        Subject to and without waiving the General Objections and specific

5    objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

6    will produce non-privileged business records in its possession, custody or control,

7    if any exist, that contain responsive information.

8

9    **INTERROGATORY NO. 11:**

10       Identify the full legal name, last known address, and telephone number of

11    the collector known as "lposton."

12    **RESPONSE TO INTERROGATORY NO. 11:**

13       Defendant objects to this Interrogatory to the extent that it seeks information

14    which is not relevant to the subject matter of this lawsuit, nor reasonably

15    calculated to lead to the discovery of admissible evidence. Defendant also objects

16    to this Interrogatory to the extent that it seeks the personal information of non-

17    party individuals. Subject to and without waiving the General Objections and

18    specific objection herein, Defendant responds as follows:

19       Subject to and without waiving the General Objections and specific

20    objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

21    will produce non-privileged business records in its possession, custody or control,

22    if any exist, that contain responsive information.

23

24    **INTERROGATORY NO. 12:**

25       Identify the full legal name, last known address, and telephone number of

26    the collector known as "kramos."

27

28

1    **RESPONSE TO INTERROGATORY NO. 12:**

2          Defendant objects to this Interrogatory to the extent that it seeks information

3    which is not relevant to the subject matter of this lawsuit, nor reasonably

4    calculated to lead to the discovery of admissible evidence.  Defendant also objects

5    to this Interrogatory to the extent that it seeks the personal information of non-

6    party individuals.  Subject to and without waiving the General Objections and

7    specific objection herein, Defendant responds as follows:

8          Subject to and without waiving the General Objections and specific

9    objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

10   will produce non-privileged business records in its possession, custody or control,

11   if any exist, that contain responsive information.

12

13   **INTERROGATORY NO. 13:**

14         Identify the full legal name, last known address, and telephone number of

15   the collector known as "lgammage."

16   **RESPONSE TO INTERROGATORY NO. 13:**

17         Defendant objects to this Interrogatory to the extent that it seeks information

18   which is not relevant to the subject matter of this lawsuit, nor reasonably

19   calculated to lead to the discovery of admissible evidence.  Defendant also objects

20   to this Interrogatory to the extent that it seeks the personal information of non-

21   party individuals.  Subject to and without waiving the General Objections and

22   specific objection herein, Defendant responds as follows:

23         Subject to and without waiving the General Objections and specific

24   objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

25   will produce non-privileged business records in its possession, custody or control,

26   if any exist, that contain responsive information.

27

28

1  **INTERROGATORY NO. 14:**

2       List by name, alias, job title, last known address and telephone number, and

3  dates of employment of each of your employees, agents, or servants who

4  communicated (orally or in writing) with Plaintiff. Provide the date, time, location

5  and subject matter of each such communication or contact. Provide any

6  documents that mention or refer to communications with Plaintiff or were created,

7  prepared, or otherwise generated as a result of those communications.

8  **RESPONSE TO INTERROGATORY NO. 14:**

9       Defendant objects to this Interrogatory to the extent that it is duplicative of

10  other discovery in this action. Defendant also objects to this Interrogatory on the

11  grounds that it is compound. Defendant further objects to this Interrogatory on the

12  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

13  information which is not relevant to the subject matter of this lawsuit, nor

14  reasonably calculated to lead to the discovery of admissible evidence. In addition,

15  Defendant objects to this Interrogatory to the extent that it seeks the personal

16  information of non-party individuals. Subject to and without waiving the General

17  Objections and specific objection herein, Defendant responds as follows:

18       Subject to and without waiving the General Objections and specific

19  objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

20  will produce non-privileged business records in its possession, custody or control,

21  if any exist, that contain responsive information.

22

23  **INTERROGATORY NO. 15:**

24       List by name, alias, job title, last known address and telephone number, and

25  dates of employment of each of your employees, agents, or servants who

26  investigated and responded to Plaintiff's dispute and demand for validation of the

27

28

1   debt. Provide any documents that mention or refer to such investigation or were

2   created, prepared, or otherwise generated as a result of the investigation.

3   **RESPONSE TO INTERROGATORY NO. 15:**

4           Defendant objects to this Interrogatory to the extent that it is compound and

5   is duplicative of other discovery in this action. Defendant further objects to this

6   Interrogatory on the grounds that it is overbroad, unduly burdensome and

7   oppressive, and seeks information which is not relevant to the subject matter of

8   this lawsuit, nor reasonably calculated to lead to the discovery of admissible

9   evidence. In addition, Defendant objects to this Interrogatory to the extent that it

10  seeks the personal information of non-party individuals. Subject to and without

11  waiving the General Objections and specific objection herein, Defendant responds

12  as follows:

13          Subject to and without waiving the General Objections and specific

14  objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

15  will produce non-privileged business records in its possession, custody or control,

16  if any exist, that contain responsive information.

17

18  **INTERROGATORY NO. 16:**

19          List the names, aliases, job title or each of your employees who contacted

20  Plaintiff or another person regarding this debt.

21  **RESPONSE TO INTERROGATORY NO. 16:**

22          Defendant objects to this Interrogatory to the extent that it is duplicative of

23  other discovery in this action. Defendant also objects to this Interrogatory on the

24  grounds that it is compound. Defendant further objects to this Interrogatory on the

25  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

26  information which is not relevant to the subject matter of this lawsuit, nor

27  reasonably calculated to lead to the discovery of admissible evidence. In addition,

28

1    Defendant objects to this Interrogatory to the extent that it seeks the personal

2    information of non-party individuals. Subject to and without waiving the General

3    Objections and specific objection herein, Defendant responds as follows:

4         Subject to and without waiving the General Objections and specific

5    objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

6    will produce non-privileged business records in its possession, custody or control,

7    if any exist, that contain responsive information.

8

9    **INTERROGATORY NO. 17:**

10        Identify all codes, letters, numerals, and other symbols used in recording

11    information relating to Plaintiffs with your Simplect system. Provide a key to the

12    codes used in identifying codes, letters, numerals, initials and other symbols,

13    including a list of the names of persons identified by initials.

14    **RESPONSE TO INTERROGATORY NO. 17:**

15        Defendant objects to this Interrogatory to the extent that it is duplicative of

16    other discovery in this action. Defendant also objects to this Interrogatory on the

17    grounds that it is vague and ambiguous. Defendant further objects to this

18    Interrogatory on the grounds that it is compound. In addition, Defendant objects

19    to this Interrogatory on the grounds that it is overbroad, unduly burdensome and

20    oppressive, and seeks information which is not relevant to the subject matter of

21    this lawsuit, nor reasonably calculated to lead to the discovery of admissible

22    evidence. Subject to and without waiving the General Objections and specific

23    objection herein, Defendant responds as follows:

24        Pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce

25    non-privileged business records in its possession, custody or control that relate to

26    Plaintiff's account and the claims and defenses in this action.

27

28

1  **INTERROGATORY NO. 18:**

2      Describe in detail the effort Defendant has made to preserve, search for,

3  identify, collect, review, and produce relevant documents.

4  **RESPONSE TO INTERROGATORY NO. 18:**

5      Defendant objects to this Interrogatory on the grounds that it is overbroad,

6  unduly burdensome and oppressive, and seeks information which is not relevant to

7  the subject matter of this lawsuit, nor reasonably calculated to lead to the

8  discovery of admissible evidence.  Defendant objects to the term "relevant"

9  documents on the grounds that it is undefined and is therefore vague and

10  ambiguous.  Defendant incorporates by this reference all objections made to all

11  document requests propounded by Plaintiffs.  Defendant objects to this

12  Interrogatory to the extent that it is compound and it seeks to impose burdens upon

13  Defendant in excess of what is required under the Federal Rules of Civil

14  Procedure.  Defendant further objects to this Interrogatory to the extent that it

15  seeks information protected by the attorney-client privilege or the attorney work

16  product doctrine.  Subject to and without waiving the General Objections and

17  specific objection herein, Defendant responds as follows:

18      Defendant has produced documents in this action consistent with its

19  obligations under the Federal Rules of Civil Procedure.

20

21  **INTERROGATORY NO. 19:**

22      Identify the net worth including the assets and liabilities of each and every

23  Defendant in this action.

24  **RESPONSE TO INTERROGATORY NO. 19:**

25      Defendant objects to this Interrogatory on the grounds that it seeks

26  information that is not available to Defendant, as Defendant has no knowledge as

27  to the "net worth including the assets and liabilities" of the individual defendants

28

1  named in this action.  Defendant also objects to this Interrogatory to the extent that

2  the information has already been provided to Plaintiff.  Defendant objects to this

3  Interrogatory on the grounds that it is overbroad, unduly burdensome and

4  oppressive, and seeks information which is not relevant to the subject matter of

5  this lawsuit, nor reasonably calculated to lead to the discovery of admissible

6  evidence.  Defendant further objects to this Interrogatory to the extent that it seeks

7  proprietary information, trade secrets, or confidential information.  Additionally,

8  Defendant objects to this Interrogatory to the extent that it seeks to impose

9  obligations on Defendant in excess of what is permitted by the Code of Civil

10 Procedure.

11         Subject to and without waiving the General Objections and specific

12 objection herein, pursuant to Federal Rule of Civil Procedure 33(d), Defendant

13 will produce non-privileged business records in its possession, custody or control

14 that relate to the claims and defenses in this action.

15

16 **INTERROGATORY NO. 20:**

17         Name all persons who investigated the Fausto's claims of harassment and

18 unlawful collection practices.

19 **RESPONSE TO INTERROGATORY NO. 20:**

20         Defendant objects to this Interrogatory on the grounds that it is vague and

21 ambiguous.  Defendant also objects to this Interrogatory on the grounds that it is

22 overbroad, unduly burdensome and oppressive, and seeks information which is not

23 relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to

24 the discovery of admissible evidence.  Defendant objects to this Interrogatory to

25 the extent that it seeks to impose burdens upon Defendant in excess of what is

26 required under the Federal Rules of Civil Procedure.  Defendant further objects to

27

28

1 | this Interrogatory to the extent that it seeks information protected by the attorney-
2 | client privilege or the attorney work product doctrine.
3 |
4 |
5 | DATED: June 20, 2008                    SIMMONDS & NARITA LLP
                                           TOMIO B. NARITA
                                           JEFFREY A. TOPOR
6 |
7 |
8 |                                    By: _____
9 |                                         Jeffrey A. Topor
                                           Attorneys for Defendants
10 |                                        Credigy Services Corporation,
                                           Credigy Receivables, Inc., and
11 |                                        Credigy Solutions, Inc.
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1

PROOF OF SERVICE

2

3
I, the undersigned, declare:

4
I am employed in the City and County of San Francisco, California. I
5
am over the age of eighteen years and not a party to this action. My business
address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-
6
4816.

7
I am readily familiar with the business practices of my employer,
Simmonds & Narita LLP, for the processing of correspondence by mailing with
8
the United States Postal Service and that said correspondence is deposited with the
9
United States Postal Service that same day in the ordinary course of business.

10
On this date, I served a copy of the following document:

11

12
1)    **CREDIGY SERVICES CORPORATION'S RESPONSE TO
PLAINTIFF LUZ FAUSTO'S INTERROGATORIES, SET ONE**

13

14
by causing such document to be mailed to the address indicated below:

15
VIA U.S. MAIL
Ronald Wilcox
16
Law Office of Ronald Wilcox
17
2160 The Alameda, 1st Floor, Suite F
San Jose, CA 95126-1001
18

19
Balám O. Letona
20
Law Office of Balám O. Letona, Inc.
1347 Pacific Avenue, Suite 203
21
Santa Cruz, CA 95060-3940

22
David Kaminski
23
Stephen A. Watkins
24
Carlson & Messer LLP
5959 W. Century Blvd., Suite 1214
25
Los Angeles, CA 90045

26

27
//

28
//

1        I declare under penalty of perjury that the foregoing is true and correct.

2    Executed at San Francisco, California on this 20th day of June, 2008.

3

4

5    _____
                    Stephanie Schmitt

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendants
7  Credigy Services Corporation,
   Credigy Receivables, Inc., and
8  Credigy Solutions, Inc.

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13  MANUEL G. FAUSTO, AND LUZ        )   CASE NO.: C 07 05658 JW (RS)
    FAUSTO,                          )
14                                   )
                                     )
15            Plaintiffs,            )   **CREDIGY SERVICES**
                                     )   **CORPORATION'S RESPONSE**
16        vs.                        )   **TO PLAINTIFF LUZ FAUSTO'S**
                                     )   **REQUESTS FOR ADMISSION,**
17  CREDIGY SERVICES                 )   **SET ONE**
    CORPORATION, CREDIGY             )
18  RECEIVABLES INC., CREDIGY        )
    SOLUTIONS INC., RYAN             )
19  MILLER, RICARDO VENTURA,         )
    BRETT BOYDE, PAULO PERES,        )
20  THOMPSON, and DOES 1-10,         )
    inclusive,                       )
21                                   )
              Defendants.            )
22  ———————————————————————          )

23  PROPOUNDING PARTY:           Plaintiff LUZ FAUSTO

24
    RESPONDING PARTY:            Defendant CREDIGY SERVICES
25                               CORPORATION

26  SET NO.:                     ONE

27

28  FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
    CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
    REQUESTS FOR ADMISSION, SET ONE

1   Defendant Credigy Services Corporation ("Defendant") hereby objects and

2   responds to plaintiff Luz Fausto's ("Plaintiff") Requests for Admission, Set One as

3   follows:

4                          **PRELIMINARY STATEMENT**

5   Discovery is continuing in this matter and Defendant has not completed its

6   investigation of the facts or its preparation for trial.  The following responses are

7   based on Defendant's knowledge at this time and Defendant reserves the right to

8   supplement these responses and/or to produce any subsequently acquired

9   information or evidence at trial.  Defendant's responses shall not be deemed to

10  constitute admissions that any particular requested information, document or thing

11  exists, is relevant, non-privileged, or admissible in evidence, or that any statement

12  or characterization in Plaintiff's discovery requests is accurate or complete.

13

14                          **GENERAL OBJECTIONS**

15  The following general objections are expressly incorporated into each of the

16  specific responses set forth below:

17       A.    Defendant objects to producing any information or documents which

18  constitute, reflect, or contain communications with counsel on the grounds that

19  such communications are protected from discovery by virtue of the attorney-client

20  privilege.  Defendant further objects to each request to the extent that it calls for

21  information or documents which reflect or contain attorney work product on the

22  grounds that such documents are protected from discovery by virtue of the

23  attorney work product doctrine.

24       B.    Defendant objects to each request to the extent that it is overbroad

25  and subjects Defendant to unreasonable and undue annoyance, oppression, burden

26  and expense, and seeks information which is not relevant to the subject matter of

27

28

  
1    this lawsuit, nor reasonably calculated to lead to the discovery of admissible

2    evidence.

3        C.    Defendant objects to each request to the extent that it seeks materials

4    or information which are not in the possession, custody or control of Defendant,

5    and/or which are equally or more readily available to Plaintiff.

6        D.    Defendant objects to each request to the extent that it is unreasonably

7    cumulative and duplicative of other discovery in this action.

8        E.    Defendant objects to each and every request to the extent that it seeks

9    proprietary information, trade secrets, or information subject to protective orders,

10   confidentiality agreements, rights of privacy or statutory provisions that bar the

11   disclosure of the information without the consent of third parties.

12

13            **RESPONSES TO REQUESTS FOR ADMISSIONS**

14   **REQUEST FOR ADMISSION NO. 1:**

15       Admit that Defendants reported the Fausto's alleged debt to credit reporting

16   agencies and did not report the debt as disputed.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

18       Subject to the General Objections and specific objections herein, Defendant

19   responds as follows:

20       Denied.  The "Defendants" did not report information to any consumer

21   reporting agencies.  Only Defendant Credigy Services Corporation was

22   responsible for reporting such information.  In addition, no Defendant reported

23   information to consumer reporting agencies regarding "the Fausto's alleged debt"

24   as the debt was owed by Manuel Fausto only.

25

26

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR ADMISSION, SET ONE

3.

1 | **REQUEST FOR ADMISSION NO. 2:**

2      Admit that in December 2006 Defendants reported the Fausto's debt to

3 credit reporting agencies and did not report the debt as disputed.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

5      Subject to the General Objections and specific objections herein, Defendant

6 responds as follows:

7      Denied. The "Defendants" did not report information to any consumer

8 reporting agencies. Only Defendant Credigy Services Corporation was

9 responsible for reporting such information. In addition, no Defendant reported

10 information to consumer reporting agencies regarding "the Fausto's alleged debt"

11 as the debt was owed by Manuel Fausto only.

12

13 | **REQUEST FOR ADMISSION NO. 3:**

14      Admit that Credigy Services Corp. uses the telephone number 678-684-

15 5110.

16 | **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

17      Admitted.

18

19 | DATED: June 20, 2008         SIMMONDS & NARITA LLP

20                          TOMIO B. NARITA
                         JEFFREY A. TOPOR

21

22                   By:

23                        Jeffrey A Topor

24                        Attorneys for Defendants
                       Credigy Services Corporation,

25                        Credigy Receivables, Inc., and
                       Credigy Solutions, Inc.

26

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
CREDIGY SERVICES CORPORATION'S RESPONSE TO LUZ FAUSTO'S
REQUESTS FOR ADMISSION, SET ONE

4.

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)    **CREDIGY SERVICES CORPORATION'S RESPONSE TO PLAINTIFF LUZ FAUSTO'S REQUESTS FOR ADMISSION, SET ONE**

by causing such document to be mailed to the address indicated below:

VIA U.S. MAIL
Ronald Wilcox
Law Office of Ronald Wilcox
2160 The Alameda, 1st Floor, Suite F
San Jose, CA 95126-1001

Balám O. Letona
Law Office of Balám O. Letona, Inc.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940

David Kaminski
Stephen A. Watkins
Carlson & Messer LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045

//

//

1

2            I declare under penalty of perjury that the foregoing is true and correct.
Executed at San Francisco, California on this 20th day of June, 2008.

3

4

5                                               _____
6                                                       Stephanie Schmitt
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28