TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Credigy Services Corporation,
Credigy Receivables, Inc., and
Credigy Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: C 07 05658 JW (RS) <br><br> **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WRITTEN DISCOVERY BY DEFENDANTS CREDIGY SERVICES CORP., CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.** <br><br> Date:   September 3, 2008 <br> Time:  9:30 a.m. <br> Ctrm:  4, 5th Floor <br><br> The Honorable Richard Seeborg |

# TABLE OF CONTENTS

I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.  Allegations and Defenses in this Action. . . . . . . . . . . . . . . . . . . . . . 2

B.  Plaintiffs' Did Not Engage In A Proper Meet and Confer. . . . . . . . . 3

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A.  Redacted Document Productions. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.  Manuel Fausto's Discovery to Defendants, Set One. . . . . . . . . . . . . 5

    1.  Document Request Numbers 4 and 5. . . . . . . . . . . . . . . . . . . 5

    2.  Document Request Number 8. . . . . . . . . . . . . . . . . . . . . . . . . 5

    3.  Document Request Numbers 12 and 13. . . . . . . . . . . . . . . . . 6

    4.  Document Request Number 16. . . . . . . . . . . . . . . . . . . . . . . . 8

    5.  Document Request Numbers 19, 20, and 21. . . . . . . . . . . . . 8

    6.  Document Request Numbers 29 and 30. . . . . . . . . . . . . . . . . 9

    7.  Interrogatory Number 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    8.  Interrogatory Number 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    9.  Interrogatory Number 13. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    10. Interrogatory Number 16. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

D.  Manuel Fausto's Discovery to Defendants, Set Two. . . . . . . . . . . . 13

    1.  Document Request Number 1. . . . . . . . . . . . . . . . . . . . . . . . 13

    2.  Document Request Number 4. . . . . . . . . . . . . . . . . . . . . . . . 13

    3.  Interrogatory Number 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    4.  Interrogatory Numbers 5-9. . . . . . . . . . . . . . . . . . . . . . . . . . 14

E.  Luz Fausto's Discovery to Credigy Services, Set One. . . . . . . . . . . 15

    1.  Document Request Numbers 1 through 39. . . . . . . . . . . . . . 15

    2.  Document Request Number 40. . . . . . . . . . . . . . . . . . . . . . . 15

    3.  Document Request Number 41. . . . . . . . . . . . . . . . . . . . . . . 16

1      4.     Document Request Number 42. . . . . . . . . . . . . . . . . . . . . . . 16

2      5.     Document Request Number 43. . . . . . . . . . . . . . . . . . . . . . . 17

3      6.     Document Request Numbers 44.. . . . . . . . . . . . . . . . . . . . . . 17

4      7.     Document Request Number 45. . . . . . . . . . . . . . . . . . . . . . . 18

5      8.     Document Request Number 46 45.. . . . . . . . . . . . . . . . . . . . . 18

6      9.     Interrogatory Numbers 1-13.. . . . . . . . . . . . . . . . . . . . . . . 18

7      10.    Interrogatory Number 14. . . . . . . . . . . . . . . . . . . . . . . . . . 18

8      11.    Interrogatory Number 15. . . . . . . . . . . . . . . . . . . . . . . . . . 19

9      12.    Interrogatory Number 16. . . . . . . . . . . . . . . . . . . . . . . . . . 19

10     13.    Interrogatory Number 17. . . . . . . . . . . . . . . . . . . . . . . . . . 20

11     14.    Interrogatory Number 18. . . . . . . . . . . . . . . . . . . . . . . . . . 20

12     15.    Interrogatory Number 19. . . . . . . . . . . . . . . . . . . . . . . . . . 21

13     16.    Interrogatory Number 20. . . . . . . . . . . . . . . . . . . . . . . . . . 22

14     17.    Request for Admission Number 1. . . . . . . . . . . . . . . . . . . . . 22

15     18.    Request for Admission Number 2. . . . . . . . . . . . . . . . . . . . . 23

16  IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Boutvis v. Risk Management Alternatives, Inc.*,
2002 WL 971666 (D. Conn. May 3, 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

*Dickard v. Oklahoma Management Services for Physicians, LLC*,
2007 WL 2460618 (W.D.Ark.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Food Lion, Inc. V. United Food & Comm'l Workers Int'l Un., AFL-CIO-CLC*,
103 F.3d 1007 (D.C. Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Thompson v. Department of Housing and Urban Dev.*,
199 F.R.D. 168(D. Md 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Vardon Golf Co., Inc. v. BBMG Golf Ltd.*,
156 F.R.D. 641 (N.D. Ill. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yancey v. Hooten*,
180 F.R.D. 203 (D. Conn. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 12

## FEDERAL STATUTES

Fair Debt Collection Practices Act,
        15 U.S.C. 1692 *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7
        15 U.S.C. § 1692c(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12
        15 U.S.C. § 1692e(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATE STATUTES

California Rosenthal Act,
        Cal. Civ. Code § 1788 *et seq*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## OTHER AUTHORITIES

Federal Rules of Civil Procedure,
        Rule 26(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Rule 26(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        Rule 30(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5
        Rule 33(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19, 20

Northern District of California Local Rules,
        Rule Local Rule 37-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# I.    **INTRODUCTION**

Plaintiffs Manuel Fausto ("Mr. Fausto") and Luz Fausto ("Mrs. Fausto") (collectively, "Plaintiffs") filed a very lengthy complaint, but their case is fairly simple.  They claim Defendants continued to call them in an attempt to collect a debt, even after Plaintiffs asked Defendants to stop.  Plaintiffs also assert that certain of the calls were harassing in nature, though the discovery to date does not support this.  In April 2008, the parties tried to resolve the case at a mediation, but the mediation failed.  Another mediation is set for August 27, 2008.

Plaintiffs have employed what can best be described as a "carpet bombing" style of discovery, seeking to drown the Defendants with written discovery requests and Rule 30(b)(6) deposition notices.  Plaintiffs are apparently attempting to use the discovery process and this motion as leverage to enhance their settlement position prior to the upcoming mediation.  As of the date of the filing of Plaintiffs' motion, Defendants had already responded to 3 requests for admission, 45 interrogatories, and 91 requests for production of documents.  Defendants had already produced almost 1,000 pages of documents to Plaintiffs, and had agreed to produce further documents.  There was some delay in the process as Defendants retained new counsel, who needed to get up to speed on the past discovery responses and document productions while responding to various motions filed by Plaintiffs.

As set forth below and in the Declaration of Tomio B. Narita filed herewith Defendants Credigy Services Corporation ("Credigy Services"), Credigy Receivables, Inc. and Credigy Solutions Corporation (collectively, "Defendants") have made a good faith response to the written discovery, and have asserted objections that they believe are warranted.  Counsel for the parties had just one opportunity to talk before this motion was filed, for less than an hour, and real progress was made on that call.  Although a further meet and confer call was scheduled for July 14, 2008, counsel for Defendants was unable to participate,

because he was attending to his wife after her surgery became unexpectedly complicated. This motion was filed without further warning, approximately 24 hours after counsel for Defendant missed that call. Had Plaintiffs properly met and conferred consistent with the spirit of Local Rule 37-1, instead of ambushing Defendants with a lengthy motion to compel, the Court would not have been burdened with this motion. The motion should be denied based on Plaintiff's failure to meet and confer.

In any event, since the date the motion was filed, Defendants have supplemented their written discovery responses, and Defendants have provided Plaintiffs with hundreds of additional documents. Most of the motion has now been rendered moot. Defendants' objections to the remaining discovery requests are well-taken and there is no basis to compel any further response. Plaintiffs' motion should be denied.

## II.    STATEMENT OF FACTS

### 1.    Allegations and Defenses in this Action

Plaintiffs claim that while Defendants were seeking to collect a debt from them, Defendants made improper collection phone calls, allegedly violating the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. and the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq*.[1] Defendants answered the First Amended Complaint, denied the material allegations therein, and asserted various affirmative defenses including, among others, that if any violation of the law occurred, it was the result of a bona fide error by Defendants notwithstanding the maintenance of procedures by Defendants to avoid any such error.

---

[1] Plaintiffs also assert claims against Defendants for intrusion upon seclusion, negligence, negligent training and supervision of employees, and tort in se.

## 2.    Plaintiffs' Did Not Engage In A Proper Meet and Confer

Plaintiffs claim they sent Defendants a letter via email on June 30, 2008 which detailed their disputes regarding Defendants' discovery responses. Memorandum in Support of Plaintiffs' Motion to Compel ("Plaintiffs' Memorandum") at page 1, lines 2-7.  Counsel for the parties have been communicating via email without incident throughout the course of this case. However, counsel for Defendants did **not** receive any letter from Plaintiffs on that date.  *See* Declaration of Tomio Narita in Support of Defendants' Opposition to Plaintiffs' Motion to Compel Written Discovery ("Narita Decl.") at ¶ 2.

On July 7, 2008, counsel for Plaintiffs, Ronald Wilcox, sent counsel for Defendants, Tomio Narita, an email that referenced a letter dated June 30th.  Mr. Narita promptly responded to that email informing Mr. Wilcox that no such letter was received.  *Id*. at ¶ 3.  In response, on July 7, 2008, Mr. Wilcox sent a letter bearing the date of June 30, 2008 by facsimile to Mr. Narita.  That was the first time Defendants were informed of the present discovery disputes.  *Id.*

That same day, July 7, 2008, Mr. Narita called Mr. Wilcox in an attempt to meet and confer, but he was unable to reach Mr. Wilcox or to leave a message as his voice mailbox was "full." Mr. Narita sent an email to Mr. Wilcox explaining this problem to him.  *Id.* at ¶ 4.  Counsel eventually connected by telephone on Friday, July 11, 2008.  The call lasted less than an hour, but the parties made progress. During that call, Mr. Narita agreed to call Mr. Wilcox to meet and confer regarding discovery issues on Monday, July 14th.  *Id.*

On Monday, July 14, 2008, Mr. Narita's wife underwent a minor surgical procedure.  Because of certain complications, the procedure took far longer than had been expected.  Mr. Narita was unable to be at his office on that day or the following day, July 15th, due to his wife's condition.  *Id.* at ¶ 5.

Mr. Narita reasonably believed, because of the progress made in the conversation he had with Mr. Wilcox on the preceding Friday, that the parties

1   were on their way to resolving the discovery disputes without the Court's

2   intervention.  But Mr. Wilcox never attempted to reach Mr. Narita again.  Instead,

3   he filed two voluminous motions to compel, including the present motion, on the

4   afternoon of Tuesday, July 15, 2008. *Id.* at ¶ 6.

5

6   ## III.   ARGUMENT

7   ### A.    Redacted Document Productions

8        Certain documents were produced by Defendants in redacted form.

9   Plaintiffs seek the production of unredacted documents based on Defendants'

10  failure to produce a privilege log with their document production.  Defendants

11  acknowledge that a privilege log should have been produced, but failure to do so

12  does not entitle Plaintiffs to privileged information.  Defendants have agreed to

13  produce a proper privilege log.[2]  Narita Decl. at ¶¶ 7, 8.

14       Plaintiffs also complain that documents Bates labeled FA 63-65 were

15  produced with certain redactions.  The identified document is the declarations

16  page to Defendants' insurance policy and the redacted portions are the names of

17  other non-party entities that are covered by the same policy.  This is private

18  information that is neither relevant to this action nor calculated to lead to the

19  discovery of admissible evidence.  In any event, the insurance carrier in this case

20  has denied coverage.  Plaintiffs are not entitled to the identity of other insureds on

21  a policy that is not at issue in the case.  *Id.*

22  ### B.    Manuel Fausto's Discovery to Defendants, Set One

23  #### 1.    Document Request Numbers 4 and 5

24  _____

25       [2]Defendants also produced 697 pages of documents to Plaintiffs on July 2,

26  2008.  Those documents included employee files of non-parties. The social security

27  numbers and Brazilian personal identification numbers similar to a social security
    number were redacted from those documents to protect the privacy of those

28  individuals. Plaintiffs are not entitled to those private identification numbers.  *Id.*

These requests seek all "documents, logs and correspondence" relating to Plaintiffs' alleged debt to Wells Fargo and First Select, respectively.  Defendants conducted a diligent search of their files for all responsive documents and produced documents in their possession, custody or control that appeared to be responsive.  Plaintiffs now articulate specific categories of documents that they believe are covered in this broad request.[3]

At the time of filing Plaintiffs' motion, Defendants had produced almost 1,000 pages of documents in this action.  Defendants have since supplemented their document production with hundreds of additional documents, including all non-privileged documents responsive to Mr. Fausto's requests numbered 4 and 5, as "clarified," in Defendants' custody or control. *Id*. at ¶ 9.  There is nothing further to produce.

### 2.    Document Request Number 8

Mr. Fausto requests that Defendants provide all "policy or training manuals or instructions or guidelines provided by Defendants to its [sic] employees regarding using lawsuits in an attempt to collect debts."  Defendants objected to this request on the grounds that it was vague and ambiguous as to the phrase "using lawsuits in an attempt to collect debts."  The objection is justified as the meaning of the request is not clear, especially since Defendants did not file any lawsuit against Plaintiffs.

Notwithstanding their objection, however, Defendants produced the employee manual related to the policies and procedures regarding the collection of debts, as clearly stated in Defendants' written response.  Defendants have since supplemented their document production to include further training materials

---

[3]  Plaintiffs assert that the terms "address and telephone tables" were used by Defendants' Fed. R. Civ. P. 30(b)(6) designee in deposition.  These particular terms were not used in connection with this action, but rather with another action against Defendants in which the plaintiff is also represented by Mr. Wilcox.

1  utilized by Defendants. *Id*. at ¶ 10.  There is nothing further to produce pursuant

2  to this request, at least as understood by Defendants.

### 3.    Document Request Numbers 12 and 13

4        Mr. Fausto requests that Defendants supply information concerning "all

5  complaints, judgments and consent orders" for a thirty-one month period "relating

6  to Defendants' conduct in the collection of individuals' debts; and its [sic] acts or

7  practices under the FDCPA." *See* Motion at 5:18-19.  This is a simple case

8  dealing with telephone calls made to collect on a single account.  The information

9  sought by Plaintiffs relates to other complaints asserted by other unrelated debtors

10  in other parts of the country relating to the collection of other unrelated debts.  It

11  has absolutely no bearing on Plaintiffs claims or on the affirmative defenses

12  asserted by Defendants.  Plaintiffs are only entitled to discovery "regarding any

13  nonprivileged matter that is relevant to any party's claims or defense" in this

14  action.  *See* Fed. R. Civ. P. 26(b)(1).

15        Though admissibility at trial is not the test, far-reaching discovery requests

16  must be reasonably calculated to lead to the discovery of admissible evidence and

17  be within the scope of permissible discovery.  *See Thompson v. Department of*

18  *Housing and Urban Dev.*, 199 F.R.D. 168, 171 (D. Md 2001).  Here, Plaintiffs

19  have the burden of demonstrating the "plausible chain of inferences showing how

20  discovery of the item sought would lead to admissible evidence." *Vardon Golf*

21  *Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 651 (N.D. Ill. 1994).  Discovery may

22  be denied where the information sought is too remotely related to the claims and

23  defenses in the action.  The "standard of relevancy is . . . not so liberal as to allow

24  a party to . . . explore matters which do not presently appear germane on the theory

25  that it might conceivably become so." *Food Lion, Inc. V. United Food & Comm'l*

26  *Workers Int'l Un., AFL-CIO-CLC*, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997).

27  Plaintiffs rely solely on two non-binding cases where a Connecticut judge (the

28  same magistrate judge issued both opinions) granted motions to compel

production of legal complaints and judgments.[4]  They have utterly failed to carry

their burden of demonstrating that the information they seek is relevant or

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

do not even offer any explanation as to why they believe they are entitled to this

information.[5]

Even assuming that the information is relevant to a claim that defendants

allegedly violated the law after having "actual notice that [their] practices were

actionable," *see Boutvis*, 2002 WL 971666 at *3, Plaintiffs' requests are still

overbroad in at least three ways.  First, the requests are not limited to "complaints,

judgment and consent orders" involving the same violations alleged in this case.

A complaint, judgment or consent order involving unrelated types of collection

conduct or unrelated "acts or practices under the FDCPA" would not tend to

establish that Defendants had notice that the conduct alleged in this case was

actionable.  Second, a complaint merely sets forth <u>alleged</u> violations of the law; it

does not establish that an actionable violation actually occurred.  Thus, a

complaint would not provide Defendants with "actual notice" that their conduct

violated the law.  Only a final adjudication by a court would do so.  Third, the

request is not appropriately limited in time, as it seeks documents for a period <u>after</u>

the conduct alleged in this action.  Such documents, by definition, could not

provide Defendants with notice that something they did  earlier was actionable.

In addition, responding to these requests, as drafted, would be unduly

burdensome.  Credigy collects debts all over the country, and because of the

---

[4]  *Boutvis v. Risk Management Alternatives, Inc.*, 2002 WL 971666 (D. Conn. May 3, 2002); *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998).

[5]  Furthermore, in *Boutvis*, the court explicitly found that the defendant had waived its right to object to the requests, although it did discuss the defendant's objection.  *See* 2002 WL 971666 at **1, 3.

1  nature of debt collection, it is involved in many lawsuits every year, including

2  counter-claims asserted in connection with collection litigation.  Requiring

3  Defendants to search for, locate and copy all of the documents called for by these

4  requests would involve an enormous effort.  Clearly, the "burden or expense of the

5  proposed discovery outweighs its likely benefit."  *See* Fed. R. Civ. P. 26(b)(2).

6  Virtually all of the documents Plaintiffs seek are public documents, so they are

7  equally available in public databases for Plaintiffs to discover.

8      Plaintiffs seek to make discovery in this straightforward case as broad and

9  expensive as they possibly can, with the apparent goal of forcing Defendants to

10  pay them a settlement rather than respond to the discovery.  But Plaintiffs have not

11  even attempted to meet their burden of showing that the information requested is

12  relevant to any of Plaintiffs' claims and they cannot do so.  With respect to

13  document requests 12 and 13, Plaintiffs' motion must be denied.

14                  **4.      Document Request Number 16**

15      Document request number 16 calls for all "agreements between Defendants

16  with any entity concerning servicing or collection of the debt of Plaintiffs."

17  Plaintiffs' motion is moot, as Defendants have produced the requested documents.

18  Narita Decl. at ¶ 11.

19                  **5.      Document Request Numbers 19, 20, and 21**

20      Mr. Fausto requests documents showing "evidence of any payment made

21  toward the alleged debt," all documents "provided by Wells Fargo to Defendants

22  relating to the alleged debt" and all documents "provided by First Select, Inc.

23  relating to the alleged debt."  Defendants stated that after a reasonable search and

24  inquiry, they were unable to locate documents that are responsive to these

25  requests.  Defendants did subpoena Wells Fargo Bank in order to obtain such

26  documents, but to date they have received nothing in response to the subpoena that

27

28

1    is responsive to any of these requests.[6]  Defendants have since supplied Plaintiffs

2    with all responsive documents in their control that they were able to locate after

3    further investigation.  *Id*. at ¶ 13.

4                      **6.    Document Request Numbers 29 and 30**

5                Document Request No. 29 seeks any "written communication to Defendants

6    from 2006-2008 where an individual or their attorney, alleged Defendants was

7    [sic] threatening to sue on a time-barred debt."  Defendants objected to this request

8    as overbroad, unduly burdensome and oppressive and on the grounds that it seeks

9    privileged information protected from disclosure.  In addition, any written

10   communication from any debtor (other than Plaintiffs) regarding the collection of

11   a debt necessarily contains the confidential, personal information of non-parties.

12   Such private financial information is protected from disclosures by an individual's

13   right to privacy and by the FDCPA.  *See* 15 U.S.C. § 1692c(b).[7]

14               Further, this is not a class action.  The case relates to Defendants' attempts

15   to collect a single debt, allegedly from two plaintiffs – a husband and wife.  The

16   only facts that are likely to lead to the discovery of admissible evidence to support

17   Plaintiffs' claims are those relating to any communications made by Defendants to

18   Plaintiffs.  Defendants' alleged conduct or statements with respect to other debtors

19   (or those debtors' interpretations of Defendants' conduct or statements) simply

20   have no potential bearing on admissible evidence in this case.[8]

21   _____

22        [6] Counsel for Defendants forwarded Wells Fargo's response to Defendants'
23   subpoenas to counsel for Plaintiff on August 13, 2008.  *Id.* at 12.

24        [7] Plaintiffs' argument that such documents are "not privileged" is a red herring,
25   as Defendants have not raised such an objection.  Further, Plaintiff's reliance on
     *Yancey* and *Boutvis* is misplaced, as neither case involved "nearly identical requests,"
26   as Plaintiffs baldly claim.

27        [8] In addition, the documents sought by this request are wholly irrelevant and
28   not likely to lead to the discovery of admissible evidence.  Although the First

1        Document request number 30 seeks "judgments or decisions from a Court

2    addressing whether Defendants were attempting to collect a debt they could not

3    prove." Defendants properly objected to this request as vague, overbroad,

4    ambiguous, unduly burdensome and oppressive and on the grounds that it seeks

5    irrelevant information and is not reasonably calculated to lead to the discovery of

6    admissible evidence. Once again, the documents requested regarding Court

7    decisions in other cases filed by other debtors, based on other allegations relating

8    to other debts, have no bearing on the claims made in this suit. Plaintiffs are

9    therefore not entitled to any information requested by document requests 29 and

10   30. *See* section B. 3 above.

11               **7.**    **Interrogatory Number 2**

12       Mr. Fausto's Interrogatory No. 2 asks "what steps were taken, on what date

13   and by whom to review Plaintiff's account." The interrogatory is vague and

14   ambiguous, and Plaintiffs have not sought to clarify or explain it. The request is

15   not limited as to time, nor have Plaintiff explained what he means by "review" the

16

17   _____

18   Amended Complaint contains a heading entitled "ABUSIVE COLLECTION CALLS;
     FALSE THREATS OF SUIT AND CREDIT REPORTING ON A TIME BARRED

19   DEBT," and asserts that "Defendants threatened to take legal action that cannot be

20   taken in violation of 15 U.S.C. § 1692e(5), *see* First Amended Complaint at 6:13 &
     ¶ 87, there are absolutely no facts alleged in the operative complaint to support a

21   claim that threatened to sue Plaintiffs on a "time-barred debt." Even assuming that

22   the information sought is relevant to a claim that defendants allegedly violated the
     law after having "actual notice that [their] practices were actionable," *see Boutvis*,

23   2002 WL 971666 at *3, Plaintiffs' requests are still overbroad in at least two ways.

24   First, a letter to Defendants alleging that they "were threatening to sue on a time
     barred debt merely sets forth <u>alleged</u> violations of the law; it does not establish that

25   an actionable violation actually occurred. Thus, such a letter would not provide

26   Defendants with "actual notice" that their conduct violated the law. Second, the
     request is not appropriately limited in time, as it seeks documents for a period <u>after</u>

27   the conduct alleged in this action. Such documents, by definition, could not provide

28   Defendants with notice that something they did earlier was actionable.

1  account.  Multiple persons including employees of Defendants may have looked at
2  documents or information related to Plaintiffs' defaulted Wells Fargo account,
3  multiple persons may have looked at the individual files maintained by Defendants
4  related to any attempt made to collect the debt at issue.

5     Do Plaintiffs seek information as to what each individual collector
6  "reviewed" information before calling Plaintiffs?  Do Plaintiffs seek information
7  about how Defendants' attorneys "reviewed" information about Plaintiffs' debt in
8  order to defend this action?  A meaningful meet and confer might have revealed
9  this, but Plaintiffs filed the motion without completing the meet and confer process.
10 Plaintiffs' meaning is entirely unclear and Defendants should not be compelled to
11 respond further.

12     **8.    Interrogatory Number 3**

13     Plaintiffs seek to compel Defendants to list "all lawsuits filed by Defendants
14 in California from 2006-2008."  Aside from the fact that any such information is a
15 matter of public record available to Plaintiffs, the interrogatory is overbroad,
16 unduly burdensome and it seeks information that is not relevant to the subject
17 matter of this case and is not reasonably calculated to lead to the discovery of
18 admissible evidence.  Identification of *all* lawsuits filed by Defendants in a thirty-
19 one month period is not relevant to this action.  Indeed, Defendants did not even
20 sue Plaintiffs.  Plaintiffs have not narrowed this request in any way.

21     In addition, Plaintiffs have wholly failed to explain why they might be
22 entitled to such information.  The information sought is irrelevant and not likely to
23 lead to the discovery of admissible evidence.  This request is a transparent attempt
24 to burden Defendants by forcing them to engage in a wholly-irrelevant but time-

25
26
27
28

1  consuming and costly exercise.  The requested information has no bearing on the

2  claims or defenses in this action and Plaintiffs are not entitled to it.[9]

3          **9.    Interrogatory Number 13**

4        Defendants asserted their bona fide error defense in good faith at the time

5  their answer to the First Amended Complaint was filed.  In response to this

6  interrogatory, Defendants informed Plaintiffs that they were investigating certain

7  factual support to their bona fide error defense and agreed to supplement their

8  response as discovery continued.  Defendants have since supplied Plaintiffs with a

9  supplementary response to this interrogatory, and they have produced responsive

10  documents.  There is nothing further to compel.  Narita Decl. ¶¶ 9-14.

11         **10.    Interrogatory Number 16**

12        Mr. Fausto's interrogatory number 16 seeks the name and address of, and

13  Defendants' account number with, the long distance telephone service provider

14  used to place calls "relating to Plaintiff's account" and the telephone numbers from

15  which Plaintiffs were called.[10]  Defendants properly objected to this interrogatory

16  on the grounds that it is vague, ambiguous and overbroad.

17

18  _____

19      [9] Plaintiff's reliance *Yancey* is misplaced, as that case involved a claim that the

20  defendant "attempted to evade Connecticut licensing obligations by the use of the
   name of Thomas Rathgeb as signatory for collection letters sent into Connecticut."

21  *See* 180 F.R.D. at 207.  The court concluded that the information sought might lead

22  to the discovery of admissible evidence "concerning whether the defendants would
   file lawsuits in Connecticut and whether the use of defendant Rathgeb's name on

23  collection letters sent into Connecticut is deceptive."  *See id.* at 211.  There are no

24  such claims in this case.

25      [10]Plaintiffs allege that Defendants have conceded the "discoverability of this

26  very information by issuing a subpoena to Plaintiff's cell phone providers."  *See*
   Plaintiffs' Memorandum at page 8, lines 4-5.  Without admitting that it is relevant

27  either way, Defendants note for the Court that they have issued no such subpoena in

28  this action.

1     Notwithstanding their objections, Defendants provided the name of their

2 telephone service provider.  Defendants have since offered to make available to

3 Plaintiffs their original telephone bills from the time period, and they have supplied

4 Plaintiffs with copies of the bills showing calls placed to Plaintiffs' telephone

5 number.  Narita Decl ¶ 15.  All of the information that Defendants can provide in

6 response to this interrogatory has been provided.

7        **D.**    **Manuel Fausto's Discovery to Defendants, Set Two**

8           **1.**      **Document Request Number 1**

9     Mr. Fausto's document request number 1 seeks "all letters received from any

10 consumers complaining about the debt collection practices of Defendants."

11 Defendants properly objected to this request on the grounds that it is overbroad,

12 and unduly burdensome and on the grounds that it seeks information which is

13 protected.  Any letter from a debtor other than Plaintiffs contains the confidential,

14 personal information of non-parties.  Such private financial information is

15 protected from disclosures by an individual's right to privacy and by the FDCPA.

16 15 U.S.C. § 1692c(b).

17     Again, this is not a class action.  The only facts relevant to the claims

18 asserted in this case are those which demonstrate whether any communications

19 with Plaintiffs violated the law.  Defendants' conduct or statements with respect to

20 other debtors, or those debtors' interpretations of Defendants' conduct or

21 statements, are completely irrelevant to Plaintiffs' claims.  Plaintiffs are not entitled

22 to the information requested.  *See* section B. 3 above.

23           **2.**      **Document Request Number 4**

24     Plaintiffs seek the production of scripts used in the course of attempting to

25 collect debts.  Defendants had agreed to produce the requested documents upon

26 entry of a stipulated protective order in this action.  Subsequently, however,

27

28

1   Defendants confirmed that there are no scripts.  Narita Decl. ¶ 16. This issue is now
2   moot.

### 3.      Interrogatory Number 2

4        Plaintiffs seek the last date that "RG Oncalve" was employed by Defendants.
5   Defendants produced the entire employee file of "RG Onclave" to Plaintiffs
6   wherein Ms. Oncalve's last date of employment is clearly stated.  Despite having
7   already responded to Plaintiff's interrogatory in full by producing documents that
8   contain the requested information, Defendants supplemented their response to
9   interrogatory number 2 in order to provide this information to Plaintiffs again. *Id.*
10  at ¶ 14.

### 4.      Interrogatory Numbers 5-9

12       Interrogatories 5 through 9 ask Defendants to "state all incentive pay
13  (bonuses, commissions, etc.) paid to" five of Defendants' current or former
14  employees.  Defendants objected to the interrogatories on the grounds that the
15  information sought is proprietary and further, that the financial information
16  requested is protected by a right to privacy.  Defendants further objected on the
17  grounds that this confidential information is not relevant to the subject matter of
18  the lawsuit, nor reasonably calculated to lead to the discovery of admissible
19  evidence.

20       Defendants believe that their objections were reasonably and properly
21  asserted.  Plaintiffs have not even attempted to demonstrate the relevance of the
22  requested information, much less any reason to produce the information that
23  outweighs the individuals' rights to privacy.  *See also* section B. 3 above.  There is
24  no basis for compelling a further response.

25

26

27

28

1    **E.    Luz Fausto's Discovery to Credigy Services[11], Set One**

2    **1.    Document Request Numbers 1 through 39**

3    Mrs. Fausto requested the personnel files, copies of any tests taken relating

4    to the FDCPA, employment applications, resumes and performance evaluations and

5    documents showing the last known addresses for 13 employees or former

6    employees of Defendants.   Defendants provided all of the documents in their

7    possession, custody or control that were responsive to these requests.

8    Since producing those documents to Plaintiffs, Defendants have discovered

9    several further responsive documents (additional employee files of certain

10   employees of Credigy Soluções in Sao Paulo, Brazil) which were then produced to

11   Plaintiffs.  Narita Decl. at ¶ 17.  Defendants are in the process of locating one

12   remaining employee file which will be produced as soon as it is located.  *Id*. at ¶

13   18.  To Defendants' knowledge, there are no further documents in their control that

14   are responsive to this request.  Defendants will have provided Plaintiffs with copies

15   of all of the employee records that were requested, and all of the records of

16   employees who worked on Plaintiffs' account.

17   **2.    Document Request Number 40**

18   Mrs. Fausto's document request number 40 seeks documents related to

19   "internal communications" about Plaintiffs, the debt at issue, this lawsuit or any of

20   "the claims asserted in the Amended Complaint."  Mrs. Fausto did not define the

21   term "internal communications" so Credigy Services objected to the term as vague

22   and ambiguous.  Defendants stand by the objection.  Credigy Services also objected

23   _____

24   [11]Plaintiffs' Motion implies that Ms. Fasuto's requests were served on each
     Credigy defendant collectively but in fact, they were addressed only to Credigy

25   Services Corporation.  Despite that fact, Plaintiffs appear to be seeking an Order to
     compel each Credigy defendant to respond to Ms. Fausto's requests.  This is clearly

26   an attempt to abuse the discovery process in order to be able propound further,
     overbroad, burdensome and irrelevant discovery on Defendants in excess of the limits

27   imposed by the Federal Rules of Civil Procedure.

28

1   to this request to the extent that it sought documents protected by the attorney-
2   client privilege.  The request is also objectionable on the grounds that it seeks
3   documents reflecting communications between Defendants and their counsel or
4   coordination of their defense of this action– those documents will not be produced.
5       Notwithstanding their objections, Defendants produced documents reflecting
6   non-privileged communications – the collection notes related to the account at
7   issue.  They were produced to Plaintiffs with Defendants' initial disclosures.

8       **3.    Document Request Number 41**
9       Plaintiffs seek the production of "address and telephone tables" and "account
10  history distribution tables" related to the account at issue.  Credigy Solutions
11  objected to the request on the grounds that it was vague and ambiguous.[12]
12      Notwithstanding that objection, Defendants agreed to produce the documents
13  it believed were requested and have already done so.  Narita Decl. ¶ 9.  There is
14  nothing to compel here.

15      **4.    Document Request Number 42**
16      Plaintiffs seek "all written instructions provided to LiveVox, Inc. regarding
17  the Fausto account."  Credigy Services objected on the grounds that the request is

18
19
20
21
22
23
24
25
26

27  [12] Those terms were used by a Credigy employee in a deposition in another
28  action.  The quoted terminology was therefore not immediately recognized by
    Defendants in connection with the discovery requests in this action.

1  overbroad and to the extent that it sought confidential or proprietary information.[13]
2  Defendants believe the objections were justified.

3      Notwithstanding those objections, Credigy Services agreed to produce any
4  documents in its possession, custody or control responsive to this request.  There
5  are, however, no such documents.  There is nothing to compel.

6          **5.    Document Request Number 43**

7      This requests seeks documents related to "all calls place by Live Vox, Inc.
8  regarding the Fausto account."  Credigy Services properly objected to the vague
9  and ambiguous, overbroad request.  Defendants have, nonetheless, produced
10 documents responsive to this request in the form of their internal collection notes
11 relating to the account at issue.  Plaintiffs have also subpoenaed LiveVox for the
12 same records, and received them, and then took the deposition of a LiveVox
13 representative to ask questions about them.  Defendants have nothing more to
14 produce other than what has already been given to Plaintiffs.

15         **6.    Document Request Numbers 44**

16     Plaintiffs requested "all documents provided to LiveVox, Inc. regarding the
17 Fausto account."  Credigy Services objected to the request but agreed to produce
18 non-privileged responsive documents.  However, no such documents exist, so there
19 is nothing to compel.

20

21
_____

22     [13]Plaintiffs ignore Defendants other legitimate objections to this request and
23 focus only on the fact that Defendants objected to the request to the extent that it
   sought documents subject to the attorney-client privilege.  The request seeks all
24 instructions provided to LiveVox but Plaintiffs do not specify written instructions *by*
   *whom*.  The request is therefore vague, ambiguous, and overbroad and may or may
25 not seek information protected by the attorney-client privilege.  Defendants preserved
26 their objection in case Plaintiffs later allege a particular meaning was intended in their
   obtuse discovery request.  Defendants did not allege that they or LiveVox were
27 attorneys as Plaintiffs seem to imply.  But that is neither here nor there.
28

1

### 7.    Document Request Number 45

2   Document request number 45 seeks a "dispute resolution file" relating to the

3  account at issue.  Defendants agreed to produce non-privileged documents

4  responsive to this request, despite their legitimate objections to it.  Defendants have

5  done so.  Narita Decl. ¶ 9.

6

### 8.    Document Request Number 46

7   Document request number 46 seeks all "account history distribution tables"

8  relating to the account at issue.  Defendants agreed to produce non-privileged

9  documents responsive to this request, and they have done so.  *Id.*

10

### 9.    Interrogatory Numbers 1-13

11   Plaintiffs seek the identification of the full legal names, last known addresses

12  and telephone numbers of 13 former or current employees.  Defendants responded

13  stating that pursuant to Federal Rule of Civil Procedure 33(d), documents from

14  which Plaintiffs could discern the information would be produced.[14]  Defendants

15  produced the documents to Plaintiffs.  Defendants have also supplemented their

16  responses to interrogatories 1 through 13 to recite the requested information.

17  Narita Decl. ¶ 14, 17.

18

### 10.    Interrogatory Number 14

19   Plaintiffs' interrogatory number 14 contains three distinct requests of

20  Defendants: 1) to "list by name, alias, job title, last known address and telephone

21  number, and dates of employment of each of your employees, agents, or servants

22  who communicated (orally or in writing) with Plaintiff"; 2) to "provide the date,

23

24  ───────────────

   [14]Defendants responded to interrogatory number 9 by listing the full name and
25  last known address of "Rgoncalves" because in the documents produced to Plaintiffs,
   there are two persons with the name "Goncalves" in their full names.  Defendants
26  provided this information in an effort to assist Plaintiffs in the proper identification
27  of "Rgoncalves" and because the information has already been provided, there was
   certainly no need for Plaintiffs to move to compel it.
28

1   time, location and subject matter of each such communication or contact"; and 3) to

2   "provide any documents that mention or refer to communications with Plaintiff or

3   were created, prepared, or otherwise generated as a result of those

4   communications." Defendants properly objected to this request on the grounds that

5   it was duplicative of other discovery, overbroad, burdensome, oppressive, sought

6   irrelevant and confidential personal information of non-parties.

7        Notwithstanding the objections, Defendants agreed to produce the requested

8   information pursuant to Federal Rule of Civil Procedure 33(d) and they did so.

9   Plaintiffs were provided with the employee files with all contact information, job

10  titles, telephone numbers, date of hiring (and in some cases, termination), as well as

11  the collection notes related to the account at issue. Defendants also supplemented

12  the response to this interrogatory to state the names and aliases of each subject

13  employee. Narita Decl. at ¶ 14. There is nothing further to compel.

14          **11.    Interrogatory Number 15**

15       Plaintiffs seek information[15] related to the persons who investigated

16  Plaintiffs' "dispute and demand for validation of the debt." Defendants properly

17  objected to this request, but also agreed to produce the requested information

18  pursuant to Federal Rule of Civil Procedure 33(d). Plaintiffs were provided with

19  the employee files of each person involved with their account. Defendants have

20  also supplemented their response to list the names (and aliases, if any) of each

21  person. Narita Decl. ¶ 14.

22          **12.    Interrogatory Number 16**

23       Plaintiffs seek identification of all persons who contacted Plaintiffs or

24  another person regarding the subject debt. Defendants properly objected to this

25  _____

26       [15] Specifically, Plaintiffs seek the name, alias, job title, last known address and
    telephone number, and dates of employment of any such persons and documents that
27  mention or refer to any investigation or that were created in the course of as a result
    of the investigation.
28

1  request, but agreed to produce the requested information pursuant to Federal Rule

2  of Civil Procedure 33(d).  Plaintiffs were provided with the employee files with all

3  contact information, job titles, telephone numbers, date of hiring (and in some

4  cases, termination), as well as the collection notes related to the account at issue.

5  There is nothing further to compel.

6              **13.    Interrogatory Number 17**

7       Interrogatory number 17 seeks identification of "codes, letters, numerals, and

8  other symbols used in recording information relating to Plaintiffs with [Credigy

9  Services, Inc.'s] Simplect system" and a "key to the codes used in identifying

10  codes, letters, numerals, initials and other symbols, including a list of the names of

11  persons identified by initials."  Defendants agreed to produce documents

12  responsive to this request pursuant to Federal Rule of Civil Procedure 33(d) and

13  have now done so.  Narita Decl. at ¶ 9.

14              **14.    Interrogatory Number 18**

15       Interrogatory number 18 asks Credigy Services Corporation [16] to describe "in

16  detail the effort Defendant has made to preserve, search for, identify, collect,

17  review, and produce relevant documents."  Defendants properly objected to this

18  vague, overbroad, burdensome and invasive request.  Notwithstanding those

19  objections, Credigy Services Corporation replied that it "has produced documents

20  in this action consistent with its obligations under the Federal Rules of Civil

21  Procedure."

22

23  _____

24       [16]  As stated above, Plaintiffs imply that this request was served on each
   Credigy defendant collectively.  In fact, this interrogatory was addressed only to
25  Credigy Services Corporation.  The interrogatory asks about the efforts of
   "Defendant" which can only be assumed to mean the entity to which the requests
26  were addressed – Credigy Services Corporation. (In her requests, Mrs. Fausto defines
27  the plural term "Defendants" to include all Credigy entities. "Defendant" is
28  undefined).

1       Plaintiffs' reliance on *Dickard* is misplaced.  There, the defendant was

2   ordered to respond to such an interrogatory based on the fact that it stated that no

3   documents responsive to many of the plaintiff's claims existed.  *Dickard v.*

4   *Oklahoma Management Services for Physicians, LLC,* 2007 WL 2460618 at *5

5   (W.D.Ark.).  Here, Defendants have now produced nearly two thousand pages of

6   documents to Plaintiffs.  There is no reason to compel a further response to this

7   interrogatory.

8              **15.    Interrogatory Number 19**

9       Mrs. Fausto asked Credigy Services to identify "the net worth including the

10  assets and liabilities of each and every Defendant in this action."  Credigy objected

11  on the grounds that Credigy Services Corporation "has no knowledge as to the 'net

12  worth including the assets and liabilities' of the individual defendants named in

13  this action" nor is that confidential personal information regarding those certain

14  individuals relevant to this action.[17]

15      Separately, Defendants were ordered by this Court to produce "copies of its

16  unaudited financial statements and tax returns for 2005, 2006, and 2007."  *See*

17  Order of June 13, 2008 (docket no. 67).  Before this motion was filed, Defendants

18  produced this information to Plaintiffs as ordered by the Court, with one exception

19  that was not yet available.  As of the date required for a response, Defendants'

20  2007 tax returns were not completed and had not been filed.  When Defendants

21  produced the documents to Plaintiff on July 2, 2008, they informed Plaintiffs'

22

23

24       [17]   Furthermore, even if Defendants wanted to produce this information to

25  Plaintiffs, they cannot.  Counsel for the Credigy defendants do not represent the
    individual defendants in this action and certain of those individuals have not been

26  able to be located by Defendants or their counsel.  They are residents of Brazil who

27  no longer are employed by any Credigy entity.  Any question about their net worth

28  is best addressed to them.

1    counsel of that fact and stated that the 2007 returns would be produced as soon as

2    copies were available.[18]  Narita Decl. at ¶ 19.

3         Defendants have received copies of the 2007 tax returns, and they have been

4    produced to Plaintiffs.  *Id*.  Defendants have responded to this interrogatory in full

5    by producing documents that clearly reflect the information requested.  There is

6    nothing further to compel.

7              **16.    Interrogatory Number 20**

8         Interrogatory number 20 asks Credigy Services Corporation  to "name all

9    persons who investigated the Fausto's claims of harassment and unlawful

10   collection practices."  The first time Defendants ever became aware of any claims

11   by Plaintiffs "of  harassment and unlawful collection practices" was when they

12   were served with the Complaint in this action.  All "investigations" of any such

13   claims were made in the course of preparing Defendants' defense to the action.

14   The information requested is therefore subject to the attorney-client privilege.

15   Plaintiffs are not entitled to this information.

16             **17.    Request for Admission Number 1**

17        Request for admission number 1 asks Credigy Services Corporation to

18   "admit that Defendants reported the Fausto's alleged debt to credit reporting

19   agencies and did not report the debt as disputed."  The request was responded to as

20   it was written– "Denied."  Credigy Services provided the additional information to

21   Plaintiffs as to why it denied the request.  Defendants should not be ordered to

22

23

24         [18]  Counsel for Defendants clearly explained to Plaintiffs that the "document

25   production does not contain 2007 tax returns for Credigy Services Corporation,
     Credigy Receivables, Inc., nor Credigy Solutions, Inc. as those returns have not yet

26   been filed.  They are scheduled to be filed on or about July 15th and once they are

27   completed and copies are received from Credigy's accountants, they will be

28   produced."

1    respond further to this request because Mrs. Fausto does not like the response.
2    There is nothing to compel.

3                    **18.    Request for Admission Number 2**

4            Request for admission number 2 asks Credigy Services Corporation to
5    "admit that December 2006 Defendants reported the Fausto's debt to credit
6    reporting agencies and did not report the debt as disputed." The request was
7    responded to as it was written – "Denied." As explained above, Credigy Services
8    provided information to Plaintiffs as to why it denied the request. There is nothing
9    further to compel.

10

11   **IV.   <u>CONCLUSION</u>**

12           For the foregoing reasons, Defendants respectfully submit that Plaintiffs'
13   motion to compel written discovery should be denied.

14

15   DATED: August 13, 2008              SIMMONDS & NARITA LLP
                                         TOMIO B. NARITA
16                                       JEFFREY A. TOPOR

17

18                                       By:   s/Tomio B. Narita
                                               Tomio B. Narita
19                                             Attorneys for Defendants
                                               Credigy Services Corporation,
20                                             Credigy Receivables, Inc., and
                                               Credigy Solutions, Inc.

21

22

23

24

25

26

27

28