TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Credigy Services Corporation,
Credigy Receivables, Inc., and
Credigy Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: C 07 05658 JW (RS)<br><br>**DECLARATION OF TOMIO B. NARITA IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WRITTEN DISCOVERY BY DEFENDANTS CREDIGY SERVICES CORP., CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.**<br><br>Date:  September 3, 2008<br>Time:  9:30 a.m.<br>Ctrm:  4, 5th Floor<br><br>The Honorable Richard Seeborg |

I, Tomio B. Narita, declare:

1. I am an attorney duly licensed to practice in this district court and before all courts of the State of California. I am a partner of Simmonds & Narita LLP, counsel for defendants Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc. (collectively, "Defendants"). I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Compel Written Discovery. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify competently thereto.

2. Plaintiffs claim they sent me a letter via email on June 30, 2008 which detailed their disputes regarding Defendants' discovery responses. Memorandum in Support of Plaintiffs' Motion to Compel ("Plaintiffs' Memorandum") at page 1, lines 2-7. Counsel for the parties have been communicating via email without incident throughout the course of this case. However, I did **not** receive any letter from Plaintiffs on that date.

3. On July 7, 2008, I received an email from counsel for Plaintiffs, Ronald Wilcox, which referenced a letter dated June 30th. I promptly responded to that email informing Mr. Wilcox that no such letter was received. In response, on July 7, 2008, Mr. Wilcox sent a letter by facsimile to my office which bore the date of June 30, 2008. That was the first time Defendants were informed of the present discovery disputes.

4. That same day, July 7, 2008, I called Mr. Wilcox in an attempt to meet and confer, but he was unable to reach him or to leave a message as his voice mailbox was "full." I sent an email to Mr. Wilcox explaining this problem to him. Mr. Wilcox and I eventually connected by telephone on Friday, July 11, 2008. The call lasted less than an hour, but the parties made progress. During that call, I agreed to call Mr. Wilcox to meet and confer regarding discovery issues on Monday, July 14th.

1      5.    On Monday, July 14, 2008, my wife underwent a minor surgical
2  procedure. Because of certain complications, the procedure took far longer than
3  had been expected. I was unable to be at my office on that day or the following
4  day, July 15th, due to my wife's condition.
5      6.    I believed, because of the progress made in the conversation I had
6  with Mr. Wilcox on Friday, July 11th, that the parties were on their way to
7  resolving the discovery disputes without the Court's intervention. But Mr. Wilcox
8  never attempted to reach me again. Instead, he filed two voluminous motions to
9  compel, including the present motion, on the afternoon of Tuesday, July 15, 2008.
10     7.    The redacted portions of the documents Bates labeled FA 63-65 are
11 the names of other non-party entities that are covered by an insurance policy. The
12 names of these non-party insureds are neither relevant to this action nor calculated
13 to lead to the discovery of admissible evidence. In any event, the insurance carrier
14 in this case has denied coverage.
15     8.    On July 2, 2008, Defendants produced 697 pages of documents to
16 Plaintiffs, including employee files of non-parties. The social security numbers
17 and Brazilian personal identification numbers were redacted from those
18 documents to protect the privacy of those individuals. Defendants have also
19 produced further employee files and have redacted the same personal
20 identification numbers from them. Defendants have agreed to provide a privilege
21 and redaction log to Plaintiffs and are in the process of completing its preparation.
22     9.    At the time Plaintiffs filed this motion, Defendants had produced
23 almost 1,000 pages of documents. Defendants have since supplemented their
24 document production with hundreds of additional documents, including all non-
25 privileged documents in Defendants' custody or control responsive to Manuel
26 Fausto's Discovery to Defendants, Set One document requests numbered 4 and 5.
27 Defendants have produced copies of their collection logs, "screen shots" of
28

Defendants' collection programs reflecting all information about Plaintiffs' account including any "address and telephone tables." Defendants have also produced a key to all of the codes used in the collection logs and notes. Defendants have also provided copies of all correspondence in their possession, custody or control related to Plaintiffs' account including Defendants' "dispute resolution file" as well as Defendants' service agreement with non-party LiveVox, Inc. Defendants have also supplemented their written response to Mr. Fausto's document requests numbered 4 and 5. Defendants have no further documents in their possession, custody or control that are responsive to these requests.

10. In connection with their initial disclosures, Defendants produced their employee manual related to the policies and procedures regarding the collection of debts. On August 4, 2008, Defendants produced another 58 pages of training materials to Plaintiffs and on August 12, 2008, Defendants produced an additional 444 pages of training materials.

11. Prior to the filing of Plaintiffs' motion, Defendants had produced the General and Administrative Services Agreement between Credigy Services Corp. and Credigy Soluções Financeiras. On August 4, 2008, Defendants produced the Amended and Restated Servicing Agreement between Credigy Receivables Inc. and Credigy Services Corp., the Service Agreement between LiveVox Inc. and Credigy Solutions, Inc., the Collection Attorney Agreement between First Select Corp. and the law firm of Hunt and Henriques, the Purchase and Sale Agreement between First Select, Inc. and Credigy Receivables, Inc., and the bill of sale between First Select, Inc. and Credigy Receivables, Inc. related to Plaintiffs' account.

12. On June 5, 2008, Defendants issued a subpoena to Wells Fargo Bank in order to obtain documents related to Plaintiffs' account including documents that would evidence any payments made on the account. To date they have

received nothing in response to the subpoena that is responsive to any of Plaintiffs' discovery requests. On August 13, 2008, I forwarded Wells Fargo's response to Defendants' subpoenas to counsel for Plaintiffs.

13. On August 4, 2008, Defendants produced the Purchase Agreement between Wells Fargo Bank (Arizona), N.A. and First Select Corporation as well as a copy of the Wells Fargo Customer Agreement and Disclosure Statement related to Plaintiffs' account. On that same date, Defendants produced the FSI Master File containing all of the data related to Plaintiffs' account that was transferred to Defendants from First Select, the Collection Attorney Agreement between First Select Corp. and the law firm of Hunt and Henriques, and the First Select Corporation Account Agreement related to Plaintiffs' account.

14. On August 1, 2008, Defendants served: the Supplemental Response of Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc. to Plaintiff Manuel Fausto's Requests for Production of Documents and Interrogatories, Set One in which their written response to document requests numbered 4 and 5 were supplemented and their response to interrogatory number 16 was supplemented; the Supplemental Response of Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc. to Plaintiff Manuel Fausto's Interrogatories, Set Two in which their responses to interrogatory number 2 was supplemented; the Supplemental Response of Credigy Services Corporation to Plaintiff Luz Fausto's Interrogatories, Set One in which responses to interrogatories numbered 1 through 15 were supplemented; and the Supplemental Response of Credigy Services Corporation to Plaintiff Luz Fausto's Requests for Production of Documents, Set One in which written responses to document requests numbered 42 and 44 were supplemented. On August 7, 2008, Defendants served the Second Supplemental Response of Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc. to Plaintiff

Manuel Fausto's Requests for Production of Documents and Interrogatories, Set One in which their response to interrogatory number 13 (mislabeled in Mr. Fausto's requests and Defendants' response as interrogatory number 12).

15. On August 4, 2008, Defendants produced a "call detail" from their telephone service provider reflecting calls made to Plaintiffs and on or about August 6, 2008, I informed counsel for Plaintiffs that Defendants' original telephone bills for the relevant time period would be made available for Plaintiffs' review. On August 13, 2008, Defendants produced copies of their telephone bills showing calls placed to Plaintiffs' telephone number.

16. Plaintiffs seek the production of scripts used in the course of attempting to collect debts. Defendants had agreed to produce the requested documents upon entry of a stipulated protective order in this action, but it was recently discovered that there are no such scripts. Defendants have, however, produced the materials used to train collectors in the proper and expected ways to communicate with debtors.

17. Prior to the filing of Plaintiffs' motion to compel, Defendants had produced the employee files of 5 of its present or former employees (the individual defendants in this action). On July 2, 2008, Defendants produced the employee files of 20 additional former or current employees of Credigy Solutions Inc. or Credigy Soluções in Sao Paulo, Brazil. On August 12, 2008, Defendants produced three additional employee files of current or former employees.

18. Defendants recently received a translated transcript of a telephone call made by an employee who identified himself as "Moises." That employee has since been identified as Moises Manta. Prior to receipt of the translated recording, Defendants had no knowledge that Mr. Manta had ever had any contact with Plaintiffs. Defendants are now in the process of locating Mr. Manta's employee file in Brazil and will produce it when it is located.

19. By July 2, 2008, Defendants had produced to Plaintiffs tax returns for each Credigy Defendant for the years 2005 and 2006 and unaudited balance sheets for the years reflecting data through October 31, 2007. As of the date set by the Court for production of such financial documents, Defendants' 2007 tax returns were not completed and had not been filed. When Defendants produced documents to Plaintiff on July 2, 2008, my associate, Jeffrey Topor, informed counsel for Plaintiffs that the 2007 returns would be produced as soon as copies were available. Those 2007 tax returns were produced to Plaintiffs on July 28, 2008.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California, on this 13th day of August, 2008.

                                                                s/Tomio B. Narita
                                                                 Tomio B. Narita