TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Credigy Services Corporation,
Credigy Receivables, Inc., and
Credigy Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: C 07 05658 JW (RS) <br><br> **MEMORANDUM OF DEFENDANTS IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION** <br><br> Date:   September 3, 2008 <br> Time:   9:30 a.m. <br> Ctrm:   4, 5th Floor <br><br> The Honorable Richard Seeborg |

**I.    INTRODUCTION**

Plaintiffs Manuel Fausto ("Mr. Fausto") and Luz Fausto ("Mrs. Fausto") (collectively, "Plaintiffs") assert that Defendants continued to call them in an attempt to collect a debt after Plaintiffs asked them to stop calling. According to Plaintiffs, certain of the calls were harassing in nature. Defendants have denied all of Plaintiffs' claims.

By this motion, Plaintiffs seek further Rule 30(b)(6) depositions. But the Defendants have already produced a 30(b)(6) witness who was deposed months ago for over seven hours. As set forth in the Declaration of Tomio B. Narita, filed herewith, defendant Credigy Services Corporation ("Defendant") informed Plaintiffs within days after the renewed deposition notice (dated July 10, 2008) that Defendant was willing to arrange for a further 30(b)(6) deposition, so long as the parties agree upon the scope and location of the deposition.

Rather than work with Defendants, however, Plaintiffs unilaterally set the deposition for San Jose, California on July 10, 2008, even though Plaintiffs knew that all of the witnesses who can testify concerning the requested topics reside in Atlanta, Georgia. Counsel for Defendant then reinitiated the meet and confer process in order to provide Plaintiffs with the proper witness and to negotiate a mutually convenient date and location for the deposition.

There was only one brief phone call before this motion was filed. Counsel for Defendant was unable to attend the next scheduled call, because he was attending to his wife after her surgery became unexpectedly complicated. This motion was filed without further warning, approximately 24 hours after counsel for Defendant missed that call. Had Plaintiffs properly met and conferred in the spirit of Local Rule 37-1, instead of ambushing Defendant with a lengthy motion to compel, the Court would not have been burdened with this dispute. The motion should be denied based on Plaintiff's failure to meet and confer.

1   In addition, as set forth further herein, there is no basis for compelling any
2   further deposition testimony.  Defendants have agreed to produce a witness to
3   address all relevant topics, but Plaintiffs have not bothered to select dates for those
4   depositions in Atlanta.  With respect to certain topics, there is no legitimate basis
5   for the discovery, so the motion should be denied.

## II.   STATEMENT OF FACTS

### 1.   Allegations and Defenses in this Action

Plaintiffs claim that in the course of attempting to collect a debt from them, Defendants made improper collection phone calls, allegedly violating the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*, the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq.*, and related state law claims.  Defendants denied all of the material allegations of the First Amended Complaint.  They also assert that if any violation of the law occurred, it was the result of a bona fide error by Defendants notwithstanding the maintenance of procedures by Defendants to avoid any such error.

### 2.   Plaintiffs' Did Not Engage In A Proper Meet and Confer

On June 17, 2008, counsel for Defendant, Tomio Narita, sent counsel for Plaintiff, Ronald Wilcox, an email requesting clarification of the certain topics contained in a deposition notice served on June 10, 2008.  *See* Declaration of Tomio B. Narita in Support of Opposition to Plaintiffs' Motion to Compel Deposition ("Narita Decl.") at ¶ 2.  On July 7, 2008, Mr. Wilcox sent an email which completely ignored the issues raised in Mr. Narita's email, and which requested documents in advance of the deposition, on the date and at the location that he had unilaterally set.  *Id*. at ¶ 3.

Mr. Wilcox claimed that he had sent a letter via email on June 30, 2008 which detailed the response to Defendant's June 17th email.  *Id*.  But the counsel

1  for the parties have been communicating via email without incident throughout the
2  course of this case, and no such email was received on that date. *Id.* On July 7,
3  2008, Mr. Wilcox sent a letter bearing the date of June 30, 2008 by facsimile to
4  Mr. Narita. That was the first time Defendants were informed of the present
5  discovery disputes. *Id.*

6  Mr. Narita immediately called Mr. Wilcox on July 7, 2008, in an attempt to
7  meet and confer, but he was unable to reach Mr. Wilcox or to leave a message as
8  his voice mailbox was "full." *Id.* at ¶ 4. Counsel eventually connected by
9  telephone on Friday, July 11, 2008. During that call, Mr. Narita agreed to call Mr.
10 Wilcox regarding discovery issues on Monday, July 14th. *Id.*

11 On Monday, July 14, 2008, Mr. Narita's wife underwent a minor surgical
12 procedure. Because of certain complications, the procedure took far longer than
13 had been expected. Mr. Narita was unable to be at his office on that day or the
14 following day, July 15th, due to his wife's condition. *Id.* at ¶ 5.

15 Mr. Narita reasonably believed, given the progress made in the conversation
16 with Mr. Wilcox on the preceding Friday, that the parties were on their way to
17 resolving the discovery disputes without the Court's intervention. But Mr. Wilcox
18 never attempted to reach Mr. Narita again. Instead, he filed two voluminous
19 motions to compel, including the present motion, on the afternoon of Tuesday,
20 July 15, 2008. *Id.* at ¶ 6.

21

22 **III.   ARGUMENT**

23 In Plaintiffs' original 30(b)(6) deposition notice[1] they identified 28 topics.
24 Defendant asserted objections, but also used its best efforts to produce a

---

[1] Plaintiffs' Motion implies that the notices of deposition were served on each Credigy defendant. To the contrary, the notice was directed to Credigy Services Corporation only.

knowledgeable witness to testify – Jason Williams. That deposition took place on April 22, 2008, and lasted several hours.[2] It is not disputed that Mr. Williams did not have answers for certain of Plaintiffs' questions, and Defendant has agreed that a further 30(b)(6) deponent can be provided on certain subjects.

Plaintiffs have not set forth the specific deposition topics that are in dispute, nor do Plaintiffs make any attempt to explain the relevance of any of the subject matters on which they seek testimony. Defendant attempted to meet and confer with Plaintiffs regarding the deficiencies in their notice of deposition but received no response. Defendants asked Plaintiffs to withdraw this motion, but Plaintiffs refused. Now, despite Defendant's continued willingness to provide further witnesses for deposition, the Court and Defendant are forced to wade through the Plaintiffs' deposition notices and the motion.

**A.   Plaintiffs' Request for an Order to Control Deposition Conduct**

Plaintiffs seek an order to control deposition conduct specifically, an order to comply with Federal Rule of Civil Procedure 30 at the continued deposition of Defendant. Defendant will abide by the Federal Rules of Civil Procedure at its continued deposition, and there is no reason issue an order compelling Defendant to do so.

**B.   Testimony Regarding the Factual Basis for Defendant's Answer and Affirmative Defenses**

Defendant has already agreed to produce a witness to testify as to the factual basis for its Answer to the Complaint and Defendant's affirmative defenses including its bona fide error defense. There is no reason to compel a deposition to which Defendant already consents.

---

[2] In another action against Defendants in which the plaintiff is also represented by Mr. Wilcox, the Fed. R. Civ. P. 30(b)(6) deposition of Jason Williams was held on April 23, 2008. Plaintiffs cite to that deposition numerous times in their motion to compel.

### C. Testimony Regarding Defendant's Training, Practices and Procedures

Defendant has never objected to providing a deponent to testify as to Defendant's training of its employees. Despite its best efforts to produce a person most knowledgeable, Defendant's prior designee, Mr. Williams, lacked certain information. There is no reason to compel a deposition to which Defendant already consents.

### D. Testimony Regarding Information Related to Previous Complaints and Lawsuits Against Defendants

The information sought by Plaintiffs regarding prior complaints and lawsuits against Defendant asserted by other unrelated debtors in other parts of the country relating to the collection of other unrelated debts has no bearing on Plaintiffs claims or on the affirmative defenses asserted by Defendants. This is a simple case dealing with telephone calls made to collect on a single account. Plaintiffs are only entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claims or defense" in this action. *See* Fed. R. Civ. P. 26(b)(1).

Though admissibility at trial is not the test, far-reaching discovery requests must be reasonably calculated to lead to the discovery of admissible evidence and be within the scope of permissible discovery. *See Thompson v. Department of Housing and Urban Dev.*, 199 F.R.D. 168, 171 (D. Md 2001). Here, Plaintiffs have the burden of demonstrating the "plausible chain of inferences showing how discovery of the item sought would lead to admissible evidence." *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 651 (N.D. Ill. 1994). Discovery may be denied where the information sought is too remotely related to the claims and defenses in the action. The "standard of relevancy is . . . not so liberal as to allow a party to . . . explore matters which do not presently appear germane on the theory that it might conceivably become so." *Food Lion, Inc. V. United Food & Comm'l*

*Workers Int'l Un., AFL-CIO-CLC*, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997). Plaintiffs rely solely on two non-binding cases in which a Connecticut judge (the same magistrate judged issued both opinions) granted motions to compel production of legal complaints and judgments.[3] They have utterly failed to carry their burden of demonstrating that the information they seek is relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs do not even offer any explanation as to why they believe they are entitled to this information.[4]

Even assuming that the information is relevant to a claim that defendants allegedly violated the law after having "actual notice that [their] practices were actionable," *see Boutvis*, 2002 WL 971666 at *3, Plaintiffs' requests are still overbroad in at least three ways. First, the deposition topic is not limited to "complaints, judgment and consent orders" involving the same violations alleged in this case. A complaint, judgment or consent order involving unrelated types of collection conduct or unrelated "acts or practices under the FDCPA" would not tend to establish that Defendants had notice that the conduct alleged in this case was actionable. Second, a complaint merely sets forth <u>alleged</u> violations of the law; it does not establish that an actionable violation actually occurred. Thus, a complaint would not provide Defendants with "actual notice" that their conduct violated the law. Only a final adjudication by a court would do so. Third, the request is not appropriately limited in time, as it seeks documents for a period <u>after</u> the conduct alleged in this action. Such documents, by definition, could not provide Defendants with notice that something they did earlier was actionable.

---

[3] *Boutvis v. Risk Management Alternatives, Inc.*, 2002 WL 971666 (D. Conn. May 3, 2002); *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998).

[4] Furthermore, in *Boutvis*, the court explicitly found that the defendant had waived its right to object to the requests, although it did discuss the defendant's objection. *See* 2002 WL 971666 at **1, 3.

Plaintiffs seek to make discovery in this straightforward case as broad and expensive as they possibly can, with the apparent goal of forcing Defendants to pay them a settlement rather than respond to the discovery. But Plaintiffs have not even attempted to meet their burden of showing that the information requested is relevant to any of Plaintiffs' claims and they cannot do so.

### E.  Testimony Related to the Financial Condition of Defendant

Defendant has always agreed to produce a witness to testify as to its financial condition. Defendant produced Jason Williams as its 30(b)(6) designee at the deposition held on April 22, 2008 pursuant to Plaintiffs' notice of deposition. Defendants prior counsel explained to counsel for Plaintiff that Mr. Williams was **not** the person most knowledgeable with respect to Defendant's Financial Condition and the parties agreed to meet and confer about that issue. *See* Declaration of Ron Wilcox in Support of Plaintiffs' Motion to Compel Deposition at Exhibit 5, page 213:5-21 and Plaintiffs' Memorandum in Support of Motion to Compel Deposition at page 15, footnote 27. Defendant will produce a witness to testify as to this topic. There is no reason to compel a deposition to which Defendant already consents.

### F.  Testimony Regarding Defendant's "Telephone Practices"

Plaintiffs' notice of deposition of Defendant included a list of 28 topics including "the telephone systems and practices of Defendant relating to debt collection"– a topic that is vague and ambiguous. Plaintiffs deposed Defendant's Fed. R. Civ. P. 30(b)(6) designee who– not surprisingly– did not have answers to certain of Plaintiffs' questions about the third-party automated telephone service, LiveVox, Inc. Defendant could not anticipate exactly what information Plaintiffs sought by their vague and ambiguous topics before the time of the deposition and only during the deposition did Plaintiffs bring up LiveVox. Defendant is, however, willing to produce a deponent who is competent to answer such

questions as Plaintiffs have identified in their motion. There is no reason to compel a deposition to which Defendant already consents.

**G.   Testimony Regarding Defendant's "Denials" in it's Answer**

Defendant agrees to produce a witness to testify as to the factual basis for its Answer to the Complaint and Defendant's affirmative defenses including its bona fide error defense. There is no reason to compel a deposition to which Defendant already consents.

**H.   Testimony Regarding Witnesses and Investigation**

Plaintiffs seek testimony about "what actions Defendants took in response to Plaintiffs [sic] allegations." The first time Defendants ever became aware of any allegations by Plaintiffs was when they were served with the Complaint in this action. All "investigations" of any such claims were made in the course of preparing Defendants' defense to this action. The information requested is therefore subject to the joint defense and/or the attorney-client privileges. Plaintiffs are not entitled to this information. To the extent that Plaintiffs seek to compel testimony as to the factual basis for Defendant's Answer to the Complaint and affirmative defenses, Defendant has agreed to produce a deponent to testify to that topic.

**I.   Testimony Regarding "Documents Sent to and/or Received From Plaintiffs or Anyone Else Regarding Plaintiffs and "All Documents Relating to Plaintiff"**

Defendant objected to Plaintiff's very vague deposition topics seeking testimony about "documents sent to and/or received from Plaintiffs or anyone else regarding Plaintiffs" and "all documents relating to Plaintiff" on the grounds that they might seek testimony about information protected by the attorney-client privilege but agreed to produce a deponent nonetheless.

Plaintiffs suggest that Defendant must be ordered to produce a witness to testify about these topics based on the fact that Defendant did not provide a privilege log with its objections to Plaintiffs' notice of deposition. This argument

is absurd. How can Defendants produce a privilege log related to questions that have never been asked?

In any event, Defendant agreed to produce a witness with regard to this topic and it did so – Jason Williams. If Plaintiffs feel that they are entitled to further testimony on these topics, Defendant does not object. Defendant will not allow its designee to testify as to privileged matters but will assert such objections as necessary at the continued deposition. There is no reason to compel a deposition to which Defendant already consents.

### J. Testimony Regarding Bonuses or Commissions to Collectors

Defendant objected to Plaintiffs' deposition topic related to any bonuses or commissions paid to its employees on the grounds that the information sought is proprietary and confidential. Defendants further objected on the grounds that this confidential information is not relevant to the subject matter of the lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant believes that its objections were reasonably and properly asserted. Plaintiffs have not demonstrated the relevance of the requested information, much less any reason to produce the information that outweighs the individuals' rights to privacy. Plaintiffs are only entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claims or defense" in this action. *See* Fed. R. Civ. P. 26(b)(1). *See also* section III. D. above.

### K. Documents Requested in Connection With Plaintiffs' Notice of Deposition

Plaintiffs have filed a separate motion to compel production of documents by Defendant (docket number 71). Defendant's arguments as to the documents requested by Plaintiffs in their discovery requests are adequately addressed in the Memorandum in Opposition to Plaintiffs' Motion to Compel Written Discovery by Defendants Credigy Services Corp., Credigy Receivables, Inc. and Credigy Solutions, Inc. filed on this same date. Defendant has produced all of the

documents requested by Plaintiff in the present motion that are in its possession, custody or control.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully submits that Plaintiffs' motion to compel deposition should be denied.

DATED: August 13, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: s/Tomio B. Narita
Tomio B. Narita
Attorneys for Defendants
Credigy Services Corporation,
Credigy Receivables, Inc., and
Credigy Solutions, Inc.