TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants and Cross-Complainant Credigy Services Corporation, and for Defendants Credigy Receivables, Inc. and Credigy Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDIGY SERVICES CORPORATION *et al.*,<br><br>Defendants.<br>___<br>CREDIGY SERVICES CORPORATION,<br><br>Counterclaimant,<br><br>vs.<br><br>LUZ FAUSTO and ROES 1 through 25,<br><br>Counterdefendants.<br>___ | CASE NO.: C 07 05658 JW (RS)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT CREDIGY SERVICES CORPORATION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING ASSERTING COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date: September 22, 2008<br>Time: 9:00 a.m.<br>Ctrm: 8 (Fourth Floor)<br><br>The Honorable James Ware |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 22, 2008 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 of the above-entitled Court, located at 280 North First Street, San Jose, California, the Honorable James Ware presiding, defendant Credigy Services Corporation ("CSC"), will and hereby does move this Court for an Order granting CSC leave to file a supplemental pleading asserting a counterclaim in this action.

Good cause exists for granting the motion. Although the proposed new pleading by CSC arises out of the transaction or occurrence that is the subject matter of Plaintiffs' claims, CSC did not discover the claim, and the counterclaim therefore did not mature, until after CSC filed its Answer to Plaintiffs' First Amended Complaint. *See* Fed. R. Civ. P. 13(a)(1)(A) & 13(e). Further, leave to amend is to be liberally granted. *See* Fed. R. Civ. P. 15(a).

The motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of the Motion and the Declaration of Tomio B. Narita filed concurrently herewith, all of the papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

DATED: August 18, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: s/Tomio B. Narita
Tomio B. Narita
Attorneys for Defendant and Counterclaimant Credigy Services Corporation, and for Defendants Credigy Solutions Inc., Credigy Receivables Inc.

# TABLE OF CONTENTS

I. INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Legal Standards.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. CSC Should Be Permitted To Assert Its Counterclaim Because It Arose Out Of The Same Transaction Or Occurrence That Is The Subject Of Plaintiffs' Claims.. . . . . . . . . . . . . 8

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Banks v. CBOCS West*,
2003 WL 21805121 (N.D. Ill. June 30, 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Campos v. Western Dental Servs., Inc.*,
404 F. Supp. 2d 1164 (N.D. Cal. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Chrysler Corp. v. Fedders Corp.*,
540 F. Supp. 706 (S.D.N.Y. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Foman v. Davis*,
371 U.S. 178 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Four Seasons Solar Prods. Corp. v. Sun Sys. Prefabricated Solar Greenhouses, Inc.*,
101 F.R.D. 292 (D.C.N.Y. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*,
1991 WL 10931 (E.D.N.Y. Jan. 24, 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Great Lakes Rubber Corp. v. Herbert Cooper Co.*,
286 F.2d 631 (3d Cir. 1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Keller Med. Specialties Prods. v. Armstrong Med. Indus., Inc.*,
1992 WL 390733 (N.D. Ill. Dec. 15, 1992). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Magnesystems, Inc. v. Niken, Inc.*,
933 F. Supp. 944 (C.D. Cal. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Montalti v. Catanzariti*,
191 Cal. App. 3d 96 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Paulson v. City of San Diego*,
294 F.3d 1124 (9th Cir. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Penn Central Transp. Co. v. American Investors Co. No. 5*,
419 F. Supp. 1376 (D.C. Pa. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Otsuka v. Polo Ralph Lauren Corp.*,
2008 WL 2037621 (N.D. Cal. May 12, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pochiro v. Prudential Ins. Co. of Am.*,
827 F.2d 1246 (9th Cir. 1987).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ralli v. Tavern on The Green*,
566 F. Supp. 329 (D.C.N.Y. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, 2001 WL 1702151 (S.D.N.Y. Jan. 11, 2002). . . . . . . . . . 6, 7, 8

*Woodrow v. Satake Family Trust*, 2006 WL 2092630 (N.D. Cal. July 27, 2006) . . . . . . . . . . 5

*Young v. City of New Orleans*, 751 F.2d 794 (5th Cir. 1985). . . . . . . . . . 6

## FEDERAL STATUTES

Fair Debt Collection Practices Act,
15 U.S.C. 1692 *et seq*. . . . . . . . . . 1

28 U.S.C. § 1367(a). . . . . . . . . . 9, 10
28 U.S.C. § 1367(c). . . . . . . . . . 10

## STATE STATUTES

California Penal Code
§ 632. . . . . . . . . . 2, 4, 6, 11
§ 632(a). . . . . . . . . . 2
§ 632(c) . . . . . . . . . . 3, 6
§ 637. . . . . . . . . . 4
§ 637.2. . . . . . . . . . 2, 4, 6, 11
§ 637.2(a). . . . . . . . . . 2

## OTHER AUTHORITIES

United States Constitution,
Article III. . . . . . . . . . 8

Federal Rules of Civil Procedure,
Rule 7(a)(2). . . . . . . . . . 5
Rule 13. . . . . . . . . . 6, 7
Rule 13(a). . . . . . . . . . 2, 5, 9
Rule 13(a)(1). . . . . . . . . . 5
Rule 13(a)(1)(A). . . . . . . . . . 5, 8
Rule 13(a)(1)(B). . . . . . . . . . 5
Rule 13(b). . . . . . . . . . 5
Rule 13(e). . . . . . . . . . 6, 7, 9
Rule 15. . . . . . . . . . 6, 7
Rule 15(a)(2). . . . . . . . . . 7

# I. INTRODUCTION

On November 7, 2007, plaintiff Manuel Fausto and Luz Fausto ("Fausto") (collectively, "Plaintiffs") filed their Complaint in this action alleging, *inter alia*, that employees of Defendant Credigy Services Corporation ("CSC") placed improper telephone calls to them while attempting to collect a debt. Plaintiffs assert claims against CSC, Credigy Receivables, Inc. and Credigy Solutions, Inc. (collectively, "Defendants") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, as well as various state law claims.

During discovery in this action, Plaintiffs revealed that they had recorded some of the phone calls allegedly placed by employees of CSC. Defendants requested that Plaintiffs immediately produce the recordings. Plaintiffs refused, and moved for a protective order seeking to delay production of the tapes. On June 16, 2008, however, the Court denied Plaintiffs' motion and ordered them to produce the tapes. On July 18, 2008, Plaintiffs finally produced the recordings to Defendants.

The recordings – which have been translated from Spanish to English – reveal that Fausto and (on information and belief) others working in conjunction with her, including her attorneys, secretly recorded the calls, and knowingly failed to request and obtain the prior consent of CSC's employees to be recorded. This conduct by Fausto and those working with her constitutes a blatant violation of

section 632 of the California Penal Code.[1] The secret recordings also support a claim for relief under section 637.2 of the California Penal Code.[2]

At the times the secret tapes were finally produced, CSC had already served an Answer to Plaintiffs' First Amended Complaint. Thus, CSC requested that Fausto stipulate to CSC's filing of a counterclaim. Fausto refused, and CSC was forced to file this motion.

Although the counterclaim is not a compulsory counterclaim within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure – because it did not mature until CSC discovered that its employees had been secretly recorded – the proposed counterclaim undeniably arises out of the same set of transactions and occurrences at issue in the Complaint. Indeed, it arises out of certain of the identical telephone calls upon which Plaintiffs assert their claims against Defendants. The Court can and should exercise supplemental jurisdiction over this claim, so that these interrelated issues can be resolved efficiently in a single proceeding.

---

[1] Section 632(a) provides as follows: "Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. If the person has previously been convicted of a violation of this section or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment."

[2] Section 637.2(a) permits any person injured as a result of a violation of section 632 to "bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000). (2) Three times the amount of actual damages, if any, sustained by the plaintiff."

CSC has neither unduly delayed bringing its motion, nor has it acted in bad faith. Plaintiffs will not be prejudiced if the motion is granted. The case is still in the discovery phase, and a trial date has not yet been set. Permitting the counterclaim will not lead to any confusion or inconvenience. Accordingly, CSC respectfully requests it be permitted leave to assert its proposed counterclaim.[3]

## II. STATEMENT OF FACTS

Beginning in January 2007, CSC employees had telephone conversations concerning a financial obligation that Plaintiffs owe to defendant Credigy Receivables, Inc. Fausto initiated certain of these conversations, while others were initiated by CSC employees (on behalf of Credigy Receivables). All of the conversations were "confidential" within the meaning of section 632(c) of the California Penal Code.[4] On dates that are presently unknown to CSC, Fausto, while located in California, secretly recorded an unknown number of the telephone conversations, without the consent of CSC or its employees. CSC is informed and believes, and based thereon has alleged, that Fausto was working in conjunction with others (including her attorneys) at the time she made the unlawful recordings.

---

[3] A true and correct copy of CSC's proposed counterclaim is attached as Exhibit D to the Declaration of Tomio B. Narita in Support of Motion of Defendant Credigy Services Corporation for Leave to File Supplemental Pleadings Asserting Counterclaim ("Narita Decl.").

[4] "The term 'confidential communication' includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Pen. Code § 632(c).

On May 12, 2008, Defendants requested that Plaintiffs' counsel provide them "with information concerning any tape recordings of employees of Credigy that are in your possession or in your clients' possession," as well as "copies of those tapes." *See* Narita Decl. at ¶ 2, Ex. A. Instead of producing the tape recordings, on May 21, 2008, Plaintiffs moved for a protective order seeking to delay production of the tapes until they had deposed certain CSC employees. *See* Doc. No. 55. On June 19, 2008, the Court denied Plaintiffs' motion. *See* Order Denying Plaintiffs' Motion for a Protective Order dated June 19, 2008 (Doc. No. 68). On July 18, 2008, Plaintiffs produced a cassette tape containing some recordings. Narita Decl. at ¶ 3, Ex. B.

Included on the tape was a conversation allegedly between Fausto and CSC employees. The conversation, which was in Spanish and which has been translated to English, reveals that Fausto (or others present during the conversation) never informed the CSC employees that she was recording the conversation. The conversation also reveals that neither CSC nor its employees ever consented to the recording of the conversation. *Id*. at ¶ 4.

Because more than twenty days had elapsed since CSC had filed its Answer, CSC requested that Fausto stipulate to CSC filing a counterclaim. *Id*. at ¶ 5. Fausto refused. *Id*. Accordingly, CSC seeks leave to file a supplemental pleading asserting a counterclaim under California Penal Code §§ 632 and 637.2.

## III. ARGUMENT

### A. Legal Standards

The Federal Rules of Civil Procedure define two types of counterclaims: compulsory and permissive. *See* Fed. R. Civ. P. 13(a), (b). A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and would not require the addition of a

party over whom jurisdiction cannot be obtained. *See id*. 13(a)(1)(A), (B). Any counterclaim "that is not compulsory" is permissive. *See id.* 13(b).

The Ninth Circuit applies the "logical relationship" test when determining if a counterclaim is compulsory. *See Woodrow v. Satake Family Trust*, 2006 WL 2092630, *1 (N.D. Cal. July 27, 2006) (citing *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). Under the logical relationship test, the court must "analyze[] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* (internal quotation marks omitted; citing *Pochiro*). "A logical relationship exists when a counterclaim arises from the same set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the plaintiff's claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* (finding that federal and state claims formed part of same case or controversy where there was "an historically limited time frame and set of interactions between the parties that gave rise to the claims *and* defenses *and* counterclaims at issue in this case," and exercising supplemental jurisdiction over counterclaim) (italics in original).

A party must include in its pleading – including an Answer to a Complaint – any compulsory counterclaim that the party <u>then</u> has against an opposing party. *See* Fed. R. Civ. P. 13(a)(1); *see also id.* 7(a)(2) (setting forth "an answer to a complaint" as allowable pleading). A counterclaim that has <u>not</u> matured as of the time a defendant serves its answer, however, is <u>not</u> a compulsory counterclaim. *See, e.g., Young v. City of New Orleans*, 751 F.2d 794, 800 (5th Cir. 1985) ("A counterclaim acquired by the defendant after he has answered will not be considered compulsory even if it arises out of the same transaction as does the plaintiff's claim."); *Keller Med. Specialties Prods. v. Armstrong Med. Indus., Inc.*,

1992 WL 390733, *3 (N.D. Ill. Dec. 15, 1992). Such a counterclaim may be asserted later.

Specifically, "the court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." *See* Fed. R. Civ. P. 13(e). "Maturity of a claim is synonymous with accrual. . . . This is the point from which a statute of limitations would run." *Keller Med. Specialties Prods.*, 1992 WL 390733 at *3.

The statute of limitations for a claim based on the unauthorized recording of a confidential communication does not begin to run until the impermissible recording is discovered. Because "secret monitoring of private conversations is conduct not subject to contemporary reasonable discovery," a claim for damages under section 637.2 of the California Penal Code does not accrue until the victim learns of the secret monitoring. *See Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 99-100 (1987).[5] Thus, claims under section 632 and 637.2 do not mature until the violation is discovered.

In deciding whether to grant leave to file a supplemental pleading asserting a newly-matured counterclaim, the Court should read Rule 13 in conjunction with Rule 15. *See Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, 2001 WL 1702151, *4 (S.D.N.Y. Jan. 11, 2002) (citing *Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, 1991 WL 10931, *1 (E.D.N.Y. Jan. 24, 1991)); *see also Magnesystems, Inc. v. Niken, Inc.*, 933 F. Supp. 944, 947-48 (C.D. Cal. 1996) (observing that "[c]ourts have considered Federal Rule 13 in conjunction with Federal Rule 15, applying factors to consider for leave to amend to counterclaims. [Citation omitted]."). Under Rule 15, leave to amend is within the Court's discretion and

[5] When federal courts are interpreting state law they "are bound to follow the decisions of the state's highest court." *See Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002) (using California Supreme Court precedent to decide an issue of California law).

should be given "freely . . . when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Tommy Hilfiger Licensing, Inc.*, 2001 WL 1702151 at *4 ("This liberal amendment policy of Rule 15 applies to requests to add counterclaims pursuant to Rule 13(e)."); *Four Seasons Solar Prods. Corp. v. Sun Sys. Prefabricated Solar Greenhouses, Inc.*, 101 F.R.D. 292, 294 (D.C.N.Y. 1983) (same). In determining whether to grant leave, the Court should consider whether undue delay, bad faith, futility or prejudice to the opposing party exist. *See Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Absent prejudice to the plaintiff or a delay of trial resulting from the necessity of conducting additional discovery – neither of which is present here – the addition of a counterclaim is generally permitted. *See Ralli v. Tavern on The Green*, 566 F. Supp. 329, 332 (D.C.N.Y. 1983) (citing *Chrysler Corp. v. Fedders Corp.,* 540 F. Supp. 706 (S.D.N.Y. 1982). Likewise, the court can permit a counterclaim to be asserted if it will not result in confusion or inconvenience. *See Tommy Hilfiger Licensing, Inc.*, 2001 WL 1702151 at *6.

Where the counterclaim arises out of the same transaction or occurrence as the plaintiff's claim – in other words, where a logical relationship exists between the claim and the counterclaim, and the essential facts are logically connected – judicial economy and fairness weigh heavily in favor permitting the counterclaim and resolving all issues in a single lawsuit. *See id.* at *7 (denying leave to file counterclaim because no logical relationship existed); *Penn Central Transp. Co. v. American Investors Co. No. 5*, 419 F. Supp. 1376, 1383 (D.C. Pa. 1976) ("Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that

the counter-claimant be permitted to maintain his cause of action.") (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir. 1961)).

Finally, "[p]ermissive counterclaims require an independent basis for subject matter jurisdiction. . . . Where there is no independent basis for jurisdiction, the Court may exercise supplemental jurisdiction over the permissive counterclaims under 28 U.S.C. § 1367." *Otsuka v. Polo Ralph Lauren Corp.*, 2008 WL 2037621, *3 (N.D. Cal. May 12, 2008). Section 1367 provides that, where the Court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see Otsuka*, 2008 WL 2037621 at *3 (stating that non-federal claims are part of same case as federal claims when they derive from common nucleus of operative facts).

### B. CSC Should Be Permitted To Assert Its Counterclaim Because It Arose Out Of The Same Transaction Or Occurrence That Is The Subject Of Plaintiffs' Claims

Had CSC known of the secret recordings when it answered Plaintiffs' First Amended Complaint, its counterclaim would have been compulsory because it clearly arose out of the transactions and occurrences that are the subject matter of Plaintiffs' claims. *See* Fed. R. Civ. P. 13(a)(1)(A). CSC, however, did not discover the violation – and its counterclaim did not mature – until after Plaintiffs produced the recordings during discovery and they were subsequently translated. Courts have granted leave to file a counterclaim in such circumstances. *See Banks v. CBOCS West*, 2003 WL 21805121, *1 (N.D. Ill. June 30, 2003) (granting Rule 13(e) motion for leave to file counterclaim that "may not have fully matured until [plaintiff] produced to [defendant] additional confidential documents" during discovery); *Keller*, 1992 WL 390733 at *4 (concluding that counterclaim had not

matured when answer filed because counterclaimants not aware of all facts "necessary for the claim to have matured").

Because the counterclaim was not mature when CSC served its Answer and thus was not a compulsory counterclaim, the counterclaim asserted here is a permissive counterclaim. But for the fact that CSC's counterclaim matured after CSC served its Answer, it would be a compulsory counterclaim based on the definition set forth in Rule 13(a), because it "arise[s] out of the transaction or occurrence that is the subject matter of [Plaintiffs'] claim."

In fact, the counterclaim arises out of some of the identical telephone calls upon which Plaintiffs seek to base their claims. A more "logical relationship" could not exist. Judicial economy and fairness considerations dictate that resolving all of these issues in the same suit. The Court can and should exercise supplemental jurisdiction over CSC's counterclaim under section 1367(a) of Title 28.

Even if state and federal claims do not arise out of the same transactions or occurrences "'does not mean that the state law claim does not arise out of facts that bear some relationship to the facts from which the federal claim arises so that the state claim and the federal claim are considered part of the same constitutional case.'" *Campos v. Western Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1168 (N.D. Cal. 2005) (holding that supplemental jurisdiction existed over debt collector's counterclaim for underlying debt in Fair Debt Collection Practices Act action brought by debtor, but declining to exercise jurisdiction). Assuming *arguendo* that CSC's state law claim and Fausto's federal law claim do not arise out of the same transactions or occurrences, the Court may still exercise supplemental jurisdiction over CSC's counterclaim because it arises out of facts bearing a relationship to the facts out of which Plaintiffs' claims arise – the telephone calls –

and is "so related" to Plaintiffs' claims "that they form part of the same case or controversy" within the meaning of section 1367(a). *See id.* at 1168-69.

Although the Court may decline to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(c),[6] CSC respectfully submits that the Court should exercise supplemental jurisdiction over its counterclaim. CSC's counterclaim does not raise a novel or complex issue of California law and does not substantially predominate over the claims brought by Plaintiffs; the Court has not dismissed any of Plaintiffs' claims; and there are no exceptional circumstances or compelling reasons to decline jurisdiction. Given that the claim CSC seeks to assert arose out of the same factual circumstances surrounding Plaintiffs' initial complaint, fairness and judicial economy would be served by adjudicating these inextricably intertwined claims together in one action.

Finally, CSC has neither unduly delayed bringing its motion nor done so in bad faith. Plaintiffs cannot demonstrate that granting CSC's motion will prejudice them. Discovery is still underway, and no trial date has been set. Permitting the counterclaim will not cause any confusion or inconvenience to the parties or the Court. Indeed, Plaintiffs have been on notice of the factual basis for the proposed counterclaim since May 13, 2008, when Defendants requested the recordings and

---

[6] The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

advised them of the possible counterclaim. Accordingly, CSC respectfully requests it be permitted leave to assert its proposed counterclaim.

## IV. CONCLUSION

Based on the foregoing, Defendant CSC respectfully requests the Court permit it to file a supplemental pleading asserting a counterclaim under section 632 and 637.2 of the California Penal Code.

DATED: August 18, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: s/Tomio B. Narita
Tomio B. Narita
Attorneys for Defendant and Counterclaimant Credigy Services Corporation and for Defendants Credigy Solutions Inc., Credigy Receivables Inc.