1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendants and
7  Cross-Complainant Credigy Services
   Corporation, and for Defendants
8  Credigy Receivables, Inc. and
   Credigy Solutions, Inc.
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13  MANUEL G. FAUSTO, AND LUZ        )  CASE NO.: C 07 05658 JW (RS)
14  FAUSTO,                          )
                                     )
15          Plaintiffs,              )  **DECLARATION OF TOMIO B.**
                                     )  **NARITA IN SUPPORT OF**
16          vs.                      )  **MOTION OF DEFENDANT**
                                     )  **CREDIGY SERVICES**
17  CREDIGY SERVICES                 )  **CORPORATION FOR LEAVE**
    CORPORATION *et al.*,            )  **TO FILE SUPPLEMENTAL**
18                                   )  **PLEADING ASSERTING**
            Defendants.              )  **COUNTERCLAIM;**
19  ─────────────────────────────   )  **MEMORANDUM OF POINTS**
                                     )  **AND AUTHORITIES IN**
20  CREDIGY SERVICES                 )  **SUPPORT OF MOTION**
    CORPORATION,                     )
21                                   )
            Counterclaimant,         )  Date:   September 22, 2008
22                                   )  Time:   9:00 a.m.
            vs.                      )  Ctrm:   8 (Fourth Floor)
23                                   )
    LUZ FAUSTO and ROES 1 through    )
24  25,                              )  The Honorable James Ware
                                     )
25          Counterdefendants.       )
                                     )
26  ─────────────────────────────   )

27

28

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
NARITA DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL
PLEADING ASSERTING COUNTERCLAIM

I, Tomio B. Narita, declare:

1.    I am an attorney duly licensed to practice in this district court and before all courts of the State of California.  I am a partner of Simmonds & Narita LLP, counsel for defendants Credigy Services Corporation ("CSC"), Credigy Receivables Inc. and Credigy Solutions Inc.  I make this declaration in support of the Motion of Defendant Credigy Services Corporation for Leave to File Supplemental Pleadings Asserting Counterclaim.  I have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify competently thereto.

2.    On May 12, 2008, I sent a letter to counsel for Plaintiff, Ronald Wilcox requesting that he counsel provide my office "with information concerning any tape recordings of employees of Credigy that are in your possession or in your client's possession," as well as "copies of those tapes."  A true and correct copy of that letter is attached hereto as **Exhibit A**.

3.    On July 18, 2008, counsel for Plaintiff, Balam Letona, produced a cassette tape containing some recordings.  A true and correct copy of Mr. Letona's letter enclosing the cassette tape is attached hereto as **Exhibit B**.

4.    Included on the tape produced by Plaintiff was a conversation allegedly between plaintiff Luz Fausto ("Fausto") and CSC employees.  The conversation was in Spanish and has been translated to English and it reveals that Fausto (or others present during the conversation) never informed the CSC employees that she was recording the conversations.  The conversations also reveal that neither CSC nor its employees ever consented to the recording of the conversations.

5.    Because more than twenty days had elapsed since CSC had filed its Answer, I contacted all counsel for Plaintiffs and requested that Fausto stipulate to CSC filing a counterclaim.  A true and correct copy of my August 4, 2008 email to

1  counsel for Plaintiff confirming our conversations is attached hereto as **Exhibit C**.

2  Plaintiff refused to stipulate to the filing of the counterclaim.

3      6.      Attached hereto as **Exhibit D** is a true and correct copy of the

4  Counterclaim for Violation of California Penal Code § 632 which CSC seeks leave

5  to file.

6      I declare under penalty of perjury that the foregoing is true and correct.

7  Executed at San Francisco, California, on this 18th day of August, 2008.

8

9                                    s/Tomio B. Narita

                                     Tomio B. Narita
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4811
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

TOMIO B. NARITA
DIRECT DIAL (415) 283-1010
EMAIL tnarita@snllp.com

May 12, 2008

<u>VIA FACSIMILE</u>

Ronald Wilcox, Esq.
Law Offices of Ronald Wilcox
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126

Re:    *Manuel G. Fausto et al. v. Credigy Services Corporation et. al.*
Northern District of California, Case No. 07-5658 JW

Dear Ron:

As you know, my office recently appeared in this case for defendants Credigy Services Corporation, Credigy Receivables, Inc. and Credigy Solutions, Inc. (collectively, "Credigy"). I am writing to request that you promptly provide my office with information concerning any tape recordings of employees of Credigy that are in your possession or in your clients' possession. I am also asking that you promptly provide me with copies of those tapes, or that you make those tapes available for inspection by my office. Please consider this letter to be a part of Credigy's effort to meet and confer with plaintiffs on this subject, consistent with the Federal Rules of Civil Procedure and the Local Rules, prior to an anticipated motion to compel or for protective order.

In their First Amended Complaint, plaintiffs allege, *inter alia*, that they received abusive collection calls from employees of Credigy. I understand that you have previously informed prior counsel for Credigy, David Kaminski of the Carlson & Messer firm, that the plaintiffs have tape recordings of certain of those calls. I also understand that you have informed Jeff Lucas of the Stewart & Associates firm that certain of the recordings are of live telephone calls, while other recordings were obtained from messages left on the plaintiffs' voice mail machine. I was also informed that to date, you have refused to produce copies of the recordings or any substantive information about them. For the reasons set forth in this letter, I ask that you reconsider this position.

SIMMONDS & NARITA LLP

Ronald Wilcox, Esq.
May 12, 2008
Page 2

Plaintiffs apparently rely upon the decision in *Renteria v. Collectcorp*, 2005 WL 4019338 (N.D. Cal. Oct. 26, 2005) as the basis for their present refusal to produce the tapes of the live phone calls, but *Renteria* does not support this position. In *Renteria*, all of the alleged recordings were left on the debtor's voice mail machine. *See* 2005 WL 4019338, *1 ("Plaintiff has audiotapes of defendants' telephone messages which she says were recorded on her answering machine."). Thus, the defendant's collectors in *Renteria* had obviously consented to the recordings when they left the messages. The plaintiff in *Renteria* represented to the Court that she intended to use the tapes for impeachment purposes only. *Id.* at *2. Thus, Magistrate Judge Howard Lloyd held in *Renteria* that if the recordings of the calls were to be used solely for impeachment purposes, then the tapes need not be turned over until after the depositions of the collectors.

Here, by contrast, plaintiffs have not affirmatively represented that they will use the tapes solely for purposes of impeachment. More significantly, unlike *Renteria*, plaintiffs here claim they have recordings of live phone calls with the Credigy collectors. To my knowledge, Credigy and its collectors have never consented to having their live calls recorded by plaintiffs. Thus, unlike *Renteria*, any secret recordings of live calls would not be admissible for any purpose, not even for impeachment purposes. The recordings were made by plaintiffs in California. California law prohibits the recording of live phone calls unless all parties on the call consent to the taping, and as you know, "no evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of this section shall be admissible in any judicial, administrative, legislative, or other proceeding." *See* Cal. Penal Code §§ 632(a), 632(d).

My clients consider this to be an extremely serious matter, and they have asked me to investigate it fully. As you know, section 637.2 of the California Penal Code provides that any person injured by a recording made in violation of section 632 of that Code may bring a civil action for three times the amount of any actual damages sustained, or up to $5000 for each violation, whichever is greater. *See* Cal. Penal Code § 637.2. California courts have held that a corporation has standing to assert a claim for violations of Penal Code 632 under section 637.2 of the Code, if the secret recordings were made of calls with the corporation's employees. *See Coulter v. Bank of America, NTSA*, 28 Cal. App. 4th 766 (1994) (affirming judgment for bank and its employees for $132,000 entered against former employee who secretly taped colleagues in order to obtain evidence for his wrongful termination case); *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 868 (1980) (recognizing that corporation has standing to sue under Penal Code section 637.2: "The purpose of the Invasion of Privacy chapter is to deter wrongful conduct. That purpose could be easily circumvented if it were not an offense to eavesdrop upon or record confidential communications of corporations. Since a corporation is considered a 'person'

SIMMONDS & NARITA LLP

Ronald Wilcox, Esq.
May 12, 2008
Page 3

which may be held liable for invasion of privacy pursuant to Penal Code section 632, subdivision (a), we believe the Legislature intended the words 'any person' stated in section 637.2, subdivision (a), to include corporations as well.").

Finally, even if the *Renteria* decision applies here, Credigy is still entitled to information from plaintiffs about the tapes before any depositions of Credigy's collectors go forward. When he granted the protective order for plaintiffs in *Renteria*, Judge Lloyd directed the plaintiffs to provide detailed information about the recordings to the defendant before the depositions proceeded. *See Renteria,* 2005 WL 4019338, *2 (" However, before deposing any defendant, and no later than November 2, 2005, plaintiff shall disclose in writing to defendant with respect to each telephone message: (1) the telephone number receiving the message, (2) the date and time received, (3) the caller (if identified or known to plaintiff), and (4) the length (in seconds) of the message.").

At a bare minimum, Credigy is entitled to the information specified in the *Renteria* order with respect to each tape recording in plaintiffs' possession. I ask that you provide this to me in writing within seven (7) days. In addition, for each recording, please indicate whether the call was a live call, or a voicemail message, and for the live calls, please specify whether plaintiffs contend that all parties to the call were aware of and consented to the recording.

I look forward to your prompt response.

Very truly yours,

Tomio B. Narita

cc: David Kaminski, Esq.
    Jeff Lucas, Esq.

```
          TRANSMISSION VERIFICATION REPORT

                                    TIME  : 05/12/2008 17:02
                                    NAME  : SIMMONDS NARITA LLP
                                    FAX   : 415-352-2625
                                    TEL   :
                                    SER.# : BROL2J854532


   DATE,TIME              05/12  17:01
   FAX NO./NAME           14082960486
   DURATION               00:00:33
   PAGE(S)                03
   RESULT                 OK
   MODE                   STANDARD
                          ECM
```

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4811
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

TOMIO B. NARITA
DIRECT DIAL (415) 283-1010
EMAIL tnarita@snllp.com

May 12, 2008

VIA FACSIMILE

Ronald Wilcox, Esq.
Law Offices of Ronald Wilcox
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126

Re:   *Manuel G. Fausto et al. v. Credigy Services Corporation et. al.*
      Northern District of California, Case No. 07-5658 JW

Dear Ron:

    As you know, my office recently appeared in this case for defendants Credigy
Services Corporation, Credigy Receivables, Inc. and Credigy Solutions, Inc. (collectively,
"Credigy"). I am writing to request that you promptly provide my office with information
concerning any tape recordings of employees of Credigy that are in your possession or in

Exhibit B

# LAW OFFICE OF BALAM O. LETONA

1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Voice & Facsimile (831) 621-9659
letonalaw@gmail.com

July 18, 2008

Mr. Tomio Narita, Esq.
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

Dear Mr. Narita,

Enclosed please find a cassette tape containing the recorded evidence in the *Luz and Manuel Fausto v. Credigy* matter.

Sincerely,

Balam O. Letona

Encl: as noted above
cc: Ronald Wilcox

Case Name: *Luz and Manuel Fausto v. Credigy et.al.*
United States District Court, For the Northern District of California Case #07-05658 JW-RS

### PROOF OF SERVICE BY MAIL
#### (C.C.P. §1013, 1013a(3))

STATE OF CALIFORNIA    )
                        ) ss.
COUNTY OF SANTA CRUZ )

     I am employed in the County of Santa Cruz, State of California. I am over the age of 18 years and not a party to the within action; my business address is Law Office of Balám O. Letona, 1347 Pacific Avenue, Suite 203, Santa Cruz, CA 95060.

     On July 18, 2008, I served the foregoing document(s):

-     RECORDED EVIDENCE: *Fausto v. Credigy et.al.*

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each as follows:

Mr. Tomio Narita, Esq.
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

**[X]    BY MAIL:** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the Untied States mail at Santa Cruz, California.

     Executed on July 18, 2008 at Santa Cruz, California.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

By: _____
       Alyssa Brocklesby

Exhibit C

**From:**          Tomio Narita
**Sent:**          Monday, August 04, 2008 2:24 PM
**To:**            dhumphreys@hwh-law.com; Ronald Wilcox Esq. (Ronaldwilcox@post.harvard.edu); 'Balam
                   Letona'; 'Luke Wallace'
**Cc:**            Tomio Narita; Jeffrey Topor; Stephanie Schmitt
**Subject:**       Fausto - Cross-complaint against Luz Fausto
**Attachments:**   Cross-Complaint.pdf

Counsel:

Based upon our prior discussions, I am assuming that Ms. Fausto is not willing to stipulate to the filing of the
attached cross-complaint.   Please advise me if I am mistaken.  If we do not hear from you, we will proceed with
filing a motion for leave to file it.

Regards

Tomio B. Narita
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, California  94104
Direct line (415) 283.1010
Mobile (415) 519.6093
Main Line (415) 283.1000
Fax (415) 352.2625
email:  tnarita@snllp.com
www.snllp.com

Exhibit D

1   TOMIO B. NARITA (SBN 156576)
    JEFFREY A. TOPOR (SBN 195545)
2   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
3   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
4   Facsimile:   (415) 352-2625
    tnarita@snllp.com
5   jtopor@snllp.com

6
    Attorneys for Defendants and Cross-Complainant
7   Credigy Services Corporation, and for Defendants
    Credigy Receivables, Inc. and
8   Credigy Solutions, Inc.

9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                       SAN JOSE DIVISION
12

13  MANUEL G. FAUSTO, AND LUZ       )   CASE NO.: C 07 05658 JW (RS)
    FAUSTO,                          )
14                                   )
            Plaintiffs,              )   **COUNTERCLAIM FOR**
15                                   )   **VIOLATION OF CALIFORNIA**
            vs.                      )   **PENAL CODE § 632**
16                                   )
    CREDIGY SERVICES                 )
17  CORPORATION, *et al*.            )
                                     )   **JURY TRIAL DEMANDED**
18          Defendants.              )
    ─────────────────────           )
19                                   )
    CREDIGY SERVICES                 )
20  CORPORATION,                     )
                                     )
21          Counterclaimant,         )
                                     )
22          vs.                      )
                                     )
23  LUZ FAUSTO and ROES 1 through    )
    25,                              )
24                                   )
            Counterdefendants.       )
25                                   )
                                     )
26  ─────────────────────           )

27

28
─────────────────────────────────────────────────
FAUSTO V. CREDIGY SERVICES CORP. ET AL. (AND CROSS-ACTION) (CASE NO. C 07 05658 JW (RS))
COUNTERCLAIM

1    Defendant and counterclainant CREDIGY SERVICES CORPORATION

2    ("CSC"), a Nevada Corporation, hereby alleges as follows:

3

4    **THE PARTIES**

5    1.    CSC is a corporation organized and existing under the laws of the

6    State of Nevada, with its principal place of business located in Atlanta, Georgia.

7    During all times relevant to this action, CSC also maintained contractual

8    relationships by which it employed personnel located in offices in São Paulo,

9    Brazil.  Among its business activities, CSC attempts to collect past due financial

10   obligations on charged-off consumer accounts purchased by defendant Credigy

11   Receivables Inc.

12   2.    Plaintiff and counterdefendant LUZ FAUSTO ("Fausto") is an

13   individual residing in Gonzales, California.

14   3.    CSC is ignorant of the true names and capacities of the

15   counterdefendants sued as ROES 1 through 25, inclusive, and therefore sues these

16   counterdefendants by such fictitious names.  CSC is informed and believes and

17   based thereon alleges, that each counterdefendant, including each fictitiously

18   named counterdefendant, encouraged, directly participated in, and/or ratified the

19   unlawful conduct described herein, and is responsible for the acts, occurrences and

20   injuries as alleged herein.  CSC will amend this countercomplaint to allege their

21   true names and capacities when ascertained.

22   4.    The term "Counterdefendants" as used herein shall mean Fausto and

23   Roes 1 through 25 collectively.

24

25   **JURISDICTION**

26   5.    Jurisdiction of this Court arises under 28 U.S.C. § 1332 and

27   supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

28

1

## **VENUE AND PARTIES**

2      6.    Venue in this judicial district is proper because Fausto's complaint

3  against CSC is currently pending in this judicial district, and venue is proper under

4  28 U.S.C. § 1391(b), as Fausto resides in this district, and a substantial part of the

5  events or omissions giving rise to the claim occurred in this judicial district.

6

7

## **FACTUAL ALLEGATIONS**

8      7.    Beginning in August 2006, Fausto and CSC employees had telephone

9  conversations concerning a financial obligation owed to defendant Credigy

10  Receivables Inc.  Some of these conversations were initiated by Fausto, while

11  others were initiated by employees of CSC.  The CSC employees believed in good

12  faith that the debt was owed by Fausto, and that the conversations with Fausto

13  were covered by applicable laws concerning debt collection.  All of the

14  conversations were "confidential" within the meaning of section 632(c) of the

15  California Penal Code.

16      8.    On dates that are presently unknown to CSC, Fausto, while located in

17  the State of California, secretly recorded at least one of these telephone

18  conversations, without the consent of CSC or CSC's employees.

19      9.    On or about July 18, 2008, counsel for CSC was first provided a copy

20  of the secretly recorded telephone conversation, which were produced in this

21  litigation by counsel for Fausto, Balam Letona.

22      10.    The tape reveals that CSC and its employees were never informed

23  that the conversations were being recorded by Fausto.

24      11.    The tape reveals that CSC and its employees were never informed

25  that the conversations were being recorded by Roes 1 through 25.

26      12.    Neither CSC nor its employees ever consented to the recording of the

27  conversation by Counterdefendants.

28

## FIRST CAUSE OF ACTION

### (Violation of Penal Code section 632)

13.     CSC realleges and incorporates by this reference each and every allegation in paragraphs 1 through 12 of this Countercomplaint as if fully stated herein.

14.     The Counterdefendants, and each of them, while located in the State of California, intentionally made a secret recording of telephone calls concerning confidential matters, without the knowledge or consent of the CSC employees who were parties to the call.

15.     The Counterdefendants' conduct violates section 632 of the California Penal Code.

16.     Section 637.2 of the California Penal Code section provides a civil remedy to CSC based upon the Counterefendants' violation of California Penal Code section 632.

## PRAYER FOR RELIEF

Wherefore, CSC prays for relief as follows:

1.     For damages pursuant to California Penal Code sections 637.2(a)(1) and (2);

2.     For appropriate injunctive relief, prohibiting all Counterdefendants from making secret recordings of confidential telephone calls, pursuant to California Penal Code sections 637.2(b);

3.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5;

4.     For prejudgment interest as allowed by law;

5.     For costs of suit as allowed by law; and

6.     For such other and further relief as the Court may deem proper.

1    DATED:  August 18, 2008                    SIMMONDS & NARITA LLP
                                                 TOMIO B. NARITA
2                                                JEFFREY A. TOPOR

3

4                                       By:    s/Tomio B. Narita
                                                Tomio B. Narita
5                                               Attorneys for Defendant and
                                                Countercomplainant Credigy Services
6                                               Corporation, and for Defendants
                                                Credigy Solutions Inc., Credigy
7                                               Receivables Inc.

8

9

10

11                           **<u>DEMAND FOR JURY TRIAL</u>**

12          PLEASE TAKE NOTICE that Countercomplainant Credigy Services

13   Corporation hereby demands a trial by jury of all triable issues of fact in the

14   above- captioned Counterclaim.

15

16   DATED:  August 18, 2008                    SIMMONDS & NARITA LLP
                                                 TOMIO B. NARITA
17                                               JEFFREY A. TOPOR

18

19                                      By:    s/Tomio B. Narita
                                                Tomio B. Narita
20                                              Attorneys for Defendant and
                                                Countercomplainant Credigy Services
21                                              Corporation, and for Defendants
                                                Credigy Solutions Inc., Credigy
22                                              Receivables Inc.

23

24

25

26

27

28

FAUSTO V. CREDIGY SERVICES CORP. ET AL. (AND CROSS-ACTION) (CASE NO. C 07 05658 JW (RS))    5.
COUNTERCLAIM