Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFICES OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSÉ DIVISION**

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: C07-05658 JW RS <br><br> **REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WRITTEN DISCOVERY** <br><br> Date: September 3, 2008 <br> Time: 9:30 a.m. <br> HON. RICHARD SEEBORG <br><br> U.S. DISTRICT COURT <br> 280 South First St. <br> San Jose, CA |

## I. BACKGROUND

Plaintiffs allege that Defendants engaged in a campaign of telephone abuse in an attempt to coerce payment on a consumer debt that was more than 10 years old. Defendants' own collections logs show they made approximately fifty (50) phone calls, and their agent shows an additional forty-one (41) phone calls. Almost all of these ninety-one (91) phone calls occurred

after Plaintiffs sent a cease and desist order.  Defendants' also threatened to take Plaintiffs' home and report the debt on their credit report forever.  Defendants' conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

## II.  INTRODUCTION

Defendants criticize Plaintiffs heavy reliance on written discovery in order to prosecute this case.  As the Court is well aware, numerous Defendants, and individuals who attempted to collect a debt from Plaintiffs, failed to appear for properly noticed depositions requiring this Court to Order the deponents to appear. Docket #67.  The deponents failed to appear, yet again, on August 12-14, 2008, despite this Court's Order.  Also, a Motion to Compel the continued deposition of Defendants' FRCP 30(b)(6) witness is currently pending (the witness produced was not competent in certain areas).  Thus, Plaintiffs have been forced to conduct a considerable part of their discovery through written means.

## III.  DEFENDANTS MUST PRODUCE UNREDACTED DOCUMENTS

Defendants' produced a redacted sales agreement between Defendants and First Select, the original creditor.  All the redactions relate to the amount of money Defendants paid First Select for the accounts, which includes Plaintiffs.[1]  The redactions do not relate to a privilege, and must be revealed.

On the other hand, Defendants' Opposition claims that, "Defendants have agreed to produce a privilege log." Opp. 4:12-13.  However, to date, Defendants have failed to do so.  Based on the looming discovery deadline, the Court should Order Defendants to produce **all documents** in unredacted form within 7-days[2].

---

[1] See Declaration of Ronald Wilcox in Support of Reply to Defendants' Opposition to Plaintiffs' Motion to Compel Written Discovery ("Declaration of Ronald Wilcox"), ¶20.
[2] Plaintiffs do not seek the names of other insured parties.

## IV.  MANUEL FAUSTO'S DISCOVERY TO DEFENDANTS, SET 1

Plaintiff Manuel Fausto served written discovery to Defendants on February 15, 2008.

**RPD 12 and 13**
*All complaints, judgments and consent orders from 2006-2008 relating to Defendants' conduct in the collection of individuals' debts; and its acts or practices under the FDCPA.*

In addition to the FDCPA decisions of *Yancey v. Hooten,* 180 F.R.D. 203 (D.Conn. 1998), *Boutvis v. Risk Management,* 2002 U.S. Dist. LEXIS 8521 (D. Conn. May 3, 2002), the Northern District of California has Ordered debt collectors to respond to nearly identical requests, *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 616 (N.D. Cal. 2006):

> These discovery requests seek information relating to prior FDCPA claims filed against defendants, FDCPA litigation and arbitration involving defendants, attorney demand letters sent to defendants, and Federal Trade commission opinions regarding defendants' collection efforts. Plaintiffs seek copies of all documents and pleadings relevant to such cases...
>
> Plaintiffs argue that such discovery is directly relevant to defendants' assertion of "bona fide error" and "good faith" affirmative defenses in its answer. n2 Conversely, defendants argue that such discovery is overly broad and irrelevant to these plaintiffs.
>
> In their answer to the complaint, defendants claim that they had a good faith belief that their collection efforts were lawful. While plaintiffs' requests may be phrased too broadly, information relating to whether or not defendants had claims filed against them, participated in litigation or arbitration, or received demand letters from attorneys about the legality of this particular type of collection effort under the FDCPA is relevant and must be disclosed.

Similarly, Defendants herein asserted various affirmative defenses and have alleged any violation was the result of a "bona fide error." Opp. 2:20-24. As the Hon. Howard Lloyd ruled, this information is relevant and must be disclosed.

Additionally, the facts surrounding any FDCPA lawsuits against the Defendants from 2006-2008 may lead to admissible evidence. This information could lead to evidence that the Defendants were on notice their procedures were not reasonable as required by 15 U.S.C. 1692k, to establish the very narrow "bona fide error" defense. Also, if Defendants are continuing to

engage in the same practices for which Plaintiffs have sued, then such evidence can be used to show lack of mistake, intent, motive, and thus would be admissible pursuant to FRE 404(b).

The Ninth Circuit has held, "Evidence of prior acts may clearly be used to establish the existence of a pattern or scheme. See Rule 404(b), Federal Rules of Evidence." *Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1300-1301 (9th Cir. 1981). Moreover, Plaintiffs have the right to identify potential witnesses. See *Van Westrienan v. Americontinental Collection Corp.,* 94 F. Supp. 2d 1087, 1109-1110 (D. Or. 2000)(Testimony of unrelated debtor claiming to have been abused and harassed by the same collection agency was admissible to show the collection agency had a history or plan of aggressive debt collecting). *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983)(restriction of scope of discovery in title VII case hamstrung plaintiff in proving pattern of discrimination).

Moreover, in its recent *Phillip Morris v. Williams* decision, the U.S. Supreme Court stated that juries may consider harm to nonparties in assessing the reprehensibility of a defendant's conduct for the purposes of assessing punitive damages. Justice Breyer wrote:

> [Williams] argues that she is free to show harm to other victims because it is relevant to a different part of the punitive damages constitutional equation, namely, reprehensibility. That is to say, harm to others shows more reprehensible conduct. Philip Morris, in turn, does not deny that a plaintiff may show harm to others in order to demonstrate reprehensibility. Nor do we. Evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk to the general public, and was particularly reprehensible. 127 S. Ct. 1057 at 1063, 549 U.S. 346.

Since the Plaintiffs have alleged punitive damages, this information is clearly discoverable.

Finally, debt collectors alleged claims of undue burden have been overruled. In *Boutvis v. Risk Management Alternatives*, 2002 U.S. Dist. LEXIS 8521 (D. Conn, 2002)*,* the court ordered the defendant debt collector to produce copies of past judgments, court opinions,

complaints, and consent orders concerning defendant's practices under the Fair Debt Collection Practices Act, stating that[3]:

> Plaintiff's request is reasonably limited as to scope and time. The material sought is clearly relevant to the state of mind with which defendant acted. It is also relevant to whether defendant's alleged statutory violations occurred after it had actual notice that its practices were actionable. While it may be burdensome to require defendant to compile and permit discovery of the various legal complaints and judgments against it from 2001 to the present, surely these documents are not so voluminous that it is an unreasonable or unfair burden for defendant to shoulder." *Id.* at 10.

**RPD 16**
*All agreements Defendants have with any entity concerning the servicing or collection of the debt to Plaintiffs.*

Defendants have produced an agreement between Credigy Services Corp. and Credigy Solucoes which is missing Schedule A. Schedule A explains the services to be provided by Credigy Solucoes to Credigy Services Corp. This must be compelled.

**RPD 29 and 30**
*Any written communication to defendants from 2006-2008 where an individual or their attorney, alleged Defendants were threatening to sue on a time barred debt.*

*Any judgments or decisions from a Court addressing whether Defendants were attempting to collect a debt they could not prove.*

The arguments above, regarding RPD 12 and 13 above, as well as RPD 1 below, apply equally herein.

**INT 2**
*What steps were taken, on what date and by whom to review Plaintiff's account.*

Debt collectors have been ordered to answer this very question. *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998). There is no attorney client privilege issue here.

Plaintiffs allege Defendants made 91 phone calls after receiving Plaintiffs' cease and desist letter. Plaintiffs are entitled to the facts surrounding the Defendants alleged, "bona fide

---

[3] Defendants argue this information is equally accessible to Plaintiffs, but fails to explain how. Moreover, PACER does not contain state filings, nor is it infallible. Defendants should produce the records they possess.

errors." Defendants have had more than 6 months to answer this question. Furthermore, Defendants have violated ND CA LR 37-1 by failing to adequately meet and confer (see contemporaneous Declaration). Indeed, Plaintiffs granted Defendants a two-week extension to respond to the Motion to Compel under the guise that Defendants claimed they needed more time to properly answer the discovery requests. Discovery has revealed conflicting information as to when and who reviewed Plaintiffs' account, if at all. The purpose of discovery is to flush out the facts and narrow the issues in dispute. Defendants must be compelled to answer as other debt collectors have been before.

**INT 16**
*Identify the name and address of the long distance telephone provider used to place calls relating to Plaintiff's account (include the account # with such entity and the telephone number Plaintiffs were dialed from).*

Defendants have conceded they need to produce this information. However, to date the parties have reached no agreement on how it will be produced. Thus, the court should compel Defendants to produce this information.

**V.    MANUEL FAUSTO DISCOVERY TO DEFENDANTS, SET 2**

Plaintiff Manuel Fausto served a second set of written discovery on Defendants on March 21, 2008.

**RPD 1**
*All letters received from any consumers complaining about the debt collection practices of Defendants.*

Defendants' discovery responses attempts to claim the privacy rights of the consumers, yet Defendants failed to produce any redacted documents responsive to this request. Defendant failed to respond to Plaintiffs' argument in its opposition. Thus, Defendants' response is specious at best. Furthermore, a consumer is hardly concerned about revealing the fact that he complained of Defendants' abusive and unlawful collection practices. Plaintiff is willing to accept redacted documents at this time (concealing a consumer's personal identifying

information), relating to the time period 2005-2008. The parties can address whether un-redacted documents need be produced at a later time. The Northern District of California has ordered parties to produce relevant documents, with third parties' names redacted, in order to resolve privacy concerns. *Phase Four Indus. v. Marathon Coach, Inc.*, 2007 U.S. Dist. LEXIS 6486 (N.D. CA 2007).

Furthermore, the arguments above, regarding RPD 12 and 13, apply equally herein.

**INT 5-9**
*State all incentive pay (bonuses, commissions, etc.) paid to Ricardo Ventura, Brett Boyde, Ryan Miller, Paulo Peres, Thompson, a.k.a. RG Oncalve.*

Defendants' failure to answer is evasive and obstructionist. Defendants' FRCP 30(b)6) witness already testified the collectors do receive bonuses and commissions. Thus, any privilege has been waived[4].

Furthermore, the court recently ruled that Defendants must produce all personnel files of those collectors that worked on Plaintiffs' account, overruling the same privacy objections Defendants lodge here. *Fausto v. Credigy,* ___ F.R.D. ____, 2008 WL 2441927 (N.D. Cal. 2008). Not only is this information typically produced in FDCPA actions, but the Northern District of California has held this information does not even deserve to be marked confidential. *Campo v. Amer. Corrective Counseling Servs.*, 2007 U.S. Dist . LEXIS 87150, *9 (N.D. Cal. 2007).

Incentive pay provided to debt collectors based on amounts collected is helpful in a juror's analysis regarding motive and intent to violate the Fair Debt Collection Practices Act (i.e. threatening to sue someone and take their home if they fail to pay a time barred debt, threatening

---

[4] Fausto Depo. 30(b)(6), Page 213:
23   Q   Do the collectors in Brazil earn bonuses or
24 commissions?
25   A   To my knowledge, yes.

a consumer that failure to pay a debt will remain on their credit report forever), and related laws. Awarding debt collectors who have violated the FDCPA and related laws can also show ratification of the unlawful acts for purposes of establishing punitive damages pursuant to Civil Code section 3294.

**VI.    LUZ FAUSTO DISCOVERY TO DEFENDANTS, SET I**

Luz Fausto served Discovery on Defendants on May 19, 2008.

**RPD 1-39**

*Provide a copy of the personnel file of "adias" (first remove any medical information).*

*Provide copies of any and all tests, relating to the FDCPA, taken by "adias," employment applications, resumes, and performance evaluations of "adias."*

*Provide any and all documents showing the last known address and telephone number of "adias."*

*[The same discovery demands were served for the following other individuals: "jfmelo", "eisilva", "lnunes", "dgregores", "acompani", "cdsilva", "rgoncalves", "sblackwell", "kervin", "poston", "kramos" and "lgammage" - for the sake of judicial efficiency Plaintiffs listed the three discovery demands above, but, did not repeat them, thirty-nine (39) times].*

Defendants' Opposition now contends they have produced whatever personnel files they have, but are still searching for one employee file. But, the Opposition fails to state what personnel file they are still searching for. In light of the looming discovery deadline, Defendants must be ordered to produce any and **all** personnel files within 7-days.

Defendants have not produced all written performance evaluations. For example, Defendants produced written performance evaluations for "kervin" but not "sblackwell."[5] These individuals were involved in failing to properly note the Plaintiffs' cease and desist letter. All evaluations must be produced.

Additionally, Defendants' Opposition fails to even address Plaintiffs' assertion in the

---

[5] See Declaration of Ronald Wilcox, ¶25.

Motion to Compel (Docket #71, 10:17-11:1) that Defendants failed to supplement their Rule 26 disclosures or written interrogatories relating to the complete name and contact information of employee witnesses, including Moises Moteli and Ralph Phillips, and their personnel files, as Ordered by the Court on June 13, 2008. Docket #67 (Ralph Phillips and Moises Moteli participated in a phone call where there were threats that unless the Plaintiffs paid this alleged 10 year old debt, Defendants would report the debt on Mr. Fausto's credit report forever). Nor have Defendants stated the information is not available, or what they did to search for the information. Thus, the Defendants should be held in contempt of the Court's Order and required to comply.

Furthermore, from what Plaintiffs can discern, Defendants have not produced any completed tests relating to the FDCPA in documents FA 1-FA 1887 (Defendants only produced a blank form they allege collectors must complete).[6] Defendants have put their testing, training and procedure at issue by alleging a "bona fide error" defense, which requires Defendants to maintain reasonable procedures to prevent violations of the FDCPA. 15 U.S.C. 1692k. Defendants must produce any documents held by agents or affiliates companies, such as Credigy Solucoes. In *Hubbard v. Rubbermaid*, 78 F.R.D. 631, 637 (D. MD. 1978), the Court ordered a Defendant to produce documents in the possession of two wholly owned nonparty subsidiaries. Moreover, "[t]he specific form of the corporate relative involved does not matter, *i.e.*, whether it is a parent, sister, or subsidiary corporation. Courts are able to disregard corporate form to prevent, among other things, "misleading actions whereby corporations try to hide documents or make discovery of them difficult." (internal citations omitted). *Steele Software Sys. v. Dataquick Info. Sys.*, 237 F.R.D. 561, 564 (D. MD 2006). If no responsive documents are produced, Defendants should be precluded from introducing any FDCPA tests at a later date. F.R.C.P. 37.

---

[6] See Declaration of Ronald Wilcox, ¶26.

**RPD 40**
*Provide a copy of any document evidencing your internal communications with respect to Plaintiff, the debt, this lawsuit, or the claims in the Amended Complaint.*

Again, Defendants have asserted the attorney client privilege but have failed to produce any privilege log.[7] Thus, Defendants must answer the question, and a detailed privilege log must be produced so that the Court can evaluate the validity of Defendants' claim of privilege. Finally, Defendants objection is disingenuous. Credigy, the Defendant herein, was ordered to answer the very same question in *Steinbach v. Credigy*, 2006 U.S. Dist. LEXIS 20083, *24 (E.D. KY 2006):

> **10. Request for Production H:** Provide a copy of *any document* evidencing *your* internal communications with respect to Plaintiff, the *debt,* this lawsuit, or the claims in this Amended and Supplement to Complaint. (emphasis in original).
> …
>
> Defendants' objections to this document request are overruled. In the absence of knowing what documents Credigy attached to its response, Credigy's response "see documents attached hereto" is insufficient. Credigy is directed to supplement its response to this document request by directing plaintiff to the documents it says are responsive to this document request. Defendant Stewart is directed to formally respond to this document request by producing non-privileged documents and by providing plaintiff with a privilege log for any documents it declines to produce as being privileged.

Defendants agreed to produce these items ("Subject to the General Objections and specific objections herein, Defendant will produce non-privileged business records in its possession, custody or control that relate to Plaintiff's account and the claims and defenses in this action."). Defendants Opposition now claims no documents exist. Defendants must explain what was done to preserve, search for and produce these documents (see INT 18, below), and should be precluded from introducing any responsive documents at a later date.

**INT 13**

Defendants have provided unverified supplemental responses that omit the "last known"

---

[7] See Declaration of Ronald Wilcox, ¶24.

phone numbers for several individuals, including Luis Renato Silva Nunes, Diana de Matos Gregores, Christopher David Da Silva, Rita De Cassia Goncalves. It is possible that Defendants do not have a current phone number, but a "last known phone number" is required to be responsive. Also, Defendants have provided NO information for "Acompani" aka Agatha Compani (INT 6). Defendants must be ordered to supplement.

**INT 14**
*List by name, alias, job title, last known address and telephone number, and dates of employment of each of your employees, agents, or servants who communicated (orally or in writing) with Plaintiff. Provide the date, time, location and subject matter of each such communication or contact. Provide any documents that mention or refer to communications with Plaintiff or were created, prepared, or otherwise generated as a result of those communications.*

Defendants allege that they have produced documents that are responsive, pursuant to F.R.C.P. 33(d), but fail to specify which Bates stamped documents. Furthermore, the collection notes Defendants produced do not contain all of the communications that occurred regarding Plaintiffs' account (such as the phone call threatening the Plaintiffs the debt would appear on their credit report forever). If Defendants have additional information to supplement or explain, it must be produced now with a verified response. Otherwise, Defendants should be precluded from introducing any additional information (beyond what is specifically in the collection notes) at a later date. F.R.C.P. 37.

Defendants have failed to provide any supplemental response containing the above information, including alias, last known telephone number and addresses as to Moises Moteli and Ralph Phillips,[8] their dates of employment, etc.; this must be compelled. See footnote 2 above and the court's previous Order, Docket #67.

Also, Defendants are required to provide a verified supplemental response specifying the "last known address and telephone number" of the above individuals; not merely a document that

---

[8] See Declaration of Ronald Wilcox, ¶29.

contains some past address and phone number which may no longer be valid.

**INT 16**
*List the names, aliases, job title of each of your employees who contacted Plaintiff or another person regarding this debt.*

Defendants have failed to provide any supplemental verified response as to collectors Moises Moteli and Ralph Phillips; this must be compelled. Also see footnote 2 above and the court's previous Order. Docket #67.

**INT 18:**
*Describe in detail the effort Defendant has made to preserve, search for, identify, collect, review, and produce relevant documents.*

Defendants have failed to produce numerous documents (personnel files for Moises Moteli and Ralph Phillips, all documents sent to credit reporting agencies - despite the Court's Order of June 13, 2008), complete agreements between entities (including Schedule A of the servicing agreement between Credigy Services Corp. and Credigy Solucoes,) all written performance evaluations, internal communications regarding Plaintiffs, and others mentioned herein. If Defendants wish to claim no responsive documents exist then Defendants must provide a verified interrogatory response answering what efforts were made to locate and produce these documents, etc. *Dickard v. Oklahoma*, 2007 U.S. Dist. LEXIS 62851 (D. ARK 2007).

**INT 19**
*Identify the net worth including the assets and liabilities of each and every Defendant in this action.*

Defendants have still yet to comply with this Court's Order which states it must produce financial statements *and* tax returns. Docket #67. Defendants have failed to produce its financial statements for 2007[9].

Other debt collectors have been compelled to provide verified interrogatory responses

---

[9] Defendants did produce financial statements for earlier years.

regarding net worth in unlawful collection matters. *Muha v. Encore Receivable Management, Inc.*, 2006 U.S. Dist. LEXIS 21931 (E.D WI 2006).

Plaintiffs believe Defendants have improperly reduced their net worth through the use of intercompany transfers among affiliates.  Therefore, it is important for Defendants to verify, in an interrogatory, their true net worth.

**INT 20**
*Name all persons who investigated the Fausto's claims of harassment and unlawful collection practices.*

As noted above, Credigy has been ordered to produce information regarding its investigations in other cases. *Steinbach v. Credigy*.  Furthermore, Defendants have failed to produce any privilege log, thus the Court is unable to evaluate any claim of privilege, and any claim of privilege has been waived.  Nor has Defendant explained how someone's name can be privileged. *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 515 (D. Minn. 1997)("What steps were taken by the Federal Express employees, in investigating the Plaintiff's discrimination and retaliation claims, do not inherently reveal the opinions or mental impressions of its attorneys.")

A failure to adequately investigate, take remedial action, or discipline a wrongdoer, can ratify an unlawful act, and may serve as a basis for punitive damages. *Seymour v. Summa Vista Cinema, Inc.,* 809 F.2d 1835 (9th Cir. 1987).  Plaintiffs' Amended Complaint alleged Defendants ratified these unlawful acts. Docket #3, Par. 79, 12:27-28.  Defendants denied that allegation. Docket #7, Par. 79, 8:16-19.  Plaintiffs have a right to conduct discovery into Defendants' denials in its Answer. *Security Insurance Company of Hartford v. Trustmark Insurance Co.*, 218 F.R.D. 29 (D. Conn. 2003)("Designate the corporate representative with the most knowledge of Defendants denials in its Answer to Plaintiffs Complaint against Defendant.")

There are also numerous facts in dispute.  Plaintiffs alleged they were falsely threatened

that their failure to pay would be reported on the credit report forever.  Defendants denied that allegation.  Plaintiffs alleged Defendants threatened to take their home if they did not pay the more than 10 year-old alleged debt.  Defendants denied that allegation.  Plaintiffs have a right to conduct discovery relating to the factual basis for any denials, including identifying potential witnesses.

Defendants' Answer asserts an Affirmative Defense of "**No knowledge, Participation, Approval, or Ratification**".  Docket #7, 12:19-21.  Plaintiffs are entitled to conduct discovery regarding the factual information and source of such information, supporting Defendants' affirmative defense. *U.S. EEOC v. Ceaser Entertainment, et al*., 237 F.R.D. 428 (D. Nev. 2006)("The factual information and source of such information…supporting Defendant's affirmative defenses").

## VII.  OTHER ITEMS

Defendants supplemented discovery responses and produced nearly one thousand pages of documents in the several weeks *after* Plaintiffs filed their Motion to Compel on July 15, 2008, including 444 pages just last week on August 12, 2008[10].

However, Defendants failed to provide verifications.  Subject to the Court Ordering Defendants to produce verifications within 7-days, Plaintiffs hereby withdraw their Motion to Compel in regards to: 1) Manuel Fausto's Discovery to Defendants, Set One, Requests to Produce 4-5, 8, 19-21, Interrogatory 3, 13, 2) Manuel Fausto Discovery to Defendants Set 2, RPD 4, Interrogatory 2, and 3) Luz Fausto's Discovery to Defendants Set One, Request to Produce 42-46, Interrogatory 15, 17, RTA 1-2[11].

---

[10] Defendants have now produced documents Bates Stamped FA 1-FA 1887.
[11] MANUEL FAUSTO'S DISCOVERY TO DEFENDANTS, SET ONE
RPD 4-5: All documents, logs and correspondence relating to the alleged debt.

## VIII. MEET AND CONFER

On April 25, 2008, Defendants stated they would employ a scorched earth policy in litigating this case.[12] It is obvious that evasion and obstructionism are two of the scorched earth tactics Defendants have employed. Defendants' scorched earth tactics have no place in this honorable Courtroom.

Plaintiffs' extensive efforts to meet and confer, in person, via phone, and through letters and e-mails, before and after the filing of the herein motion to compel, are detailed in the accompanying Declaration.

## IX. CONCLUSION

Plaintiff seeks an Order compelling Defendants to supplement the written discovery responses as noted above.

Respectfully submitted,

Dated: August 20, 2008                /s/Ronald Wilcox
                                      Ronald Wilcox, Counsel or Plaintiffs

---

RPD 8: All policy or training manuals or instructions or guidelines provided by Defendants to its employees regarding using lawsuits in an attempt to collect debts.
RPD 19, 20 and 21: Any evidence of any payment towards the alleged debt; any documents provided by Wells Fargo or First Select, Inc. regarding this debt.
INT 3: List all lawsuits filed by Defendants in California from 2006-2008.
INT 13: State all facts that support your claim of a Bona Fide Error defense.
VII.    MANUEL FAUSTO DISCOVERY TO DEFENDANTS, SET 2
INT 2: Identify the last date Thompson, a.k.a. RG Oncalve was employed by Defendants.
RPD 4: Any scripts Defendants use when attempting to collect debts via telephone.
LUZ FAUSTO DISCOVERY TO DEFENDANTS SET I
RPD 42: Produce all written instructions provided to Live Vox, Inc. regarding the Fausto account (including what messages to deliver and frequency of calls).
RPD 43: Produce documents relating to all calls placed by Live Vox, Inc. regarding the Fausto account.
RPD 44: Produce all documents provided to Live Vox, Inc., regarding the Fausto account.
RPD 45 Produce the entire dispute resolution file relating to the Fausto account.
RPD 46: Produce all account distribution history tables relating to the Fausto account.
INT 15: List by name, alias, job title, last known address and telephone number, and dates of employment of each of your employees, agents, or servants who investigated and responded to Plaintiff's dispute and demand for validation of the debt. Provide any documents that mention or refer to such investigation or were created, prepared, or otherwise generated as a result of the investigation.
RTA 1 and RTA 2: Regarding credit reporting.
[12] See Declaration of Ronald Wilcox, ¶3.