Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSÉ DIVISION**

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: C07-05658 JW RS <br><br> **DECLARATION OF RONALD WILCOX IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WRITTEN DISCOVERY** <br><br> **Date: September 3, 2008** <br> **Time: 9:30 a.m.** <br> **HON. RICHARD SEEBORG** <br><br> **U.S. DISTRICT COURT** <br> **280 South First St.** <br> **San Jose, CA** |

I, Ronald Wilcox, declare under penalty of perjury, as provided for by the laws of the

United States, 28 U.S.C. section 1746, that the following statements are true:

1.  I am one of the Plaintiffs' attorneys in the matter above-captioned.

2.  I make this declaration in support of Plaintiffs' Reply to Defendants' Opposition

    Plaintiffs' Motion to Compel Written Discovery.

3. On April 25, 2008, Defendants stated they would employ a scorched earth policy in litigating this case.  It is obvious that evasion and obstructionism are two of the scorched earth tactics Defendants have employed. Defendants' scorched earth tactics have no place in this honorable Courtroom.

4. Perhaps said best in the well recognized on-line practice guide, California Discovery Law, the meet and confer rule: "…does NOT create a new layer of discovery procedures and processes; it does not require delays in the discovery process; it does not provide a new objection to providing discovery; and it is not designed to frustrate the discovery process or increase the cost of litigation.  The rule does not require lawyers to exchange lengthy, detailed, elaborate or self-serving meet and confer letters.  It does not require any letter, though a good faith and reasonable letter might be an appropriate means of initiating the informal process.  It does not require a meeting or telephone call, though an informal, face to face meeting may be the most effective means to resolve the issues."

5. On June 30, 2008, at 9:16 a.m., Plaintiffs sent Defendants a four (4) page letter regarding Defendants' failure to respond to Plaintiffs' May 29, 2008 email requesting available dates for Defendants' continued depositions, and, a nine (9) page letter regarding Defendant's inadequate discovery responses.

6. Plaintiffs indicated it noticed Defendants' continued deposition for July 10, 2008, requested Defendants supplement their discovery responses within 7 days, and offered to meet and confer *in person* or on the phone, on July 3, 2008, in San Jose or Redwood City.  The letters were sent via e-mail to Defendants' counsel Tomio Narita and copied to three other counsel (Balam Letona, Luke Wallace, and David Humphreys).

7. On July 7, 2008, Plaintiffs e-mailed Defendants again and again requested Defendants supplement their discovery responses, and indicated Plaintiffs would proceed with the noticed depositions. Defendants claimed they did not receive Plaintiffs' June 30, 2008 letter. Interestingly, Mr. Narita is the only one of the four attorneys the June 30, 2008 e-mail was sent to who claims to have not received the e-mail.

8. On July 7, 2008, Plaintiffs sent the June 30, 2008 letters again, via fax, requesting Defendants supplement within 7 days, and offering to meet and confer *in person* in San Jose or Redwood City. Defendants claim to have telephoned Plaintiff on July 8, 2008, however, as indicated in the e-mail to Defendants on July 8, 2008, Plaintiffs received no such call.

9. On July 10, 2008 Defendant failed to appear for its continued deposition, and failed to file any motion with the court to excused its required appearance.

10. On July 11, 2008, the parties met and conferred by telephone for nearly one hour, but the parties could not resolve their differences. Defendants agreed to meet and confer further on Monday July 14, 2008.

11. On July 14, 2008, Defendants failed to call Plaintiffs. After providing Defendants two weeks to supplement their discovery responses, and after the parties could not resolve the matter in their meet and confer phone call of Friday, July 11, 2007, Plaintiffs filed the herein motions to compel.

12. Defendants have several attorneys working on this case. If one of them was unavailable to meet and confer further on Monday, July 14, 2008, then one of the other attorneys should have contacted Plaintiffs.

13. Nevertheless, Plaintiffs continued their meet and confer efforts and e-mailed Defendants

DECLARATION IN SUPPORT OF REPLY TO OPPOSITION Case No.: C07-05658 JW RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

on July 15, 2008, stating: "Unfortunately, you did not call me back yesterday.  Please provide me two time slots you are available Thursday and two on Friday and I will reorganize my calendar if necessary and call you.  I would like to try to resolve the numerous outstanding issues regarding defendants' discovery responses, and depositions, via some stipulation."

14. On July 21, 2008, the parties met and conferred again by telephone about the depositions and its demand for documents, but Mr. Narita indicated he was not yet prepared to discuss the Defendants' defective written discovery responses.  Plaintiff agreed to give Mr. Narita more time to prepare himself, and agreed to meet and confer further on July 22, 2008, after the parties' Pre-Mediation Conference call with the Mediator.

15. On July 22, 2008, the parties met and conferred again by telephone.  Mr. Narita again indicated he was still not yet ready to take a position as to what discovery Defendants would supplement, and how the parties could resolve the issues.

16. On July 25, 2008, Plaintiffs sent Mr. Narita another e-mail in yet a further effort to meet and confer, stating: "It was good to talk to you again about Defendants' discovery responses earlier this week.  I understand you were not prepared to go through the issues in the motion in detail.  Like I said, it would be worthwhile for us to address these issues in detail.  Indeed, if there any items of discovery which you believe were produce we can narrow down what is at issue; simply provide me the Bates Stamped numbers and we can go though them together.  At any rate, although I will be out of town I am happy to call you Monday to address this further. Please tell me what times you are available."

17. On July 28, 2008, Defendants e-mailed Plaintiffs, indicated two of their attorneys were traveling on business, and requested Plaintiffs agree to continue the Motions to Compel

DECLARATION IN SUPPORT OF REPLY TO OPPOSITION Case No.: C07-05658 JW RS

1    so Defendants would have more time to address the issues.  Plaintiffs agreed to a two-

2    week extension.

3    18. Defendants supplemented discovery with **unverified** interrogatory responses, and

4    produced nearly one thousand pages of documents in the several weeks *after* Plaintiffs

5    filed their Motion to Compel on July 15, 2008, including 444 pages just last week on

6    August 12, 2008.

7    19. In the two weeks that followed Plaintiffs agreeing to extend Defendants' time to respond,

8    Defendants never agreed to stipulate to resolve any issues in the Motions to Compel, or at

9    least identify the Bates Stamped numbered documents corresponding to the specific RPD,

10   to assist the parties in determining what items were no longer at issue, as Plaintiff

11   requested in its e-mails of July 15 and July 25, 2008.  Instead, Defendants filed an

12   Opposition to the Motions to Compel on August 16, 2008, virtually conceding many of

13   the issues.

14   20. Defendants' have produced numerous documents in redacted form (including the

15   purchase agreement with First Select, the original creditor of the alleged debt.  The

16   redactions relate to the amount of money Defendants paid First Select for a portfolio of

17   accounts, which included Plaintiffs).

18   21. The parties agreed that Defendants FRCP 30(b)(6) witness deposition would proceed in

19   San José, CA on April 22, 2008. Unfortunately, the designee produced by Defendants on

20   that date was not competent in certain areas. Defendants then failed to appear for a

21   continued deposition noticed for July 10, 2008 in San José, CA (of which Defendant

22   failed to properly move for any protective order from the Court excusing its appearance).

23   22. Defendants' FRCP 30(b)6) witness already testified the collectors do receive bonuses and

DECLARATION IN SUPPORT OF REPLY TO OPPOSITION Case No.: C07-05658 JW RS

5

1

2

commissions. During that deposition the deponent testified Fausto Depo., Page 213: Q
Do the collectors in Brazil earn bonuses or commissions? A   To my knowledge, yes.

3

4

5

23. Defendants have produced an agreement between Credigy Services Corp. and Credigy
Solucoes which is missing Schedule A. Schedule A explains the services to be provided
by Credigy Solucoes to Credigy Services Corp.

6

7

8

24. Defendants have asserted the attorney client privilege but have failed to produce any
privilege log.

9

10

25. Defendants have not produced all written performance evaluations. For example,
Defendants produced written performance evaluations for "kervin" but not "sblackwell."

11

12

26. From what I can discern, Defendants have not produced any tests relating to the  FDCPA
in FA1 - FA 1887.

13

14

15

16

27. Defendants supplemented discovery and produced nearly one-thousand (1,000) pages of
documents in the several weeks after Plaintiffs filed their Motion to Compel on July 15,
2008, including four hundred and forty-four (444) pages on August 12, 2008. Defendants
have produced documents Bate stamped FA00001 – FA001887.[1]

17

18

19

20

21

22

28. Defendants failed to produce all documents relating to its reporting of the alleged debt to
credit reporting agencies (as required by Court Order dated June 13, 2008, and are
therefore in contempt. Defendants have only produced the documents relating to their
credit reporting for a three-month period in 2006, despite having reported the debt for
years, including throughout 2005-2006.

23

24

29. Defendants have still yet to provide the personnel file for Moises Moteli and Ralph
Phillips. These are two individuals involved in a phone call to Plaintiffs where they

25

---

[1] Defendant allege it sent 444 pages of documents via e-mail.  Not all of the documents have been received.

1    threatened to report the alleged debt on Plaintiffs' credit report forever.

2

3  Respectfully submitted and executed this 20th day of August, 2008.

4        /s/ Ronald Wilcox
         Ronald Wilcox, Counsel for Plaintiffs
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION IN SUPPORT OF REPLY TO OPPOSITION Case No.: C07-05658 JW RS