Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSÉ DIVISION**

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive,<br>　　　Defendants. | Case No.: C07-05658 JW RS<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION**<br><br>Date: September 3, 2008<br>Time: 9:30 a.m.<br>HON. RICHARD SEEBORG<br><br>U.S. DISTRICT COURT<br>280 South First St.<br>San José, CA |

## I.   DEPOSITION LOCATION

The parties agreed that Defendants FRCP 30(b)(6) witness deposition would proceed in San José, CA on April 22, 2008. Unfortunately, the designee produced by Defendants on that date was not competent in certain areas. Defendants then failed to appear for a continued

deposition noticed for July 10, 2008 in San José, CA (of which Defendant failed to properly move for any protective order from the Court excusing its appearance)[1].

The Northern District of California has held that when a Defendant agrees to have their deposition taken in California, then it shall proceed in California. *TCGIVega Info.Techs. Pvt Ltd. v. Karna Global Tech.*, 2007 U.S. Dist. LEXIS 47549 (ND CA 2007)("Defendants nonetheless request that Hawkins' deposition take place in New York where he lives and works. Generally, a defendant is entitled to be deposed in the district in which he resides. *See Grey v. Continental Mktg. Assocs., Inc.,* 315 F. Supp. 826, 832 (N.D. Ga. 1970). Even so, "[a] district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir. 1994).  Here, defendants expressly agreed that their depositions would proceed in California…. Accordingly, their motion for protective order and to be relieved from their prior agreement will be denied.").  In light of the looming discovery deadline the Court should order Defendants to appear for a continued deposition in San Jose, CA, upon 20-days notice.

## II.  **<u>DEFENDANT CONCEDES TO NUMEROUS DEPOSITION TOPICS</u>**

Defendant now concedes and agrees to produce an adequate FRCP 30(b)(6) designee for numerous topics it failed to testify about in its deposition of April 22, 2008, and for which it failed to appear for a duly noticed deposition on July 10, 2008.  Defendants' earlier failures to produce a competent deponent demonstrates the need for an Order[2].

The Court should enter an Order requiring Defendants to produce a competent designee

---

[1] See Declaration of Ronald Wilcox in Support of Reply to Defendants' Opposition to Plaintiffs' Motion to Compel Deposition ("Declaration of Ronald Wilcox"), ¶4.

[2] Furthermore, Defendants have show their promises are illusory: 1) Defendants agreed to produce a competent FRCP 30(b)(6) witness on April 22, 2008, and then failed to do so, 2) Defendants' counsel filed a stipulation with the Court agreeing to represent certain Defendants and answer on their behalf, only to later file a Motion to Withdraw from the stipulation, See Docket #16 and 38, 3) at a hearing on June 4, 2008, Defendants agreed on the record to produce certain items and then failed to do so (i.e. Personnel files for Moises Moteli and Ralph Phillips, as well as last known addresses and phone numbers, etc.)

for the topics noticed, including:

* Training practices and procedures, Opp. 5-7.

* Financial Condition, Opp. 15-17.

* Telephone Practices, Opp. 26-27.

* Denials in the Answer, including Bona fide error defense, Opp. 6-7.

* Witnesses, Investigation, Opp. 15-18.

* Documents sent to and/or received from Plaintiffs, or anyone else regarding Plaintiffs, Opp., 7:31-8.

In light of Defendants obtaining new counsel, and his representation to the Court to abide by the F.R.C.P., Plaintiffs will withdraw their request for an Order Controlling Deposition Conduct.

### III.  TOPICS IN DISPUTE

#### A.  Previous Complaints and Lawsuits, Documents and Testimony

In addition to the FDCPA decisions of *Yancey v. Hooten,* 180 F.R.D. 203 (D.Conn. 1998), *Boutvis v. Risk Management,* 2002 U.S. Dist. LEXIS 8521 (D. Conn. May 3, 2002), the Northern District of California has Ordered debt collectors to respond to discovery regarding previous lawsuits. *Trevino v. ACB American, Inc*., 232 F.R.D. 612,616 (N.D. CAL. 2006):

> These discovery requests seek information relating to prior FDCPA claims filed against defendants, FDCPA litigation and arbitration involving defendants, attorney demand letters sent to defendants, and Federal Trade commission opinions regarding defendants' collection efforts. Plaintiffs seek copies of all documents and pleadings relevant to such cases, copies of any depositions of defendants' personnel, and all discovery produced by defendant Hilco in the case, *Scally v. Hilco Receivables* in the Northern District of Illinois.
>
> Plaintiffs argue that such discovery is directly relevant to defendants' assertion of "bona fide error" and "good faith" affirmative defenses in its answer. n2 Conversely, defendants argue that such discovery is overly broad and irrelevant to these plaintiffs.
>
> In their answer to the complaint, defendants claim that they had a good faith belief that

their collection efforts were lawful.  While plaintiffs' requests may be phrased too broadly, information relating to whether or not defendants had claims filed against them, participated in litigation or arbitration, or received demand letters from attorneys about the legality of this particular type of collection effort under the FDCPA is relevant and must be disclosed.

Understandably, once the documents are produced by Defendants, Plaintiff may have follow up questions appropriate during depositions.  If there is a valid privilege, Defendants can assert it, but to claim this category deserves some blanket protection contradicts the established authority, and would render Judge Lloyd's decision meaningless.

The facts surrounding any other FDCPA lawsuits against the Defendants may lead to admissible evidence.  This information could lead to evidence that the Defendants were on notice their procedures were not reasonable as required by 15 U.S.C. 1692k, to establish the very narrow "bona fide error" defense.  Also, if Defendants are continuing to engage in the same practices for which Plaintiffs have sued, then such evidence can be used to show lack of mistake, intent, motive, and thus would be admissible pursuant to FRE 404(b).

The Ninth Circuit has held, "Evidence of prior acts may clearly be used to establish the existence of a pattern or scheme. See Rule 404(b), Federal Rules of Evidence." *Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1300-1301 (9th Cir. 1981).  Moreover, Plaintiffs have the right to discover potential witnesses. See *Van Westrienan v. Americontinental Collection Corp., 94 F. Supp. 2d 1087, 1109-1110 (D. Or. 2000)*(Testimony of unrelated debtor claiming to have been abused and harassed by the same collection agency was admissible to show the collection agency had a history or plan of aggressive debt collecting. *Trevino v. Celanese Corp.*, 701 F.2d 397, 405-05 (5th Cir. 1983)(restriction of scope of discovery in title VII case hamstrung plaintiff in proving pattern of discrimination).

This information can also lead to admissible evidence relating to Plaintiffs' claims of

Negligent Training and Supervision (for example, where the collectors engaging in the same violations over and over again?).

Moreover, in its recent *Phillip Morris* decision, the U.S. Supreme Court stated, said that juries may consider harm to nonparties in assessing the reprehensibility of a defendant's conduct for the purposes of assessing punitive damages. Justice Breyer wrote:

> [Williams] argues that she is free to show harm to other victims because it is relevant to a different part of the punitive damages constitutional equation, namely, reprehensibility. That is to say, harm to others shows more reprehensible conduct. Philip Morris, in turn, does not deny that a plaintiff may show harm to others in order to demonstrate reprehensibility. Nor do we. Evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk to the general public, and was particularly reprehensible. 127 S. Ct. at 1063.

Since the Plaintiffs have alleged punitive damages, the documents requested, and testimony regarding previous lawsuits and complaints, etc. is clearly discoverable.

**B.    Any bonuses or commissions paid to any of the collectors that worked on Plaintiffs' account, from 2005-2008.**

Defendants' FRCP 30(b)6) witness already testified the collectors do receive bonuses and commissions[3]. Thus, any privilege has been waived.

Not only is this information typically produced in FDCPA actions, but the Northern District of California has held this information does not even deserve to be marked confidential. *Campo v. Amer. Corrective Counseling Servs.*, 2007 U.S. Dist . LEXIS 87150, *9 (N.D. Cal. 2007).

Incentive pay provided to debt collectors based on amounts collected is relevant in a juror's analysis regarding motive and intent to violate the Fair Debt Collection Practices Act, and

---

[3] See Declaration of Ronald Wilcox, ¶5, which references Fausto Depo., Page 213:
23    Q    Do the collectors in Brazil earn bonuses or
24 commissions?
25    A    To my knowledge, yes.

related laws, an effort to annoy and harass someone into repaying a debt (i.e. threatening to sue someone and take their home if they fail to pay a time barred debt, threatening a consumer that failure to pay a debt will remain on their credit report forever). Also, awarding debt collectors who have violated the FDCPA and related laws (as opposed to attempting to remedy the problem, or firing the individual) can also show ratification of the unlawful acts, and/or a malicious intent for purposes of establishing punitive damages. Civil Code section 3294. *Seymour v. Summa Vista Cinema, Inc.,* 809 F.2d 1835, 1838 (9th Cir. 1987), *Coats v. Consruction and General Laborers*, 15 Cal. App. 3d 908, 914 (1971). A jury may consider the payment of bonuses or commissions to unlawful collectors as a failure to repudiate, and/or ratify, the wrongful acts. Defendants must produce a competent designee regarding these categories.

## IV.     **ADDITIONAL DOCUMENTS WHICH DEFENDANTS FAILED TO PRODUCE**

Defendants supplemented discovery and produced nearly one thousand (1,000) pages of documents in the several weeks *after* Plaintiffs filed their Motion to Compel on July 15, 2008, including four hundred and forty-four (444) pages on August 12, 2008[4]. The remaining items at issue appear below[5]:

Defendants failed to produce **all** documents relating to its reporting of the alleged debt to credit reporting agencies (as required by Court Order dated June 13, 2008, and are therefore in contempt. Defendants have only produced the documents relating to their credit reporting for a three-month period in 2006, despite having reported the debt for years, including throughout 2005-2006[6]. This issue has already been decided. On June 13, 2008, the Court Ordered

---

[4] See Declaration of Ronald Wilcox, ¶6. Defendants have now produced documents Bates Stamped FA 1-FA 1887.

[5] Plaintiffs are also contemporaneously filing a Reply Regarding Plaintiffs Motion to Compel Written Discovery.

[6] See Declaration of Ronald Wilcox, ¶7.

Defendants to produce "copies of any documents relating to the referral of the Faustos's case to a credit reporting agency". Thus, Defendants must produce "any" documents relating to the referral of the Fausto's case to a credit reporting agency as the court ordered.

Despite the Court's Order of June 13, 2008, Defendants have still yet to provide the personnel file for Moises Moteli and Ralph Phillips. These are two individuals involved in a phone call to Plaintiffs where they threatened to report the alleged debt on Plaintiffs' credit report forever[7].

## V.   MEET AND CONFER

On April 25, 2008, Defendants stated they would employ a scorched earth policy in litigating this case. It is obvious that evasion and obstructionism are two of the scorched earth tactics Defendants have employed. Defendants' scorched earth tactics have no place in this honorable Courtroom.

Plaintiffs' extensive efforts to meet and confer, in person, via phone, and through letters and e-mails, before and after the filing of the herein motion to compel, are detailed in the Reply Regarding Plaintiffs' Motion to Compel Written Discovery also being filed on this date.

## VI.   CONCLUSION

For the reasons stated above Plaintiffs respectfully request:

A) An Order requiring Defendants to produce a competent F.R.C.P. 30(b)(6), in San Jose, CA, for its continued depositions for the topics originally noticed for April 22, 2008, including, but not limited to: 1) training practices and procedures, 2) previous lawsuits and complaints, 3) financial condition and net worth, 4) telephone practices, 5) the denials in its Answer, 6) investigation of fact witnesses, and actions taken as a result of such, and 7) deposition topic

---

[7] See Declaration of Ronald Wilcox, ¶8.

numbers 7, 11, 12, 22, 25, 26 and 28;

B) An order requiring Defendants to produce, and testify about, the following documents: Previous lawsuits and complaints, financial statements and tax returns for the past three years, any documents relating to LiveVox, Inc., personnel files for all individuals that worked on Plaintiffs account (including Moises Moteli and Ralph Phillips), all documents referring to the reporting of the alleged debt, and any documents relating to Plaintiff, and supplement their responses to **Depo RPD 8** (Previous lawsuits, complaints, etc.)

Respectfully submitted,

Dated: August 20, 2008        /s/Ronald Wilcox
                              Ronald Wilcox, Counsel for Plaintiff