1  Balám O. Letona, Bar No. 229642
   LAW OFFICE OF BALÁM O. LETONA, INC.
2  1347 Pacific Avenue, Suite 203
   Santa Cruz, CA 95060-3940
3  Tel: 831-421-0200
   Fax: 831-621-9659
4  Email: letonalaw@gmail.com

5  Ronald Wilcox, Bar No. 176601
   LAW OFFIC OF RONALD WILCOX
6  2160 The Alameda, First Floor, Suite F
   San Jose, CA 95126
7  Tel: 408-296-0400
   Fax: 408-296-0486
8  Email: ronaldwilcox@post.harvard.edu

9  David Humphreys *(pro hac vice)*
   Humphreys Wallace Humphreys P.C.
10 9202 South Toledo Ave.
   Tulsa, Oklahoma 74137
11

12 Luke Wallace *(pro hac vice)*
   Humphreys Wallace Humphreys P.C.
13 9202 South Toledo Ave.
   Tulsa, Oklahoma 74137

14 Attorneys for Plaintiffs

15                          **U.S. DISTRICT COURT**
16                   **NORTHERN DISTRICT OF CALIFORNIA**
                              **SAN JOSÉ DIVISION**

17 MANUEL G. FAUSTO and LUZ FAUSTO,   )
       Plaintiffs,                    ) Case No.: C07-05658 JW RS
18                                    )
       v.                             ) **PLAINTIFF'S OPPOSITION TO**
19                                    ) **DEFENDANTS' MOTION TO**
   CREDIGY SERVICES CORPORATION,      ) **WITHDRAW FROM STIPULATION**
20 CREDIGY RECEIVABLES INC., CREDIGY  )
   SOLUTIONS INC., RYAN MILLER,       ) **Date: September 22, 2008**
21 RICARDO VENTURA, BRETT BOYDE,      ) **Time: 9:00 a.m.**
   PAULO PERES, THOMPSON and DOES 1-  ) **HON. JAMES WARE**
22 10, inclusive,                     )
       Defendants.                    ) **U.S. DISTRICT COURT**
23                                    ) **280 South First St.**
                                      ) **San Jose, CA**
24 _____)

25 //

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW FROM
STIPULATION, Case No.: C07-05658 JW RS
1

On March 18, 2008, the parties filed a stipulation with the Court, stating Defendants' counsel represented certain individual defendants and would answer on their behalf by a certain date (the individual defendants were Luis Renato Silva Nunes, Ricardo Ventura, and RG Goncalves).[1] Docket #16. Relying on Defendants' counsel representations, Judge Ware ruled that a pending motion to extend time to serve these Defendants was moot, and therefore vacated. Docket# 17.

Defendants' counsel later reneged, alleged he did not represent these individuals, and that in making his representation- that he represented them- he believed he was going to be able to contact them, but was unable to.

On June 13, 2008, Magistrate Judge Seeborg granted a Motion to Compel and ruled that these individual Defendants needed to be produced in Atlanta, GA, for their depositions, along with Paulo Peres, provided they were located. Docket #67. The individual defendants failed to appear (with the exception of Peres). Defendants' counsel also failed to respond to written discovery served on him regarding these individuals[2].

In a letter to Faustos counsel, and in a subsequent declaration filed with this Court, Defendants' counsel alleged that CSC cannot contact those individuals and does not have the ability of any kind to produce Ventura, Goncalves or Ferraro for deposition[3]. See Exhibit 1 and see Docket #38 and exhibits.

Plaintiffs counsel made an effort to resolve this matter by requesting Defendants stipulate

---

[1] Defendants filed a similar motion in *Vasquez Pintor v. Crediqy,* 07-06428 JF, N.D. Cal. However, in that case Defendants claimed to have mis-identified their client. Whereas, herein there is no dispute regarding the identities of the Defendants.

[2] See Declaration of Balám Letona
[3] See Exhibit 1 to Declaration of Balám Letona

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW FROM STIPULATION, Case No.: C07-05658 JW RS

2

they will not attempt to rely on evidence from these individuals. Defendants refused[4].

To the extent that Defendants seek to withdraw from representing these individuals, (allegedly because they have not had contact with them, nor have any control over them), yet at the same time wish to be allowed to rely on evidence from these individuals is patently unfair and prejudicial to Plaintiffs.[5] As such, if Defendants have no control over these individuals and Defendants cannot make them appear in the United States for testimony, then Plaintiffs have no objection to Defendants being relieved from the stipulation, provided that the witnesses are barred from testifying at trial. If fairness requires the Defendants be relieved because of lack of communication and control, then fairness requires that the Plaintiffs not be surprised for the first time at trial.

Thus, to the extent Defendants counsel seeks to withdraw from representing these individuals because he claims (after agreeing he represented them and would accept service on their behalf) he and the corporate Defendants cannot contact these individuals, then Defendants should be barred from relying on any evidence from these individuals. F.R.C.P. 37.

Respectfully submitted,


___/s/_____
Balám O. Letona
Attorney for Plaintiffs
September 2, 2008

---

[4] See Declaration of Balám Letona

[5] Discovery is set to close on October 13, 2008 See Docket #99. _____

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO WITHDRAW FROM STIPULATION, Case No.: C07-05658 JW RS

3