1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ., (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  *Former* Attorneys for Defendants,
   CREDIGY SERVICES CORPORATION,
6  CREDIGY RECEIVABLES INC., CREDIGY
   SOLUTIONS INC.
7

8              UNITED STATES DISTRICT COURT

9     FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11 | MANUEL G. FAUSTO AND LUZ      ) CASE NO. C07 05658 JW (RS)
   | FAUSTO,                       )
12 |                               ) [Complaint Filed:   12/20/07
   |                               ) 1st Amended Complaint Filed: 1/14/08]
13 |               Plaintiffs,     )
   |                               ) District Judge: Hon. James Ware
14 |        vs.                    ) Magistrate Judge: Hon. Richard Seeborg
   |                               )
15 | CREDIGY SERVICES CORPORATION; )
   | CREDIGY RECEIVABLES INC.,     ) **DEFENDANTS CREDIGY SERVICES**
16 | CREDIGY SOLUTIONS INC.; RYAN  ) **CORPORATION, CREDIGY**
   | MILLER; RICARDO VENTURA;      ) **RECEIVABLES INC., AND CREDIGY**
17 | BRETT BOYDE; PAULO PERES;     ) **SOLUTIONS INC.'S REPLY IN SUPPORT**
   | THOMPSON; and DOES 1-10, inclusive, ) **OF MOTION TO WITHDRAW FROM**
18 |                               ) **STIPULATION; DECLARATION OF**
   |                               ) **STEPHEN A. WATKINS**
19 |               Defendants.     )
   |                               )
20 |                               ) Date: September 22, 2008
   |                               ) Time: 9:00 a.m.
21 |                               ) Location: U.S. District Court,
   |                               ) 280 S. 1st. Street, San Jose, CA
22 |                               ) Courtroom 8
   |                               )
23 |                               )

24        Defendants CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC.,

25 CREDIGY SOLUTIONS INC, LUIS RENATO SILVA NUNES erroneously sued and served as

26 RYAN MILLER, BRETT BOYDE, and PAULO PERES ("Defendants") hereby submit this Reply

27 Brief to Plaintiffs MANUEL G. FAUSTO and LUZ FAUSTO ("Plaintiffs")'s Opposition (the

28 "Opposition") to Defendants' Motion to Withdraw from Stipulation.

05712.00:147173                              1
                      **REPLY IN SUPPORT OF MOTION TO**
                      **WITHDRAW STIPULATION**                    Case No. C07 05658 JW RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

### A. Plaintiffs Do Not Address The Merits of Defendants' Motion and Therefore They Have Conceded the Augments Therein

As stated in Defendants' Motion, the Ninth Circuit has held that the factors to consider in deciding whether to modify a pre-trial order issued pursuant to F.R.C.P. Rule 16 include:

(1) prejudice to movant of a refusal to modify;

(2) prejudice to non-movant of modification;

(3) impact of modification on orderly conduct of case; and

(4) degree of wilfulness, bad faith, or excusable neglect on the part of the movant.

*United States v. First Nat'l Bank of Circle* (9th Cir. 1981) 652 F.2d 882, 887. Although the stipulation at issue in this Motion (the "Stipulation") is not a Rule 16 pre-trial order, but a pre-trial stipulation, the *Circle* factors provide a solid framework for determining whether this Court should modify the Stipulation in the interests of justice. As shown both in Defendants' Motion and in greater detail below, Defendants have shown that unless Defendants' counsel is allowed to withdraw from the stipulation at issue in this litigation, both Defendants' counsel and Defendants Goncalves and Ventura will be immeasurably prejudiced.

Plaintiffs' terse Opposition fails to present any arguments in opposition of Defendants' Motion, and therefore they have conceded these arguments. *See, e.g. Love v. Mail on Sunday*, 2006 U.S. Dist. LEXIS 95456 (C.D. Cal. Aug. 15, 2006)(holding "Plaintiff's opposition fails to contest this argument [in favor of defendant's motion to dismiss plaintiff's first cause of action], and therefore concedes it"); *Seed Lighting Design Co. v. Home Depot*, 2005 U.S. Dist. LEXIS 44741 (N.D. Cal. Aug. 3, 2005)(holding that plaintiff failed to address an issue raised by defendant's motion for summary judgment in its opposition and therefore "conceded this point"). In light of Plaintiffs' complete lack of opposition to the substantive arguments in Defendants' Motion, Defendants' Motion should be granted on this ground.

///
///

05712.00:147173

2

REPLY IN SUPPORT OF MOTION TO WITHDRAW STIPULATION     Case No. C07 05658 JW RS

B. **Plaintiffs Should Not Be Allowed to Exclude the Testimony of Defendants Ventura and Goncalves From Trial**

Plaintiffs' Opposition concedes they will not oppose Defendants' counsel's Motion, but they ask named Defendants Goncalves and Ventura be barred from testifying at trial. (Opposition, pg. 2.) Plaintiffs have cited no authority for such a request, which is tantamount to an evidence sanction. In fact, the law is to the contrary. *See David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003)(refusing to exclude plaintiff's late-disclosed witness even though plaintiff failed to supplement her answers to defendant's interrogatories with late discovered witness, because defendant still managed to discover witness and interview him before trial).

In this case, Defendants Ventura and/or Goncalves could only appear later in this litigation as the result of three scenarios: (a) Plaintiffs finally take advantage of the information provided them by Defendants' counsel **over five months ago** and locate Ventura and Goncalves; (b) Ventura and Goncalves appear due to the unforeseen result of Credigy's previous efforts to locate them; or (c) Ventura and Goncalves appear independently from the effort of the parties in this litigation. In none of these scenarios is the potential surprise appearance of Ventura and Goncalves one-sided such that it would constitute prejudice only to Plaintiffs.

Moreover, in the spirit of furthering good faith with respect to any later appearance of Ventura or Goncalves, Defendants' counsel agrees to stipulate to a limited extension of the discovery cut-off such that Plaintiffs could take the deposition and written discovery of either Ventura and/or Goncalves in the event they are located after the current established discovery deadline in this litigation. Such a stipulation eliminates any potential prejudice to Plaintiffs due to a surprise appearance by either Ventura and/or Goncalves. *See David*, 324 F.3d at 858 (prejudice averted due to opportunity to discover and interview witness).

C. **If Defendants Are Not Allowed to Withdraw From the Stipulation, They Will Be Unduly Prejudiced**

Nowhere in Plaintiff's Opposition do they even acknowledge the true ramifications of the result they seek. If Defendants are not allowed to withdraw from the stipulation, Defendants' counsel will be forced to purport to represent individuals who they cannot even locate and request

05712.00:147173

3

REPLY IN SUPPORT OF MOTION TO WITHDRAW STIPULATION    Case No. C07 05658 JW RS

that they assist in their defense. This could subject Defendants and its counsel to continuous liability for potential discovery sanctions, as Plaintiffs could propound an unending stream of discovery requests, and attempt to hold Defendants and their counsel responsible for the inability to respond. This is a likely scenario given that Plaintiff opposes the current Motion and consistently maintains that Defendants' counsel should comply with discovery pertaining to party Defendants counsel cannot even reach (Plaintiffs' Opposition, pg. 2)

Defendants' counsel only entered into the subject Stipulation based on the representations of Credigy that Defendants Ventura and Goncalves could be located, and that it should enter in the Stipulation in an effort to move the case forward. (Declaration of Stephen A. Watkins, ¶4.) Defendants' counsel should not be forced to comply with a Stipulation to which it cannot comply under any circumstance, especially in light of the fact the Stipulation concerns the potential representation of Brazilian nationals who cannot be located.

D. **Plaintiffs' Opposition Does Not Address the Prejudice to Defendants Ventura and Goncalves if Defendants' counsel is Not Permitted to Withdraw**

Defendants' counsel has informed Plaintiff's counsel repeatedly that it cannot locate Ventura and Goncalves and that Defendants' counsel cannot file an Answer on their behalf. (See Watkins Decl., ¶7.) Plaintiffs' Opposition fails to address the prejudice to Ventura and Goncalves if the Stipulation on their behalf is allowed to stand. If no action is taken, Defendants Ventura and Goncalves will continue onward in litigation and be subjected to potential liability in that they have never even been served with process. Moreover, both are Brazilian nationals who would therefore be subjected to U.S. jurisdiction without their consent. Finally, even if Plaintiffs win their case, any judgment against any Defendants Ventura and Goncalves would likely be void for lack of jurisdiction.

E. **Plaintiffs Has Not Established Prejudice to Their Case**

Plaintiffs *have admitted* that they entered into the Stipulation with Defendants' counsel on March 18, 2008, and by April 8, 2008, only three weeks later, Defendants' counsel had informed them that he was unable to contact Defendants Ventura and Goncalves and provided Plaintiffs all the contact information for these individuals in his possession at the time. Five

months later, Plaintiffs appear to have not performed any investigation as to Defendants Ventura and Goncalves, choosing only to file an Opposition to Defendants' counsel motion to withdraw. Therefore, any prejudice in this regard is of Plaintiffs' own making.

### F.  Defendants Have Shown Good Faith

Not once were Defendants dilatory in apprising Plaintiffs of the lack of success they had in their efforts to locate Defendants Ventura and Goncalves. Moreover, if Defendants did not investigate Plaintiffs' claims in good faith, they would have never have discovered that "R. Goncalves" was not Rodrigo Goncalves but Rita Goncalves. Defendants' counsel has overseen the prompt response of Defendants Paulo Peres, Luis Renato Silva Nunes and Brett Boyde to Plaintiffs' discovery efforts and do not seek to shirk their duty to progress this litigation. In fact, Defendants' counsel only agreed to the Stipulation in the interests of moving this case further. In light of foregoing good faith, Defendants' Motion should be granted.

### G.  Conclusion

As demonstrated by Plaintiff's Opposition, Plaintiffs do not object to Defendant's withdrawal from the subject Stipulation regarding Goncalves and Ventura. Defendants' counsel only entered into the subject Stipulation in the interests of moving the current litigation forward and based on the representations of Credigy. Upon learning that it would not be able to contact Defendants Ventura and Goncalves, Defendants' counsel promptly informed Plaintiffs' counsel and provided Plaintiffs with Ventura and Goncalves' last known contact information. In light of the foregoing, Defendants' Motion should be granted so that Defendants' counsel is not forced to represent individuals it cannot contact and Defendants Ventura and Goncalves are not submitted to judicial process of which they are not aware in a court to which they have not submitted to jurisdiction.

/ / /
/ / /
/ / /
/ / /

1     Although Plaintiffs argue that if either Ventura or Goncalves should make an appearance later in this litigation, the testimony of those Defendants should be barred, they have cited no authority for this position. In fact, the surprise by the appearance of Ventura or Goncalves would affect both sides equally, as Defendants' counsel currently has had no success in contacting them. Defendants' counsel would agree to allow a limited discovery extension to allow Plaintiff to take proper discovery with respect to any late appearance by either Ventura or Goncalves. In light of the mitigation of any potential prejudice such a proposal would provide, Plaintiff's request for an evidence sanction is without merit and baseless.

DATED: September 8, 2008

CARLSON & MESSER LLP

By: /s/ David J. Kaminski
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendants,
BRETT BOYDE, PAULO PERES, and RYAN MILLER

## DECLARATION OF STEPHEN A. WATKINS

I, Stephen A. Watkins, declare as follows:

1. I declare I am an attorney at law, licensed to practice before all of the courts of the State of California and I am an associate of the law firm of Carlson & Messer LLP, former attorneys of record for CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., and CREDIGY SOLUTIONS INC (collectively "Credigy") and current counsel of record for LUIS RENATO SILVA NUNES erroneously sued and served as RYAN MILLER, BRETT BOYDE, and PAULO PERES (collectively with Credigy, "Defendants") in the above-captioned action brought by MANUEL G. FAUSTO and LUZ FAUSTO (Plaintiffs).

2. The facts set forth herein are true to my own personal knowledge, and if called upon, and sworn as a witness, I could and would competently testify thereto.

3. Defendants' counsel entered into a stipulation (the "Stipulation") whereby they agreed to accept service of the summons and complaint in this action on behalf of Defendants Thompson aka "R. Goncalves" and Ricardo Ventura. This Stipulation was filed with the Court on March 18, 2008.

4. Defendants' counsel only entered into the subject Stipulation based on the representations of Credigy that Defendants Ventura and Goncalves could be located, and that it should enter in the Stipulation in an effort to move the case forward.

5. On or about April 8, 2008, after further investigation by Credigy, Defendants' counsel was informed that the "R. Goncalve" Credigy believed was the Thompson named in Plaintiffs' FAC was former Credigy employee Rita De Cassia Goncalves, not Rodrigio Goncalves De Pedreria. Defendants provided the last known address for Ms. Goncalves to Plaintiffs at that time. About a month later, Defendants' counsel withdrew as counsel for Credigy, and only remained counsel of record for the individual defendants in this action.

6. Ventura and Goncalves are Brazilian nationals, former employees of Credigy. At this time they have been unable to be located by Credigy.

7. Defendants' counsel has informed Plaintiff's counsel repeatedly that it cannot locate Ventura and Goncalves and that Defendants' counsel cannot file an Answer on their behalf.

05712.00:147173

7

REPLY IN SUPPORT OF MOTION TO
WITHDRAW STIPULATION                     Case No. C07 05658 JW RS

8. In the spirit of furthering good faith with respect to any later appearance of Ventura or Goncalves, Defendants' counsel agrees to stipulate to a limited extension of the discovery cut-off such that Plaintiffs could take the deposition and written discovery of either Ventura and/or Goncalves in the event they are located after the current established discovery deadline in this litigation.

9. Defendants' counsel has overseen the prompt response of Defendants Paulo Peres, Luis Renato Silva Nunes and Brett Boyde to Plaintiffs' discovery efforts.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 8th day of September 2008, at Los Angeles, California.

/s/ Stephen A. Watkins
Stephen A. Watkins, Esq.

05712.00:147173

8

**REPLY IN SUPPORT OF MOTION TO WITHDRAW STIPULATION**

Case No. C07 05658 JW RS

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **September 8, 2008**, I served the foregoing document described as: **DEFENDANTS CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., AND CREDIGY SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO WITHDRAW FROM STIPULATION; DECLARATION OF STEPHEN A. WATKINS** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST.**

[ ]    **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(BY MAIL)**
I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐    **(BY FACSIMILE)**
I transmitted via telecopier machine such document to the offices of the addressees.

☐    **(BY PERSONAL SERVICE)**
I hand-delivered said documents to the parties listed on the attached Service List.

☒    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 8th day of September, 2008, at Los Angeles, California.

*Linda Brooks* (signature)
Linda Brooks

<u>**Manuel Fausto v. Credigy Services Corporation, et al.**</u>
Our File No. 05712.00

| | |
|---|---|
| Ronald Wilcox, Esq.<br>LAW OFFICE OF RONALD WILCOX<br>2160 The Alameda, First Flr., Suite F<br>San Jose, CA 95126-1001<br>Tel: (408) 296-0400<br>Fax: (408) 296-0486<br>Email: ronaldwilcox@post.harvard.edu | Attorneys for Plaintiff, Manuel G. Fausto, and Luz Fausto |
| Balam O. Letona, Esq.<br>LAW OFFICE OF BALAM O. LETONA, INC.<br>1347 Pacific Avenue, Suite 203<br>Santa Cruz, CA 95060-3940<br>Tele: (831) 421-0200<br>Fax: (831) 621-9659 | Attorneys for Plaintiff, Manuel G. Fausto, and Luz Fausto |
| David Humphreys, Esq.<br>Luke J. Wallace, Esq.<br>HUMPHREYS, WALLACE, HUMPHREYS, P.C.<br>9202 S. Toledo Avenue<br>Tulsa, OK 74137<br>Tele: (918) 747-5300 | Attorneys for Plaintiff, Manuel G. Fausto, and Luz Fausto |
| Tomio B. Narita, Esq.<br>Jeffrey A. Topor, Esq.<br>SIMMONDS & NARITA LLP<br>44 Montgomery Street<br>Suite 3010<br>San Francisco, CA 94104-4816<br>Tele: (415) 283-1000<br>Fax: (415) 352-2625 | Attorneys for Defendants,<br>Credigy Services Corporation,<br>Credigy Receivables, Inc., and<br>Credigy Solutions, Inc. |
| John F. Gillespie, Esq.<br>Director of Litigation Management<br>STEWART & ASSOCIATES, P.C.<br>3950 Johns Creek Court, Suite 100<br>Suwanee, GA 30024<br>Tele: (678) 728-7313<br>Fax: (678) 684-4975 | Attorneys for Defendants,<br>Credigy Services Corporation,<br>Credigy Receivables, Inc., and<br>Credigy Solutions, Inc.. Ryan Miller,<br>Ricardo Ventura, Brett Boyde, Paulo Peres,<br>Thompson |

05712.00.00/146281