IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Manuel G. Fausto, et al., | NO. C 07-05658 JW |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING; GRANTING DEFENDANTS' MOTION TO WITHDRAW FROM STIPULATION** |
| v. | |
| Credigy Services Corp., et al., | |
| Defendants. | |

Manuel and Luz Fausto ("Plaintiffs") bring this action against Credigy Services Corp. ("CSC"), Credigy Receivables Inc., Credigy Solutions Inc., Ryan Miller, Ricardo Ventura, Brett Boyde, Palo Peres, and Thompson[1] (collectively, "Defendants") alleging, *inter alia*, violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* Plaintiffs allege that Defendants used illicit threats and harassing phone calls to collect debts from Plaintiffs.

Presently before the Court are Defendants' Motion For Leave to File Supplemental Pleading Asserting Counterclaim[2] and (2) Defendants' Motion to Withdraw from Stipulation.

---

[1] Since the filing of this action, Defendant Thompson has since been identified as Rita de Cassia Gonclaves. Ms. Gonclaves was originally sued as simply "Thompson" because her identity was unknown and "Thompson" was the alias she used when making alleged phone calls to Plaintiffs. (Defendants Credigy Services Corporation, Credigy Receivables Inc., Credigy Solutions Inc.'s Motion to Withdraw from Stipulation at 6, hereafter, "Motion to Withdraw," Docket Item No. 38.)

[2] (Motion of Defendant Credigy Services Corporation for Leave to File Supplemental Pleading Asserting Counterclaim, hereafter, "Motion for Leave," Docket Item No. 107.)

The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motion for Leave and Motion to Withdraw from Stipulation.

**A.     Motion For Leave**

Defendants move for leave to amend their Answer and Counterclaims on the ground that discovery has revealed that Plaintiffs have recorded certain phone calls in violation of Cal. Penal Code § 632.[3]  (Motion for Leave at 2.)

Rule 15(a) of the Federal Rules of Civil Procedure is entitled "Amendments Before Trial." It provides in part, "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Such leave should be freely given "when justice so requires." Id.

Rule 15(d), in turn, is entitled "Supplemental Pleadings."  It provides in part, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). "While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion ...." Id.

---

[3] Under Cal. Penal Code § 637.2, "[a]ny person who has been injured by a violation of this chapter [including Section 632] may bring an action against the person who committed the violation . . . ." Cal. Penal Code § 637.2.

2

In this case, although Defendants' motion is styled as a motion for leave to file a supplemental pleading under Rule 15(d), the Court finds that it is more appropriately treated as a motion to amend under Rule 15(a). Defendants seek to add a counterclaim concerning events that transpired before the lawsuit was commenced but were not discovered until after the action was brought by Plaintiffs. (Motion for Leave, Ex. D ¶ 7.)

Plaintiffs contend that they will be substantially prejudiced because Defendants have been "obstinate through discovery" and an additional counterclaim will require the parties to engage in more discovery. (Plaintiffs' Opposition to Defendants' Motion for Leave to File Counterclaim at 9, hereafter, "Opposition to Leave," Docket Item No. 118.) To the extent that Defendants' new counterclaim introduces new issues to the case, the court will grant Plaintiffs additional time to conduct discovery. Thus, the Court finds that Plaintiffs will not be prejudiced.

Plaintiffs also contend that Defendants cannot allege any facts that would state a claim under Cal. Penal Code § 632 because the individuals participating in the illicitly recorded phone calls were not employed by Defendants. (Opposition at 6.) Defendants Proposed Counterclaim alleges as follows:

> During all times relevant to this action, CSC also maintained contractual relationships by which it employed personnel located in offices in São Paulo, Brazil. (Motion for Leave, Ex. D ¶ 1.)
> CSC is informed and believes and based thereon alleges, that each counterdefendant, including each fictitiously named counterdefendant, encouraged, directly participated in, [and] ratified the unlawful conduct described herein, and is responsible for the acts, occurrences and injuries as alleged herein. (Motion for Leave, Ex. D ¶ 3.)
> Beginning in August 2006, Fausto and CSC employees had telephone conversations concerning a financial obligation owed to [D]efendant Credigy Receivables Inc. (Motion for Leave, Ex. D ¶ 7.)
> On dates that are presently unknown to CSC, Fausto, while located in the State of California, secretly recorded at least one of these telephone conversations, without the consent of CSC or CSC's employees. (Motion for Leave, Ex. D ¶ 8.)

Defendants' Proposed Counterclaim alleges that CSC's employees participated in the illicitly recorded phone conversations. Plaintiffs' contentions as to why Defendants' allegations are false

3

address the merits of the counterclaim and therefore, are not appropriate for consideration in this motion.[4] Thus, the Court finds that leave to amend would not be futile.

Accordingly, the Court GRANTS Defendants' Motion for Leave to file an Amended Counterclaim. On or before **September 30, 2008**, Defendants shall file and serve their Amended Answer and Counterclaim as a separate docket entry. Plaintiffs shall respond to the Amended Answer and Counterclaim pursuant to the Federal Rules of Civil Procedure.

## B. Motion To Withdraw

Defendants move to withdraw from a Stipulation the parties entered into in March 2008, whereby counsel for the corporate Defendants agreed to accept service via fax of the Summons and Complaint on behalf certain Individual Defendants.[5] Defendants seek withdrawal from the Stipulation on the ground that counsel has been unable to locate and contact these individuals. (Motion to Withdraw at 6.)

"As long a district court has jurisdiction over a case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles v. Santa Monica BayKeeper, 254 F.3d 882, 884 (9th Cir. 2001).

Plaintiffs contend that they will be prejudiced if the Court were to permit Defendants to withdraw from the March Stipulation. However, the Court finds that counsel, who entered the March Stipulation on a good faith belief that they would be able to locate the two Individual Defendants, would be more prejudiced because they would be forced to accept service on behalf of individuals whom they cannot contact and cannot obtain consent to represent. (See Declaration of David J. Kaminski ¶ 4, Exs. C, D, Docket Item No. 38.) Nothing in this Order prevents Plaintiffs from pursuing the action against the Individual Defendants. To the extent that the deadline for

---

[4] In the context of a motion for leave to amend, courts "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 549 (N.D. Cal. 2003).

[5] (Stipulation Regarding Service on Certain Individual Defendants in Case Number C07-5658 JW and C07-6428 JF at 2, hereafter, "March Stipulation," Docket Item No. 16.)

4

service of process may have passed, Plaintiffs may petition the Court for a brief extension to properly serve the remaining Individual Defendants.

Accordingly, the Court GRANTS Defendants' Motion to Withdraw from the March Stipulation.

Dated: September 18, 2008

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Balam Osberto Letona letonalaw@gmail.com
David Humphreys david@hwh-law.com
David J. Kaminski kaminskd@cmtlaw.com
Jeffrey A. Topor jtopor@snllp.com
Lucius James Wallace luke@hwh-law.com
Ronald Wilcox ronaldwilcox@post.harvard.edu
Tomio Buck Narita tnarita@snllp.com

**Dated: September 18, 2008**              **Richard W. Wieking, Clerk**

                                                   **By:  /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California