*E-FILED 10/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO et al., <br><br> Plaintiffs, <br> v. <br><br> CREDIGY SERVICES CORP. et al., <br><br> Defendants. | NO. C 07-5658 JW (RS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO COMPEL: (1) WRITTEN DISCOVERY; AND (2) A RULE 30(b)(6) DEPOSITION** |

## I. INTRODUCTION

In this federal and California debt collection litigation, plaintiffs Manuel and Luz Fausto move to compel written discovery and a deposition under Rules 26(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure. Defendants Credigy Services Corporation, Credigy Receivables Inc., and Credigy Solutions Inc. (collectively "Credigy") oppose the motions. At the hearing on September 3, 2008 on these motions, the Court instructed the parties to meet and confer further to attempt to resolve the discovery disputes at issue. Both parties were ordered to file a joint supplemental report of what remained in dispute, and only in the event that the parties could not make a joint submission were they permitted to file separate reports addressing the remaining issues. Each party filed such a separate report reflecting some narrowing of disputed issues but with certain disputes remaining

unresolved. As to those matters, as set forth below, plaintiffs' motions to compel will be granted in part and denied in part.[1]

## II. DISCUSSION

The parties, as described in the supplemental reports, have limited the written discovery at issue to a reduced number of interrogatories from three to two sets of such requests.[2] From the first set, interrogatory numbers 5-9 (Manuel Fausto Set II), seek all incentive pay such as bonuses or commissions paid to Richardo Ventura, Brett Boyde, Ryan Miller, Paulo Peres, and Thompson a.k.a. RG Onclave. Credigy maintains that such information is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is proprietary and confidential. Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Despite Credigy's arguments to the contrary, incentive pay and bonuses paid to debt collectors is relevant in determining motive and intent to violate the Federal Debt Collection Practices Act ("FDCPA"). Furthermore, Credigy does not advance any reason why such information is proprietary in nature, although it may be designated confidential pursuant to the protective order. Credigy therefore will be required to respond to interrogatory numbers 5-9 and to do so within fourteen days of the date of this order.

The second set of interrogatories remaining are numbers 12, 13, 30 (Manuel Fausto Set I), seeking: (1) production of the complaints, names of the parties, case numbers, and the name of the district court for all actions filed between 2006-08 against Credigy that included FDCPA violations; and (2) all state court complaints and counterclaims filed between 2006-08 that included violations of the FDCPA. For the federal complaints, Credigy proposes to produce the names of the parties, the case numbers, and the name of the district court where the action was filed in lieu of producing

---

[1] This motion does not alter the discovery cut-off date set by the presiding judge, but merely permits the specific discovery identified by this order to take place beyond that date.

[2] The resolved issues within the motion to compel written discovery are: (1) request for production numbers 16 and 29 (Manuel Fausto Set I); (2) interrogatory numbers 2 and 16 (Manuel Fausto Set I); (3) request for production numbers 1-40 (Luz Fausto Set I); (4) interrogatory numbers 14, 16, 18, 20 (Luz Fausto Set I); and (5) request for production number 1 (Manuel Fausto Set II). Credigy explained how it will comply with these requests in its separate supplemental report.

2

copies of each complaint. The Faustos, however, still seek the federal complaints, not just a list of relevant information. Requiring Credigy to produce every complaint from this time frame is unnecessary when its proposed list of information provides the Faustos with the information they need to locate that material. Accordingly, Credigy is to provide the information in list form within fourteen days of the date of this order.

For the state court complaints and counterclaims, Credigy offers to conduct a computerized search of their records and produce copies of each state complaint and counterclaim found. If copies of the complaints or counterclaims cannot be located, Credigy suggests that it produce a list of available case information within twenty-eight days. The Faustos appear to approve such a compromise, but object to the twenty-eight day time frame. Fourteen days seems to be a reasonable time within which Credigy can either produce the state court materials or, in the event these cannot be located, provide a list of case information similar in form to that being compiled for the federal court actions.

The remaining issues relative to the Rule 30(b)(6) deposition have similarly been narrowed by the parties. The motion to compel originally sought 30(b)(6) depositions to take place in San Jose, California, on topic numbers 1-6, 7, 11, 12, 22, 25-26, 28. Credigy agrees to produce a Rule 30(b)(6) deponent to address all topics except for topic number 28 regarding commissions and bonuses paid to any of the collectors that worked on the Faustos' case.[3] Like their reply to interrogatory numbers 5-9 above, Credigy similarly argues that deposition topic number 28 is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is proprietary and confidential. Moreover, while Credigy agrees to produce a Rule 30(b)(6) deponent, it insists such depositions take place in Atlanta, Georgia, rather than in San Jose, California, as originally contemplated. Credigy argues that forcing witnesses to travel to San Jose to be deposed would be overly time consuming, expensive, and cause a disruption in the witnesses' work schedules.

---

[3] Credigy agrees to produce a Rule 30(b)(6) designee for the following topics: (1) training practices and procedures; (2) financial condition and net worth; (3) telephone practices; (4) the denials in its answers; (5) investigation of fact witnesses; and (6) documents sent to and/or received from the Faustos or anyone else regarding them.

1  First, regarding the location of the depositions, as the parties agreed that Credigy's Rule
2  30(b)(6) deponent would proceed in San Jose, California, on April 22, 2008, where the original
3  deponent could not answer all deposition topics noticed, there is no justification for now requiring a
4  different location. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (determining that
5  a district court has wide discretion to establish the time and place of depositions).  Second, as
6  explained above, incentive pay and bonuses paid to debt collectors may be relevant in determining
7  motive and intent to violate the FDCPA, and Credigy does not offer any reason why such
8  information is proprietary in nature nor why any confidentiality concerns cannot be addressed
9  through appropriate designation under the protective order entered in this action.  The motion to
10 compel the deposition of the aforementioned topic, therefore, is granted.

## III. CONCLUSION

12 Accordingly, the Faustos' motions to compel are granted in part and denied in part.
13 Specifically, interrogatory numbers 5-9 (Manuel Fausto Set II), interrogatory numbers 12, 13, 30
14 (Manuel Fausto Set I), and deposition topic number 28 are granted as provided above.  Credigy is to
15 respond to the above mentioned interrogatories within fourteen days of the date of this order, and the
16 Faustos are to notice the Rule 30(b)(6) deposition to be held in San Jose within twenty days.
17 Credigy is bound to its responses in its separate supplemental report regarding what it will produce
18 and what it will address at the deposition.  While there is agreement as to what information will be
19 produced and what topics that will be covered at the deposition, there is disagreement regarding the
20 time frame for production.  The Faustos seek information within seven days of this order while
21 Credigy states that it will produce information varying from seven, to fourteen, to twenty-eight days
22 of this order.  All dates Credigy proposes will be ordered except for those dates falling within the
23 twenty-eight day range, which will be reduced to fourteen days.[4]

---

[4] The Faustos raise an issue about discovery that may or may not fully have taken place pursuant to this Court's June 13, 2008 Order. Such issues need to be addressed on a properly noticed motion.

4

1   IT IS SO ORDERED.

3   Dated:10/3/08

_____
RICHARD SEEBORG
United States Magistrate Judge

28  ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO COMPEL: (1) WRITTEN DISCOVERY; AND (2) A RULE 30(b)(6) DEPOSITION
C 07-5658 JW (RS)

5

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Balam Osberto Letona    letonalaw@gmail.com

David Humphreys    david@hwh-law.com

David J. Kaminski    kaminskd@cmtlaw.com

Jeffrey A. Topor    jtopor@snllp.com, sschmitt@snllp.com

Lucius James Wallace    luke@hwh-law.com

Ronald Wilcox    ronaldwilcox@post.harvard.edu

Tomio Buck Narita    tnarita@snllp.com, sschmitt@snllp.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/03/08**                                                        **Richard W. Wieking, Clerk**

                                                                           **By:        Chambers**

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO COMPEL: (1) WRITTEN DISCOVERY; AND (2) A RULE 30(b)(6) DEPOSITION
C 07-5658 JW (RS)