*E-FILED 11/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO et al., | NO. C 07-5658 JW (RS) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTIONS TO QUASH, AND FOR A PROTECTIVE ORDER** |
| v. | |
| CREDIGY SERVICES CORP. et al., | |
| Defendants. | |

## I. INTRODUCTION

In this federal and California debt collection litigation, plaintiffs Manuel and Luz Fausto move to quash the deposition subpoena of plaintiffs' counsel Balam Letona, and seek a protective order preventing Letona's deposition under Rules 26(c) and 45 of the Federal Rules of Civil Procedure.[1] Defendants Credigy Services Corporation, Credigy Receivables Inc., and Credigy Solutions Inc. (collectively "Credigy") oppose the motions. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motions to quash and for a protective order will be granted.

---

[1] Plaintiffs also sought in their initial moving papers to quash the subpoena directed to the Watsonville Law Center ("WLC"). That part of the motion is now moot as the executive director testified pursuant to Rule 30(b)(6) on October 7, 2008.

1

II. DISCUSSION

A.   Motion to Quash

Rule 30(a)(1) provides that a party may depose "any person" and there is therefore no express prohibition against deposing an attorney of record in a case. *Graff v. Hunt & Henriques*, No. C 08-0908 JF (PVT), 2008 WL 2854517, at *1 (N.D. Cal. July 23, 2008). Under *Hickman v. Taylor*, 329 U.S. 495, 513 (1947), however, "[t]here is a general presumption that lawyers should not be called to testify in cases where their client is a party because doing so compromises the standards of the legal profession." *Mustang Mktg., Inc. v. Chevron Prods. Co.*, No. SA CV 02-485 DOC (MLGx), 2006 WL 5105559, at *3 (C.D. Cal. Feb. 28, 2006); *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. C 04-0240 PJH (JL), 2004 WL 3174427, at *2 (N.D. Cal. Nov. 15, 2004).

In *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), a leading case on the issue of attorney depositions, the Eighth Circuit used the *Hickman* presumption to fashion a three-prong test. *Graff*, 2008 WL 2854517, at *1; *Nocal*, 2004 WL 3174427, at *2. A party seeking to depose opposing counsel such as Letona must show that: (1) the desired information cannot be obtained by any other means; (2) the desired information is relevant and non-privileged; and (3) the desired information is crucial to the preparation of the case.[2] *Massachusetts Mutual Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Cal. 1998) (citing *Shelton*, 805 F.2d at 1327).

All of Credigy's arguments for the necessity of Letona's deposition fail to satisfy *Shelton*. First, Credigy maintains that Mr. Fausto testified that Letona, an attorney at the WLC, helped him draft a November 7, 2006 cease and desist letter. According to Credigy, during the year plaintiffs allegedly received harassing phone calls, Letona should have minimized the harm they suffered and protected his clients. Credigy claims that it is entitled to explore when Letona first provided legal advice to plaintiffs, and whether he advised them to delay filing suit for an improper purpose. In the submitted declarations, it is explained that when indigent consumers such as plaintiffs visit the WLC they meet with a legal assistant supervised by a legal aid attorney. In line with that procedure, Mrs.

---

[2] While there is no published Ninth Circuit case adopting the test from *Shelton*, district courts within this circuit have used it when analyzing whether to permit the deposition of counsel. *See, e.g.*, *Wall v. Leavitt*, No. S-05-2553 FCD GGH, 2007 WL 4219162, at *2 (E.D. Cal. Nov. 29, 2007).

2

Fausto testified that when she first visited the WLC she did not meet with Letona, but rather with two women. Mrs. Fausto recalls that these two women provided legal advice and helped prepare the 2006 cease and desist letter. At the October 7, 2008 deposition of the WLC, it testified that those women were Angela Gonzalez and Dianna Avila. No mention was ever made of Letona offering any legal representation. Indeed, the WLC did not refer plaintiffs to Letona until 2007. Moreover, the question of the degree to which plaintiffs felt harassed by the contact, or were merely "setting a trap" for Credigy as it seems to suggest in its opposition, focuses on the attitude of the plaintiffs who have or will be deposed, and is not an issue uniquely within counsel's knowledge or understanding.

Second, Credigy insists that it needs Letona's testimony regarding his role in the preparation of certain discovery responses. Credigy claims that Mr. Fausto declared under oath that his discovery responses, which were in English, were "true and correct" even though he cannot read English and could not state that anyone ever translated them into Spanish before he verified them. A review of the deposition testimony, however, reveals that Credigy did not allow Mr. Faustos to have a Spanish interpreter identify and interpret the documents before him so that he could verify what he was testifying about. Consequently, the information Credigy seeks was available from a source other than Letona. Credigy's inability to obtain that information from a willing deponent is not a sufficient reason to overcome its burden of establishing a need to depose opposing counsel.

Third, Credigy seeks to depose Letona because he allegedly provided Mrs. Fausto with a tape recorder that she then used to record a phone call with Credigy in violation of the California Penal Code. Beyond the unsupported statement that counsel supplied the recorder, however, Credigy offers no support for the proposition that Letona is an essential witness regarding the decision to record, particularly in that Mrs. Faustos has not invoked advice of counsel as her reason for making the recordings. Indeed, Mrs. Fausto testified that she did not consult with anyone before engaging in that conduct. In short, in balancing the strong presumption against requiring the testimony of counsel of record against the marginal need Credigy has shown for such testimony, an order quashing the Letona deposition is warranted.[3]

---

[3] Credigy's final argument that it needs to depose Letona to support its affirmative defenses similarly fails because such information can be obtained from other sources.

3

B.  Protective Order

In light of the pending deposition notice, Letona seeks a protective order. Defendants argue that he has not met his burden of showing good cause for its issuance. A court may issue a protective order only after the moving party demonstrates that good cause exists for protecting the material. Fed. R. Civ. P. 26(c). The moving party has the burden of showing a particular need for protection under Rule 26(c). A court may issue orders protecting a party from being deposed where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Plaintiffs have demonstrated as set forth above, that the presumption against the taking of litigation counsel's deposition here rests against the lack of any showing of need by Credigy for the requested testimony. In other words, plaintiffs have shown more than broad, unsubstantiated allegations of harm and the issuance of a protective order is accordingly appropriate.

### III. CONCLUSION

The motion to quash and the motion for a protective order are both granted.

IT IS SO ORDERED.

Dated: November 3, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS' MOTIONS TO QUASH, AND FOR A PROTECTIVE ORDER
C 07-5658 JW (RS)

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Balam Osberto Letona    letonalaw@gmail.com

Bernard A. Burk    bburk@howardrice.com, jbeyl@howardrice.com, jrustice@howardrice.com

D'Lonra C. Ellis    dellis@howardrice.com, jrustice@howardrice.com

David Humphreys    david@hwh-law.com

Jeffrey A. Topor    jtopor@snllp.com, sschmitt@snllp.com

Lucius James Wallace    luke@hwh-law.com

Ronald Wilcox    ronaldwilcox@post.harvard.edu

Tomio Buck Narita    tnarita@snllp.com, sschmitt@snllp.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/3/08**                                        **Richard W. Wieking, Clerk**

                                                          **By:**     **Chambers**

ORDER GRANTING PLAINTIFFS' MOTIONS TO QUASH, AND FOR A PROTECTIVE ORDER
C 07-5658 JW (RS)

5