*E-FILED 12/11/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO et al.,<br><br>    Plaintiffs,<br>   v.<br><br>CREDIGY SERVICES CORP. et al.,<br><br>    Defendants._____/ | NO. C 07-5658 JW (RS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL NON-PARTY WLC** |

## I. INTRODUCTION

In this federal and California debt collection litigation, defendants Credigy Services Corporation, Credigy Receivables Inc., and Credigy Solutions Inc. (collectively "Credigy") move to compel non-party the Watsonville Law Center ("WLC") to comply with a deposition *duces tecum* subpoena. WLC opposes the motion. At the scheduled hearing, much of the argument centered around a redacted "communication history report" produced by WLC and whether it was protected from production by the attorney client privilege and/or the work product doctrine. As a result, WLC was ordered to submit an unredacted version of that report for *in camera* review. After reviewing that document, and for the reasons stated below, the motion to compel filed against WLC will be denied.

## II. DISCUSSION

A.   <u>Motion to Compel WLC</u>

Because plaintiffs contacted attorneys at WLC in connection with Credigy's debt collection efforts, Credigy served a subpoena on that third party in an effort to explore the motivation behind

1

plaintiffs ensuing conduct. In particular, Credigy, by way of its subpoena, sought any files that would identify who met with plaintiffs and any phone calls placed by WLC to them. Inda Decl., Ex. A. The subpoena additionally sought a witness who could testify about what person at WLC was most knowledgeable regarding: (1) issues under the Fair Debt Collection Practices Act ("FDCPA"); and (2) files reflecting the date and time of any meetings with plaintiffs.

In response to the subpoena, WLC produced Dori Inda, its executive director, to testify pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. At the deposition, Inda identified Henry Martin, an attorney at WLC, as the person most knowledgeable about the FDCPA. Inda also produced a redacted "communication history report" that purported to track all meetings between plaintiffs and WLC.[1] WLC asserted that the redaction was necessary because the report contained information protected by the attorney-client privilege and/or the work product doctrine.

1. Person Most Knowledgeable on the FDCPA

Credigy seeks to depose Martin as he is the most knowledgeable person at WLC about the FDCPA. In response, WLC argues that it complied with the subpoena by presenting Inda as the person most knowledgeable on the literal topic: who at WLC is the most knowledgeable regarding the FDCPA: namely Henry Martin. Such an extremely narrow reading of that deposition topic is not in accord with the spirit of discovery contemplated by the Federal Rules of Civil Procedure. That said, the designated deposition topic, general testimony regarding the FDCPA, is outside the appropriate area of fact discovery for a third party, non-expert, witness. Consequently, no further Rule 30(b)(6) witness need be produced to address that deposition topic.

2. Communication History Report

Credigy also seeks an unredacted version of plaintiffs' communication history report, claiming plaintiffs waived any attorney-client privilege or work product production otherwise applicable as a result of the pleadings plaintiffs filed in the action as well as deposition testimony provided by Mr. Fausto. Based on the Court's *in camera* review, WLC has shown that the report

---

[1] A communications history report is maintained on WLC's electronic record-keeping system. The report identifies the client, the person at WLC who met with or contacted the client, and the date of each contact. The report also records the substance of the client's communications with WLC, and the staff's analysis and impressions. Inda Decl. ¶ 4.

2

contains information properly classified as falling under the attorney-client privilege and the work product doctrine. The unredacted portions of the report reflect the confidential communications between plaintiffs and WLC in the process of seeking legal advice, and WLC's own analysis, impressions, and internal communications regarding plaintiffs' dispute with Credigy. This material is within the scope of the attorney-client privilege and the work product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 511-13 (1947); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).

The remaining issue, therefore, is whether plaintiffs waived the attorney-client privilege and/or the work product doctrine. In general, there are three types of waiver: (1) express; (2) implied; and (3) limited or selective. *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981); *Louen v. Twedt*, 236 F.R.D. 502, 507 (E.D. Cal. 2006). A party may waive the privilege implicitly if a party raises a claim which requires disclosure of the protected communication. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). A party also may waive the privilege by selectively disclosing part of the attorney-client communication thereby rendering it unfair to withhold the remainder. *Boston Scientific Corp. v. Cordis Corp.*, No. C 02-1474 JW (RS), 2008 WL 1766757, at *2 (N.D. Cal. Apr. 15, 2008).

Credigy does not argue that any privilege was waived expressly, but instead argues that such waiver was implied and/or selective. Credigy identifies four paragraphs in plaintiffs' complaint and the same four paragraphs in their first amended complaint ("FAC") for the proposition that they waived any privilege. Those four paragraphs state that: (1) plaintiffs sought legal advice from WLC in response to Credigy's collection letters and phone calls; (2) plaintiffs took a collection letter to WLC and it recommended that they send a cease and desist letter to Credigy; (3) WLC drafted a cease and desist letter for plaintiffs; and (4) WLC told plaintiffs that once Credigy received the letter they could no longer contact them. Complaint ¶¶ 12-13, 20-21; FAC ¶¶ 12-13, 20-21. These paragraphs are not sufficient to overcome the attorney-client privilege otherwise attaching to the request because they do not reveal the confidential communications between plaintiffs and WLC, but rather, only reveal the steps taken to stop Credigy from sending collection letters.

Finally, Credigy maintains in its reply that Mr. Fausto selectively waived the attorney-client privilege in his deposition testimony. Credigy submits voluminous transcript exhibits from Mr. Fausto's deposition, but in its moving papers it fails to cite to any instances that allegedly demonstrate that Mr. Fausto waived a privilege. Despite Credigy's failure, the Court endeavored to review those transcripts and has not found any deposition testimony by Mr. Fausto that could be deemed a waiver of the privilege. Indeed, the only evidence contained in the record is from Mr. Fausto's joinder declaring that he intended quite the contrary. Credigy, therefore, has not demonstrated that plaintiffs waived any privilege that would entitle it to an unredacted version of plaintiffs' report.

### III. CONCLUSION

Accordingly, the motion to compel filed against WLC is denied.[2]

IT IS SO ORDERED.

Dated: December 11, 2008

RICHARD SEEBORG
United States Magistrate Judge

---

[2] WLC sought to set a briefing schedule on a motion for sanctions in order to recover fees and costs incurred in opposing this motion as it believed that Credigy should have withdrawn it in light of this Court's November 3, 2008 Order. As explained at the hearing, the issues presented here are different from the issues in the prior order, and therefore, such a motion is not warranted.

ORDER DENYING DEFENDANTS' MOTION TO COMPEL NON-PARTY WLC
C 07-5658 JW (RS)

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Balam Osberto Letona    letonalaw@gmail.com

Bernard A. Burk    bburk@howardrice.com, jbeyl@howardrice.com, jrustice@howardrice.com

D'Lonra C. Ellis    dellis@howardrice.com, jrustice@howardrice.com

David Humphreys    david@hwh-law.com

Jeffrey A. Topor    jtopor@snllp.com, sschmitt@snllp.com

Lucius James Wallace    luke@hwh-law.com

Ronald Wilcox    ronaldwilcox@post.harvard.edu

Tomio Buck Narita    tnarita@snllp.com, sschmitt@snllp.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/11/08**                                         **Richard Wieking, Clerk**

                                                            **By:    Chambers**

ORDER DENYING DEFENDANTS' MOTION TO COMPEL NON-PARTY WLC
C 07-5658 JW (RS)

5

**United States District Court**
For the Northern District of California