Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA  95126-1001
Telephone:  (408) 296-0400
Facsimile: (408) 207-0486
Email:  ronaldwilcox@yahoo.com

Balam O. Letona SBN 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA  95060-3940
Telephone:  (831) 421-0200
Facsimile:  (831) 621-9659
Email:  letonalaw@gmail.com

David Humphreys, OBA # 12346
Luke Wallace, OBA # 16070
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 S. Toledo Avenue
Tulsa, OK 74137
Telephone:  (918) 747-5300
Facsimile:  (918) 747-5311

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, And DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No:  C07-05658 JW<br><br>**MOTION IN LIMINE TO EXCLUDE MATTERS SUBJECT TO THE PLAINTIFFS' FORECLOSURE: MEMORANDUM IN SUPPORT** |

**INTRODUCTION**

Plaintiffs hereby move *in limine* for an Order barring Defendants, Defendants' witnesses and Defendants' counsel from offering any evidence, reference, or argument related to the foreclosure of the Plaintiffs' residence.

**STATEMENT OF FACT**

Plaintiffs filed and served this collection abuse lawsuit in November, 2007. Defendants will seek to introduce evidence that more than seven months thereafter (June 18, 2008) a Notice of Default and Election to Sell Under Deed of Trust on the Plaintiffs' home was filed with the Monterey County Recorder that relates to the Plaintiffs' home. *See* Declaration of Luke Wallace in Support of Plaintiffs' Motion *In Limine* ("Wallace Decl."). Ex. D. [Exhibit 149 Notice of Default and Election to Sell Under Deed of Trust, dated June 7, 2008 (Exhibit 2 to the Deposition of Jose Fausto]. In the deposition of Plaintiff Luz Fausto, counsel for the Defendants inquired about Plaintiffs' 2008 mortgage payment history. *Id.* Ex. A. [Luz Fausto Depo. 69:22-70:14]. Defendants' counsel inquired further about this history and asked whether Plaintiffs had stopped making payments; the circumstances under which they had stopped making payments, and; whether they had received notice of foreclosure in 2008. *Id.* [Luz Fausto Depo. 71:2-80:3].

Plaintiff Luz Fausto testified in September, 2008 that she thought she had stopped making payments approximately five months ago. *Id.* [Luz Fausto Depo.69:22-24]. Mrs. Fausto stated that they had stopped making their mortgage payments upon the advice of Victor Munoz, the owner of Creative Mortgage. *Id.* [Luz Fausto Depo. 71:2-76:9]. Mrs. Fausto testified that Mr. Munoz told her that the only way should could negotiate and reduce the amount of the monthly mortgage payment was if she quit making the payments. *Id.* [Luz Fausto Depo.71:18-23]. Mr. Munoz admitted "What I did mention to her, that a lot of times the lenders don't want to negotiate with them unless they are behind." *Id.* Ex. C. [Victor Munoz Depo. 21:17-19]. At the time of his meeting with Mrs. Fausto, Mr. Munoz did not believe she was late on her payments. *Id.* [Victor

Munoz Depo. 21:4-13]. Mrs. Fausto did not know at the time of her deposition that the lender had commenced foreclosure proceedings on their home. *Id.* [Luz Fausto Depo.80:15-17].

## ARGUMENT

The Defendants will seek to confuse the issues of this case, mislead the jury, and create a prejudicial picture of the Plaintiffs' character by creating a picture of the Plaintiffs as individuals who do not meet their financial obligations all in an effort to prop up their completely unsubstantiated claim that Manuel Fausto owed money to Credigy. If it is permitted by this Court, they will suggest that if Mr. Fausto did not meet the financial obligation of paying his mortgage then he probably did not pay financial obligation that occurred almost ten years ago. The Faustos' did not stop paying their mortgage until months after their nightmare collection calls from Credigy stopped.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable then it would be without the evidence." Fed. R. Evid. 401. It logically follows that evidence that is not relevant is inadmissible at trial. Fed. R. Evid. 402. Under certain circumstances, even relevant evidence may be deemed inadmissible at trial if:

> Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. A district court has "broad discretion to determine matters of relevance." *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 587 (6th Cir. 1994).

Evidence that Mr. and Mrs. Fausto quit making their mortgage payment because they followed the advice of an unscrupulous mortgage broker months after the Defendants' abusive collection calls stopped does not bear upon whether the Defendants' collection activities violated the law or caused Plaintiffs' damages. However, this evidence is highly prejudicial to the

Plaintiffs and should be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court issue an Order precluding the Defendants, Defendants' witnesses and Defendants' counsel from offering any evidence, reference, or argument related to the foreclosure of the Plaintiffs' residence.

Respectfully submitted,

HUMPHREYS WALLACE HUMPHREYS, P.C.

By: /s/ Luke Wallace
David Humphreys, OBA #12346
Luke J. Wallace, OBA # 16070
9202 S. Toledo Avenue
Tulsa, Oklahoma 74137
(918) 747-5300/(918) 747-5311 fax
**PRO HAC VICE ATTORNEYS FOR PLAINTIFFS**