Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA  95126-1001
Telephone:  (408) 296-0400
Facsimile: (408) 207-0486
Email:  ronaldwilcox@yahoo.com

Balam O. Letona SBN 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA  95060-3940
Telephone:  (831) 421-0200
Facsimile:  (831) 621-9659
Email:  letonalaw@gmail.com

David Humphreys, OBA # 12346
Luke Wallace, OBA # 16070
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 S. Toledo Avenue
Tulsa, OK 74137
Telephone:  (918) 747-5300
Facsimile:  (918) 747-5311

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

MANUEL G. FAUSTO and LUZ FAUSTO,

    Plaintiffs,

  vs.

CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, And DOES 1-10, inclusive,

    Defendants.

Case No:  C07-05658 JW

**MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY ON BEHALF OF DEFENDANTS: MEMORANDUM IN SUPPORT**

## INTRODUCTION

Plaintiffs, Manuel and Luz Fausto, respectfully requests the Court to limit and restrict the Defendants, Credigy Services Corporation, Credigy Receivables, Inc., Credigy Solutions, Inc., Ryan Miller, Ricardo Ventura, Brett Boyde, Paulo Peres, and Thompson, from introducing certain evidence at time of trial in this action as describe more fully below.

## STATEMENT OF FACT

The Scheduling Order entered by the Court required any party wishing to present expert witness testimony "shall lodge with the Court and serve on other parties the name, address, qualifications, resume and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) **63 days before the close of discovery.**" (Emphasis in original) (See Scheduling Order, Docket No. 20*).*

No Defendant identified any expert to provide opinion testimony in initial disclosures or supplemental initial disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(A), (a)(3), and (e)(2). See Docket.  As such, Defendants should be precluded from offering any expert testimony, whether specifically retained or through an employer, including any opinion testimony of any interpreter.

## ARGUMENT

Pursuant to Rule 604 of Federal Rules of Evidence "an interpreter is subject to the provisions of these rules relating to qualification as an expert… ." Pursuant to Fed. R. Civ. P. 26(a)(2)(A) any defendant who intended to use an interpreter as an expert was required to disclose the identity of the interpreter in the initial disclosures.  A defendant intending to use an interpreter as an expert is also required to provide a written report prepared and signed by such witness, including the interpreter's qualifications.  Fed. R. Civ. P. 26(a)(2)(B).

No Defendant provided any disclosures or reports concerning any expert interpreter. Therefore, no Defendant should be permitted to call an interpreter as an expert witness at trial Fed. R. Civ. P. 34(c)(1).

1

For the same reason, Defendants should be precluded from using any portion of the deposition testimony of Luz Fausto or Manuel Fausto translated by an interpreter who was not properly disclosed. The Faustos are Spanish speakers. Manuel Fausto was deposed on September 15, 2008; his wife, Luz was deposed on September 16, 2008, and the depositions of Manuel and Luz Faustos were completed on October 6, 2008. All testimony of Manuel and Luz Fausto obtained through the deposition proceedings was provided through a Spanish language interpreter who, regardless of qualification or certification, was not identified as an expert witness in the initial disclosures or any supplement thereto and who did not provide a signed written report as provided for by Fed. R. Civ. P. 26(a)(2)(B).

**CONCLUSION**

For the following reasons, the Plaintiffs respectfully requests the Court to issue an Order precluding any expert opinion testimony on behalf of Defendants whether specifically retained or an employee, and barring the use of videotaped depositions, and the transcripts thereof, of Manuel Fausto and Luz Fausto containing the interpreter's translation of the Spanish language answers given by them to questions translated to them into the Spanish language by an expert who was not properly disclosed.

The Plaintiffs, Manuel G. Fausto and Luz Fausto, hereby respectfully requests the Court to issue an Order barring any reference directly or indirectly through testimony, exhibits, or statement of counsel as described above.

> Respectfully submitted,
> HUMPHREYS WALLACE HUMPHREYS, P.C.
>
> By:   /s/ Luke Wallace
> David Humphreys, OBA #12346
> Luke J. Wallace, OBA # 16070
> 9202 S. Toledo Avenue
> Tulsa, Oklahoma 74137
> (918) 747-5300/(918) 747-5311 fax
> **PRO HAC VICE ATTORNEYS**
> FOR PLAINTIFFS

2