Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126-1001
Telephone: (408) 296-0400
Facsimile: (408) 207-0486
Email: ronaldwilcox@yahoo.com

Balam O. Letona SBN 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Telephone: (831) 421-0200
Facsimile: (831) 621-9659
Email: letonalaw@gmail.com

David Humphreys, OBA # 12346
Luke Wallace, OBA # 16070
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 S. Toledo Avenue
Tulsa, OK 74137
Telephone: (918) 747-5300
Facsimile: (918) 747-5311

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, And DOES 1-10, inclusive, <br><br> Defendants. | Case No: C07-05658 JW <br><br> **MOTION IN LIMINE TO EXCLUDE CLAIMS OF SETOFF BASED ON THE ALLEGED UNDERLYING DEBT: MEMORANDUM IN SUPPORT** |

## INTRODUCTION

Plaintiff hereby move *in limine* for an order barring Defendants, Defendants' witnesses and Defendants' counsel from offering any evidence, reference, or argument related to setoff based on the alleged underlying debt.

## STATEMENT OF FACT

Defendants have raised the equitable claim of setoff based on the alleged underlying debt for the first time in their proposed pre-trial order. Despite bringing claims of 28 affirmative defenses in their Answer to First Amended Complain (*See* Docket number 7), Defendants did not bring a claim of setoff or a counterclaim related to the alleged underlying debt.

## ARGUMENT

**A. Strong Federal Policy Argues Against Allowing for Setoff.**

"The equitable remedy of setoff lies within the discretion of the court. *Riggs v. Gov't. Employees Financial Corp.,* 623 F.2d 68, 73 (9th Cir. 190). In a recent decision the Northern District of California has said that "[c]onsidering that setoff is an equitable remedy, setoff appears contrary to the established policies of FDCPA." *Reed v. Global Acceptance Credit Co.,* 2008 WL 3330165 (N.D.Cal.). The public policy behind FDCPA is to give debtors, regardless of whether they owe the obligation, protection from abusive collection practices. See, *Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982).

The Ninth Circuit has denied setoffs in cases arising under consumer protection claims. *Riggs,* 623 F.2d at 73-74.; *Dias v. Bank of Hawaii,* 732 F.2d 1401, 1402 (9th Cir. 1984).

In a case that involved both TILA and FDCPA claims, the court denied the setoff as being against public policy. In *Gutshall v. Bailey & Assoc.,* 1991 WL 166963 *2 (N.D. IL. 1991) the Court analyzed the *Olevares* decision, and also stated:

1

> Finally, this court notes that it has previously ruled upon this question. In *Trevino v. Sams*, No. 87 C 20447 (1988), this court held that permitting a creditor to use the federal proceedings as an opportunity to pursue private claims against the borrower would impede expeditious enforcement of the federal penalty. The court sees no reason to change its mind on this matter at this point in time.

The Northern District of California has determined that cases decided under TILA are helpful in construing the FDCPA. *Bracken v. Harris and Zide LLP,* 219 F.R.D. 481 (N.D. Cal. 2004). Indeed, Judge Whyte, citing *Riggs*, has stated: The Ninth Circuit has found that portions of the TILA further significant penal objectives, while also serving a clearly remedial purpose. *Riggs,* 623 F.2d at 70-71.

The Western District of New York held that the public policy of the FDCPA could be threatened if the Court were "[t]o permit a defendant in a FDCPA action to use the federal proceedings as a forum for state grievances against a debtor-plaintiff [because it] would impede expeditious enforcement of the federal penalty." *Leatherwood v. Universal Business Service Co.,* 115 F.R.D. 48 (W.D. NY. 1987). This policy has been favorably cited by both the Northern District of California and by the Eastern District of California. *See, Campos v. Western Dental Services, Inc.,* 404 F.Supp. 2d 1164, 1170 (N.D. Cal. 2005); *Sparrow v. Mazda American Credit,* 385 F.Supp. 2d 1063, 1071 (E.D. Cal. 2005).

Finally, in an early case addressing a bank's attempt to setoff a debt against a penalty is faced under a federal statute for imposing usurious interest, the U.S. Supreme Court state, "The sentence specifically required by the law may not be cut down by implication, set-off or construction; for that would narrow the statute and tend to defeat its purpose." *McCollum v. Hamilton National Bank,* 303 U.S. 245 (1938).

The Northern District of California relied on *Riggs*, a case involving offsetting damages from a TILA claim, and *Sparrow* and *Campos*, cases that involved not allowing counterclaims to collect the underlying debt in FDCPA cases in deciding that setoff is contrary to the purposes of

2

the FDCPA. *Reed,* 2008 WL 3330165 *7. A similar decision is warranted here.

**B. California's Public Policy Argues against allowing for Setoff**

In California the right of setoff is not absolute. *Park Place Estates v. Naber,* 29 Cal. App. 4th 427; 35 Cal. Rptr. 2d 51(1994) (As our Supreme Court recognized, however, this statutory setoff right is not absolute and can be limited when the assertion of such right would defeat public policy protecting the debtor.)

Indeed, setoff is an equitable remedy. *Barnhill v. Saunders & Co.,* 125 Cal. App. 3d 1; 177 Cal. Rptr. 803 (1981)("The right off setoff has been described as 'the established principle in equity that either party to a transaction involving mutual debts and credits can strike a balance, holding himself owing or entitled only to the net difference.' *Kruger v. Wells Fargo Bank* (1974) 11 Cal.3d 352, 362; 113 Cal. Rptr. 449; 521 P.2d 441. The right depends not on statutes authorizing setoff, but on general principles of equity. *Id.* at 363. However, a creditor's right to setoff is not absolute, and may be restricted by judicial limitations imposed to uphold a state policy protecting debtors." *Id.* at 367. The Rosenthal Act provides for civil penalties for a violation of the state act. Civil Code 1788.30. The strong public policy is further evinced by the 2003 amendment which states: "Any waiver of the provisions of this title is contrary to public policy, and is void and unenforceable." Civil Code 1788.33.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that the Court issue an Order precluding the Defendants, Defendants' witnesses and Defendants' counsel from offering any evidence, reference, or argument related to any claim of Setoff.

1

                Respectfully submitted,

2

                HUMPHREYS WALLACE HUMPHREYS, P.C.

3

4                 By:   /s/ Luke Wallace
                      David Humphreys, OBA #12346

5                       Luke J. Wallace, OBA # 16070
                      9202 S. Toledo Avenue

6                       Tulsa, Oklahoma 74137
                      (918) 747-5300/(918) 747-5311 fax

7                       **PRO HAC VICE ATTORNEYS**
                      **FOR PLAINTIFFS**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28