Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126-1001
Telephone: (408) 296-0400
Facsimile: (408) 207-0486
Email: ronaldwilcox@yahoo.com

Balam O. Letona SBN 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Telephone: (831) 421-0200
Facsimile: (831) 621-9659
Email: letonalaw@gmail.com

David Humphreys, OBA # 12346
Luke Wallace, OBA # 16070
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 S. Toledo Avenue
Tulsa, OK 74137
Telephone: (918) 747-5300
Facsimile: (918) 747-5311

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, And DOES 1-10, inclusive, <br><br> Defendants. | Case No: C07-05658 JW <br><br> **MOTION IN LIMINE TO EXCLUDE OTHER LITIGATION OR CLAIMS INVOLVING MANUEL OR LUZ FAUSTO: MEMORANDUM IN SUPPORT** |

## INTRODUCTION

Plaintiffs hereby move *in limine* for an order barring Defendants, Defendants' witnesses and Defendants' counsel from offering any evidence, reference or argument related to other litigation or claims involving Manuel or Luz Fausto.

## STATEMENT OF FACT

Defendants spent almost the entirety of the seven (7) hours allotted for the deposition of Manuel Fausto on September 15, 2008 and seven (7) hours allotted for the deposition of Luz Fausto on September 16, 2008 inquiring about extraneous and irrelevant matters. An additional day of deposition testimony was necessary in order for Defendant's counsel to inquire into the matters that are the subject of the action.

During the course of the two days expended questioning Manuel and Luz Fausto about extraneous matters, counsel for Credigy inquired about other claimed obligations that resulted in litigation. This included references to a suit filed against Luz Fausto by Louise Hoover for $15,000.00 *See* Declaration of Luke Wallace in Support of Plaintiffs' Motion *In Limine* ("Wallace Decl.") Ex. A [Luz Fausto Depo. 56:3-25]. The Defendants also questioned Luz Fausto about a lawsuit seeking payment of a medical debt. The suit was brought by Credit Consulting Services on behalf of the hospital. Luz Fausto explained that the suit was brought because her health insurer delayed payment. The insurance company eventually paid the majority of the hospital bill with Mrs. Fausto making a payment in the amount of $400.00 to resolve the matter. *Id.* [Ex. 2 to the Luz Fausto Depo. 81:12-84:15].

In addition, Mrs. Fausto was questioned extensively regarding a collection lawsuit for $22,000.00 for the purchase of a general store in Gonzales. Luz Fausto testified that the previous owner sold the store knowing of the imminent arrival of a major franchise general store and that the lawsuit was brought for more than the amount actually due. Luz Fausto testified that she made arrangements to pay the amount actually due on an installment basis which resolved the suit. *Id.*

1

[Luz Fausto Depo. 84:25-93:7].

Mrs. Fausto was also examined concerning a lawsuit brought by a majority of homeowners in her subdivision in an action brought against the builder, KB Homes, alleging substandard construction practices. Mrs. Fausto testified that she did not understand that she was part of this suit and instead explained that she went in to an informational meeting and thought she was only signing her name on the attendance sheet. *Id.* [Luz Fausto Depo. 95:7-97:24]. She further testified that the home was not substantially impaired or defective, that whatever repairs were necessary were undertaken by her family and that the home was now substantially defect free. *Id.* [Luz Fausto Depo. 99:5-19]. Mrs. Fausto was unaware that she had been actually named as a party to the suit until she was shown a copy of the lawsuit during her deposition testimony. *Id.* [Luz Fausto Depo. 94:15-18].

The suit by Credit Consulting Services on behalf of the hospital was filed on September 27, 2004 and a Satisfaction of Judgment in the case was filed on July 1, 2005. *Id.* [Exhibit 2 to Luz Fausto Depo.]. Rosa Duran filed suit on November 6, 2003 and this suit was dismissed with prejudice on May 24, 2005. *Id.* [Exhibit 3 to Luz Fausto Depo.]. The lawsuit against KB Homes was filed on October 31, 2006 but its final disposition was not available in the documents attached to the deposition. *Id.* [Exhibit 4 to Luz Fausto Depo.]. The calls occurred between August 22, 2006 and January 2008. *Id.* Ex. E. [*Simplect Collection Log re: Fausto, bates labeled FA 1048-1052*]. With the exception of the suit against KB Homes, all of these suits were resolved prior to the time period relevant to the present action. Mrs. Fausto was unaware that she was a party to the KB Homes before her deposition of September, 16, 2008.

## ARGUMENT & AUTHORITY

The Defendants will seek to confuse the issues of this case, mislead the jury, and create a prejudicial picture of the Plaintiffs' character by creating a picture of the Plaintiffs as individuals who do not meet their financial obligations all in an effort to prop up their completely

2

unsubstantiated claim that Manuel Fausto owed money to Credigy. If it is permitted by this Court, the Defendants will also suggest that any health issues were not related to the stress created by Defendants actions but were rather caused by these other suits.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence." Fed. R. Evid. 401. It logically follows that evidence that is not relevant is inadmissible at trial. Fed. R. Evid. 402. A district court has "broad discretion to determine matters of relevance." *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 587 (6th Cir. 1994). These other suits were not creating stress in Mrs. Fausto's life during the relevant time period because they had all been either resolved or Mrs. Fausto was not even aware that they existed. These suits are not relevant to the claims, defenses, or damages at issue in the current case.

Under certain circumstances, even relevant evidence may be deemed inadmissible at trial if:

> Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. Even if the Court should deem that these other suits are relevant, these cases will simply confuse the real issues of this case, mislead the jury about the rights of the Faustos under the relevant law, and create a potential for unfair prejudice.

Finally, using this history of suits filed against the Faustos to collect on alleged debts to bolster the Defendants claim that the debt they were collecting is a valid debt or to paint the Faustos as individuals who do not pay their financial obligations is not a permissible use of Character evidence under either Federal Rule of Evidence 404 or under Federal Rule of Evidence 608.

## CONCLUSION

The Plaintiffs, Manuel G. Fausto and Luz Fausto, hereby respectfully requests the Court to issue an Order barring any reference directly or indirectly through testimony, exhibits, or statement of counsel as described above.

Respectfully submitted,

HUMPHREYS WALLACE HUMPHREYS, P.C.

By: /s/ Luke Wallace
David Humphreys, OBA #12346
Luke J. Wallace, OBA # 16070
9202 S. Toledo Avenue
Tulsa, Oklahoma 74137
(918) 747-5300/(918) 747-5311 fax
**PRO HAC VICE ATTORNEYS
FOR PLAINTIFFS**