Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA  95126-1001
Telephone:  (408) 296-0400
Facsimile: (408) 207-0486
Email:  ronaldwilcox@yahoo.com

Balam O. Letona SBN 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA  95060-3940
Telephone:  (831) 421-0200
Facsimile:  (831) 621-9659
Email:  letonalaw@gmail.com

David Humphreys, OBA # 12346
Luke Wallace, OBA # 16070
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 S. Toledo Avenue
Tulsa, OK 74137
Telephone:  (918) 747-5300
Facsimile:  (918) 747-5311

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, And DOES 1-10, inclusive, <br><br> Defendants. | Case No:  C07-05658 JW <br><br> **MOTION IN LIMINE TO EXCLUDE MATTERS SUBJECT TO THE ATTORNEY CLIENT PRIVILEGE AND TO PREVENT AN INFERENCE OF IMPROPER CONDUCT BY INVOKING THE PRIVILEGE:  MEMORANDUM IN SUPPORT** |

**INTRODUCTION**

Plaintiffs hereby move *in limine* for an order barring Defendants, Defendants' witnesses and Defendants' counsel to exclude matters subject to the attorney client privilege and to prevent an inference of improper conduct by invoking the privilege.

**STATEMENT OF FACT**

The Defendants have attempted to breach the attorney client privilege existing between the Faustos and non-profit legal clinic, Watsonville Law Center, as well as current counsel, Balam Letona. The Defendants raised their claim of waiver of the attorney client privilege between the Faustos and the Watsonville Law Center in a Motion to Compel styled as Notice of Motion and Motion of Defendant Credigy Services Corporation to Compel re Subpoena Issued to Non-party Watsonville Law Center; Points and Authorities in Support of Motion filed on October 22, 2008. Magistrate Judge Seeborg denied the Defendants' Motion finding that the attorney client privilege had not been waived and, therefore, could not be subject of discovery.  Magistrate Seeborg's ruling denying Defendants' Motion to Compel re Subpoena Issued to Non-party Watsonville Law Center was appealed to the District Court, which affirmed the decision of the Magistrate Judge (Docket Entry No. 195).  In addition, the Defendants attempted to breach the attorney client privilege based upon a claim of waiver and the crime/fraud exception with regard to the privilege involving communications with current counsel, Balam Letona.  A motion to quash the subpoena served upon the Faustos' counsel, Balam Letona, was granted by Magistrate Judge Seeborg (Docket Entry No. 181).

The Defendants should not be permitted to create an inference that the Faustos or their counsel have or are acting improperly by asserting the existence of a legitimate claim of privilege. Defendants should further not be permitted to create an inference that the Faustos or their counsel by asserting a legitimate privilege are somehow obstructing the truth or the jury's ability to obtain evidence necessary to decide the issues.

1

## ARGUMENT

> The attorney-client privilege is the oldest and arguably
> most fundamental of the common law privileges recognized
> under Federal Rule of Evidence 501.  The assurance of
> confidentiality promotes open attorney-client communications,
> which are "central to the legal system and the adversary
> process." The attorney-client privilege protects fundamental
> liberty interests by allowing individuals to seek the legal advice
> they need "to guide them through [the] thickets" of complex laws.
>
> *In re Napster, Inc. Copyright Litigation*, 479 F.3d 1078, 1090
> (9th Cir. 2007)(internal citations omitted).

The Defendants have aggressively attempted to interfere throughout this litigation with the Faustos' privilege to confidential communications with their attorneys, and it is anticipated that they will continue to do so at the trial of this matter.

The Defendants should be precluded from making any inquiry that is reasonably calculated to require an objection on the grounds of attorney client privilege without first approaching the bench or otherwise making a request outside the presence of the jury to do so, including but not limited to the following matters: any advice given to the Plaintiffs by the attorneys or employees of the Watsonville Law Center, including communication surrounding preparation of correspondence to Credigy; any communications between the Plaintiffs and Watsonville Law Center; any analysis, impressions, or internal communications by the Watsonville Law Center regarding Plaintiffs dispute with Credigy; and any communications between Plaintiffs and attorney Balam Letona, including pertaining to the recorded telephone call with Credigy.

**CONCLUSION**

The Plaintiffs, Manuel G. Fausto and Luz Fausto, hereby respectfully requests the Court to issue an Order barring any reference directly or indirectly through testimony, exhibits, or statement of counsel as described above.

Respectfully submitted,

HUMPHREYS WALLACE HUMPHREYS, P.C.


By: ___/s/ Luke Wallace_____
        David Humphreys, OBA #12346
        Luke J. Wallace, OBA # 16070
        9202 S. Toledo Avenue
        Tulsa, Oklahoma 74137
        (918) 747-5300/(918) 747-5311 fax
        **PRO HAC VICE ATTORNEYS**
        **FOR PLAINTIFFS**