Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126-1001
Telephone: (408) 296-0400
Facsimile: (408) 207-0486
Email: ronaldwilcox@yahoo.com

Balam O. Letona SBN 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Telephone: (831) 421-0200
Facsimile: (831) 621-9659
Email: letonalaw@gmail.com

David Humphreys, OBA # 12346
Luke Wallace, OBA # 16070
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 S. Toledo Avenue
Tulsa, OK 74137
Telephone: (918) 747-5300
Facsimile: (918) 747-5311

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, And DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No: C07-05658 JW<br><br>**MOTION IN LIMINE TO EXCLUDE HISTORY OF MINOR MISDEMEANOR OFFENSES AND ALCOHOL USE: MEMORANDUM IN SUPPORT** |

## INTRODUCTION

Plaintiffs hereby move *in limine* for an Order barring Defendants, Defendants' witnesses and Defendants' counsel from offering any evidence, reference, or argument related to the history of minor misdemeanor offenses and alcohol use of Plaintiffs.

## STATEMENT OF FACT

### MANUEL FAUSTO

Manuel Fausto was examined in minute detail during his deposition regarding his use of alcohol and minor misdemeanor offenses arising therefrom. Specifically, Manuel Fausto was charged with public intoxication in December, 2001 by the Monterey County District Attorney's office *See* Declaration of Luke Wallace in Support of Plaintiffs' Motion *In Limine* ("Wallace Decl."). Ex. B [Manuel Fausto Depo. 33: 11-21]. He was arrested and charged with public intoxication by the Monterey County District Attorney's office in January, 2002 and March, 2003 as well. *Id.* [Manuel Fausto Depo. 34:1-35:5]. Manuel Fausto attended sessions of Alcoholics Anonymous as part of a plea agreement related to the charges of public intoxication. *Id.* [Manuel Fausto Depo. 35:7-21].

In May, 2007, Mr. Fausto was pulled over for speeding at which time it was discovered that Mr. Fausto had a suspended license. *Id.* [Manuel Fausto Depo. 36:1-39:11]. Mr. Fausto apparently failed to appear for a hearing on a misdemeanor traffic matter on July 25, 2007 at which time a bench warrant was issued and bail set. *Id.* [Manuel Fausto Depo. 39:12-40:7]. When an officer showed up at his home to arrest Mr. Fausto, Mr. Fausto provided documents which resulted in Mr. Fausto not being arrested. *Id.* [Manuel Fausto Depo. 40:14-41:4]. Mr. Fausto later appeared on November 16, 2007 to resolve the charges, *Id.* [Manuel Fausto Depo. 41:16-22]. Manuel Fausto has been charged with driving under the influence of alcohol, but no testimony was elicited as to the exact timing. *Id.* [Manuel Fausto Depo. 36:1-37:23].

Mr. Fausto was also examined about his knowledge of whether excessive use of alcohol can affect the memory. *Id.* [Manuel Fausto Depo. 29:22-30:12]. Mr. Fausto stated that he did not know whether he had a good memory. *Id.* [Manuel Fausto Depo. 28:7-8 10-11].

**ARGUMENT**

Relevant evidence is "evidence having any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable then it would be without the evidence." Fed. R. Evid. 401. It logically follows that evidence that is not relevant is inadmissible at trial. Fed. R. Evid. 402. Under certain circumstances, even relevant evidence may be deemed inadmissible at trial if:

> Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. A district court has "broad discretion to determine matters of relevance." *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 587 (6th Cir. 1994).

Proof of traffic offenses, driving under the influence, or public intoxication, whether charges, convictions or punishment, is not relevant to the issues in dispute and even if it were to be so, the evidence is more prejudicial than probative. The Defendants should be further precluded from inquiring about whether Mr. Fausto's memory is impaired from alcohol use or whether he has knowledge that excessive use of alcohol impairs memory given that there is no expert foundation for this nor any proof that Mr. Fausto's memory is impaired due to alcohol use or otherwise. In fact, there is not a sufficient foundation to establish Mr. Fausto's memory is unusually impaired. As such, it would be clearly more prejudicial than probative to allow any examination on these subjects.

## STATEMENT OF FACT

### LUZ FAUSTO

Luz Fausto was involved in an auto pedestrian accident in which she was operating a motor vehicle that caused injury to a minor. *Id.* Ex. A. [Luz Fausto Depo. 33:18-34:8].

The accident took place on May 3, 2007 during the daytime. The minor child, between 8 and 10 years of age, suffered a bump to her forehead. Mrs. Fausto left the minor in the custody of an adult witness to the accident and went home to obtain funds to take the girl to the local medical clinic to be checked out. *Id.* [Luz Fausto Depo. 33:18-38:25] Luz Fausto was charged with leaving a scene of an injury accident and plead guilty to reckless driving. *Id.* [Luz Fausto Depo. 43:16-21].

The Defendants will likely argue that Luz Fausto suffered emotional distress as a result of the hit and run charge and therefore it is relevant. While the accident was undoubtedly upsetting, Mrs. Fausto testified "Well, the fact that it happened with the girl upset me, and the rest was irrelevant…what I care about is that the girl is okay." *Id.* [Luz Fausto Depo. 45:3-12].

### ARGUMENT

Relevant evidence is "evidence having any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable then it would be without the evidence." Fed. R. Evid. 401. It logically follows that evidence that is not relevant is inadmissible at trial. Fed. R. Evid. 402. Under certain circumstances, even relevant evidence may be deemed inadmissible at trial if:

> Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. A district court has "broad discretion to determine matters of relevance." *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 587 (6th Cir. 1994).

The details of the events surrounding the accident, the events that took place following the actual accident itself and the allegation of being involved in a hit and run accident are more prejudicial than probative to any issue in dispute. Mrs. Fausto was not convicted of the offense of leaving the scene of an accident. Further, trying the issue to the jury whether or not there was an intent on Luz Fausto's part would require prolonging the trial and exploring issues far beyond those necessary, including tendering to the jury for their determination a trial within a trial on the matter of the hit and run allegations made by the Defendants but abandoned by the District Attorney.

## CONCLUSION

The Plaintiffs, Manuel G. Fausto and Luz Fausto, hereby respectfully requests the Court to issue an Order barring any reference directly or indirectly through testimony, exhibits, or statement of counsel as described above.

Respectfully submitted,

HUMPHREYS WALLACE HUMPHREYS, P.C.

By:   /s/ Luke Wallace
     David Humphreys, OBA #12346
     Luke J. Wallace, OBA # 16070
     9202 S. Toledo Avenue
     Tulsa, Oklahoma 74137
     (918) 747-5300/(918) 747-5311 fax
     **PRO HAC VICE ATTORNEYS**
     **FOR PLAINTIFFS**