Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-515-3110
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

David Humphreys *(pro hac vice)*
Humphreys Wallace Humphreys P.C.
9202 South Toledo Ave.
Tulsa, Oklahoma 74137

Luke Wallace *(pro hac vice)*
Humphreys Wallace Humphreys P.C.
9202 South Toledo Ave.
Tulsa, Oklahoma 74137

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive, <br><br> Defendant(s). | Case No. C07-05658  JW – RS <br><br> **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS** <br><br><br> Final PTC: February 9, 2009 <br> Trial: March 3, 2009 <br><br> **HONORABLE JAMES WARE** |

//
//
//

THE PARTIES HEREBY AGREE TO THE FOLLOWING  JURY INSTRUCTIONS:

**I.  REQUESTED NINTH CIRCUIT MODEL INSTRUCTIONS:**

The parties have agreed to the following Model Instructions:

1.1C, 1.3, 1.5, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 1.16, 1.17, 1.18, 1.19, 2.2, 2.4, 2.11, 2.12 and 2.13.

See Docket #238 filed by Defendants.

**II. PLAINTIFF PROPOSES THE FOLLOWING MODEL INSTRUCTIONS**

See attached.

**II. PLAINTIFF ALSO PROPOSES THE FOLLOWING SPECIAL INSTRUCTIONS**

 See attached:

**MODEL 1.1A  DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.  It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some of them and ignore others; they are all important.

**MODEL 1.1C  DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some of them and ignore others; they are all important.

# MODEL 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs claim that Defendant engaged in unfair and unlawful conduct in an attempt to collect a consumer debt.  Plaintiffs claim that Defendants' debt collectors made more than (90) telephone calls in an attempt to collect a debt Plaintiffs did not owe.  Plaintiffs claim Defendants falsely threatened to take the Plaintiffs' home, garnish their wages, place a lien on their home, and report the debt on Mr. Fausto's credit report forever, unless Plaintiffs paid the disputed debt.   Defendant's numerous and repeated phone calls had the natural consequence to harass, oppress and abuse and constituted an invasion of privacy.  Defendants' debt collectors also continued to send collection letters to Plaintiffs despite their disputing owing any debt, and despite a cease and desist letter.  Plaintiff also alleges Defendants engaged in impermissible communications with third parties, made false, deceptive or misleading statements, and failed to meaningfully identify itself as required by federal and state law.  The plaintiff has the burden of proving these claims.

Defendant denies those claims and alleges that the communications were necessary in order to attempt to collect on a debt.   Furthermore, Defendants claim any violation of the law was a bona fide error.

5

1

2   **MODEL 1.4  BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

3

4   When a party has the burden of proving any claim or defense by clear and convincing evidence, it

5   means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher

6   standard of proof than proof by a preponderance of the evidence.  You should base you decision on all of the

evidence, regardless of which party presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MODEL 1.15  QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate. Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question. I will review the question with the attorneys to determine if it is legally proper. There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

## PROCEDURES

In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:

1. At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;
2 Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modification to the questin by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room;
3. The judge asks the question of the witness;
4. Counsel are permitted to ask appropriate follow-up questions; and
5. The written questions are made part of the record.

Each court is encouraged to develop a form for juror use.  The form makes it easier for the court to retain the question for inclusion in the court record. The form should include the case name and number. Most of the form's page should be set aside for the juror to use in writing the proposed question.  A section should also be reserved for the court to use in noting the date and time when the question was proposed and noting whether the judge allowed the question to be asked, either as proposed or as revised. The form may also be used to provide jurors with additional information, or even just a reminder, about the procedures discussed in this instruction.

7

**MODEL 2.3 JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

8

**MODEL 3.1 DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MODEL 3.2 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have bee discharged. Did not disclose any vote count in any note to the court.

10

1

2                        **MODEL 3.3 RETURN OF VERDICT**

3

4        A verdict form has been prepared for you.  [*Any explanation of the verdict form may be
given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding
5   juror will fill in the form that has been given to you, sign and date it, and advise the court that
you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MODEL 3.5 DEADLOCKED JURY**


Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.

1

2

3

## MODEL 4.2 LIABILITY OF CORPORATIONS—SCOPE OF
## AUTHORITY NOT IN ISSUE

4

5

6

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1

2

## MODEL 4.4 AGENT AND PRINCIPAL—DEFINITION

3

4

An agent is a person who performs services for another person under an express or

5

implied agreement and who is subject to the other's control or right to control the manner and

6

means of performing the services.  The other person is called a principal.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MODEL 4.5 AGENT—SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

1

2

**MODEL 4.6 ACT OF AGENT IS ACT OF PRINCIPAL—**
**SCOPE OF AUTHORITY NOT IN ISSUE**

3

4      Any act or omission of an agent within the scope of authority is the act or omission of the

5

principal.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## MODEL 4.8 PRINCIPAL SUED BUT NOT AGENT—NO
## ISSUE AS TO AGENCY OR AUTHORITY

3
4
5
6

The persons that placed telephone calls and sent letters for Defendants Credigy Services, Corp.,

Credigy Receivables, Inc. and/or Credigy Solutions, Inc. were the agents of these Defendants, and, therefore,

any act or omission of these persons were the act or omission of these Defendants.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17

**BOTH PRINCIPAL AND AGENT SUED-**

**DEFENDANT CREDIGY SERVICES CORPORATION AND**

**DEFENDANT BRETT BOYDE**

Defendant Credigy Services Corporation is sued as the principal and the Defendant Brett Boyde as its agents.  Defendant Credigy Services Corporation denies that Defendant Brett Boyde was its agents. Defendant Credigy Services Corporation also denies that Defendant Brett Boyde was acting within the scope of authority as an agent.

If you find against Defendant Brett Boyde, then you must determine whether Defendant Brett Boyde was an agents of Defendant Credigy Services Corporation and whether Defendant Brett Boyde was acting within the scope of authority. If you find that Defendant Brett Boyde was an agent of Defendant Credigy Services Corporation and was acting within the scope of authority, then you must find against Defendant Brett and against Defendant Credigy Services Corporation.

If you find for Defendant Brett Boyde, then you must find for Defendants Brett Boyde and for Defendant Credigy Services Corporation.

If you find against Defendant Brett Boyde,, but do not find that Defendant Brett Boyde was acting as an agent of Defendant Credigy Services Corporation, then you must find that Defendant Credigy Services Corporation is not liable.

If you find against Defendant Brett Boyde, but do not find that Defendant Brett Boyde was acting within the scope of authority as an agent of Defendant Credigy Services Corporation, then you must find that Defendant Credigy Services Corporation is not liable.

This instruction applies only to the Plaintiffs' claims against Defendant Credigy Services Corporation that are based on actions that Plaintiffs allege were done by  Defendant Brett Boyde, as an agents of

18

Defendant Credigy Services Corporation.  Even if you find for Defendant Credigy Services Corporation based on this instruction, you may still find against Defendant Credigy Services Corporation based on actions taken by Defendant Credigy Services Corporation itself or by its agents other than Defendant Brett Boyde.

Ninth Circuit Model Jury Instruction No. § 4.9

**MODEL 4.9 BOTH PRINCIPAL AND AGENT SUED-
DEFENDANT CREDIGY RECEIVABLES, INC AND
DEFENDANT CREDIGY SOLUTIONS, INC.**

Defendant Credigy Receivables, Inc. is sued as the principal and the Defendant Credigy Solutions as the agent.  Defendant Credigy Receivables, Inc. denies that any agency exists between it and Defendant Credigy Solutions, Inc.

If you find against Defendant Credigy Solutions, Inc., then you must determine whether Defendant Credigy Solutions, Inc. was an agent of Defendant Credigy Receivables, Inc., and whether Defendant Credigy Solutions, Inc. was acting within the scope of authority. If you find that Defendant Credigy Solutions, Inc. was an agent of Defendant Credigy Receivables, Inc. and was acting within the scope of authority, then you must find against Defendant Credigy Solutions, Inc. and against Defendant Credigy Receivables, Inc.

If you find for Defendant Credigy Solutions, Inc., then you must find for Defendant Credigy Solutions, Inc. and for Defendant Credigy Receivables, Inc.

If you find against Defendant Credigy Solutions, Inc., but do not find that Defendant Credigy Solutions, Inc. was acting as agent of Defendant Credigy Receivables, Inc., then you must find that Defendant Credigy Receivables, Inc. is not liable.

If you find against Defendant Credigy Solutions, Inc., but do not find that Defendant Credigy Solutions, Inc. was acting within the scope of authority as agent of Defendant Credigy Receivables, Inc., then you must find that Defendant Credigy Receivables, Inc. is not liable.

This instruction applies only to the Plaintiffs' claims against Defendant Credigy Receivables, Inc. that are based on actions that Plaintiffs allege were done by  Defendant Credigy Solutions, Inc. as agent of Defendant Credigy Receivables, Inc.  Even if you find for Defendant Credigy Receivables, Inc. based on this

20

1   instruction, you may still find against Defendant Credigy Receivables, Inc. based on actions taken by

2   Defendant Credigy Receivables, Inc. itself or by its agents other than Defendant Credigy Solutions, Inc.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MODEL 4.9 BOTH PRINCIPAL AND AGENT SUED-
DEFENDANT CREDIGY RECEIVABLES, INC AND
DEFENDANT CREDIGY SERVICES CORPORATION**

Defendant Credigy Receivables, Inc. is sued as the principal and the Defendant Credigy Services Corporation as the agent.  Defendant Credigy Receivables, Inc. denies that any agency exists between it and Defendant Credigy Services Corporation

If you find against Defendant Credigy Services Corporation, then you must determine whether Defendant Credigy Services Corporation was an agent of Defendant Credigy Receivables, Inc., and whether Defendant Credigy Services Corporation was acting with the scope of authority. If you find that Defendant Credigy Services Corporation was an agent of Defendant Credigy Receivables, Inc. and was acting within the scope of authority, then you must find against and against Defendant Credigy Services Corporation and against Defendant Credigy Receivables, Inc.

If you find for Defendant Credigy Services Corporation, then you must find for Defendant Credigy Services Corporation and for Defendant Credigy Receivables, Inc.

If you find against Defendant Credigy Services Corporation, but do not find that Defendant Credigy Services Corporation was acting as agent of Defendant Credigy Receivables, Inc., then you must find that Defendant Credigy Receivables, Inc. is not liable.

If you find against Defendant Credigy Services Corporation, but do not find that Defendant Credigy Services Corporation was acting within the scope of authority as agent of Defendant Credigy Receivables, Inc., then you must find that Defendant Credigy Receivables, Inc. is not liable.

This instruction applies only to the Plaintiffs' claims against Defendant Credigy Receivables, Inc. that are based on actions that Plaintiffs allege were done by  Defendant Credigy Services Corporation as agent of Defendant Credigy Receivables, Inc.  Even if you find for Defendant Credigy Receivables, Inc. based on this instruction, you may still find against Defendant Credigy Receivables, Inc.  based on actions

22

1  taken by Defendant Credigy Receivables, Inc. itself or by its agents other than Defendant Credigy Services
2  Corporation.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MODEL 4.10 PRINCIPAL SUED BUT NOT AGENT-
## AGENCY OR AUTHORITY DENIED

Defendant Credigy Services Corporation is sued as the principal  The Plaintiffs claim that Credigy Solucoes Financeiras, Ltda., a Brazilian limited liability company, was acting as an agent of Defendant Credigy Services Corporation.

If you find that Credigy Solucoes Financeiras, Ltda was an agent of Defendant Credigy Services Corporation and was acting within the scope of authority, then any act or omission of Credigy Solucoes Financeiras, Ltda. was the act or omission of  Defendant Credigy Services Corporation.

If you find that Credigy Solucoes Financeiras, Ltda was not acting within the scope of authority as agent of Defendant Credigy Services Corporation,
then you must find for Defendant Credigy Services Corporation.

This instruction applies only to the Plaintiffs' claims against Defendant Credigy Services Corporation that are based on actions that Plaintiffs allege were done by Credigy Solucoes Financeiras, Ltda. as agent of Defendant Credigy Services Corporation.  Even if you find for Defendant Credigy Services Corporation based on this instruction, you may still find against Defendant Credigy Services Corporation based on actions taken by Defendant Credigy Services Corporation itself or by its agents other than Credigy Solucoes Financeiras, Ltda.

## MODEL 4.10 PRINCIPAL SUED BUT NOT AGENT-
## AGENCY OR AUTHORITY DENIED

Defendant Credigy Solutions, Inc. is sued as the principal  The Plaintiffs claim that LiveVox, Inc. was acting as an agent of Defendant Credigy Solutions, Inc.

If you find that LiveVox, Inc. was an agent of Defendant Credigy Solutions, Inc.  and was acting within the scope of authority, then any act or omission of LiveVox, Inc. was the act or omission of Defendant Credigy Solutions, Inc.

If you find that LiveVox, Inc. was not acting within the scope of authority as agent of Defendant Credigy Solutions, Inc., then you must find for Defendant Credigy Solutions, Inc.

This instruction applies only to the Plaintiffs' claims against Defendant Credigy Solutions, Inc. that are based on actions that Plaintiffs allege were done by LiveVox, Inc., as agent of Defendant Credigy Solutions, Inc. Even if you find for Defendant Credigy Solutions, Inc. based on this instruction, you may still find against Defendant Credigy Solutions, Inc. based on actions taken by Defendant Credigy Solutions, Inc. itself or by its agents other than LiveVox, Inc.

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

# BACKGROUND OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs Manuel and Luz Fausto have brought this lawsuit against Defendants, based on 15 U.S.C. §1692, et seq., commonly known as the Fair Debt Collection Practices Act, a law that regulates debt collectors.  Plaintiffs also allege Defendant violated California common law.

In enacting the Fair Debt Collection Practices Act, Congress stated that:

"There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

Congress stated that the purpose of the FDCPA was:

"to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

*15 U.S.C.* §§1692(a)

1

2

**DEFINITION OF A DEBT**

3

      The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out

4

of a transaction primarily for personal, family, or household purposes.  An obligation to pay money is a

5

"debt" whether or not a court judgment has been entered on the obligation.

6

7

*15 U.S.C. § 1692a(5).*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXISTENCE OF A DEBT IS IRRELEVANT

2

3       Whether the debt being collected is actually owed is irrelevant to the determination of a violation under

4   the Fair Debt Collection Practices Act.  Any attempt to collect a debt already paid is also covered by the

5   FDCPA.

6

7   *Adams v. First Fed. Credit Control, Inc.,* 1992 WL 131121 (N.D. Ohio 1992); *see also Baker v. G.C. Services,*

8   *Corp.,* 677 F.2nd 775, 777 (9th Cir. 1982). "Congress designed the FDCPA to 'eliminate the recurring
    problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has

9   already paid.' S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. News

10  1695, 1699."  Cited in *Swanson v. Southern Oregon Credit Serv.,* 869 F.2d 1222 (9th Cir. 1988).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## LEAST SOPHISTCIATED CONSUMER STANDARD

3

4

    In determining whether the Defendant violated the FDCPA you are to apply the "least sophisticated

5

consumer" standard.  Claims should be viewed from the perspective of a consumer whose circumstances

6

make him relatively more susceptible to harassment, oppression or abuse.  This law was not made for the

7

protection of experts, but for the public--that vast multitude which includes the ignorant, the unthinking and

8

the credulous, and the fact that a false or misleading statement may be obviously false or misleading to those

9

who are trained and experienced does not change its character, nor take away its power to deceive others less

10

experienced.  Thus, in reaching your determination of whether Defendant's communications are false or

11

deceptive you must view them through the eyes of the "least sophisticated consumer."

12

*Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2d Cir. 1998); *Swanson v. Southern Oregon Credit

13

Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th

14

Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

1
2
3

## DEFINITION OF A "DEBT COLLECTOR"

4
5
6

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business:

7
8

(1) whose principal purpose is debt collection; or,

9
10

(2) who regularly collects or attempts to collect debts, directly or indirectly.

11
12
13
14

The term "debt collector" also means any person who acquired a debt by purchase or assignment and seeks to collect that debt, if the debt was in default at the time it was acquired by the person.  Litigating is one way of collecting a debt.

15
16
17
18
19
20

15 U.S.C. § 1692a(6); 15 U.S.C. § 1692a(6)(F); *Romine v. Diversified*, 155 F.3d 1142, 1146 (9th Cir. 1998); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *Pollice v. National Tax Funding,* 225 F.3d 379, 403-405 (3rd Cir. 2000)*, Munoz v. Pipestone Financial, LLC,* 397 F. Supp. 2d 1129, 1133 (D. MN 2006), *Hernandez v. Midland Credit Mgmt.*, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. 2007).  *Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142,1146 (1998)("Litigating . . .seems simply one way of collecting a debt" and "[i]n drafting a broad statute, Congress entered all areas inhabited by debt collectors, even litigation." *Id.* at 1146.).

21
22
23
24
25
26
27
28

1

**FDCPA**

2

**DEFENDANT CREDIGY SERVICES CORPORATION IS A DEBT COLLECTOR**

3

4   Defendant Credigy Services Corporation is a "debt collector" under the FDCPA.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LIABILITY OF DEBT COLLECTORS FOR THOSE ACTING ON ITS BEHALF**

Under the Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692 et seq., an entity which itself meets the definition of "debt collector" may be held vicariously liable for unlawful collection activities carried out by another on its behalf.

*Pollice v. National Tax Funding*, 225 F.3d 379, 403-405 (3rd Cir. 2000), *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 2000), *Munoz v. Pipestone Financial, LLC*, 397 F. Supp. 2d 1129, 1133 (D. MN 2006), *Hernandez v. Midland Credit Mgmt.*, 2007 U.S. Dist. LEXIS 16054, *56-60 (N.D. Ill. 2007), *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, *11-12 (M.D. FL 2008), *Martinez v. Albuquerque Collection Services, Inc.*, 867 F. Supp. 1495, 1502 (D. NM 1994)

1

## VIOLATION OF 1692d

2

3      The Fair Debt Collection Practices Act states it is a violation for any debt collector to engage in any

4  conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

5  collection of a debt.

6      Conduct is harassing, oppressive, or abusive if the natural consequences of the conduct would make a

7  person whose circumstances make him or her more susceptible to harassment, oppression, or abuse feel

8  harassed, oppressed, or abused.

9

10  *15 U.S.C. §1692d(5); Sanchez v. Client Services, Inc.*, 520 F. Supp. 2d 1149 (N.D. Cal. 2007), *Kuhn v. Account Control Technology, Inc.,* 865 F. Supp. 1443 (D. Nev. 1994), oseph v. J. J. McIntyre, *238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002), Jeter v. Credit Bureau, Inc.,*760 F.2d 1168, 1179 (11th Cir.1985), *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Chiverton v. Federal Fin. Group, Inc.*, 399 F.Supp.2d 96 (D. Conn. 2005).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33

1

2

## VIOLATION OF 1692d(5)

3

4          The following conduct is also a violation of the 15 U.S.C. 1692d:

5   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously

6   with intent to annoy, abuse or harass any person at the called number.

7          Leaving a message on a telephone answering machine, or redialing after a person has hung up the

8   telephone, are also causing the telephone to ring, and harassment, under Section 1692d.

9

10  15 U.S.C. §1692d(5); *Sanchez v. Client Services, Inc.*, 520 F. Supp. 2d 1149 (N.D. Cal. 2007), *Kuhn v.*
    *Account Control Technology, Inc.,* 865 F. Supp. 1443 (D. Nev. 1994), *Bingham v. Collection Bureau, Inc.*

11  505 F. Supp. 864 (N.D. 1981), the when a call was terminated and the collection agency called back
    immediately, that subsequent call alone could constitute harassment under § 1692d(5) regardless of the

12  content of the call).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34

1

2                               **VIOLATION OF 1692d(6)**

3                                  (Meaningful Disclosure)

4

5         The placement of telephone calls without meaningful disclosure of the caller's identity, except as

6   provided in section 15 U.S.C. 1692b, is also considered conduct which has the natural consequence to harass,

7   oppress or abuse.

8

9   *15 U.S.C. 1692d(6)*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VIOLATION OF 1692c(a)(2)**

(Communicating with Third Parties)

The Fair Debt Collection Practices Act states:

Without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of the alleged debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

*15 U.S.C. 1692c*

1

2                           **VIOLATION OF 1692b**

3                          (Impermissible communications)

4

5       Under very limited circumstances the Fair Debt Collection Practices Act permits debt collectors

6   to contact third parties only to acquire location information about the consumer.

7
        Any debt collector communicating with any person other than the consumer for the purpose of
8   acquiring location information about the consumer shall --

9   (1) identify himself, state that he is confirming or correcting location information concerning the
10  consumer, and, only if expressly requested, identify his employer;

11  (2) not state that such consumer owes any debt;

12  (3) not communicate with any such person more than once unless requested to do so by such person or
13  unless the debt collector reasonably believes that the earlier response of such person is erroneous or
    incomplete and that such person now has correct or complete location information.
14

15  *15 U.S.C. 1692b. Thomas v. Consumer Adjustment Co., Inc.,* 579 F. Supp. 2d 1290, *14 (E.D. MO 2008)

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFINITION OF LOCATION INFORMATION

The Fair Debt Collection Practices Act defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment."

*15 U.S.C. 1692b, FTC Commentary*

1

2

### DEFINITION OF A COMMUNICATION

3

4

The term "communication" means the conveying of information regarding a debt or alleged debt directly or indirectly to any person through any medium.

5

6

*15 U.S.C. § 1692a(2)*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## MESSAGES ARE COMMUNICATIONS

3

4

Leaving a message for a consumer constitutes a communication under the Fair Debt Collection

5

Practices Act.

6

7

Messages which do not directly convey information about a debt are still communications under the

8

FDCPA, because they convey information about a debt indirectly, since the purpose of the message is to get

9

the debtor to return the call to discuss the debt.

10

11

12

*Belin v. Litton Loan Servicing, LLP,* 2006 U.S. Dist. LEXIS 47953, *16 (M.D. FL 2006); *Stinson v. Asset Acceptance, LLC*, 2006 U.S. Dist. LEXIS 42266, 2006 WL 1647134, at *2-3 (E.D. Va. June 12, 2006); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 655-659 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp.2d 1104, 1116 (C.D. Cal. 2005).

13

14

15

*Thomas v. Consumer Adjustment Co., Inc.,* 579 F. Supp. 2d 1290, *14 (E.D. MO 2008)*, Belin v. Litton Loan Servicing, LLP,* 2006 U.S. Dist. LEXIS 47953, *16 (M.D. FL 2006); *Stinson v. Asset Acceptance*, LLC, 2006 U.S. Dist. LEXIS 42266, 2006 WL 1647134, at *2-3 (E.D. Va. June 12, 2006); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp.2d 643, 655-59 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp.2d 1104, 1116 (C.D. Cal. 2005).

16

17

18

19

20

21

22

23

24

25

26

27

28

40

1

2

**ENLISTING THE ASSISTANCE OF THIRD PARTIES TO COLLECT THE DEBT**

3

4

Communicating with a third party, such as a consumer's relative, and leaving the collector's name and

5

telephone number and asking the relative to have the consumer return the call violates the Fair Debt

6

Collection Practices Act.

7

*15 U.S.C. 1692c, West v. Nationwide,* 998 F. Supp. 642 (W.D. N.C. 1998), *Ferguson v. Credit Mgmt.*

8

*Control, Inc.,* 140 F. Supp. 2d 1293 (M.D. Fl. 2001), *Thomas v. Consumer Adjustment Co., Inc.,* 579 F.
Supp. 2d 1290, *14 (E.D. MO 2008),

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## VIOLATION OF 1692c(c)

3

4      If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the

5   consumer wishes the debt collector to cease further communication with the consumer, the debt collector

6   shall not communicate further with the consumer with respect to such debt.

7   *15 U.S.C 1692c(c)*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**VIOLATION OF 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  In reaching your determination of whether Defendant's communications are false or deceptive you must view them through the eyes of the "least sophisticated consumer."  The FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

An attempt to collect a debt not owed violates Section 1692e.

A representation made by a debt collector that nonpayment of the debt will result in seizure and sale of the consumer's home, unless such action is lawful and the debt collector intends to take such action, is a violation of Section 1692e.

A false threat of suit, garnishment or lien is a violation of Section 1692e(5).

A threat to initiate legal action on a time barred debt is a violation of Section 1692e(5).

A threat to communicate to a consumer reporting agency credit information about the consumer that the debt collector knows or should know to be false is a violation of Section 1692e and 1692e(8).

Creating a false sense of urgency violates Section 1692e(10).

The Plaintiffs do not have to prove that they were deceived by the statement for the statement to be a violation of Section 1692e.  The Plaintiffs do not have to prove that the Defendants knew that the statement was false.

15 U.S.C. § 1692e, e(2), e(4), e(5), e(10); *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1175-1176 (9th Cir. 2006); *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1227-1228 (9th Cir. 1988). *Kimber, Perretta, Uyeda v. Cambece*, 2005 U.S. Dist. LEXIS 9271 (N.D. Cal. 2005).

1
2

## OTHER FALSE AND DECEPTIVE PRACTICES PROHIBITED BY THE FDCPA

3
4
5
6

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

7
8
9
10
11

• The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

12

• The threat to take any action that cannot legally be taken or that is not intended to be taken.

13
14
15

• The use of any false representation or deceptive means to collect or attempt to collect any debtor or obtain information concerning a consumer.

16
17

*15 U.S.C. 1692e(4), e(5), e(10)*

18
19
20
21
22
23
24
25
26
27
28

44

1

2

**VIOLATION OF SECTION 1692e(11)**

3

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:. . .

4

5

e(11) . . . [T]he failure to disclose … that the communication is from a debt collector.

6

7

*15 U.S.C 1692e(11), Belin v. Litton, U.S. Dist. LEXIS 47593, \*11 (M.D. FL 2006)*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45

**STATUS OF THE DEBT**

The Plaintiffs allege that the debt had been paid by them years before the debt collection actions by the Defendants began.  The Defendants deny that the Plaintiffs had paid the debt.

If you find that the Plaintiffs had paid the debt before the Defendants began attempting to collect the debt, and if you find that the Defendants threatened to sue the Plaintiffs to collect the debt, then you must find that the Defendants violated Section 1692e of the FDCPA.

If you find that the Plaintiffs had paid the debt before the Defendants began attempting to collect the debt, and if you find that the Defendants threatened to take legal action to take the Plaintiffs' home to collect the debt, then you must find that the Defendants violated Section 1692e of the FDCPA.

If you find that the Plaintiffs had paid the debt before the Defendants began attempting to collect the debt, and if you find that the Defendants threatened to report the debt to credit reporting agencies, then you must find that the Defendants violated Section 1692e of the FDCPA.

15 U.S.C. § 1692e

**UNFAIR AND UNCONSCIONABLE ACTS**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

*15 U.S.C. 1692f*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FDCPA

## BONA FIDE ERROR DEFENSE

Defendants assert the affirmative defense of "bona fide error."  The Defendants have the burden of proving by a preponderance of the evidence each part of the "bona fide error" defense.  Those three parts are:

1. the violation was not intentional;
2. the violation was the result of a bona fide error; and,
3. the violation occurred even though the debt collector maintained procedures reasonably adapted to check for and avoid the specific error.

It is not a defense to liability under the FDCPA that the Defendants may not have intended to violate the FDCPA, or that the Defendants' conduct was the result of a genuine mistake about what conduct was prohibited by the FDCPA.

It is not a defense to liability under the FDCPA that the Defendants may have written procedures that were not enforced or maintained by the Defendants, or were  not followed by the Defendants' employees, and the violation occurred due to failure to follow those procedures.

15 U.S.C. § 1692k(c);

*Baker v. G.C. Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982); *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002 (9th Cir. 2008); *Niven v. National Action Financial Services, Inc.,*, 2008 WL 4190961 (M.D. Fla.), *Graziano v. Harrison*,  763  F. Supp. 1269, 1277 (D.N.J.).

48

1

**CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

2

**DEFINITION OF "DEBT COLLECTOR"**

3

4      The Plaintiffs have alleged that the Defendants have violated the California Rosenthal Fair Debt

5   Collection Practices Act ("the Rosenthal Act").

6

7      The Rosenthal Act applies to the actions of "debt collectors."  The term "debt collector" means any

8   person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages

9   in debt collection.

10

11

12   Civil Code § 1788.2(c)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CALIFORNIA ROSENTHAL ACT**

**DEFENDANT CREDIGY SERVICES CORPORATION IS A DEBT COLLECTOR**

Defendant Credigy Services Corporation is a "debt collector" as defined in the Rosenthal Act.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CALIFORNIA ROSENTHAL ACT

## DEFINITION OF DEBT

The term "debt" means money, property, or the equivalent which is due or owing, or alleged to be due or owing from a natural person to another person.  A "person" to which the debt is allegedly owed means a natural person, partnership, corporation, or limited liability company.

Civil Code § 1788.2(d), (g).

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

1

2

## CALIFORNIA ROSENTHAL ACT
## DEFINITION OF CONSUMER DEBT

3

4

5      The term "consumer debt" means money, property, or the equivalent due or owing, or alleged to be

6   due or owing from a natural person by reason of a consumer credit transaction.

7

8      A "consumer credit transaction" means a transaction between a natural person and another person in

9   which property, services, or money is acquired from such other person primarily for personal, family, or

10   household purposes.

11

12

13   Civil Code § 1788.2 (f), (e).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                    **CALIFORNIA ROSENTHAL ACT**

3                     **VIOLATION OF § 1788.11**

4

5          The Rosenthal Act provides that no debt collector shall collect or attempt to collect a consumer debt

6   by means of the following practices:

7

8       1)   placing telephone calls without disclosure of the caller's identity;
        2)   causing a telephone to ring repeatedly or continuously to annoy the person called; or,
9       3)   Communicating by telephone or in person with the debtor with such frequency as to be
             unreasonable and to constitute a harassment to the debtor under the circumstances.
10

11

12  Civil Code § 1788.11(b), (c), (d)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CALIFORNIA ROSENTHAL ACT
## VIOLATION OF § 1788.10

The Rosenthal Act provides that no debt collector shall collect or attempt to collect a consumer debt by means of the following conduct:

The threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment, or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector, and permitted by law....

Civil Code § 1788.10 (e)

## CALIFORNIA ROSENTHAL ACT

## VIOLATION OF § 1788.13

The Rosenthal Act provides that no debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

1) Any communication with the debtor other than in the name either of the debt collector of the person on whose behalf the debt collector is acting;

2) The false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, if, in fact, such fees or charges may not legally be added to the existing obligation;

3) The false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency;

4) The false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.

Civil Code § 1788.13(a), (e), (f), (j).

## CALIFORNIA ROSENTHAL ACT

## VIOLATION OF § 1788.17

The Rosenthal Act provides that no debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

5)   Any communication with the debtor other than in the name either of the debt collector of the person on whose behalf the debt collector is acting;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CALIFORNIA ROSENTHAL ACT**

**VIOLATION OF FDCPA**


The Rosenthal Act provides that every debt collector collecting or attempting to collect a consumer debt shall comply with the Fair Debt Collection Practices Act.  If you find that one or more Defendants violated the Fair Debt Collection Practices Act, then you must find that those Defendants violated the California Rosenthal Act.


Civil Code § 1788.17

1

2

## CALIFORNIA ROSENTHAL ACT
## LIMITED OPPORTUNITY TO CURE VIOLATION

3

4      A debt collector shall have no liability for a violation of the Rosenthal Act if the debt collector proves

5 by a preponderance of the evidence, that:

6      Within 15 days of either discovering the violation of the Rosenthal Act which is able to be cured; or

7 after receipt of written notice of such a violations,  the debt collector notifies the debtor of the violation, and

8 makes whatever adjustments or corrections are necessary to cure the violations with respect to the debtor.

9

10

11  Civil Code § 1788.30(d)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CALIFORNIA ROSENTHAL ACT**

**BONA FIDE ERROR DEFENSE**

Defendants assert the affirmative defense of "bona fide error."  The Defendants have the burden of proving by a preponderance of the evidence each part of the "bona fide error" defense.  Those three parts are:

1.  the violation was not intentional;
2.   the violation was the result of a bona fide error; and,
3.  the violation occurred even though the debt collector maintained procedures reasonably adapted to check for and avoid the specific error.

It is not a defense to liability under the Rosenthal Act that the Defendants may not have intended to violate the Act,  or that the Defendants' conduct was the result of a genuine mistake about what conduct was prohibited by the Rosenthal Act.

It is not a defense to liability under the Rosenthal Act that the Defendants may have written procedures that were not enforced or maintained by the Defendants, or were  not followed by the Defendants' employees, and the violation occurred due to failure to follow those procedures.

Civil Code § 1788.30

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION,
RIGHT OF PRIVACY INTRUSION INTO PRIVATE AFFAIRS -
ESSENTIAL ELEMENTS**

The plaintiffs also seek to recover damages based upon a claim of invasion of
privacy by intrusion into private affairs.  The essential elements of this claim are:

1. The defendants intentionally intruded, physically or otherwise, upon the
solitude or seclusion, private affairs or concerns of the plaintiffs;

2. The intrusion was substantial, and of a kind that would be highly
offensive to an ordinarily reasonable person; and

3. The intrusion caused plaintiff to sustain injury, damage, loss or harm.

In determining whether an intrusion is highly offensive, you should consider all of the evidence,
including the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as
the intruder's motives and objectives, the setting in which the intrusion occurs, and the plaintiffs'
expectations of privacy in that setting.


**CA BAJI No. 7.20**, *Panahiasl v. Gurney,* 2007 U.S. Dist. LEXIS 17269, *7 (N.D. Cal. 2007). *Kuhn v.
Account Control Technology,* 865 F. Supp. 1443, 1448 (D. Nev. 1994). *Joseph v. J.J. Mc Intyre Companies,
238 F. Supp. 2d 1158* (N.D. Cal 2002).

60

1

2

**TORT-IN-SE**

3

4       Defendants are liable for tort-in-se if they violated any public statute that was intended to protect the

5   Plaintiffs.  If the jury finds Defendant has committed a violation of the Fair Debt Collection Practices Act,

6   then the jury must find Defendant also committed a tort-in-se.

7

8   *Joseph v. J.J. Mc Intyre Companies*, 238 F. Supp. 2d 1158 (N.D. Cal 2002); See also, *Sanchez v. Client
    Services, Inc.*, 520 F. Supp. 2d 1149 (N.D. Cal 2007); *Panahiasl v. Gurney*, 2007 U.S. Dist. LEXIS 17269
9   (N.D. Cal. 2007).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

3        The Plaintiffs claim that the Defendants' conduct caused them to suffer serious emotional distress.

4    To establish this claim, the Plaintiffs must prove all of the following:

5            1,  That one or more Defendants were negligent;

6            2.  That the Plaintiffs suffered serious emotional distress; and,

7            3.  That the negligence of the Defendant or Defendants was a substantial factor in causing the

8    Plaintiffs' serious emotional distress.

9

10        Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, shock,

11    humiliation, and shame.  Serious emotional distress exists if an ordinary, reasonable person would be unable

12    to cope with it.

13

14

15    CACI 1620

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                          **NEGLIGENCE – ESSENTIAL ELEMENTS**

3

4

5        Plaintiffs claim that they were harmed by Defendants' negligence.  To establish this    claim they must

6   prove:

7   1.   Defendants were negligent.

8   2.   Plaintiff was harmed.

9   3.   Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

10

11

12  CACI 400

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## NEGLIGENCE – BASIC STANDARD OF CARE

3

4        Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can

5   be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably

6   careful person would not do in the same situation or fails to do something that a reasonably careful person

7   would do in the same situation.

8        You must decide how a reasonably careful person would have acted in Defendants' situation.

9

10  CACI 401

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## RECOVERY FOR INTENTIONAL HARM NOT DIMINISHED
## BY CONTRIBUTORY NEGLIGENCE

Contributory negligence, if any, on the part of the Plaintiffs does not reduce any recovery by the Plaintiffs against the Defendants for harm or injury caused by any intentional acts of the Defendants.

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRESUMPTIONS OF NEGLIGENCE PER SE**


If you decide Defendants violated a law (i.e, the FDCPA, CA FDCPA, PC §653m, PC §519, PC §524), and that the violation was a substantial factor in bringing about the Plaintiffs' harm, then you must find that Defendants were negligent.

If you find that Defendant did not violate a law, or that the violation was not a substantial factor in bringing about the harm, then you must still decide whether Defendants were negligent under other instructions.


*CACI 418.*

1

2

## CALIFORNIA PENAL CODE § 632

3

Credigy Services Corporation has asserted that Mrs. Fausto violated its right of privacy.  To establish

4     this claim, Credigy Services Corporation must prove all of the following:

5

6      1.   Mrs. Fausto intentionally recorded Credigy Services Corporation's telephone conversation;

7      2.   Credigy Services Corporation had an objectively reasonable expectation that the conversation was

8          not being overheard or recorded;

9      3.   Mrs. Fausto did not have the consent of all parties to the conversation to record it;

10     4.   Credigy Services Corporation was harmed;

11     5.   Mrs. Fausto's conduct was a substantial factor in causing Credigy Services Corporation harm;

12

13          and

14     6.   That the recording was not subject to one of the following exceptions.

15

16    CACI No. 1809; *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774, 117 Cal. Rptr.2d 574 (2002); *Frio v. Superior*

17    *Court,* 203 Cal.App.3d 1480, 250 Cal. Rptr 819 (1988).

18

19

20

21

22

23

24

25

26

27

28

67

1

2        **CALIFORNIA PENAL CODE § 633.5.  PERMISSIBLE RECORDING BY PARTY TO**

3                                          **COMMUNICATION**

4

5          Nothing prohibits one party to a confidential communication from recording the communication for the

6    purpose of obtaining evidence reasonably believed to relate to the commission by another party to the

7    communication of the crime of extortion … or a violation of Section 653m.

8

9    *PC § 633.5*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

68

1

## CALIFORNIA PENAL CODE 632(c) – DEFINITION OF CONFIDENTIAL COMMUNICATION

The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication … in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

A conversation is confidential if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded.  Otherwise, it is not confidential and may be recorded.

Penal Code §632(c); *Flanagan v. Flanagan* 27 Cal.4th 766, 776–777(2002).

1

## CALIFORNIA PENAL CODE § 653m.  OBSCENE, THREATENING, OR

2

## ANNOYING TELEPONE CALLS

3

4    (a) Every person who, with intent to annoy, telephones or makes contact by means of an electronic

5  communication device with another and addresses to or about the other person any obscene language or

6  addresses to the other person any threat to inflict injury to the person or property of the person addressed or

7  any member of his or her family, is guilty of a misdemeanor. Nothing in this subdivision shall apply to

8  telephone calls or electronic contacts made in good faith.

9

10    (b) Every person who makes repeated telephone calls or makes repeated contact by means of an electronic

11  communication device with intent to annoy another person at his or her residence, is, whether or not

12  conversation ensues from making the telephone call or electronic contact, guilty of a misdemeanor. Nothing

13  in this subdivision shall apply to telephone calls or electronic contacts made in good faith.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

70

1

2

## DEFINITION OF OBSCENE UNDER PENAL CODE 653m

3

"Obscene" under Penal Code 653m means "offensive" to one's feelings.

4

5

*People v. Hernandez*, 231 Cal. App. 3d 1376 (1991)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFINITION OF EXTORTION, THREATS

Fear, such as will constitute extortion, may be induced by a threat, either:

1. To do an unlawful injury to the person or property of the individual threatened or of a

   third person; or,

2. To accuse the individual threatened, or any relative of his, or member of his family, of

   any crime; or,

3. To expose, or to impute to him or them any deformity, disgrace or crime; or,

4. To expose, any secret affecting him or them.


*Penal Code §519.*

72

## DEFINITION OF ATTEMPTED EXTORTION

Every person who attempts, by means of any threat, such as is specified in Section 519 of this code, to extort money or other property from another is punishable by imprisonment in the county jail not longer than one year or in the state prison or by fine not exceeding ten thousand dollars ($10,000), or by both such fine and imprisonment.

*Penal Code §524.*

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on the FDCPA claim, you must determine the Plaintiffs' damages.  The Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages mean the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants. The Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm.

The amount of damages must include an award for all harm that was caused by the Defendants, even if the particular harm could not have been anticipated.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Ninth Circuit Model Jury Instruction No. 5.1.

CACI No. 1820

### MEASURE OF DAMAGES RE: FDCPA ACTUAL DAMAGES

I turn now to the damages applicable in this case.

The term "damages" means a sum of money that will fairly and adequately compensate a person who has been harmed. Damages may include past and future harm.

The Fair Debt Collection Practices Act specifically permits damages to be awarded against a debt collector who violates the FDPCA.  First, actual damages may be awarded the Plaintiff as a result of the failure of Defendant to comply with the FDPCA.  Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, or emotional distress (e.g. loss of sleep, appetite, nervousness crying spells) due to Defendant's conduct.

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish, and emotional distress.  You must decide a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.  A person may recover for emotional distress based on her own subjective testimony about her  feelings.  She does not have to introduce medical or other testimony.

15. U.S.C. 1692k. *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991), *Panahiasl v. Gurney*, 2007 U.S. Dist. Lexis 17269, *5 (N.D. Cal 2007), *Nelson v. Equifax*, 2007 U.S. Dist. LEXIS 83170. *10 (C.D. Cal. 2007), *Grassley v. Debt Collectors, Inc.*, 1992 U.S. Dist. LEXIS 22782 (D. Or. 1992, *Lambert v. National Credit Bureau, Inc.*, 1981 U.S. Dist. LEXIS 18623, *9-10 (D. Or.  1991), *Guimond v. Trans Union Credit Information, Co.*, 45 F.3d 1329, 1332-1333 (9th Cir. 1995), *Dennis v. BEH-1, LLC*, 504 F.3d 892, 895 (9th Cir. 2007), *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982), *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323 (M.D. Ala. 1988), *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864 (D. N.D. 1981), *Becker v. Montgomery Lynch*, 2003 U.S. Dist. LEXIS 24992, *4 (N.D. OH 2003, *Thomas v. National Business Assistants,* 1984 U.S. Dist. LEXIS 24876 (D. Conn. 1984), *Boyce v. Attorney's Dispatch Service, Inc.,* U.S. Dist. LEXIS 12970, 5-6 (W.D. O.H. 1999), *In re Littles (Littles I)*, 75 B.R. 240, 242 (E.D. PA 1987), *In re Littles (Littles II)*, 90 B.R. 669, 680 (E.D. PA 1988), *Crossley v. Lieberman, 90 B.R. 682, 692 (E.D. PA 1988), Crossley v. Lieberman*, 868 F.2d 566 (3rd Cir.1989), *Maxwell v. Fairbanks Capital Corp. (In re Maxwell),* 281 B.R. 102, 118 (D. MA. 2002).

75

*Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1990); *Johnson v. Dept. of Treasury, I.R.S.,* 700 F.2d 971, 985 fn. 39 (5th Cir. 1983). *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509 (5th Cir. 1982).

Ninth Circuit Model Jury Instruction No. 5-2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CALIFORNIA COMMON LAW – INTRUSION UPON SECLUSION DAMAGES**

If you decide that either Plaintiff has proved his or her intrusion upon seclusion claim against Defendants, you also must decide how much money will reasonably compensate the Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by Defendant even if the particular harm could not have been anticipated.

Plaintiffs must prove the amount of his or her damages. However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiffs:

• Mental anguish, mental suffering, anxiety, fear, humiliation, embarrassment, emotional distress, loss of sleep, crying fits;

No fixed standard exists for deciding the amount of damages for this type of harm.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

*California Civil Jury Instructions, Judicial Council of California, No. 1820. Damages. Fairfield v. American Photcopy Equipment,* 38 Cal. App. 2d 82, 89 (1952)("'In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff")

1

2

### CALIFORNIA COMMON LAW – TORT-IN-SE DAMAGES

3

4

If you decide that either Plaintiff has proved his or her Tort-in-se claim against Defendant, you also

5

must decide how much money will reasonably compensate the Plaintiff for the harm. This compensation is

called "damages."

6

7

The amount of damages must include an award for all harm that was caused by Defendant even if the

particular harm could not have been anticipated.

8

9

Plaintiffs must prove the amount of his or her damages. However, Plaintiffs do not have to prove the

10

exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or

guess in awarding damages.

11

The following are the specific items of damages claimed by Plaintiffs:

12

• Mental anguish, mental suffering, anxiety, fear, humiliation, embarrassment, emotional distress,

13

loss of sleep, crying fits;

14

No fixed standard exists for deciding the amount of damages for this type of harm.  You must use

15

your judgment to decide a reasonable amount based on the evidence and your common sense.

16

17

*California Civil Jury Instructions, Judicial Council of California, No. 1820. Damages. Fairfield v. American*
*Photcopy Equipment,* 38 Cal. App. 2d 82, 89 (1952)("'In some torts the entire injury is to the peace,
happiness, or feelings of the plaintiff")

18

19

20

21

22

23

24

25

26

27

28

**MEASURES OF DAMAGES NEGLIGENCE**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants. You should consider the following:

In determining the measure of damages, you should consider:

The nature and extent of the injuries; and

The mental, physical, or emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


**Ninth Circuit Model Jury Instruction No. 5.1**
**Ninth Circuit Model Jury Instruction No. 5.2**

79

1

2

## CIVIL CODE 3345 – TREBLING OF DAMAGES FOR DISABLED PERSONS

3

4

This section applies to actions brought by disabled person, as that term is defined by Civil Code §1761,

5

to redress unfair or deceptive acts or practices.

6

The jury may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three

7

times greater than the amount the jury imposed as damages under the FDCPA and Rosenthal Act.

8

The jury shall consider the following factors, in addition to other appropriate facts, in determining the

9

amount of the fine, penalty or other remedy to impose.

10

11

**(1)** Whether the defendant knew or should have known that his or her conduct was directed to a senior

12

citizen or disabled person.

13

**(2)** Whether one or more senior citizens or disabled persons are substantially more vulnerable than

14

other members of the public to the defendant's conduct because of age, poor health or infirmity,

15

16

impaired understanding, restricted mobility, or disability, and actually suffered substantial physical,

17

emotional, or economic damage resulting from the defendant's conduct.

18

*Civil Code §3345*

19

20

21

22

23

24

25

26

27

28

80

**DEFINITION OF DISABLED PERSONS UNDER CIVIL CODE §1761**

"Disabled person" means any person who has a physical or mental impairment that substantially limits one or more major life activities.

"Physical or mental impairment" means any of the following:

**(A)** Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss substantially affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin; or endocrine, or

**(B)** Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities. "Physical or mental impairment" includes, but is not limited to, such diseases and conditions as orthopedic, visual, speech, and hearing impairment, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, mental retardation, and emotional illness.

"Major life activities" means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

*Civil Code §1761*

1

2                    **STAUTORY DAMAGES FOR VIOLATION THE FDCPA**

3

4          In addition to actual damages, and regardless of whether actual damages are awarded, you may award

5     statutory damages to each person for violations of the FDCPA in an amount not to exceed $1,000.  In

6     determining the amount of statutory damages to be awarded, you shall consider among other relevant factors,

7     the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and

8     the extent to which noncompliance was intentional.

9

10    15 U.S.C. §1692k(b)(1). *Baker v. G.C. Services Corp.*, 677 F. 2nd 775 (9th Cir. 1982)(Statutory damages are available without proof of actual damages), *Panahiasal v. Gurney*, 2007 U.S. Dist. LEXIS 17269, (N.D.

11    Cal. 2007), *Beattie v. D.M. Collections, Inc.*, 764 F. Supp. 925 (D. Del. 1991)($1,000 per plaintiff), *Robertson v. Horton Bros. Recovery, Inc.*, 2007 U.S. Dist. LEXIS 48602 (D. Del. 2007)($1,000 per

12    plaintiff), *Howe v. Romano*, 1994 U.S. Dist. LEXIS 20547 (D. Del. 1994)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

82

1

2                              **STATUTORY DAMAGES – ROSENTHAL ACT**

3

4          In addition to actual damages, and regardless of whether actual damages are awarded, the jury may

5    award statutory damages in an amount not to exceed $1,000.00 for each person affected by the violation of

6    the CA FDPCA.  The jury may award up to $1,000 for each person against each Defendant.  In determining

7    the amount of statutory damages to be awarded, whether $100.00 or up to and including $1,000.00 for each

8    person, against each Defendant, the CA FDCPA provides that the jury shall consider among other relevant

9    factors, the frequency and persistence of noncompliance by the debt collector, the nature of such

10   noncompliance, and the extent to which noncompliance was intentional.

11

12   *Civil Code 1788.*30. *Lowe v. Elite Recovery Solutions L.P.,* 2008 U.S. Dist. LEXIS 8353, *7-8 (E.D Cal.

13   2008)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**CA FDCPA, CIVIL CODE 1788.30 – LIMITED ABILITY TO CURE VIOLATION**

3

4        A debt collector shall have no civil liability under the CA FDCPA, within 15 days either after

5   discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, the

6   debt collector notifies the debtor of the violation, and makes whatever adjustments or corrections are

7   necessary to cure the violation with respect to the debtor.

8

9   *Civil Code 1788.30(d)*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PUNITIVE DAMAGES

Plaintiffs may also recover damages to punish Defendant if Plaintiffs prove by clear and convincing evidence that Defendant acted with malice, oppression, or fraud in committing intrusion upon seclusion or tort-in-se.

"Malice" means that Defendant acted with intent to cause injury or that its conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.

A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendant's conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendant intentionally misrepresented or concealed a material fact and did so intending to deprive Plaintiffs of property or of a legal right or otherwise to cause them injury.

*Civil Code §3294.  California Civil Jury Instructions, Judicial Council of California, No. 1700.*

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

## PUNITIVE DAMAGES AGAINST EMPLOYER OR PRINCIPAL FOR CONDUCT OF A SPECIFIC AGENT OR EMPLOYEE – TRIAL NOT BIFURCATED

If you decide Defendants or their agent's conduct caused Plaintiffs' harm, you must decide whether that conduct justifies an award of punitive damages against. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Defendants for Defendants' or their agent's conduct only if Plaintiff's proves by clear and convincing evidence that Defendants' or their agents engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Defendants' or their agents acted with intent to cause injury, or that the conduct was despicable and was done with a conscious disregard of Plaintiff's rights. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendants' or their agents' conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of their rights. "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people. "Fraud" means that Defendants or their agents intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiffs. Plaintiffs must also prove [one of] the following by clear and convincing evidence:

1. That the wrongful actor was an officer, a director, or a managing agent of Defendants, who was acting on behalf of Defendants; or,

2. That an officer, a director, or a managing agent of Defendants had advance knowledge of the unfitness of the wrongful actor and employed him/her with a knowing disregard of the rights or safety of others; or,

86

3. That an officer, a director, or a managing agent of Defendants authorized the wrongful conduct; or,

4. That an officer, a director, or a managing agent of Defendants knew of the wrongful conduct and adopted or approved the conduct after it occurred, or,

5. The wrongful act is a customary practice which must have been known to and authorized by those who dictated the policies of Defendant(s).[1]

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

The critical inquiry is the degree of discretion the managing agent/employees possess in making decisions that will ultimately determine corporate policy. When employees or agents handle matters with with little if any supervision, they possess sufficient discretion for the law to impute their actions concerning those claims to the corporation.[2]

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a) How reprehensible was the conduct?

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm?

(c) In view of Defendants' financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendants have substantial financial resources.

*CACI 3943*

---

[1] *Schanafelt v. Seaboard,* 108 Cal. App. 2d 420, 424 (1951)
[2] *Egan v. Mutual of Omaha Insurance*, 24 Cal. 3d 809 (Cal. Sup. Court 1979).

**FIXING PUNITIVE DAMAGES**


The jury has considerable discretion in fixing punitive damages.  The factors to be considered are (1) the nature of the defendants' acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendants.

*Professional Seminar Consultants v. Sino Am., Technology Exch. Co.*, 727 F 2.2d 1470, 1473 (9th Cir. 1984), and *Neal v. Farmers Insurance Exchange*, 21 Cal. 3d 910, 148 Cal. Rrptr. 389, 582 P.2d 9*80 (1978).*



Dated:  January 12, 2009


/s/Ronald Wilcox

_____
Ronald Wilcox, Counsel for Plaintiffs