Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-515-3110
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO and LUZ FAUSTO, | Case No.: C07-05658 JW RS |
| Plaintiffs, | **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF PAULO PERES Docket #201** |
| v. | RE: Liable For Conduct |
| CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON and DOES 1-10, inclusive, | Date: February 20, 2009<br>Time: 9:00 a.m. |
| Defendants. | |

### I. INTRODUCTION

Plaintiffs hereby Oppose the Motion for Summary Judgment of Paulo Peres. Simply put, Defendants engaged in abusive and intrusive acts that among other things violated the Fair Debt Collection Practices Act and implicate the tort claims alleged by Plaintiffs. Defendants sent numerous collection letters, despite receiving a cease and desist letter, and made more than 90 telephone calls,

- 1 -

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

despite Plaintiffs disputing owing the debt both verbally and in writing. Among the many violations, Mr. Peres sent a collection to Plaintiffs after they had sent a cease and desist letter. *See* Declaration of Luz and Manuel Fausto attached in Support of Oppositions to Motions for Summary Judgment.

The Court should consider these legal principles when deciding this motion:

• The FDCPA defines "debt collector" as any person who engages in "the collection of any debts, or who regularly attempts to collect, *directly or indirectly,* debts owed, asserted to be owed, or due another." 15 U.S.C. § 1692a(6)

• *Newman v. Checkrite,* 912 F. Supp. 1354, 1371 (E.D. CA 1995)(By being directly involved in the day-to-day operations of the collections department, including training and managing employees, and reviewing or supervising the review of accounts, a manager is directly and indirectly involved in collection of debts.) Also see, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1072 (E.D. CA 2008).

• *Brumbelow v. Law Offices of Bennett & Deloney*, P.C., 372 F. Supp. 2d 615, 622 (D. UT 2005) (denying debt collector's motion for summary judgment despite the argument the individuals were not personally involved in the debt collection activities at issue).

## II. SUMMARY OF FACTS RELATED TO PAULO PERES ROLE AS A COLLECTOR

On December 22, 2006, a collection letter was sent to Plaintiff, Manuel Fausto, on the letterhead of Credigy Services Corp., bearing the signature line, "Paulo Peres" and title, "Collection Manager." Docket #3, Amended Complaint, Exhibit 7. Mr. Peres worked for Credigy Solucoes Financeiras, Ltd., that collected on accounts for defendant Credigy Services Corp. (Peres Depo. pg. 135:8-14)

Mr. Peres admitted that the letter was a collection letter, had his name printed on it and that his name was placed on the letter because he was in charge of collections. Wilcox Decl. at Exhibit II (Peres Depo. 123:1-25; 124:1-19) The letter dated December 12, 2006 states a balance of $18,077.12 and seeks to collect on a debt. The letter has the name CREDIGY SERVICES, CORP. at the top right corner and states in part:

> "I am writing on behalf of our client CREDIGY RECEIVABLES, INC. regarding the above referenced account purchased form FIRST SELECT, INC., and originally issued by the Original Creditor identified above. Our office has been engaged to collect this unpaid account, together with all applicable accruing interest if permitted by law or contract. … This is a communication from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose."

Clearly the letter seeks to collect on a debt and Mr. Peres admits in the letter he is a debt collector. However, Mr. Peres is not just a collector, but <u>director of collections operations</u> and all collection managers reported directly to him. Wilcox Decl. at Exhibit II (Peres Depo. pg. 14:16-22; 15:5-25; 123:14-17.) In his role as director of collections he ran and directed the entire collections process. He implemented and conducted operation training to form and develop collectors. Wilcox Decl. at Exhibit II (Peres Depo. pg. 31:1-3; 30:1-25 – 31:1-8) He oversaw and coordinated the frequency of collection, volume of work, discipline of collectors, all discounts and negotiations given on debts. Wilcox Decl. at Exhibit II (Peres Depo. pg. 27:21-25; 28:1-6) He supervised the collectors that collected on the accounts in the United States for Credigy Services. Wilcox Decl. at Exhibit II (pg. 63:14-18; 61:23-25; 62:1-15) He sent a collection letter to the Faustos and admitted he was involved in collection activities by leading collection teams while at Credigy. Wilcox Decl. at Exhibit II (Peres Depo. pg. 13:11-15;124:13-15) He supervised the managers that were in charge of the collection departments. Wilcox Decl. at Exhibit II (Peres Depo. 20:8-12.) He also testified others at Credigy knew him as the one that takes care of collections. Wilcox Decl. at Exhibit II (Peres Depo 124:7-11.) He explained what procedure a Credigy Solucoes Brazil collector followed in the event a consumer requested that the collector cease and desist collection. Wilcox Decl. at Exhibit II (Peres Depo pg. 71:5-24; 86:2-25) He assigned collection accounts to collectors working Credigy accounts. Wilcox Decl. at Exhibit II (Peres Depo pg.80:6-22.)

Finally, Defendants argue that in October 2006 Mr. Peres was not involved in the collection of United States debts, however Mr. Peres position did not change after October 2006. Wilcox Decl. at Exhibit II (Peres Depo pg. 134:12-25; 135:1-3) He was still involved in discipline and firing of employees regardless of whether they worked Credigy Services (international) accounts or national Brazil accounts. The managers he directed would reprimand any collectors regardless if they worked international accounts or national accounts. More specifically, he described the national and

- 3 -

international collectors as all operating on one big floor that were separated by a glass wall and that if any collector engaged in questionable conduct one of his supervisors or team leader could reprimand that individual. Wilcox Decl. at Exhibit II (pg. 101:9-13, 104:1-25; 105:1-23) In addition, Defendants acknowledge Mr. Peres involvement with training and supervising of collectors working Credigy Services account after October 2006. Additionally, in Defendants' Motion for Summary Judgment regarding Bona Fide Error, Defendants cite to Mr. Peres' deposition testimony with respect to his role in disciplining and terminating collectors working for Credigy Services for failure to comply with the FDCPA during the relevant time period. See Docket # 218, pg. 14:3-27

Finally, Plaintiffs testify that Defendants conduct caused them to suffer physical and emotional injury in the form of fear, anxiety, stress, hopelessness, difficulty eating, humiliation, uncontrollable shaking, crying fits, depression, marital instability, inability to sleep, and embarrassment, amongst other injuries. *See* Declaration of Luz and Manuel Fausto

### III. THE PLAIN LANGUAGE OF THE FDCPA AND CASE LAW HOLD THAT MR. PERES IS A DEBT COLLECTOR AND RESPONSIBLE FOR THE CONDUCT OF HIS ACTIONS AND THOSE OF HIS COLLECTORS

As a manager in charge of the collection departments Mr. Peres was both directly and indirectly involved in the collection of debts. First, in the light most favorable to Plaintiffs a reasonable jury may believe Mr. Peres sent the collection letter, which bears his name, to Plaintiffs as described above. The FDCPA defines "debt collector" as any person who engages in "the collection of any debts, or who regularly attempts to collect, *directly or indirectly,* debts owed, asserted to be owed, or due another." 15 U.S.C. § 1692a(6) (emphasis added). Here, Mr. Peres sent a letter to Mr. Fausto in an attempt to collect an almost $18,000.00 debt from him. Furthermore, he assigned each collector working under him a specific number of collection accounts and he expected them to telephone and collect on those accounts. Wilcox Decl. at Exhibit II (Peres Depo pg.80:6-22.) By being directly involved in the day-to-day operation of collections of accounts assigned by Credigy Services, including training, discipline,

firing and managing employees, reviewing or supervising the review of all accounts, Mr. Peres was both directly and indirectly involved in Defendants collection of debts. Given the plain language of the FDCPA, defendant Peres is a debt collector within the meaning of the FDCPA.

### A. Defendant Peres Is Liable Pursuant to the FDCPA for the Conduct of the Collectors He Directed

Besides being liable the debt collection letter he sent, Mr. Peres is liable for acts committed by collectors he disciplined and supervised. Pursuant to the FDCPA and Cal. Civ. Code §1788 *et.seq.,* the California Fair Debt Collection Practices Act[1] ("Rosenthal Act") he can be indirectly liable for the conduct of his collectors. He directed, controlled and disciplined a small army of debt collectors that collected on debt assigned for collection by Credigy Services, Corp. Those individuals collected directly on Plaintiffs. It does not matter whether Mr. Peres made the calls or engaged in the abusive telephone conversations.

In *Newman v. Checkrite,* 912 F. Supp. 1354 (E.D. CA 1995)(*overturned on other grounds)* an attorney claimed he could not be responsible for the acts of collectors under his control and supervision, however the court disagreed and stated:

> "Lundgren was both directly and indirectly involved in Lundgren & Associates' collection of debts. Given the plain language of the FDCPA, defendant Lundgren is a debt collector within the meaning of the FDCPA and can be held liable for any acts in which he directly or indirectly attempted to collect debts in violation of the FDCPA" *Ibid* at 1372

As such, based on the foregoing Mr. Peres is liable for the acts of the collectors he directed, supervised and disciplined. Here the record is clear that Mr. Peres had intimate involvement with assigning out accounts and was director of the entire collections operation. Mr. Peres admitted that his position did not change in October 2006 and he still remained involved in the discipline and firing of employees. See also *Schwarm v. Craighead,* 552 F. Supp. 2d 1056, 1072 (E.D. CA 2008)(holding that even a director of a debt collection corporation may be held personally liable for FDCPA violations).

---

[1] Cal. Civ. Code §1788.17 "Rosenthal Act" makes a violation of the federal FDCPA 15 U.S.C. §1692b – 1692j a violation of the Rosenthal Act, here Plaintiffs have alleged Defendant has violated 15 U.S.C. §1692c – 1692f.

Furthermore, Courts have denied debt collector's summary judgment despite the argument the individuals were not personally involved in the debt collection activities at issue. *Brumbelow v. Law Offices of Bennett & Deloney*, P.C., 372 F. Supp. 2d 615, 622 (D. UT 2005).

### B. Mr. Peres Presents No Argument that the Appearance of His Name on the Collection Letter is a Bona Fide Error

"To qualify for the bona fide error defense, a debt collector must prove by a preponderance of the evidence that: (1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." *Jerman v. Carlisle, Mcnellie, Rini, Kramer, & Ulrich, LPA.*, 538 F.3d 469, 476 (6th Cir. 2008).

Mr. Peres claims no knowledge of the letter and admits that his name was placed on the letter because fellow co-defendant, Brett Boyde, knew he was in charge of collections. However, Mr. Peres presents no evidence that his name was placed on the letter unintentionally, or that there were some reasonable procedures in place to avoid such errors. As such, because Mr. Peres offers no defense with respect to why the letter was sent or why his name appeared on the letter and his motion should be denied. Furthermore, in the light most favorable to the Plaintiff, the Court must believe Mr. Peres did indeed send the letter, especially since it contained his name on the signature line. At the very least there is a question or material fact for the jury.

### C. Issues of Material Fact Remain and Should be Decided by the Jury

Though Mr. Peres disputes knowledge of collection letters bearing his name several issues of material dispute exist.

"Judgment should be denied where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility: Credibility issues are appropriately resolved only after an evidentiary hearing or full trial." *SEC v. Koracorp Industries*, 575 F.3d 692, 699 (9th Cir. 1978).

First, at a minimum it appears Mr. Peres was still directing the discipline and firing of employees after October 2006, thus making him liable for the conduct of those employees that collected on the Faustos. Second, a collection letter bearing his name was sent to the Manuel Fausto after he claims to

have relinquished control over directing the debt collectors. A jury could find that he was still directing that department and had apparent authority, especially considering that others at Credigy sent letters bearing his name because they thought he was in charge. Finally, Mr. Peres has not advanced a *bona fide* error defense as to why his name appeared on the collection letter or why it went out. The error must be a reasonable one, regardless of intent. *Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006). A trier of fact should be left to decide these issue and assess the credibility of the witness.

## IV. CONCLUSION

For all the foregoing reasons Mr. Peres motion should be denied.

Respectfully submitted,

/s/Balam O. Letona
_____
Balám O. Letona

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT