Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-515-3110
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

David Humphreys *(pro hac vice)*
Humphreys Wallace Humphreys P.C.
9202 South Toledo Ave.
Tulsa, Oklahoma 74137

Luke Wallace *(pro hac vice)*
Humphreys Wallace Humphreys P.C.
9202 South Toledo Ave.
Tulsa, Oklahoma 74137

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSÉ DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive,<br>　　　　　　　　　Defendant(s). | Case No. C07-05658  JW – RS<br><br>**ADDENDUM TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**<br><br>Final PTC: February 9, 2009<br>Trial: March 17, 2009<br><br>**HONORABLE JAMES WARE** |

//
//
//

1
2
3  The following contains an Addendum to Plaintiff's Proposed Jury Instructions, Docket# 254.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# BOTH PRINCIPAL AND AGENT SUED-
# DEFENDANT CREDIGY SERVICES CORPORATION AND
# DEFENDANT PAULO PERES[1]

Defendant Credigy Services Corporation is sued as the principal and the Defendant Paulo Peres as its agents. Defendant Credigy Services Corporation denies that Defendant Palo Peres was its agent. Defendant Credigy Services Corporation also denies that Defendant Paulo Peres was acting within the scope of authority as an agent.

If you find against Defendant Paulo Peres, then you must determine whether Defendant Palo Peres was an agent of Defendant Credigy Services Corporation and whether Defendant Paulo Peres was acting within the scope of authority. If you find that Defendant Paulo Peres was an agent of Defendant Credigy Services Corporation and was acting within the scope of authority, then you must find against Defendant Paulo Peres and against Defendant Credigy Services Corporation.

If you find for Defendant Paulo Peres, then you must find for Defendants Paulo Peres and for Defendant Credigy Services Corporation.

If you find against Defendant Paulo Peres but do not find that Defendant Paulo Peres was acting as an agent of Defendant Credigy Services Corporation, then you must find that Defendant Credigy Services Corporation is not liable.

If you find against Defendant Brett Boyde, but do not find that Defendant Brett Boyde was acting within the scope of authority as an agent of Defendant Credigy Services Corporation, then you must find that Defendant Credigy Services Corporation is not liable.

---

[1] To be inserted after Page 19 to Doc# 254.

3

This instruction applies only to the Plaintiffs' claims against Defendant Credigy Services Corporation that are based on actions that Plaintiffs allege were done by Defendant Paulo Peres, as an agent of Defendant Credigy Services Corporation. Even if you find for Defendant Credigy Services Corporation based on this instruction, you may still find against Defendant Credigy Services Corporation based on actions taken by Defendant Credigy Services Corporation itself or by its agents other than Defendant Paulo Peres.

Ninth Circuit Model Jury Instruction No. § 4.9

# BOTH PRINCIPAL AND AGENT SUED-
# DEFENDANT CREDIGY SERVICES CORPORATION AND
# DEFENDANT LUIS RENATO SILVA NUNES[2]

Defendant Credigy Services Corporation is sued as the principal and the Defendant Luis Renato Silva Nunes, a.k.a Ryan Miller, as its agent. Defendant Credigy Services Corporation denies that Nunes was its agent. Defendant Credigy Services Corporation also denies that Defendant Nunes was acting within the scope of authority as an agent.

If you find against Defendant Brett Boyde, then you must determine whether Defendant Nunes was an agent of Defendant Credigy Services Corporation and whether Defendant Nunes was acting within the scope of authority. If you find that Defendant Nunes was an agent of Defendant Credigy Services Corporation and was acting within the scope of authority, then you must find against Defendant Nunes and against Defendant Credigy Services Corporation.

If you find for Defendant Nunes, then you must find for Defendant Nunes and for Defendant Credigy Services Corporation.

If you find against Defendant Nunes, but do not find that Defendant Nunes was acting as an agent of Defendant Credigy Services Corporation, then you must find that Defendant Credigy Services Corporation is not liable.

If you find against Defendant Nunes, but do not find that Defendant Nunes was acting within the scope of authority as an agent of Defendant Credigy Services Corporation, then you must find that Defendant Credigy Services Corporation is not liable.

---

[2] To be inserted after the preceding page.

This instruction applies only to the Plaintiffs' claims against Defendant Credigy Services Corporation that are based on actions that Plaintiffs allege were done by Defendant Nunes, as an agent of Defendant Credigy Services Corporation. Even if you find for Defendant Credigy Services Corporation based on this instruction, you may still find against Defendant Credigy Services Corporation based on actions taken by Defendant Credigy Services Corporation itself or by its agents other than Defendant Nunes.

Ninth Circuit Model Jury Instruction No. § 4.9

# BOTH PRINCIPAL AND AGENT SUED-
# DEFENDANT CREDIGY SERVICES CORPORATION AND
# DEFENDANT LUIS RENATO RICARDO VENTURA[3]

Defendant Credigy Services Corporation is sued as the principal and the Defendant Ventura, as its agent. Defendant Credigy Services Corporation denies that Defendant Ventura was its agent. Defendant Credigy Services Corporation also denies that Defendant Ventura was acting within the scope of authority as an agent.

If you find against Defendant Ventura, then you must determine whether Defendant Ventura was an agent of Defendant Credigy Services Corporation and whether Defendant Ventura was acting within the scope of authority. If you find that Defendant Ventura was an agent of Defendant Credigy Services Corporation and was acting within the scope of authority, then you must find against Defendant Ventura and against Defendant Credigy Services Corporation.

If you find for Defendant Ventura, then you must find for Defendant Nunes and for Defendant Credigy Services Corporation.

If you find against Defendant Ventura, but do not find that Defendant Ventura was acting as an agent of Defendant Credigy Services Corporation, then you must find that Defendant Credigy Services Corporation is not liable.

If you find against Defendant Ventura, but do not find that Defendant Ventura was acting within the scope of authority as an agent of Defendant Credigy Services Corporation, then you must find that Defendant Credigy Services Corporation is not liable.

---

[3] To be inserted after the preceding page.

This instruction applies only to the Plaintiffs' claims against Defendant Credigy Services Corporation that are based on actions that Plaintiffs allege were done by Defendant Ventura, as an agent of Defendant Credigy Services Corporation. Even if you find for Defendant Credigy Services Corporation based on this instruction, you may still find against Defendant Credigy Services Corporation based on actions taken by Defendant Credigy Services Corporation itself or by its agents other than Defendant Ventura.

Ninth Circuit Model Jury Instruction No. § 4.9

## VIOLATION OF 1692d(5)[4]

The following conduct is also a violation of the 15 U.S.C. 1692d: Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

Leaving a message on a telephone answering machine, or redialing after a person has hung up the telephone, also causing the telephone to ring, are also harassment, under Section 1692d.

15 U.S.C. §1692d(5); *Sanchez v. Client Services, Inc.*, 520 F. Supp. 2d 1149 (N.D. Cal. 2007), *Kuhn v. Account Control Technology, Inc.,* 865 F. Supp. 1443 (D. Nev. 1994), *Bingham v. Collection Bureau, Inc.* 505 F. Supp. 864 (N.D. 1981), the when a call was terminated and the collection agency called back immediately, that subsequent call alone could constitute harassment under § 1692d(5) regardless of the content of the call).

---

[4] This replaced page 34 of Docket #254.

9

# CALIFORNIA PENAL CODE § 632[5]

Credigy Services Corporation has asserted that Mrs. Fausto violated its right of privacy. To establish this claim, Credigy Services Corporation must prove all of the following:

1. Mrs. Fausto intentionally recorded Credigy Services Corporation's telephone conversation;

2. Credigy Services Corporation had an objectively reasonable expectation that the conversation was not being overheard or recorded;

3. Mrs. Fausto did not have the consent of all parties to the conversation to record it;

4. Credigy Services Corporation was harmed;

5. Mrs. Fausto's conduct was a substantial factor in causing Credigy Services Corporation harm; and

6. That the recording was not subject to one of the following exceptions listed below and defined in the 6 pages that follow. An exception applies, and the recording was permissible, if any of the following are true: That the recording was made:

   a. for the purpose of obtaining evidence reasonably believed to relate to the crime of extortion.

   b. for the purpose of trying to obtain evidence reasonably believed to relate to a violation of Penal Code 653m, which makes it unlawful for any person to make repeated calls or make repeated contact by means of an electronic communication device with intent to annoy another person at his or her residence, whether or not conversation ensues.

   c. for the purpose of trying to obtain evidence reasonably believed to relate to a violation of Penal Code 653m, which makes it unlawful for any person who with intent to annoy, telephones or

---

[5] To replace page 67 of Docket #254.

by means of an electronic communication makes contact with another and makes obscene or offensive comments.

    d. for the purpose of trying to obtain evidence reasonably believed to relate to a violation of Penal Code §653m, which makes it unlawful for any person who with intent to annoy, telephones or by means of an electronic communication makes contact with another and threatens to inflict injury to the person or property of the person or any member of his family.

    e. for the purpose of trying to obtain evidence reasonably believed to relate to a violation of Penal Code §519, which makes it unlawful for any person to threaten to do an unlawful injury to the person or property of the individual threatened or of a third person.

    f. for the purpose of trying to obtain evidence reasonably believed to relate to a violation of Penal Code §519, which makes it unlawful for any person to threaten to expose another, or impute to him or them any deformity, disgrace or crime.

    g. for the purpose of trying to obtain evidence reasonably believed to relate to a violation of Penal Code §519, which makes it unlawful for any person to threaten to expose another, or impute to him or them any deformity, disgrace or crime, or expose any secret affecting him or them.

CACI No. 1809; *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774, 117 Cal. Rptr.2d 574 (2002); *Frio v. Superior Court,* 203 Cal.App.3d 1480, 250 Cal. Rptr 819 (1988).

# CIVIL CODE 3345 – TREBLING OF DAMAGES FOR DISABLED PERSONS[6]

This section applies to actions brought by disabled person, as that term is defined by Civil Code §1761, to redress unfair or deceptive acts or practices.

The jury may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than the amount the jury imposed as damages under the FDCPA and Rosenthal Act.

The jury shall consider the following factors, in addition to other appropriate facts, in determining the amount of the fine, penalty or other remedy to impose.

 **(1)** Whether the defendant knew or should have known that his or her conduct was directed to a senior citizen or disabled person; or,

**(2)** Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

*Civil Code §3345*.

---

[6] To replace page 80 of Docket #254.