TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants and
Cross-Complainant Credigy Services
Corporation, and for Defendants
Credigy Receivables, Inc. and
Credigy Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIGY SERVICES CORPORATION *et al.*, <br><br> Defendants. | CASE NO.: C 07 05658 JW (RS) <br><br> **DEFENDANTS' OBJECTIONS TO COURT'S JURY INSTRUCTIONS; PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS; AND OBJECTIONS TO PROPOSED VERDICT FORM** |
| CREDIGY SERVICES CORPORATION, <br><br> Counterclaimant, <br><br> vs. <br><br> LUZ FAUSTO and ROES 1 through 25, <br><br> Counterdefendants. | The Honorable James Ware |

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
DEFENDANTS' OBJECTIONS TO COURT'S CLOSING INSTRUCTIONS, PROPOSED
SUPPLEMENTAL JURY INSTRUCTIONS AND OBJECTIONS TO PROPOSED VERDICT FORM

Defendants hereby object to the Closing Jury Instructions as given by the Court (Document No. 399) on March 31, 2009; request that additional instructions be given; and object to the Court's Proposed Verdict Form distributed in Court on March 31, 2009, as follows:

**JURY INSTRUCTIONS:**

**Page 5, lines 6-9**: "Whether the debt being collected was actually owed is irrelevant to the determination of a violation under the federal and state Fair Debt Collection Practices Acts. Any attempt to collect a debt already paid or settled is also covered by the Acts."

Defendants incorporate here by reference and renew the arguments raised in their Motion for Summary Judgment re No Debt Under FDCPA (Document No. 196). Absent proof of a "debt" as defined by the FDCPA, the FDCPA does not apply and Defendants cannot be held liable under the FDCPA. Plaintiffs have testified that they settled the debt originally incurred to Wells Fargo, and therefore, there is no "debt" for purposes of the FDCPA. Accordingly, Defendants submit that the language quoted above is incorrect and should not have been provided to the jury.

**Page 5, lines 15-19**: "To determine whether a communication violates the Fair Debt Collection Practices Act, you must apply the 'least sophisticated debtor' standard, which determines whether the communication is likely to deceive or mislead a hypothetical least sophisticated debtor. This standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor."

Defendants submit that Plaintiffs are not entitled to the second sentence of this instruction, because it is an impermissible gloss on the standard. Furthermore,

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
DEFENDANTS' OBJECTIONS TO COURT'S CLOSING INSTRUCTIONS, PROPOSED
SUPPLEMENTAL JURY INSTRUCTIONS AND OBJECTIONS TO PROPOSED VERDICT FORM

1.

the instruction is not evenly balanced, in that it fails to advise that the "least sophisticated debtor" standard is not without limits. *See, e.g., Campuzano v. Midland Credit Management, Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) ("least sophisticated standard safeguards bill collectors from liability for 'bizarre or idiosyncratic interpretations of collection notices,' by preserving at least a modicum of reasonableness").

**Page 6, line 18**: "If a consumer or the spouse of a consumer . . . ."

Defendants submit that the words "or the spouse of a consumer" should be omitted from this instruction, as they are not a part of the applicable statute, 15 U.S.C. § 1692c(c).

**Page 7, lines 4-10**: "Any lawsuit against the consumer for breach of contract . . . voluntarily pay the debt."

Defendants submit that this instruction is contrary to California law. Defendants incorporate by reference here and renew the argument set forth in their Motion In Limine re Attempting to Collect Debt After Statute of Limitations Expires (Document No. 231), that it is <u>not</u> unlawful to attempt to collect a debt – judicially or otherwise – after the relevant statute of limitations has expired.

**Page 8, lines 24-28**: "A bona fide error . . . designed to catch them."

Defendants submit that this instruction is an incorrect statement of the law, and is unnecessary. The language does not track the relevant statute, 15 U.S.C. § 1692k(c). Nor is the bona fide error defense limited to "clerical errors." *See Jerman v. Carlisle, et al.*, 538 F.3d 469 (6th Cir. 2008); *Johnson v. Riddle*, 305 F.3d 1107, 1121-22 l(10th Cir. 2002).

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
DEFENDANTS' OBJECTIONS TO COURT'S CLOSING INSTRUCTIONS, PROPOSED
SUPPLEMENTAL JURY INSTRUCTIONS AND OBJECTIONS TO PROPOSED VERDICT FORM

2.

1    **Page 9, lines 10-11**: "Under the law, the conduct of any Defendant can give rise to a right to recovery under multiple theories."

**Defendants propose that**, under the Primary Right and Election of Remedies doctrines, **the Court add the following language after the word "theories": ", although not multiple recoveries based on the same conduct."**

**Page 10, line 14: Defendants propose that the Court add the following language after ". . . serious emotional distress.": "This claim is being asserted against the company Defendants only."**

**Page 12, lines 4-9**: "The law allows a party . . . Fair Debt Collection Practices Acts."

Defendants submit that this instruction misstates California law, and does not accurately reflect Plaintiff Luz Fausto's defense to Defendant Credigy Services Corporation's counterclaim. Specifically, as relevant here, California law permits a person to record a confidential communication "for the purpose of obtaining evidence reasonably believed to relate to the commission by another party to the communication of . . . a violation of Section 653m." *See* Cal. Pen. Code § 633.5. On its face, then, section 633.5 does not permit a person to record a confidential communication "to prove that she and her husband were the victims of violations by Defendants of the Fair Debt Collection Practices Act."

Furthermore, section 653m does not apply here. As pertinent here, section 653m provides that "Every person who, with intent to annoy or harass, makes repeated telephone calls or makes repeated contact by means of an electronic communication device, or makes any combination of calls or contact, to another person is, whether or not conversation ensues from making the telephone call or contact by means of an electronic communication device, guilty of a misdemeanor.

1  Nothing in this subdivision shall apply to telephone calls or electronic contacts
2  made in good faith or during the ordinary course and scope of the business." *Id.* §
3  653m(b). The last sentence of section 653m(b) makes clear, then, that section 653
4  is not violated if the person who allegedly makes repeated telephone calls is not
5  guilty of violating the statute if the calls were made in good faith or in the ordinary
6  course and scope of the person's business. The evidence introduced at trial
7  establishes that Defendants calls were made in good faith and in the ordinary
8  course of business. **At a minimum, Defendants submit that the Court should**
9  **also instruct the jury that it "cannot find that Plaintiff Luz Fausto has proved**
10 **by a preponderance of the evidence that the recording was to obtain evidence**
11 **of annoying or harassing telephone calls if it finds that the telephone calls**
12 **were made in good faith or in the ordinary course and scope of Defendant's**
13 **business."**

15     **Page 13, line 6-8**: "A person may recover for emotional distress based on
16 the person's own subjective testimony about their feelings. There is no
17 requirement in the law that the person introduce medical evidence or other
18 testimony."
19     Defendants submit that this is in incorrect statement of the law. Defendants
20 incorporate here by reference and renew their argument (in their summary
21 judgment motion re "no actual damages," Document No. 219) that Plaintiffs must
22 establish the elements of a claim for intentional infliction of emotional distress
23 under state law to recover emotional distress damages under FDCPA. *See Costa v.*
24 *National Action Fin. Servs.*, 2007 WL 4526510, **7-8 (E.D. Cal. Dec. 19, 2007).
25 Even if their claims are not measured against the standards imposed under
26 California state law, the Ninth Circuit has suggested that proof of "extreme and

28 FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
DEFENDANTS' OBJECTIONS TO COURT'S CLOSING INSTRUCTIONS, PROPOSED
SUPPLEMENTAL JURY INSTRUCTIONS AND OBJECTIONS TO PROPOSED VERDICT FORM
4.

outrageous" violations of the FDCPA are required before emotional distress damages can be awarded:

> The only actual damages that a plaintiff would be likely to incur would be for emotional distress caused by abusive debt collection practices and, unless the violations are extreme and outrageous, traditional stringent evidentiary hurdles would be difficult to overcome.

*See Baker v. GC Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982).

The Supreme Court has stated that emotional distress damages must be supported by competent evidence and "may be evidenced by one's own conduct and observed by others." *Carey v. Piphus*, 435 U.S. 247, 264, n. 20 (1978); *see also Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001). Conclusory testimony is not enough. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004). The symptoms must be "more than transitory." *Lowe v. Elite Recovery Solutions, L.P.*, 2008 WL 324777 (E.D. Cal. Feb. 5, 2008).

**Page 13, line 14-page 14, line 4:** Defendants object to the Court's instruction regarding punitive damages on the grounds that it is an incomplete statement of the law, and request that the Court re-instruct the jury using Plaintiff's Proposed Jury Instruction, which appears at pages 86 and 87 of Document No. 254.

**Page 14, line 5: Defendants submit that the Court should instruct the jury regarding the "clear and convincing" standard.** In its instruction regarding punitive damages, the Court notes that the requisite finding must be made "clear and convincing evidence." *See* page 13:27-28. The Court does not, however, explain what "clear and convincing evidence" is. **Defendants propose that the Court adopt its proposed instruction, which can be found at page 54 of Document No. 238.**

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
DEFENDANTS' OBJECTIONS TO COURT'S CLOSING INSTRUCTIONS, PROPOSED
SUPPLEMENTAL JURY INSTRUCTIONS AND OBJECTIONS TO PROPOSED VERDICT FORM

5.

**Defendants submit that they are entitled to an instruction regarding their affirmative defense of setoff.  Defendants propose that the Court give the instruction set forth in Document 394.**

**VERDICT FORM**:

Defendants submit that they are entitled to a "bona fide error" finding by the jury should the jury answer Questions Nos. 3 and 6 of the Verdict Form affirmatively (in whole or in part).  The FDCPA provides that a "debt collection may not be held liable in ***any*** action brought under this title" if it establishes the elements of the bona fide error defense.  *See* 15 U.S.C. § 1692k(c).  In other words, the bona fide error defense is available as to any and all alleged violations of the FDCPA  – the statute permits for no exceptions.  Furthermore, the Ninth Circuit has recognized that the defense applies to claims brought under section 1692d, *see Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739 (9th Cir. 1987), and section 1692e, *see Clark v. Captial Credit and Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006), the two types of claims addressed in Question Nos. 3 and 6 of the Verdict Form.

Defendants request that the Court add the following language at the end of Question No. 12: ", and that the phone call was not made in good faith or during the ordinary scope and course of Defendant Credigy Services Corporation's Business."  This request is based on Defendant's argument above regarding the Court's Jury Instruction regarding Plaintiff Luz Fausto's defense to Defendant's counterclaim – the requested addition tracks the language of section 653m of the California Penal Code.

FAUSTO V. CREDIGY SERVICES CORPORATION ET AL. (CASE NO. C 07 05658 JW (RS))
DEFENDANTS' OBJECTIONS TO COURT'S CLOSING INSTRUCTIONS, PROPOSED
SUPPLEMENTAL JURY INSTRUCTIONS AND OBJECTIONS TO PROPOSED VERDICT FORM

6.

Defendants submit that the jury should not be requested to award compensatory damages against the individual defendants Luis Renato Silva Nunes, Brett Boyde and Paulo Peres (see page 8 of Verdict Form). Plaintiffs have dismissed their common-law claims against these individuals. And, in their Final Verdict Forms regarding the FDCPA and the Rosenthal Act (Documents 381 and 382), Plaintiffs do not seek an award of compensatory damages against these individuals.

Defendants submit that they are entitled to a finding by the jury regarding their affirmative defense of setoff. Defendants propose that the Court utilize the proposed verdict form set forth in Document 395.

DATED: March 31, 2009          SIMMONDS & NARITA LLP
                               TOMIO B. NARITA
                               JEFFREY A. TOPOR


                               By:   s/Jeffrey A. Topor
                                     Jeffrey A. Topor
                                     Attorneys for Defendant and
                                     Counterclaimant Credigy Services
                                     Corporation and for Defendants
                                     Credigy Solutions Inc., Credigy
                                     Receivables Inc., Luis Renato Silva
                                     Nunes (sued as "Ryan Miller"), Paulo
                                     Peres and Brett Boyde