1        IN THE UNITED STATES DISTRICT COURT

2       FOR THE NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION

4

5   MANUEL G. FAUSTO, ET   )  C-07-0568-JW
    AL.,                   )
6                          )  APRIL 1, 2009
            PLAINTIFFS,    )
7                          )  VOLUME 9
          V.               )
8                          )  PAGES 1380 - 1403
    CREDIGY SERVICES, ET   )
9   AL.,                   )
                           )
10          DEFENDANTS.    )
    ———————————————————————  )
11

12

13        THE PROCEEDINGS WERE HELD BEFORE

14      THE HONORABLE UNITED STATES DISTRICT

15             JUDGE JAMES WARE

16   A P P E A R A N C E S:

17   FOR THE PLAINTIFFS: HUMPHREYS, WALLACE & HUMPHREYS
                         BY:  DAVID HUMPHREYS
18                            LUKE WALLACE
                              PAUL CATALANO
19                       9202 SOUTH TOLEDO AVENUE
                         TULSA, OKLAHOMA 74137
20
                         THE LAW OFFICE OF RONALD WILCOX
21                       BY:  RONALD WILCOX
                         2160 THE ALAMEDA
22                       FIRST FLOOR
                         SAN JOSE, CALIFORNIA 95126
23
          (APPEARANCES CONTINUED ON THE NEXT PAGE.)
24

25   OFFICIAL COURT REPORTER: IRENE RODRIGUEZ, CSR, CRR
                         CERTIFICATE NUMBER 8074

                                                    1380

1

2

3        A P P E A R A N C E S: (CONT'D)

4        FOR THE PLAINTIFFS:        THE LAW OFFICE OF BALAM O.
                                    LETONA
5                                   BY:  BALAM O. LETONA
                                    1337 PACIFIC AVENUE
6                                   SUITE 203
                                    SANTA CRUZ, CALIFORNIA 95060
7

8
         FOR THE DEFENDANTS:        SIMMONDS & NARITA
9                                   BY:  TOMIO NARITA
                                         JEFFREY A. TOPOR
10                                  44 MONTGOMERY STREET
                                    SUITE 3010
11                                  SAN FRANCISCO, CALIFORNIA
                                    94104
12

13                                  STEWART & ASSOCIATES
                                    BY:  JEFFREY B. LUCAS
14                                       JOHN E. GILLESPIE
                                    3950 JOHNS CREEK COURT
15                                  SUITE 100
                                    SUWANEE, GEORGIA 30024
16

17       ALSO PRESENT:              STEPHANIE SCHMITT
                                    KATY THORESEN
18

19

20

21

22

23

24

25

                                                          1381

1    SAN JOSE, CALIFORNIA                    APRIL 3, 2009

2
                          P R O C E E D I N G S
3

4            (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE

5    HELD IN THE PRESENCE OF THE JURY:)

6            THE COURT:  PLEASE BE SEATED.  VERY WELL.

7            MEMBERS OF THE JURY, I ASKED YOU BACK IN

8    THE COURTROOM BECAUSE WE RECEIVED A NOTE THAT YOU

9    HAD REACHED A VERDICT; THAT YOU WERE REVIEWING IT.

10           AND THEN WE HAD A SMALL CHANGE ON ONE OF

11   THE PAGES JUST TO MAKE SURE THAT WE HAD A CLEAR

12   ANSWER TO ONE OF THE QUESTIONS WITHOUT KNOWING

13   WHETHER THAT AFFECTED YOU AT ALL.  SO WE SENT IN

14   THAT CHANGED FORM.

15           AND THEN NOW WE HAVE BROUGHT YOU BACK

16   INTO THE COURTROOM.

17           WHO IS THE PRESIDING JUROR?

18           JUROR:  I AM, YOUR HONOR.

19           THE COURT:  VERY WELL.  AND IS IT TRUE

20   THAT THE JURY HAS REACHED A VERDICT?

21           JUROR:  YES, WE HAVE, YOUR HONOR.

22           THE COURT:  WOULD YOU GIVE THE VERDICT

23   FORM TO MS. GARCIA WHO WILL GIVE IT TO ME FOR

24   INSPECTION?

25           JUROR:  YES, YOUR HONOR.

                                                    1382

1          THE COURT:  NOW, THERE HAVE BEEN

2     OCCASIONS WHEN I HAVE INSPECTED THE VERDICT FORM

3     WHEN I HAVE HAD TO SEND YOU BACK FOR MORE, BUT

4     BEFORE I OPEN IT, I WANTED TO MAKE SOME COMMENTS TO

5     YOU.

6          AND THE REASON I DO THAT IS THAT BECAUSE

7     OVER THE YEARS I HAVE LEARNED THAT AFTER THE

8     VERDICT IS READ, NOBODY IS REALLY INTERESTED IN MY

9     COMMENTS.

10          AND THAT'S AS IT SHOULD BE BECAUSE THE

11     VERDICT IS THE PART -- THAT'S WHY WE COME TOGETHER

12     FOR THIS WHOLE PROCESS.  THERE ARE A LOT OF THINGS

13     THAT I CAN DO AS A JUDGE, BUT THE ONE THING I CAN'T

14     DO, AND NO JUDGE CAN DO, IS RETURN A VERDICT.  THE

15     SYSTEM IS SET UP SO ONLY A JURY CAN RETURN A

16     VERDICT.

17          I WANT TO THANK YOU FOR YOUR TIME AND

18     ATTENTION TO THIS MATTER.  I TOLD YOU AT THE VERY

19     BEGINNING OF THE CASE HOW SERIOUSLY I TOOK IT AS A

20     MEMBER OF THIS COURT; THAT THIS IS A MARK OF

21     DEMOCRACY THAT WAS HANDED DOWN TO US BY THOSE WHO

22     PUT TOGETHER THIS COUNTRY AND HAVING TAKEN THE OATH

23     OF OFFICE, I WAS GOING TO DO ALL I COULD TO

24     PRESERVE DEMOCRACY AND I APPRECIATE YOUR JOINING

25     WITH ME IN THAT EFFORT.

1       THIS WAS A CASE, WHICH AS YOU MIGHT COME

2  TO LEARN, THERE HAVEN'T BEEN MANY OF THESE CASES.

3  SO WE WERE STRUGGLING A LITTLE BIT AS A COURT TO

4  MAKE SURE THAT WE WERE CLEAR WITH YOU ON THE LAW.

5  AND SO WHAT YOU HAVE DONE HERE WILL BE PIONEERING

6  IN SOME RESPECTS.  OTHER COURTS WILL TAKE A LOOK AT

7  THE WORK THAT HAS BEEN DONE IN THIS CASE AND DRAW

8  FROM IT.

9       AND SO I REALLY WANT TO APPRECIATE YOUR

10  SERVICE AND THAT OF THE LAWYERS.  KNOWING THAT

11  THERE WASN'T A LOT THAT WE COULD RELY ON BY WAY OF

12  JURY TRIALS IN THIS RELATIVELY NEW AREA OF THE LAW,

13  THEY, TOO, WERE CHALLENGED TO PUT THE CASE BEFORE

14  YOU IN A WAY TO ALLOW YOU TO DECIDE IT.  AND, QUITE

15  FRANKLY, I WANT TO COMMEND BOTH SIDES FOR THEIR

16  DECORUM, THE WAY THEY PRESENTED THE CASE TO YOU.

17       I NEVER HAD OCCASION TO FIND THAT THEY

18  WERE DOING ANYTHING OTHER THAN RIGOROUS ADVOCACY OF

19  THEIR CASE TO YOU.

20       I NEVER COMMENT ON WHETHER I AGREE WITH A

21  VERDICT OR NOT.  THAT'S NOT AN APPROPRIATE ROLE FOR

22  THE COURT.

23       THERE ARE SOME MOTIONS THAT THEY HAVE

24  MADE FOR LEGAL GROUNDS THAT I HAVE TO CONSIDER, BUT

25  AS A JURY YOU SHOULD UNDERSTAND THAT I RESPECT THAT

1384

1      YOU HAD A VERY DIFFERENT JOB TO DO THAN THE JOB

2      THAT I'M ASKED TO DO WHICH ALL HAS TO DO WITH LEGAL

3      ISSUES.

4              SO YOUR VERDICT STANDS UNQUESTIONED AT

5      ALL BY THE COURT.

6              WHEN I RELEASE YOU FROM YOUR SERVICE AS

7      JURORS, YOU'RE RELEASED FROM THE ADMONITION NOT TO

8      DISCUSS THE CASE.  YOU CAN DISCUSS THE CASE WITH

9      ANYONE.

10             ONE OF THE BENEFITS OF OUR JURY SYSTEM IS

11     THAT YOU COME HERE, YOU MAKE A JUDGMENT, AND THEN

12     YOU'RE FREE TO GO.

13             BUT YOU ARE ALSO FREE TO TALK WITH THE

14     LAWYERS AND THE LAWYERS ARE ACTUALLY INTERESTED TO

15     HEAR AND TALK TO JURORS ABOUT THESE MATTERS BECAUSE

16     THEY LEARN, NOT ONLY ABOUT THE CASE AND HOW THEY

17     PRESENTED IT, BUT WHAT THEY MIGHT DO BETTER IN

18     OTHER CASES.

19             BUT YOU'RE NOT REQUIRED TO TALK TO THEM.

20     AND AS A PROTOCOL, IF YOU WOULD WISH TO SPEAK WITH

21     THE LAWYERS, SIMPLY AFTER YOU GATHER YOUR

22     BELONGINGS COME BACK INTO THE COURTROOM AND I'LL

23     ASK THE LAWYERS TO MEET YOU HERE.  THAT WAY IF YOU

24     GO DOWN THE ELEVATOR AND ON YOUR WAY, NO ONE WILL

25     RUSH YOU DOWN AND TRY TO TALK TO YOU.  IT'S YOUR

                                                      1385

1    INDICATION THAT I'M DONE WITH IT AND I'M ON MY WAY

2    HOME.

3           I REGULARLY STAND BY IN MY CHAMBERS IN

4    CASE I DISCHARGE A JURY, IN CASE THERE ARE

5    QUESTIONS OR COMMENTS YOU WISH TO MAKE ABOUT OUR

6    PROCESS, NOT ABOUT THE CASE BUT HOW WE'RE

7    CONDUCTING THE CASE.

8           I'M TRYING ALWAYS TO IMPROVE THE SPEED

9    AND THE EFFICIENCY OF THE PROCESS AND YOU SAW SOME

10   OF THAT WITH THE NUMBER CARDS AND THE WAY WE PUT

11   THE VERDICT FORM TOGETHER.

12          AND SO IF THERE'S ANYTHING LIKE THAT THAT

13   YOU WANT ME TO COMMENT ABOUT, I'D BE HAPPY TO.

14   OTHERWISE YOU'RE ALSO FREE TO IGNORE ME AND GO ON

15   YOUR WAY.

16          HOWEVER THIS COMES OUT, I WANT BOTH

17   PARTIES TO UNDERSTAND THAT YOU HAVE RAISED FOR THE

18   COURT AND FOR THIS JURY IMPORTANT ISSUES.

19   CONSUMERS HAVE THE RIGHT TO EXPECT THAT A LAW

20   PASSED BY CONGRESS AND BY THE STATE OF CALIFORNIA

21   WITH RESPECT TO FAIR DEBT COLLECTION PRACTICES WILL

22   BE OBSERVED.  AND COMPANIES LIKE CREDIGY HAVE EVERY

23   RIGHT, WITHIN THE LAW, TO SEEK TO COLLECT DEBTS.

24          AND SO THE QUESTION THAT THE JURY HAD TO

25   ANSWER WAS NOT WHETHER OR NOT IT'S A GOOD BUSINESS

1386

1    TO BE INVOLVED IN DEBT COLLECTION.  THAT'S NOT THE

2    QUESTION THAT WAS BEFORE THEM.  IT'S WHETHER OR NOT

3    THE LAWS WERE VIOLATED.

4              AND THE QUESTION FOR THE FAUSTOS IS NOT

5    WHETHER OR NOT THEY ARE GOOD OR BAD PEOPLE.  IF

6    THERE'S NO VERDICT RETURNED FOR THEM, THAT'S NOT A

7    REFLECTION ON THEM.  IT'S A REFLECTION ON WHETHER

8    OR NOT THE JURY FOUND IT TO BE A VIOLATION.

9              SO I WANT TO COMMEND BOTH SIDES JUST AS

10   CLIENTS TO TAKE FROM THIS THE JURY'S JUDGMENT AND

11   TO MOVE FORWARD.

12              (PAUSE IN PROCEEDINGS.)

13              THE COURT:  VERY WELL.  I'M GOING TO HAVE

14   THE CLERK OF COURT READ THE VERDICT.  I DIRECTED

15   SIMPLY THAT SHE READ THE ANSWERS RATHER THAN GO

16   THROUGH ALL OF THE QUESTIONS AND BECAUSE WE ALL

17   HAVE COPIES OF THE VERDICT FORM AND CAN FOLLOW

18   ALONG.

19              AT THE END OF THE READING OF THE VERDICT,

20   THERE IS A PRACTICE THAT THE COURT WILL INQUIRE OF

21   THE PARTIES WHETHER OR NOT THEY WISH TO HAVE YOU

22   POLLED.

23              IN ORDER TO ASSURE THAT THERE IS A

24   UNANIMOUS VERDICT, IT IS THE RIGHT OF A PARTY TO

25   ASK THE JURY TO BE POLLED.  AND WE WON'T POLL YOU

1387

1    AS TO EVERY PART.

2              WHAT WE'LL DO IF WE POLL YOU IS TO SAY

3    "IS THIS YOUR VERDICT?"  MEANING DO YOU AGREE WITH

4    EVERY PART?  IF YOU DON'T AGREE WITH EVERY PART,

5    SAY NO.  IF YOU AGREE, SAY YES, THAT WOULD BE THE

6    VERDICT WOULD BE THE PROPER ANSWER.

7              VERY WELL.  I'LL GIVE THE VERDICT FORM TO

8    THE CLERK OF COURT.

9              THE CLERK:  WE THE JURY IN THE ABOVE

10   ENTITLED CASE FIND AS FOLLOWS.

11             FIRST CLAIM.

12             QUESTION 1.

13             ANSWER:  YES.

14             QUESTION 2.

15             ANSWER AS TO CREDIGY SERVICES

16   CORPORATION:  YES;

17             AS TO CREDIGY RECEIVABLES, INC.:  YES;

18             AS TO CREDIGY SOLUTIONS, INC.:  YES;

19             AS TO LUIS RENATO SILVA NUNES:  YES;

20             AS TO BRETT BOYDE:  YES;

21             AS TO PAULO PERES:  YES.

22             AS TO QUESTION 3.

23             ANSWER AS TO CREDIGY SERVICES CORPORATION:

24   NO;

25             AS TO CREDIGY RECEIVABLES, INC.:  NO;

1388

1              AS TO CREDIGY SOLUTIONS, INC.:  NO;

2              AS TO LUIS RENATO SILVA NUNES:  NO;

3              AS TO BRETT BOYDE:  NO;

4              AS TO PAULO PERES:  NO.

5              AS TO QUESTION 4:  NO RESPONSE.

6              AS TO QUESTION 5.

7              ANSWER AS TO CREDIGY SERVICES CORPORATION:

8        YES;

9              AS TO CREDIGY RECEIVABLES, INC.:  YES;

10             AS TO CREDIGY SOLUTIONS, INC.:  YES;

11             AS TO LUIS RENATO SILVA NUNES:  YES;

12             AS TO BRETT BOYDE:  YES;

13             AS TO PAULO PERES:  YES.

14             AS TO QUESTION NUMBER 6.

15             ANSWER AS TO CREDIGY SERVICES CORPORATION:

16       NO;

17             AS TO CREDIGY RECEIVABLES, INC.:  NO;

18             AS TO CREDIGY SOLUTIONS, INC.:  NO;

19             AS TO LUIS RENATO SILVA NUNES:  YES;

20             AS TO BRETT BOYDE:  YES;

21             AS TO PAULO PERES:  YES.

22             AS TO QUESTION NUMBER 7.

23             ANSWER AS TO CREDIGY SERVICES CORPORATION:

24       NO;

25             AS TO CREDIGY RECEIVABLES, INC.:  NO;

                                                  1389

1        AS TO CREDIGY SOLUTIONS, INC.:  NO;

2        AS TO LUIS RENATO SILVA NUNES:  NO;

3        AS TO BRETT BOYDE:  NO;

4        AS TO PAULO PERES:  NO.

5        AS TO QUESTION NUMBER 8:  NO RESPONSE.

6        AS TO QUESTION NUMBER 9.

7        ANSWER AS TO CREDIGY SERVICES CORPORATION:

8   YES;

9        AS TO CREDIGY RECEIVABLES INC.:  YES;

10       AS TO CREDIGY SOLUTIONS, INC.:  YES;

11       AS TO LUIS RENATO SILVA NUNES:  YES;

12       AS TO BRETT BOYDE:  YES;

13       AS TO PAULO PERES:  YES.

14       AS TO QUESTION 10.

15       ANSWER AS TO CREDIGY SERVICES CORPORATION:

16  NO;

17       AS TO CREDIGY RECEIVABLES, INC.:  NO;

18       AS TO CREDIGY SOLUTIONS, INC.:  NO;

19       AS TO LUIS RENATO SILVA NUNES:  YES;

20       AS TO BRETT BOYDE:  YES;

21       AS TO PAULO PERES:  YES.

22       SECOND CLAIM

23       AS TO QUESTION NUMBER 11.

24       PLAINTIFF MANUEL FAUSTO.

25       AS TO CREDIGY SERVICES CORPORATION:  NO;

                                              1390

```
 1                    AS TO CREDIGY RECEIVABLES, INC.:  NO;

 2                    AS TO CREDIGY SOLUTIONS, INC.:  NO.

 3                    PLAINTIFF LUZ FAUSTO.

 4                    AS TO CREDIGY SERVICES CORPORATION:  NO;

 5                    AS TO CREDIGY RECEIVABLES, INC.:  NO;

 6                    AS TO CREDIGY SOLUTIONS, INC.:  NO.

 7                    THIRD CLAIM.

 8                    QUESTION NUMBER 12.

 9                    ANSWER AS TO PLAINTIFF MANUEL FAUSTO.

10                    CREDIGY SERVICES CORPORATION:  YES;

11                    CREDIGY RECEIVABLES, INC.:  YES;

12                    CREDIGY SOLUTIONS, INC.:  YES.

13                    AS TO PLAINTIFF LUZ FAUSTO.

14                    CREDIGY SERVICES CORPORATION:  YES;

15                    CREDIGY RECEIVABLES, INC.:  YES;

16                    CREDIGY SOLUTIONS, INC.:  YES.

17                    COMPENSATORY DAMAGES.

18                    QUESTION NUMBER 13.

19                    ANSWER AS TO PLAINTIFF MANUEL FAUSTO.

20                    AS TO CREDIGY SERVICES CORPORATION:

21      $50,000;

22                    AS TO CREDIGY RECEIVABLES, INC.:  ZERO

23      AMOUNT;

24                    CREDIGY SOLUTIONS, INC.:  ZERO AMOUNT;

25                    AS TO LUIS RENATO SILVA NUNES:  ZERO
```

1391

1     AMOUNT;

2               AS TO BRETT BOYDE:  ZERO AMOUNT;

3               AS TO PAULO PERES:  ZERO AMOUNT.

4               TOTAL AMOUNT OF COMPENSATORY DAMAGES

5     AWARDED TO MANUEL FAUSTO:  $50,000.

6               AS TO PLAINTIFF LUZ FAUSTO.

7               CREDIGY SERVICES CORPORATION:  $50,000;

8               AS TO CREDIGY RECEIVABLES, INC.:  ZERO

9     AMOUNT;

10              AS TO CREDIGY SOLUTIONS, INC.:  ZERO

11    AMOUNT;

12              AS TO LUIS RENATO SILVA NUNES:  ZERO

13    AMOUNT;

14              AS TO BRETT BOYDE:  ZERO AMOUNT;

15              AS TO PAULO PERES:  ZERO AMOUNT.

16              TOTAL AMOUNT OF COMPENSATORY DAMAGES

17    AWARDED TO LUZ FAUSTO:  $50,000.

18              PUNITIVE DAMAGES.

19              QUESTION NUMBER 14.

20              ANSWER:  YES.

21              AS TO CREDIGY SERVICES CORPORATION:

22    $400,000;

23              AS TO CREDIGY RECEIVABLES, INC.:  NO

24    RESPONSE;

25              AS TO CREDIGY SOLUTIONS, INC.:  NO

                                                    1392

1    RESPONSE.

2              COUNTERCLAIM.

3              QUESTION NUMBER 15.

4              ANSWER:  YES.

5              DEFENSE TO COUNTERCLAIM.  QUESTION NUMBER

6    16.

7              ANSWER:  YES.

8              QUESTION NUMBER 17.

9              ANSWER:  NO.

10             QUESTION NUMBER 18.

11             NO RESPONSE.

12             DATED APRIL 3RD, 2009, BY PRESIDING JUROR

13   JAMES GRANT MILLER.

14             THE COURT:  VERY WELL.  THE VERDICT

15   HAVING BEEN READ, DOES EITHER SIDE WISH TO HAVE THE

16   JURY POLLED?

17             MR. HUMPHREYS:  THE PLAINTIFF DOES NOT,

18   YOUR HONOR.

19             MR. NARITA:  WE DO, YOUR HONOR.  AND

20   SEPARATELY WE WOULD ALSO REQUEST TO TAKE A LOOK AT

21   THE ORIGINAL VERDICT FORM IF IT WAS FILLED OUT

22   BEFORE IT WAS SUPPLEMENTED.

23             THE COURT:  BEFORE IT WAS SUPPLEMENTED?

24             MR. NARITA:  WELL, THERE WAS A -- WE WERE

25   INFORMED AT LEAST THAT THE JURY HAD REACHED A

1393

1   VERDICT AND THEN THERE WAS A NEW FORM FOR THE

2   PUNITIVE DAMAGES.

3           THE COURT:  THE ONLY THING THAT CHANGED

4   WAS PAGE 12, AND SO I DID NOT ASK THE JURY TO

5   PRESERVE PAGE 12, WHICH WAS QUESTION 14.

6           AND SO THE VERDICT AS IT STANDS IS THE

7   VERDICT THAT WOULD BE RETURNED WITH THE

8   MODIFICATION.  IT'S NOT THE PRACTICE OF THE COURT

9   TO DISCLOSE ANY INTERIM VOTES OR CONVERSATIONS THAT

10  THE JURY HAD WITH RESPECT TO THAT.

11          AND SO THE COURT WOULD DECLINE TO REQUIRE

12  THAT THE JURY GIVE YOU A COPY OF ANY OF THEIR

13  PROCEEDINGS OTHER THAN THE COMPLETED VERDICT, BUT I

14  AM WILLING TO GRANT YOUR REQUEST TO HAVE THE JURY

15  POLLED ON THE VERDICT THAT WAS RETURNED.

16          MR. NARITA:  OKAY.  YOUR HONOR, JUST TO

17  BE CLEAR FOR THE RECORD, IT WAS MY UNDERSTANDING AT

18  LEAST FROM WHERE WE WERE SITTING THAT A VERDICT HAD

19  BEEN REACHED.  WE WERE SUMMONED TO THE COURTROOM

20  AND WE WAITED.

21          THEN THE COURT CAME OUT AND IT WAS

22  NOTICED THAT THERE WAS A QUESTION MISSING FROM THE

23  PUNITIVE DAMAGES SECTION OF THE VERDICT FORM.

24          THE COURT:  THERE WASN'T A QUESTION

25  MISSING.  THERE WAS NO PLACE ON QUESTION 14 TO

1394

1    INDICATE AN ANSWER "DO YOU FIND WHETHER IT WAS YES

2    OR NO?"

3            WHAT WAS THERE WAS AN OPPORTUNITY TO

4    SIMPLY PUT IN AN AMOUNT.  AND IT OCCURRED TO THE

5    COURT THAT BEFORE THEY PROCEEDED TO AN AMOUNT THEY

6    WOULD NEED TO SAY YES TO THAT QUESTION.

7            AND SO I CONFERRED WITH THE PARTIES AND

8    THERE WAS NO OBJECTION TO SENDING IN A MODIFICATION

9    TO PAGE 12.

10           BUT AGAIN, YOU'RE CORRECT IN RECITING

11   THAT I DID DO THAT AFTER THE JURY INDICATED THAT IT

12   HAD REACHED A VERDICT, BUT NO VERDICT HAD BEEN

13   RETURNED.

14           TO THE EXTENT THAT YOU ARE ASKING FOR THE

15   INTERIM DOCUMENT THAT MIGHT HAVE BEEN PREPARED BY

16   THE JURY BEFORE THEY RETURNED THE VERDICT, AGAIN,

17   THAT'S DECLINED.

18           MR. NARITA:  OKAY.

19           THE COURT:  VERY WELL.  POLL THE JURY.

20           THE CLERK:  JUROR NUMBER 1, IS THIS YOUR

21   TRUE VERDICT?

22           JUROR:  YES.

23           THE CLERK:  JUROR NUMBER 2, IS THIS YOUR

24   TRUE VERDICT?

25           JUROR:  YES.

                                              1395

```
1              THE CLERK:  JUROR NUMBER 3, IS THIS YOUR

2    TRUE VERDICT?

3              JUROR:  IT IS.

4              THE CLERK:  JUROR NUMBER 4, IS THIS YOUR

5    TRUE VERDICT?

6              JUROR:  YES.

7              THE CLERK:  JUROR NUMBER 5, IS THIS YOUR

8    TRUE VERDICT?

9              JUROR:  YES.

10             THE CLERK:  JUROR NUMBER 6, IS THIS YOUR

11   TRUE VERDICT?

12             JUROR:  YES.

13             THE CLERK:  JUROR NUMBER 7, IS THIS YOUR

14   TRUE VERDICT?

15             JUROR:  YES.

16             THE CLERK:  JUROR NUMBER 8, IS THIS YOUR

17   TRUE VERDICT?

18             JUROR:  YES.

19             THE COURT:  VERY WELL.  THE COURT FINDS

20   THERE'S A UNANIMOUS VERDICT, AND THE VERDICT WILL

21   STAND RECORDED AS A UNANIMOUS VERDICT.

22             IS THERE ANY REASON WHY THE JURY CANNOT

23   BE DISCHARGED?

24             MR. NARITA:  YOUR HONOR, EXCUSE ME.  I

25   APOLOGIZE.
```

1396

1          MR. WALLACE:  I WAS GOING TO SAY THERE

2     WAS NO REASON.  I WAS WONDERING IF I COULD HAVE

3     THREE SECONDS TO SAY SOMETHING TO THE JURY?

4          THE COURT:  YOU MAY AFTER I DISCHARGE

5     THEM, BUT I'M NOT GOING TO ALLOW YOU THIS.  YOU

6     MADE YOUR CLOSING ARGUMENT.

7          MR. WALLACE:  I UNDERSTAND.

8          THE COURT:  SO IF ANY JURORS WOULD WISH

9     TO SPEAK WITH YOU AFTER THEY'RE DISCHARGED, THEY'RE

10    FREE TO COME BACK INTO THE COURTROOM.

11         MR. NARITA:  YOUR HONOR, I WOULD REQUEST

12    A MOMENT OR TWO TO CONFER WITH MY COUNSEL.  IT'S A

13    SOMEWHAT COMPLICATED VERDICT FORM, AND WE WANT TO

14    MAKE SURE THAT WE DON'T SEE ANY INCONSISTENCIES IN

15    IT BEFORE THE JURY IS DISCHARGED.

16         THE COURT:  I'LL GIVE YOU A MOMENT FOR

17    THAT.  THAT WAS ONE OF THE REASONS THAT I INSPECTED

18    IT TO SEE IF THERE WERE INCONSISTENCIES, AND I

19    DIDN'T SEE ANY.

20         MEMBERS OF THE JURY, I'M GOING TO GIVE

21    THEM ONE MOMENT TO LOOK TO SEE WHETHER OR NOT YOU

22    FOLLOWED THE INSTRUCTIONS OF THE COURT WITH RESPECT

23    TO WHAT YOU SHOULD IGNORE OR COMPLETE BASED ON THE

24    INSTRUCTIONS.

25         (PAUSE IN PROCEEDINGS.)

1397

1          MR. NARITA:  YOUR HONOR, WOULD IT BE

2     POSSIBLE FOR ME TO APPROACH WITH COUNSEL AT THIS

3     TIME FOR A SIDE-BAR REGARDING THE VERDICT FORM?

4          THE COURT:  I'M GOING TO LET YOU GO SOON,

5     BUT IT WOULD BE EASIER FOR ME ON THE RECORD OUT OF

6     THE PRESENCE OF THE JURY.

7          WOULD YOU PLEASE EXCUSE US FOR A MOMENT.

8          (PAUSE IN PROCEEDINGS.)

9          (WHEREUPON, THE FOLLOWING PROCEEDINGS

10    WERE HELD OUT OF THE PRESENCE OF THE JURY:)

11         THE COURT:  WHERE IS THE ORIGINAL FORM?

12         MR. NARITA:  THANK YOU, YOUR HONOR.  I

13    THINK THAT THERE MAY BE A SERIOUS INCONSISTENCY IN

14    THE JURY'S VERDICT AS RETURNED.

15         THE JURY CANNOT HAVE PUNITIVE DAMAGES ON

16    AN F.D.C.P.A. CLAIM SO THE ONLY PUNITIVE DAMAGE

17    CLAIMS THAT -- THE ONLY CLAIMS THAT COULD GIVE RISE

18    TO PUNITIVE DAMAGE CLAIM ARE THE SECOND CLAIM,

19    WHICH IS THE RIGHT TO PRIVACY TO WHICH ALL

20    QUESTIONS WERE ANSWERED NO OR THE -- THEN THERE'S

21    THIS THIRD CLAIM WHICH IS A NEGLIGENT INFLICTION OF

22    EMOTIONAL DISTRESS.

23         NOW, THERE WAS AN ANSWER OF YES WITH

24    RESPECT TO THE CORPORATE DEFENDANTS, BUT I THINK AS

25    A MATTER -- IT SEEMS TO ME AS A MATTER OF LAW YOU

1398

1    CAN'T GET PUNITIVE DAMAGES ON A NEGLIGENCE CLAIM.

2             THE COURT:  YES.  THAT WAS A QUESTION

3    THAT I ASKED DURING THE COURSE OF THE TRIAL.  I

4    RECEIVED AUTHORITY FROM THE PLAINTIFF THAT PUNITIVE

5    DAMAGES ARE AWARDABLE, AND I INSTRUCTED THE JURY

6    PUNITIVE DAMAGES ARE AWARDABLE ON THAT CLAIM.

7             TO THE EXTENT -- THAT'S NOT AN

8    INCONSISTENCY IN THE VERDICT.

9             MR. NARITA:  OKAY.

10            THE COURT:  YOU CAN OBJECT TO ENTRY OF

11   JUDGMENT ON THAT GROUND, BUT THAT'S NOT AN

12   INCONSISTENCY.

13            THE JURY HAS FOUND A BASIS BY ANSWERING

14   THAT QUESTION YES AND AWARDING PUNITIVE DAMAGES.

15            MR. NARITA:  THE OTHER OBJECTION WE WOULD

16   RAISE, YOUR HONOR, IS THAT AS TO EACH OF THE

17   INDIVIDUAL NAMED DEFENDANTS, THE JURY HAS ENTERED A

18   VERDICT IN FAVOR OF THEM AND FOUND NO INTENTIONAL

19   CONDUCT AND BONA FIDE ERRORS UNDER THE F.D.C.P.A.

20            SO FOR THERE TO BE A FINDING OF PUNITIVE

21   DAMAGES HERE THERE WOULD NEED TO BE SOME -- YOU

22   KNOW, IT IS INCONSISTENT GIVEN THAT THE NAMED

23   DEFENDANTS DIDN'T ACT IN AN INTENTIONAL MANNER, YET

24   THE CORPORATIONS HAVE BEEN FOUND LIABLE FOR A

25   PUNITIVE DAMAGES CLAIM.

1399

1          THE COURT:  WELL, YOUR POSITION WOULD

2     HAVE TO BE THAT INDIVIDUALS WHO MAKE BONA FIDE

3     ERROR ON THE FAIR DEBT COLLECTION PRACTICES ACT BUT

4     WHO ENGAGE IN INTENTIONAL CONDUCT, NEVERTHELESS,

5     WHICH NEGLIGENTLY INFLICT EMOTIONAL DISTRESS, COULD

6     NOT SUBJECT THE COMPANY TO PUNITIVE DAMAGES.

7          AND I UNDERSTAND THAT TO BE AN ARGUMENT,

8     BUT THAT DOESN'T MAKE THE VERDICT INCONSISTENT.

9          IT SEEMS TO ME THAT YOU WOULD HAVE TO

10    ARGUE THAT BONA FIDE ERRORS BY INDIVIDUALS, WHICH

11    NEVERTHELESS INFLICT EMOTIONAL DISTRESS, IS NOT A

12    BASIS OF PUNITIVE DAMAGES AND YOU MIGHT MAKE THAT

13    ARGUMENT FOR THE COURT BUT THAT'S NOT AN

14    INCONSISTENCY IN THE VERDICT FORM.

15         MR. NARITA:  WELL, I JUST DON'T SEE THAT

16    WE HAVE ON THE RECORD ANY EVIDENCE OF ANY OFFICER,

17    MANAGING AGENT, OR DIRECTOR OF ANY OF THESE

18    CORPORATIONS DOING ANYTHING INTENTIONALLY WRONG,

19    AND, THEREFORE, I DON'T SEE HOW THE JURY COULD HAVE

20    RETURNED A PUNITIVE DAMAGE VERDICT UNDER THESE

21    CIRCUMSTANCES.

22         THE COURT:  WELL, I UNDERSTAND YOUR

23    ARGUMENT BUT YOU PAUSED TO MAKE AN ARGUMENT OF AN

24    INCONSISTENT VERDICT.

25         THE VERDICT FORM DOESN'T HAVE

                                             1400

1    INCONSISTENCIES INTERNALLY.  YOUR ARGUMENT IS THAT

2    AS A MATTER OF LAW YOU CAN'T RECOVER PUNITIVE

3    DAMAGES UNDER THESE FINDINGS.  AND THAT'S A

4    DIFFERENT MATTER.

5         MR. LUCAS:  JUDGE, I BELIEVE HIS ARGUMENT

6    IS MORE SUCH THAT AS YOU HAVE POINTED OUT THE

7    CORPORATION CAN ONLY ACT THROUGH THE INDIVIDUALS

8    AND IT'S FOUND THAT THE INDIVIDUALS COMMITTED ONLY

9    A BONA FIDE, THAT THERE WAS A BONA FIDE ERROR MADE,

10   HOW CAN THE CORPORATIONS THEN BE FOUND TO HAVE

11   VIOLATED IT IF THEY ONLY ACT THROUGH THE

12   INDIVIDUALS AND THE BONA FIDE ERROR IS COVERING THE

13   INDIVIDUALS?

14        THE COURT:  I UNDERSTAND YOUR ARGUMENT,

15   BUT THE INDIVIDUALS WERE SUED AS INDIVIDUALS.  THEY

16   WERE ALSO SUED ACTING ON BEHALF OF THE COMPANY.

17   AND THE JURY CAN MAKE A DISTINCTION WITH RESPECT TO

18   THEIR PERSONAL CAPACITY AND THEIR ACTING AS AGENTS

19   FOR THE COMPANY.

20        YOUR ARGUMENT WOULD HAVE TO BE THAT THEY

21   SHOULD NEVER BE SUED AS INDIVIDUALS BECAUSE THEY

22   CAN BE EXCUSED AS INDIVIDUALS BUT NOT EXCUSED AS

23   AGENTS OF THE COMPANY.

24        MR. HUMPHREYS:  YOUR HONOR, THEY'RE ALSO

25   IGNORING THE FACT THAT SOME OF THE WORSE THINGS

1401

1    THAT WERE DONE BY MOISES MOTELLI AND OTHERS ARE NOT

2    NAMED AS DEFENDANTS.  SO THE JURY COULD CONCLUDE

3    THAT THE UNNAMED INDIVIDUALS ACTING ON BEHALF OF

4    THE CORPORATION ARE --

5          THE COURT:  WELL, I DON'T WANT TO DELAY

6    THE JURY.  I'M NOT GOING TO SEND THE JURY OUT TO

7    GIVE YOU FURTHER CLARIFICATION AS TO A BASIS UNLESS

8    THERE'S AN INCONSISTENCY IN THE VERDICT.  THAT'S

9    WHY YOU PAUSED.

10          MR. NARITA:  YOUR HONOR, I THINK WE MADE

11    OUR RECORD AND IF THE COURT WANTS TO SUMMON THE

12    JURY THEN THAT'S FINE.

13          THE COURT:  SUMMON THE JURY.

14          (WHEREUPON, THE FOLLOWING PROCEEDINGS

15    WERE HELD IN THE PRESENCE OF THE JURY:)

16          THE COURT:  I WON'T EVEN BOTHER YOU WITH

17    HAVING YOU TAKE YOUR SEATS.  YOU ARE DISCHARGED

18    WITH THE THANKS OF THE COURT.  NOW DON'T GO OVER TO

19    MCDONALDS BECAUSE WE HELD YOU THROUGH LUNCH.  HAVE

20    A HEALTHY LUNCH AND THANK YOU ALL AND WE'LL STAND

21    ADJOURNED.

22          (WHEREUPON, THE PROCEEDINGS IN THIS

23    MATTER WERE CONCLUDED.)

24

25

1402